Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br>    Plaintiff, <br> vs. <br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br>    Defendant. | Case No.: 2:25-cv-00765-MEMF-JPR <br><br> **SUPPLEMENTAL DECLARATION OF ARJUN VASAN IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE** |

I, Arjun Vasan, submit this supplemental declaration to provide additional factual support in connection with my previously submitted opposition to Defendant's Motion to Dismiss or Transfer Venue—filed via the Court's Electronic Document Submission System (EDSS) on April 9, 2025, and is pending docketing.

1. On March 25, 2025, I received both a phone call and email from Stacey Chiu of K&L Gates LLP, acting on behalf of Defendant Checkmate.com, Inc. This outreach occurred just one day before Defendant's response to my Complaint was due (March 26, 2025, per ECF No. 10).

2. I promptly responded to the email and took Ms. Chiu's follow-up call in good faith. However, during the call, Ms. Chiu did not substantively engage

on the merits of the motion. She stated that her client intended to file "some sort of motion" regardless of any input I provided.

3. I noted during the call that this approach was inconsistent with Local Rule 7-3, and this Court's standing order, which requires a meaningful conference of counsel at least seven days prior to filing a motion. Ms. Chiu acknowledged that the seven-day period had not been observed, but asserted that her client's position was irreconcilable with mine.

4. On March 26, 2025, Ms. Chiu filed a Declaration in Support of Defendant's Motion to Dismiss or Transfer Venue, in which she claims I "agreed" that a meet and confer would be futile. This is inaccurate. I merely acknowledged that if her client was unwilling to consider clear and material evidence that contradicted its position, it was unlikely to change that position.

5. The call lasted approximately seven minutes and did not resemble a good faith attempt to meet and confer. Rather, it appeared to be a last-minute box-checking exercise, undertaken merely to comply superficially with the rule.

6. As a result of this procedural failure, I was forced to respond to a unexpected motion without the benefit of a proper and timely meet and confer process as envisioned by Local Rule 7-3 and this Court's Standing Order. I believe this has caused me real prejudice in preparing my opposition.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Dated: **Sunday, April 13, 2025**

By: _____
Arjun Vasan
Plaintiff In Pro Per