Ryan Q. Keech (SBN 280306)
Ryan.Keech@klgates.com
Gabriel M. Huey (SBN 291608)
Gabriel.Huey@klgates.com
Stacey Chiu (SBN 321345)
stacey.chiu@klgates.com
Rebecca Makitalo (SBN 330258)
rebecca.makitalo@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
CHECKMATE.COM INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CHECKMATE.COM, INC.,<br><br>        Defendant. | Case No. 2:25-CV-00765-MEMF-JPR<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT CHECKMATE.COM, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE**<br><br>Hearing Date: May 22, 2025<br>Time: 10 a.m.<br>Courtroom: 8B<br><br>Complaint Filed: February 21, 2025 |

## I. INTRODUCTION

Plaintiff's Opposition is a post hoc attempt to unwind a transaction he helped negotiate, benefitted from, and now regrets.[1] It relies on selective citations, distorted case law, and misleading factual assertions to avoid the forum-selection clauses he twice agreed to.[2] This case reflects seller's remorse—not legal error.  Plaintiff, a sophisticated founder and repeat entrepreneur, entered into a multimillion-dollar merger, accepted employment with Checkmate, and agreed to resolve disputes in New York. Now, in a clear act of forum shopping, he invokes California law and venue where neither applies.

Venue is improper under § 1391(b) for multiple, independent reasons: Checkmate is not a resident of this District; the operative events occurred in New York and Texas; and this action could—and should—have been brought in one of those forums. Plaintiff's claims arise out of merger-related agreements that contain binding, enforceable forum-selection clauses. He fails to show those clauses are invalid or rebut the core facts in Checkmate's Motion. Even under § 1404(a), this District has no meaningful connection to the dispute. Plaintiff's procedural objection regarding meet-and-confer efforts is also unfounded.[3]  The case should be dismissed or transferred.

## II. ARGUMENT

### A. The Mandatory Forum-Selection Clause Applies and Is Enforceable

#### 1. Plaintiff's Lawsuit Relates to the Merger Agreement

Plaintiff concedes that the forum-selection clause in Section 9.7 of the Merger Agreement applies to any Legal Proceeding[4]  "relating to . . . [the] enforcement of any provision of th[e]

---

[1] On April 14, 2025, Plaintiff filed a Notice of Errata along with a corrected version of his Opposition. Defendant's reply addresses the corrected version attached to the Notice of Errata. See Notice of Errata, Dkt. 26.

[2] Right at the outset, Plaintiff selectively quotes Checkmate's CEO to suggest he was terminated because he was on medical leave—omitting critical context. In full, the CEO made clear that Plaintiff was fired for sending unprofessional, insubordinate emails, and merely expressed concern that if Plaintiff hadn't actually sent them, the termination would be unjustified. Plaintiff's excerpt is materially misleading.

[3] Plaintiff's claim that Checkmate failed to meet and confer is inaccurate. Counsel made a good-faith effort to confer with Plaintiff, but timing was constrained by Plaintiff's pro se status and the need to comply with court deadlines. Courts routinely decline to deny motions for minor technical violations of Local Rule 7-3, particularly where, as here, the opposing party suffers no prejudice. See *CarMax Auto Superstores California LLC v. Hernandez* (C.D. Cal. 2015) 94 F.Supp.3d 1078, 1087. Plaintiff filed a 25-page opposition brief addressing the motion on the merits, and his factual disagreements confirm that the motion was necessary regardless of further conferral.

[4] A "Legal Proceeding" is "any action, suit, litigation, arbitration, proceeding (including any civil, criminal, administrative, investigative or appellate proceeding) . . . commenced, brought, conduct or heard by or before, or otherwise involving, any court . . . ." Agarwal Decl. ¶ 8, Ex. A (Merger Agreement § 1.1).

1  [Merger] Agreement." Opp. at 10:19–20. Yet, he filed suit in this District and now seeks to invalidate that very clause. His Complaint and Opposition directly challenge Section 9.7, placing this dispute squarely within its scope.[5]

As explained in Defendant's Motion (Mot. at 15:9-25), forum-selection clauses are presumptively valid and enforceable. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 17 (1972). Plaintiff bears the burden to show the clause is unreasonable, the product of fraud, or overreaching—but cannot do so.[6] Plaintiff's claim that the forum-selection clause was concealed is directly contradicted by the record. The clause appears in its own distinct section of the Merger Agreement, was never hidden or obscured, and was subject to the same opportunity for review and revision as all other. Agarwal Decl. ¶¶ 8, 12, Ex. A (Merger Agreement § 9.7(b)). Plaintiff and his counsel reviewed and negotiated the agreement across multiple rounds, and they raised no objection to the clause. See Agarwal Decl. ¶ 7; Supp. Agarwal Decl. ¶ 3.[7] Plaintiff's attempt to recast the transaction as a non-commercial "acquihire" is also unavailing. The transaction included issuance of stock that remains in Plaintiff's name and a $1.5 million bonus, which Plaintiff's team specifically requested be restructured as compensation to achieve favorable tax treatment. See Agarwal Decl. ¶ 6; Supp. Agarwal Decl. ¶ 6. These terms confirm the deal was an arm's-length transaction—not a disguised employment arrangement.

---

[5] The more detailed Complaint that Plaintiff filed on December 23, 2024 and subsequently dismissed, Central District Case No. 2:24-cv-11116-UA, asserting virtually identical claims against Defendant confirms the same. RJN, Ex.A (Complaint) at 2:13-19 ("A separate Non-Competition Agreement . . . references Delaware Law and a New York Forum, but these provisions are voidable under California Labor Code § 925. The . . . exception under Labor Code § 925(e) does not apply as Plaintiff received only nominal consideration and lacked separate counsel to negotiate any out-of-state clauses imposed as a condition of employment."), 4:16-19.

[6] Plaintiff's claims that Checkmate coerced VoiceBite into unfavorable terms (e.g., Pl. Decl. ¶ 6) and procured the forum-selection clause through fraud, coercion, or duress (e.g., Opp. at 8:1–3) are wholly conclusory and unsupported by specific facts. Courts routinely reject such assertions when unaccompanied by evidence.

[7] A supplemental declaration is appropriate to clarify and rebut factual assertions raised for the first time in Plaintiff's Opposition. See *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015) (permitting reply declarations that directly responded to criticisms raised in the opposition, and rejecting argument that such evidence was "new"); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) ("Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion"). Plaintiff's Opposition newly asserts that the forum-selection clause was concealed, that the merger was a disguised employment arrangement, and that he lacked meaningful counsel or negotiation input. The supplemental declaration responds to those claims and is proper.

DEFENDANT CHECKMATE.COM, INC.'S REPLY ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE

1. Courts consistently hold that the opportunity to read a clear forum-selection clause suffices. *Sarmiento v. BMG Ent.*, 326 F. Supp. 2d 1108, 1110 (C.D. Cal. 2003). Indeed, despite his contention, Plaintiff will not be deprived of his "day in court" simply because litigation must proceed in New York—a major commercial forum routinely upheld as reasonable under analogous circumstances. *See, e.g., Lewis v. Liberty Mut. Ins. Co.,* 953 F.3d 1160, 1168–70 (9th Cir. 2020); *Signifi Sols., Inc. v. SmartWay Techs., Inc.*, 921 F. Supp. 2d 999, 1008 (C.D. Cal. 2013).

Plaintiff's argument that Sections 7.4 and 8 of the Merger Agreement "carve out" employment-related claims misreads the contract. Opp. at 10:24-12:4. Sections 7.4 and 8 pertain to the scope of claims Plaintiff and the other "Stockholders" agreed to release and indemnification, respectively. Agarwal Decl. ¶ 8, Ex. A. Neither modify the self-contained, comprehensive forum-selection clause set forth in Section 9.7. *Id*. In any event, Section 7.4 carves out only pre-merger employment claims, not post-merger disputes like those asserted here. It preserves accrued rights, not forum selection for future claims. Plaintiff's strained reading of the Merger Agreement would require the Court to ignore the plain, mandatory language of Section 9.7 and invent a carve-out that appears nowhere in the text.

Plaintiff's cited cases do not help him. He cites *Energy Investments, Inc. v. Greenstein*, 235 Cal. App. 4th 906 (2015) for the notion that a foundational agreement should control where one contract precedes and is referenced by another, but the case does not exist. *Grey v. American Mgmt. Servs.*, 204 Cal. App. 4th 803 (2012) addressed contractual supersession via an integration clause—not forum-selection. *JLM Couture, Inc. v. Gutman,* 2021 WL 827749 (S.D.N.Y. Mar. 4, 2021) emphasized enforcing unambiguous contract terms, not disregarding them. And *Cotter v. Lyft*, 60 F. Supp. 3d 1067 (N.D. Cal. 2015) addressed worker classification, which is irrelevant to the issues in this Motion.

In short, Plaintiff's lawsuit challenges a specific provision of the Merger Agreement—Section 9.7—and therefore necessarily "relates to . . . the enforcement" of that provision. As explained in Defendant's Motion (Mot. at 15:6-16:9), Plaintiff's employment claims relate to the Merger Agreement because (1) his offer letter was incorporated into the Merger Agreement, and (2) the retention bonus he seeks was originally negotiated as part of the overall merger

consideration. Because the clause is valid and enforceable, the Court should enforce it and transfer this action to the Southern District of New York.

### 2. Plaintiff Cannot Invoke California Labor Code § 925.

Plaintiff cannot void the forum-selection clause under § 925 because: (1) the clause was not a condition of employment, (2) Plaintiff was represented by legal counsel during negotiations, and (3) he did not primarily reside or work in California. Any one of these grounds independently precludes application of § 925.

#### a) The Forum Clause Was Not a Condition of Employment

Plaintiff's claim that the Merger Agreement was imposed as a condition of employment misrepresents the record. He selectively quotes the recitals, but the relevant language makes clear that employment arrangements were a condition of the merger—not vice versa. Agarwal Decl. ¶ 8, Ex. A (Merger Agreement Recital D ["as a condition and inducement to [Checkmate] to enter into this Agreement…"].).

As Defendant explained in its Motion, courts decline to apply §925 where, as here, the forum clause arises from a broader business transaction rather than a standard employment agreement. *See Kem v. Strike Advisory, LLC*, 2023 WL 7021172, at *4 (C.D. Cal. Oct. 23, 2023). Plaintiff's employment was one negotiated piece of a multi-faceted merger—not a precondition for accepting a job offer. Plaintiff's attempt to distinguish *Kem* is unpersuasive. The court in *Kem* focused not on the existence of counsel but on the plaintiff's ability to negotiate material terms like compensation and title. *Id*. Plaintiff's role in this case was even more substantial. As a co-founder with veto power, he actively negotiated key deal terms—including intellectual property, compensation, and retention bonuses—and secured a $280,000 salary, VP title, and equity.[8] See Agarwal Decl. ¶¶ 5, 7, 11, Ex. D; Supp. Agarwal Decl. ¶¶ 4, 5, Exs. A, B. Because the Merger Agreement was not a prerequisite to Plaintiff's employment, §925 does not apply.

#### b) Plaintiff Was Represented by Counsel During Negotiations

---

[8] See also L. Vasan Decl. ¶ 6 ("The period between March to April, when the acquisition closed, was an intense one for Arjun. … I often overheard shouting matches as the team pushed towards closing the deal."), further confirming Plaintiff's active role in finalizing key transaction terms.

DEFENDANT CHECKMATE.COM, INC.'S
REPLY ISO MOTION TO DISMISS OR, IN
THE ALTERNATIVE, TRANSFER VENUE

1  Plaintiff's claim that he lacked legal representation in connection with the Merger
2  Agreement is contradicted by his own admissions. He concedes that VoiceBite and its founders,
3  including himself, were represented by two separate attorneys—specifically Alan Foster and Pietari
4  Grohn. Opp. at 23:5–13; see also Pl.'s Decl. ¶ 40. His assertion that counsel did not represent him
5  "individually" lacks support and is legally irrelevant under § 925(e), which requires only that the
6  employee be "represented by legal counsel"—not by employment specialists or separately retained
7  lawyers.  Also, Plaintiff's reliance on post-closing communications—including a December 2024
8  email from Mr. Foster—is misplaced. That message was sent months after the Merger Agreement
9  was executed and has no bearing on whether Plaintiff was represented during negotiations. See
10  Pl.'s Decl. ¶ 41, Ex. N.  The record reflects that counsel reviewed, revised, and negotiated key deal
11  documents, including equity, compensation, and retention provisions.  See Agarwal Decl. ¶ 7;
12  Supp. Agarwal Decl. ¶¶ 4, 5, Exs. A, B.  Plaintiff actively participated in those negotiations,
13  provided direction on revisions, and sometimes asserted positions directly, ahead of counsel.  *Id.*
14  His conduct confirms that he had access to legal advice and made strategic decisions about how to
15  engage with it.

16  Plaintiff cites *Bradford v. Professional Technical Security Services, Inc.*, 2020 WL 2747767
17  (N.D. Cal. May 27, 2020) to argue that corporate counsel does not qualify under § 925(e). But
18  *Bradford* does not address § 925—let alone hold that co-founders negotiating a corporate sale with
19  shared counsel are entitled to protection. Plaintiff offers no case law supporting that view.  Instead,
20  this case is more closely aligned with *Perry v. Floss Bar, Inc.,* 2021 WL 871436, *5 (S.D.N.Y.
21  Mar. 8, 2021), where the court enforced a forum-selection clause in a merger agreement negotiated
22  as part of a broader transaction, rejecting the plaintiff's claim that he lacked meaningful counsel.
23  As in *Perry*, the facts here establish that Plaintiff was "in fact individually represented by legal
24  counsel" within the meaning of § 925(e). His contrary argument is unsupported and unpersuasive.

25           c)  *Plaintiff Did Not Primarily Reside and Work in California.*

26  Plaintiff argues that he may void the forum-selection clause under § 925 because he
27  "primarily resided and worked in California." Opp. at 14:4–15:6, 16:1–16. But § 925 applies only
28  where an employee both resides and primarily works in California. Plaintiff meets neither prong.

1  As detailed in Checkmate's Motion, Plaintiff relocated to Texas on August 3, 2024, updated his address in company systems, and worked remotely from Texas through the remainder of his employment. Brown Decl. ¶¶ 5–7. His payroll, tax records, and W-2s all reflect Texas residency. *Id.* ¶¶ 8–10, Exs. B–C. While Plaintiff now claims he "returned" to California, he never notified Checkmate, never updated his address, and continued to receive paychecks reflecting Texas residency. His Slack messages confirm that he affirmatively requested exclusion from California income tax withholding. *Id.* ¶ 6, Ex. A. He cannot now disavow the same representations he used to avoid California taxes—this type of forum manipulation is precisely what courts disfavor.

Plaintiff misstates the law by arguing that physical presence alone controls under § 925.[9] He relies on *Bromlow v. D&M Carriers, LLC*, 438 F.Supp.3d 1021, 1029-30 (N.D. Cal. 2020), but *Bromlow* undercuts his claim: the court found § 925 did not apply to a California resident who worked primarily out of state. Here, Plaintiff represented to Checkmate that he was working from Texas, and Checkmate relied on that representation. *Bromlow* confirms that § 925 does not apply. Plaintiff's suggestion that pre-merger work at VoiceBite should be counted also fails. Section 925 focuses on the contract containing the challenged forum-selection clause, not unrelated prior employment. *See Campbell v. FaF, Inc.*, 2019 U.S. Dist. LEXIS 108023, at *17 (S.D. Cal. 2019). The relevant agreements were executed in April 2024, and Plaintiff began working for Checkmate on May 1, 2024. In sum, the record confirms that Plaintiff lived and worked in part in Texas and failed to inform Checkmate of any change. Brown Decl. ¶¶ 5–10, Exs. B, C. He cannot now claim California protections under § 925 by disavowing the prior representations he made to Checkmate to avoid paying California taxes.

### 3. Plaintiff's Remaining Arguments are Meritless.

Plaintiff's remaining arguments misstate the law, mischaracterize the record, and offer no valid basis to avoid enforcement of the forum-selection clause. He first claims the Court must accept the allegations in his Complaint as true. Opp. at 17:4–13. That is wrong. The Rule 12(b)(6)

---

[9] Plaintiff's other cited cases are inapposite. *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184 (N.D. Cal. 2014), has nothing to do with § 925 or forum-selection clauses. His citation to *Karl v. Zimmer Biomet Holdings, Inc.* references a non-existent 2021 decision. The only *Karl* opinion that meaningfully addresses § 925—*Karl*, 2018 WL 5809428 (N.D. Cal. Nov. 6, 2018)—does not adopt a "broad" reading of the statute or state that choice-of-law provisions are voidable at the employee's election.

standard under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), does not apply here. On a Rule 12(b)(3) motion for improper venue, Plaintiff bears the burden of establishing venue, and the Court may consider evidence beyond the pleadings. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC,* 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009); *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1137 (9th Cir. 2004).

Plaintiff also argues he lacked sophistication, but California law presumes that those who sign contracts are bound by their terms, even if they did not read them. *See Villalpando v. Transguard Ins. Co. of Am.*, 17 F. Supp. 3d 969, 983 (N.D. Cal. 2014) ("The rule in California is that 'when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents . . . ." ); *Roldan v. Callahan & Blaine,* 219 Cal. App. 4th 87, 93 (2013) ("[T]he law effectively presumes that everyone who signs a contract has read it thoroughly, whether or not that is true."). Plaintiff is, by his own admission, a college-educated, experienced founder who launched multiple startups, helped secure investor funding, and previously navigated a similar merger transaction that resulted in his employment with the acquiring company. Opp. at 5:1-4, 1:11-19; *see also* Supp. Chiu Decl. ¶¶ 2, 3, Ex. A. Here, he played an active role in shaping the VoiceBite deal and cannot now claim confusion. Plaintiff's reliance on *Murphy* is misplaced.[10] That case upheld a forum-selection clause even where the plaintiff lacked a high school education and was told the contract was non-negotiable. 362 F.3d at 1140–42. Here, Plaintiff was legally represented, actively involved in negotiations, and held veto power over the merger and the Merger Agreement terms. *Murphy* supports enforcement.

In short, Plaintiff's cases are off-point, misstated, or irrelevant. He knowingly entered into a negotiated business deal with legal support and cannot now invalidate the agreement because he regrets the result. The forum-selection clause is valid, enforceable, and binding.

---

[10] His other cases are similarly unavailing. The language Plaintiff quotes from *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006), does not appear in the decision, and the case involved a consumer contract offered on a take-it-or-leave-it basis to an unrepresented party—facts far removed from this case. *Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807 (1981) and *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752 (N.D. Cal. June 25, 2014) do not discuss sophistication. *Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009), addresses the interpretation—not the enforceability—of forum-selection clauses and includes no "reasonable communication" standard. *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000), concerns unconscionability in arbitration and does not contain the phrase Plaintiff quotes. And *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916 (9th Cir. 2013), involved undisclosed arbitration terms—not a negotiated forum clause in a business acquisition.

### B.  Venue Remains Improper Under 28 U.S.C. § 1391(b)

#### 1.  Checkmate Does Not Reside in the Central District of California

Venue is improper in this District because Checkmate is not a resident of the Central District of California under § 1391(c)(2). Plaintiff concedes Checkmate is a Delaware corporation headquartered in New York and does not claim general jurisdiction exists here. He instead relies on specific jurisdiction, arguing Checkmate purposefully availed itself of this forum through the VoiceBite acquisition. Opp. at 9:6–10:1. That argument fails under all three prongs of the Ninth Circuit's test. See *Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1068 (9th Cir. 2017).

First, Plaintiff identifies no deliberate forum-directed conduct by Checkmate. His focus on his own California presence, pre-merger activity by VoiceBite, and negotiation meetings is misplaced. The personal jurisdiction analysis centers on the defendant's contacts with the forum— not the plaintiff's. See *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.,* 137 S. Ct. 1773, 1781–82 (2017). The merger was governed by Delaware law and closed before Plaintiff's employment began. See Agarwal Decl. ¶¶ 6–16. Checkmate has no California office or operations, and Plaintiff worked remotely from Texas for a part of his tenure. See Agarwal Decl. ¶ 4; Brown Decl. ¶¶ 5–11.

Second, Plaintiff fails to show his claims "arise out of" any forum-related conduct by Checkmate. His claims relate to company decisions made mostly by executives in New York. See Agarwal Decl. ¶¶ 1–2, 18–26; Brown Decl. ¶¶ 12–16. Plaintiff points only to his own presence in California and claims that California law applies—but that is contested and depends on a forum-selection clause governed by Delaware law. See Agarwal Decl. ¶¶ 8–9, 15-16. Plaintiff cites no authority holding that such unilateral actions establish venue under § 1391(b)(1) or personal jurisdiction.

Third, Plaintiff's arguments under the reasonableness prong are equally unpersuasive. The burden never shifts to Checkmate because Plaintiff has not met his own. *Schwarzenegger*, 374 F.3d at 802, 807 n.1. Regardless, none of his assertions—that Checkmate employs a California resident, is a distributed company, or once acquired a California startup—establish that venue here is reasonable. He cites no case supporting that position.

2. <u>Plaintiff Fails to Rebut That Alleged Events Occurred Outside California and This Action Belongs in New York or Texas</u>

Plaintiff fails to rebut Checkmate's arguments under § 1391(b)(2) and (3). He does not dispute that the relevant events occurred outside California or that the action could—and should—have been brought in New York or Texas. His silence concedes both points.

Venue is improper under § 1391(b)(2) because Plaintiff's claims arise from decisions made mainly by Checkmate executives located in New York and Kansas. *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 752 (N.D. Cal. 2015). His allegations concerning bonuses, performance, leave, and termination all stem from conduct by personnel outside California. See Agarwal Decl. ¶¶ 1–2, 18–26; Brown Decl. ¶¶ 12–16. Plaintiff identifies no conduct by Checkmate in California that gave rise to his claims.

Plaintiff also ignores that venue is improper because the action could have been brought in New York under the parties' binding forum-selection clauses. See Agarwal Decl. ¶¶ 8–9, 12–13, Exs. A–B. These agreements govern the employment relationship and form the basis for Plaintiff's claims. Alternatively, venue is proper in Texas, where Plaintiff actually lived and worked. Because both forums are available, § 1391(b)(3) does not apply.

**C.  Public and Private Interest Factors Under § 1404(a) Favor Transfer**

Even if venue were proper, transfer is warranted under § 1404(a). A valid forum-selection clause must be "given controlling weight in all but the most exceptional cases." *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. 49, 63-64 (2013). When such a clause applies, the usual § 1404(a) balancing changes: the plaintiff's choice of forum is entitled to no weight, and the private interest factors "weigh entirely in favor of the preselected forum." *Id.* at 64. The only relevant consideration is whether public interest factors "overwhelmingly disfavor" transfer—an "exceptional" showing that Plaintiff cannot make. *Id.* at 67.

This is not a localized California controversy. It is a private dispute between a Delaware corporation headquartered in New York and a former employee who relocated to Texas for part of his employment. Many of the key decisions were made by executives based in New York. See Agarwal Decl. ¶¶ 3, 18–26; Brown Decl. ¶¶ 5–10. Plaintiff identifies no public interest that

outweighs the parties' agreed-upon forum. See *Cleanview Distrib. Grp., LLC v. LGL Holdings, LLC*, 2021 WL 5969502, at *3 (C.D. Cal. Nov. 12, 2021) ("This is a private dispute between sophisticated parties that agreed to litigate their disputes in New York. There is no public interest at stake that would override the right of private parties to freely enter into contracts on lawful terms.").

Plaintiff's argument that California law applies is both contested and immaterial. The Merger and Non-Competition Agreements include Delaware and New York choice-of-law clauses, which will govern the claims regardless of venue. The California clause in the offer letter does not defeat the forum-selection clause in the controlling agreement. Courts routinely enforce forum-selection clauses even when the transferee court must apply a different state's law. *See generally Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 247-48 (1981) (noting that the application of foreign law does not bar dismissal or transfer under forum non conveniens). Plaintiff's pro se status also does not justify overriding a valid forum-selection clause. Nor does Checkmate's retention of California-based counsel convert this into a California dispute. Many of the decision-makers and witnesses are located in New York and Kansas. This case should be transferred to the agreed-upon forum.

**III. CONCLUSION**

Plaintiff's Opposition fails to rebut the core arguments in Checkmate's Motion. Venue in this District is improper under § 1391, and Plaintiff has not met his burden to void the parties' valid and enforceable forum-selection clause. This case arises from a negotiated transaction governed by Delaware law and requiring litigation in New York. Alternatively, the relevant events occurred in Texas and New York, and venue is proper in either forum under § 1404(a). Accordingly, the Court should dismiss this action for improper venue or transfer it to the Southern District of New York—or, in the alternative, to the Western District of Texas.

| | | |
|---|---|---|
| 1 | Dated: March 26, 2025 | K&L GATES LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Gabriel M. Huey<br>Stacey Chiu |
| 5 | | Attorneys for Defendant |
| 6 | | CHECKMATE.COM, INC. |