# Exhibit A



## Re: Revised Agreements
1 message

**Arjun Vasan** <arj@voicebite.ai>　　　　　　　　　　　　　　　　　　　　Tue, Apr 9, 2024 at 5:40 PM
To: Chris Lam <chris@voicebite.ai>
Cc: Alan Foster <afoster@fosterlawgroup.us>, Todd Murtha <todd@djlcorplaw.com>, Michael Bell <michaelb@itsacheckmate.com>, Robert Nessler <robert@voicebite.ai>, Vishal <vishal@itsacheckmate.com>

Mike, Todd, Alan,

Regarding the Open Source rep, it turned out to be easier than anticipated to compile a list of all the licenses for software used in our product. Bottom line can leave the rep as is. We have a large number of open source packages installed for python and javascript. Almost all were under permissive licenses. There was a single package under a license that might have been problematic (GNU General Public License v2 or later (GPLv2+). It turned out not to be in use, and we removed it. We should be good on this point.

- Arj

On Tue, Apr 9, 2024 at 1:38 PM Chris Lam <chris@voicebite.ai> wrote:
> Hi All,
>
> Thanks for helping us get this close to the finish line.
>
> Small correction to Alan's note:
>
> **Non-competition Agreement**
>
> Drafting clarification requested: The Cause definition still has the reference to Company's "policies and rules." My understanding is that, in the 4/3 meeting with the VBC Team, Mike and Vishal agreed to take that out completely and specify that any agreements must be ~~"written."~~ **"signed" ("signed" is already specified in Todd's redlines - but the point about "policies and rules" still applies)**
>
> Best,
> Chris Lam
> www.voicebite.ai
> https://www.linkedin.com/in/chrishmlam/
>
> On Tue, Apr 9, 2024 at 4:29 PM Alan Foster <afoster@fosterlawgroup.us> wrote:
>> Hi Todd,
>>
>>
>> Thank you for all your efforts in getting the documents ready for final so this deal can close promptly.
>>
>>
>> The VBC Team and I reviewed the final documents and there were just a few final requests for clarification, which are set out below.
>>
>>
>> **Merger Agreement**
>>
>> Section 1.1 (Definitions)

Clarification needed: "Closing Net Working Capital" is still blank dollar amount. VBC is getting this information gathered and will provide.

Section 5.9(j) (Intellectual Property)

Drafting update: Vishal told the VBC Team that This Section would be deleted in its entirety.

Also

**Bonus Agreement**

Section 1 (Bonus)

A.    Drafting clarification: In Section 1, the word "eligible," instead of "entitled," is still in this Section. In their 4/3 meeting with the VBC Team, Mike and Vishal agreed to use the word "entitled."

B.    Drafting clarification: Section 1 refers to "Maximum Bonus Amount (as defined below)…" There is no definition below in this Agreement.

C.    Drafting clarification: In various places, the term "Bonus Amount" is used. It would appear this would be "Maximum Bonus Amount."

Section 4 (Termination of Employment)

Drafting clarification: This Section currently specifies what happens in the event Holder leaves without Good Reason. However, a clarification is needed that if Holder is terminated by the Company for any reason, Holder is still entitled to the Bonus (the framework table has this language; it may be that some text was inadvertently removed in the drafts.)

| Sign on Bonus | If employment is terminated by IACM for any reason ("Cause" has been removed), Holder is still entitled to receive his bonus amount. | Termination of Employment. Notwithstanding any other provision of this Bonus Agreement, if the Company terminates your employment for any reason, or you terminate your employment for Good Reason, before the Bonus Date, contingent upon your execution of a full general release which you allow | Termination of Employment. Notwithstanding any other provision of this Bonus Agreement, if the Company terminates your employment for any reason, or you terminate your employment for Good Reason, before the Bonus Date, ~~contingent upon your execution of a full general release which you allow to become~~ |

2

| | | to become effective within sixty (60) days of termination of your employment, in a form acceptable to the Company ("Release"), you will be eligible to receive payment equal to the Bonus Amount paid on the date set out in Section 1. | ~~effective within sixty (60) days of termination of your employment, in a form acceptable to the Company ("Release")~~, you will be entitled ~~eligible~~ to receive payment equal to the Bonus Amount paid on the date set out in Section 1. |

**Non-competition Agreement**

Drafting clarification requested: The Cause definition still has the reference to Company's "policies and rules." My understanding is that, in the 4/3 meeting with the VBC Team, Mike and Vishal agreed to take that out completely and specify that any agreements must be "written."

Best regards,

Alan

**Alan Foster**

**Attorney at Law**

**Foster Law Group**

**5201 Great America Parkway, Suite 320**

**Santa Clara, California 95054**

408.785.8510

afoster@fosterlawgroup.us

www.fosterlawgroup.us

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Todd Murtha <todd@djlcorplaw.com>
**Sent:** Monday, April 8, 2024 1:02 PM
**To:** Alan Foster <afoster@fosterlawgroup.us>
**Cc:** Michael Bell <michaelb@itsacheckmate.com>; Robert Nessler <robert@voicebite.ai>; Arjun Vasan <arj@voicebite.ai>; Chris Lam <chris@voicebite.ai>; Vishal <vishal@itsacheckmate.com>
**Subject:** Revised Agreements

Hi Alan,

I hope you had a nice weekend. I am attaching clean and redlined versions of the following documents for your review:

- Merger Agreement
- Offer Letter
- Bonus Agreement
- Non-Competition Agreement.

We limited our changes to implementing the agreed provisions set out in the attached Closing Negotiating Framework, as well as some non-substantive revisions to finalize the documents for closing.

Please let me know if you would like to discuss.

Best,

Todd

Todd Murtha

**DJL Corporate Law**

17349 Parkside Court

Monte Sereno, CA  95030

Todd@djlcorplaw.com

Direct: 650-544-8633

Fax: 408-413-5500

www.djlcorplaw.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.