Ryan Q. Keech (SBN 280306)
Ryan.Keech@klgates.com
Gabriel M. Huey (SBN 291608)
Gabriel.Huey@klgates.com
Stacey Chiu (SBN 321345)
stacey.chiu@klgates.com
Rebecca Makitalo (SBN 330258)
rebecca.makitalo@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California  90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
CHECKMATE.COM INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARJUN VASAN,<br><br>Plaintiff,<br><br>v.<br><br>CHECKMATE.COM, INC.,<br><br>Defendant. | Case No. 2:25-CV-00765-MEMF-JPR<br><br>**DEFENDANT CHECKMATE.COM, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE**<br><br>Hearing Date: May 22, 2025<br>Time: 10 a.m.<br>Courtroom: 8B<br><br>Complaint Filed: February 21, 2025 |

509318903.1

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") hereby submits its opposition to Plaintiff Arjun Vasan's ("Plaintiff" or "Vasan") Request for Judicial Notice in support of Plaintiff's Opposition to Defendant's Motion to Dismiss or Transfer Venue (the "RJN" or "Request for Judicial Notice").

## I. INTRODUCTION

Plaintiff improperly seeks judicial notice under Federal Rule of Evidence 201 of documents that are unauthenticated, contain hearsay, present disputed facts, or require the Court to adopt legal conclusions. Judicial notice is limited to facts that are "not subject to reasonable dispute" because they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiff's request fails to meet that standard.

Plaintiff requests that the Court take judicial notice of five different documents:

1. U.S. Securities and Exchange Commission ("SEC") filings purporting to show the "California Residency" of Michael Bell, Checkmate's Chief of Strategy ("Exhibit E").
2. A "Notice of Direct Claim" sent by Checkmate on January 29, 2025 ("Exhibit F").
3. Google Search Results for "Arjun Vasan" and other related search terms ("Exhibit D").
4. An unverified copy of a "Fathom.video meeting summary" purportedly summarizing a November 14, 2024 meeting between Plaintiff and Checkmate employees ("Exhibit I").
5. A Letter from Checkmate's counsel to Plaintiff responding to Plaintiff's accusations of ethical concerns regarding counsel's legal representation of Checkmate ("Exhibit G").

While some of these materials may be publicly accessible, Plaintiff relies on them not for their existence, but to prove the truth of disputed facts or to support legal conclusions—uses that fall outside the scope of judicial notice. The Court should therefore deny the Request for Judicial Notice in full or, at a minimum, decline to take notice of the truth of the contents or any inferences Plaintiff attempts to draw from them.

## II. LEGAL STANDARD

Plaintiff brings his Request pursuant to Federal Rule of Evidence ("FRE") 201. FRE 201

509318903.1

2

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

permits a court to "judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "Courts cannot take judicial notice of facts subject to reasonable dispute." *Lujano v. Piedmont Airlines, Inc.*, 734 F.Supp.3d 988, 995 (C.D. Cal. 2024) (citation omitted). The burden is on the "party requesting judicial notice [to] show that the fact 'is not subject to reasonable dispute' because it is either generally known or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Bernal-Brown v. California Ironworkers Field Pension Trust*, 730 F.Supp.3d 1038, 1045 n. 3 (C.D. Cal. 2024). Facts may only be judicially noticed where "the matter [is] beyond reasonable controversy." Fed. R. Evid. 201, *advisory committee notes to subdivision (b)*.

### III.  ARGUMENT

#### A. SEC and LinkedIn Records (Exhibit E) Cannot Be Judicially Noticed for Disputed Facts

Plaintiff seeks judicial notice of Exhibit E, an SEC Form D and a LinkedIn page for Checkmate's Chief of Strategy, Michael Bell, as purported evidence that Mr. Bell resides in California. However, these documents are not properly subject to judicial notice under Federal Rule of Evidence 201 because they contain facts that are reasonably subject to dispute.

Here, Plaintiff relies on an SEC Form D that lists a California address for Mr. Bell without establishing the purpose or source of that information, or its relevance to the present venue dispute. An individual's residence for purposes of venue and jurisdiction must be determined through a factual inquiry, not by reference to an isolated mailing address on a government form. The Ninth Circuit has cautioned against taking judicial notice of documents, such as SEC filings, for the truth of the matters asserted therein. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1001 (9th Cir. 2018) (reversing district court for improperly taking judicial notice of disputed facts within documents subject to incorporation by reference).

Plaintiff also improperly relies on Mr. Bell's LinkedIn page, which is self-reported and

unauthenticated, for the proposition that he resides in California. Courts have routinely declined to take judicial notice of social media content, especially where the information is self-reported and unauthenticated. *See, e.g., Gerritsen v. Warner Bros. Entm't Inc.,* 112 F. Supp. 3d 1011, 1030–31 (C.D. Cal. 2015) (refusing to take judicial notice of information posted to LinkedIn due to lack of authentication and hearsay concerns).

Plaintiff offers these materials solely to establish Mr. Bell's residency in California—a key factual dispute in the venue analysis. That is impermissible. Accordingly, Plaintiff's request for judicial notice of Exhibit E should be denied.

### B. Judicial Notice of the "Notice of Direct Claim" (Exhibit F) Should Be Denied Because Plaintiff Seeks to Introduce Disputed Facts and Improper Inferences

Plaintiff's request for judicial notice of Exhibit F—a letter from Checkmate's counsel asserting a contractual indemnification claim—is improper because Plaintiff seeks to use the document for the truth of its contents and to draw inferences about disputed facts.

Courts consistently deny judicial notice of documents that are offered to establish disputed facts. *See Brown v. City of Los Angeles*, 521 F. Supp. 3d 1100, 1119 (C.D. Cal. 2021); *Ordonez v. Ford Motor Co.*, 2021 WL 1900854, at *2 (C.D. Cal. Jan. 12, 2021). The Ninth Circuit has made clear that "[a] court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999.

Here, Plaintiff highlights specific monetary claims and representations in the letter to argue that Checkmate acted inconsistently or improperly. Indeed, Plaintiff's RJN itself reveals that he is attempting to use the letter to establish disputed facts—such as the existence or value of alleged bonuses, the truth of assertions made in the indemnification notice, and whether Checkmate's representations in this litigation are somehow inconsistent with those in the letter. But these claims—including the alleged value of bonuses or the scope of liability—are subject to reasonable dispute and must be resolved through admissible evidence, not judicial notice.

Because Plaintiff is offering Exhibit F to prove the truth of the matters asserted therein, and those assertions are disputed, the Court should deny the request for judicial notice of Exhibit F.

### C. Judicial Notice Is Improper for Google Search Results (Exhibit D) Because They Are Unreliable, Subject to Dispute, and Offered for the Truth of the Matter Asserted

Judicial notice is improper for Exhibit D—Plaintiff's compilation of Google search results—because the results are neither reliable nor capable of accurate and ready determination. Exhibit D includes screenshots of search results allegedly demonstrating the online presence or location of individuals named "Arjun Vasan." Plaintiff offers no authentication or foundation to demonstrate the accuracy, context, or relevance of these results to this litigation.

Courts have consistently rejected judicial notice of unauthenticated internet search results, particularly when used to prove disputed facts. *See Snapkeys, Ltd. v. Google LLC*, 2020 WL 6381354, at *2 (N.D. Cal. Oct. 30, 2020) (denying judicial notice of Google results due to accuracy concerns). Plaintiff offers these results to suggest his California residency and to contradict Checkmate's representation that he resided in Texas—making their truth directly relevant. As in *Khoja*, the fact that a document can be located online does not make every assertion within it judicially noticeable. 899 F.3d at 1002. Plaintiff cannot evade evidentiary rules by couching disputed assertions in publicly accessible webpages.

Moreover, Plaintiff's claimed use of the results to demonstrate "contradiction" is a veiled attempt to admit their content for the truth. As explained in Section A.2 of this opposition, the alleged contradiction only matters if the facts presented in the search results are themselves accurate and true. Judicial notice may not be used to "smuggle in" otherwise inadmissible factual assertions under the guise of contradiction.

Accordingly, the Court should deny Plaintiff's request as to Exhibit D.

### D. Judicial Notice of Unverified AI-Generated "Fathom.Video Meeting Summary" (Exhibit I) Should Be Denied Because It Is Inherently Unreliable and Subject to Dispute

Plaintiff asks the Court to take judicial notice of an unverified, AI-generated summary of a meeting purportedly held on November 14, 2024, between Plaintiff and Checkmate employees.

1  Judicial notice is improper because the summary is not an official transcript or document from a
2  reliable source, and its accuracy and relevance are disputed.

3        This "summary," created by an AI tool called Fathom.video, is inherently unreliable. It does
4  not purport to provide a verbatim transcript of what was said at the meeting but instead offers an
5  automated interpretation of its content. Plaintiff provides no evidence demonstrating the reliability
6  of the tool used to generate it or verifying that the summary accurately reflects the meeting's
7  substance. Courts reject judicial notice of internal summaries or documents based on interpretation
8  rather than fact. *See United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004)
9  (denying judicial notice of internal notes subject to interpretation); Khoja, 899 F.3d at 999–1000.

10        Even assuming the summary's existence could be judicially noticed, Plaintiff clearly seeks
11  to introduce its contents as fact. That use exceeds the scope of Rule 201(b). The document's
12  relevance depends on accepting the disputed assertion that Plaintiff was terminated—making
13  judicial notice improper. Judicial notice should be denied as to Exhibit I.

14        **E. Judicial Notice of Privileged Correspondence Between Litigants Regarding**
15        **Disputed Legal and Factual Issues (Exhibit G) Is Improper**

16        Exhibit G is a letter dated February 21, 2025, from K&L Gates' Deputy General Counsel
17  to Plaintiff, responding to allegations of ethical misconduct and legal privilege issues. Plaintiff's
18  request that the Court take judicial notice of this letter is improper because it seeks notice of factual
19  assertions and legal conclusions that are disputed and beyond the scope of Federal Rule of Evidence
20  201.

21        Courts do not take judicial notice of private correspondence between litigants or counsel
22  where the content is reasonably subject to dispute. *See, e.g., Gerritsen v. Warner Bros. Ent. Inc.*,
23  112 F. Supp. 3d 1011, 1031 (C.D. Cal. 2015) (denying judicial notice of internal and external
24  communications where the truth of their contents was not indisputable); *United States ex rel.*
25  *Modglin v. DJO Glob. Inc.,* 114 F. Supp. 3d 993, 1008–09 (C.D. Cal. 2015) (same). The letter here
26  is plainly argumentative and reflects Checkmate's and its counsel's positions on disputed matters,
27  including attorney-client privilege and factual allegations raised by Plaintiff. Indeed, Plaintiff only
28

509318903.1

6

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

seeks to introduce the letter because it purports to "contradict" Defendant's position—an indication that its relevance stems from disputed factual content, not from its existence as a record.

That is not a permissible use of Rule 201. Judicial notice should be denied as to Exhibit G.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court refuse to take judicial notice of the documents referenced in Plaintiff's RJN.

Dated: April 16, 2025                                       By: _____
                                                                 Ryan Keech
                                                                 Gabriel Huey
                                                                 Stacey Chiu
                                                                 Rebecca Makitalo

                                                                 K&L GATES LLP

                                                                 Attorneys for Defendant
                                                                 CHECKMATE.COM INC.