Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br> Plaintiff, <br><br> vs. <br><br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br> Defendant. | Case No.: 2:25−cv−00765−MEMF−JPR <br><br> **EX PARTE APPLICATION FOR PROTECTIVE ORDER PURSUANT TO FRCP 26(C); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ARJUN VASAN; [PROPOSED] ORDER** |

**TO THE COURT, DEFENDANT CHECKMATE.COM, INC., AND THEIR COUNSEL:**

Plaintiff Arjun Vasan respectfully applies ex parte pursuant to Federal Rule of Civil Procedure 26(c) for a Protective Order to protect witnesses Chris Lam and Robert Nessler from retaliation or adverse employment actions by Defendant Checkmate.com, Inc. ("Defendant").

GOOD CAUSE EXISTS to issue this protective order immediately, as Plaintiff's recent notification to Defendant of his intent to seek such relief has significantly

1

increased the risk of immediate retaliation or intimidation against these witnesses, who remain employed by Defendant. Courts routinely grant such protective orders to safeguard witness integrity and protect against retaliation, intimidation, or undue influence. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Under FRCP 26(c)(1), the Court may issue protective orders to protect witnesses from annoyance, embarrassment, oppression, or undue burden. A legitimate fear of retaliation or undue influence on testimony constitutes good cause. Rivera, 364 F.3d at 1063-1064.

Plaintiff, acting pro se, recently sent a meet-and-confer notice to Defendant's counsel per Local Rule 37-1, seeking agreement on a protective order. Immediately thereafter, Plaintiff recognized that this notice substantially heightened the imminent risk of retaliatory action against witnesses Lam and Nessler. Given Defendant's demonstrated retaliatory behavior detailed in Plaintiff's complaint, including wrongful termination and threats intended to suppress truthful disclosures, this ex parte protective order is now urgently required.

# DECLARATION OF ARJUN VASAN

**I, Arjun Vasan, declare:**

1. I am Plaintiff in this action, proceeding pro se. I have personal knowledge of these facts.

2. On April 17, 2025, in good faith compliance with L.R. 37-1, I emailed Defendant's counsel indicating my intent to seek a protective order for current Checkmate employees Chris Lam and Robert Nessler due to their anticipated participation in this litigation.

3. Immediately upon sending this notice, it became apparent that Defendant's prior retaliatory conduct (as documented in my Complaint (ECF No. 10) places these witnesses at serious and immediate risk of intimidation, retaliation, or adverse employment actions.

4. Given this heightened risk, immediate Court intervention is necessary to ensure these witnesses may provide truthful and uninhibited testimony without fear of retaliatory harm.

*I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.*

Executed on April 17, 2025, in Cerritos, California.

*Arjun Vasan*

_____

Arjun Vasan

# [PROPOSED] ORDER

Having reviewed Plaintiff's Ex Parte Application for Protective Order and supporting materials, and finding good cause shown, IT IS HEREBY ORDERED:

Defendant Checkmate.com, Inc., its agents, representatives, and employees are immediately restrained from retaliating, intimidating, or otherwise taking adverse employment actions against Chris Lam and Robert [Last Name] arising from their participation or anticipated participation in providing testimony, declarations, or any other involvement in this litigation.

This Protective Order shall remain in effect until modified by further Court order.

**IT IS SO ORDERED.**

Date: _____        _____

**HON. MAAME EWUSI-MENSAH FRIMPONG**

United States District Court Judge