Arjun Vasan

12615 193rd Street

Cerritos, CA 90703

(562) 900-6541

arjun.vasan@gmail.com

Plaintiff In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARJUN VASAN,

                Plaintiff,

v.

CHECKMATE.COM, INC
(dba "Checkmate"),

                Defendant.

Case No.: 2:25-CV-00765-MEMF-JPR

**NOTICE OF CLARIFICATION REGARDING DEFENDANT'S UPDATED NOTICE OF PENDENCY OF OTHER ACTION**

**TO THE HONORABLE COURT:**

    Plaintiff respectfully submits this Notice to correct two factual misstatements contained in Defendant's April 18, 2025, Notice of Pendency (ECF No. 37).

    First, that filing asserts that "these actions arise from Plaintiff's misrepresentations." This is a disputed allegation—not a judicial finding or uncontested premise. While Defendant's later-filed New York complaint includes such allegations, Plaintiff's earlier-filed California complaint contains no such admission and, in fact, asserts claims of retaliation, wage theft, and fraudulent inducement

1

committed by Defendant. Procedural filings are not the proper vehicle for asserting contested facts. Plaintiff respectfully requests that the Court treat this language as attorney argument, not fact.

Second, Plaintiff calls attention to the address listed on the Summons accompanying Defendant's New York complaint (ECF No. 37 at 5), which states "15 Greenlaw St, Sugar Land, Texas." As demonstrated in Plaintiff's concurrently filed Request for Judicial Notice (attached hereto as Exhibit A), that address belongs to a different individual also named Arjun Vasan. The reproducible search results referenced in ¶ 3 of the RJN are attached as Exhibit D.

Defendant has continued to incorporate this address in its filings—despite being informed of the error—which is materially misleading. This error has been used to challenge Plaintiff's California residency, deny statutory protections, and question Plaintiff's credibility. Plaintiff respectfully objects to the continued use of that false address and asks that the record reflect that it was Defendant—not Plaintiff—who introduced the misidentification and has failed to correct it.

Dated: **Friday, April 18, 2025**

Respectfully Submitted,

*/s/ Arjun Vasan*

**Arjun Vasan**

Plaintiff In Pro Per

2

# EXHIBIT A

**Exhibit A - Request for Judicial Notice**

Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**Arjun Vasan**,

        Plaintiff,

vs.

**Checkmate.com, Inc.**,

(dba "Checkmate"),

        Defendant.

Case No.: 2:25−cv−00765−MEMF−JPR

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE**

[Filed concurrently with Declaration of Arjun Vasan, Declaration of Latha Vasan, Opposition to Defendant's Motion to Dismiss or Transfer Venue, [Proposed] Order]

**TO THIS HONORABLE COURT, ALL PARTIES OF RECORD, AND THEIR ATTORNEYS:**

    Plaintiff Arjun Vasan ("Plaintiff") respectfully requests that this Court take judicial notice of the following documents and information pursuant to Federal Rule of Evidence 201 in support of Plaintiff's Opposition to Defendant's Motion to Dismiss or Transfer Venue.

    **1. Michael Bell's SEC Filings Demonstrating California Residency**

## Exhibit A - Request for Judicial Notice

Plaintiff requests notice of the following filings demonstrating that Michael Bell, Checkmate's Chief of Strategy, is a California resident who has conducted business in California for decades. The Court may take judicial notice of SEC filings as public records available on the SEC's EDGAR database, the accuracy of which cannot reasonably be questioned.

- Form 3 filed with the Securities and Exchange Commission, listing Michael Bell's address in Manhattan Beach, California, a true and correct copy of which is attached as **Exhibit E**. The given address is "1028 9th Street, Manhattan Beach, CA 90266."
- SEC filing showing Michael Bell's professional history and ties to Southern California, a true and correct copy of which is also included in **Exhibit E**. This document states that "For the past twenty-five years, Michael Bell has served as CEO/President/COO in early-stage tech startups and public company roles in and around Southern California."
- For further verification of his identify, a true and correct screenshot of his public LinkedIn profile is also included in Exhibit E.

**2. VoiceBite Corporation/Indemnification Notice of Direct Claim**

Plaintiff requests judicial notice of the Notice of Direct Claim sent by Defendant to VoiceBite shareholders on January 29, 2025, a true and correct copy of which is attached as **Exhibit F**. The Court may take notice of this document as it is a legal notice referenced in Plaintiff's Complaint (¶¶ 50-52) and Opposition, and its authenticity is not in dispute. This document is not offered for the truth of the matters asserted therein, but to show Defendant's litigation positions and contradictions with its current representations to this Court.

- Claiming $5 million in damages while seeking to withhold $1,681,815 from the California-based VoiceBite team
- Attempting to forfeit promised compensation including $1,350,000 in retention bonuses
- Addressing team members at their California addresses, including Robert Nessler at his Cupertino, California address

**3. Google Search Results for "Arjun Vasan" "Arjun Vasan Sugar Land", "Arjun Vasan Cerritos" and "Arjun Vasan VoiceBite".**

**Exhibit A - Request for Judicial Notice**

Plaintiff requests judicial notice of search results showing that an unrelated individual named "Arjun B. Vasan" resides at the Sugar Land, Texas address listed in Defendant's New York Summons, true and correct copies of which are attached as **Exhibit D**. The first page results for four search terms are included in the Exhibit. The Court may take judicial notice of the existence of these search results, not for the truth of their content, but to demonstrate that publicly available information contradicts Defendant's representations regarding Plaintiff's residence. Courts have taken judicial notice of similar search results. See, e.g., *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of Google search results).

- "Arjun Vasan" - Showing three individuals in the United States, inclusive of Plaintiff, who share his name, approximate age and educational attainment.
- "Arjun Vasan Cerritos" - Adding Plaintiff's correct city of residence immediately surfaces Plaintiff's actual identity as a founder of VoiceBite and employee of Checkmate.
- "Arjun Vasan VoiceBite" - Adding VoiceBite surfaces the same individual—Plaintiff.
- "Arjun Vasan Sugar Land" - Adding the address listed in Defendant's New York Summons surfaces an entirely unrelated Research Assistant at UTHealth Houston and PhD Candidate, with different family connections than Plaintiff.

**4. Fathom.video Meeting Summary**

Plaintiff requests judicial notice of a Fathom.video meeting summary dated November 14, 2024, at 8:13 AM, a true and correct copy of which is attached as **Exhibit I**. The Court may take judicial notice of this document not for the truth of all matters asserted therein, but for its existence and timing of the meeting, its participants and the topics discussed. See *Spy Phone Labs LLC v. Google Inc.*, 2016 WL 6025469, at *1 n.1 (N.D. Cal. Oct. 14, 2016) (taking judicial notice of existence of documents without accepting the truth of their contents). This AI-generated summary from Defendant's own account shows, sent inadvertently to Plaintiff's email, shows:

- The meeting occurred at 8:13 AM on Nov 14, 2024, nearly two hours before the 9:56 AM email, referenced by Defendant in it's Motion to assert Plaintiff's "resignation".
- The stated meeting purpose was "To inform Arjun Vasan of his immediate termination"
- The summary explicitly states "Arjun Vasan terminated effective immediately"

**Exhibit A - Request for Judicial Notice**

- The participants are Amy Brown, Vishal Agarwal, Michael Bell and Plaintiff.

**5.   Letter from K&L Gates Confirms Plaintiff Lacked Counsel During Merger**

Plaintiff requests judicial notice of a letter dated February 21, 2025, from Charles M. Tea III, Deputy General Counsel of K&L Gates LLP, to Plaintiff, a true and correct copy of which is attached as **Exhibit G**. This letter was in response to Plaintiff's draft complaint to the California State Bar (referenced in the letter but not included here) regarding ethics concerns with K&L Gates' representation. The Court may take judicial notice of this letter not for the truth of all matters asserted therein but for its contradiction of assertions made in Defendant's Motion and Declaration of Vishal Agarwal regarding Plaintiff's representation status. This letter states:

- With regards to the merger period: "Any pre-closing communications you and others had with counsel for VoiceBite belonged to VoiceBite, which is now owned by our client Checkmate, as is any privilege that previously belonged to VoiceBite."
- With regards to the current dispute. "In spite of our Firm's repeated urging that you retain counsel to represent you .. you have thus far declined to do so, choosing instead to represent yourself pro se."

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of the above-referenced documents and information in connection with Plaintiff's Opposition to Defendant's Motion to Dismiss or Transfer Venue.

Dated: **Tuesday, April 8, 2025**,.

Respectfully Submitted,

_____

**Arjun Vasan**

Plaintiff In Pro Per

4

REQUEST FOR JUDICIAL NOTICE

# EXHIBIT D

**Exhibit D - Google Results for Arjun Vasan**



**Exhibit D - Google Results for Arjun Vasan**



**Exhibit D - Google Results for Arjun Vasan**



**Exhibit D - Google Results for Arjun Vasan**

