1  Arjun Vasan

2  12615 193rd Street

3  Cerritos, CA 90703

4  (562) 900-6541

5  arjun.vasan@gmail.com

6  Plaintiff In Pro Per

7

8
                   UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11

12
   ARJUN VASAN,                          Case No.:  2:25-CV-00765-MEMF-JPR
13
                          Plaintiff,
14                                       **NOTICE OF INTENT TO SUBMIT**
        v.                               **WITNESSS DECLARATIONS AND**
15                                       **DEFENDANT'S REPRESENTATIONS**
16                                       **CONCERNING RETALIATION RISK**
   CHECKMATE.COM, INC
17 (dba "Checkmate"),

18                          Defendant.

19

20

21

22 **TO THE HONORABLE COURT:**

23      Plaintiff Arjun Vasan respectfully submits this Notice to inform the Court that he intends to

24 submit declarations from two third-party witnesses: Christopher Lam and Robert Nessler, both

25 former members of the VoiceBite founding team and current employees of Defendant.

26      In opposing Plaintiff's now withdrawn, and inadvertently filed *ex parte* application for a

27 protective order, Defendant represented to this Court that:

28

                                          1

1

2

3

*"Plaintiff's concern that the two individuals may somehow be retaliated against is entirely speculative … There is no evidence that Mr. Lam and Mr. Nessler are even concerned about intimidation or retaliation."* - (ECF No. 35, at p. 3, ll. 7–9).

4

5

6

7

8

Plaintiff **respectfully places these representations on the record** and states that, in light of Defendant's unequivocal position, he will proceed with obtaining and submitting declarations from Mr. Lam and Mr. Nessler. Plaintiff will rely on these statements **as binding**. Should *either witness experience retaliation*, Plaintiff reserves the right to seek immediate relief, including sanctions and leave to add them as fellow plaintiffs.

9

10

11

12

13

14

15

Additionally, Plaintiff notes that Defendant has later filed a separate lawsuit in the Supreme Court of New York[1] against Plaintiff individually (see Defendant's "Notice of Pendency," ECF No. 37), while simultaneously asserting a theory of collective forfeiture of more than $1.5 million in compensation owed to the VoiceBite founding team (see Plaintiff's "Request for Judicial Notice," ¶ 2, ECF No. 27)—including these witnesses. This is the same $1.5 million Defendant now uses to characterize this matter as an "arms-length commercial transaction" rather than an employment dispute, in an effort to evade California's worker protections. *It has never been paid*.

16

17

18

19

20

By suing Plaintiff individually in order to impose financial consequences on the entire founding team, Defendant has procedurally fragmented the defense and stripped these witnesses of the opportunity to respond collectively. The result is that they are not only prevented from helping their teammate—they are placed in an untenable position: the very testimony that is crucial to securing their earned and unpaid bonuses directly threatens the employer who signs their paychecks.

21

22

In effect, they are held hostage to their own employment—trapped between genuine self-interest and immediate self-preservation.

23

24

25

With this combination of individualized litigation, collective forfeiture and employment leverage, Defendant advances a novel and dangerous legal theory—undermining the credibility of its assertion that retaliation fears are "entirely speculative."

26

27

28

---

[1] Plaintiff has since removed this action to federal district in the Southern District of New York

Plaintiff submits this Notice so the Court is fully informed of the context surrounding any forthcoming declarations and may evaluate them with appropriate awareness.

*Defendant is now on notice*—not only that this Court is aware of the stakes at hand, but that the public and press may also evaluate whether these witnesses are treated fairly.

**Any adverse action taken in this climate should be viewed accordingly.**

Furthermore, Plaintiff notes that Defendant—represented by six attorneys from a national firm across two distant jurisdictions—has sought sanctions for the time spent responding to an inadvertent but good-faith filing by a first-time *pro se* litigant now forced to litigate in multiple jurisdictions, simply to recover compensation wrongfully withheld by Defendant. That Defendant seeks to transfer its legal expenses onto the party it deprived of income should not escape the Court's attention. Nor should it escape the notice of any public observers of this record.

Respectfully Submitted,

Dated: **Friday, April 21, 2025**

*Arjun Vasan*

_____

**Arjun Vasan**

Plaintiff In Pro Per

3