Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br>         Plaintiff, <br> vs. <br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br>         Defendant. | Case No.: 2:25−cv−00765−MEMF−JPR <br><br> **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF DEFENDANT'S ADMISSION OF HIS TERMINATION IN DIRECT CONTRADICTION TO ITS OWN FILINGS, DECLARATIONS, AND EVIDENTIARY OBJECTIONS** |

**TO THE HONORABLE COURT:**

Plaintiff respectfully submits this Request for Judicial Notice pursuant to Federal Rule of Evidence 201, solely to highlight a material and indisputable contradiction in Defendant's filings concerning a central issue in this matter.

## I. Exhibit A: Defendant's Reply Brief (ECF No. 32) Admits Plaintiff was Terminated

> [1] On April 14, 2025, Plaintiff filed a Notice of Errata along with a corrected version of his Opposition. Defendant's reply addresses the corrected version attached to the Notice of Errata. See Notice of Errata, Dkt. 26.
> [2] Right at the outset, Plaintiff selectively quotes Checkmate's CEO to suggest he was terminated because he was on medical leave—omitting critical context. In full, the CEO made clear that Plaintiff was fired for sending unprofessional, insubordinate emails, and merely expressed concern that if Plaintiff hadn't actually sent them, the termination would be unjustified. Plaintiff's excerpt is materially misleading.
> [3] Plaintiff's claim that Checkmate failed to meet and confer is inaccurate. Counsel made a good-faith effort to confer with Plaintiff, but timing was constrained by Plaintiff's pro se status and the need to comply with court deadlines. Courts routinely decline to deny motions for minor technical violations of Local Rule 7-3, particularly where, as here, the opposing party suffers no prejudice. See *CarMax Auto Superstores California LLC v. Hernandez* (C.D. Cal. 2015) 94 F.Supp.3d 1078, 1087. Plaintiff filed a 25-page opposition brief addressing the motion on the merits, and his factual disagreements confirm that the motion was necessary regardless of further conferral.
> [4] A "Legal Proceeding" is "any action, suit, litigation, arbitration, proceeding (including any civil, criminal, administrative, investigative or appellate proceeding) . . . commenced, brought, conduct or heard by or before, or otherwise involving, any court . . . ." Agarwal Decl. ¶ 8, Ex. A (Merger Agreement § 1.1).
>
> - 2 -    DEFENDANT CHECKMATE.COM, INC.'S REPLY ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE

## II. Statement of Notice

Plaintiff is relieved that Defendant has at long last acknowledged this foundational fact — that Plaintiff was, in fact, terminated by Defendant while on protected medical leave.

Plaintiff first stated this fact clearly in response to his November 14, 2024 termination. He has since repeated it in communications, in his Complaint, in sworn declarations, and in evidentiary filings. Defendant, by contrast, has only now conceded this point, and in a footnote.

Accordingly, Plaintiff respectfully submits this Request for Judicial Notice of this internal contradiction — not to relitigate the facts, but to preserve the clarity of the record.

## III. Defendant's Ongoing and Prior Representations that Plaintiff Resigned

The admission comes after months of contrary representations by Defendant, including sworn declarations, formal evidentiary objections, and statements made to this Court and others. Defendant has maintained — repeatedly and under penalty of perjury — that Plaintiff *resigned*, despite documentary, testimonial, and real-time evidence to the contrary.

Defendant has a material interest in this resignation theory: under his employment terms, any termination regardless of cause entitled Plaintiff to over $120,000 in severance. The exhibits below are only a small sample of Defendant's numerous such representations.

**Exhibit B**: Defendant Objects to Plaintiff's and his Mother's Sworn Declarations



**Exhibit C**: Defendant Asserts Plaintiff's "Resignation" in its Motion to Dismiss or Transfer

**Exhibit D**: Defendant Supports its Resignation Theory with Sworn Declarations

> 26. On November 14, 2024, Ms. Brown, Mr. Bell, and I met with Mr. Vasan via Zoom to address his actions. On the same day, after the meeting, Mr. Vasan sent me an email stating that he was resigning. Attached hereto as **Exhibit F** is a true and correct copy of Mr. Vasan's resignation email.
>
> I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of March 2025 in New York, New York.
>
> 
>
> **VISHAL AGARWAL**

## IV. CONCLUSION

Judicial notice is appropriate because Defendant's contradiction is not speculative — it is plainly visible on the face of its filings. The Court need not resolve this issue to recognize that a party cannot assert one fact to support its reply brief and simultaneously object to that same fact when presented by its opponent.

The contradiction presented herein is but one of many in Defendant's filings, which upon close inspection appear to rest on a brittle foundation.

Plaintiff submits this Request for Judicial Notice in the interest of preserving a clear and accurate record of the proceedings.

Respectfully submitted,

Dated: **Tuesday, April 22, 2025**



**Arjun Vasan**, Plaintiff in Pro Per