Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br> Plaintiff, <br> vs. <br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br> Defendant. | Case No.: 2:25−cv−00765−MEMF−JPR <br><br> **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE THAT LEGAL REPRESENTATION NECESSARILY ENTAILS ATTORNEY-CLIENT PRIVILEGE, CONFIDENTIALITY AND CONTINUED ACCESS TO COUNSEL** |

**TO THE HONORABLE COURT**:

   Plaintiff respectfully requests, under Fed. R. Evid. 201, that the Court take judicial notice of the following authorities, each of which is contained in publicly available statutes, rules, or published opinions whose accuracy cannot reasonably be questioned. Collectively they state the longstanding rule that genuine individual legal representation necessarily entails (1)

confidentiality and privilege, (2) counsel's duty of undivided loyalty, and (3) the client's continuing right of access to competent advice.

## I. INTRODUCTION

Defendant contends that Plaintiff was "in fact individually represented" by attorneys Alan Foster and Pietari Grohn during negotiation of the operative Merger Agreement, thereby seeking refuge in Labor Code § 925(e). Yet the record shows Mr. Foster withdrew four days before closing under expressed ethical duress; and both he and his replacement Mr. Grohn represented VoiceBite as a corporate entity, not Plaintiff as an individual.

Moreover, after closing, Checkmate has asserted full ownership of VoiceBite's legal relationships, including privilege and work product. (ECF 27)

Plaintiff thereafter had no privileged communications, no post-closing access to counsel, and no loyalty independent of Checkmate's interests. Judicial notice of controlling legal authorities governing the attorney-client relationship will assist the Court in evaluating the factual adequacy of Defendant's assertion.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 201(b)(2), a court may judicially notice a fact or authority that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," including statutes, published rules of professional conduct, and reported judicial opinions. Courts routinely notice such legal authorities. See, e.g., *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

## III. AUTHORITIES SUBJECT TO NOTICE

1. **Attorney-Client Privilege as a Foundational Principle.** "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law and its purpose is to encourage full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389-90 (1981).

2. **California Supreme Court on Confidentiality and Loyalty.** "Protecting the confidentiality of communications between attorney and client is fundamental to our legal system… The fiduciary relationship requires undivided loyalty and allegiance." *People ex rel. Dept. of Corps. v. SpeeDee Oil Changes Sys.,* 20 Cal.4th 1135, 1145-46 (1999).

3. **California Rules of Professional Conduct.** • Rule 1.6(a)-(c): A lawyer "shall not reveal information protected by Business and Professions Code § 6068(e)(1) unless the client gives informed consent…." • Rule 1.7(a): A lawyer shall not represent a client if the representation is directly adverse to another client or materially limited by responsibilities to another client, absent informed written consent.

4. **Restatement (Third) of the Law Governing Lawyers § 68 & § 16.** The attorney-client relationship imposes duties of confidentiality, loyalty, and reasonable communication.

5. **California Evidence Code § 950 et seq.** Defines the privilege protecting attorney-client communications.

These authorities are publicly available, accurately printed in official reporters or statutory compilations, and not subject to reasonable dispute.

## IV. APPLICATION TO THIS CASE

Defendant's reliance on a supposed "individual representation" collapses when measured against the governing legal standard, as Checkmate, through K&L Gates, has explicitly claimed ownership of the privilege, work product and relationships of Mr. Grohn and Mr. Foster, former *VoiceBite* corporate counsel. See Letter from K&L Gates General Counsel (ECF 27, Exhibit G) and email from Ryan Keech re Pietari Grohn (ECF 27, Exhibit Q).

1. **Absence of Privileged Communications.** Checkmate, through K&L Gates attorneys and General Counsel have claimed ownership of all privilege and work product of former VoiceBite counsel. If privilege can be lost, privilege never existed.

2. **Lack of Continuity.** The attorneys in question have stated they are unable to assist in this dispute due to conflict of interest as former VoiceBite counsel, thus violating the continuous-representation hallmark identified in *SpeeDee Oil*, 20 Cal.4th at 1140-41.

3. **Conflicted Loyalty.** During merger negotiations, Checkmate Strategy Chief Michael Bell urged the VoiceBite founders to discharge Mr. Foster, creating tension within the team over whether to trust Foster's caution. Foster and Grohn both were unable to assist Plaintiff in this dispute, which is why he represented himself.

Because Defendant cannot establish "in fact" and "individual" representation satisfying the above requirements, Labor Code § 925(e)'s exception is inapplicable as a matter of law.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of the legal authorities identified in Section III and of the incontestable proposition that meaningful individual representation necessarily includes attorney-client privilege, confidentiality, loyalty, and ongoing access to counsel.

Respectfully Submitted,

**Dated**: Wednesday, April 23, 2025

*By:* /s/ Arjun Vasan

**Arjun Vasan**
Plaintiff In Pro Per

4

REQUEST FOR JUDICIAL NOTICE