Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br> Plaintiff, <br> vs. <br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br> Defendant. | Case No.: 2:25−cv−00765−MEMF−JPR <br><br> **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE RE: SERVICE ADDRESS DESIGNATION AND JURISDICTIONAL ASSERTIONS** |

**TO THE HONORABLE COURT:**

Plaintiff respectfully requests that the Court take judicial notice of the following facts, each of which is derived from documents properly subject to notice under Federal Rule of Evidence 201(b)(2):

**I. FACTS SUBJECT TO NOTICE**

1. The Merger Agreement submitted by Defendant in support of its Motion to Dismiss (ECF No. 18-4) includes a forum selection clause in § 9.7, which Defendant contends is binding upon Plaintiff in this matter.

2. The same Merger Agreement contains § 9.11, which designates Plaintiff's California address in Cerritos, California as the sole and exclusive address for service of process and other legal notices to Plaintiff. Specifically, § 9.11 states (see Exhibit A):
    > "All notices, requests, claims, demands and other communications under this Agreement shall be in writing and shall be given or made (and shall be deemed to have been duly given or made upon receipt) by delivery in person, by courier service, by fax or by registered or certified mail (postage prepaid, return receipt requested) to the respective parties at the addresses set forth below (or at such other address for a party as shall be specified in a notice given in accordance with this Section 9.11)… To the Stockholder: 12615 193rd Street, Cerritos, CA 90703"

3. In the summons filed by Defendant in the Supreme Court of the State of New York, County of New York (Index No. 650913/2025, NYSCEF Doc. No. 1), Defendant listed **"15 Greenlaw Street, Sugar Land, TX 77479"** as the address for service upon Plaintiff.

4. Documentary evidence submitted with Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 27-2, RJN Exhibit D) establishes that this Texas address belongs to an unrelated individual who shares Plaintiff's name but has no connection to this matter.

5. Service of process in the New York action was subsequently attempted by "nail and mail" at Plaintiff's Cerritos, California address on or around March 5th, 2025, as evidenced by Defendant's Affidavit of Service (NYSCEF Doc. No. 3, ECF 37), without Defendant correcting or amending the misidentification on the summons.

6. Defendant's filings in both this California action (see ECF No. 18-1 at 4:18–22) and in the New York action (see NYSCEF Doc. No. 4, ECF 37 at ¶¶ 2, 8) continue to assert that Plaintiff is a Texas resident.

7. Defendant relies on this asserted Texas residency in support of enforcing the forum selection clause in § 9.7 of the Merger Agreement, notwithstanding California Labor

1. Code § 925, which allows California employees to void such clauses when applied extraterritorially to California residents.

8. Defendant has filed numerous objections to Plaintiff's declarations affirming primary California residency, and to Plaintiff's earlier RJN describing a simple web exercise connecting the Sugar Land address to an unrelated 3rd party who shares his name. See Defendant's Reply (ECF 32) and Objections to RJN (ECF 33).

## II. RELEVANCE TO PENDING MOTION

These facts demonstrate that while Defendant seeks to enforce the forum selection clause in § 9.7, it has simultaneously disregarded § 9.11 of the same agreement, which designates Plaintiff's California address as the sole and specific address for service of process. In its New York summons, Defendant misidentified Plaintiff as an unrelated individual residing in Texas and has since relied on that misidentification to assert Texas residency in support of enforcing the forum clause — despite later attempting service at Plaintiff's actual California address without correcting the summons.

Defendant has objected to Plaintiff's sworn assertion that the Texas address was never his, despite documentary evidence showing the address belongs to an unrelated individual with the same name. This reckless misidentification is not merely a harmless error — it has publicly associated an uninvolved third party with fraud allegations in court records — an issue which seems to escape Defendant's concern. Defendant's continued insistence on Plaintiff's purported Texas residency, despite having attempted service at Plaintiff's actual California address, demonstrates a pattern of procedural inconsistency that undermines its arguments for strict enforcement of the forum selection clause. A party seeking equitable enforcement of one contract provision should not be permitted to disregard other provisions of the same agreement when convenient, nor to maintain factual assertions it knows or should know to be false.

Judicial notice of these facts is warranted to provide a complete and accurate record of the contractual provisions and public filings at issue, to highlight the contradictory positions

Defendant has taken regarding Plaintiff's residency and proper address for service and to alert this Court to the collateral harm caused by Defendant's conduct.

### III. LEGAL STANDARD FOR NOTICE

Judicial notice is proper under Federal Rule of Evidence 201(b)(2) because the above facts are derived from court records, publicly filed pleadings, and contractual documents already submitted to the Court, all of which are not subject to reasonable dispute and are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

See *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (courts may take judicial notice of matters of public record); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (judicial notice appropriate for documents whose contents are alleged in a complaint and whose authenticity no party questions).

Furthermore, courts routinely take judicial notice of contractual provisions when evaluating the enforceability of forum selection clauses.

See *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998).

Respectfully Submitted,

**Dated**: Wednesday, April 23, 2025

By: *Arjun Vasan*

**Arjun Vasan**
Plaintiff In Pro Per

# EXHIBIT A

Affiliate of Purchaser.  Subject to the preceding sentence, this Agreement will apply to, be binding in all respects upon and inure to the benefit of the successors and permitted assigns of the parties.

Section 9.10   Parties in Interest.  Except for the provisions of Section 8, none of the provisions of this Agreement is intended to provide any rights or remedies to any Person other than the parties hereto and their respective successors and assigns (if any).

Section 9.11   Notices.  All notices, consents, waivers and other communications required or permitted by this Agreement will be in writing and will be deemed given to a party when (a) delivered to the appropriate address by hand or by nationally recognized overnight courier service (costs prepaid); or (b) sent by facsimile or e-mail with confirmation of transmission by the transmitting equipment confirmed with a copy delivered as provided in clause (a), in each case to the following addresses, facsimile numbers or e-mail addresses and marked to the attention of the person (by name or title) designated below (or to such other address, facsimile number, e-mail address or person as a party may designate by notice to the other parties); provided that with respect to notices deliverable to the Holder Representative, such notices shall be delivered solely via email or facsimile:

**Company (before the Closing):**

VoiceBite Corporation
1149 Hollyhead Lane
Cupertino, California  95014
Attention: Robert Nessler, Chief Executive Officer
E-mail address: robert@voicebite.ai

**Any Stockholder:**

To the address set forth on the Stockholder's signature page hereto.

**Holder Representative (on its own behalf and for the benefit of the stockholders of the Company):**

Robert Nessler
1149 Hollyhead Lane
Cupertino, California  95014
E-mail address: robert@voicebite.ai

**Purchaser and Merger Sub:**

Checkmate.com Inc.
1113 York Ave, #36E
New York, NY  10065
Attn: Vishal Agarwal
Email:  vishal@itsacheckmate.com

with a mandatory copy to (which copy will not constitute notice):

DJL Corporate Law
17349 Parkside Court
Monte Sereno, CA  95030
Attention:  Todd Murtha

Email:  todd@djlcorplaw.com

Section 9.12    <u>Enforcement of Agreement</u>.  The parties acknowledge and agree that Purchaser and Merger Sub would be irreparably damaged if any of the provisions of this Agreement are not performed in accordance with their specific terms and that any breach of this Agreement by the Company could not be adequately compensated in all cases by monetary damages alone.  Accordingly, in addition to any other right or remedy to which Purchaser or Merger Sub may be entitled, at law or in equity, it will be entitled to enforce any provision of this Agreement by a decree of specific performance and temporary, preliminary and permanent injunctive relief to prevent breaches or threatened breaches of any of the provisions of this Agreement, without posting any bond or other undertaking.

Section 9.13    <u>Severability</u>.  If any provision of this Agreement is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Agreement will remain in full force and effect.  Any provision of this Agreement held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

Section 9.14    <u>Time of Essence</u>.  With regard to all dates and time periods set forth or referred to in this Agreement, time is of the essence.

Section 9.15    <u>Schedules and Exhibits</u>.  The Schedules and Exhibits (including the Company Disclosure Schedule) are hereby incorporated into this Agreement and are hereby made a part hereof as if set out in full herein.  Each disclosure set forth in the Company Disclosure Schedule is identified by reference to, or has been grouped under a heading referring to, a specific individual section or subsection of this Agreement and relates only to such section or subsection; provided, however, that notwithstanding the foregoing, any matter disclosed in a Section of the Company Disclosure Schedule will be deemed to be disclosed in any Section contained in the Company Disclosure Schedule, to the extent that it is reasonably apparent from such disclosure that such disclosure is applicable to such other Section.

*    *    *

The parties hereto have caused this Agreement to be executed and delivered as of the date first set forth above.

PURCHASER:

**CHECKMATE.COM INC.**

By: _/s/ Vishal Agarwal_____
Name: Vishal Agarwal
Title: _____

MERGER SUB:

**VOICEBITE MERGER SUB, INC.**

By: _/s/ Vishal Agarwal_____
Name: Vishal Agarwal
Title: _____

COMPANY:

**VOICEBITE CORPORATION**

By: _____
Name: _____
Title: _____

HOLDER REPRESENTATIVE:

_____
**ROBERT NESSLER**

SIGNATURE PAGE TO AGREEMENT AND PLAN OF MERGER

-45-

       The parties hereto have caused this Agreement to be executed and delivered as of the date first set forth above.

PURCHASER:

**CHECKMATE.COM INC.**


By: _____
Name: _____
Title: _____


MERGER SUB:

**VOICEBITE MERGER SUB, INC.**


By: _____
Name: _____
Title: _____


COMPANY:

**VOICEBITE CORPORATION**

By: *Robert Nessler* (box SIGN 4PPYL963-1VW6X652)
Name: Robert Nessler
Title: CEO


HOLDER REPRESENTATIVE:

*Robert Nessler* (box SIGN 4PPYL963-1VW6X652)
**ROBERT NESSLER**


SIGNATURE PAGE TO AGREEMENT AND PLAN OF MERGER

The parties hereto have caused this Agreement to be executed and delivered as of the date first set forth above.

**STOCKHOLDERS:**

*Robert Nessler*
boxSIGN 4PPYL963-1VW6X652

**ROBERT NESSLER**

Address: 1149 Hollyhead Lane
Cupertino CA, 95014

Email Address: rob@voicebite.ai

*Arjun Vasan*
boxSIGN 1R7VP2L6-1VW6X652

**ARJUN VASAN**

Address: 12615 193rd St
Cerritos, CA 90703

Email Address: arj@voicebite.ai

*Christopher Lam*
boxSIGN 4L2X3LXQ-1VW6X652

**CHRISTOPHER LAM**

Address: 9 Lamay Crescent
Toronto, Ontario, M1X 1J2, Canada

Email Address: chris@voicebite.ai

*[signature]*
boxSIGN 469QL2Q2-1VW6X652

**ISAMU AOKI**

Address: 502 Morse St
San Jose CA 95126

Email Address: sam@voicebite.ai

_____

**PAUL JUSTIN GARCIA**

Address:

Email Address:

SIGNATURE PAGE TO AGREEMENT AND PLAN OF MERGER