Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**Arjun Vasan**,

       Plaintiff,

vs.

**Checkmate.com, Inc.**,

(dba "Checkmate"),

       Defendant.

Case No.:  2:25−cv−00765−MEMF−JPR

Hon. Maame Ewusi-Mensah Frimpong

**NOTICE OF DEFENDANT'S OBJECTION TO PLAINTIFF'S USE OF ARTIFICIAL INTELLIGENCE; SANCTIONS THREATS FOR THE SAME; AND RELEVANCE OF BILLING RATE OF DEFENDANT COUNSEL**

Complaint Filed: January 28, 2025

**TO THE HONORABLE COURT:**

    Plaintiff respectfully submits this Notice regarding an opposition made by Attorney Gabriel Huey, and recent communication from Attorney Stacey Chiu.

1. In the Declaration of Attorney Huey (ECF No. 35-1), Huey claims an hourly billing rate of **$890 per hour**, and that he spent *2 hours* preparing an opposition to Plaintiff's now

REQUEST FOR JUDICIAL NOTICE

withdrawn *Ex Parte* Application for a protective order. Therefore, *Heuy claims*, sanctions of $1780 are merited for *2 hours* of his time.

2. Defendant has retained and assigned at least **six (6) attorneys** from K&L Gates LLP to litigate against a single *pro se* Plaintiff, including partners, senior counsel, and associates.

3. Defendant simultaneously asserts that Plaintiff's filings—which it alleges were prepared with the assistance of generative AI—have needlessly burdened them, despite Plaintiff litigating alone while Defendant deploys a full law firm team—armed with Westlaw and LexisNexis and presumably every other technological advantage.

4. Plaintiff will leave the comparative evaluation of these filings to the Honorable Court but only notes that Generative AI is almost certainly used by Defendant's Counsel, as over 75% of large law firms—such as K&L Gates—have acknowledged the same.

5. To the extent Defendant intends to quantify sanctions or burden based on attorney time expended, Plaintiff respectfully notes that, on a per-capita basis, the economic value of Plaintiff's time (representing himself, and as acknowledged by Defendant, a sophisticated AI engineer/founder who sold multiple startups for "millions of dollars") should be multiplied by at *minimum* **six (6) times** Mr. Huey's claimed hourly rate of $890, yielding an implied valuation exceeding **$5,340 per hour** of Plaintiff's litigation time.

6. Plaintiff further notes that if Defendant had simply *paid what it owes him*, by contract and admission, there would have been no burden on *this* court, the New York State Supreme Court, or Federal Court in the Southern District of New York.

**RELEVANCE TO THIS MATTER**

Defendant has re-iterated, as of today (April 28, 2025), its intentions to seek sanctions against Plaintiff for good faith filings. It has previously asserted the value of its time as $890 per hour, failing to note the irony of Plaintiff spending *all* of his time for the past six months simply to recoup his earned and unpaid compensation. While Plaintiff studies his compliance with the proper use of Judicial Notice, he submits this filing to highlight Defendant's contradictions.

REQUEST FOR JUDICIAL NOTICE

Respectfully Submitted,

**Executed on**: Monday, April 28, 2025,

In Cerritos, CA

*/s/ Arjun Vasan*

*By:* _____

**Arjun Vasan**
Plaintiff In Pro Per

3

REQUEST FOR JUDICIAL NOTICE