Ryan Q. Keech (SBN 280306)
Ryan.Keech@klgates.com
Gabriel M. Huey (SBN 291608)
Gabriel.Huey@klgates.com
Stacey Chiu (SBN 321345)
stacey.chiu@klgates.com
Rebecca Makitalo (SBN 330258)
rebecca.makitalo@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
CHECKMATE.COM INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN, | Case No. 2:25-CV-00765-MEMF-JPR |
| Plaintiff, | Hon. Maame Ewusi-Mensah Frimpong |
| v. | **DECLARATION OF STACEY CHIU, ESQ. IN RESPONSE TO ORDER TO SHOW CAUSE** |
| CHECKMATE.COM, INC., | |
| Defendant. | Complaint Filed: February 21, 2025 |

509362878.1

DECLARATION OF STACEY CHIU, ESQ.
IN RESPONSE TO ORDER TO SHOW
CAUSE

I, Stacey Chiu, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and an associate at K&L Gates LLP, counsel of record for Defendant CHECKMATE.COM, INC. ("Checkmate") in the above captioned matter.  I have first-hand knowledge of the matters set forth herein and could testify competently to them if called as a witness.

2.      This declaration is made in response to the Court's April 23, 2025 Order to Show Cause why sanctions should not be imposed for failure to meaningfully meet and confer prior to filing Defendant's Motion to Dismiss or Transfer Venue ("the Motion").

3.      On March 25, 2025, I conducted a telephonic meet and confer with pro se Plaintiff Arjun Vasan ("Plaintiff") regarding Checkmate's anticipated Motion. During the call, I explained the basis for Checkmate's motion: (1) that Checkmate is not a resident of the Central District of California, and the relevant events giving rise to Plaintiff's claims occurred outside of California, rendering venue improper; and (2) that transfer to the Southern District of New York or Western District of Texas was warranted under the binding forum-selection clause in the parties' Merger Agreement, as well as for the convenience of the parties and witnesses.

4.      In response, Plaintiff alleged on the call that he currently resides in California and that he had only temporarily stayed in Texas.  He asserted that he was in California when his employment ended, the VoiceBite contract negotiations occurred in California, he currently lives in California, and all relevant events giving rise to his claims took place in California.  Plaintiff explained his arguments that the choice-of-law and forum-selection clauses were inapplicable because, in his view, his claims did not arise out of the Merger Agreement itself.  He also referenced California Labor Code section 925 and argued that California law prohibits forcing employees to litigate in out-of-state forums.

509362878.1

DECLARATION OF STACEY CHIU, ESQ.
IN RESPONSE TO ORDER TO SHOW
CAUSE

5.     Plaintiff also contended that the complaint filed by Checkmate against him in New York Supreme Court, Index No. 650913/2025, ("the New York Action") named the wrong individual and incorrectly listed an address in Sugar Land, Texas. Plaintiff further expressed that he wished for all matters to proceed in one court: the Central District of California, not New York.  To that end, Plaintiff indicated that he intended to file a motion to dismiss or transfer the pending New York Action to the Central District of California.

6.     In response, I explained that Checkmate respectfully disagreed with Plaintiff's position regarding venue.  I reiterated Checkmate's position and further explained that Checkmate's witnesses were primarily located in New York and Kansas, the merger transaction giving rise to Plaintiff's claims was negotiated through counsel and executed by sophisticated parties outside of California, and that Checkmate's understanding based off of the documentary evidence, including his correspondence with Checkmate and wage statements, was that Plaintiff was living in and working from Texas during the majority of his employment with Checkmate. I conveyed that, based on these facts, Checkmate intended to proceed with its Motion.

7.     At the end of the call, Plaintiff made clear that he would oppose any motion to dismiss or transfer, and we agreed we had reached an impasse.

8.     Plaintiff's characterization that there was no meaningful meet and confer in his Opposition to the Motion is inaccurate. Plaintiff was given the opportunity to explain his position during the March 25, 2025 call, and did so in detail.  I fully informed Plaintiff of the grounds for Checkmate's motion during the call, and Plaintiff's subsequent filings, including his numerous improper Requests for Judicial Notice, confirm that he has had ample opportunity to raise and present any factual or legal arguments he wished to assert.

9.     If Plaintiff had indicated any willingness to consider a resolution, we would have sought an extension of Checkmate's responsive pleading deadline to allow for further meet and confer efforts. However, it was apparent that motion

509362878.1

DECLARATION OF STACEY CHIU, ESQ.
IN RESPONSE TO ORDER TO SHOW
CAUSE

practice and judicial intervention were necessary to resolve the parties' venue dispute.

10. Plaintiff's subsequent conduct confirms that a resolution was not possible short of court intervention. Since Checkmate filed its Motion, Plaintiff has filed no fewer than eight separate Requests for Judicial Notice (ECF Nos. 40, 41, 42, 43, 44, 46, 47, 50) and a Motion for Leave to File a Sur-Reply (ECF No. 48), all contesting the venue issue. These actions underscore that Plaintiff remains firmly opposed to Checkmate's requested relief.

11. Although counsel for Checkmate recognizes that the meet and confer should have occurred earlier, the March 25, 2025 call satisfied the spirit and purpose of Local Rule 7-3 and the Court's Standing Order, which are designed to ensure that parties engage in good-faith discussions and avoid unnecessary motion practice. Here, counsel for Checkmate engaged Plaintiff in a substantive discussion of the legal and factual issues underpinning the motion, provided Plaintiff with a clear explanation of Defendant's position, and allowed Plaintiff the opportunity to articulate his counterarguments. Both sides confirmed during the call that they were at an impasse and that judicial intervention would be necessary. Defense counsel reasonably understood that the telephonic conference constituted good-faith compliance with the Court's meet-and-confer requirements.

12. Furthermore, on March 4, 2025, Checkmate served Plaintiff with its Complaint in the New York action, arising from the same Merger Agreement at issue here. Plaintiff acknowledged the New York Action during the meet and confer call and confirmed his intent to challenge the venue there. Thus, it was counsel for Checkmate's understanding that Plaintiff was aware, even before the March 25, 2025 call, that venue would be a contested issue.

13. Checkmate respectfully requests that the Court refrain from striking or denying the pending Motion based on any deficiency in the timing of the meet-and-confer efforts. Courts routinely excuse technical noncompliance where there is a

509362878.1

- 4 -

DECLARATION OF STACEY CHIU, ESQ.
IN RESPONSE TO ORDER TO SHOW
CAUSE

good-faith effort. See *ECASH Techs., Inc. v. Guagliardo*, 35 F. App'x 498, 500 (9th Cir. 2002) (failure to satisfy Local Rule 7-3 does not require dismissal of a motion); *Stewart v. Wachowski*, 2004 WL 5618386, at *1 n.2 (C.D. Cal. Sept. 28, 2004) (declining to deny motion where there was "some attempt" to meet and confer); *Resonance Tech., Inc. v. Koninklijke Philips Elecs. N.V.*, 2008 WL 4330298, at *3 (C.D. Cal. Sept. 17, 2008) (deciding the merits of a motion despite a dispute regarding whether the moving party timely met and conferred); *Del Amo v. Baccash*, 2008 WL 2780971, at *7 (C.D. Cal. July 15, 2008) (excusing failure to meet and confer on every issue where there was no evidence of bad faith).

14.    Local Rule 83-7(a) provides that the Court may impose monetary sanctions for violation of the Local Rules "if the Court finds that the conduct was willful, grossly negligent, or reckless."  Here, there was a good faith effort to meet and confer, and no bad faith, gross negligence, or willful disobedience.  *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1480–81 (9th Cir. 1989) (financial sanctions are inappropriate for mere negligent violations of local rules; monetary sanctions are valid only for "bad faith actions or willful disobedience of court orders or rules"). Any deficiency was inadvertent and not deliberate, and Checkmate respectfully submits that sanctions would be inappropriate.

15.    Counsel for Checkmate takes the Court's concerns seriously and will ensure full, timely compliance with Local Rule 7-3 and the Court's Standing Order for all future filings.

Dated:      April 29, 2025                    K&L GATES LLP

By: _____
Stacey Chiu

Attorneys for Defendant
CHECKMATE.COM, INC.

509362878.1

- 5 -