Ryan Q. Keech (SBN 280306)
Ryan.Keech@klgates.com
Gabriel M. Huey (SBN 291608)
Gabriel.Huey@klgates.com
Stacey Chiu (SBN 321345)
stacey.chiu@klgates.com
Rebecca Makitalo (SBN 330258)
rebecca.makitalo@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
CHECKMATE.COM INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN, <br><br> Plaintiff, <br><br> v. <br><br> CHECKMATE.COM, INC., <br><br> Defendant. | Case No. 2:25-CV-00765-MEMF-JPR <br><br> Hon. Maame Ewusi-Mensah Frimpong <br><br> **DEFENDANT CHECKMATE.COM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE** <br><br> Hearing Date: June 5, 2025 <br> Time: 10 a.m. <br> Courtroom: 8B <br><br> Complaint Filed: January 28, 2025 |

509379275.4

- 1 -

DEFENDANT CHECKMATE.COM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 5

II.  PROCEDURAL HISTORY ................................................................................ 5

III. LEGAL STANDARD .......................................................................................... 6

IV.  ARGUMENT ....................................................................................................... 7

    A.   Plaintiff Has Not Identified Any New Argument or Evidence in the Reply Brief ............................................................................................................. 7

        1.   The Merger Agreement ................................................................. 7

        2.   Labor Code § 925(e) ..................................................................... 7

        3.   Supplemental Declarations ........................................................... 8

        4.   Evidentiary Objections ................................................................. 9

        5.   Separation Language .................................................................... 9

    B.   Plaintiff's Sur-Reply Improperly Reiterates Prior Arguments and Expands the Record Beyond Permissible Scope ................................................... 10

    C.   Plaintiff's Pro Se Status Does Not Excuse Abuse of Procedure ............. 11

V.   CONCLUSION .................................................................................................. 12

509379275.4

- 2 -

DEFENDANT CHECKMATE.COM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re ConAgra Foods, Inc.*,
  90 F. Supp. 3d 919 (C.D. Cal. 2015) .................................................................. 9

*Great Am. Ins. Co. v. Berl*,
  2017 WL 8180627 (C.D. Cal. Oct. 23, 2017) ......................................... 7, 8, 11

*Hill v. England*,
  2005 WL 3031136 (E.D. Cal. Nov. 8, 2005) ........................................... 8, 9, 11

*Louis Vuitton Malletier S.A. v. Akanoc Solutions, Inc.*,
  2008 WL 2783206 (N.D. Cal. July 15, 2008) ...................................................... 9

*Madera Grp., LLC v. Mitsui Sumitomo Ins. USA, Inc.*,
  545 F. Supp. 3d 820 (C.D. Cal. 2021) .............................................................. 12

*Nichols v. Brown*,
  945 F. Supp. 2d 1079 (C.D. Cal. Mar. 3, 2013) ................................................ 13

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
  627 F.3d 402 (2010) ............................................................................................ 6

*Sanchez v. Rodriguez*,
  298 F.R.D. 460 (C.D. Cal. 2014) ...................................................................... 13

*Stiner v. Brookdale Senior Living, Inc.*,
  665 F. Supp. 3d 1150 (N.D. Cal. 2023) .............................................................. 9

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................. 6

California Labor Code § 925 .................................................................................... 9

California Labor Code § 925(a) ................................................................................ 9

California Labor Code § 925(e) ........................................................................... 8, 9

**Other Authorities**

C.D. Cal. R. 1-4 ....................................................................................................... 12

Fed. R. of Evid. 201 ................................................................................................ 12

509379275.4                                - 3 -

DEFENDANT CHECKMATE.COM, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SUR-REPLY TO
DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS OR TRANSFER
VENUE

Local Rule 7-3 .................................................................................................................... 12

Local Rule 7-10 .................................................................................................................. 7

Rule 12(b)(3) ...................................................................................................................... 6

509379275.4

- 4 -

DEFENDANT CHECKMATE.COM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff Arjun Vasan's ("Plaintiff") Motion for Leave to File a Sur-Reply ("Plaintiff's Motion") is an attempt to secure yet another bite at the apple, rather than a procedural necessity. Despite clear authority disfavoring sur-replies and guidance from this Court and others that additional briefing is only permitted in exceptional circumstances, Plaintiff has submitted a ten-page proposed sur-reply brief that reargues settled points, introduces irrelevant factual spin, and seeks to burden the docket with yet another filing. This is in addition to no fewer than fifteen improper submissions by Plaintiff in response to Defendant Checkmate.com, Inc.'s ("Checkmate") Reply masquerading as "Notices" and "Requests for Judicial Notice."[1] See ECF Nos. 20, 24, 37-44, 46, 47, 49-51.)

This is not a case where the Reply raised genuinely new legal theories or unavailable evidence. Rather, Defendant's Reply properly responded to arguments Plaintiff raised in his opposition and included rebuttal evidence expressly allowed by precedent. Courts have been consistent: when a reply merely addresses points raised in the opposition, courts uniformly agree that a sur-reply is unwarranted.

As such, the Court should deny Plaintiff's motion in full.

**II. PROCEDURAL HISTORY**

Plaintiff filed his Complaint on January 28, 2025. ECF No. 1. On March 26, 2025, Checkmate filed a Motion to Dismiss for Improper Venue under Rule 12(b)(3), or in the alternative, to Transfer Venue to the Southern District of New York under 28 U.S.C. § 1404(a) ("Checkmate's Motion"). ECF No. 18. Checkmate's Motion included supporting declarations and a request for judicial notice. Plaintiff filed an Opposition (the "Opposition") on April 12, 2025, along with his own declarations and voluminous exhibits. See ECF Nos. 25–29. On April 19, 2025, Checkmate

---

[1] Defendant is in the process of preparing a motion to strike Plaintiff's improper filings. The Court, however, would be well-within its authority to strike them sua sponte. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402 (2010) ("It is well established that '(d)istrict courts have inherent power to control their docket.' This includes the power to strike items from the docket as a sanction for litigation conduct.")

filed its reply (the "Reply") in support of the motion to dismiss or transfer. ECF No. 32. The Reply responded to arguments raised in Plaintiff's Opposition and included standard evidentiary objections and rebuttal declarations.

On April 18, 2025, Plaintiff and Checkmate's counsel engaged in a telephonic meet and confer discussion regarding Plaintiff's intent to file a sur-reply. See Declaration of Stacey Chiu in Support of Checkmate's Opposition to Plaintiff's Motion ("Chiu Decl."), ¶ 2. Plaintiff followed up that same day with an email outlining the general grounds for his anticipated motion. Thereafter, Plaintiff filed several overlapping Requests for Judicial Notice between April 18 and April 25, which addressed or restated the same points he raised in his meet and confer email regarding the proposed sur-reply. ECF Nos. 40-44, 46-47. Based on these filings, Checkmate reasonably understood that Plaintiff was pursuing alternative procedural vehicles and that a sur-reply motion was no longer imminent. Chiu Decl., ¶ 4.

Plaintiff nevertheless filed the present Motion for Leave to File a Sur-Reply on April 25, 2025, along with an attached sur-reply brief and additional exhibits. ECF No. 48. Checkmate responded the same day, explaining that, based on Plaintiff's intervening filings—specifically, several Requests for Judicial Notice that appeared to address the same issues—Checkmate had reasonably believed Plaintiff no longer intended to pursue a sur-reply. Chiu Decl., ¶ 5. Checkmate also requested clarification on Plaintiff's stated grounds and why the arguments could not have been raised in the Opposition. Chiu Decl., ¶ 5. Plaintiff replied with additional detail, but the parties were ultimately unable to reach agreement. Chiu Decl., ¶ 6. Checkmate now opposes the motion as procedurally improper and substantively unwarranted under applicable law.

**III. LEGAL STANDARD**

Sur-replies are not permitted as a matter of course. Under Local Rule 7-10, once briefing is complete, no additional memoranda may be filed without leave of court. Courts in this Circuit consistently hold that leave to file a sur-reply should be granted only when the reply raises new arguments or evidence. *See Great Am. Ins. Co. v. Berl*, 2017 WL 8180627, at *1-2 (C.D. Cal. Oct.

23, 2017) (denying leave to file sur-reply because the reply did not raise new issues and the arguments were previously addressed); *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (rejecting sur-reply that merely reiterated existing arguments and failed to identify new matter in the reply).

**IV. ARGUMENT**

        **A. Plaintiff Has Not Identified Any New Argument or Evidence in the Reply Brief[2]**

                1. <u>The Merger Agreement</u>

Plaintiff asserts that the fully executed Merger Agreement was not provided to him before Checkmate filed the motion and argues that its inclusion as an exhibit warrants a sur-reply. The signed Merger Agreement, however, was attached as Exhibit A to Checkmate's original motion to dismiss. ECF No. 18-4, Ex. A.

In fact, Plaintiff directly addressed the Merger Agreement in his Opposition, relying on its language to argue that the forum-selection clause is unenforceable. ECF No. 27 at 9:19-20, 10:19–14:10. Plaintiff's contention that he was prejudiced by not receiving a signed version earlier does not support leave to file a sur-reply. The contents of the agreement were available to him when he filed his opposition, and his briefing reflects his understanding and engagement with its provisions. If Plaintiff had meaningful concerns about the agreement's authenticity or implications, he could and should have raised them in his opposition.

Courts in this Circuit consistently deny motions for leave to file a sur-reply based on previously available evidence. *See Great Am.,* 2017 WL 8180627, at *2 (rejecting sur-reply where litigant had the opportunity to address agreement in prior briefing but failed to do so meaningfully). Plaintiff's alleged delay in receiving the executed document does not transform the agreement into new evidence, nor does it justify another round of briefing.

                2. <u>Labor Code § 925(e)</u>

---

[2] To the extent Plaintiff's motion or attached materials rely on information set forth in his previously filed Requests for Judicial Notice, Checkmate reserves the right to challenge the propriety of those filings and their contents at the appropriate time. The present opposition focuses solely on the merits of Plaintiff's motion for leave to file a sur-reply.

Plaintiff also argues that the Reply introduced a new argument under Labor Code § 925(e). That is incorrect. In his Opposition, Plaintiff argued that the forum-selection clause in the Merger Agreement is unenforceable under California Labor Code § 925(a), which generally prohibits requiring California employees to litigate disputes outside the state. ECF No. 27 at 13:5-16:24. Plaintiff asserted that enforcing the clause would violate California public policy and that § 925 precludes transfer. Checkmate's Reply responded to that specific argument by citing § 925(e), which creates a statutory exception: when an employee is individually represented by legal counsel in negotiating the terms of an agreement, § 925 does not apply. ECF No. 32 at 5:25-6:24. Checkmate further pointed out that Plaintiff alleged in his own pleadings and Opposition that he had legal representation during the negotiation of the Merger Agreement, including submitting redlines. ECF No. 32 at 6:1-4. The discussion of § 925(e) was thus a direct rebuttal to Plaintiff's existing argument—not a new legal theory.

Plaintiff's disagreement with Checkmate's interpretation of the statute does not transform the Reply into new arguments, nor does it warrant a sur-reply. Courts in this Circuit routinely reject sur-replies under similar circumstances. *See Hill,* 2005 WL 3031136, at *1 (denying leave to file sur-reply where reply directly responded to arguments raised in opposition); *see, e.g.*, *Louis Vuitton Malletier S.A. v. Akanoc Solutions, Inc.*, 2008 WL 2783206, at *1 n.1 (N.D. Cal. July 15, 2008) (finding new facts and arguments in a reply brief were "properly raised in response to arguments that defendants made (apparently for the first time) in their opposition").

### 3. Supplemental Declarations

Plaintiff claims that Checkmate's supplemental declarations constitute new evidence. This misstates the purpose of reply declarations. Courts regularly permit reply declarations that directly respond to arguments and assertions in the opposition. *See In re ConAgra Foods, Inc.,* 90 F. Supp. 3d 919, 954-55 (C.D. Cal. 2015) (court allowed a reply declaration because it responded directly to criticisms raised in the opposition); *see also Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp.

3d 1150, 1179-80 (N.D. Cal. 2023) (reply declarations were not improper new material because they directly addressed the defendants' arguments and evidence presented in opposition).

Here, the supplemental declarations of Vishal Agarwal ("Agarwal Declaration") and Stacey Chiu ("Chiu Declaration") submitted with Checkmate's Reply (ECF Nos. 32-1 and 32-4) directly address factual assertions raised in Plaintiff's opposition and serve as appropriate rebuttal evidence. For example, the Agarwal Declaration explains Plaintiff's direct involvement in negotiating the Merger Agreement, his exercise of veto authority, and his active role in resolving deal terms, which are facts that directly rebut Plaintiff's claims of unequal bargaining power and lack of sophistication.[3] ECF No. 32-1 ¶¶ 2–7. The Chiu Declaration provides background regarding Plaintiff's publicly available LinkedIn profile, which identifies him as a serial founder and entrepreneur with significant fundraising and acquisition experience. ECF No. 32-4 ¶¶ 2–3. These declarations respond directly to arguments in Plaintiff's opposition (see ECF No. 27 at 14:12–17) and are entirely proper rebuttal submissions—not new evidence warranting a sur-reply.

### 4. Evidentiary Objections

Plaintiff's opposition relied on declarations by himself and Latha Vasan (ECF Nos. 28, 29), and Checkmate objected on grounds including hearsay, speculation, and lack of foundation. Plaintiff argues that Checkmate's evidentiary objections are substantively improper. Plaintiff's disagreement with the objections' substance, such as his assertion that certain statements fall under recognized exceptions, does not render the objections improper. Whether specific hearsay exceptions apply is an issue for the Court to evaluate in ruling on the objections themselves. It is not grounds for a new round of briefing. Plaintiff's attempt to relitigate evidentiary disputes via a sur-reply is procedurally improper and should be denied.

### 5. Separation Language

---

[3] More recently, Plaintiff stated in a meet and confer email on May 5, 2025 that he "was more than capable of representing [him]self if need be," further undermining his claim that he lacked the sophistication to understand legal documents. Chiu Decl., ¶ 7.

Likewise, Plaintiff contends that Checkmate's Reply includes a "new" admission that he was terminated. This mischaracterizes the record. In his Opposition, Plaintiff cited a transcript excerpt from a meeting with Checkmate's CEO. (ECF No. 27 at 1:7-9.) The Reply simply responded by placing Plaintiff's selective quotation in context. ECF No. 32 at 2 n.2. Regardless, whether Plaintiff voluntarily resigned or was involuntarily terminated are immaterial to the preliminary venue and procedural issues before the Court. The Reply did not introduce a new argument, nor does the issue justify an additional round of briefing.

**B. Plaintiff's Sur-Reply Improperly Reiterates Prior Arguments and Expands the Record Beyond Permissible Scope**

Courts do not permit sur-replies merely because a litigant disagrees with a reply or wishes to expand the record. *See Great Am.,* 2017 WL 8180627, at *2 (denying sur-reply that repeated existing arguments); *Hill,* 2005 WL 3031136, at *1 (rejecting sur-reply that relitigated opposition points). Yet that is precisely what Plaintiff attempts here. Rather than addressing any genuinely new issues, Plaintiff seeks to rehash prior arguments and raise immaterial factual disputes that were foreseeable at the time of his Opposition. His motion should be denied for this additional reason.

For example, Plaintiff repeats arguments regarding his access to counsel and the enforceability of the forum-selection clause, which are issues he had already addressed at length in his opposition. (*Compare* ECF No. 48, Ex. B at 6:12-8:28 *with* ECF No. 27 at 7:20-8:3, 10:17-18:4.) He also reasserts his framing of the parties' dispute over the circumstances of his separation, which was already the subject of argument in the motion, the opposition, and the reply. See ECF No. 18 at 7:26-8:6; ECF No. 27 at 20:8-21:21; ECF No. 32 at 2 n.2. These are not new issues raised for the first time in reply; they are contested facts already squarely in dispute and previously addressed in briefing.

Even if the Court were inclined to allow some limited clarification, Plaintiff's sur-reply is plainly excessive. It spans ten pages, includes new factual assertions and legal commentary, and attaches exhibits that could have, and should have, been submitted with the opposition. The sur-

509379275.4

- 10 -

DEFENDANT CHECKMATE.COM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE

1  reply includes rhetorical assertions, duplicative argument, and factual spin unrelated to any new
2  material in the reply.

3  Plaintiff also argues that Checkmate improperly referenced a prior version of his complaint
4  that had been voluntarily dismissed or stricken. However, Checkmate has not cited that pleading as
5  evidentiary support or for judicial notice. Rather, any reference was limited to procedural
6  background or context, which is permissible. Fed. R. of Evid. 201; *Madera Grp., LLC v. Mitsui
7  Sumitomo Ins. USA, Inc.*, 545 F. Supp. 3d 820 (C.D. Cal. 2021) (courts may take judicial notice of
8  pleadings and orders in related cases).

9  Plaintiff further contends that he was prejudiced by the timing of Checkmate's March 25,
10 2025 meet and confer communication, suggesting that it reduced his ability to prepare his
11 opposition. But this argument reflects a fundamental misunderstanding of the purpose of Local
12 Rule 7-3. The meet and confer requirement exists to promote the resolution or narrowing of issues
13 before motion practice. The rule does not provide the non-moving party additional time to prepare
14 their opposition brief beyond what the Federal and Local Rules already allow. Importantly,
15 Plaintiff was not deprived of time to oppose the motion. He filed his Opposition on time and
16 included extensive legal argument, factual declarations, and supporting exhibits. His claim that the
17 timing of the meet and confer prejudiced his ability to respond is nonsensical and cannot justify
18 another round of briefing.

19 Permitting a sur-reply here would dilute the purpose of reply briefing and open the door to
20 serial submissions. Plaintiff's sur-reply is not a good-faith effort to address genuinely new material.
21 Rather, it attempts to continue the argument beyond the briefing window and repackage existing
22 content. If the Court permits any sur-reply, it should limit briefing to specific, narrowly defined
23 issues—not authorize a sweeping expansion of the record.

24 **C. Plaintiff's Pro Se Status Does Not Excuse Abuse of Procedure**

25 While Plaintiff proceeds pro se, he is not exempt from following the Federal Rules of Civil
26 Procedure and Local Rules of this Court. C.D. Cal. R. 1-4. Courts have repeatedly emphasized that

self-representation does not grant license to disregard procedural requirements or burden the Court with excessive, duplicative, or improper filings. *See Nichols v. Brown*, 945 F. Supp. 2d 1079, 1087 (C.D. Cal. Mar. 3, 2013) ("Even though Plaintiff is proceeding *pro se,* he is required to follow the same rules of procedure as other litigants"); *Sanchez v. Rodriguez*, 298 F.R.D. 460 (C.D. Cal. 2014) (same).  Permitting Plaintiff to circumvent the ordinary briefing rules under the guise of pro se leniency would unfairly prejudice Checkmate and incentivize similar conduct.

## V. CONCLUSION

For the reasons above, the Court should deny Plaintiff's Motion for Leave to File a Sur-Reply in its entirety.

Dated: May 9, 2025

K&L GATES LLP

By: _____
Gabriel M. Huey
Stacey Chiu

Attorneys for Defendant
CHECKMATE.COM, INC.