Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**Checkmate.com, Inc.**,<br><br>(dba "Checkmate"),<br><br>　　　　Defendant. | Case No.: 2:25−cv−00765−MEMF−JPR<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE; AND DECLARATION OF ARJUN VASAN**<br><br>Hearing date: June 5th, 2025<br>Time: 10 am<br>Complaint Filed: January 28, 2025 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

　　Plaintiff Arjun Vasan ("Plaintiff"), appearing *pro se*, respectfully submits this Reply to Defendant Checkmate.com, Inc.'s ("Defendant") Opposition to Plaintiff's Motion for Leave to File a Sur-Reply, along with the accompanying Declaration of Arjun Vasan.

## I. INTRODUCTION

The Court should grant Plaintiff's narrowly tailored request to address new arguments, evidence and legal theories raised for the first time in Defendant's Reply.

Defendant's Opposition mischaracterizes the applicable legal standard, contains internal contradictions, and sidesteps the core issues that necessitate a sur-reply. Moreover, Defendant continues to engage in, *inter alia*, factual misrepresentations, procedural gamesmanship, frivolous legal arguments, personal attacks on opposing counsel, improper questioning of this Court's impartiality and other behaviors that threaten the fair resolution of this dispute.

Plaintiff further notes that Defendant appears to argue that because he since developed sophisticated capabilities and timely filed comprehensive briefs, he must have been represented by counsel at the time of signing his offer letter. Plaintiff will consider this an unintentional complement— one that confirms Defendant underestimated Plaintiff's ability to navigate this matter without costly representation. But Labor Code § 925(e) turns on the existence of actual, personal, legal counsel at the time of agreement, not new abilities developed under pressure.

## II. LEGAL ARGUMENT

Defendant's Opposition raises a number of new arguments, factual assertions, and legal theories that warrant clarification and response. While claiming to merely reiterate prior points, Defendant's Reply introduces material shifts in position—including factual admissions, interpretive reversals and unsupported legal contentions. These developments not only justify Plaintiff's request to file a sur-reply but also underscore the importance of a fair and complete record. Plaintiff addresses the most significant of these issues in turn.

**A. Termination Admission and Strategic Retreat**

Defendant, Plaintiff's former employer, admitted for the first time in its Reply that it terminated Plaintiff, as he has always insisted. However, it now claims that whether he was terminated is completely irrelevant, *immaterial* to the issue of venue (Def.'s Opp.'n § IV.A.5; RJN C, "re Separation"). This is the very same Defendant that dedicated declarations, exhibits and even section titles to the resignation theory in its Motion to Dismiss or Transfer Venue.

The materiality of this proposition is self-evident: (1) Defendant has long used—and is using—this claim to deny Plaintiff over $120,000 in owed severance; (2) Defendant wishes to erase the fact of Plaintiff's termination to evade liability for employer misconduct; and (3) termination while in a Costa Mesa medical facility, on protected leave, is a substantive event linking Plaintiff's claims to the propriety of Venue in this District.

It is further relevant as material evidence of Defendant's bad faith in this dispute. As the employer, it is Defendant's responsibility to maintain accurate records for its employees. That an employer, six months after separation from an employee, cannot definitively state whether the employee was terminated or voluntarily resigned is independently disqualifying. At a minimum, this shift from sworn certainty to strategic ambiguity deserves careful scrutiny by this Court[1].

Moreover, while Defendant has relied on a single distressed email of Plaintiff attempting to resign for "good reason", Plaintiff has presented irrefutable evidence—including video shared with him accidentally by Defendant—that he was terminated *first*. Defendant's positions are not grounded in fact or law but are instead shifting tactics asserted solely for litigation advantage. The Court should view this "dispute" for what it is: a telling indicator of the fragility of Defendant's defenses and a lack of factual support for its contentions.

### B. Merger Agreement § 7.4 Claims

Defendant's Reply further claims that "the merger agreement" is a single indivisible issue, not a complex multifaceted agreement, that (according to Defendant itself) serves as the controlling document in a complex transaction. Defendant failed to mention § 7.4 in its initial Motion, leaving it to Plaintiff to highlight the critical nature and existence of this provision. While Plaintiff briefly addressed it, Defendant propounded a completely unexpected and frivolous theory in its Reply: that § 7.4 addressed only "pre-merger employment" claims.

Not only does this confirm Plaintiff's interpretation that employment claims were carved out in plain language, but it also demonstrates Defendant's willingness to make unsupportable

---

[1] For procedural efficiency, Plaintiff has withdrawn his RJN as to the timing of his termination and the "good reason" email (ECF No. 42). However, the exhibits referenced therein are already in the court's record. See ECF No. 27, Ex. H-J and ECF No. 18-4 at 79. Plaintiff notes that while Defendant initially asserted that he resigned, it has since refrained from contesting, and *indeed has admitted*, that he was terminated first—effectively conceding the sequence.

assertions in the hope that they escape the Court's attention. As Plaintiff emphasizes in his sur-reply, there was no "pre-merger employment", and according to basic contract principles, the merger agreement can only be read to have excluded employment claims from its purview.

### C. Labor Code § 925(e) Claims

Likewise, Defendant asserts that its latest § 925 argument is merely a continuation of its existing § 925 position, not a new argument. However, much like its assertions on the § 7.4 clause, its novel legal theory that the requirement for the § 925(e) exception would be satisfied by shared corporate representation is frivolous—unsupported by any authority from California State Court all the way to the United States Supreme Court.

The frivolity of this argument, which challenges core principles of legal representation in this country, in and of itself requires a rebuttal. Courts across the nation have long recognized the principle that corporate representation does not entitle individuals to the benefits of individual representation by counsel—including privilege, work product and continuity of relationship. If that is the case, as Defendant has asserted to bar Plaintiff from the benefits of former VoiceBite counsel, corporate representation cannot entail "in fact" and "individual" representation as defined for the purposes of § 925(e). This is fully addressed in the sur-reply.

### D. The Proposed Sur-Reply Is Narrowly Tailored and Prejudices No Party

Plaintiff's proposed sur-reply is modest in scope (under 10 pages) and focused solely on addressing new material in Defendant's Reply. It does not seek to rehash prior arguments or expand the record beyond context necessary to respond to Defendant's new assertions.

Defendant claims it would be prejudiced by "yet another bite at the apple," but fails to identify any actual prejudice. The true prejudice would be denying Plaintiff any opportunity to address arguments raised for the first time in Reply.

### E. Defendant's Section on Pro Se Status Is Inappropriate and Misguided

Most troublingly, Defendant's opposition includes an entire section (§IV.C) arguing that "Plaintiff's Pro Se Status Does Not Excuse Abuse of Procedure". This section is both inappropriate and misguided for several reasons:

1. It presupposes that requesting leave to file a sur-reply is an "abuse of procedure" rather than a legitimate procedural vehicle recognized by courts in this Circuit.
2. It improperly implies that the Court would grant the motion based solely on Plaintiff's *pro se* status rather than the merits.
3. It attempts to pre-emptively advise the Court on how to exercise its discretion, which is both presumptuous and disrespectful to the Court's authority.

Plaintiff has not requested special treatment, but rather seeks the same procedural fairness afforded to any litigant facing new evidence and arguments in a reply brief. Defendant's attempt to frame this legitimate request as an "abuse" is inappropriate and should be disregarded.

**F. Actual Prejudice Caused by Defendant's L.R. 7-3 Noncompliance.**

Defendant's March 25 meet and confer outreach occurred in a call less than ten minutes in length, **one day** before its response was due on March 26 — a clear violation of **Local Rule 7-3**, which requires that the parties meet and confer at least seven days before filing of any Motion.

This procedural failure is not merely technical. It directly impacted Plaintiff's ability to anticipate the nature and scope of Defendants' Motion, which was exacerbated by Defendant's prior failure to disclose—for months—the parties' signed agreements upon formal request. Vasan Decl. ¶ 2-3. That Plaintiff met his deadlines with comprehensive filings despite this conduct is not a defense. It is only proof that he was forced and able to do more with less.

And remarkably, Defendant now accuses Plaintiff of misunderstanding Rule 7-3 — even as it remains under a *sua sponte* OSC for violating the same rule on its initial motion.

Moreover—and as documented in the Declaration of Stacey Chiu—though Plaintiff attempted in good faith to meet-and-confer regarding this very Motion, Defendant failed to substantively respond for over a week and until after the proposed filing date passed[2]. This suggests that Defendant intends to continue its disregard for this critical rule.

### III. JUDICIAL NOTICE REQUESTS

---

[2] See Declaration of Arjun Vasan at ¶¶ 6-8, 10 (and exhibits B and C attached therewith)

Defendant has asserted it will move to strike Plaintiff's Requests for Judicial Notice (RJNs) filed in support of the proposed sur-reply[3]. While Plaintiff disagrees that these Requests were improper or frivolous, he has proceeded to streamline the RJNs to remove any trace of argument and has attached the updated versions to this Reply[4]. (See Ex. A, Supplement Index). Should the Court deem any of the updated RJNs as improper, or otherwise not noticeable, Plaintiff respectfully submits these as exhibits for his sur-reply.

### IV. CONCLUSION

Plaintiff is, as Defendant notes, a *pro se* litigant navigating multiple proceedings in an effort to recover compensation that was wrongfully withheld. Prior to this dispute, Plaintiff had never been involved in litigation (Vasan Decl. ¶ 5). But due to Defendant's clear effort to evade its obligations through retaliatory filings, Plaintiff has had to learn rules for three separate forums, research and apply the relevant law, and prepare and submit detailed filings in each[5].

Despite the inherent imbalance this creates, Plaintiff has not asked the Court for special treatment—only for fairness. He has consistently acted in good faith, submitting accurate and proper filings to aid in the just and efficient resolution of this matter.

Plaintiff notes that in the action in the Southern District of New York (**25-CV-3181-JMF**), Defendant has quietly retracted its claim of his alleged Texas residency—correcting its summons to reflect his California address and amending its complaint on May 12, 2025, to remove references to Texas, after Plaintiff timely filed a motion to quash service of process on April 21, 2025. While this is welcome, it confirms that Defendant intentionally falsified official service documents and pleadings in an effort to evade this Jurisdiction by misleading multiple courts (RJN D - re Service Address, Ex. A, "SDNY Docket").

---

[3] Defendant cannot have it both ways. In opposing this motion, Defendant argues that a sur-reply is unnecessary because Plaintiff "already addresses" the new issues via his Requests for Judicial Notice. Yet simultaneously, Plaintiff claims it will move to strike those same RJNs as improper. This inconsistency underscores the need for limited sur-reply briefing: **either the RJNs are valid**, in which case their contents require rebuttal and contextual explanation; **or they are not**, in which case the new arguments and exhibits in the Reply stand unrebutted absent leave to respond.
[4] For the sake of procedural efficiency, Plaintiff offers to conditionally withdraw three RJNs (ECF 41-43) should leave be granted, as the relevant content would then be fully briefed in the sur-reply.
[5] Plaintiff's ability to learn quickly under pressure is not evidence of sophistication at the time of contract execution.

1   For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the proposed sur-reply and consider the updated version[6] (attached as a supplement) to be filed. Plaintiff also attaches updated versions of three RJNs submitted since Defendant's Reply, each of which is necessary to correct the record or highlight newly raised matters. Finally, Plaintiff respectfully asks the Court to disregard or strike any forthcoming Motion to Strike these filings as frivolous and contrary to the interests of judicial efficiency.

Respectfully Submitted,

**Dated**: May 13, 2025

In Cerritos, California

By:   */s/ Arjun Vasan*

**Arjun Vasan**
Plaintiff In Pro Per

---

[6] As described in Exhibit A (Supplement Index), the changes to the proposed sur-reply are minor and include (1) updated footnote that replaces one of the previously filed RJNs; and (2) updated References to the streamlined RJNs that are submitted as supplements to this Reply.

# EXHIBIT A

## Exhibit A – Supplement Index

*This index summarizes all supplemental RJNs and related exhibits submitted in connection with Plaintiff's Reply and Proposed Sur-Reply.*

| ECF # | Ex. # | Filing | Changes[1] |
|---|---|---|---|
| N/A | B | Updated Draft Sur-Reply | Footnote 4, RJN/Exhibit References |
| 40 | C | RJN re Defendant's Inconsistent Termination vs. Resignation Position | Revised |
| 41 | N/A | *RJN re Employment Start Date* | *Withdrawn as redundant[2].* |
| 42 | N/A | *RJN re Termination Meeting and "Good Reason" Email Timing.* | *Withdrawn as redundant[3].* |
| 43 | N/A | *RJN re Individual Representation by Counsel* | *Withdrawn as redundant[4].* |
| 44 | N/A | RJN re Dismissed and Struck Complaint | Unchanged |
| 46 | D | RJN re Service Address and Jurisdiction | Revised |
| 47 | E | RJN re Michael Bell Mentions | Revised |

Plaintiff respectfully requests that, should the Court decline to take judicial notice of any individual RJN, the associated exhibits nonetheless be considered as **ordinary evidence** or **demonstrative support**, pursuant to *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 795 (N.D. Cal. 2011) (noting that even when judicial notice is denied, courts may consider documents "as evidence for what they show, not whether they are true").

---

[1] All revised RJNs (other than ECF No. 27, previously filed with Plaintiff's Opposition) have been edited to remove any inference or argument, consistent with Federal Rule of Evidence 201. In nearly all cases, the relevant observations or authorities have been incorporated into Plaintiff's updated sur-reply and were provided in good faith as context.

[2] **Conditional Withdrawal**: Plaintiff withdraws his RJN re Non-existence of Pre-Merger Employment as redundant if leave is granted, as the issue is sufficiently covered in his proposed sur-reply.

[3] **Conditional Withdrawal**: Plaintiff withdraws his RJN re timing of termination and "good reason email" to avoid unnecessary duplication, as the timing of the Nov 14, 2024, meeting and subsequent email are already documented in the record. Plaintiff respectfully requests that the Court treat the underlying exhibits as ordinary evidence.

[4] **Conditional Withdrawal**: Plaintiff withdraws the RJN re Individual Counsel (ECF No. 43) should leave be granted, as authorities not already present in the proposed sur-reply have been integrated as Footnote 4 in the attached updated draft sur-reply (Exhibit O, Fn. 4).