Ryan Q. Keech (SBN 280306)
Ryan.Keech@klgates.com
Gabriel M. Huey (SBN 291608)
Gabriel.Huey@klgates.com
Stacey Chiu (SBN 321345)
stacey.chiu@klgates.com
Rebecca Makitalo (SBN 330258)
rebecca.makitalo@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
CHECKMATE.COM INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CHECKMATE.COM, INC.,<br><br>  Defendant. | Case No. 2:25-CV-00765-MEMF-JPR<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT CHECKMATE.COM, INC.'S NOTICE OF PLAINTIFF ARJUN VASAN'S VIOLATION OF COURT ORDER RE: TENTATIVE RULING ON MOTION TO DISMISS OR TRANSFER VENUE**<br><br>Complaint Filed: February 21, 2025 |

1600120313.1

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 16, 2025, Plaintiff Arjun Vasan ("Plaintiff") filed an AI-generated purported letter motion in the Southern District of New York, attached hereto as Exhibit 1, referencing the Court's tentative ruling on Defendant's Motion to Dismiss or Transfer Venue despite the Court's order that:

> *A TENTATIVE RULING DOES NOT REPRESENT THE FINAL DECISION OF THE COURT, AND THE PARTIES ARE STRICTLY PROHIBITED FROM FILING IT AS AN EXHIBIT IN ANY CASE.*

Emphasis in original. While multiple express warnings from counsel for Defendant were enough for Plaintiff to remove, prior to filing, certain **portions** of a previous AI-generated draft that explicitly reproduced the Court's ruling in a way that would likely have merited striking Plaintiff's opposition and an award of fees, Plaintiff *still* violated the spirit and intent of the Court's order by confirming the existence and making allusions to the content of that very same document: "On June 4, 2025, Judge Frimpong of the Central District of California issued a tentative ruling regarding Checkmate's motion to dismiss or transfer." Exhibit 1 at p.2.

Less than six (6) months have passed since Plaintiff filed his Complaint in January 2025, and the Court's docket is littered with a series of variously intelligible AI-generated filings (ECF Nos. 25, 39-44, 46-47, 49-51, 55-3-55-5, 56) that Plaintiff is creating as part of what he has said is a vexatious campaign to "crush" and "ruin[ ]" Defendant and its counsel (ECF Nos. 57-1 at ¶ 5, 57-4). The Court's standing order correctly warns Plaintiff that he must comply with its orders, Local Rules, and the Federal Rules of Civil Procedure despite his *pro se* status. It is a warning that may need to be reinforced.

| | | |
|---|---|---|
| Dated: | June 17, 2025 | K&L GATES LLP |

By: _____
Gabriel M. Huey
Stacey Chiu

Attorneys for Defendant
CHECKMATE.COM, INC.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
CHECKMATE.COM, INC.,
                    Plaintiff,

      -against-


ARJUN VASAN,
                    Defendant.
------------------------------------------------------- X

25-CV-03181 (JMF)

DEFENDANT'S LETTER MOTION FOR A TEMPORARY STAY OF PROCEEDINGS

**Hon. Jesse M. Furman**
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** Checkmate.com Inc. v. Vasan, No. **25-CV-3181** — Letter Motion for Temporary Stay

Dear Judge Furman,

    I am the *pro se* defendant in this matter. I respectfully request a temporary stay of proceedings—including a stay of decision on the pending motion to dismiss or transfer—until the earlier of (a) six weeks from today; or (b) the imminent final order on Checkmate's venue motion in *Arjun Vasan v. Checkmate.com, Inc.*, C.D. Cal. No. 2:25-cv-00765-MEMF-JPR at 18.

    **This request does not seek any delay or extension of the existing briefing schedule.** I have timely filed all responses and will submit my reply on schedule. My aim is not to defer resolution, but to avoid unnecessary inefficiency and the risk of conflicting or duplicative rulings as both courts consider the same core issues.

-1-

A stay is warranted under the factors set forth in *Landis v. North American Co.*, 299 U.S. 248 (1936):

1. **Judicial Economy:** The first-filed California action has progressed to the venue-decision stage. A final ruling there will likely resolve, or at minimum clarify, the proper forum for this dispute and could moot further litigation in this Court.

2. **No Prejudice to Plaintiff:** Plaintiff faces only a short administrative delay. No evidence will be lost, and no monetary or other prejudice is threatened by a brief stay.

3. **Avoidance of Hardship and Inefficiency:** Simultaneous proceedings risk duplicative expense and inconsistent outcomes, especially since both courts are considering overlapping venue and contract issues.

On June 4, 2025, Judge Frimpong of the Central District of California issued a tentative ruling regarding Checkmate's motion to dismiss or transfer. While this ruling is not yet final, the hearing was held on June 5, 2025, and the formal final order is expected shortly.

On June 15, 2025, I emailed Plaintiff's counsel, Mr. Keech and Mr. Warns, seeking stipulation for the proposed stay and noting benefits to all parties. Plaintiff declined to stipulate, and indeed threatened sanctions for even referencing the tentative ruling.[1] See Exhibit A.

For these reasons, I respectfully request that the Court enter a short administrative stay of proceedings, including any consideration of the pending motion, until the earlier of six weeks from today or the forthcoming final venue ruling in the Central District of California.

**Respectfully Submitted,**

**Dated**: Sunday, June 15, 2025,

In **Cerritos, California**

*/s/ Arjun Vasan*
_____

**Arjun Vasan**
Defendant *Pro Se*
arjun.vasan@gmail.com
(562) 900-6541

---

[1] While the court's instructions state the parties are barred from "filing [the tentative] **as an exhibit** in any case," they do not appear to prohibit reporting on its existence and preliminary outcome. Out of an abundance of caution, and noting Plaintiff's vociferous objections, Defendant declines to share the court's tentative findings at this time.

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
CHECKMATE.COM, INC.,
                Plaintiff,

    -against-

ARJUN VASAN,
                Defendant.
------------------------------------------------------- X

25-CV-03181 (JMF)

<u>DECLARATION OF ARJUN VASAN IN SUPPORT OF DEFENDANT'S LETTER MOTION FOR A TEMPORARY STAY OF PROCEEDINGS</u>

I, **Arjun Vasan**, declare as follows:

1. I am the Defendant in this action. I submit this declaration in support of my Letter Motion for a temporary stay of these proceedings. I have personal knowledge of the facts stated herein and, if called to testify, could and would competently do so.

2. On Sunday, June 15, 2025, I initiated an email thread with counsel for Checkmate, Messrs. Keech and Warns, seeking stipulation for the temporary stay proposed herein.

3. A true and correct copy of this email thread is attached as Exhibit A.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

**Executed on**: June 15, 2025,
        In **Cerritos, CA**

*By:* /s/ *Arjun Vasan*
_____
**Arjun Vasan**
Defendant *Pro Se*

-3-

# EXHIBIT A



Arjun Vasan <arjun.vasan@gmail.com>

---

## Temporary Stay - Checkmate.com, Inc. v. Vasan (25-CV-3181 (JMF))

5 messages

---

**Arjun Vasan** <arjun.vasan@gmail.com>  
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Warns, Tom A." <tom.warns@klgates.com>

Sun, Jun 15, 2025 at 2:58 PM

Mr. Keech, Mr. Warns,

I am writing to advise that I intend to request a temporary stay of proceedings in the Southern District of New York pending Judge Frimpong's final venue ruling in the related California action. In the interest of efficiency and judicial economy, your client may wish to consider stipulating to one of the following:

1. **Stipulate to extend** both Plaintiff's deadline for opposition and my subsequent reply deadline, so that both parties may address the C.D. Cal. ruling in their briefings on my S.D.N.Y. motion to dismiss/transfer; or

2. **If you prefer to keep the current briefing schedule unchanged**, I would request only a stay of decision (not scheduling), as reflected in the attached draft.

Please advise by close of business tomorrow whether your client will so stipulate, or I will proceed with filing the attached draft letter motion.

Thank you for your attention.

Best regards,  
Arjun Vasan  
Defendant Pro Se  
arjun.vasan@gmail.com  
562-900-6541

 **letter-motion-for-temporary-stay.pdf**  
226K

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>  
To: Arjun Vasan <arjun.vasan@gmail.com>, "Warns, Tom A." <Tom.Warns@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Huey, Gabriel M." <Gabriel.Huey@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Jones, Zach S." <Zach.Jones@klgates.com>

Sun, Jun 15, 2025 at 3:43 PM

Mr. Vasan -

Thank you for your message. First, all communications are to be directed to all counsel of record. You did not do so below. We ask that you please do so in the future.

Second, as you have noted, on its face, the document that you reference is not the final ruling of any court. It is a tentative ruling on a different motion provided as a guide for oral argument. It is a document that the court has expressly prohibited the parties, including you, from using in any other case. Accordingly, the portions of this proposed filing that reference and reproduce that document constitute yet another AI-generated violation of your obligations: this time, an order of a California federal judge. If you proceed in the manner you propose and file this document, we will seek and obtain sanctions against you in <u>both</u> courts - which relief may include, without limitation, requesting that the court strike your motion (in New York) and opposition (in California), find against you as a matter of law in both jurisdictions and require that you compensate Checkmate for its associated fees and costs.

We understand that based on your behavior thus far, the Court in California already has had occasion to warn you that you are not exempt from the obligations imposed on all litigants by virtue of your choice to proceed without a lawyer. You would be well-advised to refrain from continuing to play games intended to test the consequences that will flow from disregarding that admonition.

Best regards,

Ryan

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Sunday, June 15, 2025 2:58:48 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Warns, Tom A. <Tom.Warns@klgates.com>
**Subject:** Temporary Stay - Checkmate.com, Inc. v. Vasan (25-CV-3181 (JMF))

[Quoted text hidden]

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Ryan.Keech@klgates.com.

---

**Arjun Vasan** <arjun.vasan@gmail.com>                     Sun, Jun 15, 2025 at 6:34 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>

Mr. Keech -

Thank you for your response. I note your client's position in declining to stipulate so that the final ruling on *its own motion* can be addressed. For the record:

1. The tentative ruling instructions bar only "filing [the ruling] as an exhibit in any case," not referencing or summarizing it for procedural context. The ruling was not sealed or marked confidential. I have not attached or quoted the ruling. In the paragraph discussing the ruling, its tentative and non-final nature was clearly labeled and footnoted for emphasis.
2. As to your interpretation of the Court's sharing of a pro se resource list, I understand such instructions to be routine for pro se litigants. I shouldn't need to keep reminding you, but the only actual sanctions warning issued by Judge Frimpong was directed at parties other than myself.
3. If the Court intended to bar all use or reference to the tentative, I believe it would have stated so in plain language. Similarly, if the Court wished to "warn" me for earlier actions, it would have done so formally, as it did with your client for failing to timely meet and confer. Certainly, it would not rely on Ryan Q. Keech to make the connection for me.

With respect to notice, I see now that you (Mr. Keech), Mr. Warns, and Ms. Makitalo are the active counsel of record _on the SDNY docket_. I apologize for previously omitting Ms. Makitalo, as prior correspondence from your office regarding the New York matter included only you and Mr. Warns, and until a couple weeks ago, only Mr. Warns (and sometimes Mr. Jones).

I would note, for the record, that in the California action your team does not include you or Ms. Makitalo on its emails to me, despite your appearances in both dockets.

Best regards,

Arjun Vasan
[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                 Sun, Jun 15, 2025 at 6:59 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>

Mr. Vasan -

We can confirm that it is not particularly persuasive or helpful to your case when you forward us whatever answers you get from AI in response to your request that it help you explain away your conduct.

Our position is not that we decline to stipulate. Our position is that this proposed filing is yet another example of an AI-generated violation of your obligations as a litigant - here, of a federal court order directing that the parties not make representations about what the court has or has not held because the court has not held anything. As we explained, you have already been warned about similar misconduct in California, which involved, among other things, improper filing after improper filing after improper filing about nonsense like elapsed time. We will seek and obtain sanctions against you in both courts if you submit this for filing.

Best regards,

Ryan

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Sunday, June 15, 2025 6:34 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Cc:** Warns, Tom A. <Tom.Warns@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Subject:** Re: Temporary Stay - Checkmate.com, Inc. v. Vasan (25-CV-3181 (JMF))

> **This Message Is From an External Sender**
> This message came from outside your organization. [Quoted text hidden]
>
> [Quoted text hidden]
>
> I am writing to advise that I intend to request a temporary stay of proceedings in the Southern District of New York pending Judge Frimpong's final venue ruling in the related California action. In the interest of efficiency and judicial economy, your client may wish to consider stipulating to one of the following:
>
> [Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Sun, Jun 15, 2025 at 8:42 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>

Mr. Keech,

I'm not very concerned with persuading *you*. As always, I place my trust in the courts.

Best regards,
Arjun Vasan
[Quoted text hidden]