1   Ryan Q. Keech (SBN 280306)
    Ryan.Keech@klgates.com
2   Gabriel M. Huey (SBN 291608)
    Gabriel.Huey@klgates.com
3   Stacey Chiu (SBN 321345)
    stacey.chiu@klgates.com
4   Rebecca Makitalo (SBN 330258)
    rebecca.makitalo@klgates.com
5   K&L GATES LLP
    10100 Santa Monica Boulevard
6   Eighth Floor
    Los Angeles, California  90067
7   Telephone: +1 310 552 5000
    Facsimile: +1 310 552 5001
8
    Attorneys for Defendant
9   CHECKMATE.COM INC.

10

11                **UNITED STATES DISTRICT COURT**

12               **CENTRAL DISTRICT OF CALIFORNIA**

13

14   ARJUN VASAN,                        Case No. 2:25-CV-00765-MEMF-JPR

15                                       Hon. Maame Ewusi-Mensah
              Plaintiff,                 Frimpong
16
        v.                               **DEFENDANT**
17                                       **CHECKMATE.COM, INC'S**
                                         **ANSWER TO PLAINTIFF'S**
18   CHECKMATE.COM, INC.,                **COMPLAINT, AFFIRMATIVE**
                                         **DEFENSES, AND**
19                                       **COUNTERCLAIMS**
              Defendant.
20                                       **JURY TRIAL DEMANDED**
21   CHECKMATE.COM, INC.,

22                                       First Amended Complaint Filed:
              Counterclaim-Plaintiff,    February 21, 2025
23
        v.
24

25   ARJUN VASAN,

26
              Counterclaim-
27            Defendant.

28
    1600542262.4

     DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
     COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Checkmate.com, Inc. ("Defendant") respectfully submits the following Answer to Plaintiff Arjun Vasan's ("Plaintiff") First Amended Complaint (the "FAC"). Unless expressly admitted herein, Defendant denies each and every allegation of the FAC pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure.

## I.    INTRODUCTION

1.    This paragraph consists of a legal description of Plaintiff's complaints in this action, and argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations and denies that Plaintiff is entitled to any relief from Defendant.

2.    Defendant admits that before VoiceBite merged with Defendant in April 2024, Plaintiff represented to Defendant that he co-founded VoiceBite Corporation. The remaining allegations in the paragraph consist of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the remaining allegations.

3.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

4.    To the extent there are factual allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief about their truth and on that basis denies them. The remainder of this paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response to such allegations is deemed necessary, Defendant denies them.

5.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.    The remainder of this paragraph

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

consists of a legal description of Plaintiff's remedies sought, rather than factual allegations; Defendant denies that Plaintiff is entitled to any relief from Defendant.

## II.  JURISDICTION

6.      The allegations set forth in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

7.      The allegations set forth in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

8.      Defendant admits that it is a corporation organized under the laws of Delaware with its principal place of business in New York. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's citizenship or the amount in controversy, and on that basis denies those allegations. The remainder of this paragraph sets forth legal conclusions regarding subject matter jurisdiction, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

9.      The allegations set forth in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

## III.  VENUE

10.     Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's location at the time of his termination, and on that basis denies those allegations. The remainder of this paragraph sets forth legal conclusions regarding venue, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## IV.    <u>PARTIES</u>

11.    Defendant admits that Plaintiff was employed by Defendant as Vice President of AI Technology following the merger referenced in the Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's domicile or current residence and on that basis denies those allegations.

12.    Admit.

## V.    <u>STATEMENT OF FACTS</u>

13.    Defendant admits that Michael Bell served as Chief of Strategy, Vishal Agarwal served as Founder and Chief Executive Officer, and Amy Brown served as Vice President of Human Resources for Checkmate during the relevant period. The remainder of this paragraph sets forth legal conclusions, to which no response is required. Except as expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to their truth and denies the remaining allegations in this paragraph.

14.    Defendant admits that certain VoiceBite team members became employees of Defendant following the merger. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding private Slack channels or the candid reactions of co-founders, and on that basis denies those allegations. The remainder consists of argumentation and subjective characterizations, which are denied to the extent a response is required.

15.    This paragraph purports to quote or summarize certain emails, spreadsheets, and the Letter of Intent. Defendant refers to the documents for their contents, which speak for themselves. Defendant denies the remaining allegations in this paragraph. To the extent the paragraph contains argumentation, legal conclusions, or allegations as to matters outside Defendant's knowledge or information sufficient to form a belief, those allegations are denied.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

16.     Defendant denies the allegation regarding any April 6, 2024 text message from Michael Bell as described in this paragraph. To the extent this paragraph purports to reference or summarize emails or other documents, Defendant refers to those documents for their contents, which speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph, including all argumentation and subjective characterizations.

17.     To the extent this paragraph purports to reference or summarize the memo from Alan Foster, Defendant refers to the memo for its contents, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph, including any subjective characterizations or argumentation.

18.     Defendant admits that certain counsel were involved in the negotiation of the merger. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the timing of Plaintiff's or his co-founders' retention of counsel, their reliance on post-merger salaries or back pay, or their internal deliberations, and on that basis denies those allegations. The reminder of the paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

19.     This paragraph consists of argumentation and subjective characterizations rather than factual allegations. Defendant admits that the merger between Checkmate and VoiceBite occurred. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's alleged state of mind, and on that basis denies those allegations.

20.     Defendant admits that Defendant employed Plaintiff as Vice President of AI Technology pursuant to the Offer Letter attached as Exhibit B to the FAC. Defendant refers to the Offer Letter for its contents, which speak for itself. To the

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

extent the paragraph contains any inconsistent characterizations or legal conclusions, those are denied.

21.    Defendant admits that Plaintiff and Defendant entered into a Bonus Agreement, a copy of which is attached as Exhibit C to the FAC.  Defendant refers to the Bonus Agreement for its contents, which speak for itself. To the extent the paragraph contains any inconsistent characterizations or legal conclusions, those are denied.

22.    This paragraph purports to summarize a spreadsheet and payment schedule. Defendant refers to any such document for its contents, which speaks for itself. To the extent a response is deemed necessary, Defendant denies any inconsistent allegations.

23.    Defendant admits that Plaintiff was assigned to report to Michael Bell and that Plaintiff objected to this reporting structure. Defendant denies that Plaintiff had any right to select his supervisor or reporting structure, or that any prior threats of termination were made during negotiations. To the extent this paragraph contains subjective characterizations or argument, those are denied.

24.    Defendant admits that Plaintiff raised questions regarding the "Bring Your Own Device" policy.  Except as expressly admitted, Defendant denies the remaining allegations in this paragraph, including all argumentation and subjective characterizations.

25.    Defendant admits that all back pay amounts owed to Plaintiff were paid in full. Defendant denies that Agarwal or Bell made excuses to delay payment or engaged in any wrongful conduct as alleged in this paragraph. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph, including all argumentation and subjective characterizations.

26.    Defendant admits that Plaintiff raised work-related issues in public Slack channels rather than privately. Defendant is without knowledge or information

sufficient to form a belief as to Plaintiff's internal state of mind or motivations and on that basis denies those allegations. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

27. Defendant admits that all back pay amounts owed to Plaintiff were paid in full. This paragraph also consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

28. Defendant admits that it closed a Series B round of financing in or around July 2024. Defendant denies the allegation that the round was for $10 million. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

29. Defendant admits that Plaintiff's retention bonus had not been triggered and that the fundraise was structured in two tranches. Defendant denies any inconsistent characterizations or legal conclusions, including Plaintiff's interpretation of the Bonus Agreement, and denies the remaining allegations in this paragraph.

30. Defendant denies the allegations in this paragraph, including the assertion that Defendant's investor suggested the tranche structure to delay bonus payments, that Plaintiff was threatened with termination for making demands, and that any promises were made regarding bonus acceleration as alleged. Plaintiff received written and verbal warnings due to disruptive and unprofessional workplace conduct, not for asserting any purported contractual rights. Defendant further denies any implication of wrongdoing or improper conduct by Defendant or its representatives.

31. This paragraph references or summarizes a "partial bonus acceleration" document. Defendant refers to any such document for its contents, which speaks for itself. To the extent a response is deemed necessary, Defendant denies any

inconsistent allegations.  Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's internal state of mind or motivations and on that basis denies those allegations.

32.    This paragraph references or summarizes a public announcement document. Defendant refers to any such document for its contents, which speaks for itself.

33.    Admitted as to the inclusion of a performance bonus provision in Plaintiff's Offer Letter. Defendant refers to the Offer Letter for its contents, which speaks for itself. To the extent the paragraph contains any inconsistent characterizations or legal conclusions, those are denied.

34.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

35.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

36.    Admitted as to Chris Lam commencing a leave of absence on or about September 24, 2024, and that CEO Vishal Agarwal communicated to the team regarding a customer demo scheduled for October 23, 2024. Denied as to any subjective characterizations or implications of coincidence or significance.

37.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

38.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

39.    This    paragraph    consists    of    argumentation    and    subjective
characterizations rather than factual allegations. To the extent a response is deemed
necessary, Defendant denies the allegations.

40.    Defendant is without knowledge or information sufficient to form a
belief as to the truth of the allegations regarding Plaintiff's inpatient treatment,
symptoms, or the circumstances of his medical care, and on that basis denies those
allegations. Defendant admits that a medical certification form was received from
Plaintiff's medical provider but refers to that form for its contents, which speaks for
itself.

41.    To the extent this paragraph purports to quote or summarize Defendant's
Employee Handbook and Offer Letter, Defendant refers to those documents for their
contents, which speak for themselves. The remainder consists of argumentation and
subjective characterizations rather than factual allegations. To the extent a response
is deemed necessary, Defendant denies the allegations.

42.    This    paragraph    purports    to    reference    Defendant's    email
communications and federal regulations. Defendant refers to any such email and to
29 C.F.R. § 825.300 for their contents, which speak for themselves. To the extent a
response is deemed necessary, Defendant denies any inconsistent allegations.

43.    This    paragraph    consists    of    argumentation    and    subjective
characterizations rather than factual allegations, and on that basis denies those
allegations.

44.    This    paragraph    consists    of    argumentation    and    subjective
characterizations rather than factual allegations. Defendant is without knowledge or
information sufficient to form a belief as to the truth of the allegations in this
paragraph, and on that basis denies them.

45.    This paragraph consists in part of argumentation and subjective
characterizations and, to the extent it contains factual allegations, those are denied.

1600542262.4

9

46.     This paragraph purports to reference or quote an email from Bell regarding bonus payments. Defendant refers to any such email for its contents, which speak for themselves. To the extent a response is deemed necessary, Defendant denies any inconsistent allegations.

47.     This paragraph purports to reference or quote an email from HR Brown regarding health coverage. This paragraph also consists of argumentation and subjective characterizations rather than factual allegations. Defendant admits that Plaintiff communicated with Defendant about health insurance coverage, and refers to any such communications, including emails, for their contents, which speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's intent or his alleged offer to seek medical clearance and on that basis denies those allegations.

48.     This paragraph purports to reference or quote a Zoom meeting and email communications. Defendant refers to the referenced meeting and communications for their contents, which speak for themselves. To the extent a response is deemed necessary, Defendant denies any inconsistent allegations.

49.     This paragraph purports to reference Plaintiff's email communications regarding resignation.  This paragraph also consists of argumentation and subjective characterizations rather than factual allegations. Defendant admits that Plaintiff sent emails to Defendant in connection with his separation from employment, and refers to those emails for their contents, which speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's emotional state or subjective intent and on that basis denies those allegations.

50.     This paragraph references Defendant's Notice of Claim. Defendant refers to the Notice for its contents, which speak for themselves. The remainder of this paragraph consists of argumentation and subjective characterizations rather than

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

51.    This paragraph references a second Notice from Defendant. Defendant refers to the Notice for its contents, which speak for themselves. The remainder of the paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

52.    This paragraph references a third Notice from Defendant. Defendant refers to the Notice for its contents, which speak for themselves. The remainder of the paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

53.    This paragraph purports to reference a Zoom meeting recording and summary. Defendant refers to the recording and summary for their contents, which speak for themselves. This paragraph also consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

54.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

55.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. Defendant admits that CEO Agarwal discussed certain emails in connection with Plaintiff's employment and separation, and refers to any such statements or emails for their contents, which speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to Agarwal's or Plaintiff's subjective intent or privacy concerns, and on that basis denies those allegations.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

56.    This paragraph purports to reference a recording and alleged statements made therein. Defendant refers to the recording for its contents, which speak for themselves. This paragraph also consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

57.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. This paragraph also consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

58.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. To the extent a response is deemed necessary, Defendant denies the allegations.

59.    This paragraph consists of argumentation and subjective characterizations rather than factual allegations. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's current or ongoing emotional, reputational, or economic harm, and on that basis denies those allegations.

## CLAIM I. Violation of the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.)

60.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

61.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

62.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

63.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

## CLAIM II. Violation of the California Family Rights Act (Cal. Gov. Code § 12945.2)

64.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

65.    This paragraph purports to summarize statutory eligibility requirements and Defendant's claimed eligibility under CFRA. Defendant refers to the statute and any referenced documents for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

66.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

67.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

## CLAIM III. Retaliation (Cal. Labor Code § 1102.5)

68.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

69.    This paragraph purports to summarize statutory eligibility requirements and Defendant's claimed eligibility under CFRA. Defendant refers to the statute and any referenced documents for their contents, which speak for themselves. The

allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

70.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

71.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

72.    This paragraph purports to list and summarize statutory provisions and legal requirements. Defendant refers to the statutes for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

73.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

74.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

### **CLAIM IV. Wrongful Termination in Violation of Public Policy**

75.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

76.    This paragraph purports to reference and summarize statutes and public policy. Defendant refers to any such statutes for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

77.    This paragraph purports to summarize the terms of a Non-Solicitation clause and the Employee Handbook. Defendant refers to the clause and Employee Handbook for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

78.    This paragraph purports to summarize the terms of a Non-Disparagement clause. Defendant refers to the clause for its contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

79.    The allegations set forth in this paragraph constitute legal conclusions and argumentation or subjective characterizations, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

80.    The allegations set forth in this paragraph constitute legal conclusions and argumentation or subjective characterizations, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

81.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

## CLAIM V. Constructive Discharge in Violation of Public Policy
## (in the Alternative)

82.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

83.     The allegations set forth in this paragraph constitute legal conclusions and argumentation or subjective characterizations, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

## **CLAIM VI. Wage Theft (Cal. Labor Code §§ 200, 201, 204, 221, 226, 2802)**

84.     The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

85.     This paragraph purports to reference and summarize various California Labor Code provisions. Defendant refers to the Labor Code for its contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

86.     This paragraph purports to reference Labor Code § 2802. Defendant refers to the statute for its contents, which speaks for itself. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

87.     The allegations set forth in this paragraph constitute legal conclusions and argumentation or subjective characterizations, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

88.     This paragraph purports to reference and summarize California Labor Code § 221 and related case law. Defendant refers to the Labor Code and cited cases for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

89.     This paragraph purports to reference Labor Code § 203. Defendant refers to the statute for its contents, which speaks for itself. The allegations set forth

in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

90.    This paragraph purports to request legal declarations and statutory penalties. Defendant refers to the statutes for their contents, which speak for themselves, and otherwise denies any entitlement to relief. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required.

## **CLAIM VII. Breach of Contract**

91.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

92.    Defendant admits that Plaintiff and Defendant entered into an Offer Letter and a Bonus Agreement, and that those documents set forth the terms of Plaintiff's employment and bonus eligibility. Defendant refers to the Offer Letter and Bonus Agreement for their contents, which speak for themselves. To the extent the paragraph contains any inconsistent characterizations, interpretations, or legal conclusions, those are denied.

93.    The allegations set forth in this paragraph constitute legal conclusions and subjective characterizations, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

94.    This paragraph purports to summarize and interpret the Bonus Agreement. Defendant refers to the Bonus Agreement for its contents, which speak for themselves.  The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

95.    This paragraph purports to summarize the Offer Letter, Bonus Agreement, and Non-Disparagement clause. Defendant refers to these documents for their contents, which speak for themselves.  The allegations set forth in this paragraph

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

96.    This paragraph purports to calculate damages based on the terms of contracts. Defendant refers to the contracts for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

### CLAIM VIII. Unjust Enrichment (in the Alternative)

97.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

98.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

99.    Defendant denies the allegations in this paragraph. To the extent this paragraph refers to an email, Defendant refers to the document for its contents, which speaks for itself.

100.    To the extent this paragraph refers to an email, Defendant refers to the document for its contents, which speaks for itself. Defendant denies any inconsistent allegations.

101.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

102.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

103. The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

### **CLAIM IX. Promissory Fraud and Estoppel**

104. The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

105. This paragraph purports to quote or summarize alleged employment promises and contract terms. Defendant refers to the documents for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

106. The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

107. The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

108. The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

109. This paragraph purports to summarize the application of California law to certain agreements. Defendant refers to the cited law and agreements for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent the paragraph contains any inconsistent characterizations or disputed interpretations, those are denied.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

110.   This paragraph purports to request a declaration regarding the enforceability of contract terms. Defendant refers to the contracts and any statutes for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent the paragraph contains any inconsistent characterizations or disputed interpretations those are denied.

### CLAIM X. CIVIL CONSPIRACY:

111.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

112.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

113.   This paragraph purports to reference and summarize the LOI's "No Shop" clause and the context of merger negotiations. Defendant refers to the LOI for its contents, which speaks for itself.  The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

114.   This paragraph purports to quote or summarize California Business and Professions Code § 17200, which speaks for itself. Defendant denies the remaining allegations.

115.   The allegations set forth in this paragraph constitute legal conclusions and subjective characterizations, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

116.   This paragraph purports to reference and summarize contract provisions and California Civil Code. Defendant refers to the contracts and statutes for their contents, which speak for themselves. The allegations set forth in this paragraph also

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

117.    This paragraph purports to reference and summarize indemnification provisions and related documents. Defendant refers to those provisions and documents for their contents, which speak for themselves. The allegations set forth in this paragraph also constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

118.    This paragraph purports to quote or summarize statutes or case law, which speak for themselves. The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

119.    The allegations set forth in this paragraph constitute legal conclusions and argumentation or subjective characterizations, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

120.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

121.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

122.    The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

123.    This paragraph purports to reference various statutory provisions relating to civil and criminal liability. Defendant refers to the statutes for their contents, which speak for themselves. The allegations set forth in this paragraph also

1   constitute legal conclusions, to which no response is required. To the extent a
2   response is deemed necessary, Defendant denies the allegations.

3       124.   This paragraph purports to reference indemnification provisions, the
4   merger agreement, the Offer Letter, and the Bonus Agreement. Defendant refers to
5   these agreements for their contents, which speak for themselves.  The allegations set
6   forth in this paragraph also constitute legal conclusions and argumentation or
7   subjective characterizations, to which no response is required. To the extent a
8   response is deemed necessary, Defendant denies the allegations.

9       125.   The allegations set forth in this paragraph constitute legal conclusions
10  and argumentation or subjective characterizations, to which no response is required.
11  To the extent a response is deemed necessary, Defendant denies the allegations.

12      126.   This paragraph purports to request punitive damages under Cal. Civ.
13  Code § 3294. Defendant refers to the statute for its contents, which speaks for itself,
14  and otherwise denies any entitlement to such damages.  The allegations set forth in
15  this paragraph also constitute legal conclusions and argumentation or subjective
16  characterizations, to which no response is required. To the extent a response is
17  deemed necessary, Defendant denies the allegations.

18      127.   This paragraph purports to request various declarations and findings
19  under California Civil and Penal Codes. Defendant refers to the cited codes for their
20  contents, which speak for themselves.  The allegations set forth in this paragraph also
21  constitute legal conclusions, to which no response is required. To the extent a
22  response is deemed necessary, Defendant denies the allegations.

23  **VII.**   **REQUEST FOR RELIEF**

24      128.   The allegations set forth in this paragraph constitute legal conclusions,
25  to which no response is required. To the extent a response is deemed necessary,
26  Defendant denies the allegations.

27

28

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

129.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

130.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

131.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

132.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

133.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

134.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

135.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

136.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

137.   The allegations set forth in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## AFFIRMATIVE OR OTHER DEFENSES

Defendant asserts the following affirmative or other defenses on information and belief. In so doing, Defendant does not assume any burden of pleading, proof, persuasion, or production on such defenses where such burden would otherwise fall on Plaintiff. Additionally, Defendant's affirmative or other defenses are asserted in the alternative, and none of them constitute an admission of liability or that Plaintiff is entitled to any relief.

## FIRST AFFIRMATIVE OR OTHER DEFENSE

### (Failure to State a Claim)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that each and every cause of action in Plaintiff's FAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff has failed to make full and proper use of and failed to exhaust his administrative remedies and procedures provided in the Labor Code section 98.7, *et seq*.

## THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Statute of Limitations)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims are barred by the applicable statues of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, and 340, 29 U.S.C. § 2617(c).

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1

## FOURTH AFFIRMATIVE OR OTHER DEFENSE

2

(Waiver)

3    As a separate and independent affirmative or other defense to Plaintiff's FAC

4 and each purported cause of action therein, Defendant alleges that by reason of his

5 own actions, Plaintiff has waived any right to seek damages pursuant to any

6 purported cause of action stated against Defendant.

7

## FIFTH AFFIRMATIVE OR OTHER DEFENSE

8

(Estoppel)

9    As a separate and independent affirmative or other defense to Plaintiff's FAC

10 and each purported cause of action therein, Defendant alleges that Plaintiff's claims

11 are barred, in whole or in part, by the equitable doctrine of estoppel.

12

## SIXTH AFFIRMATIVE OR OTHER DEFENSE

13

(Unclean Hands)

14    As a separate and independent affirmative or other defense to Plaintiff's FAC

15 and each purported cause of action therein, Defendant alleges that Plaintiff's claims

16 are barred, in whole or in part, by the equitable doctrine of unclean hands.

17

## SEVENTH AFFIRMATIVE OR OTHER DEFENSE

18

(Failure to Mitigate Damages)

19    As a separate and independent affirmative or other defense to Plaintiff's FAC

20 and each purported cause of action therein, Defendant alleges that if Plaintiff

21 sustained damages by reason of the allegations in the FAC, which allegations are

22 denied, then Plaintiff may not recover for such damages because by his own acts

23 and omissions, he has failed to properly mitigate such damages.

24

## EIGHTH AFFIRMATIVE OR OTHER DEFENSE

25

(No Claim for Damages)

26    As a separate and independent affirmative or other defense to Plaintiff's FAC

27 and each purported cause of action therein, Defendant alleges that Plaintiff has not

28

1600542262.4

sustained any damages as a consequence of the conduct alleged in his FAC and can state no claim for damages based thereon.

## NINTH AFFIRMATIVE OR OTHER DEFENSE

### (Lack of Causation)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that to the extent Plaintiff has incurred any damages, which Defendant expressly denies, such alleged damages were not proximately or legally caused by Defendant.

## TENTH AFFIRMATIVE OR OTHER DEFENSE

### (Substantial Compliance)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claim for damages fails because, to the extent–which Defendant denies–that it did not fully comply with the requirements of any particular California Labor Code provision or contract, Defendant has substantially complied with the requirements of such statute or contract such that the imposition of damages would be improper.

## ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (At-Will Employment)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims fail because each Plaintiff's employment was terminable at the will of either Plaintiff or Defendant under California Labor Code Section 2922.

## TWELFTH AFFIRMATIVE OR OTHER DEFENSE

### (No Attorneys' Fees)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff can state no claim for attorneys' fees against Defendant.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1

## THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

2

(Avoiding and/or Secreting)

3    As a separate and independent affirmative or other defense to Plaintiff's FAC

4    and each purported cause of action therein, or some of them, are barred to the extent

5    that Plaintiff secreted or absented himself or the work purportedly performed

6    without notice to Defendant, to avoid payment of wages, thereby relieving

7    Defendant of liability for damages or penalties under the California Labor Code.

8

## FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

9

(No Impermissible Factors)

10    As a separate and independent affirmative or other defense to Plaintiff's FAC

11    and each purported cause of action therein, Defendant alleges that Plaintiff's claim

12    is barred in whole or in part because even if Defendant was found to have

13    considered any impermissible factors in any decisions or action with respect to

14    Plaintiff, which Defendant denies, no such decisions were motivated by any

15    impermissible factors.

16

## FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

17

(Failure to Support Claim for Punitive Damages)

18    As a separate and independent affirmative or other defense to Plaintiff's FAC

19    and each purported cause of action therein, Defendant alleges that Plaintiff fails to

20    state facts sufficient to support a claim for punitive damages against Defendant.

21

## SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

22

(Constitutional Limit on Punitive Damages)

23    As a separate and independent affirmative or other defense to Plaintiff's FAC

24    and each purported cause of action therein, Defendant alleges that Plaintiff's claims

25    for punitive damages are barred by the contract clause (Article I, Section 10, clause

26    1), the due process clause (Fifth Amendment, Fourteenth Amendment, Section 1),

27    and the excessive fines clause (Eighth Amendment) of the United States

28

1600542262.4

27

Constitution, and the corresponding provisions of the Constitution of the State of California.

## SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Punitive Damages - No Ratification)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's claims for punitive damages are barred in whole or in part because even if Defendant's alleged conduct rose to the level of oppression, fraud, or malice, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, countenanced, ratified, or approved by an officer, director, or managing agent of Defendant.

## EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Utilize Preventative/Corrective Measures; Avoidable Consequences)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that it took reasonable preventative and corrective measures, including having proper FMLA and CFRA leave policies and anti-retaliation policies and procedures in place, that Plaintiff unreasonably failed to utilize the preventative and corrective measures that Defendant provided, and reasonable use by Plaintiff of Defendant's procedures would have prevented at least some of the harm that Plaintiff alleges he suffered, which allegations Defendant denies, and Plaintiff's alleged damages should be limited or reduced accordingly.

## NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Collateral Estoppel and Res Judicata)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that the FAC, and

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

each and every cause of action therein, are barred by the doctrines of res judicata and collateral estoppel as to Plaintiff.

### TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

(Parol Evidence Rule)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that any written agreement between the parties was intended to be the full agreement between the parties, and that the Plaintiff cannot present any evidence not in writing to establish any terms of the contract not in the written agreement.

### TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Laches)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that due to Plaintiff's tardiness in asserting his purported rights to recover, Plaintiff's claims should be barred by the equitable doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(Breach of Contract by Plaintiff/Full Performance of Defendant)

As a separate and independent defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff failed to comply with the terms of any alleged contract, though Defendant performed in full, and thus Plaintiff may not recover under such contract.

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Cal. Labor Code §§ 2854 and 2856)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred under California Labor Code sections 2854 and 2856, respectively, in that Plaintiff failed to use ordinary care and diligence in the

performance of his duties and failed to comply substantially with the reasonable directions of his employer.

### TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

(No Willfulness/Good Faith)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that no penalty or liability under the California Labor Code, including without limitation sections 203 or 226, could be appropriate because, at all relevant times, Defendant did not willfully, knowingly or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it had not violated those provisions.

### TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

(Payment)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff was paid in full and in compliance with the law.

### TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

(Lack of Substantial Performance and Material Breach on the Part of Plaintiff)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff is precluded from obtaining the relief sought in the FAC, either in whole or in part, because he has failed to substantially perform, and is in material breach of, contractual obligations, terms, conditions and duties under the policy at issue, thereby precluding the relief sought.

### TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Failure to Satisfy Conditions Precedent)

As a separate and independent affirmative or other defense to Plaintiff's

1600542262.4

30

FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred because he failed to satisfy certain conditions precedent.

### TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(Unjust Enrichment)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred because recovery thereon would result in unjust enrichment.

### TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

(Ratification/Consent)

As a separate and independent affirmative or other defense to Plaintiff's FAC and each purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred because he acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring him from any relief as prayed for in the FAC.

### THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

(Speculative Damages)

As a separate and independent affirmative or other defense, Defendant alleges that Plaintiff's claim is barred because damages are speculative and therefore not recoverable.

### THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(No representation)

As a separate and independent affirmative or other defense, Defendant alleges that it has made no representations to Plaintiff upon which he could have relied.

### THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(Lack of Consideration)

1600542262.4

31

As a separate and independent affirmative or other defense, Defendant alleges that any contract between them lacked consideration or was otherwise illusory in the Defendant did not receive goods, service, or value in exchange for its promises under the contract.

### THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Offset/Setoff)

As a separate and independent affirmative or other defense, Defendant alleges that to the extent it is found liable for any damages or amounts, Defendant claims a credit, setoff, or offset for all amounts it paid for the services of Plaintiff, all amounts received by Plaintiff, all amounts advanced or paid to Plaintiff in excess of that to which he was legally entitled, all amounts paid to Plaintiff as premium rates that are not calculated as part of his regular rate, all time that Plaintiff reported as work time that he did not in fact work, and all other goods, amounts, or time that Plaintiff took to which he was not entitled, if any.

### THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Quantum Meruit)

As a separate and independent affirmative or other defense, Defendant alleges that, to the extent that Plaintiff provided Defendant with any value at all, Plaintiff is only entitled to receive payment for the goods or services actually provided at fair market value.

### THIRTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

(Unconstitutionally Vague)

As a separate and independent affirmative or other defense, Defendant alleges, based on information and belief, that the FAC, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and violate Defendant's rights under the Constitution of the United

1600542262.4

States of America and the State Constitution of California as to, among other things, due process of law.

### THIRTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

(Frustration of Purpose)

As a separate and independent affirmative or other defense, Defendant alleges that an unexpected event or occurrence happened, frustrating the purpose of the contract, such that enforcement of the contract would not allow the parties to each receive the benefit of their bargain.

### THIRTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Innocent Representation)

As a separate and independent affirmative or other defense, Defendant alleges that, to the extent Plaintiff alleges that Defendant made a representation- which Defendant denies-the representation was innocent and was not made with knowledge of falsity or recklessness as to the same.

### THIRTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(Truthful Representation)

As a separate and independent affirmative or other defense, Defendant alleges that, to the extent Plaintiff alleges that Defendant made a representation - which Defendant denies - the representation was truthful when made.

### THIRTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

(De Minimis Non-Compensable Activities)

As a separate and independent affirmative or other defense, Defendant alleges that if and to the extent Plaintiff can prove that he engaged in any uncompensated work activities, some or all of the time allegedly worked is de minimis (or preliminary or postliminary activity) and thus is not compensable.

### FORTIETH AFFIRMATIVE OR OTHER DEFENSE

(Federal Preemption)

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

As a separate and independent affirmative or other defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by federal law.

### FORTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Accord and Satisfaction)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent Plaintiff has been fully paid all amounts legally owed to him by Defendant, since by accepting the payments made to him, Plaintiff has effectuated an accord and satisfaction of his claims.

### FORTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(No privity)

Defendant alleges that the causes of action alleged in Plaintiff's FAC are barred, because Defendant was not in privity of contract with Plaintiff.

### FORTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(No Prejudice / No Entitlement to Relief Under FMLA or CFRA)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent Plaintiff was granted a personal leave of absence and did not suffer any prejudice or actual injury as a result of any alleged violation. *See Ragsdale v. Wolverine World Wide, Inc.,* 535 U.S. 81, 89 (2002) ("[FMLA] provides no relief unless the employee has been prejudiced by the violation"); *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d 155, 161–62 (2d Cir. 1999) (no right to reinstatement where employee unable to return to work at end of leave period*); Curtis v. Costco Wholesale Corp.,* 807 F.3d 215, 223 (7th Cir. 2015) (no FMLA violation for failure to reinstate where employee was not yet cleared to return).

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## FORTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Lack of Statutory Coverage under FMLA and CFRA)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent Plaintiff was not an eligible employee entitled to coverage under the FMLA or CFRA. At all relevant times, Defendant did not employ the minimum number of employees within the statutory radius necessary for coverage under FMLA or CFRA. Further, Plaintiff did not meet the statutory minimum hours worked requirement to qualify for leave under FMLA or CFRA. Additionally, to the extent Plaintiff was not employed at a California worksite, Plaintiff was not an "employee" as defined by the CFRA and is not entitled to its protections.

## FORTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (Employment Would Have Ceased Regardless of Leave)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent Plaintiff's employment would have ended for reasons unrelated to any protected leave. An employee on FMLA or CFRA leave has no greater right to reinstatement or continued employment than if the employee had remained actively employed during the leave period. Defendant would have discharged or otherwise terminated Plaintiff's employment for legitimate, non-retaliatory reasons even if Plaintiff had not taken any leave, and Plaintiff's leave was not a reason for his separation from employment.

## FORTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

### (Contract Void Due to Fraudulent Inducement)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent any alleged contract between Plaintiff and Defendant is void or

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

unenforceable as it was procured by fraud. Defendant alleges that Plaintiff made material misrepresentations of fact, knowing them to be false, with the intent to induce Defendant to enter into the alleged contract. Defendant reasonably relied on these misrepresentations and would not have entered into the contract had Defendant known the true facts.

## FORTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

### (Same Decision)

As a separate and independent affirmative or other defense, Defendant alleges that the FAC and causes of action asserted therein, in whole or in part, fail to the extent that even if Plaintiff's protected activity or any disclosure or refusal to participate in any allegedly unlawful act was a contributing factor in any adverse employment action, Defendant would have made the same decision to take such action at the same time for legitimate, independent reasons. Defendant therefore cannot be held liable under Labor Code section 1102.5, for wrongful termination in violation of public policy, or under any other theory of retaliation or wrongful discharge. a

## ADDITIONAL AFFIRMATIVE OR OTHER DEFENSES

Defendant has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative or other defenses. Defendant reserves the right to assert additional affirmative or other defenses in the event discovery indicates they are appropriate.

WHEREFORE, Defendant requests relief as follows:

1. That Plaintiff takes nothing by reason of his FAC and that judgment be entered in favor of Defendant as appropriate;

2. For costs of suit, including reasonable attorneys' fees; and

3. For such other and further relief as the Court may deem proper.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**COUNTERCLAIMS**

In further response to Plaintiff's First Amended Complaint (the "Complaint", DE 10), Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") alleges as follows:

**NATURE OF THE ACTION**

1.      "***No matter what***."  These three words, written by Plaintiff Arjun Vasan ("Plaintiff" or "Vasan") in January 2025, exemplify Plaintiff's scam giving rise to this action.  Plaintiff apparently believed he could ride a wave of investor interest in artificial intelligence ("AI") to peddle a set of what would turn out to be recycled, cobbled-together software code for much, much more than it was worth.  For Plaintiff, the best part about the scheme was that if his extensive duplicity was ever discovered, it wouldn't matter: he would get himself paid "***no matter what***," ride off into the sunset with millions of dollars in ill-gotten gains and leave his victims holding the bag.

2.      Defendant became Plaintiff's unsuspecting victim in April 2024, when Plaintiff sought to convince Checkmate to pay millions of dollars to acquire VoiceBite Corporation ("VoiceBite") – the corporate vehicle for his scam – while falsely claiming that he (and thus VoiceBite) had ***exclusive*** ownership and authorship of what was represented to be its world-class voice ordering AI technology. Among Plaintiff's many misrepresentations, Plaintiff represented that VoiceBite was powered by its exclusive software code, which was built from the ground up.

3.      The truth was far different.  VoiceBite's technology had not been developed or owned exclusively by Plaintiff.  It had been recycled – again and again – through multiple individuals and employers, each with actual and potential claims to the technology contained therein and the assets Checkmate **thought** it had acquired.

4.    Defendant was unsuspecting, but Plaintiff was not.  He knew what he was doing.   Plaintiff has admitted, in substance and effect, that he knew VoiceBite's technology was riddled with repurposed code, unauthored by VoiceBite, and debated with his co-founders whether to disclose his concealment in fear he would be discovered and exposed by Checkmate. However, in order to secure the million-dollar bag and a potential executive role at Checkmate, Plaintiff proceeded with his master plan to defraud Checkmate. Plaintiff made multiple intentional misrepresentations and fraudulent statements to Checkmate knowing that VoiceBite's ownership of its intellectual property was critical to Checkmate's interest in acquiring same for the purpose of expanding its technology and supplementing its presence in the voice ordering space within the restaurant industry.

5.    As with many garden-variety scams, Plaintiff's "***no matter what***" expectations would ultimately begin to unravel.  Checkmate made multiple requests for access to the code, with which Plaintiff failed to comply.  Knowing that he would soon be discovered, throughout the summer and fall of 2024, Plaintiff engaged in increasingly unprofessional conduct and inappropriate behavior with his co-workers. All the while, Plaintiff refused to provide Defendant's engineers and developers with access to the code that he knew was far from what he had represented.

6.    Checkmate began to uncover the true extent of Plaintiff's duplicity in fall 2024 and immediately took steps to protect itself under the terms of the parties' transactions and otherwise, making it clear that it was Plaintiff – and not Defendant – that was required to compensate Defendant for the losses caused by his gross misconduct.   Plaintiff steadfastly denied any accountability for his fraudulent conduct, vacillating between a series of increasingly absurd excuses to cover up his conduct and excuse his own liability. But Plaintiff knew he wasn't telling the truth: he has recently admitted that he intentionally concealed his misrepresentations concerning VoiceBite's technology to Checkmate in part because he allegedly feared

an adverse response from Checkmate – the company paying millions of dollars for supposedly proprietary AI technology.

7.    Plaintiff clearly thought he had a sweetheart deal.  Indeed, Checkmate has learned that he has since attempted to pawn off some of ***the same code*** to yet another third party in violation of his non-compete agreement.  The law, of course, is otherwise: no person is entitled to indemnity against their own fraud and no contract can possibly be interpreted to allow somebody to profit from their own intentional and entirely fraudulent wrongdoing.  Plaintiff's inability to recognize these basic truths and compensate Checkmate for the significant harm he has caused has left Checkmate with no choice but to initiate the present action to obtain compensation for that harm.

## PARTIES

8.    Defendant Checkmate.com Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 1113 York Avenue, New York, NY 10065.

9.    Plaintiff Arjun Vasan, co-founder of VoiceBite, is an individual..  Upon information and belief, Plaintiff has, from time to time, resided with his parents in the State of California and claims to reside with his parents there today.

## JURISDICTION AND VENUE

10.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because it involves parties who are all citizens of different states or foreign entities and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.    This Court has personal jurisdiction over this proceeding because Plaintiff voluntarily consented to this Court's exercise of jurisdiction by bringing his Complaint.    Moreover, Defendant has consented to this Court's exercise of jurisdiction by appearing in and litigating this matter.

12.    Similarly, venue in the Central District of California is proper pursuant

to 28 U.S.C. § 1391(b) as determined in this Court's Order denying Defendant's Motion to Dismiss or Transfer (DE 67 at 9:12-11:4).  The Court found that "a substantial part of the events giving rise to Plaintiff's claims … arose in California." (*Id.* at 9:19-21.)  Defendant's counterclaims either arise from the exact same events or arise from events taking place in California.  Therefore, venue is in the Central District of California is proper under 28 U.S.C. § 1391(b).

## **FACTUAL BACKGROUND**

### I. **CHECKMATE ACQUIRES VOICEBITE FOR ITS PROPRIETARY CODE**

13.    Checkmate is a solutions-powered company with enterprise technology and expert 24/7 support that blends its technology and hands-on support to tackle challenges facing restaurants, such as first-party ordering, third-party integrations, menu management, accounting reconciliation, loyalty programs, and more.

14.    Looking to expand its technology and supplement its presence in the voice ordering space of the restaurant industry, Checkmate sought to acquire VoiceBite. VoiceBite, co-founded by Arjun Vasan, is a customer service-based company which leverages AI to automate the voice ordering process for restaurants. The voice AI space is very early stage but considered to have the potential to be a very large market opportunity, and Checkmate viewed the acquisition of VoiceBite as a way to assume an early leadership position in this nascent business. Plaintiff has previous experience in the voice AI space, as he had founded an earlier startup company called CyborgOps, which was previously acquired in 2022 by Presto Automation.

15.    With the goal of expanding its voice ordering AI capabilities, Checkmate agreed to acquire VoiceBite, along with its intellectual property, in early 2024 by way of the Merger Agreement and related transactional documents

1600542262.4

including, but not limited to, Assignment of IP and Other Assets and Non-Competition Agreement (the "Transaction").

16.     From the outset, Plaintiff represented himself – and thus VoiceBite – as the owner of proprietary code for VoiceBite's voice ordering AI application, a key asset material to Checkmate's decision to pursue the acquisition because it would provide Checkmate with the ability to be a very early mover into the nascent but potentially enormous AI-assisted restaurant ordering space.

17.     Plaintiff, however, knew VoiceBite's technology was not the cutting-edge technology he represented. Contemplating whether to reveal the truth of this matter to Checkmate – Plaintiff decided against doing so.  He recently claimed to have discussed with his co-founders whether to disclose to Checkmate certain false representations he had made concerning the code.  He decided against doing so – concluding that the risk of this fraud being exposed was worth the potential for millions of dollars and an executive role at Checkmate.

18.     Aligning with his plan to defraud Checkmate, Plaintiff was evasive about allowing Checkmate to review what he claimed to be VoiceBite's proprietary code. Plaintiff's evasiveness required Checkmate to obtain from him express representations and warranties regarding the ownership and authorship of VoiceBite's intellectual property.  These included, among others:

- Plaintiff was "owner, inventor and/or author" of certain assigned intellectual property related to VoiceBite software (namely, a "comprehensive set of components of an AI voice ordering system") and that such intellectual property was not subject to "any dispute, claim, prior license or other agreement, assignment, lien or rights of any third party" or "any claim of any prior employer or third party client" of Plaintiff;

- Plaintiff had provided to VoiceBite "all worldwide patents, patent applications, patent rights, copyrights, copyright registrations, moral rights, trade names, trademarks, service marks, domain names and registrations and/or applications for all of the foregoing, trade secrets, know-how, mask work rights, rights in trade dress and packaging, goodwill and all other intellectual property rights and proprietary rights relating in any way to the Technology, any Derivative or any Embodiment, whether arising under the laws of the United States of America or the laws of any other state, country or jurisdiction" related to VoiceBite's technology;

- That VoiceBite owned or had valid and enforceable right to use, all intellectual property used or proposed to be used in connection with its business;

- That neither VoiceBite "nor any of its current or proposed products or services have infringed upon, misappropriated or are currently infringing upon, misappropriating or otherwise violating any Intellectual Property rights of any Person;"

- That "no source code for any VoiceBite Proprietary Software has been delivered, licensed, or made available" to any person "who is not an employee" of VoiceBite;

- That Plaintiff had not "omitted to state a material fact necessary in order to make the statements and information contained herein or therein, not misleading;" and

- That Plaintiff "is not aware of any information necessary to enable a prospective purchaser of VoiceBite" to "make an informed decision with respect to the purchase of such Company Shares or business that has not been expressly disclosed herein."

1600542262.4

42

19.   All of these representations were false.  Plaintiff knew they were false when he was making them.  He also knew that Checkmate was relying on these representations and that these representations were fundamental in Checkmate's decision to proceed with the acquisition of VoiceBite – a deal that closed on April 30, 2024.

## II.   CONCERNED THAT HIS SCHEME WILL UNRAVEL, PLAINTIFF REFUSES TO HAND OVER VOICEBITE'S CODE AND DEMONSTRATES INCREASING INSTABILITY

20.   The closing of the VoiceBite transaction led to Plaintiff's (ultimately ill-fated) employment as an executive with Checkmate.  Cracks in Plaintiff's scheme would soon emerge.

21.    As an initial matter, and critically here, Plaintiff refused to provide Checkmate with the very code at the ***heart*** of the VoiceBite acquisition.  Delay after delay was followed with excuse after excuse – months dragged on without Defendant having access to the code that VoiceBite purportedly owned.

22.   Throughout, admittedly aware of the misrepresentations he had made, Plaintiff became increasingly nervous.  His communications with team members and the public became increasingly erratic and unprofessional.  In the fall of 2024, Plaintiff variously alternated between threatening litigation against his colleagues ("You will be hearing from my attorney then") and bizarrely implying a lack of team morale if he were to leave Checkmate ("In fact the reason I wont quit is ***I dont want to crush these people's morale. Without me, they are toast and you can ask them. They wont believe anymore*** [*sic* throughout]" and "the morale of rhe [*sic*] voice ai team would be totallt [*sic*] crushed without me. You are incredibly stupid not to see that anyway").

23.   Knowing he was about to be uncovered, in direct contravention of his non-compete agreement, Plaintiff began looking to work at a competing company.

1600542262.4

43

On or around November 7 and 8, 2024, Plaintiff contacted a competitor of Checkmate and mentioned the possibility of leaving Checkmate and bringing two Checkmate engineers along with him in a potential hire by the competitor. Plaintiff also shared recordings derived from "Cyborg" technology with the competitor. In these emails, Plaintiff explicitly refers to Cyborg as "my earlier company" and alludes to pawning off the *very same code* he sold to Checkmate.

## III.    DEFENDANT'S DISCOVERY OF PLAINTIFF'S FRAUDULENT REPRESENTATIONS

24.    The reason for Plaintiff's erratic and unprofessional behavior as he endeavored to continue his scam would become clear. Checkmate's review of the code revealed that copyright in the VoiceBite code dated back to as early as *2018*, when Plaintiff was working for and had obligations to *other entities* well before the formation of VoiceBite itself, which was not formed until on or around August 4, 2023.

```
#!/usr/bin/env python
# -*- coding: utf-8 -*-


__author__ = 'Arjun Vasan, Vasan Varadarajan'
__copyright__ = 'Copyright 2018.'
```

25.    Further investigation established that the code not only predated VoiceBite's existence but also contained numerous references to "Cyborg" – a reference to *Plaintiff's previous company, CyborgOps, and a third party with claims to the code* – in the VoiceBite application.

26.    CyborgOPS was a company previously founded by Plaintiff. Echoing Checkmate's acquisition of VoiceBite, Cyborg's assets were acquired by Presto Automation, and Plaintiff joined Presto Automation as Head of Voice Innovation

before being terminated in or around April or May of 2023. The code's specific references to "Cyborg" includes at least the following:

- The ***deployment.txt*** file, which describes the deployment process for the application, referred to the entire VoiceBite application as "Cyborg."

- The ***deepgram.txt*** file, which contains credentials for using the Deepgram TTS (text-to-speech), explicitly referenced "Cyborg."

- The ***env.json*** file, which provides configuration settings for the application also contained multiple references to "Cyborg."

- The ***Globals.py*** file, which manages application-wide configurations, also incorporated references to "Cyborg," consistent with the ***Env.json*** structure above.

- Even more brazenly, several user interface components within the VoiceBite application had copyright headers that were changed from "CyborgOPS" to "VoiceBite."

27.    Beyond VoiceBite's application code being unoriginal, previously acquired by another entity, and recycled, Checkmate's investigation uncovered references to an additional third-party author, "Vasan Varadarajan," who was a former "Founder & President" of CyborgOPS.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1

2

3

4

5

6



7

8

9

10

11

12

13

14

15

16      28.     Varadarajan's role was not disclosed in the Transaction, nor was his

17 authorship acknowledged in the representations and warranties made by Plaintiff.

18 However, on or around January 23, 2025, Plaintiff admitted in writing that

19 Varadarajan – *yet another third party with claims to this intellectual property* – had

20 developed the property that Plaintiff falsely claimed to own.

21      29.     The truth was thus becoming clear: Arjun Vasan did not have the rights

22 he claimed to have.  And because he did not have rights he claimed to have, he did

23 not and could not assign those rights to VoiceBite, and VoiceBite did not and could

24 not assign those rights to Checkmate: directly contradicting the representations made

25 by Plaintiff.

26      30.     Checkmate confronted Plaintiff with its findings.  On December 6,

27 2024, Checkmate, through counsel, sent a letter to Plaintiff's legal counsel, detailing

28

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

the discrepancies in the code and how Plaintiff had misled Checkmate into acquiring VoiceBite under fraudulent representations, namely by falsely claiming originality and exclusive ownership of the code.

31.   Plaintiff's excuses became increasingly bizarre and implausible.  He falsely characterized the numerous "Cyborg" references embedded in the VoiceBite application code as merely "incidental" and asserted that "Cyborg" was a commonly used English word. Plaintiff failed to provide any substantive justification for the misrepresentations: "Incidental references to CyborgOps, or use of the common English word 'cyborg,' which I happen to like, and have used for user accounts, passwords and so on for many years, do not constitute material misrepresentation or fraud."

32.   In January 2025, Plaintiff even went so far as to tell Checkmate that it didn't matter whether or not misrepresentations had been made by him or whether he had committed outright fraud: throughout the transaction, he deliberately sought to negotiate payment from Checkmate to himself **"*no matter what*"** while all the while hiding the true state of his and VoiceBite's rights.

33.   In February 2025, Plaintiff's excuses shifted yet again.  This time, he claimed that the software, the code – the ***heart*** of VoiceBite – was not, in fact, intellectual property –emphasizing the stark and troubling reality that Checkmate had been duped by Plaintiff into acquiring a valueless non-asset.

34.   Of course, Checkmate would not have agreed to acquire VoiceBite if its core technology was not, in fact "intellectual property."   Plaintiff's misrepresentations regarding the originality and ownership of the code were knowing falsehoods that he told with full awareness of their materiality to Checkmate's decision to acquire VoiceBite.

35.   Then again in February 2025, Plaintiff brazenly made the excuse that he actually discussed with his co-founders the possibility of disclosing to Checkmate

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

the fraudulent representations he made concerning VoiceBite's AI technology prior to the closing of the VoiceBite transaction but ultimately decided, because of an alleged fear of a hostile reaction from Checkmate, it was better to cause Checkmate to rely on the representations so as to ensure that Checkmate would move forward with the acquisition.

36.    Plaintiff's desire to avoid accountability has since devolved into increasingly frequent and explicit threats.  For example, on May 5, 2025, Plaintiff wrote to Checkmate's counsel and said that if Checkmate did not abandon its effort to pursue its rights, he would "***crush***" it, that its counsel's "***careers will be ruined***," that he "***will show no mercy***" and that Checkmate should "***give up now, or face the fury of a hacker scorned.***"

Because I will crush them, and you .. let me be clear. You will be **completely** crushed.

Should you persist in your idiocy, your client will be eliminated (entirely), and K&L Gates will be humiliated .. by an insufferable *pro se*. Your careers will be ruined, and I will ensure that the press is well aware.

I will show no mercy. None whatsoever. So give up now, or face the fury of a hacker scorned.

37.    Two days later, Plaintiff sought to retract these statements and claimed that they did "not represent [his] actual intentions, strategy, or approach to this litigation."

## **CLAIMS FOR RELIEF**

## **FIRST CLAIM FOR RELIEF**

## **(Breach of Contract of Intellectual Property Acknowledgement and Assignment of IP and Other Assets)**

38.    Checkmate incorporates and re-alleges the preceding paragraphs of this Amended Complaint as if fully set forth herein.

39.    Checkmate, on the one hand, and Plaintiff, on the other hand, entered into a written Intellectual Property Acknowledgement on April 30, 2024, as part of the Transaction, pursuant to which Plaintiff was prevented from bringing intellectual property owned by or subject to claims by third parties to Checkmate.

40.    Checkmate as assignee and third party beneficiary of VoiceBite, on the one hand, and Plaintiff, on the other hand, entered into an Assignment of IP and Other Assets on April 30, 2024, as part of the Transaction, pursuant to which Checkmate purchased all worldwide patents, patent applications, patent rights, copyrights, copyright registrations, moral rights, trade names, trademarks, service marks, domain names and registrations and/or applications for all of the foregoing, trade secrets, know-how, mask work rights, rights in trade dress and packaging, goodwill and all other intellectual property rights and proprietary rights relating in any way to the Technology, any Derivative or any Embodiment, whether arising under the laws of the United States of America or the laws of any other state, country or jurisdiction related to VoiceBite's technology.

41.    Pursuant to the terms of the Intellectual Property Acknowledgement and Assignment of IP And Other Assets agreements, Plaintiff made express representations and warranties concerning the authorship, ownership and originality of the VoiceBite application code.

42.    The Intellectual Property Acknowledgement and Assignment of IP And Other Assets agreements are valid contracts entered into with consideration.

43.    Checkmate has fully performed all conditions, covenants and promises required to be performed on its part in accordance with the Intellectual Property Acknowledgement and Assignment of IP And Other Assets agreements except to the extent that its performance was waived, excused or prevented by Plaintiff.

44.    Checkmate never relieved Plaintiff of his obligations under the Intellectual Property Acknowledgement and Assignment of IP and Other Assets agreements.

45.    Plaintiff breached the Intellectual Property Acknowledgement and Assignment of IP and Other Assets agreements, including by bringing intellectual property owned and subject to claims by third parties and failing to provide rights to

1  VoiceBite's intellectual property as set forth in detail above.

2      46.    As a direct and proximate result of Plaintiff's foregoing breaches of

3  contract, Defendant has suffered, and will continue to suffer, damages, including

4  direct, consequential, and incidental losses and lost profits, in an amount to be proved

5  at trial in excess of the jurisdictional minimum of this court.

6              **SECOND CLAIM FOR RELIEF**

7          **(Breach of Contract – Noncompete Agreement)**

8      47.    Checkmate incorporates and re-alleges the preceding paragraphs of this

9  Amended Complaint as if fully set forth herein.

10     48.    Checkmate and Plaintiff entered into the Non-Compete Agreement, as

11  part of the Transaction, a valid contract entered into with consideration.

12     49.    Pursuant to the terms of the Non-Compete Agreement, Plaintiff is

13  prohibited, *inter alia*, from engaging or participating in or acquiring any financial or

14  beneficial interest in any business that competes with Defendant's business of

15  providing AI-powered voice systems for phone answering or for restaurant drive-

16  through voice ordering.

17     50.    Checkmate has fully performed all conditions, covenants and promises

18  required to be performed on its part in accordance with the Non-Compete Agreement

19  except to the extent that its performance was waived, excused or prevented by

20  Plaintiff.

21     51.    Checkmate never relieved Vasan of his obligations under the

22  Intellectual Property Acknowledgement and Assignment of IP and Other Assets

23  agreements.

24     52.    Plaintiff  breached the Non-Compete Agreement by, *inter alia*, in

25  November 2024, contacting one or more of Defendant's competitors for the purpose

26  of attempting to solicit interest in acquiring the same code and employees provided

27  to Checkmate as part of the Transaction.

28

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

53.    As a direct and proximate result of Plaintiff's foregoing breaches of the Non-Compete Agreement, Checkmate has suffered, and will continue to suffer, damages, including direct, consequential, and incidental losses and lost profits, in an amount to be proved at trial in excess of the jurisdictional minimum of this court.

## **THIRD CLAIM FOR RELIEF**

### **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

54.    Checkmate incorporates and re-alleges the preceding paragraphs of this Amended Complaint as if fully set forth herein.

55.    The Intellectual Property Acknowledgement and Assignment of IP And Other Assets, and Non-Compete agreements each incorporate a covenant of good faith and fair dealing, which provides that neither party will do anything that will injure the right of the other to receive the benefits of the agreement.

56.    Plaintiff materially breached the implied covenant of good faith and fair dealing in the Intellectual Property Acknowledgement and Assignment of IP And Other Assets agreements by knowingly and intentionally depriving Checkmate of its rights to obtain benefits under these agreements, making false representations and warranties concerning the VoiceBite application code's original authorship and exclusive ownership, as set forth in detail above.

57.    As a direct and proximate result of Plaintiff's foregoing breaches of the implied covenants of good faith and fair dealing, Defendant has suffered, and will continue to suffer, damages, including direct, consequential, and incidental losses and lost profits, in an amount to be proved at trial in excess of the jurisdictional minimum of this court.

## **FOURTH CLAIM FOR RELIEF**

### **(Fraud)**

58.    Checkmate incorporates and re-alleges the preceding paragraphs of this Amended Complaint as if fully set forth herein.

59.    Plaintiff knowingly and intentionally misrepresented that Plaintiff and VoiceBite were the original author and exclusive owner of the VoiceBite application code, by way of numerous representations made to Checkmate throughout the Transaction as detailed above, including the following oral and written misrepresentations:

- Plaintiff was "owner, inventor and/or author" of certain assigned intellectual property related to VoiceBite software (namely, a "comprehensive set of components of an AI voice ordering system") and that such intellectual property was not subject to "any dispute, claim, prior license or other agreement, assignment, lien or rights of any third party" or "any claim of any prior employer or third party client" of Plaintiff;

- Plaintiff had provided to VoiceBite "all worldwide patents, patent applications, patent rights, copyrights, copyright registrations, moral rights, trade names, trademarks, service marks, domain names and registrations and/or applications for all of the foregoing, trade secrets, know-how, mask work rights, rights in trade dress and packaging, goodwill and all other intellectual property rights and proprietary rights relating in any way to the Technology, any Derivative or any Embodiment, whether arising under the laws of the United States of America or the laws of any other state, country or jurisdiction" related to VoiceBite's technology;

- That VoiceBite owned or had valid and enforceable right to use, all intellectual property used or proposed to be used in connection with its business;

- That neither VoiceBite "nor any of its current or proposed products or services have infringed upon, misappropriated or are currently

infringing upon, misappropriating or otherwise violating any Intellectual Property rights of any Person;"

- That "no source code for any VoiceBite Proprietary Software has been delivered, licensed, or made available" to any person "who is not an employee" of VoiceBite;

- That Plaintiff had not "omitted to state a material fact necessary in order to make the statements and information contained herein or therein, not misleading;" and

- That Plaintiff "is not aware of any information necessary to enable a prospective purchaser of VoiceBite" to "make an informed decision with respect to the purchase of such Company Shares or business that has not been expressly disclosed herein."

60.   All of these representations were false when made.  Plaintiff, who admits in writing that he intended at the time that he would be paid "no matter what," knew of their falsity and knew that Checkmate would rely on Plaintiff's material representations and warranties to make decisions, *inter alia*, as to whether to enter into the Merger Agreement with VoiceBite and close same.

61.   The intentional misrepresentations and fraudulent statements were material and intended to induce Checkmate into paying Plaintiff millions of dollars. The same material, intentional misrepresentations and fraudulent statements were similarly intended to induce Checkmate into relying on Vasan's representations and warranties during the negotiation process described above.

62.   Checkmate reasonably and justifiably relied on the intentional misrepresentations and fraudulent statements made by Plaintiff.  As a direct and proximate result of Plaintiff's fraud, Defendant has suffered, and will continue to suffer damages, in an amount to be proved at trial in excess of the jurisdictional minimum of this court.

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

# **FIFTH CLAIM FOR RELIEF**

## **(Negligent Misrepresentation)**

63.    Checkmate alleges this claim in the alternative to its fourth claim for relief and incorporates and re-allege the preceding paragraphs of this Amended Complaint as if fully set forth herein.

64.    Plaintiff had a duty to provide Checkmate with truthful and accurate information as part of the Transaction.

65.    Plaintiff negligently misrepresented that he and VoiceBite was the original author and exclusive owner of the VoiceBite application code, including by way of the following oral and written misrepresentations of past and existing material facts at the time the misrepresentations were made:

- Plaintiff was "owner, inventor and/or author" of certain assigned intellectual property related to VoiceBite software (namely, a "comprehensive set of components of an AI voice ordering system") and that such intellectual property was not subject to "any dispute, claim, prior license or other agreement, assignment, lien or rights of any third party" or "any claim of any prior employer or third party client" of Plaintiff;

- Plaintiff had provided to VoiceBite "all worldwide patents, patent applications, patent rights, copyrights, copyright registrations, moral rights, trade names, trademarks, service marks, domain names and registrations and/or applications for all of the foregoing, trade secrets, know-how, mask work rights, rights in trade dress and packaging, goodwill and all other intellectual property rights and proprietary rights relating in any way to the Technology, any Derivative or any Embodiment, whether arising under the laws of the United States of

1600542262.4

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

America or the laws of any other state, country or jurisdiction" related to VoiceBite's technology;

- That VoiceBite owned or had valid and enforceable right to use, all intellectual property used or proposed to be used in connection with its business;

- That neither VoiceBite "nor any of its current or proposed products or services have infringed upon, misappropriated or are currently infringing upon, misappropriating or otherwise violating any Intellectual Property rights of any Person;"

- That "no source code for any VoiceBite Proprietary Software has been delivered, licensed, or made available" to any person "who is not an employee" of VoiceBite;

- That Plaintiff had not "omitted to state a material fact necessary in order to make the statements and information contained herein or therein, not misleading;" and

- That Plaintiff "is not aware of any information necessary to enable a prospective purchaser of VoiceBite" to "make an informed decision with respect to the purchase of such Company Shares or business that has not been expressly disclosed herein."

66.    Plaintiff had no reasonable grounds to believe that any of the above misrepresentations were true.  In fact, as shown above, Vasan could not have had such reasonable grounds, given that he had personal, first-hand knowledge that the above representations were false when made.

67.    The negligent misrepresentations were intended to induce Checkmate into relying on Plaintiff's misrepresentations and warranties during the negotiation process described above.

68.    Checkmate    justifiably    relied    on    Plaintiff's    negligent

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

misrepresentations.    As  a  direct  and  proximate  result  of  Plaintiff's  negligent misrepresentations, Defendant has suffered, and will continue to suffer damages, in an amount to be proved at trial in excess of the jurisdictional minimum of this court.

## SIXTH CLAIM FOR RELIEF

### Declaratory Relief

69.    Checkmate incorporates and re-alleges the preceding paragraphs of this Amended Complaint as if fully set forth herein.

70.    Plaintiff represented in the agreements set forth above and otherwise that he and VoiceBite were the exclusive authors and/or owners of the code forming the basis of VoiceBite's technology and further represented that no representation was made in connection with the Transaction contained any untrue statement of material fact or omitted to state any material fact necessary to make the statements not misleading.

71.    Through his pervasive breaches of representations and warranties, fraud and other misconduct, Plaintiff breached these obligations, giving rise to Checkmate's right to indemnification and disentitling Plaintiff to further compensation under any relevant agreements.

72.    Because Plaintiff has failed to comply with Checkmate's demands under the notices of breach and refused to satisfy and/or acknowledge his past, current and future obligations to repay and indemnify Defendant for his misconduct, Defendant reasonably expects that Plaintiff will continue to refuse to comply with his obligations under the relevant agreements – thus creating a real and justiciable controversy as to the rights and legal relations of the parties under the Transaction agreements.

73.    Because there is an actual controversy relating to the legal rights and duties of the parties under Cal. Code of Civ. Proc. § 1060, Checkmate is entitled to a declaration that Plaintiff is disentitled to further compensation under the parties'

1600542262.4

57

agreements and relevant law and that Plaintiff is required to indemnify Defendant for losses incurred as a result of the foregoing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Checkmate prays for judgment against Plaintiff as follows:

1.     On the First through Fifth Claims for Relief, that Checkmate recover compensatory, consequential, incidental damages, and lost profits in an amount to be proved at trial in excess of the jurisdictional minimum of this Court;

2.     On the Sixth Claim for Relief, that a declaratory judgment issue that Plaintiff is disentitled to further compensation under the parties' agreements and relevant law and that Plaintiff is required to indemnify Defendant for losses incurred as a result of the foregoing conduct.

3.     That Plaintiff be ordered to pay punitive and exemplary damages in a sum sufficient to punish and deter him and others from similar wrongdoing;

4.     That Plaintiff pay to Checkmate the full costs of this action, including attorney's fees, to the fullest extent permitted by the parties' agreements and relevant law;

5.     That Checkmate recover pre- and post-judgment interest;

6.     That Checkmate be granted such other and further relief, in law or in equity, to which Defendant may be entitled or as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial of all issues in this Complaint so triable.

DEFENDANT'S CHECKMATE.COM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Dated:        July 9, 2025

By: _____
    Ryan Keech
    Gabriel Huey
    Stacey Chiu
    Rebecca Makitalo

    K&L GATES LLP

    Attorneys for Defendant
    CHECKMATE.COM INC.

1600542262.4

59