# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.  **CV 25-0765-MEMF (JPRx)**                                   Date: **August 21, 2025**
Title:  **Arjun Vasan v. Checkmate.com Inc.**
═══════════════════════════════════════════════════════════════════════

DOCKET ENTRY: **Order Denying Plaintiff's Ex Parte Application (ECF No. 80)**
═══════════════════════════════════════════════════════════════════════

PRESENT:

**HON. <u>JEAN P. ROSENBLUTH</u>, U.S. MAGISTRATE JUDGE**

<u>Bea Martinez</u>                                           <u>    n/a    </u>
Deputy Clerk                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:                ATTORNEYS PRESENT FOR DEFENDANT:
None present                                                            None present

**PROCEEDINGS: (IN CHAMBERS)**

     On August 15, 2025, Plaintiff filed ex parte an application to quash two subpoenas Defendant served on nonparty witnesses.  Defendant opposed on August 19, and later that day Plaintiff filed an unauthorized declaration in further support of his application.

     Discovery in this case has only just begun.  The parties filed their Joint Rule 26 Report on August 14.  (ECF No. 78); <u>see</u> Fed. R. Civ. P. 26(d)(1) (stating that parties may not conduct discovery until after they have met and conferred for preparation of joint report).  Defendant has subpoenaed one of Plaintiff's former business partners, Robert Nessler, and Plaintiff's father to be deposed on September 29 and 22, respectively.  (Appl., ECF No. 80-3, Ex. B; Makitalo Decl., ECF No. 83-5, Ex. D.)  This exceptionally early discovery dispute coupled with the voluminous filings already marring the docket[1] demonstrate to the Court that the parties are not meeting and conferring in good faith to attempt to narrow their disputes, as they are required to do, and it warns them again, as the District Judge has already done (<u>see</u> ECF No. 45 (issuing order to show cause for failure to meet and confer in good

---

[1] Indeed, the District Judge admonished the parties early on that she "does not condone improper, cumulative, and/or untimely filings" and reminded them to review her standing order.  (Order, ECF No. 67 n.7; <u>see</u> <u>id.</u> n.8 (noting Plaintiff's "unsolicited supplemental briefing that was submitted without leave to do so").)

MINUTES FORM 11                                                                  Initials of Deputy Clerk: <u>bm    </u>
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.: **CV 25-0765-MEMF (JPRx)** | August 21, 2025 |
| **Arjun Vasan v. Checkmate.com Inc.** | Page 2 |

faith)), that such incivility will not be tolerated. Indeed, Plaintiff's pushing forward with an ex parte application after just a few hours' notice to Defendant (see Pl.'s Suppl. Decl., ECF No. 84 ¶¶ 2-3 (acknowledging that he (1) first emailed Defendant's counsel about subpoenas at 10:52 a.m. on August 15 and filed the ex parte application later that afternoon and (2) did not "orally" notify opposing counsel of the ex parte, as Local Rule 7-19.1 requires, until about an hour before filing)) and without ever actually discussing the ex parte with its counsel (id.) is yet another example of this poor behavior, particularly given that, as explained below, there was no immediate urgency. The Court expects better of the parties in the future.

As an initial matter, Plaintiff's challenge to the Nessler subpoena is procedurally improper. Defendant set that deposition to take place in Palo Alto, California. (Makitalo Decl., ECF No. 83-5, Ex. D.) Rule 45(d)(3) requires that a motion to quash a subpoena be brought in the "district where compliance is required." "When a subpoena-related motion has been filed in the wrong District, courts routinely deny that motion without prejudice to refiling it in the proper tribunal." York Holding, Ltd. v. Waid, 345 F.R.D. 627, 628 (D. Nev. 2024). Thus, any motion challenging the Nessler subpoena must be filed in the Northern District of California. See 28 U.S.C. § 84(a) (noting that Santa Clara County, where Palo Alto is located, is in Northern District of California). The Court therefore DENIES without prejudice Plaintiff's ex parte application to the extent it concerns the Nessler subpoena and does not consider any arguments or evidence relating to it.

That leaves the subpoena to Plaintiff's father, which requires him to appear for deposition and to produce documents in Los Angeles on September 22. A party seeking ex parte relief must show why it is entitled to "go to the head of the line" and "receive special treatment." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). Plaintiff apparently first received notice of the subpoena around August 15, and he immediately emailed Defendant concerning his objections to it, citing Local Rule 37-1, governing discovery disputes. (See Pl.'s Suppl. Decl., ECF No. 84, Ex. A.) Indeed, Rule 37 applies when a motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.: **CV 25-0765-MEMF (JPRx)** | August 21, 2025 |
| **Arjun Vasan v. Checkmate.com Inc.** | Page 3 |

concerning a subpoena is served on a party, as it was here. See C.D. Cal. R. 45-1. The parties were required to meet and confer within 10 days of that email communication, see C.D. Cal. R. 37-1, and the preparation of a joint stipulation thereafter would take at least another eight days, see C.D. Cal. R. 37-2.2. Thus, even if Plaintiff proceeded as expeditiously as possible, he could not have set the motion for hearing until September 25 at the earliest (the Court hears discovery matters on Thursdays), which was after compliance was required. In that sense, then, Plaintiff appropriately sought ex parte relief rather than completing the entire Rule 37 procedure. But the timeline was not so rushed that Plaintiff could not have taken a few extra days — even 10 — to properly meet and confer with Defendant to attempt to resolve the dispute without burdening the Court, and only then, if issues remained, to have filed the ex parte application, still well in advance of the September 22 compliance date. Even worse, when Plaintiff filed the ex parte, he had already asked for a stay of all "non-party" discovery from the District Judge in the Joint Report (J. Rep., ECF No. 78 at 11), and the scheduling conference, at which the issues raised in the Joint Report will be discussed, is set for September 4 (ECF No. 68); thus, the ex parte is unnecessarily duplicative as well. See Farley v. Lincoln Benefit Life Co., No. 2:20-cv-02485-KJM-DB, 2024 WL 86317, at *2 (E.D. Cal. Jan. 8, 2024) (noting that "overlapping or duplicative motions and ex parte applications" may warrant monetary sanctions).

  Further, Plaintiff has not adequately demonstrated that he has standing to challenge the Vasan subpoena given that he has not shown with actual evidence, as opposed to argument, that he is seeking to protect his own privileged documents. See, e.g., Jiae Lee v. Dong Yeoun Lee, No. CV 19-8814 JAK (PVCx), 2020 WL 7890868, at *5 n.7 (C.D. Cal. Oct. 1, 2020) ("[A] party lacks standing under Rule 45 to quash a third-party subpoena unless the party claims a personal right or privilege in the subpoenaed documents."). Plaintiff nowhere claims that the sought documents involve counsel or demonstrates with actual evidence that they otherwise impeded on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.: **CV 25-0765-MEMF (JPRx)** | August 21, 2025 |
| **Arjun Vasan v. Checkmate.com Inc.** | Page 4 |

---

a protectable privacy right personal to him.² Finally, Plaintiff argues that his motion to dismiss Defendant's counterclaims, set to be heard in October by the District Judge, should be resolved before Defendant is allowed to pursue discovery on them. But only the District Judge can grant a discovery stay, and he has already asked her for just that but hasn't given her a fair chance to rule on that request.

For these reasons, Plaintiff's ex parte application is DENIED. Further, Plaintiff is reminded that a declaration should include only facts, not the declarant's personal lay opinion. See Natural-Immunogenics Corp. v. Newport Trial Grp., No. 8:15 CV-02034-JVS (JCGx), 2017 WL 10562991, at *11 (C.D. Cal. Sept. 18, 2017) (declining to consider "legal conclusions or opinions" in declaration filed in support of motion to compel because "they [were] merely argument" instead of evidence); C.D. Cal. R. 7-7 (requiring that declarations contain only factual, evidentiary matter). Plaintiff's conclusory declarations that opposing counsel is "threatening to use this litigation to harass my father," "Robert Nessler informed me of direct threats by Checkmate executives to him," and the like without direct quotations or other actual underlying facts based on personal knowledge demonstrating that "harass" and "threaten" are not just Plaintiff's lay opinion are improper in a declaration.

cc: Judge Frimpong

---

² In his unauthorized supplemental declaration, Plaintiff conclusorily states that some of the documents Defendant seeks "contain highly personal, medical and financial information not just of [the witnesses] but of mine, as I made clear in the brief." (Suppl. Decl., ECF No. 84 ¶ 10.) His original declaration made no mention of any such information, however. But Plaintiff is correct that many of Defendant's document requests are overly broad and could be more narrowly tailored to elicit only relevant responsive materials.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk : bm |
| CIVIL-GEN | |