1  ARJUN VASAN
2  PLAINTIFF IN PRO PER
3  ARJUN.VASAN@GMAIL.COM
4  (562) 900-6541
5  12615 193RD STREET
6  CERRITOS, CA 90703

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>       Plaintiff and Counter-Defendant,<br><br>v.<br><br>CHECKMATE.COM, INC.,<br>(dba "Checkmate")<br><br>       Defendant and Counterclaimant. | Case No.: CV-00765-MEMF-JPR<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**NOTICE OF DEFENDANT'S FAILURE TO TIMELY OPPOSE MOTION TO DISMISS COUNTERCLAIMS (Dkt. 81) AND MOTION TO STRIKE AFFIRMATIVE DEFENSES (Dkt. 79); VIOLATIONS OF L.R. 7-9 AND STANDING ORDER; AND REQUEST TO DEEM AS UNOPPOSED UNDER L.R. 7-12.**<br><br>Complaint Filed: January 28, 2025<br>Hearing: 10:00 a.m. on October 9, 2025<br>Courtroom: 8B |

**TO THE HONORABLE COURT**:

   Plaintiff Arjun Vasan ("AV") files this Notice with respect to his pending Amended Motion to Dismiss Counterclaims, and Motion to Strike Affirmative Defenses, both filed August 15, 2025. To date, Defendant Checkmate.com, Inc. ("Checkmate") has not filed an opposition to either or written statement that it will not oppose the motions (as required by Local Rule 7-9). Pursuant to the Court's Standing Order in § VIII.B, such oppositions were due by August 29, 2025.

   Checkmate has pursued aggressive discovery on its counterclaims, serving broad, multiyear document subpoenas—without prior party notice under Rule 45—to his father, Vasan Varadarajan,

and close friend, Robert Nessler. These subpoenas provide little probative value in defending the affirmative claims, other than to fish for prejudicial material and burden AV's friends and family.

   Under L.R. 7-12 and 9th Circuit precedent, a party's failure to timely oppose constitutes consent to granting of the motion.[1] Here, no showing of excusable neglect is colorable. Previously, Checkmate timely filed its briefs per the Court's modified schedule. Its counsel sent several emails since Aug. 25 regarding purportedly deficient witness disclosures. AV raised the non-opposition on Aug. 30; counsel did not respond. On Sep. 4, counsel followed up regarding its discovery issue. AV again noted the lapse; and counsel replied claiming timeliness and citing L.R. 7-9 (disregarding this Standing Order's expressly superseding requirements and directives). Nothing has yet been filed.

   Checkmate has had a preview of AV's arguments as early as June 2, when AV moved to dismiss the same claims in New York. After full briefing, it voluntarily dismissed and brought them here. Its failure here is in effect a <u>voluntary dismissal on the merits</u>, and the Court should not permit L.R. 7-12 to become a back door around the two-dismissal rule (Fed. R. Civ. P. 41(a)(1)(B), (c)).

   Diverting bandwidth to counterclaims that Checkmate declined to timely defend impedes the pursuit of claims <u>AV chose to bring in this forum</u>. Forty-six is a facially unreasonable number of affirmative defenses, and serves only to burden the Court and AV. Under L.R. 7-12, the Court may deem both motions as unopposed, order Checkmate to show cause for failure to timely oppose, vacate all counterclaim-related discovery, and, <u>on the merits</u>: dismiss its counterclaims and strike its affirmative defenses as AV respectfully sets forth in the integrated [Proposed] Order herewith.

Dated: **September 8, 2025**

In: **Cerritos, California**

**Respectfully submitted**,

/s/ *Arjun Vasan*

**Arjun Vasan**, Plaintiff *In Pro Per*

---

[1] *See* Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (upholding dismissal due to failure to oppose motion as required by local rules). Prior to dismissing an action pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to the [counter-party], (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *Id.* at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. County of Orange,* SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing Henderson, 779 F.2d at 1424; and then citing Malone v. U.S. Postal Serv., 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied,* 488 U.S. 819 (1988)). In *Ghazali,* the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion and had ample opportunity to respond yet failed to do so. *See* 46 F.3d at 54.