# EXHIBIT A

 Arjun Vasan <arjun.vasan@gmail.com>

## Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

9 messages

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>  Mon, Aug 25, 2025 at 5:06 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Vasan,

I am writing to address the deficiencies in your Initial Disclosures, which were served on August 21, 2025. Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Your disclosures have failed to identify several witnesses, including those for whom you have improperly noticed depositions of. Furthermore, it appears that you are operating under the presumption of phased discovery, a matter which the Court has not yet decided upon and is entirely improper.

Accordingly, Checkmate requests that you supplement your initial disclosures with Rule-compliant disclosures **by no later than August 27, 2025**. Should you fail to do so, please provide your availability to meet and confer on August 29, 2025 between 10am-12pm, as Checkmate will move to compel disclosure pursuant to Rule 37(a) and seek appropriate relief from the Court.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, Aug 27, 2025 at 9:33 PM

To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makalito,

I write in response to your Aug. 25 email. I was out of town until today and did not get a chance to reply earlier.

I do not currently intend to use any witnesses other than on my initial disclosures. I believe Griffin Schroeder was the only witness I "improperly noticed depositions of" not on the existing list. In any case, Mr. Schroeder is not required for my employment claims. I intend to bucket my fraud claims with your counterclaims. In any case, he is your party witness.

If the court declines my proposed phasing/bifurcation and your counterclaims survive Rule 12, I will supplement within 14 days. Until then, from my understanding of Rule 26(a)(1)(A)(i), I am not required to disclose any potential witnesses beyond those who I *currently* intend to use to support my claims and defenses. As no such witnesses exist, my initial disclosures are complete.

That being said I will revisit the existing list and supplement, if needed, by the meet and confer on Friday. Your proposed time is acceptable. Given Checkmate's prior misrepresentations during and about these meetings, I request that the meeting is recorded, with mutual consent. I.e. both sides may record.

In the meanwhile, I ask that you address deficiencies in your own disclosures, namely the lack of any numbers (or ranges) in your computation of damages. In addition, please provide any statutory or contractual basis under which you will seek attorney's fees.

Regards,
Arjun Vasan
(562) 900-6541

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                                         Fri, Aug 29, 2025 at 2:11 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makitalo,

Your August 25 email does not comply with C.D. Cal. L.R. 37-1. A moving party's letter must (i) identify each disputed issue/request, (ii) state your position with authority, and (iii) specify the precise relief sought. Please identify which witnesses you contend must be disclosed and the order you intend to seek.

I will have to push the meeting until next week, as you have also not acknowledged that you will be supplementing your damages section. Neither did you agree to timely meet when I sent my L.R. 37 request regarding the subpoenas. That must also be addressed in any meeting. Please confirm that all of these topics will be on the agenda.

I propose we meet in person immediately after the Sept. 4 scheduling conference. That timing is within the 10-day period even if your email were compliant and will allow us to incorporate the Court's guidance on phasing/bifurcation as well as other matters. I will make myself available for the two hours after the hearing.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                                         Fri, Aug 29, 2025 at 8:42 AM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Vasan,

This is a straightforward issue: we urge you to revisit your refusal to supplement your deficient disclosures and to timely meet and confer regarding this important issue. We already identified that, in your initial disclosures, you "have failed to identify several witnesses, including those for whom you have improperly noticed depositions of," in direct violation of Rule

26(a)(1) which requires you "to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Further, you are improperly "operating under the presumption of phased discovery," an issue which the Court has not yet ruled on and is also in violation of Rule 26.  If you refuse to comply with your obligations, we will compel same.

As you know, this meet and confer will address your initial disclosures, not those of Checkmate. We are happy to set another time to meet and confer with you regarding any issues you may have.  In the meantime, discovery is ongoing and consistent with the Rules, Checkmate will supplement its disclosures in good faith as soon as additional information becomes available and a calculation of each category of damages can be made.

As previously confirmed, we are scheduled to meet and confer today at 11 am PST. If you are no longer available at this time, please provide an alternative time today that works for you. Not only is your demand to delay this meet and confer until after the scheduling conference improper and noncompliant, we are not available at that time.  We trust you will not force us to inform the Court again of your refusal to cooperate.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 2:12 AM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                                                                       Fri, Aug 29, 2025 at 10:02 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makitalo,

I believe it is convenient for all parties to meet after the scheduling conference. You are demanding I make myself available today, when the rule only requires meeting within 10 days. I have no obligation to meet earlier than that, and I believe it is imperative to get guidance from the Court before proceeding and unduly burdening non-parties. I am available at any time after the hearing on September 4th. If you cannot meet then, I can meet September 5th any time between 2-4pm.

I would note that on August 15, eleven days ago, I requested a Rule 37 meeting regarding the subpoenas of Robert Nessler and my father. You have not replied within the 10 day time frame. Thus, Checkmate is non-compliant, and the court will be advised. Given this express non-compliance, your refusal to accept my generous offer of a multi-issue meeting is also duly noted.

In addition, your 2 day demand for a supplement was improper. As of now, I have stated I do not intend to rely on Griffin Schroeder. He is an apex witness, and you have not confirmed if he is a party or non-party. If non-party, it would be an undue burden to depose him at this time. Mr. Schroeder is the only party I sent a notice of deposition for that is not on the list. You have also not offered dates as requested on the notices of deposition. Therefore, I consider them void. I will serve new notices that expressly select a date. All such witnesses are on the existing list.

To recap, any witnesses that "the disclosing party may use to support its claims or defenses" are named in my initial disclosures. If and when these change, I will timely supplement.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>    Fri, Aug 29, 2025 at 11:49 AM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

As you are aware, on August 25, 2025, we sent a formal request to meet and confer regarding your deficient initial disclosures, which required you to meet and confer by September 4, 2025, as per Local Rule 37-1. Counsel for Checkmate is unavailable to meet and confer on September 4, 2025. Therefore, we request that you either confirm supplementation of your deficient disclosures or provide your availability to meet before the aforementioned date to avoid any further unnecessary delays and resulting prejudice to Checkmate.

Further, our demand for supplementation is entirely proper and in accordance with Rule 26 of the Federal Rules of Civil Procedure, which mandates complete and compliant initial disclosures. Your refusal to adhere to the Rules and supplement with witnesses and information you have already put forth in pleadings before the Court is entirely improper. On this basis, Checkmate will move to exclude you from using that information or witnesses to supply evidence on a motion, at a hearing, or at a trial, pursuant to Rule 37(c), should you continue to refuse.

Please respond to confirm your supplementation of your disclosures or to provide alternative dates for a meeting prior to September 4, 2025. We expect your cooperation in this matter to ensure compliance with the procedural rules.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 10:02 AM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                          Fri, Aug 29, 2025 at 12:33 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

As you now concede, I offered a date (September 4th) in compliance with the rules, which also require an in-person meeting absent stipulation of the parties. I offered to meet in person in the two hours after the hearing, and *at any time* afterwards by phone. That is a sufficient window for Checkmate's counsel to make time, as you are the movant.

If you are not available for a compliant, in person, meeting, you are free to suggest a date *after* my proposed date.

I also do not concede my witness disclosures were inadequate. Based on my current knowledge and intentions, they are complete. In any case, your August 25th letter was inadequate as it did not clearly specify the relief you would seek (which you have belatedly done now). I gather you have no legal authorities to support your request, as you have provided none.

> The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (*and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request*), and **specify the terms of the discovery order to be sought**. (L-R 37-1)

As such, the true compliance date would be **10 days from today**, September 8, 2025. Other than specified above, I can meet from 2-4pm on both the 5th and 6th, and 11am on the 7th and 8th. As a token of good faith, but without conceding any deficiency, I will serve any supplement (should it be required) by midnight on September 4.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                          Fri, Aug 29, 2025 at 4:59 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Your attempt to mischaracterize our compliance with Local Rule 37-1 is unfounded. We clearly indicated in our August 25, 2025 correspondence that your initial disclosures are in violation of Rule 26 and predicated on the incorrect assumption that discovery is phased, which is not the case. We requested that you supplement your disclosures or provide availability

to meet and confer today, August 29, 2025, on Checkmate's motion to compel disclosure pursuant to Rule 37(a) and seek appropriate relief.

Following your withdrawal of your initial willingness to meet and confer today, August 29, 2025, we also offered September 2, 2025 and September 3, 2025 as dates to meet and confer, which you have refused. Your correspondence suggest a deliberate attempt to delay proceedings until after the scheduling conference, violating Rule 26, which required Rule-compliant disclosures to be served <u>by no later than August 21, 2025</u>.

Again, we request you reconsider and either agree to supplement your deficient disclosures prior to September 4, 2024 or provide your availability to meet and confer in good faith on September 2, 2025 or September 3, 2025, in order to avoid the need for burdening the Court with unnecessary motion practice.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 1:50 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Ms. Makitalo,

Today is the first time you specified the precise relief you seek. Treating today as your compliant L.R. 37-1 letter, Day-10 is Monday, September 8, 2025. I am available in person on Sept. 4–8 at the previously offered times; not earlier. I am not obligated to meet earlier simply to preempt the Court's guidance.

I will not subject non-parties to unnecessary burden. Waiting to incorporate the Court's Rule 16 guidance serves proportionality and avoids unnecessary motion practice.

I did not request case law; I simply noted that you have not stated Checkmate's position with authorities.

Please confirm a date or time as per my availability between Sept. 4-8 as stated (compliant even under your previous inadequate letter).

Best regards,
Arjun Vasan

On Fri, Aug 29, 2025 at 12:56 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

> Mr. Vasan,
>
> September 4, 2025, is the last permissible date for compliance with our request to meet and confer. As stated previously, we are not available to meet on that day. Given that you've now declined our request to meet today, we request your availability to meet on either September 2, 2025 or September 3, 2025, in light of the holiday on September 1, 2025.
>
> We have already provided ample information regarding the basis for Checkmate's motion to compel. While there is no obligation to furnish you with the specific case law we intend to rely upon, we remain open to discussing the substance of our motion further during the meet and confer.
>
> Thank you,
>
> **Rebecca Makitalo**
>
> Associate
>
> K&L Gates LLP
>
> 10100 Santa Monica Blvd
>
> 8th Floor
>
> Los Angeles, CA 90067
>
> Phone: 310 552-5502
>
> Cell: 818 251-6956
>
> rebecca.makitalo@klgates.com
>
> www.klgates.com
>
> **From:** Arjun Vasan <arjun.vasan@gmail.com>
> **Sent:** Friday, August 29, 2025 12:33 PM
> **To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
> **Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>

**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-cv-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Sat, Aug 30, 2025 at 7:05 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makitalo,

At the Rule 26(f) conference, I stated that discovery should not proceed on Checkmate's counterclaims until the pleadings are settled. The Joint Report memorializes that position in my proposed discovery section. That was intended—and serves—as my Rule 26(a)(1)(C) objection to providing initial disclosures on counterclaim topics before the Court sets phasing.

Consistent with that objection, I will serve Phase-I-only initial disclosures by the current deadline and will supplement under Rule 26(e) within 14 days if the Court later permits and accepts any amended counterclaim. To the extent there is any ambiguity, I renew and clarify the 26(a)(1)(C) objection here.

Rule 26(a)(1)(C) clearly states that the court must rule first if a party objects to initial disclosures. I once again reiterate my availability on September 4th after the hearing for an in person meet and confer, and on the 5th through 8th as I have previously stated.

==I further note your failure to timely oppose my motions to dismiss Checkmate's counterclaims and to strike its affirmative defenses. I gather you will seek leave to file a late opposition, or file a notice of non-opposition shortly.==

Best regards,

Arjun Vasan

[Quoted text hidden]