Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca I. Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
 Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counterclaimant*
*CHECKMATE.COM INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARJUN VASAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHECKMATE.COM, INC.,<br><br>　　　　　Defendant.<br><br>―――――――――――――<br>CHECKMATE.COM, INC.,<br><br>　　　　　Counterclaim-Plaintiff,<br><br>　v.<br><br>ARJUN VASAN,<br><br>　　　　　Counterclaim-Defendant. | Case No. 2:25-CV-00765-MEMF-JPR<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**CHECKMATE.COM, INC.'S OPPOSITION TO PLAINTIFF ARJUN VASAN'S NOTICE OF DEFENDANT'S FAILURE TO TIMELY OPPOSE MOTION TO DISMISS COUNTERCLAIMS AND MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>*[Filed concurrently with Declaration of Rebecca I. Makitalo]*<br><br>Complaint Filed: January 28, 2025<br>Amended Complaint Filed: February 21, 2025 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") hereby opposes and responds to Plaintiff Arjun Vasan ("Plaintiff" or "Vasan")'s purported "Notice of Defendant's Failure to Timely Oppose Motion to Dismiss Counterclaims and Motion to Strike Affirmative Defenses" (Dkt. 89) and respectfully requests that this Court permit Checkmate to file oppositions to Plaintiff's First Motion to Dismiss Counterclaims (Dkt. 75), Motion to Strike Affirmative Defenses (Dkt. 79), and Second Motion to Dismiss Counterclaims Amended (Dkt. 81) (collectively, the "Motions").  While Checkmate's contemplated oppositions are timely under the Local Rules, Checkmate recognizes that they are not so under this Court's Civil Standing Order: Checkmate apologizes for this oversight.  It respectfully submits that its counsel's reliance upon the Local Rules rather than this Court's Civil Standing Order is an inadvertent failure that may be corrected and excused with its sincere apology and commitment, as detailed herein, to follow the Civil Standing Order deadlines in the future.  In any event, neither the Federal Rules nor Ninth Circuit authority countenances the sweeping "gotcha" relief sought by Plaintiff. Federal Rule of Civil Procedure 6(b)(1)(B) allows the Court to permit an extension to file untimely papers where a party's failure to act is a result of excusable neglect and is construed broadly to effectuate the general purpose of seeing that cases are tried on the merits, rather than procedural technicalities.  As detailed below, this standard is undoubtedly met here. Checkmate asked Plaintiff to stipulate to this relief.  Declaration of Rebecca I. Makitalo ("Makitalo Decl."), ¶¶ 10-11, Ex. B.  Despite receiving several accommodations from the Court for his own failures to comply with the Rules and the Court's Civil Standing Order, when asked to stipulate to a replacement briefing and hearing schedule so as to avoid burdening the Court with this opposition, Plaintiff refused – thus necessitating this filing. *Id*.

1

CHECKMATE'S OPPOSITION TO PLAINTIFF'S NOTICE OF FAILURE TO TIMELY OPPOSE MOTION TO DISMISS COUNTERCLAIMS AND MOTION TO STRIKE AFFIRMATIVE DEFENSES
1601959488.7

## II.   BACKGROUND

On July 9, 2025, Checkmate filed its counterclaims in this action, asserting claims for Breach of Contract of Intellectual Property Acknowledgement and Assignment of IP and Other Assets, Breach of Contract of Noncompete Agreement, Breach of the Implied Covenant of Good Faith and Fair Dealing, Fraud, Negligent Misrepresentation, and Declaratory Relief (the "Counterclaims"). Dkt. 71. Vasan requested Checkmate stipulate to an extension to file his response to Checkmate's Counterclaims to August 6, 2025, a request to which Checkmate agreed. *See* Dkt. 72, Makitalo Decl., ¶¶ 12-13, Ex. C. On August 6, 2025, Vasan filed a motion styled as "Motion to Dismiss Defendant's Counterclaims." Dkt. 75 ("First Motion to Dismiss"). Thereafter, Vasan submitted an improper *Ex Parte* Application for Extension of Time to Amend First Motion to Dismiss, among other requested relief. Dkt. 76. On August 10, 2025, he withdrew that application. Dkt. 77. On August 15, 2025, Vasan submitted filings entitled Motion to Strike Affirmative Defenses (Dkt. 79) and Second Motion to Dismiss Counterclaims (Dkt. 81) and set them for hearing on September 18, 2025 – putting aside that these were untimely and in violation of the parties' stipulation providing Vasan with additional time to respond (Dkt. 72), they were both also filed less than forty-two (42) days before the hearing date and in violation of Rule 12's mandate that all Rule 12 motions be brought at a single time. *See* Honorable Maame Ewusi-Mensah Frimpong, https://www.cacd.uscourts.gov/sites/default/files/documents/MEMF/AD/Civil%20Standing%20Order%2005.03.2024.pdf ("Civil Standing Order") at 6.

Although Checkmate counsel initially believed that under Local Rule 7-9, Checkmate's oppositions to Vasan's pending and untimely Motions were not due until September 18 (Makitalo Decl., ¶ 4), the Court's Standing Civil Order does indicate that opposition deadlines are tied to the filing of the motion, and not the hearing date, and "[m]ust be filed no later than fourteen (14) days after the filing of the initial Motion." *See* Civil Standing Order at 6.

On August 30, 2025, Vasan notified Checkmate's counsel of a missed deadline but did not explain the basis of his assertion – which contradicted the Local Rules. *Id.*, ¶¶ 6-7, Ex. A. Moreover, at that time, Checkmate's counsel was out of the office with a family emergency. *Id.*, ¶¶ 5, 8-9. This emergency required immediate attention and Checkmate's counsel did not return to the office until September 8, 2025. *Id.*

Upon returning to the office on September 8, 2025, Checkmate's counsel then became aware of the deadline and immediately took action to address the situation. *Id.*, ¶¶ 9-11. Checkmate's counsel asked that Vasan stipulate to an alternate briefing and hearing schedule that would both avoid prejudice and provide Vasan with sufficient opportunity to have his assertions heard on the merits and the Court with sufficient opportunity to review and consider a fully-briefed motion. *Id.*, ¶¶ 10-11, Ex. B. Vasan repeatedly refused to grant Checkmate and its counsel the same courtesy extended to him and failed further to acknowledge that his strident position would require that his own untimely August 15, 2025 filings be stricken and not considered (without any need for an opposition by Checkmate). *Id.*, ¶¶ 10-13, Ex. C.

Checkmate thus has been forced to oppose and request relief. And notwithstanding Vasan's intransigence, Checkmate's counsel has taken measures to ensure that all deadlines are calendared in strict accordance with the Court's Civil Standing Order. *Id.*, ¶ 14.

### III.   ARGUMENT

#### A. Checkmate's Failure To File A Timely Opposition To Plaintiff's Motions Is Excusable Neglect

Federal Rule of Civil Procedure 6(b)(1)(B) permits a party to request additional time from the Court to file its papers "on motion made after the time has expired if the party failed to act because of excusable neglect." To determine whether neglect is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*

3

*v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993)); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

Here, Checkmate's counsel apologizes for the delay in timely filing oppositions to Vasan's Motions, which are a result of mere excusable neglect, not bad faith. Checkmate's delay was caused by an mistaken reliance upon the routine deadlines as set forth by Local Rule 7-9, requiring that opposing papers be filed "not later than twenty-one (21) days before the date designated for the hearing of the motion," rather than this Court's Civil Standing Order, which provides for a modified briefing schedule, stating that oppositions "[m]ust be filed no later than fourteen (14) days after the filing of the initial Motion." *See* Civil Standing Order at 6. While the reason for the delay was within Checkmate's counsel's control, the mistake was inadvertent and not the result of bad faith or an intentional disregard for the Court's Civil Standing Order. Though Vasan informed Checkmate's counsel of this missed deadline on August 30, 2025, Checkmate's counsel was out of the office due to a family medical emergency resulting in the passing of a family member. Makitalo Decl., ¶¶ 5, 8-9. Once Checkmate's counsel returned to the office and was made aware of the missed deadline, Checkmate's counsel immediately took steps to address this oversight in good faith. *Id.*, ¶¶ 9-11. Checkmate's counsel apologizes for the inconvenience caused to the Court and seeks the Court's understanding and consideration to file oppositions to Vasan's Motions by September 18, 2025. *Id.*, ¶ 9, 14.

There is no evidence that Vasan can credibly claim he will suffer any prejudice if Checkmate is permitted to file oppositions to Vasan's Motions by September 18, 2025. Currently, the Court is not scheduled to hear Vasan's Motions until October 9, 2025 (Dkt. 82), giving Vasan adequate time to consider and respond to Checkmate's contemplated oppositions. Additionally, extending the deadline for Checkmate to file its oppositions by three weeks from the original deadline is minimal and will have no

4

meaningful impact on the proceedings. If, however, the Court believes additional time is necessary to accommodate Checkmate's extension of time to file its oppositions, Checkmate respectfully requests a short continuance of the hearing date to allow full consideration of the Motions and responsive papers, which Vasan cannot demonstrate will cause him any prejudice – particularly in light of the fact that Vasan's own August 15, 2025 filings were untimely under Rule 12 and the parties' stipulation.

Indeed, Checkmate has previously agreed to Vasan's request for an extension of deadlines (Dkt. 72) and as detailed above, Vasan has also, on multiple occasions, been given leeway by this Court where his improper filings have violated the Rules and this Court's Standing Order. *See* Dkt. 85, 67. Accordingly, Vasan cannot credibly claim prejudice should Checkmate be granted a short extension of time to respond to his Motions due to Checkmate's counsel's inadvertent calendaring issue. Vasan cannot reasonably expect that it is only his litigation adversary's filings that should be stricken for failure to comply with applicable time periods.

In any event, while the weighing of *Pioneer*'s equitable factors is left to the discretion of the court, *see Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004), this Court has previously exercised such discretion in considering untimely oppositions in similar circumstances. *See Williams v. Specialized Loan Servicing, LLC*, Case No.: 5:22-cv-01881-MEMF-SPx, 2023 WL 4203383, at *4 (C.D. Cal. Jun. 23, 2023) (finding absence of bad faith where opposition filed in accordance with Local Rules rather than standing order); *M.M. by and Through Ficklin v. Antelope Valley Union High School Dist.*, Case No.: 2:24-CV-01338-MEMF-AGR, 2024 WL 4560172, at *2, n.2 (exercising discretion to consider untimely opposition). Accordingly, Checkmate respectfully requests this Court deny Vasan's requested relief in his Notice, find Checkmate's counsel's mistake to be that of excusable neglect, and permit Checkmate to file oppositions to Vasan's Motions by no later than September 18, 2025.

///

### B. Good Cause Exists To Excuse Checkmate's Counsel's Inadvertent Reliance Upon The Local Rules And Permit The Filing Of Oppositions To Vasan's Motions

Good cause is not a rigorous or high standard under Rule 6(b), and courts construe it broadly. *See Ahanchian v. Xenon Pictures*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts") (citations omitted). In fact, courts in the Ninth Circuit have consistently found that inadvertent calendaring mistakes, while they may be negligent, constitute "good cause" under Rules 6(b) to entitle relief for late filings. *See id.* at 1259, 1262 (reversing district court's denial of extension where the delay resulted from a calendaring error involving a local rule); *Pincay*, 389 F.3d at 860 (affirming defendant's motion for an extension of time to file the notice of appeal due to calendaring error); *Bateman*, 231 F.3d at 1223-24.

Moreover, Rule 6(b), like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (citation omitted). The Federal Rules of Civil Procedure serve "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Here, Checkmate's counsel's inadvertent reliance upon the routine deadlines set forth by the Local Rules, rather than this Court's Civil Standing Order, constitutes good cause under Rule 6(b). The Court should grant Checkmate's request for an extension to file its oppositions to Vasan's Motions. If Checkmate is not permitted to file oppositions to Vasan's Motions, it will be severely prejudiced, and the result could be futile to Checkmate's claims and defenses. Furthermore, denying Checkmate the opportunity to be heard on the issues addressed in Vasan's Motions would undermine the principle of resolving disputes on the merits rather than through procedural technicalities, which the Rules and the Ninth Circuit disfavors. Thus, given that as soon as Checkmate's counsel discovered the missed deadline and promptly took

action to address this oversight in good faith, the Court should excuse Checkmate's counsel's inadvertent mistake and allow both Plaintiff and Defendant the opportunity to fully advocate for their positions and adjudicate the action on the merits.

## IV. CONCLUSION

For the foregoing reasons, Checkmate respectfully requests that the Court deny Plaintiff's requested relief in his Notice, grant Checkmate's request to file oppositions to Vasan's Motions by September 18, 2025, and if necessary, continue the hearing set for October 9, 2025 to allow the Court ample time to consider the Motions and responsive papers.

Date: September 9, 2025                K&L GATES LLP

_[signature]_

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
Jacob R. Winningham (SBN 357987)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC.*