Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br>     Plaintiff and Counter-Defendant <br><br> vs. <br><br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br>     Defendant and Counterclaimant | Case No.: 2:25−cv−00765−MEMF−JPR <br> Hon. Maame Ewusi-Mensah Frimpong <br><br> **DECLARATION OF ARJUN VASAN IN OPPOSITION TO DEFENDANT CHECKMATE'S REQUEST FOR AN EXTENSION OF TIME TO OPPOSE** <br><br> Complaint Filed: January 28, 2025 <br> Hearing Date: October 9, 2025 <br> Hearing Time: 10:00 a.m. |

I, Arjun Vasan, declare as follows:

1. I am the Plaintiff and Counter-Defendant in this action and submit this declaration in support of my Request to Deem Motions as Unopposed. I have personal knowledge of the facts stated herein, and if called to testify could and would do so competently.

2. On July 24, 2025, I noticed that previous lead counsel had withdrawn from representing Checkmate and sent an email to inquire about his replacement.

3. Checkmate counsel Rebecca Makitalo replied that I could communicate about the case with any of herself, Ryan Q. Keech or Stacey Chiu. She did not name a lead.

4. Exhibit A is a true and correct copy of this email exchange.

5. On August 7th, the parties held their Rule 26(f) conference. Ms. Makitalo and Mr. Jake Winningham were representing Checkmate.

6. I began the conference by asking who the new lead counsel was. Ms. Makitalo repeated her earlier answer that I could communicate with all three "counsel of record", again naming herself, Ryan Keech and Stacey Chiu.

7. I rephrased the question, stating that I understood I could communicate with all three, but would like to know who the lead counsel would be.

8. Ms. Makitalo again repeated the same answer. I said, "so all three of you are the lead counsel?". Ms. Makitalo confirmed.

9. Wanting to move on, I accepted the answer. At the end of the call, I once again repeated the question, noting that in my understanding, the Court's Standing Order and the Local Rules required the designation of a lead counsel.

10. Ms. Makitalo, this time, named Ryan Q. Keech as the lead counsel.

11. Later that day, I pointed out by email that lead counsel was not on the call. Mr. Keech responded by accusing me of gender bias as I allegedly could not believe that a "woman lawyer" could be the lead and named Ms. Makitalo as the lead counsel. A true and correct copy of Mr. Keech's email is Exhibit B.

12. On August 12-14, the parties discussed the Joint Rule 26(f) Report over email.

13. Checkmate provided its sections in PDF format. Having some difficulty copying its sections, I requested a Word version.

14. Checkmate declined to provide a Word version, stating that if I was incapable of copying and pasting from a PDF, I should have let them file the report.

15. Checkmate also demanded a redline, despite not having provided a Word version.

16. Eventually I managed to copy its sections over and sent a combined PDF version back.

DECLARATION OF ARJUN VASAN

17. Ms. Makitalo then demanded that I provide a Word version, and further that if I did not it would accuse me of being uncooperative and acting in "bad faith".
18. A true and correct copy of this email exchange, with relevant sections highlighted is attached as Exhibit C.
19. From August 25-29, Checkmate repeatedly claimed that my initial disclosures were "deficient" regarding witnesses, seeking to set up a meet and confer.
20. I mentioned that Checkmate had never replied to my outreach regarding its subpoenas to Robert Nessler and Vasan Varadarajan (my father), and it had failed to provide a proper computation of damages in its own disclosures.
21. I sought to streamline the discussion and hold a combined meet-and-confer. Checkmate repeatedly refused to discuss any topics other than my witness disclosures.
22. I requested that the meeting be recorded, given the earlier accusation of gender bias, and repeated threats of "telling the court", I felt uncomfortable meeting off the record.
23. After initially agreeing, Checkmate withdrew its consent to recording and demanded that if I wanted to record, I would have to foot the entire cost for a court reporter.
24. These exchanges happened over multiple email threads created by Checkmate. A true and correct copy of one such exchange is Exhibit D.
25. On August 30, I informed Checkmate that it appeared to have missed the deadline to oppose my motions. Checkmate did not respond.
26. On September 3, I received an autoreply from Ms. Makitalo, stating that she was "in trial" and with limited ability to respond to emails; Exhibit F is a true and correct copy.
27. On September 4, Mr. Winningham reached out, again about my witness disclosures.
28. I replied, reiterating that Checkmate had failed to timely oppose the motions. Mr. Winningham replied insisting that Checkmate still had time under the local rules.
29. Several emails later, after double checking the rules, I replied that Checkmate was in violation of the Standing Order.
30. Checkmate finally addressed the late oppositions on September 8, after I had submitted the instant Notice of Failure to Timely Oppose.

31. Checkmate offered to stipulate to a late reply in exchange for my stipulating to a late opposition. I pointed out that per the Standing Order, any reply would only be due seven days after an opposition was submitted, so I was not late.

32. Checkmate repeatedly threatened to "tell the court" if I did not agree to its terms.

33. Checkmate returned to its demand for an unconditional meet and confer, refusing my request for mutual recording and combined discussion of my issues. Checkmate then threatened to bypass the Rule 37 joint stipulation process if I declined its terms.

34. A true and correct copy of the September 8-10 exchange is Exhibit D.

*I Declare under Penalty of Perjury under the laws of the United States and the State of California that the foregoing is True and Correct.*

**Executed on**: September 16, 2025

In **Cerritos, California**

Respectfully Submitted,

*/s/ Arjun Vasan*

By: **Arjun Vasan**
Plaintiff In Pro Per