# EXHIBIT D

 Arjun Vasan <arjun.vasan@gmail.com>

## RE: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

14 messages

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>   Mon, Sep 8, 2025 at 1:48 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

While I am sure you can understand that, at this point, whatever operative motion you may intend to be heard is somewhat unclear in light of your multiple withdrawals and re-filings of motions. Further, your complaints regarding compliance with the Court's standing order deadlines are otherwise unavailing in light of your own violation of the Court's requirement that all motions "must be filed no later than forty-two (42) days prior to the hearing date on the Motion" (Judge Frimpong Standing Order, Section VII.B; compare Dkts. 79, 81 (motions filed on August 15, 2025 set for hearing on September 18, 2025)) and failure to file a timely reply, we will of course be filing oppositions.  We anticipate filing Checkmate's oppositions on or around September 18, 2025, in accordance with the deadlines set forth by the Local Rules.  To the extent you are correct that these oppositions were due on August 29, 2025, pursuant to Section VIII of the Court's Standing Order, we request your stipulation to such filing to avoid burdening the Court with unnecessary motion practice. Additionally, we are open to stipulating to an alternate date for your reply and requesting a new hearing date to ensure the Court has ample time to consider the motions.  Please let us know if you agree, and we would be happy to draft the stipulation for your review.

If you decline to stipulate, we will be requesting that the Court grant leave for such filing and a continuance of the relevant hearing dates in accordance with relevant authority.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

[10100 Santa Monica Blvd](#)

[8th Floor](#)

[Los Angeles, CA 90067](#)

Phone: 310 552-5502

Cell: 818 251-6956

[rebecca.makitalo@klgates.com](#)

[www.klgates.com](#)

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Monday, September 8, 2025 8:59 AM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Mr. Winningham,

You are mistaken that Checkmate still has time to file oppositions to the August 15 motions. The Court's Standing Order supersedes the Local Rules regarding briefing schedule, and notes (in § VIII.B) that "Moreover, all Motions must be filed in accordance with the following modified briefing schedule, *which differs from the timing of the Local Rules*:"; that Oppositions "Must be filed no later than fourteen (14) days **after the filing of the initial Motion**"; and finally that "**If at any time the hearing date on a motion is continued, there is no change to the default briefing schedule set forth above.**".

As Checkmate not only failed to timely oppose, but declined to even review the applicable rules upon my own repeated notice of this failure, and has yet not opposed either motion, I see no point in a meet and confer that addresses only Checkmate's counterclaims - which are now a moot issue.

So again, I reiterate my expectation that Checkmate will *immediately* withdraw its premature, overbroad and burdensome subpoenas served on my father, Vasan Varadarajan, and VoiceBite cofounder Robert Nessler.

If Checkmate is willing to discuss its own deficient disclosures on Wednesday, with mutual consent to recording (no court reporter unless Checkmate pays), we can preserve the current meeting date/time.

Best regards,

Arjun Vasan

On Sun, Sep 7, 2025 at 5:54 PM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

> Mr. Vasan,
>
> I am writing to clarify two points raised in our recent correspondence.
>
> As an initial matter—the scope of Wednesday's meet-and-confer is limited to the issues raised by Ms. Makitalo and myself regarding your insufficient initial disclosures. If you would like to discuss any other topics (i.e., any topics other than your initial disclosures), we can schedule a separate meet-and-confer addressing those distinct issues.

Second—at this time, we do not consent to any non-court-reporter recording of any meet-and-confers (including the meet-and-confer scheduled for this coming Wednesday, September 10). You are free to book a court reporter if you wish. We reserve all other rights regarding the recording of all future meet-and-confers.

Please let me know if I can provide any additional information or clarification regarding the above. Have a good rest of your day.

Best,

Jake Winningham



**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

[jacob.winningham@klgates.com](mailto:jacob.winningham@klgates.com)

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Sunday, September 7, 2025 5:36 AM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Mr. Winningham,

As I've stated previously, I would like to discuss all pending topics, including my own request for Checkmate to disclose a compliant computation of damages. I presume since you offered, Checkmate has withdrawn its earlier objection to discuss any topic other than its insistence my witness list is incomplete. In that case, I would like to add the following topics to the agenda.

**1. Damages Computation (Rule 26(a)(1)(A)(iii)).**
I am requesting a compliant computation of damages (with the documents on which it is based). If Checkmate maintains it has already complied, please identify where; otherwise, please confirm when an updated computation will be served. Absent resolution, I intend to move to compel and request preclusion of any damages not computed with specificity.

**2. Forthcoming limited Rule 24(b) permissive intervention.**

In addition, I would like to confer regarding my forthcoming limited Rule 24(b) permissive intervention to add other VoiceBite founders. At this time, the California-based founders will join, while the Canada based founder may join later. They would be represented by a single counsel, and only added to specific claims as follows:

Proposed intervenors (to be represented by Grant Thomas):
- Robert Nessler (CA) — breach of contract (offer letter/bonus); promissory fraud/fraudulent inducement.
- Isamu Aoki (CA) & Paul Garcia (CA) — breach of contract (offer letter/bonus).
- Christopher Lam (Canada) — may seek to intervene later; not part of this motion.

**Scope/Jurisdiction/Venue (**28 U.S.C. §1331 && §1367(a) supplemental jurisdiction**):**

The intervention will be limited to breach of contract on the bonus agreement/offer-letter (and the fraud claims for Mr. Nessler)**.** Federal-question jurisdiction exists via my FMLA claim (28 U.S.C. §1331), with §1367(a) supplemental jurisdiction over the founders' claims (same nucleus: 2024 offer letters/bonus program, common witnesses and documents). As to the California founders, the Court has already ruled Labor Code §925 applies; their execution-stage facts (primarily resided/worked in CA; agreement as a condition of employment; no individual counsel during the negotiation) mirror those findings.

As the others will be represented by counsel, they will also be seeking fees under Labor Code §218.5 as well as any other applicable statutory protections. For now, I will remain pro se.

**I propose the following stipulation to streamline filing**:

(a) consent to permissive intervention limited as above; (b) Checkmate to answer or move within 14 days of service of the Complaint-in-Intervention; oppositions due 14 days thereafter; replies 7 days thereafter; and (c) no change to the existing briefing/hearing schedule on pending motions. (d) subpoena to Mr. Nessler is withdrawn and (if desired) noticed under Rule 30. (e) Service by ECF/email for all parties, including for discovery.

Please confirm the above topics will be on the agenda.

Best regards,

Arjun Vasan

On Thu, Sep 4, 2025 at 5:20 PM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

> Mr. Vasan,
>
> Thank you for agreeing to meet at 2:00 pm on Wednesday, September 10th. We will send an invitation for a Microsoft Teams meeting at that time shortly. With regards to the recording of that meet-and-confer, we are amenable to such a practice. However, we request that both parties confirm their consent to any recording at the outset of the actual meet-and-confer, and that no recording begins prior to that confirmation at the beginning of the meeting.
>
> Regarding your argument that Checkmate has failed to timely file oppositions to your Motions to Dismiss Checkmate's Counterclaims and to Strike Checkmate's Affirmative Defenses: C.D. Cal. L.R. 7-9 states that oppositions must be filed not later than 21 days before the hearing date. On August 18, the Court entered a minute order continuing the hearing date on the Motions in question to October 9, 2025. (*See* Dkt. 82.) As of today's date (9/4), the October 9, 2025 hearing on the Motions in question is 35 days away. Therefore, the deadline for Checkmate to file its oppositions has not yet passed.
>
> Please be in touch if there are any topics you would like to discuss further prior to our meet-and-confer on Wednesday.
>
> Best,
>
> Jake Winningham



**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

jacob.winningham@klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Thursday, September 4, 2025 4:43 PM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Mr. Winningham,

Nice to connect and likewise. My stance has been update as follows:

Checkmate did not timely file oppositions to my motions to dismiss its counterclaims and to strike its 46 affirmative defenses. This is a violation of C.D. Cal. L.R. 7-9, requiring parties to file a notice of non-opposition or timely oppose. It has yet to do so 6 days past the August 29th deadline. Under C.D. Cal. L.R. 7-12, such failure constitutes consent.

In this posture, counterclaim discovery should not proceed. If it could not defend its pleading with what it has in possession, *Twombly*/*Iqbal* requires those doors stay closed.

I expect Checkmate to promptly withdraw the subpoena issued to my father which is entirely irrelevant to its own defenses; to withdraw (or modify and substantially narrow) that issued to Mr. Nessler; and to update its own disclosures accordingly.

I am free to meet on the 10th at 2pm, and will supplement my initial disclosures by then with any potential witnesses related to my **affirmative claims** not already present.

As previously noted, I request and offer consent to recording of any telephonic/virtual meet-and-confer. As Ms. Makitalo did not oppose, I presume Checkmate consents to that as well.

Best regards,

Arjun Vasan

On Thu, Sep 4, 2025 at 9:30 AM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

> Mr. Vasan,
>
> I hope that you are well.  I am writing to follow up on last week's correspondence between Ms. Makitalo and yourself.  Given that the Court's Trial Order states that the parties should "raise their disputes with respect to phasing of discovery and other limitations on discovery" with the Magistrate Judge (*see* Dkt. 88 at 2:15-17), we would like to find a time to meet-and-confer regarding the supplementation of your Initial Disclosures as discussed in last week's correspondence.
>
> To reiterate Ms. Makitalo's previous correspondence: it is our stance that your Initial Disclosures are deficient in their failure to properly identify witnesses, and therefore violate Rule 26(a)(1)'s requirement that parties "provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses."  Moreover, you are improperly operating under the presumption of phased discovery, despite the lack of any ruling from the Court allowing for such phased discovery.  If the parties cannot come to an agreement on proper supplementation of your Initial Disclosures, Checkmate will move to compel that supplementation.
>
> Presuming that your stance has not changed since your last exchange with Ms. Makitalo, a meet-and-confer is necessary to discuss the above.  Please let us know your availability for a telephonic or virtual meet-and-confer after 12:00 p.m. on Tuesday, September 9 and Wednesday, September 10.  Thank you.
>
> Best,
>
> Jake Winningham
>
> 
>
> **Jacob Winningham**
>
> Associate
>
> K&L Gates LLP
>
> 10100 Santa Monica Blvd
>
> 8th Floor
>
> Los Angeles, CA 90067
>
> Phone: 310 552-5042
>
> jacob.winningham@klgates.com
>
> www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jacob.Winningham@klgates.com.

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Tue, Sep 9, 2025 at 6:24 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

Judge Frimpong's Standing Order governs briefing. Oppositions are due 14 days after the motion is filed, and replies are due 7 days after the opposition. Because no opposition was filed, no reply deadline was triggered. If and when you file for leave, and if leave is granted, my reply would be due 7 days later.

I don't stipulate to retroactively excuse the missed opposition. If you seek leave under Rule 6(b)(1)(B), I'll respond as the Court directs. If leave is granted, my reply will be due 7 days after your opposition per the Standing Order. I don't need to stipulate in order to be able to reply on time.

As my notices stated, I acknowledged the 42-day requirement and expressly invited the Court to continue the hearing if it prefers both motions be heard together. By contrast, your side filed no opposition, ignored my repeated notice that you were late, offered no explanation, and insisted—incorrectly—that Local Rule 7-9 controlled.

I am willing only to meet and confer under the conditions that I have stated: the meeting is recorded, subpoenas withdrawn, counterclaim discovery paused.

Then and only then can we discuss under what terms I might stipulate.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Tue, Sep 9, 2025 at 1:04 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

I want to clarify that it is extremely unlikely I would stipulate to leave. I will oppose leave if you request it, and move to strike any brief filed without requesting leave in a separate motion. As of now, pressing counterclaim discovery will expose you to a strong inference of bad faith and gamesmanship.

You are now 11 days overdue, and yet insist you will disobey the Standing Order and file as per the Local Rules. I don't think the Court will accept that the four qualified attorneys on this thread, three of whom have filed according to the Court's modified schedule to date in this case, suddenly *forgot*.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>  Tue, Sep 9, 2025 at 1:21 PM
To: Arjun Vasan <arjun.vasan@gmail.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

Thank you for this email. ==We will be submitting this email to the Court.== We remind you, and will remind the Court, that your August 15, 2025 filings were submitted in violation of Rule 12 and your obligation to file your response to Checkmate's counterclaims by the extended deadline of August 6, 2025 – an extended deadline to which you will no doubt recall Checkmate stipulated as a result of your claims that you required the additional time. Are we to understand this email as asserting your view that your August 15, 2025 filings are also subject to being stricken as untimely and that the Court should take your failure to timely respond to Checkmate's counterclaims as consent to the relief Checkmate seeks? Or do you have a different view as to your obligation to follow the rules?

==In any event, we will submit your emails to the Court and will proceed accordingly.==

Thank you and best regards,

**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Tue, Sep 9, 2025 at 2:02 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Keech,

You are free to submit to the court anything you want. I filed a timely response, despite just being discharged on August 4th, nearly 10 days after I had expected. I noted in that response that I would be amending as soon as practicable. I further noted in the Joint Rule 26(f) report that I would be amending on August 15th. I kept you and the court apprised, and filed the amended motion on that date. Prior to opposition, it is common for courts to accept superseding amended motions.

You have offered no reason for your failure to meet the deadline, other than you prefer the Local Rules to the Standing Order. You did not file *any* opposition or ask for a short extension of time to amend.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                                  Wed, Sep 10, 2025 at 3:00 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

I am writing to address your absence at the scheduled meet and confer today, September 10, 2025, at 2 p.m., concerning the deficiencies in your initial disclosures. As you are aware, during our previous communications, you committed to supplementing your deficient disclosures prior to today's meet and confer, which you have failed to provide. We again request that you promptly supplement your disclosures to identify individuals and information as required by Rule 26 and commit to a date certain for compliance.

Additionally, please provide your availability for a rescheduled meet and confer to address these ongoing issues. If you refuse to do so, Checkmate will move under Rule 37 to exclude you from using these witnesses or information to supply as evidence in a motion, at a hearing, or at trial. To avoid this unnecessary motion practice, we ask that you confirm whether you will supplement your disclosures with the required information and provide your availability to meet and confer.

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                                  Wed, Sep 10, 2025 at 3:50 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

I did not confirm today's meeting, as the conversation made it seem up in the air. I will meet, but it must be reciprocal (both sides' Rule 26(a)(1) issues, not just mine) and on the record (mutual audio recording; or a court reporter at Checkmate's expense).

Proposed date/time (Pacific) — Tuesday, Sept. 16:

- 10:00–11:00 a.m. PT, or
- 2:00–3:00 p.m. PT

Please confirm which slot and whether you agree to **mutual recording** (or a reporter).

**My supplementation:** I will serve a Rule 26(a)(1) supplement by Mon., Sept. 15, 5:00 p.m. PT, identifying any additional individuals I may use to support my affirmative claims (with subjects and contact info). I do not presently intend to use witnesses solely related to your counterclaims, as they are subject to my pending/yet-unopposed MTD. If and when that changes, I would timely supplement.

**Your supplementation (same date):** Please serve a compliant damages computation, with supporting documents, pursuant to Rule 26(a)(1)(A)(iii) for your counterclaims by the same date/time.

If you decline a reciprocal, recorded session and proceed to Rule 37, I will oppose. I am providing a date-certain supplement and near-term availability to confer on both sides' obligations. Mutual recording is free for both sides, and there is no conceivable reason to oppose it unless you *intend* to misrepresent the meeting as Checkmate has done numerous times.

Best regards,

Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>  Wed, Sep 10, 2025 at 4:43 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

I take your conditional correspondence as a refusal to meet and confer regarding your deficient disclosures, as repeatedly requested since as early as August 25, 2025. Given your stance and unwillingness to comply with the requirements of Rule 26, Checkmate will proceed with a Rule 37 motion to compel compliance.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 3:50 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>

[Quoted text hidden]

[Quoted text hidden]

---

Arjun Vasan <arjun.vasan@gmail.com>  Wed, Sep 10, 2025 at 4:51 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

==If you intend to move to compel on witnesses, please serve your LR 37-2.2 moving portion; I will return my portion within 7 days of receipt. We will also address your overdue Rule 26(a)(1)(A)(iii) damages computation.==

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, Sep 10, 2025 at 4:59 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

==To be clear, I am not refusing to confer.== I will meet on Tue., Sept 16 at 10–11 a.m. PT or 2–3 p.m. PT, provided the conference is mutually audio-recorded (or with a court reporter at your expense) and covers both sides' Rule 26 obligations, including your overdue Rule 26(a)(1)(A)(iii) damages computation with supporting documents. If you refuse these fair and mutual terms, it is Checkmate that has refused to meet, not me. Every time I offered a mutual meeting, you have refused to include any concerns that I have. That is not cooperation from your side. That is not even an attempt to cooperate, which requires compromise. If you proceed to file and declare that I did not cooperate, the email thread will show several attempts at cooperating and your insistence on a one-way, unfair meeting.

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>  Wed, Sep 10, 2025 at 5:16 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

We have been requesting to meet and confer on your deficient initial disclosures for over two weeks now. Despite our repeated requests for disclosures that comply with the applicable rules, and your indication you would supplement your disclosures by today at 2 p.m., you have failed to provide them. Your refusal to meet and confer unless your conditions are met is a blatant disregard for the procedural requirements and our efforts to resolve this matter without burdening the Court. Regarding your demand to record the meeting, we are willing to accommodate your request only under the condition that a mutually agreed upon court reporter is present, and this will be at your expense. No other recording methods will be accepted.

Due to your continued refusal to engage in a meet and confer without imposing unreasonable conditions, we are left with no choice but to proceed with our Rule 37 motion. We urge you to reconsider your position to avoid unnecessary motion practice. Please let us know how you wish to proceed.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 4:59 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, Sep 10, 2025 at 5:38 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

I am not refusing to confer. I'll meet on Tue., Sept 16 at 10–11 a.m. PT or 2–3 p.m. PT if (a) we mutually audio-record, or (b) we use a court reporter at Checkmate's expense with a transcript within 2 business days. If you decline both, let's satisfy LR 37-1 **in writing** as follows (simple protocol):

1. Single email thread titled "LR 37-1 Written M&C — Initial Disclosures."

2. Initiating party sends: (i) a short issue list, and (ii) ≤300 words per issue stating its position and requested relief. For instance, I would like to know who exactly you think should be on this list, because I do not know any other witnesses "I may use" as of now.

3. Other side replies on the same thread within 2 business days, ≤300 words per issue.

4. Optional one reply per side, ≤150 words per issue, within 1 business day.

5. One-page status chart ("Resolved / Narrowed / Unresolved") circulated by the initiating party; attach this chart to any LR 37-2.2 if issues remain.

6. No waiver: participation preserves all objections; nothing here limits Rule 26(c) / Rule 45 rights.

7. If unresolved, the moving party serves its LR 37-2.2 moving portion; I'll return my portion within 7 days of receipt.

If you prefer the written option, we may begin tomorrow.

As noted, I will serve a Rule 26(a)(1) supplement for my affirmative claims by Mon., Sept 15, 5:00 p.m. PT and will 26(e) supplement within 7 days of any order that keeps a counterclaim alive. Please also serve your Rule 26(a)(1)(A)(iii) damages computation (with supporting documents) by the same date.

Please confirm one of the three options (recorded call / reporter at your expense / written protocol).

Best,

Arjun

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>  Wed, Sep 10, 2025 at 5:53 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

We will make ourselves available for a meet and confer to discuss your deficient disclosures on September 16, 2025 at 2 p.m. If you intend to engage a court reporter for the meeting, please provide the relevant details for mutual agreement by no later than Friday, September 12, 2025. Otherwise, we will proceed with our motion as indicated in accordance with the applicable Rules.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 5:39 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Thu, Sep 11, 2025 at 3:57 PM
Draft To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>