Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
 Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counter-Claimant*
CHECKMATE.COM INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARJUN VASAN, <br><br> Plaintiff, <br><br> v. <br><br> CHECKMATE.COM INC., <br><br> Defendant. | Case No. 2:25-CV-00765-MEMF-JPR <br><br> Hon. Maame Ewusi-Mensah Frimpong <br><br> **DEFENDANT CHECKMATE.COM INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |
| CHECKMATE.COM INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> ARJUN VASAN, <br><br> Counterclaim-Defendant. | Complaint Filed: January 28, 2025 <br> Amended Complaint Filed: February 21, 2025 |

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................................1

II.    ARGUMENT ......................................................................................................1

III.   PLAINTIFF'S MOTION IS PROCEDURALLY IMPROPER.......................2

IV.    CHECKMATE'S AFFIRMATIVE DEFENSES ARE ADEQUATELY PLED. ..................................................................................................................3

    A.   Plaintiff's Affirmative Defenses Are Pled With The Requisite "Fair Notice" ......................................................................................................3

    B.   Checkmate's Affirmative Defenses Are Well-Established ....................4

    C.   Any "Negative" Defenses Mislabeled As "Affirmative" Should Not Be Stricken ..............................................................................................6

V.     PLAINTIFF HAS FAILED TO IDENTIFY ANY BASIS HE WILL SUFFER PREJUDICE IF ANY OF CHECKMATE'S AFFIRMATIVE DEFENSES ARE NOT STRICKEN ................................................................7

VI.    CHECKMATE REQUESTS LEAVE TO AMEND SHOULD ANY AFFIRMATIVE DEFENSES BE STRICKEN ...............................................7

VII.   CONCLUSION ..................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re 2TheMart.com, Inc. Securities Litigation*,
    114 F. Supp. 2d 955 (C.D. Cal. 2000) ................................................................. 1

*ACCU Casting Co. v. Yunhong Zou*,
    No. 2:22-CVCase 05377 MEMF (AFMX), 2023 WL 6783302 (C.D.
    Cal. May 19, 2023) ............................................................................................ 4, 7

*Aetna Life Insurance Company v. Alla Medical Services Incorporated*,
    855 F.2d1470 (9th Cir. 1988) ............................................................................. 3

*Agricola Cuyuma SA v. Corona Seeds, Inc.*,
    2019 WL 1878353 (C.D. Cal. Feb. 20, 2019) .................................................. 5, 6

*Armstead v. City of Los Angeles*,
    66 F. Supp. 3d 1254 (C.D. Cal. 2014) ................................................................ 1

*Chilicky v. Schweiker*,
    796 F.2d 1131 (9th Cir. 1986) ............................................................................. 3

*Colaprico v. Sun Microsystems, Inc*,
    758 F. Supp. 1335 (N.D. Cal. 1991) ................................................................... 1

*Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*,
    No. EDCV 11-197 RSWL, 2011 WL 3809933 (C.D. Cal. Aug. 25,
    2011) ................................................................................................................... 6

*Gray v. Ralphs Grocery Co.*,
    No. CV 23-8278-DMG, 2024 WL 5713616 (C.D. Cal. June 20,
    2024) ................................................................................................................... 7

*In re Honest Co., Inc. Sec. Litig.*,
    343 F.R.D. 147 (C.D. Cal. 2022) ..................................................................... 6, 7

*Kohler v. Bed Bath & Beyond*,
    LLC, No. CV 11–4451 RSWL (SPx), 2012 WL 424377 (C.D.Cal.
    Feb.8, 2012) ........................................................................................................ 7

*Moss v. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ............................................................................... 8

*Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*,
    2013 WL 3776337 (C.D. Cal. July 17, 2013) ................................................... 4, 5

*Quintana v. Baca*,
    233 F.R.D. 562 (C.D. Cal. 2005) ................................................................................ 1

*S.E.C. v. Sands*,
    902 F. Supp. 1149 (C.D. Cal. 1995) .......................................................................... 2

*Simmons v. Navajo Cnty., Ariz.*,
    609 F.3d 1011 (9th Cir. 2010) ................................................................................... 4

*Smith v. Wal–Mart Stores*,
    No. C 06–2069 SBA, 2006 WL 2711468 (N.D. Cal. Sep. 20, 2006) .................. 1

*Vora v. Equifax Info. Servs., LLC*,
    No. SACV1900302AGKESX, 2019 WL 3220023 (C.D. Cal. May
    29, 2019) ....................................................................................................................... 5

*Whiting v. Albek*,
    No. EDCV191542DMGSHKX, 2020 WL 7382777 (C.D. Cal. Oct.
    30, 2020) .................................................................................................................. 6, 7

*Wyshak v. City Nat'l Bank.*,
    60 F.2d 824 (9th Cir. 1979) ....................................................................................... 2

**Other Authorities**

C.D. Cal. L.R. 11-6 ............................................................................................................ 3

Fed. R. Civ. P. 8(b) ............................................................................................................ 6

Fed. R. Civ. P. 8(c) ............................................................................................................ 5

Fed. R. Civ. P. 12(f)(2) ..................................................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should deny Plaintiff Arjun Vasan ("Plaintiff" or "Vasan")'s AI-generated Motion to Strike (Dkt. 79 ("Motion" or "Mot.")), which is a motion filed for its own sake and that serves no real purpose other than to satisfy Plaintiff's oft-asserted goal of creating unnecessary expense and delay. Checkmate.com Inc. ("Defendant" or "Checkmate") already has provided Plaintiff with adequate notice of its affirmative defenses. (Dkt. 71 ("Answer").) And there is a reason that motions to strike are so disfavored in federal court practice. There is no basis to grant Plaintiff's untimely, Rules-violating, 7,600-word long invitation to conduct a line-item rewrite of Checkmate's Answer. Nor is there any justification for the prejudice that would be caused by removing Checkmate's ability to assert legitimate defenses to his claims. Vasan's Motion should be denied.

## II. ARGUMENT

"[M]otions to strike are generally disfavored[.]" *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1273 (C.D. Cal. 2014). "In considering a motion to strike, the Court views the pleadings in the light most favorable to the non-moving party, and resolves any doubt as to the relevance of the challenged allegations in favor of plaintiff." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (citations omitted). Generally, a motion to strike will not be granted absent a "showing of prejudice to the moving party." *Smith v. Wal–Mart Stores*, No. C 06–2069 SBA, 2006 WL 2711468, at *10 (N.D. Cal. Sep. 20, 2006) (citation omitted). "If there is any doubt as to whether the allegations might be an issue in the action, courts will deny the motion." *In re 2TheMart.com, Inc. Securities Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); *accord Colaprico v. Sun Microsystems, Inc*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

Affirmative defenses are subject to the liberal notice pleading standards of Rule 8: all that a defendant must do is give plaintiff fair notice of the defense. *See Wyshak v. City Nat'l Bank.*, 60 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). "To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

### III.  PLAINTIFF'S MOTION IS PROCEDURALLY IMPROPER

Plaintiff's Motion should be denied, ***first***, because it is untimely, overlength and violates Rule 12. Plaintiff was required to bring this Motion by August 6, 2025 – the stipulated extended deadline for him to respond to Checkmate's answer and counterclaims. He did not, which is dispositive. Fed. R. Civ. P. 12(f)(2). Instead, on August 6, 2025, pursuant to Checkmate's stipulation to an extension of time (Dkt. 72), Plaintiff filed a motion styled as "Motion to Dismiss Checkmate's Counterclaims." (Dkt. 75 ("First Motion to Dismiss").) That was his Rule 12 response to Checkmate's counterclaims. Seemingly unsatisfied, however, he then submitted an improper *Ex Parte* Application for Extension of Time to Amend First Motion to Dismiss, among other requested relief. (Dkt. 76.) On August 10, 2025, he withdrew that application. (Dkt. 77.) On August 15, 2025, Plaintiff submitted filings entitled Motion to Strike Affirmative Defenses (Dkt. 79) and Second Motion to Dismiss Counterclaims (Dkt. 81 ("Second Motion to Dismiss")) (together with Motion to Dismiss, the "Rule 12 Motions") and set them for hearing on September 18, 2025. Putting aside that Plaintiff's Rule 12 Motions were not compliant with the Court's Civil Standing Order requiring that a motion must be filed no less than forty-two (42) days before the hearing date, pursuant to the consolidation requirements of Rule 12(g), Plaintiff was required to raise his Rule 12 defenses and objections in a single motion or obtain leave of Court to file separate Rule 12 Motions.

Given Plaintiff's failure to properly raise his defenses and objections, public policy supports the application of the plain language of Rule 12(g) in this case (*see Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986) ("Fed.R.Civ.P. 12, and specifically subdivisions (g) and (h), promote the early and simultaneous presentation and determination of preliminary defenses."); *Aetna Life Insurance Company v. Alla Medical Services Incorporated*, 855 F.2d 1470, 1475, n.2 (9th Cir. 1988) (The purpose of Rule 12(g) is to prevent a series of motions that would result in "delay" and "dilatory tactics."). Plaintiff's seriatim motions are improper and should not be considered.

Applying the plain language of Rule 12(g) is also supported by the fact that Plaintiff disregards Local Rule 11-6.1, which sets a 7,000 word limit (including headings, footnotes, and quotations) for memoranda of points and authorities and requires parties to file a certificate of compliance on the last page of the document stating that the document complies with the above word limit. C.D. Cal. L.R. 11-6. This Court's Civil Standing Order has adopted the same rule. *See* Civil Standing Order at 6. Plaintiff's Motion to Strike ignores both requirements. No L.R. 11-6.2 Certificate of Compliance was included on the last page of the document. There is a reason for this: the word count for the Motion to Strike is approximately 7,600 words, exceeding the word limit imposed by the Local Rules and this Court's Civil Standing Order.

### IV. CHECKMATE'S AFFIRMATIVE DEFENSES ARE ADEQUATELY PLED

#### A. Plaintiff's Affirmative Defenses Are Pled With The Requisite "Fair Notice"

Plaintiff's Motion should also be denied, ***second***, because Plaintiff's affirmative defenses are sufficiently pleaded. Contrary to Plaintiff's assertion that the heightened pleading standard from *Iqbal/Twombly* applies, courts throughout the Ninth Circuit, and in fact, ***this very Court***, have made clear that the applicable

3

standard for pleading affirmative defenses is "fair notice," which requires only that the defendant describe the defense in general terms. *See ACCU Casting Co. v. Yunhong Zou*, No. 2:22-CVCase 05377 MEMF (AFMX), 2023 WL 6783302, at *6 (C.D. Cal. May 19, 2023) (citing *Kohler v. Flava Enters*., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) ("The Ninth Circuit has made clear that that "fair notice" is the standard to determine whether an affirmative defense was properly plead, and it "only requires describing the defense in 'general terms.' "); *Simmons v. Navajo Cnty., Ariz*., 609 F.3d 1011, 1023 (9th Cir. 2010) (citation omitted) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense"); *see also Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*, 2013 WL 3776337, at *2 (C.D. Cal. July 17, 2013) ("Twombly/Iqbal do not apply to affirmative defenses, and an affirmative defense is sufficiently pleaded if it gives plaintiff fair notice of the defense.").

Plaintiff sweepingly asserts "[v]irtually every one of the 46 defenses suffers from the same defect … because they do not meet Rule 8's requirement (post-Twombly) of a 'plausible' short and plain statement of the defense." Mot. at 16:23-28. Furthermore, he also wrongly asserts that Checkmate's affirmative defenses (Nos. 2, 3, 4, 5, 6, 7, 10, 13, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46) "should be stricken under Rule 12(f) because they do not meet Rule 8's requirement (post-Twombly) of a 'plausible' short and plain statement of the defense." Mot. at 16:26-28.  That is not the law and the Ninth Circuit and **this Court** have made clear that the applicable standard for pleading affirmative defenses is "fair notice," not the heightened pleading standard under *Twombly/Iqbal*.  Checkmate has done exactly that. Each affirmative defense in Checkmate's Answer is pled in "general terms" sufficient to give Plaintiff "fair notice" of the affirmative defenses asserted.

### B. Checkmate's Affirmative Defenses Are Well-Established

*First*, Checkmate's defenses are established as a matter of law.  To be sure,

4

Plaintiff's Motion presents scattered examples of alleged deficiencies in Checkmate's affirmative defenses and embeds an abundance of rhetoric in a series of disconnected contentions to support his requested relief that "the Court strike all 46 defenses with prejudice." Mot. at 2:3. This makes it difficult for Checkmate to track specific issues asserted regarding each affirmative defense. Nonetheless, to the best of Checkmate's ability, it addresses Plaintiff's blurred arguments clearly unsupported by any legal authority.

**Second**, not only are Checkmate's affirmative defenses pled with the proper "fair notice," the defenses asserted by Checkmate are grounded in well-established legal principles recognized by this District. *See Pac. Dental Servs., LLC*, No. SACV 13-749-JST JPRX, at *3 (C.D. Cal. 2013) (finding that the doctrines of waiver and estoppel are "well-established defenses"); *Agricola Cuyuma SA v. Corona Seeds, Inc.*, 2019 WL 1878353, at *3 (C.D. Cal. Feb. 20, 2019) (finding unclean hands, laches, unjust enrichment, breach of contract, speculative damages, and accord and satisfaction are "well-established"); *Vora v. Equifax Info. Servs., LLC*, No. SACV1900302AGKESX, 2019 WL 3220023, at *2 (C.D. Cal. May 29, 2019) ("Failure to mitigate, laches, the statute of limitations, and unclean hands are each "well-established defenses" that provide Plaintiff with fair notice of their nature."). Furthermore, Federal Rule of Civil Procedure 8(c) enumerates several defenses that a defendant may assert, including many of which Checkmate has asserted in this action. *See* Fed. R. Civ. P. 8(c) (listing eighteen regularly occurring defenses that must be set forth affirmatively before they will be considered by the court to be a part of the case).

**Third**, Plaintiff is simply incorrect in contending that "the vast majority of Checkmate's affirmative defenses are boilerplate assertions unsupported by a single factual allegation," wrongly asserting that such defenses should thereby be stricken. Mot. 13:1-2, 16:24-26 ("Defenses Nos. 2, 3, 4, 5, 6, 7, 10, 13, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46 are all stated in a conclusory, fact-free manner.".) This argument fails to recognize

the established legal principles and precedents within this District, which routinely accept the naming of defenses as sufficient to provide "fair notice" to the opposing party. *Agricola Cuyuma SA*, 2019 WL 1878353, at *3 (C.D. Cal. 2019 ("Simply naming these defenses is likely sufficient to provide fair notice"); *Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*, No. EDCV 11-197 RSWL, 2011 WL 3809933, at *2 (C.D. Cal. Aug. 25, 2011) (citation omitted) ("[C]ourts have typically held that a generalized statement ... meets defendant's pleading burden with respect to the affirmative defense of damage mitigation."). Checkmate's affirmative defenses, as pled, provide Plaintiff with fair notice of the defenses that may be raised. Each defense is clearly named and many contain factual context, even though this is not necessarily required. Plaintiff's demand for detailed factual allegations at this stage is inconsistent with the established "fair notice" standard.

### C. Any "Negative" Defenses Mislabeled As "Affirmative" Should Not Be Stricken

***Fourth***, Plaintiff is also incorrect in attacking many of Checkmate's affirmative defenses (including Nos. 1, 8, 9, 11, 12, 14, 15, 16, 17, 31) on the ground that they are "not [] true affirmative defenses" but rather negative defenses that should be stricken on this basis.[1] Mot. at 6:5-6. Contrary to Plaintiff's unsupported assertion that they "do not meet the definition of Rule 8(c)" (Mot. 6:20-21), "[n]egative defenses may be raised in an answer, *see* Fed. R. Civ. P. 8(b), and mistakenly categorizing a negative defense as an affirmative defense generally is not a basis for striking it." *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 150 (C.D. Cal. 2022); *Whiting v. Albek*, No. EDCV191542DMGSHKX, 2020 WL 7382777, at *4 (C.D. Cal. Oct. 30, 2020) (quoting *Kohler v. Islands Restaurants*, LP, 280 F.R.D. 560, 567 (S.D. Cal. 2012)) ("The Court fails to see how identifying a defense as 'affirmative,' when in actuality it is not, makes that defense legally insufficient."). Furthermore, courts

---

[1] Checkmate acknowledges its first affirmative defense of "Failure to State a Claim" is not an affirmative defense and hereby withdraws it.

acknowledge that "Rule 8(b) allows Defendants to allege negative defenses, and the language of Rule 8(c) suggests courts should, in general, tolerate mistaken designation." *Id*. (citing Fed. R. Civ. P. 8(b), (c)(2)). Thus, should the Court conclude that any of Checkmate's affirmative defenses are considered "negative" rather than "affirmative," the Court should nonetheless deny Plaintiff's requested relief to strike them.

V. **PLAINTIFF HAS FAILED TO IDENTIFY ANY BASIS HE WILL SUFFER PREJUDICE IF ANY OF CHECKMATE'S AFFIRMATIVE DEFENSES ARE NOT STRICKEN**

Plaintiff has not identified any specific prejudice arising from the inclusion of the challenged affirmative defenses in Checkmate's Answer. Courts require the moving party to provide evidence that striking an affirmative defense is necessary to avoid prejudice. *See In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. at 151 ("The moving party, therefore, must offer specific support showing a motion to strike is necessary to avoid prejudice[.]"); *Gray v. Ralphs Grocery Co.*, No. CV 23-8278-DMG (MARX), 2024 WL 5713616, at *3 (C.D. Cal. June 20, 2024) ("Because affirmative defenses need not be pled in great detail, **motions to strike affirmative defenses are largely a waste of time unless prejudice can be shown**.") (emphasis in original). The mere presence of affirmative defenses in Checkmate's Answer does not, in itself, constitute prejudice. Plaintiff's failure to articulate any harm or disadvantage resulting from these defenses undermines the basis for the Motion. (*See generally* Dkt 79.) Accordingly, because Checkmate has pled its affirmative defenses with "fair notice," and Plaintiff has failed to present any argument he would suffer prejudice, his Motion should be denied.

VI. **CHECKMATE REQUESTS LEAVE TO AMEND SHOULD ANY AFFIRMATIVE DEFENSES BE STRICKEN**

"If a court strikes an affirmative defense, leave to amend should be freely granted, provided there is no prejudice to the moving party." *Kohler v. Bed Bath &*

7

*Beyond*, LLC, No. CV 11–4451 RSWL (SPx), 2012 WL 424377, at *1 (C.D.Cal. Feb.8, 2012) (citing *Wyshak*, 607 F.2d at 826; *ACCU Casting Co. Inc.*, No. 2:22-CV-05377 MEMF (AFMX), at *6 (C.D. Cal. 2023) (citation omitted) ("Unless there is prejudice to the other party, leave to amend and add affirmative defenses should be freely given."); *Moss v. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (leave to amend should be granted with "extreme liberality").

To the extent that any of Checkmate's affirmative defenses are stricken by the Court, Checkmate respectfully requests that the Court allow it to amend its Answer in accordance with the "fair notice" pleading standard as articulated above.

## VII.   CONCLUSION

For all of the reasons described above, Checkmate respectfully requests that Plaintiff's Motion be denied in its entirety. If this Court grants Plaintiff's Motion in whole or in part, Checkmate respectfully requests permission for leave to amend.

Date: September 18, 2025                    Respectfully submitted,

K&L GATES LLP

_____

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
Jacob R. Winningham (SBN 357987)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC.*

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Defendant Checkmate.com Inc. certifies that this brief contains 2,491 words, which complies with the word limit of L.R. 11-6.1.

Date: September 18, 2025

Respectfully submitted,

K&L GATES LLP

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
Jacob R. Winningham (SBN 357987)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC.*