# EXHIBIT A

| # | Defense (as pled) | Category | Disposition | Why (one-liner) | If leave to amend, they must state… | Claims potentially affected (if any) |
|---|---|---|---|---|---|---|
| 1 | Failure to state a claim | Non-defense | **Strike w/ prejudice** | Element negation; they already withdrew it. | — | — |
| 2 | Failure to exhaust (admin/procedural) | Procedural | **Strike w/ leave** | Zero notice which claim/procedure. | Which claim(s); which process (agency/contract); dates; how unmet. CFRA right-to-sue attached in Exhibit B hereto. | Only claims that actually require exhaustion (apart from CFRA). |
| 3 | Statute of limitations | Timing | **Strike w/ prejudice** | On the face of the pleadings, claims accrued at termination on Nov. 14, 2024, wages were due immediately, and AV filed the Complaint on Jan. 28, 2025—~10 weeks later. No claim here has a limitations period remotely that short; this defense "cannot possibly apply." | Not possible to correct, AV's earliest interactions with Checkmate (Nov 2023) are under the statute of limitations for any of his claims. | Even the LOI was signed in late February 2024, less than a year before the complaint. No claim has a statute of limitations under a year. |
| 4 | Waiver | Equitable | **Strike w/ leave** | No act identified. | What conduct waived **which** right; by whom; when. | Contract (VII) or estoppel-type issues. Not wages/FMLA by law. |
| 5 | Estoppel | Equitable | **Strike w/ leave** | No representation/reliance/prejudice identified. | The representation; reliance; prejudice; target claim. | Contract/fraud margins; not statutory wage minimums. |
| 6 | Unclean hands | Equitable | **Strike (mixed): w/ prejudice as to legal/statutory claims; leave as to equitable relief only** | Equitable defense; can't defeat wages/§1102.5/FMLA; no facts or target remedy identified. | Identify **which equitable claim/remedy** and **what misconduct** supports it. | Only injunctive/equitable aspects (e.g., AV's requests for injunction). |
| 7 | Failure to mitigate | Damages | **Strike w/ leave (narrow)** | No facts; inapplicable to earned wages/penalties. | To non-wage tort/contract damages: what steps AV failed to take and when. | Tort/contract damages only (not wages/penalties). |
| 8 | "No damages" | Non-defense | **Strike w/ prejudice** | Element negation. | — | — |
| 9 | Lack of causation | Non-defense | **Strike w/ prejudice** | Element negation. | — | — |

| # | Defense (as pled) | Category | Disposition | Why (one-liner) | If leave to amend, they must state… | Claims potentially affected (if any) |
|---|---|---|---|---|---|---|
| 10 | Substantial compliance | Merits | **Strike w/ leave** | Which law/term and how complied isn't stated. | The statute/contract term; what acts constitute "substantial" compliance. | Possibly contract (VII) if properly pled. |
| 11 | At-will employment | Non-defense | **Strike w/ prejudice** | Not an affirmative defense to statutory claims. | — | — |
| 12 | No attorneys' fees | Remedy | **Strike w/ prejudice** | Remedial contention, not a defense. | — | — |
| 13 | "Avoiding/secreting to avoid payment" | Incoherent | **Strike w/ prejudice** | AV sued **to get paid**; cannot possibly apply. | — | — |
| 14 | "No impermissible factors" | Non-defense | **Strike w/ prejudice** | Element negation (and mismatched to pled claims). | — | — |
| 15 | Punitive damages unsupported | Remedy | **Strike w/ prejudice** | Goes to remedy pleading, not an avoidance. | — | — |
| 16 | Constitutional limits on punitives | Remedy/law | **Strike w/ prejudice** | Legal cap, not an affirmative defense. | — | — |
| 17 | No ratification for punitives | Non-defense | **Strike w/ prejudice** | Element negation (corporate scienter). | — | — |
| 18 | Avoidable consequences / internal policies | Damages | **Strike w/ leave (narrow)** | Vague; no policy/process or claim identified. | Identify the policy/procedure, dates, and claim limited. | Potentially to tort damages (not wages). |
| 19 | Res judicata / collateral estoppel | Preclusion | **Strike w/ leave** | No prior case/issue/finality pled. | Case name/number; final judgment; identity of issues/parties. | Any overlapping claim if a real prior judgment exists. |
| 20 | Parol evidence rule | Evidentiary | **Strike w/ prejudice** | Rule of evidence, not an affirmative defense. | — | — |
| 21 | Laches | Equitable timing | **Strike (mixed): w/ prejudice as to legal/statutory; leave as to equitable** | Inapplicable to wages/statutory claims; no delay/prejudice facts. | If kept, specify delay, knowledge, prejudice, **and** equitable claim targeted. | Only equitable relief, if any. |
| 22 | AV's breach / Checkmate's full performance | Contract | **Strike w/ leave** | No contract term or breach identified. | Which contract/term; what breach; how it avoids liability. | Contract claim (VII) only. |

| # | Defense (as pled) | Category | Disposition | Why (one-liner) | If leave to amend, they must state… | Claims potentially affected (if any) |
|---|---|---|---|---|---|---|
| 23 | Labor Code §§ 2854/2856 (duty/obedience) | Statutory ref. | **Strike w/ leave** | No conduct or nexus to pled claims. | What duty; what conduct; when; which claim barred. | Possibly contract/tort margins if actually relevant. |
| 24 | Good-faith / not willful (penalties) | Penalty shield | **Strike w/ prejudice** | No § 226 claim is pursued (immaterial). For § 203, "good-faith dispute" doesn't apply: they knowingly withheld after demand/suit; Checkmate's declaratory-relief count confirms intentional nonpayment; 8 C.C.R. § 13520. | Identify the genuine good-faith basis (policy/advice/ambiguity) and to **which** penalty claim. | Wage-penalty components (VI) only. |
| 25 | Payment | Merits | **Strike w/ leave** | No amounts/periods identified. | What was paid; when; which claim(s) it satisfies. | Wage/contract claims to the extent factual. |
| 26 | Lack of substantial performance/material breach (by AV) | Contract | **Strike w/ leave** | No contract term or act identified. | Which contract/term; how AV's breach avoids performance. | Contract (VII) only. |
| 27 | Failure of conditions precedent | Contract | **Strike w/ leave** | No condition named. | Name the condition(s); how unmet; by whom; when. | Contract (VII). |
| 28 | Unjust enrichment (as a defense) | Miscast | **Strike w/ prejudice** | Restitution theory, not a defense to statutory/legal claims. | — | — (Their remedy theory belongs as a counterclaim, not defense.) |
| 29 | Ratification / consent | Equitable | **Strike w/ leave** | No act/actor/date. | What act AV ratified/consented to; when; target claim. | Limited tort/contract edges if any. |
| 30 | Speculative damages | Non-defense | **Strike w/ prejudice** | Damages element argument. | — | — |
| 31 | "Truthful representation" | Non-defense | **Strike w/ prejudice** | Element negation of fraud. | — | — |
| 32 | Lack of consideration (any contract) | Contract | **Strike w/ leave** | Which contract? No facts. | Identify contract; missing consideration; how it avoids liability. | Contract (VII) at most. |
| 33 | Setoff/offset | Accounting | **Strike w/ leave (specificity)** | No categories/amounts/legal basis. | Identify basis (category/amount/contract/statute); relate to which claim(s). | Contract/wage math if legitimate amounts exist. |

| # | Defense (as pled) | Category | Disposition | Why (one-liner) | If leave to amend, they must state… | Claims potentially affected (if any) |
|---|---|---|---|---|---|---|
| 34 | Quantum meruit (as defense) | Miscast | **Strike w/ prejudice** | Alternative recovery theory, not a defense. | — | — |
| 35 | "Unconstitutionally vague" statutes/wage orders | Legal attack | **Strike w/ prejudice** | Bare legal conclusion; inapplicable to standard Labor Code claims. | — | — |
| 36 | Frustration of purpose | Contract | **Strike w/ leave** | No supervening event/term identified. | Contract; principal purpose; supervening event; timing. | Contract (VII) only. |
| 37 | Innocent misrepresentation | Non-defense | **Strike w/ prejudice** | Element negation of scienter; not an avoidance. | — | — |
| 38 | Truth | Non-defense | **Strike w/ prejudice** | Element negation (fraud/defamation-style); not an affirmative defense here. | — | — |
| 39 | De minimis / preliminary-postliminary | Wage doctrine | **Strike w/ leave (very narrow)** | CA largely rejects de minimis for wages; no tasks/time pled. | Identify specific tasks, durations, periods, and **which** claim (if any) this narrows. | Potentially FLSA-only sliver; CA wages (VI) generally **not**. |
| 40 | Federal preemption | Legal | **Strike w/ leave** | No statute/reg identified. | Which federal law; the preempted state claim; conflict theory. | If any (rare here). |
| 41 | Accord and satisfaction | Contract/dispute | **Strike w/ leave** | No accord instrument/payment pled. | Identify the accord; consideration; date; claims released. | Contract/wage (if actual signed release—unlikely on these facts). |
| 42 | No privity | Non-defense | **Strike w/ prejudice** | Doesn't fit AV's statutory/tort claims. | — | — |
| 43A | No prejudice / no FMLA–CFRA relief | Non-defense | **Strike w/ prejudice** | Element negation framed as defense. | — | — |
| 43B (dup.) | Lack of FMLA/CFRA coverage | Eligibility | **Strike w/ leave (fix numbering)** | No facts (worksite radius/hours/headcount) pled. | Hours worked; employer size/location; worksite; dates. | Claims I–II only (FMLA/CFRA). |
| 44 | Would have ended employment anyway | Causation | **Strike as duplicative (see 46) or keep one w/ leave** | Same-decision theory overlaps #46. | If kept, identify decision-maker, reason, timing, evidence. | Retaliation (III)/Wrongful term. (IV). |

| # | Defense (as pled) | Category | Disposition | Why (one-liner) | If leave to amend, they must state… | Claims potentially affected (if any) |
|---|---|---|---|---|---|---|
| 45 | Contract void due to fraud in inducement | Contract | **Strike w/ leave (particularity)** | No who/what/when/where/how. | Plead the specific contract, misstatements, reliance, damages. | Only as to contract (VII) if they can meet Rule 9(b). |
| 46 | "Same decision" (Mt. Healthy-style) | Causation | **Keep one (w/ leave)** | Potentially cognizable to §1102.5/FMLA/CFRA retaliation if fact-based. | Identify protected activity; asserted legitimate reason; who decided; when; evidence. | Retaliation (III), FMLA/CFRA (I–II). |
| — | "Additional defenses / reservation of rights" | Non-defense | **Strike w/ prejudice** | Not a defense; signals gamesmanship. | — | — |