# EXHIBIT B

Jan 29 Notice and
Feb 7 Response

From Reply in Support of NyMDT; Dkt. 48

024

**Exhibit B** – Shareholder Notice and Surrounding Events

**January 28, 2025**: Defendant Arjun Vasan files *Arjun Vasan v. Checkmate.com, Inc.* 2:25-cv-00765-MEMF-JPR in the Central District of California. RJN Ex. A.

**January 29, 2025**: (1pm) Vasan files ethics complaint with K&L Gates General Counsel's Office, alleging misconduct by Attorney Keech in his representation of Checkmate. Ex. G.

**January 29, 2025**: (evening) Keech sends Shareholder Notice of Claim, to the Holder Representative, asserting forfeiture of merger consideration and $1.5m in team bonuses.

> Robert Nessler (as Holder Representative)
> 1149 Hollyhead Lane
> Cupertino, California 95014
> robertnessler@gmail.com
>
> **Re:    VoiceBite Corporation/Indemnification Notice of Direct Claim**
>
> Dear Holder Representative:
>
> Reference is made to that certain Agreement and Plan of Merger, by and among Checkmate.com Inc. ("Purchaser"), VoiceBite Merger Sub, Inc., VoiceBite Corporation (the "Company"), Robert Nessler, Arjun Vasan, Christopher Lam, Isamu Aoki and Paul Justin Garcia (each a "Stockholder" and collectively the "Stockholders"), and Robert Nessler as representative of the Pre-Closing Holders (the "Holder Representative"), dated as of April 30, 2024 (the "Merger Agreement"). Capitalized terms not otherwise defined herein have the meaning set forth in the Merger Agreement.

*Figure 1 - Addressed to the Holder Representative and all Five Founding Shareholders*

> While the Purchaser Indemnified Parties' investigation is ongoing, the Purchaser Indemnified Parties state that Purchaser Losses comprising the Subject Claim is an amount in excess of **$5,000,000**. For purposes of this indemnification claim only, Purchaser Indemnified Parties are making an indemnification claim for Purchaser Losses of **$1,681,815** and expressly state and do not waive non-indemnification claims that include and/or are in excess of these amounts.
>
> Purchaser shall seek recourse for the Indemnifiable Amounts as set forth below:
>
> - Forfeiture of Final Payment Amounts (as defined in the Bonus Agreement):                $200,000
> - Surrender of 321,199 Purchaser Closing Shares:                $131,815
> - Forfeiture of Retention Bonus amounts (as defined in the Bonus Agreement):                $1,350,000
>
> This Indemnification Claim Notice is a Notice of Claim as set out in Section 8.3(c) of the Merger

*Figure 2 - Plaintiff Asserts Forfeiture of All VoiceBite Retention Bonus Just 17 days Prior to Filing in NY Against Defendant.*

**January 31, 2025**: Charles Tea III from K&L Gates GC Office responds, requesting materials to support Vasan's allegations, which are promptly provided.

025

**Exhibit B** – Shareholder Notice and Surrounding Events

**February 06, 2025**: The shareholders engaged a joint counsel, who drafts a response to the Shareholder Notice. The full draft is attached as Exhibit B.1.

> agreement. The code at issue is merely scènes à faire or API integrations not subject to copyright or intellectual property protection. As the code is functional in nature, the code itself is merely elements dictated by functionality, and therefore cannot be subject to protection and thus are not subject to claims for indemnification based violations of Sections 5.7, 5.9, and 5.19.

*Figure 3 - VoiceBite Shareholder Response to Notice of Claim*

**February 14, 2025**: Checkmate files against Defendant, individually in NY State Court (now removed to SDNY). This complaint, like the Amended Complaint later, misattributes the Feb 6 shareholder response to Defendant ***personally***.

> 33. In February 2025, Vasan's excuses shifted yet again. This time, he claimed that the software, the code – the **heart** of VoiceBite – was not, in fact, intellectual property – emphasizing the stark and troubling reality that Checkmate had been duped by Vasan into acquiring a valueless non-asset.
>
> 34. Of course, Checkmate would not have agreed to acquire VoiceBite if its core technology was not, in fact "intellectual property." Vasan's misrepresentations regarding the

*Figure 4 - Amended Complaint ¶33, 34*

**February 17, 2025**: Defendant requests an update from Charles Tea, who defers, but does not disclose the newly filed lawsuit.

**February 21, 2025**: Tea formally responds and dismisses ethics allegations and again fails to disclose the NY action. See Exhibit G.2 – Formal Letter Responding to Ethics Allegations

the notice of claim against the voicebite shareholders, the shareholder response, and the email thread containing them are re-attached here for convenience.

# EXHIBIT B-1

Email Thread w/ Grant Thomas

From Reply in Support of NyMDT; Dkt. 48

**027**

 Arjun Vasan <arjun.vasan@gmail.com>

## Letter to Shareholders Representative/ Draft Response
4 messages

**Grant Thomas** <gthomas@twtlaw.com>  Thu, Feb 6, 2025 at 7:36 PM
To: Arjun Vasan <arjun.vasan@gmail.com>

Hello Arjun,

As promised attached is the Letter to the Shareholder's Representative and my draft response. If you have any questions or comments, please reach out. I was planning on sending this to K&L Gates tomorrow.

Best,
Grant



**Grant Thomas**
**Associate**

18101 Von Karman Avenue , Suite 230
Irvine, CA  92612

949.679.6400

949.679.6405

gthomas@twtlaw.com

www.twtlaw.com

=========================================================

CONFIDENTIALITY NOTICE:

This electronic mail message and any attached files contain information intended for the exclusive

use of the individual or entity to whom it is addressed and may contain information that is

proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you

**028**

are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

==========================================================

**2 attachments**


2025-01-29 Ltr. to Holder Representative re Direct Claim (1).pdf
287K


2025.02.07 VoiceBite Shareholders' Response to January 29, 2025 Letter in re Indemnification.docx
75K

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Thu, Feb 6, 2025 at 10:05 PM
To: Grant Thomas <gthomas@twtlaw.com>

Hi Grant,

Looks good. Shouldn't we also demand payment of the withheld bonuses?

- Arj

[Quoted text hidden]

---

**Grant Thomas** <gthomas@twtlaw.com>  Thu, Feb 6, 2025 at 10:06 PM
To: Arjun Vasan <arjun.vasan@gmail.com>

Hi Ari,

We will it's just going to be in a separate letter. We'll send this first.

Best,
Grant

Get Outlook for iOS

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Thursday, February 6, 2025 10:05:06 PM
**To:** Grant Thomas <gthomas@twtlaw.com>
**Subject:** Re: Letter to Shareholders Representative/ Draft Response

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Thu, Feb 6, 2025 at 10:33 PM
To: Grant Thomas <gthomas@twtlaw.com>

Sounds good, thanks!

[Quoted text hidden]

029

# EXHIBIT B-2

Jan 29 Notice of Direct Claim

From Reply in Support of NyMDT; Dkt. 48

**030**

# K&L GATES

January 29, 2025

Ryan Q. Keech
Partner
Ryan.Keech@klgates.com

T +1 310 552 5070
F +1 310 552 5001

**VIA ELECTRONIC MAIL ONLY**

Robert Nessler (as Holder Representative)
1149 Hollyhead Lane
Cupertino, California 95014
robertnessler@gmail.com

Re:   VoiceBite Corporation/Indemnification Notice of Direct Claim

Dear Holder Representative:

Reference is made to that certain Agreement and Plan of Merger, by and among Checkmate.com Inc. ("Purchaser"), VoiceBite Merger Sub, Inc., VoiceBite Corporation (the "Company"), Robert Nessler, Arjun Vasan, Christopher Lam, Isamu Aoki and Paul Justin Garcia (each a "Stockholder" and collectively the "Stockholders"), and Robert Nessler as representative of the Pre-Closing Holders (the "Holder Representative"), dated as of April 30, 2024 (the "Merger Agreement"). Capitalized terms not otherwise defined herein have the meaning set forth in the Merger Agreement.

Pursuant to Section 8 of the Merger Agreement and in accordance with Section 8.3(c) of the Merger Agreement, Purchaser and certain indemnified affiliates, as those terms are defined (collectively, "Purchaser Indemnified Parties"), hereby provide to you, in your role as Holder Representative, this notice of Direct Claim and indemnifiable Losses with respect to certain matters under the Merger Agreement.

\*   \*   \*

Following the Closing, Purchaser Indemnified Parties were made aware of serious conduct involving, *inter alia*, breaches of certain representations and warranties made by the Company and its affiliates, which breaches resulted in Losses to Purchaser. Although Purchaser's investigation is ongoing, Purchaser has determined that the Company and/or certain of its affiliates knowingly, willfully and fraudulently breached at least the following representations and warranties made by it in the Merger Agreement, resulting in significant damages and other Losses to Purchaser (collectively, the "Subject Claims"):

- Section 5.7, Title to and Sufficiency of Assets
- Section 5.9, Intellectual Property
- Section 5.19, Disclosure

K&L GATES LLP
10100 SANTA MONICA BOULEVARD   EIGHTH FLOOR   LOS ANGELES   CA 90067
T +1 310 552 5000   F +1 310 552 5001   klgates.com
508938408.2

031

Collectively and put simply, the Purchaser Indemnified Parties have suffered Losses arising from material misrepresentations and fraud relating to the authorship, licensing and ownership of Company software and other key intellectual property. The Subject Claims constitute indemnifiable Losses pursuant to Section 8.1(a) of the Merger Agreement, in each case paid, incurred, suffered or sustained by Purchaser and the Surviving Corporation, as Indemnified Parties with respect to the foregoing.

As you know, pursuant to Section 8.1(a) and Section 8.3(c) of the Merger Agreement, the Holder Indemnifying Parties are obligated to indemnify and hold harmless the Purchaser Indemnified Parties from and against all Purchaser Losses arising out of, or relating to certain matters, including, without limitation, any inaccuracies in or breach of the Company's representations and warranties. As provided in Section 8.5(a) of the Merger Agreement, any limitation on the amount of indemnification payable by any Pre-Closing Holder shall not apply in the event of Fraud by the Company.

While the Purchaser Indemnified Parties' investigation is ongoing, the Purchaser Indemnified Parties state that Purchaser Losses comprising the Subject Claim is an amount in excess of **$5,000,000**. For purposes of this indemnification claim only, Purchaser Indemnified Parties are making an indemnification claim for Purchaser Losses of **$1,681,815** and expressly state and do not waive non-indemnification claims that include and/or are in excess of these amounts.

Purchaser shall seek recourse for the Indemnifiable Amounts as set forth below:

- Forfeiture of Final Payment Amounts (as defined in the Bonus Agreement): $200,000
- Surrender of 321,199 Purchaser Closing Shares: $131,815
- Forfeiture of Retention Bonus amounts (as defined in the Bonus Agreement): $1,350,000

This Indemnification Claim Notice is a Notice of Claim as set out in Section 8.3(c) of the Merger Agreement.

Nothing herein is intended to be, nor should it be construed as, a waiver or limitation of any of the Purchaser Indemnified Parties' rights, claims or defenses in this matter, all of which are and will remain expressly reserved.

If you have any questions regarding this matter, please do not hesitate to contact me.

Very truly yours,

*[signature]*

Ryan Q. Keech

# EXHIBIT B-3

Feb 7 Shareholder Response

From Reply in Support of NyMDT; Dkt. 48

**033**



February 7, 2025

Grant J. Thomas
Associate
gthomas@twtlaw.com
(949) 679-6400

**Via Electronic Mail Only**

**To:** Purchaser Indemnified Parties (C/O Ryan Q. Keesh)
K&L Gates
10100 Santa Monica Blvd
Los Angeles, CA 90067
**From:** Grant Thomas on Behalf of Robert Nessler, Holder's Representative for VoiceBite Corporation Shareholders
**In Re:** Shareholder's Representative's Response to Purchaser Indemnified Parties' Letter Dated January 29, 2025

Dear Purchaser Indemnified Parties:

This firm has been retained by VoiceBite Corporation to represent VoiceBite Shareholders in this matter. Robert Nessler, Holder Representative for VoiceBite Corporation, through undersigned counsel, responds through this letter to the claims made on January 29, 2025 on behalf of VoiceBite shareholders.

In the letter dated January 29, 2025, Checkmate, Inc. ("Purchaser Indemnified Parties") makes claims that VoiceBite breached the VoiceBite Merger Agreement "knowingly, willfully and fraudulently" resulting in significant damages and other losses to purchaser. These losses allegedly stem from "misrepresentation and fraud relating to the authorship, licensing and ownership of Company software and other key intellectual property." Based on these allegations, Purchaser Indemnified Parties identify that Purchaser Indemnified Parties have been damages in an amount in excess of $5,000,000. There is no factual or legal basis for

034

these claims, and for that reason VoiceBite disputes the characterizations in the January 29, 2025 letter.

==VoiceBite owned all intellectual property identified in the VoiceBite Merger Agreement.== VoiceBite's intellectual property was and is free of licenses, including at the time of transfer. ==VoiceBite is the author of all intellectual property VoiceBite transferred to Checkmate.== Therefore, VoiceBite has not made any misrepresentations about ownership of intellectual property, including specifically no misrepresentations for which Purchaser Identified Parties seek indemnification, although none are specifically identified in the January 29, 2025 letter.

VoiceBite has been made aware that Purchaser Indemnified Parties have concerns about ownership of intellectual property based on newly discovered "comments" found in source code. After discussions with VoiceBite personnel, ==the code at issue== was not owned, licensed, or transferred to any third party. Further, this code, to the extent that it is the source of Purchaser Indemnified Parties' claims to which purchaser Indemnified Parties' are seeking indemnification is not capable of being "intellectual property" within the meaning of the VoiceBite merger agreement. ==The code at issue is merely scènes à faire or API integrations== not subject to copyright or ==intellectual property protection. As the code is functional in nature, the code itself is merely elements dictated by functionality, and therefore cannot be subject to protection and thus are not subject to claims for indemnification based violations of Sections 5.7, 5.9, and 5.19.==

Based on the forgoing, Purchaser Indemnified Parties have not established a claim exceeding the amount of $25,000 pursuant to Section 8.1, much less for the losses exceeding $5,000,000 as claimed. To the extent that Purchaser Indemnified Parties wish to invoke the indemnification procedures established by the VoiceBite Indemnification clause, VoiceBite invites Purchaser Indemnified Parties to submit another letter substantiating its claims. Without more information, the indemnification sought by Purchaser Indemnified Parties is barred by Section 8.5 of the VoiceBite Merger Agreement.

If you have an questions or concerns, please contact my firm at gthomas@twtlaw.com or by phone at (949)

**035**

Best,

Grant Thomas

036