Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br>     Plaintiff and Counter-Defendant <br><br> vs. <br><br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br>     Defendant and Counterclaimant | Case No.: 2:25−cv−00765−MEMF−JPR <br> Hon. Maame Ewusi-Mensah Frimpong <br><br> **NOTICE OF NON-OBJECTION TO LIMITED SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS;** <br><br> Complaint Filed: January 28, 2025 <br> Hearing Date: _____ <br> Hearing Time: _____ <br> Courtroom: 8b |

TO THE HONORABLE COURT:

    Plaintiff Arjun Vasan ("AV") files this Notice of Non-Objection to a limited sur-reply, while maintaining that the arguments in his Reply (Dkt. 98) were proper rebuttal material, and that any evidence filed therewith (or in the initial Dkt. 97 filing) has been filed previously in this case or the related SDNY action—and was in fact created by Checkmate.

Checkmate's evidentiary objections are disingenuous—it cannot withhold documents on which its pleadings necessarily rely and later object when its AV attaches them—and points out its failure to do the same. Moreover, Exhibit D was filed in SDNY on September 1st, 18 days before Checkmate's untimely opposition. The notices were earlier filed here and described in AV's complaint (Dkt. 10 ¶¶ 50-52, 121-123 (extortionate attempts to coerce "admissions")). <u>They are no surprise</u>. The CCs rely on these pre-suit notices and responses for a substantial share of allegations. The Court may weigh if threats to "litigate" "criminal liability" and enjoin lawful work—while withholding earned wages and demanding "immediate reimbursement"—strayed beyond zealous advocacy; and if "admissions" under such conditions should be considered.

AV's motion expressly preserved unconscionability, citing statutes and governing law (Dkt. 81 at 15:9-11, 28:5-7) and each point later made in the new section—which organizes the material in rebuttal to arguments that (1) the motion was disorganized; (2) that AV had not sufficiently supported claims of adhesion (Dkt. 94 at 25:13-21); and (3) that such arguments require the Court to weigh extrinsic evidence (*Id*.). AV's Reply addresses all three points.

Finally, the errata notice was filed one business day after the initial Reply—Checkmate's entire Opposition was unauthorized and filed 20 days late. Checkmate suffers no prejudice from AV's correction—while AV's schedule was up in the air for those 20 days.[1]

Nonetheless, to avoid motion practice, AV will not oppose a sur-reply limited to 900 words and the topics raised; lodged within 5 days—any additional delay would be prejudicial. AV requests Checkmate file the remaining source documents for any purported "admissions"—and if it doesn't, AV asks the Court to disregard the paragraphs containing them under FRE 106.

**Dated**: October 3, 2025

In **Cerritos, California**

**Respectfully Submitted**,

*/s/ Arjun Vasan*

_____

By:   **Arjun Vasan**, Plaintiff In Pro Per

---

[1] AV maintains his objection to Checkmate's untimely oppositions under L.R. 7-9, 7-12 and 7-13 and the Court's Standing Order. See Dkt. 89-91.

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6

Plaintiff Arjun Vasan certifies that this brief contains 379 words, which complies with the 7000-word limit of L.R. 11- 6.1 and the Court's Civil Standing Order dated Aug. 27, 2025.

Dated: **September 25, 2025**

In: **Cerritos, California**

**Respectfully submitted**,

/s/ *Arjun Vasan*

**Arjun Vasan**, Plaintiff *In Pro Per*