# **EXHIBIT L**

| | |
|---|---|
| **From:** | Keech, Ryan Q. |
| **To:** | vsvconsult |
| **Cc:** | Makitalo, Rebecca I.; Chiu, Stacey G.; Winningham, Jacob R. |
| **Subject:** | RE: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR |
| **Date:** | Friday, September 19, 2025 2:44:24 PM |
| **Attachments:** | RE Subpoena Objection re Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com Inc. - Case No. 225-cv-00765-MEMF-JPR KLG-AMERICAS.FID3718879.msg |

Mr. Varadarajan,

Thank you for your message. We refer you to our colleague's voicemail of this morning and follow-up email sent at 1:40 p.m. today. Your attempt to put off any obligation to respond until an undefined time "after Mid November" is not acceptable. We wish to avoid having to bring a motion to hold you in contempt in order to enforce the subpoena, but we can confirm that persistent noncompliance will ultimately leave no choice. Accordingly, we please ask that you please describe, with specificity, the "family obligations and health constraints" you describe below and explain how they prohibit your production or appearance now but will be resolved so as to permit your appearance at an undefined time "after Mid November." If anything, the existence of "health constraints" means that Checkmate will need to take your deposition immediately before those constraints worsen any further. Please also either confirm that you are not able to leave your house in Cerritos for any reason or explain the condition that prevents you from leaving your house in Cerritos for some purposes but not to attend a deposition. Checkmate will, of course, accommodate any condition you may have by, among other things, permitting you to take frequent breaks during deposition proceedings.

We ask that you please also describe your "private family communications, health matters and privileged materials" that you believe are not subject to discovery. Otherwise relevant and responsive documents are not excluded from discovery because you consider them to be "private family communications." And with respect to "health matters," the subpoena with which you were served does not seek any information relating to your personal health; your son, however, has put his health condition at issue in his case. Finally, Checkmate is not seeking privileged materials but will of course require the identification and description of any material being withheld on privilege grounds so as to evaluate the propriety of that statement. Checkmate confirms that it will work with you to minimize burden and ensure the prompt production of relevant and responsive materials.

You are a relevant witness who has been served with a subpoena, which is to be treated as an order of the Court. You may not simultaneously insert yourself into your son's claims and defenses by providing sworn testimony asking the Court to accept your status as a relevant witness and then hide from discovery so that the parties may examine the basis of what it is you say. Because this is a serious matter, we urge you to seek and obtain independent legal counsel immediately so as to discharge your obligations promptly and completely, and look forward to a response to our colleague's communications.

Best regards,



**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

---

**From:** vsvconsult <vsvconsult@gmail.com>
**Sent:** Friday, September 19, 2025 2:18 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Cc:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR [KLG-AMERICAS.FID3718879]

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

Dear Counsel,

It appears that you have not read my email in its entirety. I have family obligations and health constraints, and will be available only after Mid November, and any deposition must only be remote and time limited and pertaining only in reference to the business transaction as outlined in the case. I have to be home in Cerritos to look after a elderly relative. Sometime after Mid November, I will be available remotely as indicated for the subpoena purposes.

I also need time to consider and avail of legal representation if that is necessary.

Please note the other contents of your email are speculative and unsubstantiated and my reply here is only to my availability. Nothing I wrote contradicts anything declared in the New York Action (I have not submitted any testimony in California). My statements regarded my peripheral knowledge of the transaction, my son's physical presence in California, and that I had no claims on any code at issue--all of which you had disputed.

By contrast, your subpoena purports to seek documents well outside my testimony, and is facially overbroad--and would sweep in private family communications, health matters and privileged materials that have nothing to do with this case.

- Vasan Varadarajan

On Wed, Sep 17, 2025 at 10:16 PM Keech, Ryan Q. <Ryan.Keech@klgates.com> wrote:

> Mr. Varadarajan,
>
> As it happens, this email contradicts sworn testimony already provided by you regarding your involvement with your son's claims and defenses. Even were it not the case that you were a relevant witness - which you are - the law does not permit you to simultaneously insert yourself as a witness and avoid discovery in this case.
>
> Our client is willing to accommodate legitimate scheduling conflicts and discuss the parameters of your production, but a subpoena is an order of the court with which you are required to comply. We invite you to seek competent legal advice to address these obligations. My colleagues will be in touch to confirm scheduling for your deposition and production of documents and communications.
>
> Best regards,
>
> **Ryan Q. Keech**
> Partner
> K&L Gates LLP
> 10100 Santa Monica Blvd., 8th Floor
> Los Angeles, California 90067
> Phone: 310.552.5070
> Mobile: 646.510.3630
> ryan.keech@klgates.com
> www.klgates.com
>
> ---
>
> **From:** vsvconsult <vsvconsult@gmail.com>
> **Sent:** Saturday, September 13, 2025 7:19 PM
> **To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
> **Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
> **Subject:** Re: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR [KLG-AMERICAS.FID3718879]

**This Message Is From an Untrusted Sender**
You have not previously corresponded with this sender.

Dear Counsel,

It is an onerous burden on me to be subpoenaed in this case. This is in consideration that I have no relevant relationship to Voicebite or checkmate. I had retired much before that and was only peripherally aware of Voicebite formation, and its transactions with Checkmate. At this stage in my 70th year, I am occupied in my personal matters and would have difficulty traveling for an in person deposition due to health reasons.

Further, I note that Checkmate named me as a third party with potential claims in its counterclaims. I have already declared that I have no such claims. That is the extent of my relationship with VoiceBite.

I had stated my objections to the subpoena to you and these are again attached to this email.

I also became aware that the Plaintiff's (Arjun Vasan) motion to dismiss your counterclaims was not opposed by you in a timely manner. I believe that your subpoena to me is in relation to the counterclaims.

I request that my Sept 22 deposition be continued to (at minimum) 21 days after the Court rules on Plaintiff's Motion to Dismiss Counterclaims and that any deposition proceed remotely under Rule 30(b)(4) from my city. I timely served Rule 45(d)(2)(B) objections to the document requests; no production will occur absent court order.

Your Rule 45(a)(4) party notice was served after you served me.

Please confirm your acceptance to the request by Monday 15th Sept 5:00 p.m. Pacific Time or I will seek a stay and move ex parte under Rules 26(c) and 45(d)(3).

Sincerely,

Vasan Varadarajan

On Fri, Sep 12, 2025 at 2:21 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

> Mr. Varadarajan,
>
> I write to follow up for a second time on my initial request, dated August 29, 2025, to meet and confer regarding your objections to Checkmate's subpoena. Please provide your availability for a meeting on either September 16 or 17, 2025. If you have retained legal counsel, please forward their contact information to me so that we can coordinate accordingly.
>
> Thank you,
>
> **Rebecca Makitalo**
> Associate
> K&L Gates LLP
> 10100 Santa Monica Blvd

8th Floor
Los Angeles, CA 90067
Phone: 310 552-5502
Cell: 818 251-6956
rebecca.makitalo@klgates.com
www.klgates.com

**From:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Sent:** Thursday, September 4, 2025 1:59 PM
**To:** vsvconsult@gmail.com
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** RE: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR

Mr. Varadarajan,

I hope that this message finds you well. I am writing to follow up on last week's correspondence between my colleague Ms. Makitalo and yourself. We are in receipt of your subpoena objections. We would like to meet and confer regarding Checkmate's subpoena and the basis for your objections. If you have retained legal representation, please give us the contact information for your counsel and we can speak with them directly.

Please let us know your availability for a telephonic or virtual meet-and-confer after 12:00 p.m. on Tuesday, September 9 and Wednesday, September 10. Thank you.

Best,
Jake Winningham



**Jacob Winningham**
Associate
K&L Gates LLP
10100 Santa Monica Blvd
8th Floor
Los Angeles, CA 90067
Phone: 310 552-5042
jacob.winningham@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.