# Exhibit D-1

**Warns Declaration - With IP Assignment And IP Acknowledgement**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------X
                                                     :
 CHECKMATE.COM, INC.,                                :
                                                     :
                              Plaintiff,             :    Case No.  1:25-CV-03181(JMF)
                                                     :
                                                     :    DECLARATION OF
              -against-                              :    THOMAS A. WARNS
                                                     :
 ARJUN VASAN.,                                       :
                                                     :
                              Defendant.             :
                                                     :
                                                     :
                                                     :
                                                     :
--------------------------------------------------------------X
```

I, Thomas A. Warns, declare as follows:

      1.     I am a member in good standing of the Bar of the State of New York, an attorney at the law firm of K&L Gates LLP, and counsel for Plaintiff Checkmate.com, Inc. ("Checkmate"). I submit this declaration in support of Checkmate's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint.

      2.     This declaration provides certain documents referenced in Checkmate's Memorandum of Law.

      3.     Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Voicebite Agreement and Plan of Merger dated April 30, 2024.

      4.     Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Voicebite Assignment of IP and Other Assets Agreement by and between Voicebite Corporation and Arjun Vasan, dated April 30, 2024.

      5.     Attached hereto as <u>Exhibit C</u> is a true and correct copy of the Intellectual Property Acknowledgement signed by Arjun Vasan and dated April 30, 2024. As a result of a typographical

==error, the document is described as between Christopher Lam and Checkmate.com, Inc., but was in fact digitally signed by Mr. Vasan.==

6.     Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Non-Competition Agreement by and between Arjun Vasan and Checkmate.com Inc., dated April 30, 2024.

7.     Attached hereto as <u>Exhibit E</u> is a true and correct copy of an email from Arjun Vasan to myself, copying my K&L Gates LLP colleague Ryan Keech, dated May 28, 2025.

8.     Attached hereto as <u>Exhibit F</u> is a true and correct copy of the Affidavit of Service executed by John Griego and providing proof of service of the original Complaint, Request for Judicial Intervention, and Summons on Defendant Arjun Vasan on March 4, 2025, as notarized on March 6, 2025.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of June, 2025 in New York, New York.

<u>*/s/ Thomas A. Warns*</u>
Thomas A. Warns

2

# Exhibit B

# Exhibit D-2

**VOICEBITE CORPORATION**

**ASSIGNMENT OF IP AND OTHER ASSETS**

This Assignment of IP and Other Assets (this "Agreement") is made and entered into as of April 30, 2024 by and between VoiceBite Corporation, a Delaware corporation (the "Company"), and Arjun Vasan (the "Assignor").

WHEREAS, prior to the date of this Agreement, the Assignor has developed certain technology and intellectual property on behalf of the Company and has developed or acquired other tangible personal property, as further described below, which relate to the Company's actual and proposed business (the "Business");

WHEREAS, the Assignor desires such technology and intellectual property and other tangible personal property to be assigned to and owned by the Company;

NOW THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this Agreement hereby agree as follows:

1. **Certain Definitions.** As used herein, the following capitalized terms will have the meanings set forth below:

(a) "**Assigned Assets**" refers to the Technology, all Derivatives, all Intellectual Property Rights, all Embodiments and Business Assets, collectively.

(b) "**Business Assets**" means all business and marketing plans, worldwide marketing rights, software, customer and supplier lists, price lists, mailing lists, customer and supplier records and other confidential or proprietary information relating to the Technology, as well as all computers, office equipment and other tangible personal property owned (i.e., not leased) by Assignor immediately prior to the execution and delivery of this Agreement and used in or related to the Business.

(c) "**Derivative**" means: (i) any derivative work (as defined in Section 101 of the U.S. Copyright Act) of the Technology; (ii) all improvements, modifications, alterations, adaptations, enhancements and new versions of the Technology (the "Technology Derivatives"); and (iii) all technology, inventions, products or other items that, directly or indirectly, incorporate, or are derived from, any part of the Technology or any Technology Derivative.

(d) "**Embodiment**" means all documentation, drafts, papers, designs, schematics, diagrams, models, prototypes, source and object code (in any form or format and for all hardware platforms), computer- stored data, diskettes, manuscripts and other items describing all or any part of the Technology, any Derivative, any Intellectual Property Rights or any information related thereto or in which all of any part of the Technology, any Derivative, any Intellectual Property Right or such information is set forth, embodied, recorded or stored.

(e) "**Intellectual Property Rights**" means, collectively, all worldwide patents, patent applications, patent rights, copyrights, copyright registrations, moral rights, trade names, trademarks, service marks, domain names and registrations and/or applications for all of the foregoing, trade secrets, know-how, mask work rights, rights in trade dress and packaging, goodwill and all other intellectual property rights and proprietary rights relating in any way to the Technology, any Derivative or any Embodiment, whether arising under the laws of the United States of America or the laws of any other state, country or jurisdiction.

(f) "**Technology**" means all inventions, technology, ideas, concepts, processes, business plans, documentation, financial projections, models and any other items authored, conceived, invented, developed or designed by the Assignor, solely or jointly with others, relating to the technology or Business of the Company that is not otherwise owned by the Company.

2. **Assignment.**

(a) Company hereby purchases the Assets for an aggregate purchase price ("***Purchase Price***") equal to $100.00, payable in immediately available funds. Assignor hereby acknowledges receipt of the Purchase Price.

(b) The Assignor hereby sells, transfers, assigns and conveys to the Company and its successors and assigns the Assignor's entire right, title and interest in and to the Assigned Assets and all rights of action, power and benefit belonging to or accruing from the Assigned Assets, including, without limitation, the right to undertake proceedings to recover past and future damages and claim all other relief in respect of any acts of infringement thereof, whether such acts shall have been committed before or after the date of this assignment, the same to be held and enjoyed by said Company, for its own use and benefit and the use and benefit of its successors, legal representatives and assigns, as fully and entirely as the same would have been held and enjoyed by the Assignor had this assignment not been made.

(c) The Assignor hereby appoints the Company the attorney-in-fact of the Assignor, with full power of substitution on behalf of the Assignor to demand and receive any of the Assigned Assets and to give receipts and releases for the same, to institute and prosecute in the name of the Assignor, but for the benefit of the Company, any legal or equitable proceedings the Company deems proper in order to enforce any rights in the Assigned Assets and to defend or compromise any legal or equitable proceedings relating to the Assigned Assets as the Company shall deem advisable. The Assignor hereby declares that the appointment made and powers granted hereby are coupled with an interest and shall be irrevocable by the Assignor.

(d) The Assignor hereby agrees that the Assignor and the Assignor's successors and assigns will do, execute, acknowledge and deliver, or will cause to be done, executed, acknowledged and delivered, such further acts, documents or instruments confirming the conveyance of any of the Assigned Assets to the Company as the Company shall reasonably deem necessary, provided that the Company shall provide all necessary documentation to the Assignor.

3. **Assignor Representations and Warranties.** The Assignor represents and warrants to the Company that, to the best of Assignor's knowledge, (a) the Assignor is the owner, inventor and/or author of, and can grant exclusive right, title and interest in and to, each of the Assigned Assets transferred by the Assignor hereunder; (b) none of the Assigned Assets are subject to any dispute, claim, prior license or other agreement, assignment, lien or rights of any third party, or any other rights that might interfere with the Company's use, or exercise of ownership of, any of the Assigned Assets; (c) the Assigned Assets are free of any claim of any prior employer or third party client of the Assignor or any school, university or other institution the Assignor attended; and (d) the Assignor is not aware of any claims by any third party to any rights of any kind in or to any of the Assigned Assets. The Assignor agrees to immediately notify the Company upon becoming aware of any such claims.

4. **Reimbursement of Expenses.** The Company shall, as promptly as practicable, reimburse the Assignor for the Assignor's actual out-of-pocket costs reasonably incurred with respect to Assignor's acquisition and maintenance of the Assigned Assets.

5. **Miscellaneous.**

(a) **Governing Law.** The validity, interpretation, construction and performance of this Agreement, all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of the State of Delaware, without giving effect to principles of conflicts of laws of any jurisdiction that would result in the application of any other law.

(b) **Entire Agreement.** This Agreement sets forth the entire agreement and understanding of the parties relating to the subject matter herein and supersedes all prior or contemporaneous discussions, understandings and agreements, whether oral or written, between them relating to the subject matter hereof.

(c) **Amendments and Waivers.** No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, shall be effective, unless in writing signed by the parties to this Agreement. No delay or failure to require performance of any provision of this Agreement shall constitute a waiver of that provision as to that or any other instance.

(d) **Successors and Assigns.** Except as otherwise provided in this Agreement, this Agreement and the rights and obligations of the parties hereunder will be binding upon and inure to the benefit of their respective successors, assigns, heirs, executors, administrators and legal representatives. The Company may assign any of its rights and obligations under this Agreement. No other party to this Agreement may assign, whether voluntarily or by operation of law, any of its rights and obligations under this Agreement, except with the prior written consent of the Company.

(e) **Notices.** Any notice, demand or request required or permitted to be given under this Agreement shall be in writing and shall be deemed sufficient (i) when delivered personally or by overnight courier or sent by email, or (ii) forty eight (48) hours (or five (5) business days if mailed internationally) after being sent by certified or registered mail with postage prepaid, in each case addressed to the party to be notified (A) at such party's address as set forth on the signature page, (B) at such party's address as subsequently modified by written notice pursuant to this Section, or (C) if no address is specified on the signature page, at the most recent address set forth in the Company's books and records.

(f) **Severability.** If one or more provisions of this Agreement are held to be unenforceable under applicable law, the parties agree to renegotiate such provision in good faith. In the event that the parties cannot reach a mutually agreeable and enforceable replacement for such provision, then (i) such provision shall be excluded from this Agreement, (ii) the balance of the Agreement shall be interpreted as if such provision were so excluded and (iii) the balance of the Agreement shall be enforceable in accordance with its terms.

(g) **Construction.** This Agreement is the result of negotiations between and has been reviewed by each of the parties hereto and their respective counsel, if any; accordingly, this Agreement shall be deemed to be the product of all of the parties hereto, and no ambiguity shall be construed in favor of or against any one of the parties hereto.

**IN WITNESS WHEREOF,** the parties have duly executed and delivered this Assignment of IP and Other Assets as of the date first above written.

**VOICEBITE CORPORATION**

*Robert Nessler*

box SIGN                                  4PPVLN63-187QIYVK

By: _____

Name: Robert Nessler

Title: CEO

**ASSIGNOR**

*Arjun Vasan*

box SIGN                                  1R7VP2L4-4YHQ33YR

_____

**Arjun Vasan**

# Exhibit C

# Exhibit D-3

April 30, 2024

Checkmate.com Inc.

Re:  Intellectual Property Acknowledgement

     This Intellectual Property Acknowledgement is entered into and delivered by Christopher Lam in connection with Checkmate.com Inc. ("Checkmate") entering into the Agreement and Plan of Merger of even date herewith (the "Merger Agreement") by and among Checkmate, VoiceBite Merger Sub, Inc., VoiceBite Corporation ("VoiceBite"), Robert Nessler, Arjun Vasan, Christopher Lam, Isamu Aoki and Paul Justin Garcia as stockholders of VoiceBite, and Robert Nessler as representative of the Pre-Closing Holders (as defined in the Agreement).

     I acknowledge Section 5.9(f) of the Merger Agreement, which is excerpted below (capitalized terms as defined in the Merger Agreement):

> (f)    Neither the Company nor any of its current or proposed products or services have infringed upon, misappropriated or violated or are currently infringing upon, misappropriating or otherwise violating any Intellectual Property rights of any Person; and no third party is infringing upon, misappropriating or otherwise violating any Intellectual Property of the Company.  The Company has not received from any Person any written notice or claim that the Company is infringing upon, misappropriating or otherwise violating any Intellectual Property rights of any Person.  No proceedings are pending or, to the Knowledge of the Company, threatened, that challenge the validity, ownership or use of any Company Intellectual Property that is owned by the Company.

     I acknowledge the obligation regarding use of prior employers' confidential information set forth in Section 1.4 of the Employee Confidential Information and Inventions Assignment Agreement that I will enter into with Checkmate, which is excerpted below:

> **1.4 No Improper Use of Information of Prior Employers and Others**.  During my employment by Company, I will not improperly use or disclose confidential information or trade secrets, if any, of any former employer or any other person to whom I have an obligation of confidentiality, and I will not bring onto Company's premises any unpublished documents or property belonging to a former employer or any other person to whom I have an obligation of confidentiality unless that former employer or person has consented in writing.

Sincerely,

*Arjun Vasan*

box SIGN    1R7VP2L6-4YYQ32YR

Arjun Vasan

Acknowledge and Agreed

DocuSigned by:

*Vishal Agarwal*

E86E90D5BFCD434...

Checkmate.com, Inc.

By: Vishal Agarwal

Its: Chief Executive Officer