1  Vasan Varadarajan

2  vsvconsult@gmail.com

3  12615 193rd Street

4  Cerritos, CA 90703

5  562-448-4878

6  Non-Party



FILED
CLERK, U.S. DISTRICT COURT
10/20/2025
CENTRAL DISTRICT OF CALIFORNIA
BY _____GSA_____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

7

8

9  **UNITED STATES DISTRICT COURT**
10  **CENTRAL DISTRICT OF CALIFORNIA**

11

12  **Arjun Vasan**,                              Case No.: 2:25−cv−00765−MEMF−ASX

     Plaintiff and Counter-Defendant   Hon. Alka Sagar | DISCOVERY MATTER
13

14                                              **NON-PARTY VASAN VARADARAJAN'S**
    vs.                                    **NOTICE OF MOTION AND MOTION**
15                                              **FOR PROTECTIVE ORDER AND TO**
                        **QUASH OR MODIFY SUBPOENA;**
16                                              **REQUEST TO STAY AND COORDINATE**
  **Checkmate.com, Inc.**,                  **HEARING; MEMORANDUM OF POINTS**
17                                              **AND AUTHORITIES; DECLARATION**
  (dba "Checkmate"),                       **OF VASAN VARADARAJAN;**
18
     Defendant and Counterclaimant
19

20                                              Complaint Filed: January 28, 2025
                                       Hearing Date: December 2, 2025
21                                              Hearing Time: 10:00 A.M.
22                                              Courtroom: 540

23

24

25

26  TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

27         PLEASE TAKE NOTICE that on December 2, 2025, at 10:00 A.M., or as soon thereafter

28  as the matter may be heard before the Honorable Alka Sagar, U.S. Magistrate Judge, in

MOTION FOR PROTECTIVE ORDER AND TO QUASH/MODIFY SUBPOENA

Courtroom 540, Edward R. Roybal Federal Building and United States Courthouse, 255 E. Temple Street, Los Angeles, CA 90012, Non-Party Vasan Varadarajan will and hereby does move for a protective order and to quash or modify Checkmate.com, Inc.'s Rule 45 subpoena.

**Relief Requested:**

1. A protective order under Rule 26(c) and an order under Rule 45(d)(3) quashing the subpoena or (in the alternative) modifying it to (a) require any deposition to proceed remotely under Rule 30(b)(4); (b) set reasonable limits on duration (one 3-hour session on-the-record, with up to two 10-minute breaks per hour, or as otherwise ordered) and scope (topics tied to claims/defenses and the witness's declaration, excluding privileged or confidential health information and unrelated third-party data); (c) stage or narrow document requests to a proportionate set with negotiated search terms/date ranges; and (d) shift significant expenses, if any, to Checkmate under Rule 45(d)(2)(B)(ii).

2. A stay of subpoena compliance pending resolution of this motion.

3. An order continuing or coordinating any hearing on Checkmate's motion to compel/subpoena enforcement (re-noticed after magistrate reassignment) to the same date/time as this motion, or by at least 3–4 weeks and resetting briefing under L.R. 7.

4. Alternative relief: if the Court declines to quash, an order modifying the Subpoena to the terms above and awarding the non-party his reasonable costs tied to compliance.

This motion is based on this Notice; the attached Memorandum; the Declaration of Vasan Varadarajan and exhibits (including the Subpoena, proof of service, Rule 45(d)(2)(B) objections, and meet-and-confer emails), the records on file, and any matters the Court may consider.

**Meet and Confer**: I certify I conferred with counsel for Checkmate by email and thoroughly discussed the substance of this motion and attempted to reach a resolution in good faith.

Respectfully,

Dated: October 20, 2025

*/s/ Vasan Varadarajan*

In Cerritos, California

_____

By:    **Vasan Varadarajan**, Non-Party

MOTION FOR PROTECTIVE ORDER AND TO QUASH/MODIFY SUBPOENA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Non-party and unrepresented witness Vasan Varadarajan seeks a narrow protective order. He timely served Rule 45(d)(2)(B) objections. He asked to proceed by remote deposition due to health and logistical constraints, proposed reasonable time limits, and sought proportionate document parameters. Checkmate demands an in-person deposition at counsel's office, insists on broad, burdensome document categories, and set a hearing date on a motion to compel with insufficient notice before the former magistrate judge—after which the case was reassigned to Magistrate Judge Alka Sagar. A short stay and coordinated hearing, with modest protections (remote format, reasonable limits, proportional search, and cost protections), will protect a non-party from undue burden while preserving Checkmate's access to relevant discovery.

### II.    BACKGROUND

#### A.  The Subpoena and Objections.

On Aug. 14, 2025, Checkmate issued a subpoena commanding Mr. Varadarajan to produce documents and appear for deposition at K&L Gates's Los Angeles office on Sept. 22, 2025. See Exhibit A. Checkmate did not provide the required prior notice to the parties before serving the subpoena on the non-party witness; Plaintiff learned of the subpoena only after his father had been served. See Fed. R. Civ. P. 45(a)(4) (requiring notice to each party before service on the non-party). The subpoena may be quashed for this alone. Mr. Varadarajan timely served objections (Exhibit B) under Rule 45(d)(2)(B), including a request that any deposition be remote under Rule 30(b)(4) due to health and ongoing family constraints; be reasonably time-limited; and that document requests be staged and proportional. He also requested that any deposition be postponed until a ruling Plaintiff's motion to dismiss (which would render the subpoena moot).

#### B.  Meet-and-Confer; Incivility.

Counsel exchanged emails by which Mr. Varadarajan reiterated his health constraints and proposed a remote deposition with reasonable accommodations. In response, counsel questioned his health explanation in a manner that was dismissive and insensitive: "If anything, the existence of 'health constraints' means that Checkmate will need to take your deposition

3

immediately before those constraints worsen any further." and later "…why that health condition would improve, and not worsen, between now and November…". See Exhibit. C.

Mr. Varadarajan is 70 years old and has procured a physician's note regarding the health issues recommending a remote deposition. He stands ready to provide the note to chambers in camera; he understandably declines to disseminate private medical information to Checkmate.

**C. Procedural posture; reassignment; defective notice on movant's hearing.**

Checkmate filed a motion to compel and contempt against Mr. Varadarajan and noticed it for Nov. 13, 2025, before Judge Rosenbluth. The Clerk subsequently reassigned discovery to Magistrate Judge Sagar (case suffix now "MEMF–ASx"). Any hearing must be noticed before the judge to whom the case is assigned. L.R. 7-4. In addition, movant attempted service by email and U.S. Mail on Oct. 15, 2025; absent written consent to email service, mail timing governs under L.R. 6-1 and Rule 5(b)(2)(E). A Nov. 13 hearing provides only 29 days' notice— insufficient for mail service (31 days). Mr. Varadarajan requests that any pending hearing be vacated or continued and coordinated with this motion, and that compliance be stayed.

## III.   LEGAL STANDARD

A. Rule 45 protects non-parties from undue burden; courts must quash or modify in appropriate cases. Fed. R. Civ. P. 45(d)(1), (d)(3)(A).

B. Courts "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

C. A protective order may issue to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, including orders specifying terms for discovery, time/place, and scope. Fed. R. Civ. P. 26(c)(1)(A)–(D).

D. Depositions may be taken remotely by stipulation or court order. Fed. R. Civ. P. 30(b)(4).

E. Motions must be noticed before the assigned judicial officer (L.R. 7-4) with adequate notice (L.R. 6-1) (31 days for mail service, as was the case here).

## IV.   LEGAL ARGUMENT

<u>Short Stay and Coordination Are Warranted</u>. A brief stay and coordinated hearing serves efficiency and fairness: (i) the case has been reassigned to Magistrate Judge Sagar; (ii) the

pending motion to compel was noticed before the former magistrate and with insufficient notice under L.R. 6-1; (iii) Mr. Varadarajan is a non-party who timely objected under Rule 45(d)(2)(B), meaning he has no duty to produce documents unless and until ordered. A stay avoids inconsistent rulings and protects a non-party while the Court addresses targeted modifications.

The Court Should Order a Remote Deposition with Reasonable Limits. Rule 30(b)(4) authorizes remote depositions by court order. Given health and logistical constraints and the non-party status, a remote format is the least burdensome means to obtain testimony while preserving counsel's ability to examine (screen-share exhibits, 3-hour on-the-record session, with ordinary breaks). Here, Mr. Varadarajan offered a remote deposition along with serving his document objections—noting constraints and undue burden. Checkmate counsel refused to accommodate this reasonable request—and never offered any reason why a remote deposition would unfairly prejudice it. The Court should require remote examination, with an agreement (or order) that (i) the witness appear on camera with ID verification; (ii) exhibits be pre-marked or exchanged via a secure platform; (iii) reasonable follow-up time be permitted if technical issues arise.

Scope Must Be Proportional to the Needs of the Case and Tethered to Claims/Defenses.

Rule 26(b)(1) confines discovery to relevant, non-privileged matter that is proportionate to the needs of the case, and Rule 45 imposes a duty to avoid undue burden on non-parties. Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iii)–(iv). Both point to narrowing and sequencing discovery here.

**First**, the pending Motion to Dismiss may eliminate the counterclaims entirely, or at minimum the claims relevant to Mr. Varadarajan. If granted, his non-party deposition or document production would be unnecessary. Staging or briefly staying non-party discovery until the pleadings are settled is the most proportionate course. See *Twombly/Iqbal* (courts should avoid opening the doors of costly discovery before plausibility is established).

**Second**, Mr. Varadarajan's only asserted relevance is that the counterclaims name him in connection with alleged claims to "VoiceBite proprietary software," and that a single 2018 file header (e.g., the counterclaim-exhibited audio.py) lists him as a co-author. He is not a party and asserts no claims; and Checkmate's theories rise or fall, first, on party materials and witnesses.

**Third**, Checkmate misstates the record in saying Mr. Varadarajan "filed a declaration in this action." He did not. The referenced declaration (Ex. D) was filed in its voluntarily-dismissed SDNY action—and judicially noticed at *Checkmate's* request here. Whether Plaintiff later cited that declaration in his MTD is not relevant; Mr. Varadarajan did not submit it here. Checkmate voluntarily dismissed the SDNY case after full briefing on a motion to dismiss and then re-pled the same theories as counterclaims in this Court. Having abandoned that case, Checkmate cannot leverage its own tactical dismissal to justify expansive non-party discovery *here*, and now.

**Fourth**, Checkmate mischaracterizes the SDNY declaration. The declaration states in ¶ 6 "I am the co-author, with Arjun, of the functional code at question in this matter.", in ¶ 7 "I am the individual with *alleged claims* featured in Checkmate's complaint", in ¶ 11 "Arjun had my full and complete support and authorization to use *any personal code* I had co-authored with him over the years, for VoiceBite or any other venture" and ¶ 12 "*This code was functional* and *unrelated* to the *Large Language Model AI* that Arjun and team were rapidly developing and *offering to Checkmate*.". The declaration makes no claim of authorship over "VoiceBite Corporation proprietary software." Indeed, it expressly distinguishes between legacy functional code and that "offere[d] to Checkmate". Checkmate is not entitled to rewrite those statements.

**Finally**, the subpoena's document categories are facially overbroad and duplicative of party discovery. For example, "ALL COMMUNICATIONS with Arjun Vasan" since 2023 sweeps in predominantly irrelevant and intrusive family communications and duplicates party discovery. Other requests reach back to prior employers (dating to 2018), risking privileged and third-party trade-secret material. None of that is proportionate or necessary, particularly where Mr. Varadarajan has already made the most relevant representation—he has no personal claims over any legacy code co-authored with Plaintiff and expressly authorized its use.

<u>Health, Privacy, and Reasonable Accommodations Support a Protective Order</u>. Mr. Varadarajan should not be forced to disclose health details publicly to obtain accommodations. If needed, the Court can review a physician attestation in camera and order a remote format with time limits and breaks. Moreover, Mr. Varadarajan is one of two caretakers for his 92-year-old

MOTION FOR PROTECTIVE ORDER AND TO QUASH/MODIFY SUBPOENA

mother-in-law, who cannot be left alone at home. Any insistence on in-person testimony at counsel's office is unnecessary and unduly burdensome for a non-party and his family.

Cost-Shifting or Cost Protection Is Required for Any Significant Compliance Burden. Rule 45(d)(2)(B)(ii) requires the Court to protect non-parties from significant expense resulting from compliance. If Checkmate insists on expansive document searches, it must bear reasonable vendor, legal review and collection costs, or the Court should limit discovery to materials readily accessible without forensics. Checkmate has refused any accommodation despite broad demands.

Reassignment and Insufficient Notice Require Re-Noticing; the Current Hearing Should Be Vacated or Continued. After the Clerk reassigned discovery matters to Magistrate Judge Sagar, any discovery motion must be noticed on her calendar. L.R. 7-4. Separately, service by mail requires at least 31 days' notice before the hearing under L.R. 6-1 (electronic/email service requires written consent). The currently noticed hearing date (if any) therefore should be vacated or continued and coordinated with this motion; compliance should be stayed.

## V.    CONCLUSION

Checkmate seeks contempt sanctions for a non-party who expressly offered to sit for a (remote) deposition and provide documents (with reasonable limits)—who has never been a party in litigation, who is not represented, retired and living off savings, and who has (at most) peripheral relevance to the claims at issue. He had no relationship with VoiceBite—only with his son and the other founders (who are much more relevant—yet have not been deposed); no relationship with Checkmate; no possession or access to any "VoiceBite Corporation proprietary software"; he has not made any claims and indeed disclaimed the minimal code he co-authored.

This is overreach—intended to put pressure and leverage on Plaintiff—the son—through undue burden on Mr. Varadarajan—the father. The Court should issue the requested protective relief and quash (or at minimum stay/modify) Checkmate's unduly burdensome subpoena.

Dated: October 20, 2025

In Cerritos, California

Respectfully,

*/s/ Vasan Varadarajan*

**Vasan Varadarajan**, Non-Party

MOTION FOR PROTECTIVE ORDER AND TO QUASH/MODIFY SUBPOENA

MOTION FOR PROTECTIVE ORDER AND TO QUASH/MODIFY SUBPOENA

## DECLARATION OF VASAN VARADARAJAN

I, Vasan Varadarajan, declare:

1. I am not a party to this action. I submit this declaration in support of my motion for a protective order and to quash/modify a subpoena served on me by Defendant. I have personal knowledge of the facts herein and could competently testify thereto.

2. I am the father of Plaintiff Arjun Vasan ("Arjun"). I have no relationship to Defendant Checkmate.com, Inc. ("Checkmate"). I never had, or represented that I had, any relationship with VoiceBite, other than knowing the founding team including Arjun.

3. On or about June 2, 2025, I submitted a declaration in support of Arjun's Motion to Dismiss Checkmate's complaint in New York. This declaration asserts no claims over "VoiceBite Corporation proprietary software". I declared that the functional code at issue (exhibited) in the complaint was co-authored by me, as it indicates. I further declared that this was old, personal code, that Arjun (my co-author) had my full permission to use. I also declared that it was unrelated to VoiceBite's proprietary LLM software, which the team was developing and offering to Checkmate via the merger with VoiceBite. Nothing I declared contradicts in any way, any other statement I have made since. A true and correct copy of this declaration is attached hereto as Exhibit D.

4. On or about August 14, 2025, I was served a subpoena by Checkmate. Arjun was never provided any prior notice. I informed him of the subpoena. A true and correct copy of the subpoena, provided to me by Arjun in digital form, is attached as Exhibit A.

5. The subpoena, as written, would sweep in mostly irrelevant, intrusive family, medical, attorney-client and other protected or privileged material.

6. I have no access to VoiceBite proprietary materials or code repositories.

7. I served timely objections to the document requests, noting the overbreadth and irrelevance on or about August 27, 2025. At the same time, I offered to sit for a remote deposition, once Arjun's motion to dismiss here had been resolved—in which case my testimony may have some limited relevance. If dismissed, it would not, in my view.

8. Exhibit B is a true and correct copy of my objections email and letter.

9. Checkmate has never proposed any reduction in scope for the document requests. At most it has claimed it would "work with me"—but it has not proposed any actual reduction. Instead, it proceeded to file a motion to compel and seeks contempt sanctions.

10. Checkmate has never agreed to a remote deposition. When I raised health constraints that would render an in-person deposition a heavy burden, Checkmate responded with derision—and repeatedly stated its expectation that my health would worsen as a reason it needed to depose me now. Exhibit C contains true and correct copies of these emails, taken from Checkmate's motion to compel.

11. I have obtained a letter from my physician recommending that any deposition proceed by remote means due to health-related limitations. I am prepared to provide it under seal or for in camera review at the Court's request.

*12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Executed on: October 20, 2025          */s/ Vasan Varadarajan*

In Cerritos, California                **Vasan Varadarajan**, Non-Party

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR PROTECTIVE ORDER AND TO QUASH/MODIFY SUBPOENA

# EXHIBIT A

Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca I. Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counter-Claimant*
*CHECKMATE.COM INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>        Plaintiff,<br><br>  v.<br><br>CHECKMATE.COM, INC.,<br><br>        Defendant. | Case No. 2:25-CV-00765-MEMF-JPR<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**CHECKMATE.COM INC.'S NOTICE OF SUBPOENA FOR DEPOSITION OF VASAN VARADARAJAN AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| CHECKMATE.COM, INC.,<br><br>        Counterclaim-Plaintiff,<br><br>  v.<br><br>ARJUN VASAN,<br><br>        Counterclaim-Defendant. | Date: September 22, 2025<br>Time: 11:00 a.m.<br>Place: K&L Gates LLP<br>      10100 Santa Monica Blvd.<br>      8th Fl.<br>      Los Angeles, California 90067 |

1600698903.1

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 30 and 45, at 11:00 a.m. on September 22, 2025, Defendant and Counter-Claimant Checkmate.com, Inc. ("Checkmate") by and through its attorneys of record, will take the deposition upon oral examination of Vasan Varadarajan ("Deponent") at the offices of K&L Gates LLP, 10100 Santa Monica Blvd., 8th Fl., Los Angeles, California 90067.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Civil Procedure 30(b)(3) the deposition will take place before a notary public or other officer authorized to administer oaths, will be recorded by stenographic method through the instant visual display of testimony, audio means, and/or videotape, and will continue until complete consistent with the Federal Rules of Civil Procedure.

**PLEASE TAKE FURTHER NOTICE** that Checkmate reserves the right to use at trial the recording and/or transcript of the deposition. The deposition will be taken for the purposes of discovery, for use at trial, and for all other permissible purposes under the Federal Rules of Civil Procedure.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 30(b)(2) and Rule 45 Deponent is requested to bring the documents set forth in the attached Subpoena and Attachment A thereto at the above-noticed deposition.

Date: August 15, 2025                    K&L GATES LLP

*/s/ Rebecca I. Makitalo*
Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC.*

1600698903.1

2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| Arjun Vasan | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:25-cv-00765-MEMF-JPR |
| Checkmate.com, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                  Vasan Varadarajan
                          12615 193rd Street, Cerritos, CA 90703
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: K&L Gates LLP<br>10100 Santa Monica Blvd., 8th Fl.<br>Los Angeles, California 90067 | Date and Time:<br>09/22/2025 11:00 am |
|---|---|

The deposition will be recorded by this method:    testimony by videotape, audio, and stenographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/14/2025

                    *CLERK OF COURT*
                                                          OR
                                                                      /s/ Rebecca I. Makitalo
_____                    _____
     *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Checkmate.com, Inc. _____ , who issues or requests this subpoena, are:
Ryan Q. Keech, Stacey Chiu, Rebecca I. Makitalo; K&L GATES LLP, 10100 Santa Monica Blvd., 8th Fl., Los Angeles, CA; Ryan.Keech@klgates.com, Stacey.Chiu@klgates.com, Rebecca.Makitalo@klgates.com; 310 552-5502

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:25-cv-00765-MEMF-JPR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

### Definitions

"YOU" or "YOUR" refers to Vasan Varadarajan, an individual, together with any PERSON acting directly or indirectly by, through, under, or on YOUR behalf, including but not limited to YOUR current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any other current or former corporation, partnership association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of YOU and any other PERSON acting on YOUR behalf or subject to YOUR control.

"ARJUN VASAN" refers to Arjun Vasan, an individual, together with any PERSON acting directly or indirectly by, through, under, or on ARJUN VASAN's behalf, including but not limited to ARJUN VASAN's current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any other current or former corporation, partnership association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of ARJUN VASAN and any other PERSON acting on ARJUN VASAN's behalf or subject to his control.

"CHECKMATE" refers to Defendant and Cross-Complainant Checkmate.com, Inc. together with any PERSON acting directly or indirectly by, through, under, or on CHECKMATE's behalf, including but not limited to CHECKMATE's current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any other current or former corporation, partnership association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of CHECKMATE and any other PERSON acting on CHECKMATE's behalf or subject to CHECKMATE's control.

"VOICEBITE" refers to VoiceBite Corporation together with any PERSON acting directly or indirectly by, through, under, or on VOICEBITE's behalf, including but not limited to VOICEBITE's current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any other current or former corporation, partnership association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of VOICEBITE and any other PERSON acting on VOICEBITE's behalf or subject to VOICEBITE's control.

"THE VOICEBITE TRANSACTION" refers to the transaction(s) closing in or about 2024 whereby CHECKMATE entered into the Merger Agreement and related transactional documents with ARJUN VASAN, Robert Nessler, Christopher Lam, Isamu Aoki and Paul Justin Garcia.

"THE VOICEBITE CODE" refers to the proprietary code CHECKMATE acquired from VOICEBITE by way of THE VOICEBITE TRANSACTION.

"THIS ACTION" refers to *Arjun Vasan. v. Checkmate.com Inc.* (Case No. 2:25cv765) (Central District of California).

"REFERRING OR RELATING TO," "REFER OR RELATE TO," "RELATING," "RELATING TO," or "REFERS TO" means any and all of the following terms and their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear on, amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, summarize, respond to, relate to, or describe.

"DOCUMENT" or "DOCUMENTS" shall be construed in its broadest possible sense, to encompass all books, documents, data compilations, tangible things, or other evidentiary material, whether generated or stored in hard-copy, electronic media, or other format, which is discoverable under the Federal Rules of Civil Procedure. The term "DOCUMENT" includes, without limitation, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any DOCUMENTS, whether used or not. If the original of any DOCUMENT is not in YOUR possession, custody, or control, a copy of that DOCUMENT should be produced.

"COMMUNICATION(S)" means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

"PERSON," in the plural as well as the singular, means any natural person, association, partnership, corporation, joint venture, government entity, organization, limited liability company, trust, institution, proprietorship, or any other entity recognized as having an existence under law.

"IDENTIFY," "IDENTIFYING," "IDENTIFIED" or "IDENTITY" means the following:

    a. With reference to an individual, such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

    b. With reference to an entity or entities, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

"INCLUDING" means including, but not limited to.

///

///

## **Requests**

1. All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR creation, authorship, or development of THE VOICEBITE CODE.

2. All DOCUMENTS and COMMUNICATIONS IDENTIFYING the authors or creators of THE VOICEBITE CODE.

3. All DOCUMENTS and COMMUNICATIONS RELATING TO the authors or creators of THE VOICEBITE CODE.

4. All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contributions to THE VOICEBITE CODE.

5. All DOCUMENTS and COMMUNICATIONS RELATING TO the ownership of THE VOICEBITE CODE.

6. All DOCUMENTS and COMMUNICATIONS RELATING TO any agreements for THE VOICEBITE CODE INCLUDING licensing agreements, intellectual property assignments, or any transfers of ownership.

7. All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR involvement with VOICEBITE.

8. All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR involvement with THE VOICEBITE TRANSACTION.

9. All DOCUMENTS RELATING TO YOUR role at CyborgOPS.

10. All DOCUMENTS RELATING TO ARJUN VASAN's role at CyborgOPS.

11. All DOCUMENTS and COMMUNICATIONS RELATING TO any code authored by YOU at CyborgOPS.

12. All DOCUMENTS and COMMUNICATIONS RELATING TO any code authored by ARJUN VASAN at CyborgOPS.

13. All DOCUMENTS and COMMUNICATIONS RELATING TO any agreements for the sale of code at CyborgOPS INCLUDING licensing agreements, intellectual property assignments, or any transfers of ownership.

14. All DOCUMENTS and COMMUNICATIONS RELATING TO any agreements between CyborgOPS and VOICEBITE.

15. All DOCUMENTS and COMMUNICATIONS RELATING TO Presto Automation.

16. All DOCUMENTS and COMMUNICATIONS RELATING TO any agreements between CyborgOPS and Presto Automation.

17. All DOCUMENTS and COMMUNICATIONS with ARJUN VASAN, from January 1, 2023 to the present.

18. All DOCUMENTS and COMMUNICATIONS RELATING TO any agreements between YOU and ARJUN VASAN RELATING TO the transfer of any code owned by YOU.

19. All DOCUMENTS and COMMUNICATIONS RELATING TO any agreements between YOU and ARJUN VASAN RELATING TO the transfer of any code authored by YOU.

20. All DOCUMENTS and COMMUNICATIONS RELATING TO THE VOICEBITE CODE.

21. All DOCUMENTS and COMMUNICATIONS RELATING TO THE VOICEBITE TRANSACTION.

22. All DOCUMENTS and COMMUNICATIONS RELATING TO CHECKMATE.

23. All DOCUMENTS and COMMUNICATIONS RELATING TO THIS ACTION.

1

## PROOF OF SERVICE

2

3    I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action.  My business address is 10100 Santa Monica Blvd. 8th Floor Los Angeles, CA 90067.

4

5    On **August 15, 2025** , I served the foregoing document(s) described as:

6    • **CHECKMATE.COM INC.'S NOTICE OF SUBPOENA FOR DEPOSITION OF VASAN VARADARAJAN AND REQUEST FOR PRODUCTION OF DOCUMENTS**

7

8    on the interested parties in this action as follows:

9    Arjun Vasan
Email: arjun.vasan@gmail.com

10

11   *Plaintiff Pro Se*

12   ☑    **(BY ELECTRONIC MAIL)** Pursuant to C.R.C. 2.251 or agreement by all parties, I served the described document(s) by emailing it to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.

13

14   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **August 15, 2025,** at Los Angeles, California.

15

16

17                    */s/Nicole Adasha*
                    Nicole Adasha

18

19

20

21

22

23

24

25

26

27

28

1600698903.1

3

CHECKMATE.COM INC.'S NOTICE OF SUBPOENA FOR DEPOSITION OF VASAN VARADARAJAN AND REQUEST FOR PRODUCTION OF DOCUMENTS

# EXHIBIT B

**Vasan Varadarajan**

12615 193ʳᵈ Street

Cerritos, CA 90703

vsvconsult@gmail.com

**August 28, 2025**

VIA EMAIL AND U.S. MAIL

Rebecca I. Makitalo, Ryan Q. Keech, Stacey Chiu

K&L Gates LLP

10100 Santa Monica Blvd., 8th Floor

Los Angeles, CA 90067

rebecca.makitalo@klgates.com, ryan.keech@klgates.com, stacey.chiu@klgates.com

Re: Subpoena to Testify/Produce Documents to Vasan Varadarajan (served August 28, 2025— Compliance Date: September 22, 2025)

**Dear Ms. Makitalo, Mr. Keech, Ms. Chiu:**

Enclosed please find Non-Party Vasan Varadarajan's Written Objections to Subpoena, served pursuant to Fed. R. Civ. P. 45(d)(2)(B). Service is effected today by U.S. Mail and as a courtesy by email. Under Rule 45(d)(2)(B), the written objections suspend any obligation to produce documents unless and until the Court orders otherwise.

With respect to any testimony command, please confirm in writing that the noticed appearance is vacated pending court guidance or stipulation between the parties. Alternatively, under mutual stipulation, any deposition of myself shall:

     1.    proceed remotely under Rule 30(b)(4);

     2.    be limited to no more than 90–120 minutes on the record (Rule 30(d)(1)); and

     3.    be rescheduled to a mutually agreeable date following a stipulation or court order.

If you intend to insist on an in-person appearance, I will move to quash or modify the deposition subpoena accordingly.

Please also confirm written consent to service by email under Rule 5(b)(2)(E) for all papers related to this subpoena.

Absent written consent, service by U.S. Mail will remain the operative method.

Sincerely,

/s/ *Vasan Varadarajan*

Vasan Varadarajan

Non-Party Subpoena Recipient

Enclosures: Written Objections to Subpoena; Certificate of Service

cc (via email):

rebecca.makitalo@klgates.com, ryan.keech@klgates.com, stacey.chiu@klgates.com

Counsel:

I am in receipt of your subpoena since August 14, 2025. These are my written objections under Rule 45(d)(2)(B). I will not produce documents or appear unless ordered by the Court or mutual stipulation between the parties. Written objections suspend any duty to produce unless and until the Court orders otherwise.

1.    **Scope & privacy**. The requests reach years of material, including nearly all communications with my son and others, and would sweep in private family, medical, and financial information that has nothing to do with this case.

2.    **No limits / not proportional**. The subpoena is not limited by subject, custodian, date range, or search terms, and is not proportional to the needs of the case (Rule 26(b)(1)).

3.    **Privilege & protections**. The demands reach privileged and protected matters (personal/medical privacy, attorney–client, family communications). I do not waive any privilege or protection. If any production is later ordered, I will seek an appropriate protective order.

4.    **Burden & expense**. Searching years of devices/accounts and reviewing private materials would be intrusive, time-consuming, and costly. If the Court later requires production, I will request reasonable limits, a sensible search protocol, and cost allocation for attorney review.

5.    **Notice defect**. Before a non-party document subpoena, Rule 45(a)(4) requires notice to each party. My son (a party) did not receive notice or a copy before your service attempt; I told him myself. I object on that basis.

6.    **No corporate custody**. I had no role with VoiceBite and maintain no corporate records. To the extent the subpoena seeks corporate materials, I object for lack of possession, custody, or control.

7.    **Non-party burden**. I am a retired non-party. Rule 45(d)(1) requires parties to avoid imposing undue burden on non-parties; the Court must enforce that duty.

8.    **Testimony command**. I will not appear for any deposition absent a court order. If the Court orders an examination, I will ask that it be remote (Rule 30(b)(4)), time-limited (no more than 2 hours on the record) and reasonably noticed.

These objections are made without waiver of any others that may apply. I will preserve potentially responsive materials pending the Court's direction. Please direct any further steps through the Court.

Respectfully,

/s/ *Vasan Varadarajan*

Vasan Varadarajan

12615 193rd Street

Cerritos, CA 90703

vsvconsult@gmail.com | 562-448-2878

Served on August 28, 2025

# EXHIBIT C

| | |
|---|---|
| **From:** | Keech, Ryan Q. |
| **To:** | vsvconsult |
| **Cc:** | Makitalo, Rebecca L.; Chiu, Stacey G.; Winningham, Jacob R. |
| **Subject:** | RE: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR [KLG-AMERICAS.FID3718879] |
| **Date:** | Tuesday, September 23, 2025 6:30:25 PM |

Mr. Varadarajan,

Thank you for your message.  As you know, it has now been more than a month since you were served with the subpoena on August 14, 2025.  You did not appear for your deposition on Monday, September 22.  Nor have you produced any documents.  You did not appear to be otherwise occupied on Monday – indeed, you claim to be retired and thus unemployed.  And while you reference a health condition, you have not specified what that health condition is, provided any information about why it is that purported health condition permits you to leave the house for certain conditions and not others, why that health condition prevents you from producing documents but allows you to send emails like the below, why that health condition would improve, and not worsen, between now and November, or why that health condition could not be accommodated with, among other things, permitting you to take frequent breaks during your deposition.

You have thus not complied with your obligations imposed by this subpoena.  And as we have now repeatedly explained, the law forbids you from submitting sworn testimony claiming to be a relevant witness but refusing to comply with discovery arising from your submission of such testimony.  Checkmate further rejects the limitation of document production to "five search terms" and your attempt to force Checkmate to pay for an attorney, though you are welcome to retain one at your own expense.

Checkmate will, however, agree to the following in one last good faith attempt to obtain your voluntary compliance:

1.  Checkmate will agree to postpone your deposition until **November 14, 2025 at 10:00 a.m.**, which deposition will take place in person at our offices in Los Angeles as noticed.  Checkmate will use the deposition for purposes of taking relevant discovery and rejects your attempt to define the scope of or topics to be covered during the deposition prior to the deposition taking place.  Checkmate will, however, permit the taking of frequent breaks and will further consider, subject to your provision of information as to what health condition you claim to have and how it affects your ability to provide testimony, other potential steps to ensure you are accommodated;
2.  You will submit your production of relevant and responsive documents no later than close of business on **November 10, 2025**.  Our team will address the scope of the requests with you in order to minimize burden, but no otherwise relevant and responsive documents may be withheld because they are "private family communications"; and
3.  You will identify documents you are withholding on privilege grounds, if any, no later than **November 11, 2025**.

Our team will be happy to discuss any of these matters with you.  Absent confirmation of your agreement to the foregoing by 5:30 p.m. on September 24, 2025, Checkmate will proceed with a request that the court hold you in contempt.

Thank you and best regards,



**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

*Austin   Beijing   Berlin   Boston   Brisbane   Brussels   Charleston   Charlotte   Chicago   Dallas   Delaware   Doha   Dubai   Dublin   Fort Worth   Frankfurt   Harrisburg   Hong Kong   Houston   Kansas City   London   Los Angeles   Luxembourg   Melbourne   Miami   Milan   Munich   Nashville   Newark   New York   Orange County   Palo Alto   Paris   Perth   Pittsburgh   Portland   Raleigh   Research Triangle Park   San Francisco   São Paulo   Seattle   Seoul   Shanghai   Singapore   Sydney   Taipei   Tokyo   Washington, D.C.*

**From:** vsvconsult <vsvconsult@gmail.com>
**Sent:** Sunday, September 21, 2025 10:03 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Cc:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR

---

**This Message Is From an External Sender**

This message came from outside your organization.

---

Dear Counsel,
I indicated 'Mid November' with the conventional meaning of after the beginning of the 2nd week of November, at any suitable time. If you wish we can fix it on Nov 14, 2025, 10:00 AM Friday. Also note that you had requested a suitable time and this is suitable for me. I have not missed any mutually agreed meeting date or time, because there has not been any so far. Therefore your accusatory 'put off any obligations' comment is unwarranted. I have responded to the subpoena and corresponded with my concerns in a timely manner.

I had also indicated in my emails that my role in this case in entirely peripheral and that this is an onerous burden and intrusive to my privacy in my retirement. I have nothing to do with Checkmate or have any claims on any code. I find your statement

"You are a relevant witness" entirely speculative.

You seem to emphasize that  I am "Arjun's Dad" and further made a disrespectful and nasty comment "If anything, the existence of "health constraints" means that Checkmate will need to take your deposition immediately before those constraints worsen any further".  Your team has also made several phone calls and left high pressure messages, "conversations are being recorded", which is an express violation of California law requiring mutual consent to any recording. In your email you also expressed that I "have contradicted myself in the email with my 'sworn' testimony. This is false. I have noted these undue pressure activities on me and will reaffirm them as appropriate.

While you indicate " Checkmate is not seeking privileged materials" the overbroad description in the Subpoena does exactly that.
I reiterate that my availability is as above. I have family obligations and health constraints, and will be available only in November as indicated above, and any deposition must only be remote, with topics limited to 2024 onwards (before which Voicebite and Checkmate had no relationship) and to 5 keyword search terms with 1 month windows. For example "checkmate" and May 2024. My health matters and family obligations are off limits, as is my son's health information. These must be excluded from the five search terms.

Also I note that November is highly reasonable and well within the schedule of the case.

Further, I currently have no regular income other than Social Security and any attorney's fees required to respond to Checkmate's subpoena must be advanced prior to deposition.

Sincerely,

Vasan Varadarajan

On Fri, Sep 19, 2025 at 2:44 PM Keech, Ryan Q. <Ryan.Keech@klgates.com> wrote:

> Mr. Varadarajan,
>
> Thank you for your message.  We refer you to our colleague's voicemail of this morning and follow-up email sent at 1:40 p.m. today.  Your attempt to put off any obligation to respond until an undefined time "after Mid November" is not acceptable.  We wish to avoid having to bring a motion to hold you in contempt in order to enforce the subpoena, but we can confirm that persistent noncompliance will ultimately leave no choice. Accordingly, we please ask that you please describe, with specificity, the "family obligations and health constraints" you describe below and explain how they prohibit your production or appearance now but will be resolved so as to permit your appearance at an undefined time "after Mid November."  If anything, the existence of "health constraints" means that Checkmate will need to take your deposition immediately before those constraints worsen any further.  Please also either confirm that you are not able to leave

your house in Cerritos for any reason or explain the condition that prevents you from leaving your house in Cerritos for some purposes but not to attend a deposition. Checkmate will, of course, accommodate any condition you may have by, among other things, permitting you to take frequent breaks during deposition proceedings.

We ask that you please also describe your "private family communications, health matters and privileged materials" that you believe are not subject to discovery. Otherwise relevant and responsive documents are not excluded from discovery because you consider them to be "private family communications."  And with respect to "health matters," the subpoena with which you were served does not seek any information relating to your personal health; your son, however, has put his health condition at issue in his case.  Finally, Checkmate is not seeking privileged materials but will of course require the identification and description of any material being withheld on privilege grounds so as to evaluate the propriety of that statement.  Checkmate confirms that it will work with you to minimize burden and ensure the prompt production of relevant and responsive materials.

You are a relevant witness who has been served with a subpoena, which is to be treated as an order of the Court.  You may not simultaneously insert yourself into your son's claims and defenses by providing sworn testimony asking the Court to accept your status as a relevant witness and then hide from discovery so that the parties may examine the basis of what it is you say.  Because this is a serious matter, we urge you to seek and obtain independent legal counsel immediately so as to discharge your obligations promptly and completely, and look forward to a response to our colleague's communications.

Best regards,



**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

*Austin   Beijing   Berlin   Boston   Brisbane   Brussels   Charleston   Charlotte   Chicago   Dallas   Delaware   Doha   Dubai   Dublin   Fort Worth   Frankfurt   Harrisburg   Hong Kong   Houston   Kansas City   London   Los Angeles   Luxembourg   Melbourne   Miami   Milan   Munich   Nashville   Newark   New York   Orange County   Palo Alto   Paris   Perth   Pittsburgh   Portland   Raleigh   Research Triangle Park   San Francisco   São Paulo   Seattle   Seoul   Shanghai   Singapore   Sydney   Taipei   Tokyo   Washington, D.C.*

**From:** vsvconsult <vsvconsult@gmail.com>
**Sent:** Friday, September 19, 2025 2:18 PM

**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Cc:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G.
<Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc.
- Case No.: 2:25-cv-00765-MEMF-JPR [KLG-AMERICAS.FID3718879]

Dear Counsel,

It appears that you have not read my email in its entirety. I have family obligations
and health constraints, and will be available only after Mid November, and any
deposition must only be remote and time limited and pertaining only in reference to
the business transaction as outlined in the case. I have to be home in Cerritos  to
look after a elderly relative. Sometime after Mid November, I will be available
remotely as indicated for the subpoena purposes.

I also need time to consider and avail of legal representation if that is necessary.

Please note the other contents of your email are speculative and unsubstantiated
and my reply here is only to my availability. Nothing I wrote contradicts anything
declared in the New York Action (I have not submitted any testimony in California).
My statements regarded my peripheral knowledge of the transaction, my son's
physical presence in California, and that I had no claims on any code at issue--all of
which you had disputed.

By contrast, your subpoena purports to seek documents well outside my testimony,
and is facially overbroad--and would sweep in private family communications,
health matters and privileged materials that have nothing to do with this case.

- Vasan Varadarajan


On Wed, Sep 17, 2025 at 10:16 PM Keech, Ryan Q. <Ryan.Keech@klgates.com>
wrote:

> Mr. Varadarajan,
>
> As it happens, this email contradicts sworn testimony already provided by you
> regarding your involvement with your son's claims and defenses.  Even were it
> not the case that you were a relevant witness - which you are - the law does not
> permit you to simultaneously insert yourself as a witness and avoid discovery in
> this case.
>
> Our client is willing to accommodate legitimate scheduling conflicts and discuss
> the parameters of your production, but a subpoena is an order of the court with
> which you are required to comply.  We invite you to seek competent legal advice
> to address these obligations.  My colleagues will be in touch to confirm

scheduling for your deposition and production of documents and communications.

Best regards,

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

---

**From:** vsvconsult <vsvconsult@gmail.com>
**Sent:** Saturday, September 13, 2025 7:19 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR [KLG-AMERICAS.FID3718879]

---

**This Message Is From an Untrusted Sender**
You have not previously corresponded with this sender. Dear Counsel,

It is an onerous burden on me to be subpoenaed in this case. This is in consideration that I have no relevant relationship to Voicebite or checkmate. I had retired much before that and was only peripherally aware of Voicebite formation, and its transactions with Checkmate. At this stage in my 70th year, I am occupied in my personal matters and would have difficulty traveling for an in person deposition due to health reasons.

Further, I note that Checkmate named me as a third party with potential claims in its counterclaims. I have already declared that I have no such claims. That is the extent of my relationship with VoiceBite.

I had stated my objections to the subpoena to you and these are again attached to this email.

I also became aware that the Plaintiff's (Arjun Vasan) motion to dismiss your counterclaims was not opposed by you in a timely manner. I believe that your subpoena to me is in relation to the counterclaims.

I request that my Sept 22 deposition be continued to (at minimum) 21 days after the Court rules on Plaintiff's Motion to Dismiss Counterclaims and that any deposition proceed remotely under Rule 30(b)(4) from my city. I timely served Rule 45(d)(2)(B) objections

to the document requests; no production will occur absent court order.

Your Rule 45(a)(4) party notice was served after you served me.

Please confirm your acceptance to the request by Monday 15th Sept 5:00 p.m. Pacific Time or I will seek a stay and move ex parte under Rules 26(c) and 45(d)(3).

Sincerely,

Vasan Varadarajan

On Fri, Sep 12, 2025 at 2:21 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

> Mr. Varadarajan,
>
> I write to follow up for a second time on my initial request, dated August 29, 2025, to meet and confer regarding your objections to Checkmate's subpoena. Please provide your availability for a meeting on either September 16 or 17, 2025. If you have retained legal counsel, please forward their contact information to me so that we can coordinate accordingly.
>
> Thank you,
>
> Rebecca Makitalo
> Associate
> K&L Gates LLP
> 10100 Santa Monica Blvd
> 8th Floor
> Los Angeles, CA 90067
> Phone: 310 552-5502
> Cell: 818 251-6956
> rebecca.makitalo@klgates.com
> www.klgates.com
>
>
> **From:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
> **Sent:** Thursday, September 4, 2025 1:59 PM
> **To:** vsvconsult@gmail.com
> **Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
> **Subject:** RE: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR
>
> Mr. Varadarajan,
>
> I hope that this message finds you well. I am writing to follow up on last week's correspondence between my colleague Ms. Makitalo and yourself. We are in receipt of your subpoena objections. We would like to meet and confer regarding Checkmate's subpoena and the basis for your objections. If you have retained legal representation,

please give us the contact information for your counsel and we can speak with them directly.

Please let us know your availability for a telephonic or virtual meet-and-confer after 12:00 p.m. on Tuesday, September 9 and Wednesday, September 10.  Thank you.

Best,
Jake Winningham

**K&L GATES**

**Jacob Winningham**
Associate
K&L Gates LLP
10100 Santa Monica Blvd
8th Floor
Los Angeles, CA 90067
Phone: 310 552-5042
jacob.winningham@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.

# EXHIBIT D

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

CHECKMATE.COM, INC.,

        Plaintiff,

       -against-

ARJUN VASAN,

        Defendant.

------------------------------------------------------- X

**25-CV-03181** (JMF)

<u>DECLARATION OF VASAN VARADARAJAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, TRANSFER OR STAY</u>

I, **Vasan Varadarajan**, declare as follows:

1. I submit this declaration in support of Defendant Arjun Vasan's Motion to Dismiss, Transfer or Stay this Action. I have personal knowledge of the facts stated herein and, if called to testify, could and would competently do so.

2. I am a resident of Cerritos, California. I have lived in California for over 25 years.

3. I am an experienced software engineer with over 30 years of experience, including at companies such as IBM, Apple and Google.

4. I am the father and longtime technical advisor and collaborator of Arjun Vasan.

5. I know and have worked professionally with every member of the VoiceBite founding team at past companies, including CyborgOps and Presto—mentioned in the complaint.

6. I am the co-author, with Arjun, of the functional code at question in this matter.

-1-

7. I am the 3ʳᵈ party individual with alleged claims featured in Checkmate's complaint.

8. Arjun moved back to our family residence in Cerritos in March 2024. Previously for many years he had lived in the Bay Area.

9. Christopher Lam, Arjun's cofounder, flew down from Canada and stayed with us for the month of March 2024, as the VoiceBite team were finalizing the merger with Checkmate.

10. From observing, it was clear that Arjun, Christopher and Robert Nessler were equal partners in the negotiation and discussed every issue thoroughly and transparently.

11. Arjun had my full and complete support and authorization to use any personal code I had co-authored with him over the years, for VoiceBite or any other venture.

12. This code was functional and unrelated to the Large Language Model AI that Arjun and team were rapidly developing and offering to Checkmate.

13. None of this code was subject to any encumbrances from any other entity. It evolved from our shared personal interest in Voice AI starting in 2018.

14. Arjun stayed at our family residence and closed the merger here under significant stress, after which he began working for Checkmate, from here, as it is a remote company.

15. Arjun remained here for the first three months of his employment, after which he took the opportunity to stay with his brother in Midland, Texas, starting August 2024.

16. Arjun returned to Cerritos on September 30, 2024, and has not returned to Texas since.

17. On or about October 23, 2024, Arjun experienced a series of panic attacks, after having worked night and day, including weekends, for several weeks to deliver a key demo.

18. Arjun's mother and I then admitted him to a medical recovery facility in Costa Mesa, California, clearly seeing he needed to take some time off work.

19. We received a distressed phone call on November 14ᵗʰ. Arjun informed us he had just been terminated. We drove to Costa Mesa to collect him; he has remained here since.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

**Executed on**: Monday, June 2, 2025,

In Cerritos, CA

By:        *Vasan Varadarajan*
             150B2800A7704BA...

            **Vasan Varadarajan**