# EXHIBIT A-1

October 1, 2025 - Damages, Subpoenas, Phasing, RFA

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

## Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate's deficiencies and misconduct)

1 message

**Arjun Vasan** <arjun.vasan@gmail.com>                                                                Wed, Oct 1, 2025 at 12:25 AM
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>

Counsel,

You did not propose dates to meet and confer on: (i) your deficient damages contentions/disclosures, (ii) reasonable discovery phasing, (iii) overbroad and unduly burdensome non-party subpoenas (including to my father and Robert Nessler), and (iv) your insufficient responses to my Requests for Admission.

Please provide three windows this week for a conference. If we cannot resolve, I will seek appropriate relief, including a protective order and /sanctions for undue burden on non-parties. See Fed. R. Civ. P. 26(c), 37(a)(1), and 45(d)(1).

For avoidance of doubt: my father has no relevant information to the CDCA action. He is 70, has health issues that preclude any in person appearance, and no income. If you insist on his testimony/documents, confirm that Checkmate will (a) narrowly tailor any request to genuinely relevant topics and (b) advance reasonable attorney's fees and costs associated with his compliance. Any refusal to do so only confirms Checkmate's purpose is not legitimate truth seeking, but rather to burden my friends and family in an improper attempt to exert leverage over me.

Please confirm a date to discuss: (1) a phased discovery plan; (2) withdrawing or narrowing non-party subpoenas; and (3) supplementing damages disclosures to identify categories, computation, and supporting documents.

Absent prompt engagement, I'll move accordingly.

Regards,

Arjun

# EXHIBIT A-2

August 15 - Subpoenas 1

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

---

## Improper Subpoenas to Nessler and L. Varadarajan — Withdraw or Confer (FRCP 45/30; L.R. 37)

4 messages

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                   Fri, Aug 15, 2025 at 10:52 AM
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Makitalo, Rebecca I."
<Rebecca.Makitalo@klgates.com>
Bcc: Grant Thomas <gthomas@twtlaw.com>

Counsel,

You served/attempted to serve subpoenas on Robert Nessler and Vasan Varadarajan without prior party notice. That violates FRCP 45(a)(4) (for any duces tecum) and Rule 30(b)(1) (reasonable written notice of any deposition to all parties).

Defects (both subpoenas):

- No prior notice (45(a)(4)); no proper 30(b)(1) notice.

- Place of compliance exceeds the 100-mile limit (45(c)(1)/(2)) if you're commanding in-person at your office.

- Undue burden / disproportionality on nonparties (45(d)(1); 26(b)(1)), especially at Phase-1.

- Confirm whether witness fee + mileage were tendered at service (45(b)(1)).

Nessler status: He's a nonparty Holder Rep, not Checkmate's managing agent. If you insist he's "party/agent," proceed by Rule 30(b)(1) notice (not subpoena) and serve any document demands via Rule 34—with notice to all parties. Either way, no secret depos; I'm entitled to notice and to attend.

This is my L.R. 37-1 request to confer regarding a 26(c) protective order and 45(d)(3) motion to quash/modify. If you won't withdraw by tomorrow, I'll proceed under L.R. 37-2/-2.4 and seek fees under 45(d)(1).

Please also send: (1) copies of both subpoenas, (2) proof of service, (3) any prior party notice you contend was given, and (4) witness-fee/mileage proof.

Best regards,

Arjun Vasan

Plaintiff In Pro Per | (562) 900-6541 | arjun.vasan@gmail.com

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                   Fri, Aug 15, 2025 at 11:07 AM
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Makitalo, Rebecca I."
<Rebecca.Makitalo@klgates.com>

Counsel—

FRCP 45(a)(4) requires **prior party notice before service**. You attempted service first and emailed "notice" later, which is noncompliant. The subpoena is disproportionate for a family member who is 71 years old and retired. This is clear harassment and overreach. I will move for a protective order ex parte.

You should expect written objects from both my father and Mr. Nessler shortly.

—Arjun

[Quoted text hidden]

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                    Fri, Aug 15, 2025 at 11:33 AM
To: Arjun Vasan <arjun.vasan@gmail.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Makitalo, Rebecca I."
<Rebecca.Makitalo@klgates.com>

Mr. Vasan,

We're somewhat baffled with these communications.  You have notice and, as best as we can tell, have not
asserted any valid objections on your own behalf.

As for Mr. Varadarajan, you're not a lawyer.  You're a pro se party.  You're welcome to represent yourself,
use generative AI to produce nonsense on your own behalf and expect that the fact you're doing same is not
painfully obvious and/or running you headlong into a forthcoming sanctions order.  But what you can't do,
and are forbidden from doing, is representing anybody else.  We will work with Mr. Varadarajan in good faith
to accommodate his legitimate interests, but he is a fact witness and will need to provide discovery: we
would think that you would welcome that possibility.  If you interfere in any way or prepare documents for
these individuals, we will seek and obtain additional sanctions against you for that conduct.

Ryan

**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin   Beijing   Berlin   Boston   Brisbane   Brussels   Charleston   Charlotte   Chicago   Dallas   Delaware
Doha   Dubai   Dublin   Fort Worth   Frankfurt   Harrisburg   Hong Kong   Houston   Kansas City   London
Los Angeles   Luxembourg   Melbourne   Miami   Milan   Munich   Nashville   Newark   New York   Orange
County   Palo Alto   Paris   Perth   Pittsburgh   Portland   Raleigh   Research Triangle Park   San Francisco
São Paulo   Seattle   Seoul   Shanghai   Singapore   Sydney   Taipei   Tokyo   Washington, D.C.*

[Quoted text hidden]

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended
for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the
contents of this message is prohibited. If you have received this e-mail in error, please contact me at Ryan.Keech@klgates.com.

**Arjun Vasan** <arjun.vasan@gmail.com>                                         Fri, Aug 15, 2025 at 12:03 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>

The rules clearly require *prior notice*, not notice after the fact. I am not representing either party, however, I have the
right to object to your subpoenas being a disproportionate and overbroad fishing expedition, and a clear attempt to
interfere with my legitimate employment claims.

# EXHIBIT A-3

September 1 - "Witness Disclosures"

 Gmail

**Arjun Vasan <arjun.vasan@gmail.com>**

---

## Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

9 messages

---

**Winningham, Jacob R.** <Jacob.Winningham@klgates.com>                Thu, Sep 4, 2025 at 9:30 AM
To: "arjun.vasan@gmail.com" <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Vasan,


I hope that you are well.  I am writing to follow up on last week's correspondence between Ms. Makitalo and yourself.  Given that the Court's Trial Order states that the parties should "raise their disputes with respect to phasing of discovery and other limitations on discovery" with the Magistrate Judge (*see* Dkt. 88 at 2:15-17), we would like to find a time to meet-and-confer regarding the supplementation of your Initial Disclosures as discussed in last week's correspondence.


To reiterate Ms. Makitalo's previous correspondence: it is our stance that your Initial Disclosures are deficient in their failure to properly identify witnesses, and therefore violate Rule 26(a)(1)'s requirement that parties "provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses."  Moreover, you are improperly operating under the presumption of phased discovery, despite the lack of any ruling from the Court allowing for such phased discovery.  If the parties cannot come to an agreement on proper supplementation of your Initial Disclosures, Checkmate will move to compel that supplementation.


Presuming that your stance has not changed since your last exchange with Ms. Makitalo, a meet-and-confer is necessary to discuss the above.  Please let us know your availability for a telephonic or virtual meet-and-confer after 12:00 p.m. on Tuesday, September 9 and Wednesday, September 10.  Thank you.


Best,

Jake Winningham


 K&L GATES


**Jacob Winningham**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5042

jacob.winningham@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jacob.Winningham@klgates.com.

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                      Thu, Sep 4, 2025 at 4:43 PM
To: "Winningham, Jacob R." <Jacob.Winningham@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Winningham,

Nice to connect and likewise. My stance has been update as follows:

Checkmate did not timely file oppositions to my motions to dismiss its counterclaims and to strike its 46 affirmative defenses. This is a violation of C.D. Cal. L.R. 7-9, requiring parties to file a notice of non-opposition or timely oppose. It has yet to do so 6 days past the August 29th deadline. Under C.D. Cal. L.R. 7-12, such failure constitutes consent.

In this posture, counterclaim discovery should not proceed. If it could not defend its pleading with what it has in possession, *Twombly*/*Iqbal* requires those doors stay closed.

I expect Checkmate to promptly withdraw the subpoena issued to my father which is entirely irrelevant to its own defenses; to withdraw (or modify and substantially narrow) that issued to Mr. Nessler; and to update its own disclosures accordingly.

I am free to meet on the 10th at 2pm, and will supplement my initial disclosures by then with any potential witnesses related to my **affirmative claims** not already present.

As previously noted, I request and offer consent to recording of any telephonic/virtual meet-and-confer. As Ms. Makitalo did not oppose, I presume Checkmate consents to that as well.

Best regards,
Arjun Vasan


[Quoted text hidden]

---

**Winningham, Jacob R.** <Jacob.Winningham@klgates.com>                       Thu, Sep 4, 2025 at 5:20 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>


Mr. Vasan,


Thank you for agreeing to meet at 2:00 pm on Wednesday, September 10th.  We will send an invitation for a Microsoft Teams meeting at that time shortly.  With regards to the recording of that meet-and-confer, we are amenable to such a practice.  However, we request that both parties confirm their consent to any recording at the outset of the actual meet-and-confer, and that no recording begins prior to that confirmation at the beginning of the meeting.


Regarding your argument that Checkmate has failed to timely file oppositions to your Motions to Dismiss Checkmate's Counterclaims and to Strike Checkmate's Affirmative Defenses: C.D. Cal. L.R. 7-9 states that oppositions must be filed not later than 21 days before the hearing date.  On August 18, the Court entered a minute order continuing the hearing date on the Motions in question to October 9,

2025. (*See* Dkt. 82.) As of today's date (9/4), the October 9, 2025 hearing on the Motions in question is 35 days away. Therefore, the deadline for Checkmate to file its oppositions has not yet passed.

Please be in touch if there are any topics you would like to discuss further prior to our meet-and-confer on Wednesday.

Best,

Jake Winningham



**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

jacob.winningham@klgates.com

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Sun, Sep 7, 2025 at 5:36 AM
To: "Winningham, Jacob R." <Jacob.Winningham@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Winningham,

==As I've stated previously, I would like to discuss all pending topics, including my own request for Checkmate to disclose a compliant computation of damages. I presume since you offered, Checkmate has withdrawn its earlier objection to discuss any topic other than its insistence my witness list is incomplete. In that case, I would like to add the following topics to the agenda.==

**1. Damages Computation (Rule 26(a)(1)(A)(iii)).**
I am requesting a compliant computation of damages (with the documents on which it is based). If Checkmate maintains it has already complied, please identify where; otherwise, please confirm when an updated computation will be served. Absent resolution, I intend to move to compel and request preclusion of any damages not computed with specificity.

**2. Forthcoming limited Rule 24(b) permissive intervention.**
In addition, I would like to confer regarding my forthcoming limited Rule 24(b) permissive intervention to add other VoiceBite founders. At this time, the California-based founders will join, while the Canada based founder may join later. They would be represented by a single counsel, and only added to specific claims as follows:

Proposed intervenors (to be represented by Grant Thomas):
• Robert Nessler (CA) — breach of contract (offer letter/bonus); promissory fraud/fraudulent inducement.
• Isamu Aoki (CA) & Paul Garcia (CA) — breach of contract (offer letter/bonus).
• Christopher Lam (Canada) — may seek to intervene later; not part of this motion.

**Scope/Jurisdiction/Venue** (28 U.S.C. §1331 && §1367(a) supplemental jurisdiction)**:**
The intervention will be limited to breach of contract on the bonus agreement/offer-letter (and the fraud claims for Mr. Nessler). Federal-question jurisdiction exists via my FMLA claim (28 U.S.C. §1331), with §1367(a) supplemental jurisdiction over the founders' claims (same nucleus: 2024 offer letters/bonus program, common witnesses and documents). As to the California founders, the Court has already ruled Labor Code §925 applies; their execution-stage facts (primarily resided/worked in CA; agreement as a condition of employment; no individual counsel during the

negotiation) mirror those findings.

As the others will be represented by counsel, they will also be seeking fees under Labor Code §218.5 as well as any other applicable statutory protections. For now, I will remain pro se.

**I propose the following stipulation to streamline filing**:
(a) consent to permissive intervention limited as above; (b) Checkmate to answer or move within 14 days of service of the Complaint-in-Intervention; oppositions due 14 days thereafter; replies 7 days thereafter; and (c) no change to the existing briefing/hearing schedule on pending motions. (d) subpoena to Mr. Nessler is withdrawn and (if desired) noticed under Rule 30. (e) Service by ECF/email for all parties, including for discovery.

Please confirm the above topics will be on the agenda.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                                    Sun, Sep 7, 2025 at 9:06 AM
To: "Winningham, Jacob R." <Jacob.Winningham@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

The 24(b) motion will be filed by the intervenors' counsel shortly I meant, not myself personally. But I am going to stipulate and declare in favor of the intervention.

[Quoted text hidden]

---

**Winningham, Jacob R.** <Jacob.Winningham@klgates.com>                                     Sun, Sep 7, 2025 at 5:54 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Vasan,


I am writing to clarify two points raised in our recent correspondence.


As an initial matter—the scope of Wednesday's meet-and-confer is limited to the issues raised by Ms. Makitalo and myself regarding your insufficient initial disclosures.  If you would like to discuss any other topics (i.e., any topics other than your initial disclosures), we can schedule a separate meet-and-confer addressing those distinct issues.


Second—at this time, we do not consent to any non-court-reporter recording of any meet-and-confers (including the meet-and-confer scheduled for this coming Wednesday, September 10)  You are free to book a court reporter if you wish.  We reserve all other rights regarding the recording of all future meet-and-confers.


Please let me know if I can provide any additional information or clarification regarding the above.  Have a good rest of your day.


Best,

Jake Winningham

**K&L GATES**

**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

jacob.winningham@klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Sunday, September 7, 2025 5:36 AM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Mon, Sep 8, 2025 at 8:59 AM
To: "Winningham, Jacob R." <Jacob.Winningham@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Winningham,

You are mistaken that Checkmate still has time to file oppositions to the August 15 motions. The Court's Standing Order supersedes the Local Rules regarding briefing schedule, and notes (in § VIII.B) that "Moreover, all Motions must be filed in accordance with the following modified briefing schedule, *which differs from the timing of the Local Rules*:"; that Oppositions "Must be filed no later than fourteen (14) days **after the filing of the initial Motion**"; and finally that "**If at any time the hearing date on a motion is continued, there is no change to the default briefing schedule set forth above.**".

As Checkmate not only failed to timely oppose, but declined to even review the applicable rules upon my own repeated notice of this failure, and has yet not opposed either motion, I see no point in a meet and confer that addresses only Checkmate's counterclaims - which are now a moot issue.

So again, I reiterate my expectation that Checkmate will *immediately* withdraw its premature, overbroad and burdensome subpoenas served on my father, Vasan Varadarajan, and VoiceBite cofounder Robert Nessler.

If Checkmate is willing to discuss its own deficient disclosures on Wednesday, with mutual consent to recording (no court reporter unless Checkmate pays), we can preserve the current meeting date/time.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                Tue, Sep 9, 2025 at 2:36 PM
To: Arjun Vasan <arjun.vasan@gmail.com>

Cc: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>; "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan –

We look forward to receiving proof supporting your assertions regarding the length and reason for your purported unavailability, but in any event, you did not have permission to make, nor do you have any real excuse for, your failure to timely respond to the complaint or the untimely filings you submitted on August 15, 2025.  You, instead, continue to expect accommodations that you are unwilling to consider.

You have made your position clear regarding the necessity of the Court striking untimely filings.  We will provide your emails to the Court and will continue to proceed from there.

Best regards,

**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin   Beijing   Berlin   Boston   Brisbane   Brussels   Charleston   Charlotte   Chicago   Dallas   Delaware   Doha   Dubai   Dublin   Fort Worth   Frankfurt   Harrisburg   Hong Kong   Houston   Kansas City   London   Los Angeles   Luxembourg   Melbourne   Miami   Milan   Munich   Nashville   Newark   New York   Orange County   Palo Alto   Paris   Perth   Pittsburgh   Portland   Raleigh   Research Triangle Park   San Francisco   São Paulo   Seattle   Seoul   Shanghai   Singapore   Sydney   Taipei   Tokyo   Washington, D.C.*

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Tuesday, September 9, 2025 2:02 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Cc:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

Mr. Keech,

As you now concede, I offered a date (September 4th) in compliance with the rules, which also require an in-person meeting absent stipulation of the parties. I offered to meet in person in the two hours after the hearing, and *at any time* afterwards by phone. That is a sufficient window for Checkmate's counsel to make time, as you are the movant.

If you are not available for a compliant, in person, meeting, you are free to suggest a date *after* my proposed date.

I also do not concede my witness disclosures were inadequate. Based on my current knowledge and intentions, they are complete. In any case, your August 25th letter was inadequate as it did not clearly specify the relief you would seek (which you have belatedly done now). I gather you have no legal authorities to support your request, as you have provided none.

> The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (*and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request*), and **specify the terms of the discovery order to be sought**. (L-R 37-1)

As such, the true compliance date would be **10 days from today**, September 8, 2025. Other than specified above, I can meet from 2-4pm on both the 5th and 6th, and 11am on the 7th and 8th. As a token of good faith, but without conceding any deficiency, I will serve any supplement (should it be required) by midnight on September 4.

Best regards,

Arjun Vasan

On Fri, Aug 29, 2025 at 11:49 AM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

> As you are aware, on August 25, 2025, we sent a formal request to meet and confer regarding your deficient initial disclosures, which required you to meet and confer by September 4, 2025, as per Local Rule 37-1. Counsel for Checkmate is unavailable to meet and confer on September 4, 2025. Therefore, we request that you either confirm supplementation of your deficient disclosures or provide your availability to meet before the aforementioned date to avoid any further unnecessary delays and resulting prejudice to Checkmate.
>
> Further, our demand for supplementation is entirely proper and in accordance with Rule 26 of the Federal Rules of Civil Procedure, which mandates complete and compliant initial disclosures. Your refusal to adhere to the Rules and supplement with witnesses and information you have already put forth in pleadings before the Court is entirely improper. On this basis, Checkmate will move to exclude you from using that information or witnesses to supply evidence on a motion, at a hearing, or at a trial, pursuant to Rule 37(c), should you continue to refuse.
>
> Please respond to confirm your supplementation of your disclosures or to provide alternative dates for a meeting prior to September 4, 2025. We expect your cooperation in this matter to ensure compliance with the procedural rules.
>
> Thank you,

Best regards,

Arjun Vasan

On Fri, Aug 29, 2025 at 8:42 AM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

Mr. Vasan,

This is a straightforward issue: we urge you to revisit your refusal to supplement your deficient disclosures and to timely meet and confer regarding this important issue. We already identified that, in your initial disclosures, you "have failed to identify several witnesses, including those for whom you have improperly noticed depositions of," in direct violation of Rule 26(a)(1) which requires you "to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Further, you are improperly "operating under the presumption of phased discovery," an issue which the Court has not yet ruled on and is also in violation of Rule 26. If you refuse to comply with your obligations, we will compel same.

As you know, this meet and confer will address your initial disclosures, not those of Checkmate. We are happy to set another time to meet and confer with you regarding any issues you may have. In the meantime, discovery is ongoing and consistent with the Rules, Checkmate will supplement its disclosures in good faith as soon as additional information becomes available and a calculation of each category of damages can be made.

As previously confirmed, we are scheduled to meet and confer today at 11 am PST. If you are no longer available at this time, please provide an alternative time today that works for you. Not only is your demand to delay this meet and confer until after the scheduling conference improper and noncompliant, we are not available at that time. We trust you will not force us to inform the Court again of your refusal to cooperate.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 2:12 AM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

Ms. Makitalo,

Your August 25 email does not comply with C.D. Cal. L.R. 37-1. A moving party's letter must (i) identify each
disputed issue/request, (ii) state your position with authority, and (iii) specify the precise relief sought. Please identify
which witnesses you contend must be disclosed and the order you intend to seek.

I will have to push the meeting until next week, as you have also not acknowledged that you will be supplementing
your damages section. Neither did you agree to timely meet when I sent my L.R. 37 request regarding the
subpoenas. That must also be addressed in any meeting. Please confirm that all of these topics will be on the
agenda.

I propose we meet in person immediately after the Sept. 4 scheduling conference. That timing is within the 10-day
period even if your email were compliant and will allow us to incorporate the Court's guidance on phasing/bifurcation
as well as other matters. I will make myself available for the two hours after the hearing.

Best regards,
Arjun Vasan

On Wed, Aug 27, 2025 at 9:33 PM Arjun Vasan <arjun.vasan@gmail.com> wrote:

Ms. Makalito,

I write in response to your Aug. 25 email. I was out of town until today and did not get a chance to reply earlier.

I do not currently intend to use any witnesses other than on my initial disclosures. I believe Griffin Schroeder was
the only witness I "improperly noticed depositions of" not on the existing list. In any case, Mr. Schroeder is not
required for my employment claims. I intend to bucket my fraud claims with your counterclaims. In any case, he is
your party witness.

If the court declines my proposed phasing/bifurcation and your counterclaims survive Rule 12, I will supplement
within 14 days. Until then, from my understanding of Rule 26(a)(1)(A)(i), I am not required to disclose any
potential witnesses beyond those who I *currently* intend to use to support my claims and defenses. As no such
witnesses exist, my initial disclosures are complete.

That being said I will revisit the existing list and supplement, if needed, by the meet and confer on Friday. Your
proposed time is acceptable. Given Checkmate's prior misrepresentations during and about these meetings, I
request that the meeting is recorded, with mutual consent. I.e. both sides may record.

In the meanwhile, I ask that you address deficiencies in your own disclosures, namely the lack of any numbers (or
ranges) in your computation of damages. In addition, please provide any statutory or contractual basis under
which you will seek attorney's fees.

Regards,
Arjun Vasan

(562) 900-6541

On Mon, Aug 25, 2025 at 5:06 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

Mr. Vasan,

I am writing to address the deficiencies in your Initial Disclosures, which were served on August 21, 2025. Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Your disclosures have failed to identify several witnesses, including those for whom you have improperly noticed depositions of. Furthermore, it appears that you are operating under the presumption of phased discovery, a matter which the Court has not yet decided upon and is entirely improper.

Accordingly, Checkmate requests that you supplement your initial disclosures with Rule-compliant disclosures **by no later than August 27, 2025**. Should you fail to do so, please provide your availability to meet and confer on August 29, 2025 between 10am-12pm, as Checkmate will move to compel disclosure pursuant to Rule 37(a) and seek appropriate relief from the Court.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Fri, Aug 29, 2025 at 1:50 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makitalo,

Today is the first time you specified the precise relief you seek. Treating today as your compliant L.R. 37-1 letter, Day-10 is Monday, September 8, 2025. I am available in person on Sept. 4–8 at the previously offered times; not earlier. I am not

obligated to meet earlier simply to preempt the Court's guidance.

I will not subject non-parties to unnecessary burden. Waiting to incorporate the Court's Rule 16 guidance serves proportionality and avoids unnecessary motion practice.

I did not request case law; I simply noted that you have not stated Checkmate's position with authorities.

Please confirm a date or time as per my availability between Sept. 4-8 as stated (compliant even under your previous inadequate letter).

Best regards,
Arjun Vasan

[Quoted text hidden]



Arjun Vasan <arjun.vasan@gmail.com>

---

## RE: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

14 messages

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Mon, Sep 8, 2025 at 1:48 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,


While I am sure you can understand that, at this point, whatever operative motion you may intend to be heard is somewhat unclear in light of your multiple withdrawals and re-filings of motions. Further, your complaints regarding compliance with the Court's standing order deadlines are otherwise unavailing in light of your own violation of the Court's requirement that all motions "must be filed no later than forty-two (42) days prior to the hearing date on the Motion" (Judge Frimpong Standing Order, Section VII.B; compare Dkts. 79, 81 (motions filed on August 15, 2025 set for hearing on September 18, 2025)) and failure to file a timely reply, we will of course be filing oppositions.  We anticipate filing Checkmate's oppositions on or around September 18, 2025, in accordance with the deadlines set forth by the Local Rules.  To the extent you are correct that these oppositions were due on August 29, 2025, pursuant to Section VIII of the Court's Standing Order, we request your stipulation to such filing to avoid burdening the Court with unnecessary motion practice. Additionally, we are open to stipulating to an alternate date for your reply and requesting a new hearing date to ensure the Court has ample time to consider the motions.  Please let us know if you agree, and we would be happy to draft the stipulation for your review.


If you decline to stipulate, we will be requesting that the Court grant leave for such filing and a continuance of the relevant hearing dates in accordance with relevant authority.


Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Monday, September 8, 2025 8:59 AM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Mr. Winningham,

You are mistaken that Checkmate still has time to file oppositions to the August 15 motions. The Court's Standing Order supersedes the Local Rules regarding briefing schedule, and notes (in § VIII.B) that "Moreover, all Motions must be filed in accordance with the following modified briefing schedule, *which differs from the timing of the Local Rules*:"; that Oppositions "Must be filed no later than fourteen (14) days **after the filing of the initial Motion**"; and finally that "**If at any time the hearing date on a motion is continued, there is no change to the default briefing schedule set forth above.**".

As Checkmate not only failed to timely oppose, but declined to even review the applicable rules upon my own repeated notice of this failure, and has yet not opposed either motion, I see no point in a meet and confer that addresses only Checkmate's counterclaims - which are now a moot issue.

So again, I reiterate my expectation that Checkmate will *immediately* withdraw its premature, overbroad and burdensome subpoenas served on my father, Vasan Varadarajan, and VoiceBite cofounder Robert Nessler.

If Checkmate is willing to discuss its own deficient disclosures on Wednesday, with mutual consent to recording (no court reporter unless Checkmate pays), we can preserve the current meeting date/time.

Best regards,

Arjun Vasan

On Sun, Sep 7, 2025 at 5:54 PM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

> Mr. Vasan,
>
> I am writing to clarify two points raised in our recent correspondence.
>
> As an initial matter—the scope of Wednesday's meet-and-confer is limited to the issues raised by Ms. Makitalo and myself regarding your insufficient initial disclosures.  If you would like to discuss any other topics (i.e., any topics other than your initial disclosures), we can schedule a separate meet-and-confer addressing those distinct issues.

Second—at this time, we do not consent to any non-court-reporter recording of any meet-and-confers (including the meet-and-confer scheduled for this coming Wednesday, September 10).  You are free to book a court reporter if you wish.  We reserve all other rights regarding the recording of all future meet-and-confers.


Please let me know if I can provide any additional information or clarification regarding the above.  Have a good rest of your day.


Best,

Jake Winningham





**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

jacob.winningham@klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Sunday, September 7, 2025 5:36 AM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

---

Mr. Winningham,


As I've stated previously, I would like to discuss all pending topics, including my own request for Checkmate to disclose a compliant computation of damages. I presume since you offered, Checkmate has withdrawn its earlier objection to discuss any topic other than its insistence my witness list is incomplete. In that case, I would like to add the following topics to the agenda.

**1. Damages Computation (Rule 26(a)(1)(A)(iii)).**
I am requesting a compliant computation of damages (with the documents on which it is based). If Checkmate maintains it has already complied, please identify where; otherwise, please confirm when an updated computation will be served. Absent resolution, I intend to move to compel and request preclusion of any damages not computed with specificity.

**2. Forthcoming limited Rule 24(b) permissive intervention.**

In addition, I would like to confer regarding my forthcoming limited Rule 24(b) permissive intervention to add other VoiceBite founders. At this time, the California-based founders will join, while the Canada based founder may join later. They would be represented by a single counsel, and only added to specific claims as follows:

Proposed intervenors (to be represented by Grant Thomas):
• Robert Nessler (CA) — breach of contract (offer letter/bonus); promissory fraud/fraudulent inducement.
• Isamu Aoki (CA) & Paul Garcia (CA) — breach of contract (offer letter/bonus).
• Christopher Lam (Canada) — may seek to intervene later; not part of this motion.

**Scope/Jurisdiction/Venue (**28 U.S.C. §1331 && §1367(a) supplemental jurisdiction**):**

The intervention will be limited to breach of contract on the bonus agreement/offer-letter (and the fraud claims for Mr. Nessler)**.** Federal-question jurisdiction exists via my FMLA claim (28 U.S.C. §1331), with §1367(a) supplemental jurisdiction over the founders' claims (same nucleus: 2024 offer letters/bonus program, common witnesses and documents). As to the California founders, the Court has already ruled Labor Code §925 applies; their execution-stage facts (primarily resided/worked in CA; agreement as a condition of employment; no individual counsel during the negotiation) mirror those findings.

As the others will be represented by counsel, they will also be seeking fees under Labor Code §218.5 as well as any other applicable statutory protections. For now, I will remain pro se.

**I propose the following stipulation to streamline filing**:

(a) consent to permissive intervention limited as above; (b) Checkmate to answer or move within 14 days of service of the Complaint-in-Intervention; oppositions due 14 days thereafter; replies 7 days thereafter; and (c) no change to the existing briefing/hearing schedule on pending motions. (d) subpoena to Mr. Nessler is withdrawn and (if desired) noticed under Rule 30. (e) Service by ECF/email for all parties, including for discovery.


Please confirm the above topics will be on the agenda.


Best regards,

Arjun Vasan


On Thu, Sep 4, 2025 at 5:20 PM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

> Mr. Vasan,
>
> Thank you for agreeing to meet at 2:00 pm on Wednesday, September 10[th]. We will send an invitation for a Microsoft Teams meeting at that time shortly. With regards to the recording of that meet-and-confer, we are amenable to such a practice. However, we request that both parties confirm their consent to any recording at the outset of the actual meet-and-confer, and that no recording begins prior to that confirmation at the beginning of the meeting.
>
> Regarding your argument that Checkmate has failed to timely file oppositions to your Motions to Dismiss Checkmate's Counterclaims and to Strike Checkmate's Affirmative Defenses: C.D. Cal. L.R. 7-9 states that oppositions must be filed not later than 21 days before the hearing date. On August 18, the Court entered a minute order continuing the hearing date on the Motions in question to October 9, 2025. (*See* Dkt. 82.) As of today's date (9/4), the October 9, 2025 hearing on the Motions in question is 35 days away. Therefore, the deadline for Checkmate to file its oppositions has not yet passed.
>
> Please be in touch if there are any topics you would like to discuss further prior to our meet-and-confer on Wednesday.
>
> Best,
>
> Jake Winningham



**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

jacob.winningham@klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Thursday, September 4, 2025 4:43 PM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

---

Mr. Winningham,

Nice to connect and likewise. My stance has been update as follows:

Checkmate did not timely file oppositions to my motions to dismiss its counterclaims and to strike its 46 affirmative defenses. This is a violation of C.D. Cal. L.R. 7-9, requiring parties to file a notice of non-opposition or timely oppose. It has yet to do so 6 days past the August 29th deadline. Under C.D. Cal. L.R. 7-12, such failure constitutes consent.

In this posture, counterclaim discovery should not proceed. If it could not defend its pleading with what it has in possession, *Twombly/Iqbal* requires those doors stay closed.

I expect Checkmate to promptly withdraw the subpoena issued to my father which is entirely irrelevant to its own defenses; to withdraw (or modify and substantially narrow) that issued to Mr. Nessler; and to update its own disclosures accordingly.

I am free to meet on the 10th at 2pm, and will supplement my initial disclosures by then with any potential witnesses related to my **affirmative claims** not already present.

As previously noted, I request and offer consent to recording of any telephonic/virtual meet-and-confer. As Ms. Makitalo did not oppose, I presume Checkmate consents to that as well.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jacob.Winningham@klgates.com.

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Tue, Sep 9, 2025 at 6:24 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

Judge Frimpong's Standing Order governs briefing. Oppositions are due 14 days after the motion is filed, and replies are due 7 days after the opposition. Because no opposition was filed, no reply deadline was triggered. If and when you file for leave, and if leave is granted, my reply would be due 7 days later.

I don't stipulate to retroactively excuse the missed opposition. If you seek leave under Rule 6(b)(1)(B), I'll respond as the Court directs. If leave is granted, my reply will be due 7 days after your opposition per the Standing Order. I don't need to stipulate in order to be able to reply on time.

As my notices stated, I acknowledged the 42-day requirement and expressly invited the Court to continue the hearing if it prefers both motions be heard together. By contrast, your side filed no opposition, ignored my repeated notice that you were late, offered no explanation, and insisted—incorrectly—that Local Rule 7-9 controlled.

I am willing to meet and confer only under the conditions that I have stated: the meeting is recorded, subpoenas withdrawn, counterclaim discovery paused.

Then and only then can we discuss under what terms I might stipulate.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Tue, Sep 9, 2025 at 1:04 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

I want to clarify that it is extremely unlikely I would stipulate to leave. I will oppose leave if you request it, and move to strike any brief filed without requesting leave in a separate motion. As of now, pressing counterclaim discovery will expose you to a strong inference of bad faith and gamesmanship.

You are now 11 days overdue, and yet insist you will disobey the Standing Order and file as per the Local Rules. I don't think the Court will accept that the four qualified attorneys on this thread, three of whom have filed according to the Court's modified schedule to date in this case, suddenly *forgot*.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                Tue, Sep 9, 2025 at 1:21 PM
To: Arjun Vasan <arjun.vasan@gmail.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

Thank you for this email. We will be submitting this email to the Court. We remind you, and will remind the Court, that your August 15, 2025 filings were submitted in violation of Rule 12 and your obligation to file your response to Checkmate's counterclaims by the extended deadline of August 6, 2025 – an extended deadline to which you will no doubt recall Checkmate stipulated as a result of your claims that you required the additional time. Are we to understand this email as asserting your view that your August 15, 2025 filings are also subject to being stricken as untimely and that the Court should take your failure to timely respond to Checkmate's counterclaims as consent to the relief Checkmate seeks? Or do you have a different view as to your obligation to follow the rules?

In any event, we will submit your emails to the Court and will proceed accordingly.

Thank you and best regards,

**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                                    Tue, Sep 9, 2025 at 2:02 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Keech,

You are free to submit to the court anything you want. I filed a timely response, despite just being discharged on August 4th, nearly 10 days after I had expected. I noted in that response that I would be amending as soon as practicable. I further noted in the Joint Rule 26(f) report that I would be amending on August 15th. I kept you and the court apprised, and filed the amended motion on that date. Prior to opposition, it is common for courts to accept superseding amended motions.

You have offered no reason for your failure to meet the deadline, other than you prefer the Local Rules to the Standing Order. You did not file *any* opposition or ask for a short extension of time to amend.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Wed, Sep 10, 2025 at 3:00 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

I am writing to address your absence at the scheduled meet and confer today, September 10, 2025, at 2 p.m., concerning the deficiencies in your initial disclosures. As you are aware, during our previous communications, you committed to supplementing your deficient disclosures prior to today's meet and confer, which you have failed to provide. We again request that you promptly supplement your disclosures to identify individuals and information as required by Rule 26 and commit to a date certain for compliance.

Additionally, please provide your availability for a rescheduled meet and confer to address these ongoing issues. If you refuse to do so, Checkmate will move under Rule 37 to exclude you from using these witnesses or information to supply as evidence in a motion, at a hearing, or at trial. To avoid this unnecessary motion practice, we ask that you confirm whether you will supplement your disclosures with the required information and provide your availability to meet and confer.

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                    Wed, Sep 10, 2025 at 3:50 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

I did not confirm today's meeting, as the conversation made it seem up in the air. I will meet, but it must be reciprocal (both sides' Rule 26(a)(1) issues, not just mine) and on the record (mutual audio recording; or a court reporter at Checkmate's expense).

Proposed date/time (Pacific) — Tuesday, Sept. 16:

- 10:00–11:00 a.m. PT, or

- 2:00–3:00 p.m. PT

    Please confirm which slot and whether you agree to **mutual recording** (or a reporter).

==My supplementation:== I will serve a Rule 26(a)(1) supplement by Mon., Sept. 15, 5:00 p.m. PT, identifying any additional individuals I may use to support my affirmative claims (with subjects and contact info). I do not presently intend to use witnesses solely related to your counterclaims, as they are subject to my pending/yet-unopposed MTD. If and when that changes, I would timely supplement.

==Your supplementation (same date):== Please serve a compliant damages computation, with supporting documents, pursuant to Rule 26(a)(1)(A)(iii) for your counterclaims by the same date/time.

If you decline a reciprocal, recorded session and proceed to Rule 37, I will oppose. I am providing a date-certain supplement and near-term availability to confer on both sides' obligations. Mutual recording is free for both sides, and there is no conceivable reason to oppose it unless you *intend* to misrepresent the meeting as Checkmate has done numerous times.

Best regards,

Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Wed, Sep 10, 2025 at 4:43 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R."
<Jacob.Winningham@klgates.com>

Mr. Vasan,

I take your conditional correspondence as a refusal to meet and confer regarding your deficient disclosures, as repeatedly
requested since as early as August 25, 2025. Given your stance and unwillingness to comply with the requirements of
Rule 26, Checkmate will proceed with a Rule 37 motion to compel compliance.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 3:50 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>;
Winningham, Jacob R. <Jacob.Winningham@klgates.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                    Wed, Sep 10, 2025 at 4:51 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R."
<Jacob.Winningham@klgates.com>

If you intend to move to compel on witnesses, please serve your LR 37-2.2 moving portion; I will return my portion within 7 days of receipt. We will also address your overdue Rule 26(a)(1)(A)(iii) damages computation.

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                              Wed, Sep 10, 2025 at 4:59 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

To be clear, I am not refusing to confer. I will meet on Tue., Sept 16 at 10–11 a.m. PT or 2–3 p.m. PT, provided the conference is mutually audio-recorded (or with a court reporter at your expense) and covers both sides' Rule 26 obligations, including your overdue Rule 26(a)(1)(A)(iii) damages computation with supporting documents. If you refuse these fair and mutual terms, it is Checkmate that has refused to meet, not me. Every time I offered a mutual meeting, you have refused to include any concerns that I have. That is not cooperation from your side. That is not even an attempt to cooperate, which requires compromise. If you proceed to file and declare that I did not cooperate, the email thread will show several attempts at cooperating and your insistence on a one-way, unfair meeting.

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>            Wed, Sep 10, 2025 at 5:16 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

We have been requesting to meet and confer on your deficient initial disclosures for over two weeks now. Despite our repeated requests for disclosures that comply with the applicable rules, and your indication you would supplement your disclosures by today at 2 p.m., you have failed to provide them. Your refusal to meet and confer unless your conditions are met is a blatant disregard for the procedural requirements and our efforts to resolve this matter without burdening the Court. Regarding your demand to record the meeting, we are willing to accommodate your request only under the condition that a mutually agreed upon court reporter is present, and this will be at your expense. No other recording methods will be accepted.

Due to your continued refusal to engage in a meet and confer without imposing unreasonable conditions, we are left with no choice but to proceed with our Rule 37 motion. We urge you to reconsider your position to avoid unnecessary motion practice. Please let us know how you wish to proceed.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 4:59 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

----------------------------------------

[Quoted text hidden]

---

Arjun Vasan <arjun.vasan@gmail.com>                                         Wed, Sep 10, 2025 at 5:38 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

I am not refusing to confer. I'll meet on Tue., Sept 16 at 10–11 a.m. PT or 2–3 p.m. PT if (a) we mutually audio-record, or (b) we use a court reporter at Checkmate's expense with a transcript within 2 business days. If you decline both, let's satisfy LR 37-1 **in writing** as follows (simple protocol):

1. Single email thread titled "LR 37-1 Written M&C — Initial Disclosures."

2. Initiating party sends: (i) a short issue list, and (ii) ≤300 words per issue stating its position and requested relief. For instance, I would like to know who exactly you think should be on this list, because I do not know any other witnesses "I may use" as of now.

3. Other side replies on the same thread within 2 business days, ≤300 words per issue.

4. Optional one reply per side, ≤150 words per issue, within 1 business day.

5. One-page status chart ("Resolved / Narrowed / Unresolved") circulated by the initiating party; attach this chart to any LR 37-2.2 if issues remain.

6. No waiver: participation preserves all objections; nothing here limits Rule 26(c) / Rule 45 rights.

7. If unresolved, the moving party serves its LR 37-2.2 moving portion; I'll return my portion within 7 days of receipt.

If you prefer the written option, we may begin tomorrow.

As noted, I will serve a Rule 26(a)(1) supplement for my affirmative claims by Mon., Sept 15, 5:00 p.m. PT and will 26(e) supplement within 7 days of any order that keeps a counterclaim alive. Please also serve your Rule 26(a)(1)(A)(iii) damages computation (with supporting documents) by the same date.

Please confirm one of the three options (recorded call / reporter at your expense / written protocol).

Best,

Arjun

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                Wed, Sep 10, 2025 at 5:53 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

We will make ourselves available for a meet and confer to discuss your deficient disclosures on September 16, 2025 at 2 p.m. If you intend to engage a court reporter for the meeting, please provide the relevant details for mutual agreement by no later than Friday, September 12, 2025. Otherwise, we will proceed with our motion as indicated in accordance with the applicable Rules.


Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 5:39 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                Thu, Sep 11, 2025 at 3:57 PM
Draft To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Send the meeting link. I will be pausing to type every statement you make, and will have to confirm everything "agreed" to; so expect that will slow down the meeting. I will send a recap at the end of the meeting, and you will have one hour to confirm that my recap is accurate or object to it.

I will also note that there is only one side that has refused to discuss its "deficient disclosures", and that is Checkmate. If you do not agree to discuss your computation of damages on Tuesday, I have a clear record of you refusing to meet regarding such, and will move to compel separately on those grounds.

Best,
Arjun

[Quoted text hidden]

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

---

### RE: Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate's deficiencies and misconduct) [KLG-AMERICAS.FID3718879]

3 messages

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Wed, Oct 1, 2025 at 12:28 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

Despite our repeated requests to meet and confer on your deficient initial disclosures, we have yet to receive a proposed date from your side. We are available to meet and confer on this issue on October 6, 2025 from 12-2 p.m. or October 7, 2025 from 1-3:30 p.m. at our offices. Please let us know if you are available during these times to address the deficiencies in your disclosures. We expect this meeting to be conducted without any arbitrary demands.

Additionally, while we are open to meeting and conferring on your contemplated motions, this must be done in a separate meeting as we have been requesting to meet and confer with you on your deficient initial disclosures since as early as August 25, 2025. We are separately available to meet and confer on the issues identified in your email on October 14, 2025 from 1-3 p.m. or October 15, 2025 from 12:30-2 p.m. Please provide a mutually agreeable location for our meeting. Alternatively, we are willing to host your requested meet and confer at our offices. Furthermore, please provide the basis for each contemplated motion in compliance with Local Rule 37-1 in advance on any such meeting.

Please confirm your availability for the proposed meeting times. We look forward to your prompt response and resolving these matters efficiently.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, October 1, 2025 12:25 AM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Subject:** Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate's deficiencies and misconduct)

Counsel,

You did not propose dates to meet and confer on: (i) your deficient damages contentions/disclosures, (ii) reasonable discovery phasing, (iii) overbroad and unduly burdensome non-party subpoenas (including to my father and Robert Nessler), and (iv) your insufficient responses to my Requests for Admission.

Please provide three windows this week for a conference. If we cannot resolve, I will seek appropriate relief, including a protective order and /sanctions for undue burden on non-parties. See Fed. R. Civ. P. 26(c), 37(a)(1), and 45(d)(1).

For avoidance of doubt: my father has no relevant information to the CDCA action. He is 70, has health issues that preclude any in person appearance, and no income. If you insist on his testimony/documents, confirm that Checkmate will (a) narrowly tailor any request to genuinely relevant topics and (b) advance reasonable attorney's fees and costs associated with his compliance. Any refusal to do so only confirms Checkmate's purpose is not legitimate truth seeking, but rather to burden my friends and family in an improper attempt to exert leverage over me.

Please confirm a date to discuss: (1) a phased discovery plan; (2) withdrawing or narrowing non-party subpoenas; and (3) supplementing damages disclosures to identify categories, computation, and supporting documents.

Absent prompt engagement, I'll move accordingly.

Regards,

Arjun

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                    Wed, Oct 1, 2025 at 12:35 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

To add to my colleague's email below, notwithstanding your propensity for expressing yourself in a variety of inexplicably angry late-night AI-fueled missives, the Court has already rejected your attempt to interfere with third-party discovery. Checkmate has no obligation to and will not be discussing the obligations of recipients of third party subpoenas with you.

Moreover, because it appears that you may be attempting to manipulate and provide pseudo-legal "advice" to at least some third parties, we again remind you that you are not a lawyer, that there are very serious consequences associated with behaving as if you are one and that we look forward to obtaining relevant evidence from all recipients of third-party discovery in this case and otherwise regarding your communications with them. Checkmate reserves all rights in this regard and with respect to your other improper conduct in this case.

The witnesses are aware I am not a lawyer; I have not represented myself to be a lawyer; and your allegations are entirely meritless.

Best regards,
Arjun Vasan

[Quoted text hidden]

# EXHIBIT A-4

Work Product Discovery / Sanctions Threats

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

---

## Notice of Breach Regarding Service Method – Merger Agreement § 9.11

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                           Fri, May 30, 2025 at 5:29 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Vasan,


So that we may evaluate your position, please explain, in detail and with evidence, what it is about our client's claims against you – and the evidence of your conduct – that you consider to be "ridiculous" or that will "embarrass" it.


Otherwise, while you are a pro se litigant and it is clear that you are angry, nothing excuses you from compliance with the basic obligations imposed on every litigant. As has been explained to you, there is no justification for your admitted, consistent and ongoing use of "generative AI" to prepare documents that violate these obligations and further your stated goal to "crush," "ruin" and "embarrass" Checkmate and its counsel. On behalf of our client, we ask that you please identify any "generative AI" platform you have utilized and are utilizing in drafting and revising any documents filed or served in this case and make sure that you preserve any associated records.


Best regards,


**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com


*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, May 30, 2025 4:18 PM



Arjun Vasan <arjun.vasan@gmail.com>

---

## RE: Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate's deficiencies and misconduct) [KLG-AMERICAS.FID3718879]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                    Wed, Oct 1, 2025 at 12:35 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

To add to my colleague's email below, notwithstanding your propensity for expressing yourself in a variety of inexplicably angry late-night AI-fueled missives, the Court has already rejected your attempt to interfere with third-party discovery. Checkmate has no obligation to and will not be discussing the obligations of recipients of third party subpoenas with you.

Moreover, because it appears that you may be attempting to manipulate and provide pseudo-legal "advice" to at least some third parties, we again remind you that you are not a lawyer, that there are very serious consequences associated with behaving as if you are one and that ==we look forward to obtaining relevant evidence from all recipients of third-party discovery in this case and otherwise regarding your communications with them==. Checkmate reserves all rights in this regard and with respect to your other improper conduct in this case.

I know my colleagues look forward to your availability as noted below.

Best regards,

Ryan



**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin   Beijing   Berlin   Boston   Brisbane   Brussels   Charleston   Charlotte   Chicago   Dallas   Delaware   Doha   Dubai   Dublin   Fort Worth   Frankfurt   Harrisburg   Hong Kong   Houston   Kansas City   London   Los Angeles   Luxembourg   Melbourne   Miami   Milan   Munich   Nashville   Newark   New York   Orange*

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

---

## Notice of Breach Regarding Service Method – Merger Agreement § 9.11

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                     Fri, May 30, 2025 at 7:14 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Warns, Tom A." <Tom.Warns@klgates.com>

Mr. Vasan,

We understand from your continued failure to provide any evidence of what it is about our client's claims against you that you consider to be "ridiculous" or that will "embarrass" it that you have no such evidence and that you, further, believe you have no obligation to provide such evidence.  We further understand that your only excuses for the conduct you are alleged to have engaged in are that our client has, in your view, suffered no damage and that you believe that your admitted solicitation of Checkmate competitors does not constitute a breach of any obligations.  We, finally, understand that you intend to shift blame to other VoiceBite "co-founders" for the fraud that you are alleged to have orchestrated.  They will likely need to be made aware of your serious allegations: please let us know if you have any objections to us doing so.

"Advances in technology" that have "leveled the playing field" is certainly an interesting euphemism for your admitted, consistent and ongoing use of "generative AI" to prepare and file documents that violate the rules and further your stated goal to "crush," "ruin" and "embarrass" Checkmate and its counsel.  ==It is clear that whatever platform that you are utilizing is telling you what you want to hear, which of course is its function. But it is not telling you, because it is not designed to tell you, the truth.  More seriously, it is enabling repeated and increasingly serious violations of your basic obligations as a litigant.  We thus ask again that you immediately identify the platform that you have utilized and demand that you preserve all associated records.==

Best regards,

 K&L GATES

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

---

## Improper Subpoenas to Nessler and L. Varadarajan — Withdraw or Confer (FRCP 45/30; L.R. 37)

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                              Fri, Aug 15, 2025 at 11:33 AM
To: Arjun Vasan <arjun.vasan@gmail.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Makitalo, Rebecca I."
<Rebecca.Makitalo@klgates.com>

Mr. Vasan,


We're somewhat baffled with these communications.  You have notice and, as best as we can tell, have not asserted any valid objections on your own behalf.


As for Mr. Varadarajan, you're not a lawyer.  You're a pro se party.  You're welcome to represent yourself, use generative AI to produce nonsense on your own behalf and expect that the fact you're doing same is not painfully obvious and/or running you headlong into a forthcoming sanctions order.  But what you can't do, and are forbidden from doing, is representing anybody else.  We will work with Mr. Varadarajan in good faith to accommodate his legitimate interests, but he is a fact witness and will need to provide discovery: we would think that you would welcome that possibility.  If you interfere in any way or prepare documents for these individuals, we will seek and obtain additional sanctions against you for that conduct.


Ryan


**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com


*Austin   Beijing   Berlin   Boston   Brisbane   Brussels   Charleston   Charlotte   Chicago   Dallas   Delaware Doha   Dubai   Dublin   Fort Worth   Frankfurt   Harrisburg   Hong Kong   Houston   Kansas City   London Los Angeles   Luxembourg   Melbourne   Miami   Milan   Munich   Nashville   Newark   New York   Orange County   Palo Alto   Paris   Perth   Pittsburgh   Portland   Raleigh   Research Triangle Park   San Francisco São Paulo   Seattle   Seoul   Shanghai   Singapore   Sydney   Taipei   Tokyo   Washington, D.C.*

[Quoted text hidden]

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Ryan.Keech@klgates.com.

# EXHIBIT A-5

L.R. 37-1 and Informal Conference Requests

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

## Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv-00765-MEMF-ASx - Informal Discovery Conference Request

1 message

**Arjun Vasan** <arjun.vasan@gmail.com>                                          Thu, Oct 23, 2025 at 11:09 AM
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Counsel,

I write to request an informal discovery conference with Judge Alka Sagar, who has been assigned as the new Magistrate Judge.

Pursuant to Judge Sagar's Civil Procedures, "The purpose of an Informal Discovery Conference is to resolve a discovery dispute that can be addressed by the Court after reviewing each party's brief, succinct position on the nature of the dispute, and the relief that they are seeking".

I am seeking:

1. An agreement to mutually record meet-and-confers, due to Checkmate's misconduct and misrepresentations of prior meet-and-confers.
2. Guidance on phasing and discovery limitations, as per Judge Frimpong's scheduling order, which Checkmate has disregarded.
3. Responses to Requests for Admission compliant with Judge Sagars directive: "***Parties*** responding to interrogatories or document requests shall not use boilerplate objections that violate Federal Rules of Civil Procedure 33(b)(4) or 34(b)(2)."

Please confirm that you are amenable, as the Court finds this process "useful and efficient to address a discrete dispute, scheduling issues, or recalcitrant misconduct in discovery".

Best regards,
Arjun Vasan

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

---

## Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv-00765-MEMF-ASx

8 messages

---

**Arjun Vasan** <arjun.vasan@gmail.com>                    Fri, Oct 24, 2025 at 12:14 PM
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Counsel,

Attached please find Plaintiff's portions of the L.R. 37 Joint Stipulation regarding the sufficiency of Checkmate's RFA responses (Sets One–Three). This joint stip tracks Judge Sagar's procedures and L.R. 37.

In the spirit of narrowing disputes, I've grouped RFAs with identical defects and identified a small subset for deeming admitted (objective MIME/filename/URL/body-term items) while proposing that the remainder be cured by Rule-compliant amended answers describing the "reasonable inquiry" required by FRCP 36(a)(4).

Please return your "Opposing Party's Contentions" sections (or proposed amended answers obviating the issue) within 7 days. If I do not receive your portions by then, I will file my motion supported by a declaration attaching this draft and my L.R. 37-1 correspondence. I've attached the word version as well as proposed attachments from my end.

I remain available to meet and confer at your convenience this upcoming week, <u>only on this issue</u>, either in Cerritos, California or remotely.

Regards,
Arjun Vasan, Plaintiff in Pro Per
(562) 900-6541 | arjun.vasan@gmail.com

---

**9 attachments**

📄 **2025-09-16 Checkmate's Responses to Vasan's Second Set of RFAs.pdf**
252K

📄 **2025-09-15 Checkmate's Responses to Vasan's First Set of RFAs.pdf**
355K

📝 **[DRAFT] Joint Stipulation - Insufficient Responses to Requests for Admission.docx**
52K

📄 **[2025-10-10] Checkmate's Responses to Vasan's Third Set of RFAs.pdf**
524K

📄 **meet-and-confer-set-1.pdf**
131K

📄 **rfa-set-1-lunchbox-emails.pdf**
283K

📄 **meet-and-confer-set-2.pdf**
94K

📄 **rfa-set-2-separation.pdf**
410K

📄 **rfa-set-3-byod-dispute.pdf**
2076K

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>            Mon, Oct 27, 2025 at 2:31 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

You have not complied with the Rule 37-1 meet and confer requirement for your proposed discovery motion. You must first request to confer **in good faith** and prepare and transmit to Checkmate a letter that: (1) identifies each disputed issue and/or discovery request; (2) succinctly states your position as to each, including any dispositive legal authority; and (3) specifies the exact terms of the discovery order you seek. After having satisfied Rule 37-1, you are to provide a proper joint stipulation in full compliance with Rule 37-2, with only Checkmate's respective sections left to be completed.

Please proceed accordingly.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, October 24, 2025 12:14 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv-00765-MEMF-ASx

[Quoted text hidden]

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Mon, Oct 27, 2025 at 2:57 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Counsel,

I think the meet and confer record is clear. Checkmate refused to meet on any of these issues unless I "first" met on its issue. The rule is 10 days, not whether your own issue conferred on. I already sent you several L.R. 37-1 letters. If you are willing to accept an informal discovery conference, I would prefer the Magistrate Judge provide guidance. Otherwise, I will proceed with the motion, as stated, on Friday.


Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Mon, Oct 27, 2025 at 4:12 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Counsel,

I would note that Judge Sagar's procedures expressly "encourages the parties to avail themselves of the Court's Informal Discovery Dispute Resolution process set forth below", as she finds the process "useful and efficient to address a discrete dispute, scheduling issues, or recalcitrant misconduct in discovery."

I believe we are at such an impasse, and could benefit from guidance on how to proceed. If you refuse to participate, this will be raised in my forthcoming declaration.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Fri, Oct 31, 2025 at 4:25 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan:


You have mischaracterized both our communications and your efforts. On October 1, 2025, we provided multiple dates and times when Checkmate was available to meet and confer regarding Checkmate's responses to your requests for admissions. You responded that you would "circle back regarding your proposed dates/times," but you did not follow up. In addition, aside from your bare request to meet and confer, you did not provide the letter required by Rule 37-1, which states that "[t]he moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."


Again, please promptly transmit a Rule 37-1-compliant letter and provide proposed dates and times for a meet and confer.


Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Monday, October 27, 2025 4:13 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>;
Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv-00765-MEMF-ASx

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Fri, Oct 31, 2025 at 5:41 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R."
<Jacob.Winningham@klgates.com>

Counsel,

Did you review the attachments when I sent the original email?

To be clear, regarding your earlier posture, you refused to meet on any of the issues I raised unless I discussed my
"deficient witness disclosures" in a single issue meeting.

There are several email threads with exactly the same themes. The record will speak for itself.

Best regards,
Arjun Vasan
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Fri, Oct 31, 2025 at 5:43 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R."
<Jacob.Winningham@klgates.com>

No, I said I would circle back on being able to visit your office to discuss "deficient witness disclosures", and I asked for
parity or remote meetings. You did not respond.

Best regards
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Fri, Oct 31, 2025 at 5:47 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R."
<Jacob.Winningham@klgates.com>

I will finally note that the email was sent 7 days ago, and in the email I offered to meet any time this week. You did not
agree to any of my available times or suggest another.