# EXHIBIT F-1

Checkmate 26(f) Initial Disclosures

1  Ryan Q. Keech (SBN 280306)
    Ryan.Keech@klgates.com
2  Stacey Chiu (SBN 321345)
    Stacey.Chiu@klgates.com
3  Rebecca Makitalo (SBN 330258)
    Rebecca.Makitalo@klgates.com
4  K&L GATES LLP
   10100 Santa Monica Boulevard
5  Eighth Floor
   Los Angeles, California 90067
6  Telephone: +1 310 552 5000
   Facsimile: +1 310 552 5001
7
   *Attorneys for Defendant and Counter-Claimant*
8  *CHECKMATE.COM, INC.*

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  ARJUN VASAN,                        | Case No. 2:25-CV-00765-MEMF-JPR

14              Plaintiff,              | Hon. Maame Ewusi-Mensah
                                        | Frimpong
15       v.
                                        | **DEFENDANT AND COUNTER-**
16                                      | **CLAIMANT CHECKMATE.COM,**
                                        | **INC.'S INITIAL DISCLOSURES**
17  CHECKMATE.COM, INC.,                | **PURSUANT TO RULE 26(a)(1)**

18              Defendant.              | **JURY TRIAL DEMANDED**
19  _____

20  CHECKMATE.COM, INC.,

21              Counterclaim-Plaintiff, | Complaint Filed: January 28, 2025
                                        | Answer and Counterclaims Filed:
22       v.                             | July 9, 2025

23
24  ARJUN VASAN,

25              Counterclaim-
26              Defendant.

27

28
   1601358281.7

**DEFENDANT AND COUNTERCLAIMANT CHECKMATE.COM, INC.'S INITIAL
DISCLOSURES PURSUANT TO RULE 26(A)(1)**

1    Pursuant to Federal Rules of Civil Procedure Rule 26(a), Defendant and

2 Counter-Claimant Checkmate.com, Inc. ("Defendant" or "Checkmate"), by and

3 through its undersigned counsel hereby serves its Initial Disclosures on Plaintiff

4 Arjun Vasan ("Plaintiff" or "Vasan") based upon the information readily available to

5 Checkmate at this time.

6    ## PRELIMINARY STATEMENT

7    In making these Initial Disclosures, Checkmate does not represent that it has

8 identified every witness, document, or thing that it may use to support its claims or

9 defenses in this action. Discovery is ongoing and these disclosures are based on

10 information reasonably available to Checkmate at this time. Checkmate expressly

11 reserves its rights: (a) to make subsequent revision, supplementation, or amendment

12 to these disclosures based upon any information, evidence, documents, facts, or

13 things that hereafter may be discovered, or the relevance of which hereafter may be

14 discovered, and (b) to identify, produce, introduce, or rely upon additional or

15 subsequently identified, acquired, or discovered writings, evidence, and information

16 at trial or in any pretrial proceedings held in this case.

17    Checkmate objects to any disclosure of information or documents beyond that

18 required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

19 Local Rules of the United States District Court for the Central District of California,

20 or other applicable law. Checkmate expressly preserves all of the protections

21 afforded to it, and does not provide any information protected from disclosure, by the

22 attorney-client privilege, the attorney work product doctrine, tax privilege, or any

23 other privilege or immunity. Any information provided by Checkmate in connection

24 with these disclosures remains subject to all objections as to competence, relevance,

25 materiality, and admissibility, and to any other objections on any grounds that would

26 require the exclusion thereof if such information were offered into evidence, and

27 Checkmate expressly reserves all such objections and grounds.

28

1601358281.7

1

# INITIAL DISCLOSURES

## 1. <u>WITNESSES</u>

The following individuals are likely to have discoverable information that Checkmate may use to support its claims and defenses in this action:

### A. Vishal Agarwal

Mr. Agarwal may be contacted through undersigned counsel.

Mr. Agarwal is the founder and CEO of Checkmate. Mr. Agarwal is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; the representations that Plaintiff made in relation to the VoiceBite transaction; the agreements underlying Plaintiff's claims; Plaintiff's communications and behavior throughout and thereafter employment at Checkmate, including Plaintiff's communications with a competitor of Checkmate; and other matters relevant to Checkmate's claims and defenses

### B. Michael Bell

Mr. Bell may be contacted through undersigned counsel.

Mr. Bell is the Chief of Strategy of Checkmate. Mr. Bell is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; the representations that Plaintiff made in in relation to the VoiceBite transaction; the agreements underlying Plaintiff's claims; Plaintiff's communications and behavior throughout and thereafter employment at Checkmate, including Plaintiff's communications with a competitor of Checkmate; and other matters relevant to Checkmate's claims and defenses.

### C. Amy Brown

Ms. Brown may be contacted through undersigned counsel.

Ms. Brown is the Vice President of Human Resources at Checkmate. Ms. Brown is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims;

1601358281.7

2

the agreements underlying Plaintiff's claims and related communications; Plaintiff's communications and behavior throughout and thereafter employment at Checkmate, including Plaintiff's communications with a competitor of Checkmate; and other matters relevant to Checkmate's claims and defenses.

**D. Christopher Lam**

9 Lamay Crescent

Toronto, Ontario, M1X 1J2, Canada

Mr. Lam is a co-founder of VoiceBite.  Mr. Lam is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; Plaintiff's communications relating to the VoiceBite transaction; the authorship and ownership of the VoiceBite code; Plaintiff's communications and behavior throughout and thereafter Plaintiff's employment at Checkmate; and other matters relevant to Checkmate's claims and defenses.

**E. Robert Nessler**

1149 Hollyhead Lane

Cupertino, CA 95014

Mr. Nessler is a co-founder of VoiceBite.  Mr. Nessler is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; the authorship and ownership of the VoiceBite code; agreements relating to the VoiceBite code; Plaintiff's previous company CyborgOPS and any agreements relating thereto; Plaintiff's agreements and communications with Presto Automation; agreements with VoiceBite and Plaintiff; communications relating to the VoiceBite transaction; Plaintiff's communications and behavior throughout and thereafter Plaintiff's employment at Checkmate; and other matters relevant to Checkmate's claims and defenses.

**F. Arjun Vasan**

12615 193rd Street

Cerritos, CA 90703

Telephone: (562) 900-6541

Mr. Vasan is the Plaintiff and Counterclaim-Defendant in this action.  Mr. Vasan was a co-founder of VoiceBite and was employed by Checkmate during the relevant time period.  Mr. Vasan is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; the representations he made to Checkmate in connection with the VoiceBite transaction; any agreements relating to the VoiceBite code; his previous company CyborgOPS and any agreements relating thereto; Vasan Varadarajan's role at CyborgOPS; Vasan Varadarajan's authorship and ownership of the VoiceBite code; agreements and communications with Presto Automation; agreements between himself and VoiceBite; communications relating to the VoiceBite transaction; the agreements underlying Plaintiff's claims and related communications; own communications and behavior throughout and thereafter his employment at Checkmate, including his communications with a competitor of Checkmate; and other matters relevant to Checkmate's claims and defenses.

**G. Vasan Varadarajan**

12615 193rd Street

Cerritos, CA 90703

Mr. Varadarajan is Plaintiff's father and alleges that he worked in conjunction with Plaintiff in connection with the claims and defenses in this action.  Mr. Varadarajan is likely to have knowledge of the authorship and ownership of the VoiceBite code; any agreements between himself and VoiceBite; documents and communications relating to the VoiceBite transaction; documents and communications regarding the VoiceBite code; his role at CyborgOPS; agreements

1601358281.7

4

1  and communications between CyborgOPS and Presto Automation; Plaintiff's
2  employment with Checkmate; Plaintiff's communications and behavior throughout
3  and thereafter his employment at Checkmate; Plaintiff's previous employment; and
4  other matters relevant to Checkmate's claims and defenses.

5      **H. Latha Vasan**

6      12615 193rd Street

7      Cerritos, CA 90703

8      Ms. Vasan (possibly also known as "Latha Varadarajan") is Plaintiff's mother
9  and, according to Plaintiff, is likely to have knowledge of the VoiceBite transaction
10 and related communications, pursuant to the Merger Agreement and related
11 agreements, underlying Checkmate's counterclaims; Vasan's prior employment
12 history; documents and communications relating to CyborgOPS; documents and
13 communications related to Presto Automation; Plaintiff's employment with
14 Checkmate; Plaintiff's communications and behavior throughout and following his
15 employment at Checkmate, including Plaintiff's communications with a competitor
16 of Checkmate; and other matters relevant to Checkmate's claims and defenses.

17     **I.  Bill Healey**

18     Last known address:

19     985 Industrial Road, Suite 205

20     San Carlos, CA 94070

21     Mr. Healey is the current Chief Technology Officer at Presto (possibly also
22 known as "Presto Automation").   Mr. Healey is likely to have knowledge of
23 documents and communications relating to Presto's acquisition of CyborgOps; the
24 authorship and ownership of the VoiceBite code; and other matters relevant to
25 Checkmate's claims and defenses.

26 ///

27 ///

28

1601358281.7

5

1    **J.  Krishna Gupta**

2    Last known address:

3    307 Harvard Street,

4    Cambridge, MA 02139

5    Mr. Gupta is the Co-founder and Chairman of Presto.  Mr. Gupta is likely to

6    have knowledge of documents and communications relating to Presto's acquisition

7    of CyborgOps; the authorship and ownership of the VoiceBite code; and other

8    matters relevant to Checkmate's claims and defenses

9    **K. Adam Ahmad**

10   Last known address:

11   3790 El Camino Real, Unit #506

12   Palo Alto, CA 94306

13   Mr. Ahmad is the Founder and Chief Executive Officer of Kea.ai (possibly

14   also known as "Kea" or "Kea Cloud").  Mr. Ahmad is likely to have knowledge of

15   Plaintiff's prior employment history and Plaintiff's conduct, communications and

16   behavior during Plaintiff's employment and/or tenure at Kea.ai.

17   **L. Mansour Movahhedinia**

18   Mr. Movahhedinia may be contacted through undersigned counsel.

19   Mr. Movahhedinia is a Senior Legal AI/ML Engineer at Checkmate.  Mr.

20   Movahhedinia is likely to have knowledge of the VoiceBite code; Plaintiff's

21   employment with Checkmate; Plaintiff's communications and behavior throughout

22   and thereafter employment at Checkmate; and other matters relevant to Checkmate's

23   claims and defenses.

24   In addition to the individuals identified above, the following individuals may

25   have discoverable information that Checkmate may use to support its claims or

26   defenses: (i) persons deposed during this litigation and persons identified during such

27   depositions; (ii) persons identified in Plaintiff's Initial Disclosures, who may be

28

1601358281.7

6

contacted either through Plaintiff or any counsel eventually retained by Plaintiff; and (iii) other individuals employed by and/or affiliated with Checkmate or Plaintiff.

Checkmate will identify any testifying expert witnesses as required by Federal Rules of Civil Procedure Rule 26(a)(2) and the Scheduling Order issued in this case.

**2.    DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS**

Based upon information reasonably available to Checkmate at this time, Checkmate identifies the following categories of documents, electronically stored information, and tangible things that are in the possession, custody, or control of Checkmate and which may be used to support its claims or defenses, unless solely for impeachment. Checkmate reserves the right to supplement and/or amend this information.

1. The Intellectual Property Acknowledgement entered into by the parties on April 30, 2024;
2. The Assignment of IP and Other Assets entered into by the parties on April 30, 2024;
3. The Non-Compete Agreement entered into by the parties;
4. The Offer Letter and Bonus Agreement entered into by the parties;
5. Any other contracts between the parties;
6. Documents and communications relating to the negotiation of the above and any other contracts between the parties;
7. The VoiceBite code;
8. Plaintiff's employment records at Checkmate;
9. Documents and communications relating to Plaintiff's employment with and at Checkmate;
10. Plaintiff's communications with a competitor or competitors of Checkmate;
11. Documents and communications relating to the authorship of the

7

**DEFENDANT AND COUNTERCLAIMANT CHECKMATE.COM, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)**

VoiceBite code;

12. Documents and communications relating to the ownership of the VoiceBite code;

13. Documents and communications relating to the transfer of ownership of the VoiceBite code;

14. Documents and communications relating to the creation or development of the VoiceBite Code, including documents and communications relating to the purported creation or development of the VoiceBite Code as communicated to Checkmate during the relevant time period;

15. Documents and communications identifying the authors or creators of the VoiceBite Code;

16. Documents and communications relating to any agreements based on or involving the VoiceBite Code, including but not limited to licensing agreements, assignments of intellectual property, or any transfers of ownership; and

17. Documents and communications relating to the VoiceBite shareholders.

3.   **COMPUTATION OF DAMAGES**

Checkmate seeks damages for its claims of breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation. Checkmate further seeks a declaratory judgment that Plaintiff is disentitled to further compensation under the parties' agreements and relevant law and that Plaintiff is required to indemnify Checkmate for losses incurred as a result of Plaintiff's conduct; payment of the full costs of this action, including attorney's fees, to the fullest extent permitted by the relevant agreements and law; recovery of pre- and post-judgment interest; and any such other and further relief, in law or in equity, to which Checkmate may be entitled or which the Court may deem just and proper.

1601358281.7

**DEFENDANT AND COUNTERCLAIMANT CHECKMATE.COM, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)**

**4.   INSURANCE AGREEMENT**

To the best of Checkmate's current knowledge, it has no insurance coverage that could relate to the claims in this action. Checkmate's investigation is ongoing and Checkmate expressly reserves the right to amend, supplement, or modify this disclosure as appropriate, if it becomes aware of such a policy.

Date: August 21, 2025                    K&L GATES LLP

*/s/ Rebecca I. Makitalo*

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC..*

1601358281.7

9

**DEFENDANT AND COUNTERCLAIMANT CHECKMATE.COM, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action.  My business address is 10100 Santa Monica Blvd. 8th Floor Los Angeles, CA 90067.

On **August 21, 2025** , I served the foregoing document(s) described as:

- **DEFENDANT AND COUNTER-CLAIMANT CHECKMATE.COM, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

on the interested parties in this action as follows:

Arjun Vasan
Email: arjun.vasan@gmail.com

*Plaintiff Pro Se*

☑       **(BY ELECTRONIC MAIL)** Pursuant to C.R.C. 2.251 or agreement by all parties, I served the described document(s) by emailing it to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **August 21, 2025,** at Los Angeles, California.

*/s/Nicole Adasha*
Nicole Adasha

3

# EXHIBIT F-2

AV 26(f) Initial Disclosures

1  Arjun Vasan

2  12615 193rd Street

3  Cerritos, CA 90703

4  (562) 900-6541

5  arjun.vasan@gmail.com

6  Plaintiff In Pro Per

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ARJUN VASAN,                          Case No.:  2:25-cv-00765-MEMF-JPR

12          Plaintiff and Counter-Defendant,   Hon. Maame Ewusi-Mensah Frimpong

13                                         **PLAINTIFF AND COUNTER-DEFENDANT**
       v.
14                                         **ARJUN VASAN'S INITIAL DISCLOSURES**

15  CHECKMATE.COM, INC                     **PURSUANT TO RULE 26(a)(1)**

16  (dba "Checkmate"),                     COMPLAINT FILED:  January 28, 2025.

17          Defendant and Counterclaimant.

18

19

20          Pursuant to Federal Rules of Civil Procedure Rule 26(a), Plaintiff and Counter-Defendant

21  Arjun Vasan ("Plaintiff" or "AV"), by and through its undersigned counsel hereby serves its Initial

22  Disclosures on Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") based upon the

23  information readily available to Plaintiff at this time.

24                    **PRELIMINARY STATEMENT**

25          In making these Initial Disclosures, AV does not represent that it has identified every

26  witness, document, or thing that he may use to support his claims or defenses in this action.

27  Discovery is ongoing and these disclosures are based on information reasonably available to AV at

28  this time. AV reserves all rights to: (a) to make subsequent revision, supplementation, or amendment

                                            1

to these disclosures based upon any information, evidence, documents, facts, or things that hereafter may be discovered, or the relevance of which hereafter may be discovered, and (b) to identify, produce, introduce, or rely upon additional or subsequently identified, acquired, or discovered writings, evidence, and information at trial or in any pretrial proceedings held in this case. In addition, AV expressly reserves all rights to seek bifurcation of Defendant's counterclaims into a separate trial, and to seek phased discovery. As such, all witnesses and documents are labeled as relevant to Phase I, Phase II or both (as initially defined in the Joint Rule 26(f) Report).

AV objects to any disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Central District of California, or other applicable law. AV expressly preserves all of the protections afforded to it, and does not provide any information protected from disclosure, by the attorney-client privilege, the attorney work product doctrine, tax privilege, or any other privilege or immunity. Any information provided by AV in connection with these disclosures remains subject to all objections as to competence, relevance, materiality, and admissibility, and to any other objections on any grounds that would require the exclusion thereof if such information were offered into evidence, and AV expressly reserves all such objections and grounds.

## INITIAL DISCLOSURES

### I.    WITNESSES

The following individuals are likely to have discoverable information that AV may use to support his claims and defenses in this action:

**A. Vishal Agarwal (Phase I+II)**

Mr. Agarwal may be contacted through Checkmate's counsel of record.

Mr. Agarwal is the founder and CEO of Checkmate and is likely to have knowledge of the VoiceBite transaction and AV's employment under the Offer Letter and Bonus Agreement; the purpose behind the VoiceBite merger, and late-added IP documents; the representations made to secure AV's consent to the merger and employment; Checkmate's conduct and behavior during negotiations, during employment, the events leading up to AV's termination, his termination itself, AV's contributions, delayed back pay, unpaid retention bonuses, product metrics, compliance with

1  California labor laws, its decision to term AV's separation from the company as a "resignation"; the

2  decision to file a lawsuit against AV; and other matters relevant to AV's claims and defenses.

3    **B. Michael Bell (Phase I+II)**

4    Mr. Bell may be contacted through Checkmate's counsel of record.

5      Mr. Bell is the Chief of Strategy at Checkmate and is likely to have knowledge of the

6  VoiceBite transaction and AV's employment under the Offer Letter and Bonus Agreement; promises

7  made to secure the VoiceBite LOI; the purpose behind the merger, and late-added IP documents; the

8  representations it made to secure AV's employment; Checkmate's conduct and behavior during

9  negotiations for the acquihire, during AV's employment, the events leading up to AV's termination,

10  AV's termination itself, AV's contributions, delayed back pay, unpaid retention bonuses, product

11  metrics, compliance with California labor laws, the decision to term AV's separation from the

12  company as a "resignation" and to sue him; and other matters relevant to AV's claims and defenses.

13    **C. Rober Nessler (Phase I+II)**

14      1149 Hollyhead Lane

15      Cupertino, CA 95014

16      Mr. Nessler is a cofounder of VoiceBite, and former colleague at Checkmate, Presto,

17  CyborgOps and Kea. Mr. Nessler is likely to have knowledge of: (1) AV's contributions to

18  VoiceBite, Checkmate, Presto, CyborgOps and Kea; (2) Checkmate's promises leading up to the

19  February 2024 LOI, its representations leading up to the April 2024 VoiceBite merger, its

20  negotiation tactics, its employee practices and company culture; (3) VoiceBite founder negotiations

21  and decisions, product development, fundraising prospects, team culture, operations and other

22  internal matters; (4) the January 29 Notice of Direct Claim against the VoiceBite shareholders; the

23  February 7 Shareholder Response; Checkmate's threats against Voice team members who remained

24  in contact with AV after his termination; payment status of the VoiceBite retention bonuses; and (5)

25  other matters relevant to AV's claims and defenses.

26    **D. Christopher Lam (Phase I+II)**

27      9 Lamay Crescent

28      Toronto, Ontario, M1X 1J2, Canada

Mr. Lam is a cofounder of VoiceBite, and former colleague at Checkmate and Presto. Mr. Lam is likely to have knowledge of (1) the VoiceBite transaction, merger negotiations, Checkmate's representations to secure the transaction, VoiceBite founder dynamics during negotiations, Checkmate's negotiation tactics; (2) AV's contributions to Checkmate, VoiceBite and Presto; Checkmate's treatment of AV during negotiations, employment and thereafter; (3) Checkmate's intention to sue AV individually after sending the Jan 29 Notice of Direct Claim against the shareholders, the team members requested to draft the technical sections of its New York complaint; the opinion of the team regarding the technical allegations against AV; the behavior and conduct of Checkmate executives during AV's medical leave, in announcing AV's termination and in discussing the ongoing litigation; and (4) other matters relevant to AV's claims and defenses.

**E. Amy Brown (Phase I)**

Ms. Brown may be contacted through Checkmate's counsel of record.

Ms. Brown is the Vice President of Human Resources at Checkmate and is likely to have knowledge of AV's employment, the events leading up to his termination, Checkmate's payment practices, Checkmate's medical leave practices, Checkmate's actions during AV's medical leave, Checkmate's behavior and conduct during AV's employment; back pay delays; performance bonus practices; the decision to term AV's separation from Checkmate as a "resignation" and other matters relevant to AV's claims and defenses.

**F. Other Witnesses (Phase I+II)**

AV will provide detailed information on other witnesses depending on the outcome of the scheduling conference. AV maintains that the above witnesses are sufficient for his proposed Phase I. However, he maintains the same witness list as stated on the Joint Rule 26(f) report and reserves all rights to cross-examine Checkmate's listed witnesses.

**II. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS**

Based upon information reasonably available to AV at this time, AV identifies the following categories of documents, electronic information and tangible things that are in the possession,

custody or control of AV and which may be used to support his **Phase I claims or defenses**, unless solely for impeachment. AV reserves the right to supplement and/or amend this information:

1. Communications regarding merger negotiations with cofounders.

2. Communications regarding employment with colleagues.

3. Communications post-termination with former colleagues.

4. Saved communications with Checkmate executives, during negotiations.

5. Saved communications with Checkmate executives, during employment.

6. Pre-litigation and litigation related communications.

**Phase II Reservation**

AV reserves Phase II (counterclaim/IP) categories pending the scheduling conference and maintains that broad IP discovery is premature and disproportionate. See Fed. R. Civ. P. 26(b)(1).

Checkmate's initial disclosure mislabels the Intellectual Property Acknowledgment as "entered into by the parties." The instrument itself states it is "entered into and delivered by Christopher Lam in connection with Checkmate.com, Inc. entering into the Agreement and Plan of Merger …" It is not an agreement between Checkmate and AV; any effort to enforce it against AV personally would require equitable reformation (and joinder of Mr. Lam). It is not incorporated, referenced, exhibited or attached by the Merger Agreement.

Likewise, the Assignment of IP and Other Assets was executed between VoiceBite (by Robert Nessler) and AV—not between Checkmate and AV—and recites $100 as consideration. It neither references or is incorporated, attached or exhibited by the Merger Agreement.

To the extent any assignment of pre-employment IP was a condition of employment in California, such assignments are limited by Labor Code §§ 2870–2872, including the § 2872 written notice requirement; Plaintiff has alleged no compliance. Any Phase II discovery relying on these instruments should be sequenced and narrowly tailored after the conference.

### III.    COMPUTATION OF DAMAGES

AV seeks damages for his claims of breach of contract, wage theft, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, promissory fraud, FMLA, CFRA

and retaliation under the applicable statutes. Preliminary computation is as follows:

**A. Quantified now (contract/wage): $820,000**

    1. **Retention Bonus (earned wages):** $500,000 (Initial $450,000 + Final $50,000) — unpaid.

    2. **Severance (independent formula):** $120,000 = 3 months base ($70,000) + 25% of annual performance bonus ($50,000).

    3. **Performance Bonus: $**200,000 (owed because employer prevention/frustration of performance/goal setting)

    4. **Interest on late pre-close back pay:** TBD (from due dates to payment).

**B. Running / formula-based (to be updated)**

    5) **Back pay (running):** From 11/14/2024 to judgment at **$280,000/yr = $23,333.33/mo**, **plus** value of lost benefits, **less** interim earnings (none to date). Subtotal through the date of this disclosure will be provided on request and supplemented monthly.

    6) **Prejudgment interest:** Statutory/simple from each due date on unpaid items; to be computed as amounts/dates are established.

    7) **Waiting-time penalties (Lab. Code §203): TBD** pending payroll/trigger-date discovery; will supplement.

**C. Expenses / statutory**

    8) **Expense reimbursement (Lab. Code §2802): TBD**; itemized by receipts/spreadsheet in discovery.

    9) **Statutory fees/penalties (notice):** Will seek where authorized (e.g., §§ 218.5, 226(e), 2802(c)) by post-judgment motion; **fees reserved** if counsel is retained.

**D. Tort claims (fraud/retaliation) — methodology, amounts TBD**

    10) **Fraud/fraudulent inducement economic loss: TBD** — out-of-pocket and reliance losses (time/value diverted, foregone offers), and consequential harms;

    11) **Lost fundraising/valuation opportunity: TBD** — foregone $3M raise at ~$16M valuation; dilution differential and operational expectancy to be quantified by experts

    12) **Non-economic damages (emotional distress/reputation): TBD** — for jury;

    13) **Punitive damages:** Amount not computed at this stage; sought under Civ. Code §3294.

1    **E. No double recovery; front pay reserved** as an equitable remedy if reinstatement is

2    infeasible.

3    **IV.    INSURANCE AGREEMENT**

4        To the best of AV's current knowledge, he has no insurance coverage that could relate to the

5    claims in this action.

6

7                                                **Respectfully Submitted**,

8

9    Executed On: **August 21, 2025**              /s/ *Arjun Vasan*

10        In **Cerritos, California**              _____

11                                                **Arjun Vasan**

12                                                Plaintiff In Pro Per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28