1  Ryan Q. Keech (SBN 280306)
    Ryan.Keech@klgates.com
2  Stacey Chiu (SBN 321345)
    Stacey.Chiu@klgates.com
3  Rebecca I. Makitalo (SBN 330258)
    Rebecca.Makitalo@klgates.com
4  Jacob R. Winningham (SBN 357987)
    Jacob.Winningham@klgates.com
5  K&L GATES LLP
   10100 Santa Monica Boulevard
6  Eighth Floor
   Los Angeles, California 90067
7  Telephone: +1 310 552 5000
   Facsimile: +1 310 552 5001
8
   *Attorneys for Defendant and Counter-Claimant*
9  *CHECKMATE.COM INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARJUN VASAN, | Case No. 2:25-cv-00765-MEMF-AS |
| Plaintiff, | Hon. Alka Sagar |
| v. | DISCOVERY MATTER |
| CHECKMATE.COM, INC., | **DECLARATION OF REBECCA I. MAKITALO IN SUPPORT OF CHECKMATE.COM INC.'S OPPOSITION TO VASAN VARADARAJAN'S MOTION FOR PROTECTIVE ORDER AND TO QUASH OR MODIFY SUBPOENA** |
| Defendant. | |
| CHECKMATE.COM, INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| ARJUN VASAN, | Complaint Filed: January 28, 2025<br>Amended Complaint Filed: February 21, 2025 |
| Counterclaim-Defendant. | |

---

DECLARATION OF REBECCA I. MAKITALO IN SUPPORT OF CHECKMATE'S OPPOSITION TO VASAN VARADARAJAN'S MOTION FOR PROTECTIVE ORDER AND TO QUASH OR MODIFY SUBPOENA

1603847262.1

# DECLARATION OF REBECCA I. MAKITALO

I, Rebecca I. Makitalo, declare as follows:

1. I am an associate attorney at the law firm of K&L Gates LLP, counsel for Defendant and Counter-Claimant Checkmate.com, Inc. ("Defendant" or "Checkmate") in the above-titled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2. On August 14, 2025, Vasan Varadarajan was served with a subpoena to testify at a deposition and produce documents (the "Subpoena").

3. Attached hereto as **Exhibit A** is a true and correct copy of the Subpoena.

4. On August 14, 2025, Plaintiff Arjun Vasan ("Plaintiff" or "Vasan") emailed Checkmate's counsel stating that "[Mr. Varadarajan] has already submitted a declaration; a broad deposition now is cumulative and harassing and premature given the pending phasing dispute." He further demanded that Checkmate "[w]ithdraw or hold in abeyance the subpoena to Vasan Varadarajan until the Rule 16 Scheduling Conference sets phasing."

5. Attached hereto as **Exhibit B** is a true and correct copy of the August 14, 2025 email correspondence from Plaintiff to Checkmate's counsel.

6. On August 15, 2025, Plaintiff was served with Checkmate.com Inc.'s Notice of Subpoena for Deposition of Vasan Varadarajan and Request for Production of Documents.

7. Attached hereto as **Exhibit C** is a true and correct copy of the August 15, 2025 email correspondence to Vasan, including the attachment of the Notice of Subpoena for Deposition of Vasan Varadarajan and Request for Production of Documents.

8. On August 28, 2025, Mr. Varadarajan served objections to the Subpoena (the "Objections").

9. Attached hereto as **Exhibit D** is a true and correct copy of the August 28, 2025 email correspondence from Mr. Varadarajan to Checkmate's counsel, including the attachment of the Objections.

10. On August 29, 2025, I confirmed receipt of Mr. Varadarajan's Objections and requested his availability to meet and confer.

11. Attached hereto as **Exhibit E** is a true and correct copy of the August 29, 2025 email correspondence from Checkmate's counsel to Mr. Varadarajan.

12. On September 4, 2025, Checkmate's counsel emailed Mr. Varadarajan, following up on the August 29, 2025 correspondence, and again requested Mr. Varadarajan's availability to meet and confer. Checkmate's counsel followed up with Mr. Varadarajan via telephone the following day and left a voicemail seeking Mr. Varadarajan's availability to meet and confer.

13. Attached hereto as **Exhibit F** is a true and correct copy of the September 5, 2025 email correspondence from Checkmate's counsel to Mr. Varadarajan.

14. On September 12, 2025, I again emailed Mr. Varadarajan requesting his availability to meet and confer regarding his Objections to Checkmate's Subpoena.

15. Attached hereto as **Exhibit G** is a true and correct copy of the September 12, 2025 email correspondence from Checkmate's counsel to Mr. Varadarajan.

16. On September 13, 2025, Mr. Varadarajan responded to Checkmate's counsel's September 12, 2025 correspondence stating that he "ha[s] no relevant relationship to Voicebite or checkmate. I had retired much before that and was only peripherally aware of Voicebite formation, and its transactions with Checkmate." He also indicated that he is "occupied in [his] personal matters and would have difficulty traveling for an in person deposition due to health reasons." He further requested "that [his] Sept 22 deposition be continued to (at minimum) 21 days after the Court rules on Plaintiff's Motion to Dismiss Counterclaims and that any deposition proceed

remotely under Rule 30(b)(4) from my city" and that "no production will occur absent court order."

17. Attached hereto as **Exhibit H** is a true and correct copy of the September 13, 2025 email correspondence from Mr. Varadarajan to Checkmate's counsel.

18. On September 17, 2025, Checkmate's counsel emailed Mr. Varadarajan indicating that his September 13, 2025 correspondence contradicts his prior sworn testimony and does not relieve his obligation to comply with a court order. Checkmate's counsel also stated a willingness to accommodate legitimate scheduling conflicts and to discuss the scope of the document requests in the Subpoena, indicating that Checkmate's counsel would reach out to confirm scheduling.

19. Attached hereto as **Exhibit I** is a true and correct copy of the September 17, 2025 email correspondence from Checkmate's counsel to Mr. Varadarajan.

20. On September 19, 2025, I called Mr. Varadarajan to discuss his availability to comply with Checkmate's Subpoena. Mr. Varadarajan answered and once I identified myself, he hung up. I again attempted to call Mr. Varadarajan and was immediately sent to voicemail, where I left a message stating that I was calling to confirm his appearance for deposition and document production scheduled for September 22, 2025 at K & L Gates LLP's Los Angeles office. Later that day, I followed up in writing to Mr. Varadarajan summarizing my attempt to contact him, confirm his appearance at his scheduled deposition, as well as indicated Checkmate's "willing[ness] to accommodate scheduling changes and provide for different scopes of production in order to alleviate any undue burden."

21. Attached hereto as **Exhibit J** is a true and correct copy of the September 19, 2025 email correspondence I sent to Mr. Varadarajan.

22. On September 19, 2025, Mr. Varadarajan responded to Checkmate's counsel's September 17, 2025 correspondence indicating that he "ha[s] family obligations and health constraints, and will be available only after Mid November,

3

and any deposition must only be remote and time limited and pertaining only in reference to the business transaction as outlined in the case."

23. Attached hereto as **Exhibit K** is a true and correct copy of the September 19, 2025 email correspondence from Mr. Varadarajan to Checkmate's counsel.

24. On September 19, 2025, Checkmate's counsel emailed Mr. Varadarajan indicating that his "attempt to put off any obligation to respond until an undefined time 'after Mid November' is not acceptable" and requesting that Mr. Varadarajan provide explanation for his condition preventing him from attending a deposition in person. Checkmate's counsel further stated its willingness to accommodate any medical condition he may have, including, among other things, frequent breaks during the deposition. He also confirmed Checkmate's willingness to work with Mr. Varadarajan to minimize any burden with respect to the document requests in the Subpoena.

25. Attached hereto as **Exhibit L** is a true and correct copy of the September 19, 2025 email correspondence from Checkmate's counsel to Mr. Varadarajan.

26. On September 21, 2025, Mr. Varadarajan responded to Checkmate's counsel's September 19, 2025 correspondence providing no explanation for any medical condition limiting his ability to leave his home or to post-pone his appearance for deposition until after mid-November. He also maintained that "any deposition must only be remote, with topics limited to 2024 onwards (before which Voicebite and Checkmate had no relationship) and to 5 keyword search terms with 1 month windows," in addition to other demands including that "any attorney's fees required to respond to Checkmate's subpoena must be advanced prior to deposition."

27. Attached hereto as **Exhibit M** is a true and correct copy of the September 21, 2025 email correspondence from Mr. Varadarajan to Checkmate's counsel.

28. On September 22, 2025, Mr. Varadarajan failed to appear for his deposition scheduled for 11 a.m. at K & L Gates LLP's office in Los Angeles or produce the documents requested in the Subpoena.

29. On September 23, 2025, Checkmate's counsel emailed Mr. Varadarajan providing notice to Mr. Varadarajan of his failure to produce any documents or appear for his scheduled deposition on September 22, 2025, in accordance with the Subpoena. Checkmate also agreed to "postpone [Mr. Varadarajan's] deposition until November 14, 2025," at the offices of K & L Gates LLP in Los Angeles and further indicated its agreement to provide necessary accommodations and frequent breaks upon Mr. Varadarjan's provision of information regarding his health condition. Checkmate further agreed to continue Mr. Varadarajan's deadline to produce documents to November 10, 2025 and provided a deadline of November 11, 2025 for Mr. Varadarajan to provide a privilege log, while maintaining its willingness to meet and confer to address the scope of the requests to minimize burden.

30. Attached hereto as **Exhibit N** is a true and correct copy of the September 23, 2025 email correspondence from Checkmate's counsel to Mr. Varadarajan.

31. On September 28, 2025, Mr. Varadarajan responded to Checkmate's counsel's September 23, 2025 correspondence reiterating his same prior demands that his deposition must proceed remotely and be limited to two hours and also that his deposition and document production "be limited to 2024 onwards (before which voicebite and checkmate had no relationship) and limited to 5 keyword search terms with 1 month windows," among other additional demands.

32. Attached hereto as **Exhibit O** is a true and correct copy of the September 23, 2025 email correspondence from Mr. Varadarajan to Checkmate's counsel.

33. On September 29, 2025, Checkmate's counsel emailed Mr. Varadarajan indicating that it was clear they had reached an impasse and Checkmate could no longer excuse his non-compliance with the Subpoena, and further indicating Checkmate's intention to seek court intervention and request that the Court hold Mr. Varadarajan in contempt.

34. Attached hereto as **Exhibit P** is a true and correct copy of the September 29, 2025 email correspondence from Checkmate's counsel to Mr. Varadarajan.

I declare under the penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 31st day of October, 2025 in Los Angeles, California.

*[signature]*

_____

Rebecca I. Makitalo

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action. My business address is 10100 Santa Monica Blvd. 8th Floor Los Angeles, CA 90067.

On **October 31, 2025**, I served the foregoing document(s) described as:

- **CHECKMATE.COM INC.'S OPPOSITION TO VASAN VARADARAJAN'S MOTION FOR PROTECTIVE ORDER AND ORDER QUASHING OR MODIFYING THE SUBPOENA**
- **DECLARATION OF REBECCA MAKITALO, EXHIBITS A-P**

on the interested parties in this action as follows:

> Vasan Varadarajan
> 12615 193rd Street
> Cerritos, CA 90703
> Email: vsvconsult@gmail.com

☑ **(BY ELECTRONIC MAIL)** Pursuant to C.R.C. 2.251 or agreement by all parties, I served the described document(s) by emailing it to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is Rebecca.makitalo@klgates.com.

☑ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **October 31, 2025,** at Los Angeles, California.

          /s/ Rebecca Makitalo
          Rebecca Makitalo