| | |
|---|---|
| **From:** | Keech, Ryan Q. |
| **To:** | vsvconsult |
| **Cc:** | Makitalo, Rebecca I.; Chiu, Stacey G.; Winningham, Jacob R. |
| **Subject:** | RE: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR [KLG-AMERICAS.FID3718879] |
| **Date:** | Tuesday, September 23, 2025 6:30:25 PM |

Mr. Varadarajan,

Thank you for your message. As you know, it has now been more than a month since you were served with the subpoena on August 14, 2025. You did not appear for your deposition on Monday, September 22. Nor have you produced any documents. You did not appear to be otherwise occupied on Monday – indeed, you claim to be retired and thus unemployed. And while you reference a health condition, you have not specified what that health condition is, provided any information about why it is that purported health condition permits you to leave the house for certain conditions and not others, why that health condition prevents you from producing documents but allows you to send emails like the below, why that health condition would improve, and not worsen, between now and November, or why that health condition could not be accommodated with, among other things, permitting you to take frequent breaks during your deposition.

You have thus not complied with your obligations imposed by this subpoena. And as we have now repeatedly explained, the law forbids you from submitting sworn testimony claiming to be a relevant witness but refusing to comply with discovery arising from your submission of such testimony. Checkmate further rejects the limitation of document production to "five search terms" and your attempt to force Checkmate to pay for an attorney, though you are welcome to retain one at your own expense.

Checkmate will, however, agree to the following in one last good faith attempt to obtain your voluntary compliance:

1. Checkmate will agree to postpone your deposition until **November 14, 2025 at 10:00 a.m.**, which deposition will take place in person at our offices in Los Angeles as noticed. Checkmate will use the deposition for purposes of taking relevant discovery and rejects your attempt to define the scope of or topics to be covered during the deposition prior to the deposition taking place. Checkmate will, however, permit the taking of frequent breaks and will further consider, subject to your provision of information as to what health condition you claim to have and how it affects your ability to provide testimony, other potential steps to ensure you are accommodated;
2. You will submit your production of relevant and responsive documents no later than close of business on **November 10, 2025**. Our team will address the scope of the requests with you in order to minimize burden, but no otherwise relevant and responsive documents may be withheld because they are "private family communications"; and
3. You will identify documents you are withholding on privilege grounds, if any, no later than **November 11, 2025**.

Our team will be happy to discuss any of these matters with you. Absent confirmation of your agreement to the foregoing by 5:30 p.m. on September 24, 2025, Checkmate will proceed with a request that the court hold you in contempt.

Thank you and best regards,



**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.

**From:** vsvconsult <vsvconsult@gmail.com>
**Sent:** Sunday, September 21, 2025 10:03 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Cc:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR

**This Message Is From an External Sender**
This message came from outside your organization.

Dear Counsel,
I indicated 'Mid November' with the conventional meaning of after the beginning of the 2nd week of November, at any suitable time. If you wish we can fix it on Nov 14, 2025, 10:00 AM Friday. Also note that you had requested a suitable time and this is suitable for me. I have not missed any mutually agreed meeting date or time, because there has not been any so far. Therefore your accusatory 'put off any obligations' comment is unwarranted. I have responded to the subpoena and corresponded with my concerns in a timely manner.

I had also indicated in my emails that my role in this case in entirely peripheral and that this is an onerous burden and intrusive to my privacy in my retirement. I have nothing to do with Checkmate or have any claims on any code. I find your statement

"You are a relevant witness" entirely speculative.

You seem to emphasize that I am "Arjun's Dad" and further made a disrespectful and nasty comment "If anything, the existence of "health constraints" means that Checkmate will need to take your deposition immediately before those constraints worsen any further". Your team has also made several phone calls and left high pressure messages, "conversations are being recorded", which is an express violation of California law requiring mutual consent to any recording. In your email you also expressed that I "have contradicted myself in the email with my 'sworn' testimony. This is false. I have noted these undue pressure activities on me and will reaffirm them as appropriate.

While you indicate " Checkmate is not seeking privileged materials" the overbroad description in the Subpoena does exactly that.
I reiterate that my availability is as above. I have family obligations and health constraints, and will be available only in November as indicated above, and any deposition must only be remote, with topics limited to 2024 onwards (before which Voicebite and Checkmate had no relationship) and to 5 keyword search terms with 1 month windows. For example "checkmate" and May 2024. My health matters and family obligations are off limits, as is my son's health information. These must be excluded from the five search terms.

Also I note that November is highly reasonable and well within the schedule of the case.

Further, I currently have no regular income other than Social Security and any attorney's fees required to respond to Checkmate's subpoena must be advanced prior to deposition.

Sincerely,

Vasan Varadarajan

On Fri, Sep 19, 2025 at 2:44 PM Keech, Ryan Q. <Ryan.Keech@klgates.com> wrote:

> Mr. Varadarajan,
>
> Thank you for your message. We refer you to our colleague's voicemail of this morning and follow-up email sent at 1:40 p.m. today. Your attempt to put off any obligation to respond until an undefined time "after Mid November" is not acceptable. We wish to avoid having to bring a motion to hold you in contempt in order to enforce the subpoena, but we can confirm that persistent noncompliance will ultimately leave no choice. Accordingly, we please ask that you please describe, with specificity, the "family obligations and health constraints" you describe below and explain how they prohibit your production or appearance now but will be resolved so as to permit your appearance at an undefined time "after Mid November." If anything, the existence of "health constraints" means that Checkmate will need to take your deposition immediately before those constraints worsen any further. Please also either confirm that you are not able to leave

your house in Cerritos for any reason or explain the condition that prevents you from leaving your house in Cerritos for some purposes but not to attend a deposition. Checkmate will, of course, accommodate any condition you may have by, among other things, permitting you to take frequent breaks during deposition proceedings.

We ask that you please also describe your "private family communications, health matters and privileged materials" that you believe are not subject to discovery. Otherwise relevant and responsive documents are not excluded from discovery because you consider them to be "private family communications." And with respect to "health matters," the subpoena with which you were served does not seek any information relating to your personal health; your son, however, has put his health condition at issue in his case. Finally, Checkmate is not seeking privileged materials but will of course require the identification and description of any material being withheld on privilege grounds so as to evaluate the propriety of that statement. Checkmate confirms that it will work with you to minimize burden and ensure the prompt production of relevant and responsive materials.

You are a relevant witness who has been served with a subpoena, which is to be treated as an order of the Court. You may not simultaneously insert yourself into your son's claims and defenses by providing sworn testimony asking the Court to accept your status as a relevant witness and then hide from discovery so that the parties may examine the basis of what it is you say. Because this is a serious matter, we urge you to seek and obtain independent legal counsel immediately so as to discharge your obligations promptly and completely, and look forward to a response to our colleague's communications.

Best regards,



**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.

**From:** vsvconsult <vsvconsult@gmail.com>
**Sent:** Friday, September 19, 2025 2:18 PM

**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>
**Cc:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR [KLG-AMERICAS.FID3718879]

Dear Counsel,

It appears that you have not read my email in its entirety. I have family obligations and health constraints, and will be available only after Mid November, and any deposition must only be remote and time limited and pertaining only in reference to the business transaction as outlined in the case. I have to be home in Cerritos to look after a elderly relative. Sometime after Mid November, I will be available remotely as indicated for the subpoena purposes.

I also need time to consider and avail of legal representation if that is necessary.

Please note the other contents of your email are speculative and unsubstantiated and my reply here is only to my availability. Nothing I wrote contradicts anything declared in the New York Action (I have not submitted any testimony in California). My statements regarded my peripheral knowledge of the transaction, my son's physical presence in California, and that I had no claims on any code at issue--all of which you had disputed.

By contrast, your subpoena purports to seek documents well outside my testimony, and is facially overbroad--and would sweep in private family communications, health matters and privileged materials that have nothing to do with this case.

- Vasan Varadarajan


On Wed, Sep 17, 2025 at 10:16 PM Keech, Ryan Q. <Ryan.Keech@klgates.com> wrote:

> Mr. Varadarajan,
>
> As it happens, this email contradicts sworn testimony already provided by you regarding your involvement with your son's claims and defenses.  Even were it not the case that you were a relevant witness - which you are - the law does not permit you to simultaneously insert yourself as a witness and avoid discovery in this case.
>
> Our client is willing to accommodate legitimate scheduling conflicts and discuss the parameters of your production, but a subpoena is an order of the court with which you are required to comply.  We invite you to seek competent legal advice to address these obligations.  My colleagues will be in touch to confirm

scheduling for your deposition and production of documents and communications.

Best regards,

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

---

**From:** vsvconsult <vsvconsult@gmail.com>
**Sent:** Saturday, September 13, 2025 7:19 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR [KLG-AMERICAS.FID3718879]

**This Message Is From an Untrusted Sender**
You have not previously corresponded with this sender.

Dear Counsel,

It is an onerous burden on me to be subpoenaed in this case. This is in consideration that I have no relevant relationship to Voicebite or checkmate. I had retired much before that and was only peripherally aware of Voicebite formation, and its transactions with Checkmate. At this stage in my 70th year, I am occupied in my personal matters and would have difficulty traveling for an in person deposition due to health reasons.

Further, I note that Checkmate named me as a third party with potential claims in its counterclaims. I have already declared that I have no such claims. That is the extent of my relationship with VoiceBite.

I had stated my objections to the subpoena to you and these are again attached to this email.

I also became aware that the Plaintiff's (Arjun Vasan) motion to dismiss your counterclaims was not opposed by you in a timely manner. I believe that your subpoena to me is in relation to the counterclaims.

I request that my Sept 22 deposition be continued to (at minimum) 21 days after the Court rules on Plaintiff's Motion to Dismiss Counterclaims and that any deposition proceed remotely under Rule 30(b)(4) from my city. I timely served Rule 45(d)(2)(B) objections

to the document requests; no production will occur absent court order.

Your Rule 45(a)(4) party notice was served after you served me.

Please confirm your acceptance to the request by Monday 15th Sept 5:00 p.m. Pacific Time or I will seek a stay and move ex parte under Rules 26(c) and 45(d)(3).

Sincerely,

Vasan Varadarajan

On Fri, Sep 12, 2025 at 2:21 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

> Mr. Varadarajan,
>
> I write to follow up for a second time on my initial request, dated August 29, 2025, to meet and confer regarding your objections to Checkmate's subpoena. Please provide your availability for a meeting on either September 16 or 17, 2025. If you have retained legal counsel, please forward their contact information to me so that we can coordinate accordingly.
>
> Thank you,
>
> **Rebecca Makitalo**
> Associate
> K&L Gates LLP
> 10100 Santa Monica Blvd
> 8th Floor
> Los Angeles, CA 90067
> Phone: 310 552-5502
> Cell: 818 251-6956
> rebecca.makitalo@klgates.com
> www.klgates.com
>
>
> **From:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
> **Sent:** Thursday, September 4, 2025 1:59 PM
> **To:** vsvconsult@gmail.com
> **Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
> **Subject:** RE: Subpoena Objection re: Vasan Varadarajan. In re Arjun Vasan v. Checkmate.com, Inc. - Case No.: 2:25-cv-00765-MEMF-JPR
>
> Mr. Varadarajan,
>
> I hope that this message finds you well.  I am writing to follow up on last week's correspondence between my colleague Ms. Makitalo and yourself.  We are in receipt of your subpoena objections.  We would like to meet and confer regarding Checkmate's subpoena and the basis for your objections.  If you have retained legal representation,

please give us the contact information for your counsel and we can speak with them directly.

Please let us know your availability for a telephonic or virtual meet-and-confer after 12:00 p.m. on Tuesday, September 9 and Wednesday, September 10.  Thank you.

Best,
Jake Winningham

**K&L GATES**

**Jacob Winningham**
Associate
K&L Gates LLP
10100 Santa Monica Blvd

8th Floor
Los Angeles, CA 90067
Phone: 310 552-5042
jacob.winningham@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.