Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-448-2827

Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br><br> Plaintiff and Counter-Defendant <br><br> vs. <br><br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br> Defendant and Counterclaimant | Case No.: 2:25−cv−00765−MEMF−ASx <br> Hon. Alka Sagar \| DISCOVERY MATTER <br><br> **NOTICE OF MOTION AND MOTION (FILED WITHOUT L.R. 37-2.4 JOINT STIPULATION) TO:** <br><br> (1) **DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION** (Fed. R. Civ. P. 36(a)(6) & 37); <br><br> (2) **COMPEL RULE 26(a)(1)(A)(iii) DAMAGES COMPUTATIONS AND SUPPORTING DOCUMENTS WITH PRECLUSION** (Rule 37(c)(1)); and <br><br> (3) **ENTER PHASING & SEQUENCING OF DISCOVERY AND MODIFYING NON-PARTY SUBPOENAS** (Rules 26(c), 26(d)(3), 45) <br><br> Complaint Filed: January 28, 2025 <br> Hearing Date: December 2, 2025 <br> Hearing Time: 11:00 A.M. <br> Courtroom: 540 <br><br> FILED WITH [PROPOSED] ORDER |

i

MOTION TO DETERMINE SUFFICIENCY, COMPEL DISCLOSURE AND FOR PHASING OF DISCOVERY

1  TO THE HONORABLE COURT, ALL PARTIES AND COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that Plaintiff Arjun Vasan ("Movant") respectfully moves the Court, pursuant to Fed. R. Civ. P. 36, 37, 26(c), 26(d)(3), and 45, and C.D. Cal. L.R. 37-2.4, for orders (i) to determine that Defendant Checkmate.com, Inc. ("Defendant")'s responses to his three sets of RFAs are insufficient and compel amended, Rule-compliant answers (or deeming a narrow set admitted); (ii) to compel damages computations complaint with Rule 26(a)(1)(A)(iii), with the documents on which each such computation relies and precluding damages evidence accordingly; and (iii) phasing/sequencing discovery on a party-first basis and holding non-party subpoenas in abeyance pending rulings on the pleadings and proportionality showings.

    This motion is made without a Joint Stipulation under L.R. 37-2.4 as Defendant failed to confer within 10 days of Movant's Sept. 10 and Sept. 16 L.R. 37-1 letters. Instead, it insisted on addressing only its own issue "first"—disregarding the Court's guidance that threshold issues of phasing and limitations be raised with the Magistrate Judge. Movant has attempted in good faith to confer on the issues raised herein, proposing repeatedly—to no avail—that both parties' issues be addressed at the same meetings. Movant further sent a courtesy Joint Stipulation regarding sufficiency of RFA responses, proposing several more times to meet and confer. Defendant did not accept any of the offered slots or propose alternatives and instead complained about format of the *courtesy* Joint Stipulation and about the L.R. 37-1 letter, one of several sent without any progress on these issues. Movant does not believe Defendant is acting in good faith.

    This brief is filed concurrently with the Declaration of Arjun Vasan, and exhibits the requests for admission and served responses, initial disclosures, and meet-and-confer emails.

Dated: **November 3, 2025**
In: **Cerritos, California**

**Respectfully submitted**,

/s/ *Arjun Vasan*

**Arjun Vasan**,
Plaintiff *In Pro Per*

ii

MOTION TO DETERMINE SUFFICIENCY, COMPEL DISCLOSURE AND FOR PHASING OF DISCOVERY

| Exhibit Reference | Description |
|---|---|
| Exhibit A | Email threads leading up to Joint Rule 26(f) Report |
| Exhibit B | L.R. 37-1 letters sent by email re: third-party subpoenas |
| Exhibit C | Initial Disclosures served by the parties on Aug. 21 |
| Exhibit D | Meet and Confer threads regarding L.R. 37 issues; |
| Exhibit E | September 10 L.R. 37-1 letter regarding defective computation of damages and for phasing. No response. |
| Exhibit F | September 16 L.R. 37-1 letter regarding insufficient responses to requests for admission. No response. |
| Exhibit G | Oct.1 L.R. 37-1 follow-up regarding issues raised on Sept. 10 and 16; No response. |
| Exhibit H | Oct.1 - Separate thread started later by defendant counsel demanding its own issues be addressed separately, "first". |
| Exhibit I | Oct. 24 - thread with courtesy joint stipulation letter, with a seven-day return, and proposed dates to meet and confer. |
| Exhibit J | Oct. 23 - Email requesting informal discovery conference. |
| Exhibit K | Emails from counsel with threats and personal attacks |
| Exhibit L | RFA Set One ("Lunchbox Emails") and Responses |
| Exhibit M | RFA Set Two ("Separation Meeting") and Responses |
| Exhibit N | RFA Set Three ("BYOD Retaliation") and Responses |
| **Appendix** | **Description** |
| Appendix A | RFA Issue Summary Table |

## TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ............................................................... 1

   I.   INTRODUCTION ............................................................................................................ 1

   II.   PROCEDURAL HISTORY; LOCAL RULE 37-1 & 37-2.4 STATEMENT ..................... 2

   III.   ARGUMENT .................................................................................................................... 3

      A.   *REQUESTS FOR ADMISSION: The Court should overrule boilerplate, order amended answers, and deem a narrow set admitted.* ............................................................................... 3

      B.   *DAMAGES: The Court should compel Rule 26(a)(1)(A)(iii) computations and documents, with Rule 37(c)(1) preclusion if not deserved by December 9, 2025* ..................... 6

      C.   *PHASING: The Court should phase and sequence discovery to prevent undue burden of non-parties and stonewalling of movant's discovery.* ........................................................................ 8

   IV.   EMAIL GAMESMANSHIP; INDICIA OF BAD FAITH ................................................ 9

   V.   CONCLUSION ............................................................................................................... 10

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6** ....................................... 11

**DECLARATION OF ARJUN VASAN** .................................................................................. 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Checkmate seeks to take advantage of Movant's self-representation to evade pertinent discovery on his claims, while seeking aggressive non-party discovery for its counterclaims. This posture is not in accordance with federal and local rules and threatens the fair administration of justice. Defendant has stonewalled Movant's requests—threatening and proceeding with facially burdensome subpoenas on friends and family and frustrated his challenges to this stonewalling. Movant raises three issues here, important on their own, and emblematic of Defendant's posture:

1. **RFAs**. It answered document-anchored, binary RFAs with pages of boilerplate denials—without describing any reasonable inquiry as Rule 36(a)(4) requires. Movant's Sept. 16 L.R. 37-1 letter on the first set received no response. He followed up upon service of the second, addressing the same issues. Defendant did not reply. Vasan Decl. ¶¶ 7-9; Exs. F, I.

2. **Damages**. Neither its sections of the Joint Rule 26(f) report (Dkt. 78) nor the initial disclosures served on Aug. 29, include the required Rule 26(a)(1)(A)(iii) computations or the documents on which each computation relies. Movant's Sept. 10 L.R. 37-1 letter requesting to confer on the matter was disregarded. Vasan Decl. ¶¶ 4-6; Exs. C-E.

3. **Scope & phasing**. The September 4 Scheduling Order directed the parties to raise phasing/limits with the Magistrate Judge. Movant did so on in the same Sept. 10 letter (phasing, party-first sequencing, and a narrow non-party protocol). Checkmate refused to confer on any of Movant's issues and instead tried to gatekeep the agenda. *Id*.; Dkt. 88.

**Requested Relief**: Order amended RFA answers (and deem admitted a few mechanical items), compel damages computations + source documents (with preclusion absent compliance), and adopt party-first discovery with non-party subpoenas adjourned pending rulings on the pleadings and proportionality showings. Furthermore, the Court should remedy the inequity in fee-shifting in this action by establishing that all parties bear their own expenses on discovery matters, barring a showing of bad faith; or the alternative, require Checkmate to pay reasonable fees it otherwise would have owed to the Clerk should it lose on any discovery motion. This ensures that Movant can challenge Defendant without undue fear of attorney fee awards.

## II. PROCEDURAL HISTORY; LOCAL RULE 37-1 & 37-2.4 BACKGROUND

**Aug. 14**: The parties file the joint Rule 26(f) Report. In the leadup, counsel started new threads, and switched between them, seemingly in an effort to construct a narrative of non-cooperation by Movant. Counsel refused to supply a Word doc for its sections, but when Movant replied with a matching PDF, counsel demanded a Word version for its combined sections and stated that if not provided it would report him to the Court. Ex. A. Defendant's damages section repeats the requested relief section in its counterclaims. Plaintiff and Defendant disagree, *inter alia*, on phasing and other discovery limitations. That night, Checkmate served subpoenas on non-parties Vasan Varadarajan (Movant's 70-year-old father) (and next morning, friend and co-founder Robert Nessler). No prior party notice was served, despite broad document requests. Movant inquired on the 14th and on the 15th, serving L.R. 37-1 letters regarding the subpoenas—Defendant refused to discuss, leading to Movant's (later denied) *ex parte* application. Ex. B.

**Aug. 21**: The parties both serve initial disclosures. Defendant's damages section is excerpted in § IV.3 herein and lacks any computation or even any numbers. See Ex. C.

**Aug. 25-29**: Defendant sends a purported L.R. 37-1 letter alleging Movant's disclosures were "defective" and missing witnesses he intended to use. The letter did not indicate the relief it sought or include any authorities. When he offered to meet after the Rule 16 conference (Sept. 4), and asked about its missing damages computation, it insisted on only addressing "your initial disclosures, not those of Checkmate,", and that it would supplement "as soon as" a calculation (for damages) "can be made." When he asked which witnesses it referred to, it simply insisted witnesses were missing. Movant's emails refer to the damages issue multiple times, and earlier L.R. 37-1 letters regarding the non-party subpoenas. See Ex. D.

**Aug. 29**: Defendant fails to timely oppose Movant's motion to dismiss. *Id*.

**Aug. 30**: Movant notes the lapsed deadline to Defendant counsel, no reply. *Id*.

**Sept. 4**: The Court's scheduling order directs the parties to raise phasing and limitations on discovery with the assigned magistrate judge. Dkt. 88. Defendant emails, quotes the order—and instead of seeking to confer about the guidance, pivots back to its witness disclosure issue. Movant again raises the lapsed deadline; Defendant wrongly insists time still remained. Ex. D.

**Sept. 10**: Movant emailed an L.R. 37-1 meet-and-confer request on damages computations (Rule 26(a)(1)(A)(iii)) and phasing/party-first discovery, offering multiple time slots and inviting alternatives. See Vasan Decl. ¶ 6, Ex. E. Defendant did not respond.

**Sept. 16**: Movant served a detailed L.R. 37-1 letter on the RFA defects, citing Rule 36(a)(4) and *Asea* and offering three slots that week to confer. Defendant did not select a slot or propose an alternative within 10 days. See Vasan Decl. ¶ 7, Ex. F.

**Sept. 18**: Defendant opposes Motion to Dismiss 20 days late without leave. Dkt. 96.

**Oct. 1**: Movant follows up regarding L.R. 37-1 letters, no response. Counsel started a separate thread, raising the witness disclosures, now insisting on a meeting at its office only on this issue—stating it would accept no "arbitrary conditions" (e.g. addressing Movant's issues or allowing mutual recording). Until this email, all meetings had been remote. Defendant declined also to address Movant's request for reciprocity—that meetings on his own issues be held at his location, or that all meetings proceed remotely as before. See *Id.* ¶ 8, Ex. G, H.

**Oct. 23**: Movant circulated a draft Joint Stipulation as a courtesy, and proposed times for a meet and confer on the matter. Defendant ignored it until the return date, then complained about format rather than engaging on substance—demanded a meet-and-confer (but proposing no dates, after missing movant's proposed dates). See *Id.* ¶ 9, Ex. I. Movant also requested consent for an informal discovery conference with Judge Sagar. No reply. See *Id.*, Ex J.

Given Defendant 's failure to timely confer in good faith, and persistent stonewalling of his discovery efforts, Movant proceeds without a Joint Stipulation under L.R. 37-2.4.

**III.    ARGUMENT**

    A.   <u>REQUESTS FOR ADMISSION: The Court should overrule boilerplate, order amended answers, and deem a narrow set admitted.</u>

Rule 36(a)(4) requires that an answer must admit or deny, that a denial must fairly respond, and that a claim of lack of knowledge is permitted only after a reasonable inquiry, which the responding party must state; an evasive or incomplete answer is treated as a failure. Rule 37(a)(4). The Ninth Circuit authorizes deeming matters admitted when a party equivocates or evades despite ready access to the information. *Asea v. S. Pac. Transp. Co.*, 669 F.2d 1242,

1247 (9th Cir. 1981). Here, while Movant attached cross-correlated documentary evidence, including screenshots, videos and transcripts; Defendant denied facially undeniable facts using boilerplate responses disfavored by Judge Sagar's Civil Procedures. A few example issues are presented here, with a full table for the Court's convenience in Appendix A:

**Set One (Lunchbox Emails)**. Defendant stonewalled RFAs anchored to emails it filed, authenticated and relies on to allege a non-compete breach. See Ex. L; Dkt. 18-4, 71.

RFAs 1–4 and 14A–14B, ask if certain attachments are audio files (e.g., .wav) and not source code. It served pages of boilerplate; purported reasonable inquiry; claimed insufficient information and denied; and recast the request as calling for "expert opinion."

RFAs 5–6 and 17: The same pattern followed for MIME types and file extensions: simple checks drew "vague, expert opinion, overbroad, insufficient information" objections and denials without any inquiry being described (e.g. opening the native .eml or inspecting MIME headers).

RFAs 11–12B asked if the emails include a .zip/.tar or repository URL—yes/no facts on the face of the documents—it again objected and denied without stating what was reviewed.

RFA 16 asks if it can produce native .eml files with headers and attachments; it refused to admit and quibbled with "able to produce" and "native .eml".

For RFAs 21–26—time-anchored requests about any actual solicitation or proof of code transmission—it again issued boilerplate denials and failed to describe any "reasonable inquiry".

**Why defective**: these responses are defective under Rule 36(a)(4), which requires a party to state in detail why it cannot admit or deny and to describe the reasonable inquiry; instead, it offers formulaic objections and denials to binary requests anchored to its own filed evidence.

**Set Two (Nov. 14 Separation Meeting)**. Defendant admits the basics (RFAs 3–5): a recorded Zoom at 8:00 a.m. PT attended by Agarwal, Bell, Brown, and Vasan. Yet it still objects that "Separation Meeting" is vague, using that contrived ambiguity to dodge substance. Ex. M

RFA 6 asks if recording continued after Movant left the call (via its own accounts)—but it responds with "unintelligible"/vagueness objections rather than facts.

RFAs 7–8 ask if Fathom.ai processed the recording and if the *provided* link remained live yet it again objects/denies without stating if it even checked (and *it still is live and accessible*).

<u>RFAs 20–22</u>, time-anchor if, as of the meeting's start, the sole basis for Plaintiff's termination was the "Competitor Emails" and if there were any reports or investigation; it issues denials without any described inquiry.

<u>RFAs 28–31:</u> And for the 9:00 a.m. Announcement Meeting and the cross-referenced ECFs (RFAs 36–38), it denies or claims the requests are "not self-contained," notwithstanding Plaintiff's neutral definitions that tie directly to that same Zoom and the linked declarations.

**Why defective**: while admitting the recorded meeting occurred, Defendant manufactured vagueness by refusing a neutral label that precisely identifies it, enabling objections to dozens of follow-on RFAs based on semantics rather than substance.

**Set Three (BYOD/Slack)**. Defendant again begins with global "definition" objections—labeling Plaintiff's neutral terms (e.g., BYOD Policy, #voicemate, Oct. 14 DM, HR Write-Up) as "vague/overbroad" and importing those objections into virtually every answer. See Ex. N.

<u>RFAs 75, 76, 86, 103, 115</u>: Asks about device-provisioning and reimbursement facts—if it provided or reimbursed a work computer, matters squarely within their own records. It denies and buries responsive information in boilerplate. The Slack exhibit shows CEO wrote: "We don't provide work computers. The only solution is for you to quit." (Set Three exhibit, p. 14).

<u>RFAs 79–83</u>: For the first-day BYOD objections, despite Movant quoting the exchanges verbatim, Defendant calls the requests "unintelligible" and denies without identifying any Slack export search (Set Three exhibit, pp. 8–13, including "in california it's not even legal…").

<u>RFAs 88–93</u>: Likewise for the #voicemate channel quotes: Movant lifted statements (e.g., "I'd rather cut my losses"; "happy to fire you") verbatim, yet it again cries "unintelligible" and denies despite screenshots (Set Three exhibit, pp. 14–16, including the 11:14 a.m. message: "sure, if that's the route you want to go I'd rather deal with that headache…").

<u>RFAs 98–102</u>: Finally, on the recorded Oct. 14 meeting and the HR write-up, they balk at neutral labels and deny basics—even though, in Set Two, they admitted the Nov. 14 Zoom, and Plaintiff's Set Three definitions track the underlying artifacts.

**Why defective**: These RFAs either quote Slack verbatim (with transcript/screenshots) or ask policy facts uniquely within Defendant's control. Rule 36 requires a reasonable inquiry; here,

5

searching Slack, checking HR policy, and consulting Zoom/Fathom—and a forthright admission, denial, or a detailed explanation for inability to admit/deny. Its responses repeat the boilerplate and "lack information" patterns, without stating what, if any, reasonable inquiry was conducted.

**Targeted relief**. Order amended answers within 10 days that comply with Rule 36(a)(4) (admit/deny; admit in part if appropriate; if lacking information, describe the reasonable inquiry and why information couldn't be readily obtained). For mechanical items already essentially conceded or document-determinable (e.g., Set Two RFAs 3–5 (start time, attendees, recording); Set One RFAs 1–2/11–12B/16–18 (file type/URLs/attachments)), deem admitted under *Asea*.

B. DAMAGES: The Court should compel Rule 26(a)(1)(A)(iii) computations and documents, with Rule 37(c)(1) preclusion if not deserved by December 9, 2025

**What Rule 26 requires**. A party must disclose "a computation of each category of damages" and make available the documents on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). The point is to let the opponent "understand the contours of [its] potential exposure" and conduct meaningful discovery. *City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221–22 (N.D. Cal. 2003). The word "computation" "contemplates some analysis"—more than a lump sum or a bare list of categories—and must be supported by documents. Id.; see also *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (Rule 26 "by its very terms" requires a computation supported by documents). Here, no number is provided—not even a lump sum. The intent seems not to disclose, but to instill anxiety.

**Defendant has disclosed no computations at all**. Its sections of the Joint Rule 26(f) report, as well as the Initial Disclosures it served 14 days later, are a wish-list of remedies, with zero numbers, formulas, or supporting documents. That is facially non-compliant: (Exhibit A)

> 3. **COMPUTATION OF DAMAGES**
> Checkmate seeks damages for its claims of breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation. Checkmate further seeks a declaratory judgment that Plaintiff is disentitled to further compensation under the parties' agreements and relevant law and that Plaintiff is required to indemnify Checkmate for losses incurred as a result of Plaintiff's conduct; payment of the full costs of this action, including attorney's fees, to the fullest extent

> permitted by the relevant agreements and law; recovery of pre- and post-judgment interest; and any such other and further relief, in law or in equity, to which Checkmate may be entitled or which the Court may deem just and proper.
> (Defendant's Initial Disclosures, Exhibit C-1)

The counterclaims likewise plead only "in an amount to be proved at trial," which does not satisfy Rule 26(a)(1)(A)(iii). In meet and confer emails, counsel only commits to proper disclosure "when damages can be computed" "in good faith". There is no good faith on offer, only prevarication. When Movant has already provided detailed, document-backed computations for his wage and employment-contract claims—prioritized by state public policy—and those figures are anchored in contracts Defendant itself filed and authenticated, it is inequitable to let it wield unsupported counterclaims to stall payment and block discovery.

**Attorney's fees**: Defendant has identified no contractual or statutory basis for any fee recovery despite request. On wage claims, Labor Code § 218.5(a) permits a prevailing employer to recover fees only upon a finding the employee acted in bad faith; and § 1194(a) makes fees one-way for employees on minimum wage/overtime. Absent a contractual fee clause, the default rule (each side bears its own fees) applies; Civ. Code § 1717 only matters if a fee clause exists.

**Merger Agreement (MA) Fee Clause Inapplicable**: The Court has held that Movant's claims do not require interpretation of the MA. Dkt. 67. Defendant's counterclaims sound in tort and do not plead breach (or a declaratory claim) under the MA. As no party is litigating the MA, Civ. Code §1717 is not triggered, and its fee clause cannot be invoked without its indemnity scheme. As no basis is disclosed even in Defendant's Rule 26 materials; any fee request should be precluded barring an identified, applicable authority and Rule-compliant disclosures.

**Therefore, on the present record**, Defendant has shown no basis for fees—its inclusion of fees in disclosures reads as pressure, not a supported claim.

**Its damages theory does not fit its excuse for non-disclosure**. Defendant repeatedly states it was "damaged by paying millions of dollars" "specifically" for "code". The contracts it has filed show no such payment was even on offer. Movant sues for unpaid compensation and Holder Rep. Nessler has declared no founder was paid their retention bonus. If "millions of

dollars" were "paid", evidence would be readily available: bank statements, wire transfers, ACH confirmations or other objective documentation. Defendant does not even offer sworn testimony as to how and when any "millions of dollars" were "paid", and to whom. See Dkt. 98 § G.

**Disclaimers don't excuse compliance**. Rule 26 requires initial disclosures to be based on information "then reasonably available," and a party is "not excused" because it has not fully investigated or prefers to wait; it must supplement as discovery progresses. Fed. R. Civ. P. 26(a)(1), (e); see, e.g., *Allstate v. Nassiri*, No. 2:08-cv-00369, 2010 WL 5248111, at *2–3 (D. Nev. Dec. 16, 2010) (collecting cases; Tutor-Saliba standard). Their "preliminary statement" and reservation of rights do not satisfy the rule.

**Consequences for non-disclosure**. Rule 37(c)(1)'s preclusion sanction is "self-executing" and "automatic" unless the failure is substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit affirms exclusion where a party provides no computation until late: in *Hoffman v. Construction Protective Servs.*, 541 F.3d 1175, 1179–80 (9th Cir. 2008), the court upheld preclusion because compelling a late computation would force new schedules or re-open discovery—not harmless.

C. <u>PHASING: The Court should phase and sequence discovery to prevent undue burden of non-parties and stonewalling of movant's discovery.</u>

The Court has broad discretion to limit, sequence, and phase discovery. Non-parties receive extra protection, and courts routinely require a party-sources-first approach. See, e.g., *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577–78 (N.D. Cal. 2007) (quashing non-party subpoena where materials available from parties); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637–38 (C.D. Cal. 2005) (overbreadth/undue burden factors); *Gonzales v. Google*, 234 F.R.D. 674, 684–86 (N.D. Cal. 2006) (narrowing & protective measures).

Here, the Scheduling Order (Sept. 4, 2025) directed the parties to bring phasing/limits to the Magistrate. Dkt. 88. Movant sought to do so on Sept. 10 and Sept. 16; Defendant refused to confer on any of Movant's issues. Vasan Decl. ¶¶ 6-8, Exs. E-G. A party-first sequence and a short adjournment of non-party subpoenas (e.g. the Varadarajan and Nessler subpoenas) is the

MOTION TO DETERMINE SUFFICIENCY, COMPEL DISCLOSURE AND FOR PHASING OF DISCOVERY

least-burdensome path while pleadings are being tested. Defendant's failure to provide any remotely compliant damages computations weighs further in favor of Movant's requested relief.

As these matters are briefed extensively, Movant incorporates by reference Dkt. 111 (Plaintiff's Opp'n to Motion to Compel, §§ IV.A-B) as if fully set forth herein.

## IV.    EMAIL GAMESMANSHIP; INDICIA OF BAD FAITH

Movant files by declaration as the meet-and-confer record shows Defendant using L.R. 37-1 as both sword and shield[1]—gatekeeping topics, resisting fair process controls, and posturing toward motions while declining reciprocal cooperation. For months, it insisted any meeting only address "your initial disclosures, not those of Checkmate," even as Movant sought to include its missing Rule 26(a)(1)(A)(iii) damages computations, address boilerplate RFA responses and to discuss raising phasing and discovery limitations per the Court's guidance. When he proposed specific windows and a neutral guardrail—mutual recording by consent[2]—it refused and insisted on a reporter who would be entirely at Movant's expense, still limiting scope to its own issues.

Defendant also used timing as leverage. It pressed for a same-week conference before the Rule 16 hearing, declared unavailability for the post-hearing window Movant offered, while refusing to add Defendant's own deficiencies to the agenda—then accused Movant of "refusal to cooperate."  Counsel would not commit to providing any damages computations, saying it would supplement only "as soon as" a calculation "can be made" "in good faith".  See Ex. D.

The pattern extended to non-party discovery. After Movant requested a conference to narrow or phase third-party subpoenas (and proposed concrete dates), Defendant declared it had "will not be discussing the obligations of recipients of third-party subpoenas" with Movant and

---

[1] This issue is further discussed in Dkt. 89 and 91 (Movant's opposition to Defendant's request for leave) to untimely oppose his 12(b)(6) motion. Movant believes that court guidance is needed to resolve the current impasse and respectfully asks for an informal conference with Judge Sagar. As of yet, Defendant has yet to consent to Movant's request for the same. See Ex. J.

[2] Movant's desire to record the conferences stemmed from a baseless accusation of gender bias by counsel after the Aug. 7 Rule 26(f) conference. Movant had inquired about lead counsel during the meeting, after the previous lead counsel was terminated. Counsel on the call, Ms. Makitalo, gave evasive answers, repeatedly stating that all three counsel were the lead attorneys. At the end, Movant asked one more time and was told that Mr. Keech was the lead. After the call, Mr. Keech (who was not on the call) sent an email accusing Movant of not believing a "woman lawyer" could be the lead and that Ms. Makitalo was indeed the lead. See Ex. K.

layered on ad hominem threats about "pseudo-legal 'advice'," and AI usage rather than engaging on scope, burden, or party-sources-first sequencing. See Ex. K.

Finally, when Movant circulated a draft joint stipulation and proposed times to confer, Defendant waited until the return date and focused on format complaints rather than substance—compelling Movant to proceed without a joint stipulation under L.R. 37-2.4. Ex. I. This record—one-way agendas; use of L.R. 37-1 to delay not resolve; resistance to neutral guardrails; refusal to address Defendant's own Rule 26 obligations; repeated threats of sanctions or to "tell the court" that he was not cooperating; and outright refusal to confer on non-party burden—justifies the need to file by declaration and prevent Movant's own discovery from being further derailed.

## V.  CONCLUSION

Defendant has leveraged email gamesmanship and the specter of fee exposure to stall Movant's discovery. The meet-and-confer record is clear: further delay risks prejudicing Movant's ability to prepare for summary-judgment briefing. Movant's discovery requests are narrow, proportional, and targeted to core issues; he does not presently anticipate noticing any depositions before summary judgment. Yet Defendant continues to block even lightweight discovery for Movant while pressing burdensome non-party discovery for its own ends. The Federal Rules—particularly Rules 1, 26, 37, and 45—are meant as tools for a just, speedy, and inexpensive resolution, not swords and shields to be wielded at whim.

For these reasons, Movant respectfully requests that the Court grant the motion and enter the relief set forth in the concurrently filed [Proposed] Order, together with such other and further relief as the Court deems just and proper.

Dated: **November 3, 2025**

In: **Cerritos, California**

**Respectfully submitted**,

/s/ *Arjun Vasan*

**Arjun Vasan**, Plaintiff In Pro Per

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6

Plaintiff Arjun Vasan certifies that this brief contains 3,741 words, which complies with the 7,000-word limit of L.R. 11-6.1 and the Court's Civil Standing Order dated Aug. 27, 2025.

Dated: **October 31, 2025**

In: **Cerritos, California**

**Respectfully submitted**,

/s/ *Arjun Vasan*

**Arjun Vasan**,

Plaintiff *In Pro Per*

# DECLARATION OF ARJUN VASAN

I, Arjun Vasan, declare:

1. I am the Plaintiff in this action. I submit this declaration in support of my Motion to Compel Disclosure, Determine Sufficiency and for a Protective Order; and to authenticate documents relied on therein. I have personal knowledge of the facts herein, and if called to testify, could and would do so competently.

2. Exhibit A includes true and correct copies of three email threads in the lead up to filing the Joint Rule 26(f) report, dated August 10-14. Checkmate counsel repeatedly skipped between threads or created new ones, often threatening to inform the Court of purported non-cooperation. Counsel refused to provide a Word version of its sections, despite many requests—even stating that if I wasn't able to copy from its PDF file, then I should have let it file the report. When I returned the combined report as a PDF, it demanded a Word version and again threatened to "tell the court" if I didn't "cooperate".

3. Exhibit B includes true and correct copies of L.R. 37-1 letters sent by email regarding the non-party subpoenas issued by Checkmate without prior party notice. Counsel rejected that I should have any say in scope or burden—even though non-parties were my close friend and my father, and these message streams concern my privacy and privilege.

4. Exhibit C includes true and correct copies of the parties' initial disclosures, served August 21, 2025—including Defendant's damages computation containing no numbers, formulas or references to supporting documentation.

5. Exhibit D contains true and correct copies of several email threads with counsel for Checkmate, in which counsel raises purportedly "defective" witness disclosures, refuses to identify any specific witnesses that it believes I should be using for my claims and defenses. In these threads I raised several issues, including phasing, the subpoenas (and L.R. 37-1 letters that were never responded to), Checkmate's insufficient computation of damages. Counsel refused to entertain a meeting where anything other than my witness disclosures were discussed and further refused to consent to mutual audio recording. The

threads were started between August 25 and September 4. Checkmate further refuses to acknowledge it had missed the deadline to oppose my motion to dismiss.

6. Exhibit E is a true and correct copy of a September 10 L.R. 37-1 letter raising the issues of phasing and insufficient damages computations. This email was never replied to.

7. Exhibit F is a true and correct copy of a September 16 L.R. 37-1 letter raising issues from Checkmate's responses to the first set of RFAs. This email was never responded to.

8. Exhibit G is a true and correct copies of Movant's Oct. 1 L.R. 37-1 follow-up on all the issues he had raised. This email was not replied to. Exhibit H is a true and correct copy of a separate thread started by Defendant the same day which once again demands a prior meeting on witness disclosures before considering any meeting on his own issues.

9. Exhibit I is a true and correct copy of an Oct. 24 email thread started by Movant, in which he sends a courtesy Joint Stipulation. Exhibit J is a true and correct copy of an email sent by Movant, on the previous day, requesting consent for an informal discovery conference with Magistrate Judge Sagar.

10. Exhibit K contains true and correct copies of several emails from counsel containing sanctions threats and personal attacks.

11. **Rule 37(a)(1) / L.R. 37-1 Certification**. Pursuant to Fed. R. Civ. P. 37(a)(1) and C.D. Cal. L.R. 37-1, I certify that I conferred, or in good faith attempted to confer, with Defendant's counsel to resolve each issue raised by this motion without court action. Between Aug. 10 and Oct. 23, 2025, I sent multiple L.R. 37-1 letters and follow-ups (Exs. B, E, F, G), proposed multiple time windows (Ex. D), circulated a courtesy joint stipulation (Ex. I), and sought an IDC with the Magistrate (Ex. J). I also proposed neutral guardrails (mutual audio recording or a court reporter) and party-first sequencing. Despite these efforts, Defendant either refused to confer on my issues, limited any conference to topics of its choosing, or did not respond at all, and the disputes remain unresolved.

12. **L.R. 37-2.4 Non-Cooperation Statement (No Joint Stipulation)**. I further certify that a Joint Stipulation could not be prepared because Defendant failed to cooperate in the L.R. 37-2 process. After I circulated a courtesy draft joint stipulation on October 23, 2025 (Ex.

13

MOTION TO DETERMINE SUFFICIENCY, COMPEL DISCLOSURE AND FOR PHASING OF DISCOVERY

I) and requested dates to confer, counsel focused on formatting issues and declined to accept any proposed dates to confer or offer its own. In light of these facts, and to avoid further delay, I submit this motion by declaration under L.R. 37-2.4.

13. **Good-Cause Summary for Protective Relief (Rule 26(c))**. Good cause exists to enter a protective order adopting party-first sequencing, limiting or phasing non-party discovery, and requiring Rule-compliant RFA answers and damages computations: (a) Defendant has provided no damages computations or supporting documents; (b) it has served or pursued burdensome non-party subpoenas while refusing to engage on scope/burden; and (c) many requests are binary, document-anchored and readily answerable from party sources (Slack, Zoom/Fathom, HR policy, email). My requests are narrow/proportional.

*I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.*

**Executed on**: November 3, 2025                          */s/ Arjun Vasan*

**In** Cerritos, California                                _____

                                                           **Arjun Vasan**,
                                                           Plaintiff In Pro Per