# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**,<br><br>    Plaintiff and Counter-Defendant<br><br>vs.<br><br>**Checkmate.com, Inc.**,<br>(dba "Checkmate"),<br><br>    Defendant and Counterclaimant | Case No.: 2:25−cv−00765−MEMF−ASX<br><br>Hon. Alka Sagar \| DISCOVERY MATTER<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF RFA RESPONSES; COMPEL RULE 26(A)(1)(A)(III) DAMAGES COMPUTATIONS; AND FOR A PROTECTIVE ORDER PHASING OR SEQUENCING DISCOVERY**<br><br>Complaint Filed: January 28, 2025<br>Hearing Date: December 2, 2025<br>Hearing Time: 11:00 A.M.<br>Courtroom: 540 |

    Having considered Plaintiff's Motion, the Declaration of Arjun Vasan and exhibits (e.g. the parties' initial disclosures, three RFA sets and responses) and Appendix A, and good cause appearing, the Court orders as follows:

1

## I. Requests for Admission (Rule 36)

**A. Insufficiency and amendment.** The Court finds that Checkmate's responses to Plaintiff's First, Second, and Third Sets of RFAs are insufficient under Rule 36(a)(4) to the extent they rely on boilerplate objections, "lack of information" without describing any reasonable inquiry, or label-based vagueness where the underlying artifact/meeting is otherwise identified. Amended, Rule-compliant answers are therefore ORDERED as set out below.

**B. Deemed admitted (narrow, document-determinable matters).** The following RFAs are DEEMED ADMITTED under Rule 36(a)(6) and *Asea*:

<u>Set Two ("Separation Meeting")</u>: RFAs 3–5 (meeting start time ≈ 8:00 a.m. PT on Nov. 14, 2024; attendees; recording). Defendant's own responses effectively concede these facts.

<u>Set One ("Lunchbox Emails")</u>: RFAs 1–2, 11, 12A–12B, 16, 17, 18A–18B (file type/audio vs. code; absence of repo export/URL; native .eml capability; programming-syntax/MIME/term-of-art checks; facial content/body text). These are binary, face-of-document matters anchored in the emails Defendant filed and relies upon.

**C. Amended answers for all remaining RFAs.** For all RFAs not deemed admitted above, Defendant shall serve verified, amended answers within 10 days of this Order that:

1. Admit or deny (or admit in part/deny in part) each request;

2. If asserting lack of knowledge, state in detail the reasonable inquiry made and why the information could not be readily obtained; and

3. Avoid boilerplate. Only narrowly tailored objections (e.g., privilege) are permitted, with the factual portion answered to the extent not objectionable; privilege claims must be supported by a log where applicable.

The amended answers must be verified by an appropriate corporate representative and must confirm that the "reasonable inquiry" included checks of readily accessible sources implicated by the RFAs. See descriptions in the motion at § III.A (examples; targeted relief).

## II. Damages Computations (Rule 26(a)(1)(A)(iii)) and Preclusion (Rule 37(c)(1))

**A. Service of computations and supporting documents.** By December 9, 2025, Checkmate shall serve a Rule 26(a)(1)(A)(iii) disclosure that (i) sets out a computation for each

category of damages it seeks on each claim/counterclaim, including formulas, time periods, rates, and intermediate math; and (ii) makes available the documents on which each computation is based (e.g., ledgers, invoices, agreements, bank/wire records, emails, spreadsheets) sufficient to test the computation. The Court notes Plaintiff identified that Checkmate's initial damages section listed only categories and remedies without numbers, formulas, or supporting documents.

**B. Attorney's-fees theory.** By the same date, if Defendant intends to seek attorney fees, it shall identify the specific contractual or statutory basis for any such request in its Rule 26(a)(1)(A)(iii) disclosure. Absent such identification by that deadline, any claim to attorney's fees is precluded without further leave of Court.

**C. Preclusion.** Under Rule 37(c)(1), any damages evidence not disclosed by December 9, 2025, is excluded absent a later showing of substantial justification or harmlessness warranting leave to supplement.

### III. Protective Order; Phasing and Sequencing (Rules 26(c), 26(d)(3), 45)

**A. Party-first sequencing.** Discovery is phased so that party sources are pursued first. Non-party discovery may proceed only after (i) Defendant serves the Rule 26(a)(1)(A)(iii) computations and (ii) Defendant serves the amended RFA answers ordered above.

**B. Existing non-party subpoenas held in abeyance.** Compliance with the pending subpoenas to Vasan Varadarajan and Robert Nessler (and any substantially similar non-party subpoenas on these topics) is STAYED without prejudice pending further order after an informal discovery conference (IDC). The Court finds a short adjournment is the least-burdensome course while pleadings and core party discovery are addressed. See Motion § III.C & Procedural History

**C. Leave and proportionality showing.** Before issuing or enforcing any new non-party subpoenas on these subjects, the propounding party must: (1) meet and confer; (2) participate in an IDC (see § IV below); and (3) be prepared to show proportionality and that party sources have been exhausted or are inadequate.

### IV. Informal Discovery Conference (IDC)

Within 10 days of this Order, the parties must jointly contact the assigned Magistrate Judge's courtroom deputy to schedule an IDC to address any open issues, including scope and

timing of any non-party discovery following the party-first phase and compliance with this Order's deadlines.

### V.     Fees and Expenses on Discovery Motions

Each side shall bear its own fees and expenses on this Motion and on future discovery motions, absent a specific finding of bad faith by the Court (in which case Rule 37 and any other applicable authority will govern any fee/expense award).

IT IS SO ORDERED.

Dated: _____, \_\_\_\_                                                  _____

ALKA SAGAR

United States Magistrate Judge