# APPENDIX A

| Set | RFA # | Topic | Request (short) | Checkmate Response (short) | Defects under Rule 36 | Proposed Relief |
|-----|-------|-------|-----------------|---------------------------|----------------------|-----------------|
| Set One | 1 | Audio vs. Code | Admit that each Attachment to the Lunchbox Emails is an Audio File (e.g., .wav, .mp3, .m4a) and not Source Code. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," "Audio File," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare 'reasonable inquiry' + 'insufficient information' denial; Improper 'expert opinion' objection; Bare denial without facts | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |
| Set One | 2 | Other | Admit that none of the Attachments to the Lunchbox Emails contains Source Code. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request se… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare 'reasonable inquiry' + 'insufficient information' denial, no inquiry described; Improper 'expert opinion' objection; Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set One | 3 | Audio vs. Code | Admit that the Attachment named "lees-that-is-impressive.wav" in the Lunchbox Emails is an Audio File and not Source Code. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," "Audio File," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare 'reasonable inquiry' + 'insufficient information' denial, no inquiry described; Improper 'expert opinion' objection; Bare denial without facts | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |

| | | | | | |
|---|---|---|---|---|---|
| Set One | **4** | Audio vs. Code | Admit that the Attachment named "MarcosRitaAmazing (1).wav" in the Lunchbox Emails is an Audio File and not Source Code. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," "Audio File," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare 'reasonable inquiry' + 'insufficient information' denial, no inquiry described; Improper 'expert opinion' objection; Bare denial without facts | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |
| Set One | **5** | MIME/Extensions | Admit that You possess no file from the Lunchbox Emails whose MIME metadata indicates a text/code type (including but not limited to text/plain, text/x- python, application/x-javascript, or similar). | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the 6 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS 1602150589.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 term … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare 'reasonable inquiry' + 'insufficient information' denial, no inquiry described; Improper 'expert opinion' objection; Bare denial without facts | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |
| Set One | **6** | MIME/Extensions | Admit that You possess no file from the Lunchbox Emails with a filename extension commonly associated with Source Code (including but not limited to .py, .js, .ts, .java, .cpp, .c, .ipynb, .rb, .go, .sql, .sh, .ps1). | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Lunchbox Emails" and "Source Code" as defined by Plaintiff are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "commonly associated"… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare 'reasonable inquiry' + 'insufficient information' denial, no inquiry described; Improper 'expert opinion' objection; Bare denial without facts | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |

| Set One | 7 | Other | Admit that the bodies of the Lunchbox Emails state that Plaintiff was sending older demo recordings from prior work and do not state that Plaintiff was sending Checkmate, VoiceBite or Presto Source Code. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "the bodies," "older demo recordings fr... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Improper 'expert opinion' objection; PCoC objection despite within-party control | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set One | 8 | Other | Admit that You have not retained any expert or vendor who concluded that any Attachment to the Lunchbox Emails is Source Code. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "any... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Improper 'expert opinion' objection | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set One | 9 | Other | Admit that You have not computed or received any file hash or signature identifying any Attachment to the Lunchbox Emails as Source Code. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails" and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "comp... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Improper 'expert opinion' objection | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |

| | | | | | |
|---|---|---|---|---|---|
| Set One | **10** | Other | Admit that You have no document (including any internal analysis) that identifies any Attachment to the Lunchbox Emails as Source Code. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the 9 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS 1602150589.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 terms... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Bare 'reasonable inquiry' + 'insufficient information' denial, no inquiry described; Improper 'expert opinion' objection; Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set One | **11** | Repo/Archive/URLs | Admit that the Lunchbox Emails do not attach any repository export, archive, or bundle (e.g., .zip, .tar, .gz, .7z) containing Source Code. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Lunchbox Emails" and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "any repository exp... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Improper 'expert opinion' objection | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |
| Set One | **12A** | Repo/Archive/URLs | Admit that the Lunchbox Emails do not attach any file named with or referring to a code repository, branch, commit, or hash associated with VoiceBite, Presto or Checkmate. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "any file," "code repository, branch, c... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Improper 'expert opinion' objection | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |

| | | | | | |
|---|---|---|---|---|---|
| Set One | **12B** | Repo/Archive/URLs | Admit that the Lunchbox Emails do not contain any URL to a repository (GitHub, GitLab, BitBucket or similar). | Responding Party hereby incorporates the General Objections as though fully 11 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS 1602150589.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 set forth herein. Responding Party objects to this Request on the grounds that the term... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'expert opinion' objection | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |
| Set One | **13** | Other | Admit that You have no evidence that Plaintiff transmitted Checkmate, VoiceBite or Presto Source Code to Lunchbox in the Lunchbox Emails. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "transmitted" and "Presto Source Code" ... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'expert opinion' objection; Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set One | **14A** | Audio vs. Code | Admit that the only Attachments to the Lunchbox Emails in Your possession are Audio Files. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments," "Lunchbox Emails," and "Audio Files," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request s... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'expert opinion' objection; Bare denial without facts | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |

| | | | | | |
|---|---|---|---|---|---|
| Set One | **14B** | Audio vs. Code | Admit that each such attachment has a MIME Content-Type beginning with audio/. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "each such attachment" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the terms "MIME Content-Type beginning with … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'expert opinion' objection; Bare denial without facts | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |
| Set One | **15** | Audio vs. Code | Admit that characterizing the Attachments to the Lunchbox Emails as "code" would be inaccurate because they are Audio Files. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "code" and "would b… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'expert opinion' objection | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |
| Set One | **16** | Production Capability (.eml) | Admit that You are able to produce the Lunchbox Emails in native .eml format with full headers and all Attachments in native format. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; PCoC objection despite within-party control | Order amended answer and production of the emails in native .eml with headers and native attachments under Rule 34; deemed admitted that such production is feasible if no contrary showing. |

| | | | | | |
|---|---|---|---|---|---|
| Set One | **17** | MIME/Extensions | Admit that none of the Lunchbox Email Attachments includes any text segment that contains programming syntax for a programming language. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments" and "Lunchbox Emails" as defined by Plaintiff are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms "a... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'expert opinion' objection; Bare denial without facts | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |
| Set One | **18A** | Email Body Content | Admit that the body of the Lunchbox Emails does not contain the word "code". | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the 15 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS 1602150589.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 term... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set One | **18B** | Other | Admit that You have no record that Lunchbox (or Nabeel) replied acknowledging receipt of "code" from Plaintiff in the Lunchbox Emails. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the term "code" is vague, ambi... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set One | **19** | Other | Admit that none of the Lunchbox Email Attachments was marked or designated by You as "confidential code," "source," "trade secret code," or similar. 16 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS 1602150589.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 … | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set One | **20** | Audio vs. Code | Admit that You have no basis to contend that the Lunchbox Email Attachments are anything other than Audio Files. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments," "Lunchbox Emails," and "Audio Files," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Improper 'expert opinion' objection; Bare denial without facts | Deem admitted (binary, document-anchored); alternatively, require amended answer describing actual email/MIME review and produce native .eml with attachments if reliance persists. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set One | **21** | Solicitation/Competition Proof | Admit that, after a reasonable inquiry and as of the date of Your response, the only Documents You rely on to support the Competitive Activity Allegations are the Lunchbox Emails and their Attachments. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the term "… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Deem admitted no solicitation/competition proof as of response date; or require a sworn description of the inquiry and identification of any documents relied on. |
| Set One | **22** | Other | Admit that, after a reasonable inquiry and as of the date of Your response, You do not possess any communication from Plaintiff to any then-current Checkmate employee expressly asking that employee to terminate employment to accept a specific role. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request in that the term "any then-current Checkmate employee" is vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information not within Responding 18 CHECKMATE.COM, INC.'S RESPONSE… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); PCoC objection despite within-party control; Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set One | **23** | Other | Admit that, after a reasonable inquiry and as of the date of Your response, You do not possess any communication from Plaintiff to any Checkmate customer requesting that the customer move existing business from Checkmate. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request in that the terms "any Checkmate customer" and "existing business" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information not within Responding Party's possession, c… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; PCoC objection despite within-party control; Bare denial without facts | Deem admitted no solicitation/competition proof as of response date; or require a sworn description of the inquiry and identification of any documents relied on. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set One | 24 | Solicitation/Competition Proof | Admit that, after a reasonable inquiry and as of the date of Your response, You not possess any Document showing that before November 14, 2024 Plaintiff engaged in a "Competing Business" as that term is used in any Checkmate agreement. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request in that the terms 19 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS 1602150589.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 "Competing… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; PCoC objection despite within-party control; Bare denial without facts | Deem admitted no solicitation/competition proof as of response date; or require a sworn description of the inquiry and identification of any documents relied on. |
| Set One | 25 | Other | Admit that, after a reasonable inquiry and as of the date of Your response, You do not possess any communication (other than the Lunchbox Emails) in which Plaintiff represented that he sent or would send source code to any third party. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms "source code" and "a… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; PCoC objection despite within-party control | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set One | 26 | Solicitation/Competition Proof | Admit that, after a reasonable inquiry and as of the date of Your response, You have not identified any person You contend Plaintiff actually solicited to leave Checkmate. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request in that the terms "any person code" and "actually solicited" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "identified" is vague, ambiguous, and overbroad. To… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts | Deem admitted no solicitation/competition proof as of response date; or require a sworn description of the inquiry and identification of any documents relied on. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set One | **27** | Other | Admit that the Lunchbox Emails (dated November 7-8) post-date Plaintiff's written demands for payment of his partial/signing bonus in early November 2024 (dated November 4). | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the 21 CHECKMATE.COM, INC.'S R… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set Two | **1** | Nov. 14 Meetings/Artifacts | Admit that prior to the Separation Meeting, Plaintiff had offered to return part-time and had sent Checkmate medical certification clearing him to work on a limited schedule. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "clearing him" and "limited schedule… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | **2** | Nov. 14 Meetings/Artifacts | Admit that Vishal Agarwal scheduled the Separation Meeting, and by email, purported that the purpose of the meeting was to discuss Plaintiff's offer to return to work. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term 4 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 1602183777.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | 3 | Nov. 14 Meetings/Artifacts | Admit that the Separation Meeting started at approximately 8:00 a.m. Pacific Time. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff is vague, ambiguous, overbroad, and unduly burdensome. Without waiving the foregoing objections, Responding Party responds as follows: Check… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Partial admission followed by non-responsive denial; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | 4 | Nov. 14 Meetings/Artifacts | Admit that Checkmate personnel, including Vishal Agarwal, Michael Bell, and Amy Brown, attended the Separation Meeting. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the term "Checkmate personnel" are vague, ambi… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Partial admission followed by non-responsive denial; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | 5 | Nov. 14 Meetings/Artifacts | Admit that the Separation Meeting was recorded. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Without waiving the foregoing objections, Responding Party responds as follows: Chec… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Partial admission followed by non-responsive denial; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | 6 | Other | Admit that the recording referenced in ¶ 3 continued after Plaintiff disconnected. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "the recording" and "referenced in ¶ 3" are so vague, ambiguous, overbroad, and unduly burdensome as to render the Request unintelligible. Responding Party further objects to this Reque... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'not self-contained' / incorporation-by-reference; Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set Two | 7 | Nov. 14 Meetings/Artifacts | Admit that the Separation Meeting recording was processed by Fathom.video, which generated a transcript and/or summary. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "was processed by" are vague, ambigu... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | 8 | Nov. 14 Meetings/Artifacts | Admit that the Fathom.video link, video and summary remain live at the web address: https://fathom.video/share/j-ZStSqCq9Z7mRriEnHs6R7dxy7Aqixp?tab=summary. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "remain live" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which i... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | **9** | Nov. 14 Meetings/Artifacts | Admit that, prior to the Separation Meeting, Checkmate was informed by email that Plaintiff was in a medical facility with limited access to devices. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term 7 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 1602183777.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Partial admission followed by non-responsive denial; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | **10** | Other | Admit that Plaintiff started the call by describing his improving health, eagerness to return to work and ongoing assistance to the Voice team while he was recovering. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "started the call," "improving health," "eagerness to return to work," "ongoing assistance," "Voice team," and "recovering" are vague, ambiguous, and overbroad. Responding Party further… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set Two | **11** | Nov. 14 Meetings/Artifacts | Admit that during the Separation Meeting, Mr. Agarwal stated to Plaintiff words to the effect: "you are being terminated with immediate effect, right now, 8 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 1602183777.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 … | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects in that the terms "words to the effect" are vague, … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | 12 | Nov. 14 Meetings/Artifacts | Admit that Mr. Agarwal repeated words to that effect at least two times during the Separation Meeting. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects in that the terms "repeated" and "words to that eff... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Bare denial without facts; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | 13 | Other | Admit that, during the November 14 Meeting, Mr. Agarwal referenced turning the matter over to a lawyer if a settlement could not be reached, or words to that effect. ///9 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 1602183777.2 1 2 3 4 5 6 7 8 ... | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "November 14 Meeting," "turning the matter over," and "words to that effect" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "refe... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set Two | 14 | Other | Admit that Plaintiff attempted to argue that he had only sent the Competitor Emails because his bonus had not been paid, and felt he was being "screwed", or words to that effect. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Competitor Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "attempted to argue," "being 'screwed... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | **15** | Other | Admit that prior to Mr. Agarwal stating that Plaintiff was being terminated, Plaintiff had been discussing his return to work, and ongoing assistance to the Voice team. 10 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 1602183777.2 1 2 3 4 5 6 7 8 9 ... | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "being terminated," "return to work," "ongoing assistance" and "Voice team" are vague, ambiguous, and overbroad. Responding Party further objects to this Request on the grounds that the... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact) | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set Two | **16** | Other | Admit that Mr. Agarwal indicated the termination decision was final. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "termination decision" and "final" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response. Wi... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set Two | **17** | Nov. 14 Meetings/Artifacts | Admit that, during the Separation Meeting, Mr. Bell referenced involving a lawyer, or words to that effect. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "involving a 11 CHECKMATE.COM, INC.'... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | **18** | Solicitation/Competition Proof | Admit that, during the Separation Meeting, Mr. Agarwal referenced the Lunchbox Emails as the basis for alleging that Plaintiff had violated the non-solicitation clause. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overboard, and unduly burdensome. Responding Party further objects that the terms "Lunchbox Emails" are so vague, ambi… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | **19** | Nov. 14 Meetings/Artifacts | Admit that during the Separation Meeting, Mr. Agarwal stated words to the effect that the only reason for Plaintiff's termination were the Competitor Emails. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Separation Meeting" and "Competitor Emails," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "words to … | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | **20** | Solicitation/Competition Proof | Admit that, as of the start of the Separation Meeting, the only basis known to Checkmate for alleging solicitation by Plaintiff were the Competitor Emails. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Separation Meeting" and "Competitor Emails," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "as of the… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts; Manufactured vagueness re: 'Separation Meeting' (defined term) | Order amended answers detailing the inquiry (who/what/when) or deem admitted that as of the meeting start there was no report/investigation. |

| | | | | | |
|---|---|---|---|---|---|
| Set Two | 21 | Nov. 14 Meetings/Artifacts | Admit that, as of the start of the Separation Meeting, Checkmate had not received any written or oral report from any person asserting that Plaintiff asked them to leave Checkmate. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "as of the start of," "any written o… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | 22 | Nov. 14 Meetings/Artifacts | Admit that, as of the start of the Separation Meeting, Checkmate had not conducted any investigation into whether Plaintiff asked any employee to leave Checkmate. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "as of the start of," "any investiga… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | 23 | Nov. 14 Meetings/Artifacts | Admit that, during the Post-Call Segment, Mr. Agarwal stated words to the 14 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 1602183777.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 effect: "he's on medical leave; in [t]… | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Post-Call Segment," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "words to the effect" are vague, ambi… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | 24 | Nov. 14 Meetings/Artifacts | Admit that, during the Post-Call Segment, participants discussed off-boarding steps for Plaintiff. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Post-Call Segment," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "participants" and "off-boarding step… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | 25 | Nov. 14 Meetings/Artifacts | Admit that Mr. Bell stated during the Post-Call Segment, that he had been preparing other team members for Plaintiff no longer working at Checkmate. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Post-Call Segment," as defined by Plaintiff, is vague, ambiguous, overbroad, and 15 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 1602… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | 26 | Other | Admit that Mr. Bell had not seen the Competitor Emails himself prior to the meeting. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Competitor Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "prior to" are vague, ambiguous, and … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Partial admission followed by non-responsive denial | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |

| | | | | | |
|---|---|---|---|---|---|
| Set Two | **27** | Nov. 14 Meetings/Artifacts | Admit that, during the Post-Call Segment, participants discussed scheduling a 9:00 a.m. Pacific meeting that same morning to inform the team ("Announcement Meeting"). | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Post-Call Segment," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "participants," 16 CHECKMATE.COM, INC... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | **28** | Nov. 14 Meetings/Artifacts | Admit that the Announcement Meeting was indeed scheduled for 9:00 a.m. Pacific on November 14, 2024. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "indeed scheduled" are vague, ambi... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | **29** | Nov. 14 Meetings/Artifacts | Admit that the Announcement Meeting indeed occurred at the scheduled time. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "indeed occurred" and "scheduled t... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | **30** | Nov. 14 Meetings/Artifacts | Admit that, at the Announcement Meeting, Checkmate personnel informed 17 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 1602183777.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 Voice team members that Plaintiff was term… | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "Checkmate personnel" and "Voice t… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | **31** | Solicitation/Competition Proof | Admit that the reason given at the Announcement Meeting for Plaintiff's termination was solicitation of employees. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "the reason given" are vague, ambi… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | **32** | Nov. 14 Meetings/Artifacts | Admit that attendees at the Announcement Meeting included Robert Nessler and at least two or more of the following: Christopher Lam, Isamu Aoki, Paul Garcia, and Pranav Sood, as well as one or both of Mr. Agarwal and Mr. Bell. ///18 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECON... | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "attendees," "at least two or more... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | **33** | Solicitation/Competition Proof | Admit that one or more team members present at the Announcement Meeting were questioned about the solicitation allegations, but only after Plaintiff's termination. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "one or more team members" and "th... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | **34** | Solicitation/Competition Proof | Admit that no Voice team member reported any such solicitation of them by Plaintiff. 19 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 1602183777.2 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Voice team member" and "any such solicitation" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set Two | **35** | Nov. 14 Meetings/Artifacts | Admit that the Zoom and Fathom.video accounts used for the Separation Meeting were managed or controlled by Checkmate or its agents. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "accounts used," "managed or control… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | **36** | Nov. 14 Meetings/Artifacts | Admit that the Separation Meeting is the same Zoom meeting described in the Agarwal Declaration at ¶ 26 of ECF No. 18-4. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and 20 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS 160… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'not self-contained' / incorporation-by-reference; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | 37 | Nov. 14 Meetings/Artifacts | Admit that the Announcement Meeting is the 9:00AM meeting described by Robert Nessler in the Nessler Declaration (ECF No. 81-2 at 7, ¶¶ 7-8 ). | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request is not self- contained as it inc... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'not self-contained' / incorporation-by-reference | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Two | 38 | Other | Admit that the Competitor Emails are the same as those described in the Agarwal Declaration at ¶ 25 and exhibited at p. 78-80 of ECF No. 18-4. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Competitor Emails," as defined by Plaintiff, is vague, ambiguous, and unduly burdensome. Responding Party further objects that the terms "are the same as those described" are... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'not self-contained' / incorporation-by-reference | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |
| Set Two | 39 | Other | Admit that Checkmate possesses no other such emails or communications. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "no other such emails or communications" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the Request is compound, c... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike boilerplate; order amended answer under Rule 36(a)(6) stating the specific admission or denial after a described reasonable inquiry within 7 days; if not, deem admitted. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Two | **40** | Nov. 14 Meetings/Artifacts | Admit that, during the Separation Meeting, Plaintiff did not state that he was resigning. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request calls for a legal conclusion rathe… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Partial admission followed by non-responsive denial; Manufactured vagueness re: 'Separation Meeting' (defined term) | Adopt Plaintiff's neutral labels by order and deem admitted as to meeting time/attendees/recording; for disputed artifacts (post-call, Fathom), compel amended answers after review of Zoom/Fathom accounts. |
| Set Three | **71** | Other | Admit that Vishal Agarwal was CEO between May-November 2024 and had 16 authority over hiring, discipline, and termination decisions. 17 18 | Responding Party hereby incorporates the General Objections as though fully 19 set forth herein. Responding Party objects to this Request on the grounds that the 20 terms "was CEO," "had authority," and "hiring, discipline, and termination decisions" 21 are vague, ambiguous, and overbroad. Responding Party further objects that the 22 Request is com… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **72** | Other | 25 Admit that Michael Bell was Chief of Strategy between May-November 2024 26 and was Plaintiff's direct supervisor. 27 28 | Responding Party hereby incorporates the General Objections as though fully 4 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS 1603305600.2 1 set forth herein. Responding Party objects to this Request on the grounds that the 2 3 4 5 6 7 8 9 terms "direct supervisor" are vague, ambiguous, and overbroad…. | General objections boilerplate; Vague/ambiguous/overbroad/compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Three | **73** | BYOD/Policy | Admit that the BYOD Policy applied to Plaintiff in 2024. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term 10 "BYOD Policy," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 11 burdensome. Responding Party further objects that the terms "applied to" are vague, 12 ambiguous,... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **74** | BYOD/Policy | 19 Admit that under the BYOD Policy, Plaintiff was required to use his personal 20 device for work and to install monitoring/MDM software. 21 22 | Responding Party hereby incorporates the General Objections as though fully 23 set forth herein. Responding Party objects to this Request on the grounds that the term 24 "BYOD Policy," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 25 burdensome. Responding Party further objects that the terms "was required to use" 26 and "and ... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **75** | BYOD/Policy | Admit that during May-November 2024, Checkmate did not provide Plaintiff 4 a company-owned laptop. 5 6 7 8 9 | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request to the extent it seeks 10 information protec... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| Set Three | 76 | Other | 16 Admit that during May-November 2024, Checkmate did not reimburse 17 Plaintiff for the purchase of a separate device for exclusive work use. 18 19 | Responding Party hereby incorporates the General Objections as though fully 20 set forth herein. Responding Party objects to this Request on the grounds that the term 21 "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 22 burdensome. Responding Party further objects to this Request to the extent it seeks 23 informati… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| --- | --- | --- | --- | --- | --- | --- |
| Set Three | 77 | Other | Admit that upon close of the merger, VoiceBite provided a Closing Spreadsheet that detailed, among other things, expenses of the VoiceBite founders to be reimbursed for VoiceBite property they personally purchased upon closing. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Closing Spreadsheet," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "that detailed" 10 and "among other… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | 78 | BYOD/Policy | 17 Admit that this spreadsheet listed VoiceBite laptops for Robert Nessler and 18 Christopher Lam, but Plaintiff did not have a VoiceBite laptop and did not expense 19 his personal laptop. 20 21 | Responding Party hereby incorporates the General Objections as though fully 22 set forth herein. Responding Party objects to this Request on the grounds that the 23 terms "this spreadsheet" are so vague, ambiguous, and overbroad as to render the 24 Request unintelligible. Responding Party further objects that the terms "listed 25 VoiceBite laptops"… | General objections boilerplate; Vague/ambiguous/overbroad/compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| Set Three | 79 | BYOD/Policy | Admit that on Plaintiff's first day as a Checkmate employee, he raised the issue of the BYOD Policy conflicting with California Law in a private Slack thread with 4 Agarwal. 5 6 7 8 9 | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "BYOD Policy," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "raised the issue," 10 "conflicting with Ca... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| --- | --- | --- | --- | --- | --- | --- |
| Set Three | 80 | Other | 16 Admit that Plaintiff stated in the thread: "in california it's not even legal 17 though... california employers must provide the work equipment for employees." 18 19 | Responding Party hereby incorporates the General Objections as though fully 20 set forth herein. Responding Party objects to this Request on the grounds that the 21 terms "stated in the thread" are so vague, ambiguous, and overbroad as to render the 22 Request unintelligible. 23 Without waiving the foregoing objections, Responding Party responds as... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Three | **81** | BYOD/Policy | 27 28 Admit that Plaintiff stated he was not comfortable installing monitoring software on his personal computer and raised concerns about privacy and exposure 8 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS 1603305600.2 1 of personal devices. 2 3 4 ... | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the entirety of the Request is so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the Request is compound, containing multiple disti... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **82** | BYOD/Policy | 10 Admit that Plaintiff requested a company device rather than installing 11 monitoring software on his personal device. 12 13 | Responding Party hereby incorporates the General Objections as though fully 14 set forth herein. Responding Party objects to this Request on the grounds that the 15 terms "requested a company device" and "installing monitoring software" are vague, 16 ambiguous, and overbroad. Responding Party further objects that the Request is 17 compound, contain... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| | | | | | |
|---|---|---|---|---|---|
| Set Three | **83** | Other | 20 Admit that in the follow-up email, Plaintiff again requested a company device 21 and explained the basis for his request. 22 23 | Responding Party hereby incorporates the General Objections as though fully 24 set forth herein. Responding Party objects to this Request on the grounds that the 25 terms "in the follow up-email" are so vague, ambiguous, and overbroad as to render 26 the Request unintelligible. Responding Party further objects that the terms "again 27 requested" an… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **84** | BYOD/Policy | Admit that Amy Brown emailed or slacked Plaintiff stating that Michael Bell had stated that the entire VoiceBite's teams' laptops were reimbursed. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "emailed or slacked" and "stating that Michael Bell had stated that the entire 10 VoiceBite's teams' laptops were reimbursed" are so vague, ambiguous, and 11 overbroad as to render the … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **85** | BYOD/Policy | 15 Admit that Amy Brown emailed or slacked Plaintiff stating that Michael Bell 16 had stated that the entire VoiceBite's teams' laptops were reimbursed. 17 18 | Responding Party hereby incorporates the General Objections as though fully 19 set forth herein. Responding Party objects to this Request on the grounds that it is 20 duplicative of Request No. 14. 21 22 | General objections boilerplate | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| | | | | | |
|---|---|---|---|---|---|
| Set Three | **86** | BYOD/Policy | Admit that Checkmate's management did not offer to purchase or reimburse a 23 work laptop. 24 25 | Responding Party hereby incorporates the General Objections as though fully 26 set forth herein. Responding Party objects to this Request on the grounds that the term 27 "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 28 burdensome. Responding Party further objects to this Request to the extent it seeks 10 CHECKMATE... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **87** | BYOD/Policy | Admit that in the Oct. 14 DM, Plaintiff again raised BYOD 8 legality/compliance and the need for a company device. 9 | 10 Responding Party hereby incorporates the General Objections as though fully 11 set forth herein. Responding Party objects to this Request on the grounds that the term 12 "Oct. 14 DM," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 13 burdensome. Responding Party further objects that the terms "again raised BYOD 14 legality/c... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **88** | BYOD/Policy | 19 Admit Agarwal rejected Plaintiff's request for a work laptop, and stated, among 20 other things "Alright then you can't work for the company.", "we won't hire people 21 who are stickler for the law… Is that clear?". 22 23 | Responding Party hereby incorporates the General Objections as though fully 24 set forth herein. Responding Party objects to this Request on the grounds that the 25 terms "among other things" are so vague, ambiguous, and overbroad as to render the 26 Request unintelligible. Responding Party further objects that the terms "rejected 27 Plaintiff's re... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Three | **89** | Other | Admit Agarwal escalated the private discussion to the #voicemate group 4 channel. 5 6 7 8 9 | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "the private discussion" and "#voicemate group channel" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party 10 further objects that the term… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **90** | Other | 17 Admit after escalating to #voicemate, Agarwal stated the following: 18 @channel I'm moving a 1:1 conversation I am having with Arjun here and 19 documenting it here for everyone. Arj's point is that we need to provision equipments 20 and computers in order to hire good engineers. And that this is… | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "after escalating to #voicemate" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the term "#voicemate," as defined … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| | | | | | |
|---|---|---|---|---|---|
| Set Three | **91** | Other | 13 Admit Agarwal stated in the #voicemate channel "I can also promise if this is 14 how it is going to be going ahead, I'd rather cut my losses right now. No employee is 15 indispensable and I can put that in a formal notice." 16 17 | Responding Party hereby incorporates the General Objections as though fully 18 set forth herein. Responding Party objects to this Request on the grounds that the 19 terms "#voicemate channel" are so vague, ambiguous, and overbroad as to render the 20 Request unintelligible. Responding Party further objects that the term "#voicemate," 21 as defined … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **92** | Other | 26 Admit that Agarwal stated in the #voicemate channel "The situation is quite 27 clear Arj - you don't want to use your personal computer for work reasons. We don't 28 provide work computers. The only solution is for you to quit. Do you know of any 13 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF AR… | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "#voicemate channel" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the term "#voicemate," as defined by Plaintiff… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| | | | | | |
|---|---|---|---|---|---|
| Set Three | **93** | Other | 12 Admit Agarwal stated in the #voicemate channel "Sure, then we will consult 13 with security and if there is no other alternative, then I am happy to fire 14 you" 15 16 | Responding Party hereby incorporates the General Objections as though fully 17 set forth herein. Responding Party objects to this Request on the grounds that the 18 terms "#voicemate channel" are so vague, ambiguous, and overbroad as to render the 19 Request unintelligible. Responding Party further objects that the term "#voicemate," 20 as defined … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **94** | Other | 25 Admit that Plaintiff stated in response or shortly thereafter: "so you will 26 terminate me for pointing out a violation of the law?" 27 28 | Responding Party hereby incorporates the General Objections as though fully 14 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS 1603305600.2 1 set forth herein. Responding Party objects to this Request on the grounds that the 2 3 4 5 6 7 8 9 terms "stated in response or shortly thereafter" are so vague… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **95** | Other | Admit that Plaintiff continued, stating "i think there are laws against that" | Responding Party hereby incorporates the General Objections as though fully 10 set forth herein. Responding Party objects to this Request on the grounds that the 11 terms "Plaintiff continued, stating" are so vague, ambiguous, and overbroad as to 12 render the Request unintelligible. 13 Without waiving the foregoing objections, Responding Party res… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| | | | | | |
|---|---|---|---|---|---|
| Set Three | **96** | Other | 17 Admit that Agarwal responded "sure, if that's the route you want to go I'd 18 rather deal with that headache than the conversation we are having here" 19 20 | Responding Party hereby incorporates the General Objections as though fully 21 set forth herein. Responding Party objects to this Request on the grounds that the 22 terms "Agarwal responded" are so vague, ambiguous, and overbroad as to render the 23 Request unintelligible. 24 Without waiving the foregoing objections, Responding Party responds as 25… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **97** | BYOD/Policy | 28 Admit that Plaintiff re-raised the BYOD issue in a Slack DM to Agarwal on 15 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS 1603305600.2 1 October 14, 2024. 2 3 4 5 6 7 8 9 | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Plaintiff re-raised," "BYOD issue," and "in a Slack DM" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Without waiving the foregoing objections, Respon… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **98** | Other | 11 Admit that Agarwal called a meeting with Plaintiff, Michael Bell and Robert 12 Nessler. 13 14 | Responding Party hereby incorporates the General Objections as though fully 15 set forth herein. Responding Party objects to this Request on the grounds that the 16 terms "called a meeting" are so vague, ambiguous, and overbroad as to render the 17 Request unintelligible. 18 Without waiving the foregoing objections, Responding Party responds as 19 … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| Set Three | 99 | Nov. 14 Meetings/Artifacts | 22 23 24 Admit that this was a recorded Zoom meeting. | Responding Party hereby incorporates the General Objections as though fully 25 set forth herein. Responding Party objects to this Request on the grounds that the 26 entirety of the Request is so vague, ambiguous, and overbroad as to render the Request 27 unintelligible. 28 Without waiving the foregoing objections, Responding Party responds as 16 CH... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Bare denial without facts | Adopt neutral labels by order and compel amended answers; preserve and produce Zoom/Fathom artifacts if relied upon. |
|---|---|---|---|---|---|---|
| Set Three | 100 | Other | Admit that after the Oct. 14 Meeting, Bell issued the HR Write-Up to Plaintiff 5 and cc'd HR. 6 7 8 9 | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Oct. 14 Meeting" and "HR Write-Up" as defined by Plaintiff, is vague, 10 ambiguous, overbroad, and unduly burdensome. Responding Party further objects that 11 the terms "after" are vag... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections | Adopt neutral labels by order and compel amended answers; preserve and produce Zoom/Fathom artifacts if relied upon. |
| Set Three | 101 | Other | 15 16 17 Admit that the HR Write-Up demanded Plaintiff's signature. | Responding Party hereby incorporates the General Objections as though fully 18 set forth herein. Responding Party objects to this Request on the grounds that the term 19 "HR Write-Up" as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 20 burdensome. Responding Party further objects that the terms "demanded Plaintiff's 21 signature"... | General objections boilerplate; Vague/ambiguous/overbroad/compound objections; Bare denial without facts | Adopt neutral labels by order and compel amended answers; preserve and produce Zoom/Fathom artifacts if relied upon. |

| Set Three | **102** | Other | 25 Admit that the HR Write-Up used the word "rant" or stated that conduct "that 26 could be construed as a rant" could lead to dismissal. 27 28 | Responding Party hereby incorporates the General Objections as though fully 17 set forth herein. Responding Party objects to this Request on the grounds that the term 2 3 4 5 6 7 8 "HR Write-Up" as defined by Plaintiff, is vague, ambiguous... CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS 1603305600.2 1 | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Adopt neutral labels by order and compel amended answers; preserve and produce Zoom/Fathom artifacts if relied upon. |
| Set Three | **103** | BYOD/Policy | Admit that as of Oct. 14, 2024, Checkmate still had not provided Plaintiff a 9 company laptop. 10 11 | Responding Party hereby incorporates the General Objections as though fully 12 set forth herein. Responding Party objects to this Request on the grounds that the term 13 "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 14 burdensome. Responding Party further objects to this Request to the extent it seeks 15 informati... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **104** | Other | 21 Admit that Plaintiff asked to defer responding to the HR Write-Up due to his 22 workload preparing for the October 23 Popeyes demo. 23 24 | Responding Party hereby incorporates the General Objections as though fully 25 set forth herein. Responding Party objects to this Request on the grounds that the term 26 "HR Write-Up" as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 27 burdensome. Responding Party further objects that the terms "asked to defer 28 responding" and ... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Adopt neutral labels by order and compel amended answers; preserve and produce Zoom/Fathom artifacts if relied upon. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Set Three | **105** | Other | Admit that Plaintiff mentioned that he hadn't slept in days and stated words to the effect that he was "going crazy" preparing for the demo. | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the 10 term the terms "mentioned" and "words to the effect" are vague, ambiguous, and 11 overbroad. Responding Party further objects that the Request is compound, 12 containing multiple distinct ... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **106** | Other | 15 16 17 Admit that you did not agree to postpone responding to the HR Write-Up. | Responding Party hereby incorporates the General Objections as though fully 18 set forth herein. Responding Party objects to this Request on the grounds that the term 19 "HR Write-Up" and "You," as defined by Plaintiff, is vague, ambiguous, overbroad, 20 and unduly burdensome. Responding Party further objects to this Request to the extent 21 it see... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Adopt neutral labels by order and compel amended answers; preserve and produce Zoom/Fathom artifacts if relied upon. |
| Set Three | **107** | Other | 27 Admit that you did not acknowledge or address Plaintiff's expressed health 28 issues. 19 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS 1603305600.2 1 2 3 4 5 6 7 8 9 | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "HR Write-Up" and "You," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request to the extent it seeks informat... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| Set Three | 108 | Other | 13 Admit that Plaintiff was terminated on November 14, 2024, within one month 14 of the Oct. 14 DM and HR Write-Up. 15 16 | Responding Party hereby incorporates the General Objections as though fully 17 set forth herein. Responding Party objects to this Request on the grounds that the 18 terms "Oct. 14 DM" and "HR Write-Up," as defined by Plaintiff, is vague, 19 ambiguous, overbroad, and unduly burdensome. Responding Party further objects that 20 the terms "was terminat... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact) | Adopt neutral labels by order and compel amended answers; preserve and produce Zoom/Fathom artifacts if relied upon. |
|---|---|---|---|---|---|---|
| Set Three | 109 | BYOD/Policy | 26 Admit that in Checkmate's Answer, you admitted that Plaintiff raised BYOD 27 issues. 28 | 20 CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS 1603305600.2 1 2 3 4 5 6 7 8 9 Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Checkmate" and "You," as defined by Plaintiff, is vague... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact) | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | 110 | Other | 10 Admit that in declarations filed by Agarwal and/or Brown, you stated that the 11 Oct. 14 meeting was convened due to a "barrage of over 40 Slack messages". 12 13 | Responding Party hereby incorporates the General Objections as though fully 14 set forth herein. Responding Party objects to this Request on the grounds that the 15 terms "You" and "Oct. 14 Meeting," as defined by Plaintiff, is vague, ambiguous, 16 overbroad, and unduly burdensome. Responding Party further objects to this Request 17 to the extent i... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Adopt neutral labels by order and compel amended answers; preserve and produce Zoom/Fathom artifacts if relied upon. |

| Set Three | 111 | BYOD/Policy | 23 24 25 Admit that Plaintiff re-raised the BYOD issue in these Slack messages. | Responding Party hereby incorporates the General Objections as though fully 26 set forth herein. Responding Party objects to this Request on the grounds that the 27 terms "these Slack messages" are so vague, ambiguous, and overbroad as to render 28 the Request unintelligible. Responding Party further objects that the terms "re-raised" 21 CHECKMATE…. | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Improper 'legal conclusion' objection (Rule 36 permits law-to-fact); Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
|---|---|---|---|---|---|---|
| Set Three | 112 | Other | Admit that in declarations filed by Agarwal and/or Brown, you acknowledged issuance of a final warning / formal write-up to Plaintiff on October 14, 2024. | 10 Responding Party hereby incorporates the General Objections as though fully 11 set forth herein. Responding Party objects to this Request on the grounds that the term 12 "You," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 13 burdensome. Responding Party further objects to this Request to the extent it seeks 14 information … | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | 113 | BYOD/Policy | 21 Admit that the May Slack Thread termination statements immediately followed 22 Plaintiff's message objecting to BYOD legality. 23 24 | Responding Party hereby incorporates the General Objections as though fully 25 set forth herein. Responding Party objects to this Request on the grounds that the term 26 "May Slack Thread," as defined by Plaintiff, is vague, ambiguous, overbroad, and 27 unduly burdensome. Responding Party further objects that the terms "termination 28 statements" a… | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |

| | | | | | |
|---|---|---|---|---|---|
| Set Three | **114** | BYOD/Policy | Admit that the HR Write-Up was issued the same day Plaintiff sent the Oct. 14 7 DM regarding BYOD. 8 9 | Responding Party hereby incorporates the General Objections as though fully 10 set forth herein. Responding Party objects to this Request on the grounds that the 11 terms "HR Write-Up" and "Oct. 14 DM," as defined by Plaintiff, are vague, 12 ambiguous, overbroad, and unduly burdensome. Responding Party further objects that 13 the terms "BYOD" are v... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Adopt neutral labels by order and compel amended answers; preserve and produce Zoom/Fathom artifacts if relied upon. |
| Set Three | **115** | BYOD/Policy | 17 Admit that Checkmate did not offer a company laptop or reimburse a separate 18 device at any time between May 1 and October 14, 2024. 19 20 | Responding Party hereby incorporates the General Objections as though fully 21 set forth herein. Responding Party objects to this Request on the grounds that the term 22 "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly 23 burdensome. Responding Party further objects to this Request to the extent it seeks 24 informati... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |
| Set Three | **116** | Other | Admit that the attached Exhibit A is an accurate transcript of the May Slack 3 threads. 4 5 6 7 8 9 | Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "May Slack Threads," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "accurate transcript" are vague, ambi... | General objections boilerplate; Vague/ambiguous/overbroad/ compound objections; Bare denial without facts | Strike 'unintelligible' objections; deem admitted as to quoted statements, or compel Slack export review and line-by-line response admitting/denying each quote. |