# EXHIBIT D

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

---

## Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

9 messages

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Mon, Aug 25, 2025 at 5:06 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Vasan,


I am writing to address the deficiencies in your Initial Disclosures, which were served on August 21, 2025. Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Your disclosures have failed to identify several witnesses, including those for whom you have improperly noticed depositions of. Furthermore, it appears that you are operating under the presumption of phased discovery, a matter which the Court has not yet decided upon and is entirely improper.


Accordingly, Checkmate requests that you supplement your initial disclosures with Rule-compliant disclosures **by no later than August 27, 2025**. Should you fail to do so, please provide your availability to meet and confer on August 29, 2025 between 10am-12pm, as Checkmate will move to compel disclosure pursuant to Rule 37(a) and seek appropriate relief from the Court.


Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                        Wed, Aug 27, 2025 at 9:33 PM

To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makalito,

I write in response to your Aug. 25 email. I was out of town until today and did not get a chance to reply earlier.

I do not currently intend to use any witnesses other than on my initial disclosures. I believe Griffin Schroeder was the only witness I "improperly noticed depositions of" not on the existing list. In any case, Mr. Schroeder is not required for my employment claims. I intend to bucket my fraud claims with your counterclaims. In any case, he is your party witness.

If the court declines my proposed phasing/bifurcation and your counterclaims survive Rule 12, I will supplement within 14 days. Until then, from my understanding of Rule 26(a)(1)(A)(i), I am not required to disclose any potential witnesses beyond those who I *currently* intend to use to support my claims and defenses. As no such witnesses exist, my initial disclosures are complete.

That being said I will revisit the existing list and supplement, if needed, by the meet and confer on Friday. Your proposed time is acceptable. Given Checkmate's prior misrepresentations during and about these meetings, I request that the meeting is recorded, with mutual consent. I.e. both sides may record.

In the meanwhile, I ask that you address deficiencies in your own disclosures, namely the lack of any numbers (or ranges) in your computation of damages. In addition, please provide any statutory or contractual basis under which you will seek attorney's fees.

Regards,
Arjun Vasan
(562) 900-6541
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                Fri, Aug 29, 2025 at 2:11 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makitalo,

Your August 25 email does not comply with C.D. Cal. L.R. 37-1. A moving party's letter must (i) identify each disputed issue/request, (ii) state your position with authority, and (iii) specify the precise relief sought. Please identify which witnesses you contend must be disclosed and the order you intend to seek.

I will have to push the meeting until next week, as you have also not acknowledged that you will be supplementing your damages section. Neither did you agree to timely meet when I sent my L.R. 37 request regarding the subpoenas. That must be addressed in any meeting. Please confirm that all of these topics will be on the agenda.

I propose we meet in person immediately after the Sept. 4 scheduling conference. That timing is within the 10-day period even if your email were compliant and will allow us to incorporate the Court's guidance on phasing/bifurcation as well as other matters. I will make myself available for the two hours after the hearing.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                Fri, Aug 29, 2025 at 8:42 AM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Vasan,

This is a straightforward issue: we urge you to revisit your refusal to supplement your deficient disclosures and to timely meet and confer regarding this important issue. We already identified that, in your initial disclosures, you "have failed to identify several witnesses, including those for whom you have improperly noticed depositions of," in direct violation of Rule

26(a)(1) which requires you "to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Further, you are improperly "operating under the presumption of phased discovery," an issue which the Court has not yet ruled on and is also in violation of Rule 26. If you refuse to comply with your obligations, we will compel same.

As you know, this meet and confer will address your initial disclosures, not those of Checkmate. We are happy to set another time to meet and confer with you regarding any issues you may have. In the meantime, discovery is ongoing and consistent with the Rules, Checkmate will supplement its disclosures in good faith as soon as additional information becomes available and a calculation of each category of damages can be made.

As previously confirmed, we are scheduled to meet and confer today at 11 am PST. If you are no longer available at this time, please provide an alternative time today that works for you. Not only is your demand to delay this meet and confer until after the scheduling conference improper and noncompliant, we are not available at that time. We trust you will not force us to inform the Court again of your refusal to cooperate.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 2:12 AM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

[Quoted text hidden]

---

Arjun Vasan <arjun.vasan@gmail.com>                                    Fri, Aug 29, 2025 at 10:02 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makitalo,

I believe it is convenient for all parties to meet after the scheduling conference. You are demanding I make myself available today, when the rule only requires meeting within 10 days. I have no obligation to meet earlier than that, and I believe it is imperative to get guidance from the Court before proceeding and unduly burdening non-parties. I am available at any time after the hearing on September 4th. If you cannot meet then, I can meet September 5th any time between 2-4pm.

I would note that on August 15, eleven days ago, I requested a Rule 37 meeting regarding the subpoenas of Robert Nessler and my father. You have not replied within the 10 day time frame. Thus, Checkmate is non-compliant, and the court will be advised. Given this express non-compliance, your refusal to accept my generous offer of a multi-issue meeting is also duly noted.

In addition, your 2 day demand for a supplement was improper. As of now, I have stated I do not intend to rely on Griffin Schroeder. He is an apex witness, and you have not confirmed if he is a party or non-party. If non-party, it would be an undue burden to depose him at this time. Mr. Schroeder is the only party I sent a notice of deposition for that is not on the list. You have also not offered dates as requested on the notices of deposition. Therefore, I consider them void. I will serve new notices that expressly select a date. All such witnesses are on the existing list.

To recap, any witnesses that "the disclosing party may use to support its claims or defenses" are named in my initial disclosures. If and when these change, I will timely supplement.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                Fri, Aug 29, 2025 at 11:49 AM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>


As you are aware, on August 25, 2025, we sent a formal request to meet and confer regarding your deficient initial disclosures, which required you to meet and confer by September 4, 2025, as per Local Rule 37-1. Counsel for Checkmate is unavailable to meet and confer on September 4, 2025. Therefore, we request that you either confirm supplementation of your deficient disclosures or provide your availability to meet before the aforementioned date to avoid any further unnecessary delays and resulting prejudice to Checkmate.


Further, our demand for supplementation is entirely proper and in accordance with Rule 26 of the Federal Rules of Civil Procedure, which mandates complete and compliant initial disclosures. Your refusal to adhere to the Rules and supplement with witnesses and information you have already put forth in pleadings before the Court is entirely improper. On this basis, Checkmate will move to exclude you from using that information or witnesses to supply evidence on a motion, at a hearing, or at a trial, pursuant to Rule 37(c), should you continue to refuse.


Please respond to confirm your supplementation of your disclosures or to provide alternative dates for a meeting prior to September 4, 2025. We expect your cooperation in this matter to ensure compliance with the procedural rules.


Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6996

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 10:02 AM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

---

[Quoted text hidden]

---

Arjun Vasan <arjun.vasan@gmail.com>                                    Fri, Aug 29, 2025 at 12:33 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

As you now concede, I offered a date (September 4th) in compliance with the rules, which also require an in-person meeting absent stipulation of the parties. I offered to meet in person in the two hours after the hearing, and *at any time* afterwards by phone. That is a sufficient window for Checkmate's counsel to make time, as you are the movant.

If you are not available for a compliant, in person, meeting, you are free to suggest a date *after* my proposed date.

I also do not concede my witness disclosures were inadequate. Based on my current knowledge and intentions, they are complete. In any case, your August 25th letter was inadequate as it did not clearly specify the relief you would seek (which you have belatedly done now). I gather you have no legal authorities to support your request, as you have provided none.

> The moving party's letter must identify each issue and/or discovery request
> in dispute, state briefly as to each such issue/request the moving party's
> position (*and provide any legal authority the moving party believes is
> dispositive of the dispute as to that issue/request*), and **specify the terms
> of the discovery order to be sought**. (L-R 37-1)

As such, the true compliance date would be **10 days from today**, September 8, 2025. Other than specified above, I can meet from 2-4pm on both the 5th and 6th, and 11am on the 7th and 8th. As a token of good faith, but without conceding any deficiency, I will serve any supplement (should it be required) by midnight on September 4.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>                    Fri, Aug 29, 2025 at 4:59 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Your attempt to mischaracterize our compliance with Local Rule 37-1 is unfounded. We clearly indicated in our August 25, 2025 correspondence that your initial disclosures are in violation of Rule 26 and predicated on the incorrect assumption that discovery is phased, which is not the case. We requested that you supplement your disclosures or provide availability

to meet and confer today, August 29, 2025, on Checkmate's motion to compel disclosure pursuant to Rule 37(a) and seek appropriate relief.

Following your withdrawal of your initial willingness to meet and confer today, August 29, 2025, we also offered September 2, 2025 and September 3, 2025 as dates to meet and confer, which you have refused. Your correspondence suggest a deliberate attempt to delay proceedings until after the scheduling conference, violating Rule 26, which required Rule-compliant disclosures to be served by no later than August 21, 2025.

Again, we request you reconsider and either agree to supplement your deficient disclosures prior to September 4, 2024 or provide your availability to meet and confer in good faith on September 2, 2025 or September 3, 2025, in order to avoid the need for burdening the Court with unnecessary motion practice.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 1:50 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Ms. Makitalo,

Today is the first time you specified the precise relief you seek. Treating today as your compliant L.R. 37-1 letter, Day-10 is Monday, September 8, 2025. I am available in person on Sept. 4–8 at the previously offered times; not earlier. I am not obligated to meet earlier simply to preempt the Court's guidance.

I will not subject non-parties to unnecessary burden. Waiting to incorporate the Court's Rule 16 guidance serves proportionality and avoids unnecessary motion practice.

I did not request case law; I simply noted that you have not stated Checkmate's position with authorities.

Please confirm a date or time as per my availability between Sept. 4-8 as stated (compliant even under your previous inadequate letter).

Best regards,
Arjun Vasan

On Fri, Aug 29, 2025 at 12:56 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

Mr. Vasan,

September 4, 2025, is the last permissible date for compliance with our request to meet and confer. As stated previously, we are not available to meet on that day. Given that you've now declined our request to meet today, we request your availability to meet on either September 2, 2025 or September 3, 2025, in light of the holiday on September 1, 2025.

We have already provided ample information regarding the basis for Checkmate's motion to compel. While there is no obligation to furnish you with the specific case law we intend to rely upon, we remain open to discussing the substance of our motion further during the meet and confer.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 12:33 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>

**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-cv-00765-MEMF-JPR; Request to Meet and Confer
regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Sat, Aug 30, 2025 at 7:05 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makitalo,

At the Rule 26(f) conference, I stated that discovery should not proceed on Checkmate's counterclaims until the pleadings are settled. The Joint Report memorializes that position in my proposed discovery section. That was intended—and serves—as my Rule 26(a)(1)(C) objection to providing initial disclosures on counterclaim topics before the Court sets phasing.

Consistent with that objection, I will serve Phase-I-only initial disclosures by the current deadline and will supplement under Rule 26(e) within 14 days if the Court later permits and accepts any amended counterclaim. To the extent there is any ambiguity, I renew and clarify the 26(a)(1)(C) objection here.

Rule 26(a)(1)(C) clearly states that the court must rule first if a party objects to initial disclosures. I once again reiterate my availability on September 4th after the hearing for an in person meet and confer, and on the 5th through 8th as I have previously stated.

I further note your failure to timely oppose my motions to dismiss Checkmate's counterclaims and to strike its affirmative defenses. I gather you will seek leave to file a late opposition, or file a notice of non-opposition shortly.

Best regards,

Arjun Vasan

[Quoted text hidden]

 Gmail

**Arjun Vasan <arjun.vasan@gmail.com>**

---

### RE: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

13 messages

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                                    Mon, Sep 8, 2025 at 1:48 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

While I am sure you can understand that, at this point, whatever operative motion you may intend to be heard is somewhat unclear in light of your multiple withdrawals and re-filings of motions. Further, your complaints regarding compliance with the Court's standing order deadlines are otherwise unavailing in light of your own violation of the Court's requirement that all motions "must be filed no later than forty-two (42) days prior to the hearing date on the Motion" (Judge Frimpong Standing Order, Section VII.B; compare Dkts. 79, 81 (motions filed on August 15, 2025 set for hearing on September 18, 2025)) and failure to file a timely reply, we will of course be filing oppositions. We anticipate filing Checkmate's oppositions on or around September 18, 2025, in accordance with the deadlines set forth by the Local Rules. To the extent you are correct that these oppositions were due on August 29, 2025, pursuant to Section VIII of the Court's Standing Order, we request your stipulation to such filing to avoid burdening the Court with unnecessary motion practice. Additionally, we are open to stipulating to an alternate date for your reply and requesting a new hearing date to ensure the Court has ample time to consider the motions. Please let us know if you agree, and we would be happy to draft the stipulation for your review.

If you decline to stipulate, we will be requesting that the Court grant leave for such filing and a continuance of the relevant hearing dates in accordance with relevant authority.

Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Monday, September 8, 2025 8:59 AM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

---

Mr. Winningham,

You are mistaken that Checkmate still has time to file oppositions to the August 15 motions. The Court's Standing Order supersedes the Local Rules regarding briefing schedule, and notes (in § VIII.B) that "Moreover, all Motions must be filed in accordance with the following modified briefing schedule, *which differs from the timing of the Local Rules:*"; that Oppositions "Must be filed no later than fourteen (14) days **after the filing of the initial Motion**"; and finally that "**If at any time the hearing date on a motion is continued, there is no change to the default briefing schedule set forth above.**".

As Checkmate not only failed to timely oppose, but declined to even review the applicable rules upon my own repeated notice of this failure, and has yet not opposed either motion, I see no point in a meet and confer that addresses only Checkmate's counterclaims - which are now a moot issue.

So again, I reiterate my expectation that Checkmate will *immediately* withdraw its premature, overbroad and burdensome subpoenas served on my father, Vasan Varadarajan, and VoiceBite cofounder Robert Nessler.

If Checkmate is willing to discuss its own deficient disclosures on Wednesday, with mutual consent to recording (no court reporter unless Checkmate pays), we can preserve the current meeting date/time.

Best regards,

Arjun Vasan

On Sun, Sep 7, 2025 at 5:54 PM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

Mr. Vasan,

I am writing to clarify two points raised in our recent correspondence.

As an initial matter—the scope of Wednesday's meet-and-confer is limited to the issues raised by Ms. Makitalo and myself regarding your insufficient initial disclosures.  If you would like to discuss any other topics (i.e., any topics other than your initial disclosures), we can schedule a separate meet-and-confer addressing those distinct issues.

Second—at this time, we do not consent to any non-court-reporter recording of any meet-and-confers (including the meet-and-confer scheduled for this coming Wednesday, September 10). You are free to book a court reporter if you wish. We reserve all other rights regarding the recording of all future meet-and-confers.

Please let me know if I can provide any additional information or clarification regarding the above. Have a good rest of your day.

Best,

Jake Winningham



**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

jacob.winningham@klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Sunday, September 7, 2025 5:36 AM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Mr. Winningham,

As I've stated previously, I would like to discuss all pending topics, including my own request for Checkmate to disclose a compliant computation of damages. I presume since you offered, Checkmate has withdrawn its earlier objection to discuss any topic other than its insistence my witness list is incomplete. In that case, I would like to add the following topics to the agenda.

**1. Damages Computation (Rule 26(a)(1)(A)(iii)).**
I am requesting a compliant computation of damages (with the documents on which it is based). If Checkmate maintains it has already complied, please identify where; otherwise, please confirm when an updated computation will be served. Absent resolution, I intend to move to compel and request preclusion of any damages not computed with specificity.

**2. Forthcoming limited Rule 24(b) permissive intervention.**

In addition, I would like to confer regarding my forthcoming limited Rule 24(b) permissive intervention to add other VoiceBite founders. At this time, the California-based founders will join, while the Canada based founder may join later. They would be represented by a single counsel, and only added to specific claims as follows:

Proposed intervenors (to be represented by Grant Thomas):
• Robert Nessler (CA) — breach of contract (offer letter/bonus); promissory fraud/fraudulent inducement.
• Isamu Aoki (CA) & Paul Garcia (CA) — breach of contract (offer letter/bonus).
• Christopher Lam (Canada) — may seek to intervene later; not part of this motion.

**Scope/Jurisdiction/Venue (**28 U.S.C. §1331 && §1367(a) supplemental jurisdiction**):**

The intervention will be limited to breach of contract on the bonus agreement/offer-letter (and the fraud claims for Mr. Nessler). Federal-question jurisdiction exists via my FMLA claim (28 U.S.C. §1331), with §1367(a) supplemental jurisdiction over the founders' claims (same nucleus: 2024 offer letters/bonus program, common witnesses and documents). As to the California founders, the Court has already ruled Labor Code §925 applies; their execution-stage facts (primarily resided/worked in CA; agreement as a condition of employment; no individual counsel during the negotiation) mirror those findings.

As the others will be represented by counsel, they will also be seeking fees under Labor Code §218.5 as well as any other applicable statutory protections. For now, I will remain pro se.

**I propose the following stipulation to streamline filing**:

(a) consent to permissive intervention limited as above; (b) Checkmate to answer or move within 14 days of service of the Complaint-in-Intervention; oppositions due 14 days thereafter; replies 7 days thereafter; and (c) no change to the existing briefing/hearing schedule on pending motions. (d) subpoena to Mr. Nessler is withdrawn and (if desired) noticed under Rule 30. (e) Service by ECF/email for all parties, including for discovery.


Please confirm the above topics will be on the agenda.


Best regards,

Arjun Vasan


On Thu, Sep 4, 2025 at 5:20 PM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

> Mr. Vasan,
>
>
> Thank you for agreeing to meet at 2:00 pm on Wednesday, September 10th.  We will send an invitation for a Microsoft Teams meeting at that time shortly.  With regards to the recording of that meet-and-confer, we are amenable to such a practice. However, we request that both parties confirm their consent to any recording at the outset of the actual meet-and-confer, and that no recording begins prior to that confirmation at the beginning of the meeting.
>
>
> Regarding your argument that Checkmate has failed to timely file oppositions to your Motions to Dismiss Checkmate's Counterclaims and to Strike Checkmate's Affirmative Defenses: C.D. Cal. L.R. 7-9 states that oppositions must be filed not later than 21 days before the hearing date.  On August 18, the Court entered a minute order continuing the hearing date on the Motions in question to October 9, 2025.  (*See* Dkt. 82.) As of today's date (9/4), the October 9, 2025 hearing on the Motions in question is 35 days away.  Therefore, the deadline for Checkmate to file its oppositions has not yet passed.
>
>
> Please be in touch if there are any topics you would like to discuss further prior to our meet-and-confer on Wednesday.
>
>
> Best,
>
> Jake Winningham



**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

jacob.winningham@klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Thursday, September 4, 2025 4:43 PM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I.
<Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and
Confer regarding Deficient Initial Disclosures

---

Mr. Winningham,

Nice to connect and likewise. My stance has been update as follows:

Checkmate did not timely file oppositions to my motions to dismiss its counterclaims and to strike its 46 affirmative
defenses. This is a violation of C.D. Cal. L.R. 7-9, requiring parties to file a notice of non-opposition or timely oppose.
It has yet to do so 6 days past the August 29th deadline. Under C.D. Cal. L.R. 7-12, such failure constitutes consent.

In this posture, counterclaim discovery should not proceed. If it could not defend its pleading with what it has in
possession, *Twombly/Iqbal* requires those doors stay closed.

I expect Checkmate to promptly withdraw the subpoena issued to my father which is entirely irrelevant to its own
defenses; to withdraw (or modify and substantially narrow) that issued to Mr. Nessler; and to update its own
disclosures accordingly.

I am free to meet on the 10th at 2pm, and will supplement my initial disclosures by then with any potential witnesses
related to my **affirmative claims** not already present.

As previously noted, I request and offer consent to recording of any telephonic/virtual meet-and-confer. As Ms.
Makitalo did not oppose, I presume Checkmate consents to that as well.

Best regards,

Arjun Vasan

On Thu, Sep 4, 2025 at 9:30 AM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

Mr. Vasan,

I hope that you are well.  I am writing to follow up on last week's correspondence between Ms. Makitalo and yourself.  Given that the Court's Trial Order states that the parties should "raise their disputes with respect to phasing of discovery and other limitations on discovery" with the Magistrate Judge (*see* Dkt. 88 at 2:15-17), we would like to find a time to meet-and-confer regarding the supplementation of your Initial Disclosures as discussed in last week's correspondence.

To reiterate Ms. Makitalo's previous correspondence: it is our stance that your Initial Disclosures are deficient in their failure to properly identify witnesses, and therefore violate Rule 26(a)(1)'s requirement that parties "provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses."  Moreover, you are improperly operating under the presumption of phased discovery, despite the lack of any ruling from the Court allowing for such phased discovery.  If the parties cannot come to an agreement on proper supplementation of your Initial Disclosures, Checkmate will move to compel that supplementation.

Presuming that your stance has not changed since your last exchange with Ms. Makitalo, a meet-and-confer is necessary to discuss the above.  Please let us know your availability for a telephonic or virtual meet-and-confer after 12:00 p.m. on Tuesday, September 9 and Wednesday, September 10.  Thank you.

Best,

Jake Winningham



**Jacob Winningham**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5042

jacob.winningham@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jacob.Winningham@klgates.com.

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                     Tue, Sep 9, 2025 at 6:24 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

Judge Frimpong's Standing Order governs briefing. Oppositions are due 14 days after the motion is filed, and replies are due 7 days after the opposition. Because no opposition was filed, no reply deadline was triggered. If and when you file for leave, and if leave is granted, my reply would be due 7 days later.

I don't stipulate to retroactively excuse the missed opposition. If you seek leave under Rule 6(b)(1)(B), I'll respond as the Court directs. If leave is granted, my reply will be due 7 days after your opposition per the Standing Order. I don't need to stipulate in order to be able to reply on time.

As my notices stated, I acknowledged the 42-day requirement and expressly invited the Court to continue the hearing if it prefers both motions be heard together. By contrast, your side filed no opposition, ignored my repeated notice that you were late, offered no explanation, and insisted—incorrectly—that Local Rule 7-9 controlled.

I am willing to meet and confer under the conditions that I have stated: the meeting is recorded, subpoenas withdrawn, counterclaim discovery paused.

Then and only then can we discuss under what terms I might stipulate.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                     Tue, Sep 9, 2025 at 1:04 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

I want to clarify that it is extremely unlikely I would stipulate to leave. I will oppose leave if you request it, and move to strike any brief filed without requesting leave in a separate motion. As of now, pressing counterclaim discovery will expose you to a strong inference of bad faith and gamesmanship.

You are now 11 days overdue, and yet insist you will disobey the Standing Order and file as per the Local Rules. I don't think the Court will accept that the four qualified attorneys on this thread, three of whom have filed according to the Court's modified schedule to date in this case, suddenly *forgot*.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                 Tue, Sep 9, 2025 at 1:21 PM
To: Arjun Vasan <arjun.vasan@gmail.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

Thank you for this email. <mark>We will be submitting this email to the Court.</mark>  We remind you, and will remind the Court, that your August 15, 2025 filings were submitted in violation of Rule 12 and your obligation to file your response to Checkmate's counterclaims by the extended deadline of August 6, 2025 – an extended deadline to which you will no doubt recall Checkmate stipulated as a result of your claims that you required the additional time.  Are we to understand this email as asserting your view that your August 15, 2025 filings are also subject to being stricken as untimely and that the Court should take your failure to timely respond to Checkmate's counterclaims as consent to the relief Checkmate seeks?  Or do you have a different view as to your obligation to follow the rules?

<mark>In any event, we will submit your emails to the Court and will proceed accordingly.</mark>

Thank you and best regards,

**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Tue, Sep 9, 2025 at 2:02 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Keech,

You are free to submit to the court anything you want. I filed a timely response, despite just being discharged on August 4th, nearly 10 days after I had expected. I noted in that response that I would be amending as soon as practicable. I further noted in the Joint Rule 26(f) report that I would be amending on August 15th. I kept you and the court apprised, and filed the amended motion on that date. Prior to opposition, it is common for courts to accept superseding amended motions.

You have offered no reason for your failure to meet the deadline, other than you prefer the Local Rules to the Standing Order. You did not file *any* opposition or ask for a short extension of time to amend.

Best regards,
Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Wed, Sep 10, 2025 at 3:00 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

I am writing to address your absence at the scheduled meet and confer today, September 10, 2025, at 2 p.m., concerning the deficiencies in your initial disclosures. As you are aware, during our previous communications, you committed to supplementing your deficient disclosures prior to today's meet and confer, which you have failed to provide. We again request that you promptly supplement your disclosures to identify individuals and information as required by Rule 26 and commit to a date certain for compliance.

Additionally, please provide your availability for a rescheduled meet and confer to address these ongoing issues. If you refuse to do so, Checkmate will move under Rule 37 to exclude you from using these witnesses or information to supply as evidence in a motion, at a hearing, or at trial. To avoid this unnecessary motion practice, we ask that you confirm whether you will supplement your disclosures with the required information and provide your availability to meet and confer.

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                    Wed, Sep 10, 2025 at 3:50 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

I did not confirm today's meeting, as the conversation made it seem up in the air. I will meet, but it must be reciprocal (both sides' Rule 26(a)(1) issues, not just mine) and on the record (mutual audio recording; or a court reporter at Checkmate's expense).

Proposed date/time (Pacific) — Tuesday, Sept. 16:

- 10:00–11:00 a.m. PT, or

- 2:00–3:00 p.m. PT

    Please confirm which slot and whether you agree to **mutual recording** (or a reporter).

**My supplementation:** I will serve a Rule 26(a)(1) supplement by Mon., Sept. 15, 5:00 p.m. PT, identifying any additional individuals I may use to support my affirmative claims (with subjects and contact info). I do not presently intend to use witnesses solely related to your counterclaims, as they are subject to my pending/yet-unopposed MTD. If and when that changes, I would timely supplement.

**Your supplementation (same date):** Please serve a compliant damages computation, with supporting documents, pursuant to Rule 26(a)(1)(A)(iii) for your counterclaims by the same date/time.

If you decline a reciprocal, recorded session and proceed to Rule 37, I will oppose. I am providing a date-certain supplement and near-term availability to confer on both sides' obligations. Mutual recording is free for both sides, and there is no conceivable reason to oppose it unless you *intend* to misrepresent the meeting as Checkmate has done numerous times.

Best regards,

Arjun Vasan

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>          Wed, Sep 10, 2025 at 4:43 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

I take your conditional correspondence as a refusal to meet and confer regarding your deficient disclosures, as repeatedly requested since as early as August 25, 2025. Given your stance and unwillingness to comply with the requirements of Rule 26, Checkmate will proceed with a Rule 37 motion to compel compliance.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 3:50 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>          Wed, Sep 10, 2025 at 4:51 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

If you intend to move to compel on witnesses, please serve your LR 37-2.2 moving portion; I will return my portion within 7 days of receipt. We will also address your overdue Rule 26(a)(1)(A)(iii) damages computation.

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                     Wed, Sep 10, 2025 at 4:59 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

To be clear, I am not refusing to confer. I will meet on Tue., Sept 16 at 10–11 a.m. PT or 2–3 p.m. PT, provided the conference is mutually audio-recorded (or with a court reporter at your expense) and covers both sides' Rule 26 obligations, including your overdue Rule 26(a)(1)(A)(iii) damages computation with supporting documents. If you refuse these fair and mutual terms, it is Checkmate that has refused to meet, not me. Every time I offered a mutual meeting, you have refused to include any concerns that I have. That is not cooperation from your side. That is not even an attempt to cooperate, which requires compromise. If you proceed to file and declare that I did not cooperate, the email thread will show several attempts at cooperating and your insistence on a one-way, unfair meeting.

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                     Wed, Sep 10, 2025 at 5:16 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

We have been requesting to meet and confer on your deficient initial disclosures for over two weeks now. Despite our repeated requests for disclosures that comply with the applicable rules, and your indication you would supplement your disclosures by today at 2 p.m., you have failed to provide them. Your refusal to meet and confer unless your conditions are met is a blatant disregard for the procedural requirements and our efforts to resolve this matter without burdening the Court. Regarding your demand to record the meeting, we are willing to accommodate your request only under the condition that a mutually agreed upon court reporter is present, and this will be at your expense. No other recording methods will be accepted.

Due to your continued refusal to engage in a meet and confer without imposing unreasonable conditions, we are left with no choice but to proceed with our Rule 37 motion. We urge you to reconsider your position to avoid unnecessary motion practice. Please let us know how you wish to proceed.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 4:59 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

[Quoted text hidden]

---

Arjun Vasan <arjun.vasan@gmail.com>                               Wed, Sep 10, 2025 at 5:38 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Ms. Makitalo,

I am not refusing to confer. I'll meet on Tue., Sept 16 at 10–11 a.m. PT or 2–3 p.m. PT if (a) we mutually audio-record, or (b) we use a court reporter at Checkmate's expense with a transcript within 2 business days. If you decline both, let's satisfy LR 37-1 **in writing** as follows (simple protocol):

1. Single email thread titled "LR 37-1 Written M&C — Initial Disclosures."

2. Initiating party sends: (i) a short issue list, and (ii) ≤300 words per issue stating its position and requested relief. For instance, I would like to know who exactly you think should be on this list, because I do not know any other witnesses "I may use" as of now.

3. Other side replies on the same thread within 2 business days, ≤300 words per issue.

4. Optional one reply per side, ≤150 words per issue, within 1 business day.

5. One-page status chart ("Resolved / Narrowed / Unresolved") circulated by the initiating party; attach this chart to any LR 37-2.2 if issues remain.

6. No waiver: participation preserves all objections; nothing here limits Rule 26(c) / Rule 45 rights.

7. If unresolved, the moving party serves its LR 37-2.2 moving portion; I'll return my portion within 7 days of receipt.

If you prefer the written option, we may begin tomorrow.

As noted, I will serve a Rule 26(a)(1) supplement for my affirmative claims by Mon., Sept 15, 5:00 p.m. PT and will 26(e) supplement within 7 days of any order that keeps a counterclaim alive. Please also serve your Rule 26(a)(1)(A)(iii) damages computation (with supporting documents) by the same date.

Please confirm one of the three options (recorded call / reporter at your expense / written protocol).

Best,

Arjun

[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Wed, Sep 10, 2025 at 5:53 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>


We will make ourselves available for a meet and confer to discuss your deficient disclosures on September 16, 2025 at 2 p.m. If you intend to engage a court reporter for the meeting, please provide the relevant details for mutual agreement by no later than Friday, September 12, 2025. Otherwise, we will proceed with our motion as indicated in accordance with the applicable Rules.


Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 5:39 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

---

[Quoted text hidden]

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

### RE: L.R. 37-1 Conference re: Insufficient Responses to RFAs (Set One – "Lunchbox Emails") [KLG-AMERICAS.FID3718879]

5 messages

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Tue, Sep 16, 2025 at 2:12 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

Your presumption is incorrect and note that you failed to respond to my September 10, 2025 email requesting to meet and confer today at 2 p.m, notwithstanding the fact that we have been requesting such a meeting since August 25, 2025. We will consider your request to meet and confer regarding Checkmate's responses to your first set of requests for admissions once the meet and confer on your deficient initial disclosures has first taken place.

Accordingly, please provide your availability to meet and confer on Friday, September 19, 2025 from 1-3 p.m. If you intend to engage a court reporter for the meeting, at your own expense, please provide the relevant details for mutual agreement by no later than tomorrow, September 17, 2025. Otherwise, no other recording methods will be accepted.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Tuesday, September 16, 2025 1:50 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Makitalo,

Rebecca I. <Rebecca.Makitalo@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: L.R. 37-1 Conference re: Insufficient Responses to RFAs (Set One – "Lunchbox Emails")

Counsel,

It is now 1:50pm and you have not sent any meeting invite despite representing you would "make time" for a 2pm meeting.

I presume you have dropped your demands for the time being. If not, please reschedule, and also agree to meet regarding the several issues I have put forth.

Best regards,

Arjun Vasan

Plaintiff In Pro Per

Sent from Gmail Mobile

On Tue, Sep 16, 2025 at 6:00 AM Arjun Vasan <arjun.vasan@gmail.com> wrote:

Counsel,

I've reviewed Checkmate's responses to Plaintiff's First Requests for Admission (Set One – "Lunchbox Emails"). Several answers are non-compliant with **FRCP 36(a)(4)** and rely on boilerplate objections to a plainly defined term that your own filings identify. For the avoidance of doubt, "Lunchbox Emails" refers to, I'm attaching:

- **Ex. A:** Excerpts of **Agarwal Declaration., ECF 18-4**, including **Exhibit E** (the Nov. 7–8, 2024 emails and the two .wav filenames referenced in my definition).
- **Ex. B**: My own copy of the emails in question, matching Exhibit A.

Specifically, Checkmate referenced the emails in its counterclaims as follows ("Competitive Activity Allegations"):

7. Plaintiff clearly thought he had a sweetheart deal. Indeed, Checkmate has learned that he has since attempted to pawn off some of the same code to yet another third party in violation of his non-compete agreement. ...

23. Knowing he was about to be uncovered, in direct contravention of his non-compete agreement, Plaintiff began looking to work at a competing company. On or around November 7 and 8, 2024, Plaintiff contacted a competitor of Checkmate and mentioned the possibility of leaving Checkmate and bringing two Checkmate engineers along with him in a potential hire by the competitor. Plaintiff also shared recordings derived from "Cyborg" technology with the competitor. In these emails, Plaintiff explicitly refers to Cyborg as "my earlier company" and alludes to pawning off the very same code he sold to Checkmate.

52. Plaintiff breached the Non-Compete Agreement by, inter alia, in November 2024, contacting one or more of Defendant's competitors for the purpose of attempting to solicit interest in acquiring the same code and employees provided to Checkmate as part of the Transaction.

Furthermore, your objections to commonly understood standard definitions for ESI terms such as "attachment" and "audio file" are unavailing, and do not require "expert opinion" to understand.

To eliminate even a pretext of "ambiguity," I adopt the widely used Sedona definitions for core ESI terms. "Attachment," "Document (or Document Family)," "Email (Electronic Mail)," "Email Message," "Message Unit," "Message Header," and "EML" are used as the Sedona Glossary uses them (citations attached). An "Audio File" is a file with a top-level audio/ media type under RFC 2046/IANA (e.g., .wav). "Source Code" carries its ordinary software meaning, i.e., human-readable programming statements input to a compiler or interpreter. With these neutral standards, your boilerplate objections (vague/ambiguous/overbroad/unduly burdensome) to Definitions 11–15 have no footing; please withdraw them and serve Rule-36-compliant answers.

https://www.thesedonaconference.org/sites/default/files/publications/Sedona%20Conference%20Glossary%2C%20Fifth%20Edition.pdf

**Core defects (non-exhaustive)**
1. Boilerplate "vague/ambiguous/overbroad/unduly burdensome" to a finite, self-identifying term.
"Lunchbox Emails" is precisely defined (two participants, Nov. 7–8, 2024, two named attachments) and anchored to your ECF 18-4 exhibit and your Counterclaims. There is nothing to "interpret," and burden objections are inapposite to RFAs (which require admit/deny, not document collection).

2. Failure to comply with FRCP 36(a)(4).
Multiple answers (e.g., RFAs 1–6, 10–12B, 14A–18A, 21–27) avoid a clear admit/deny, assert "insufficient information," but do not describe any "reasonable inquiry," despite the emails being in Checkmate's possession, custody, or control. Rule 36 allows "lack of knowledge" only after a reasonable inquiry and only if the information cannot be readily obtained. Where a request is partially true, you must admit to the extent true and qualify the rest.

3. Evasive denials on binary, mechanical facts.
Several RFAs ask yes/no questions about facts evident on the face of the emails or attachments—e.g., whether the attachments are .wav files; whether any repository URL appears; whether Nov. 7–8 post-date Nov. 4; whether the body text uses the term "code." These are capable of straightforward admissions. See FRCP 36(a)(4); Asea v. S. Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981) (court may deem matters admitted where a party equivocates or evades despite readily available information). An evasive or incomplete answer is treated as a failure to answer. FRCP 37(a)(4).

**Requested cure (by Friday, September 19, 2025)**

• Withdraw the vagueness/ambiguity/overbreadth/burden/"expert opinion" objections to the definition of "Lunchbox Emails", "Attachment" and to the specific RFAs listed above;
• Serve amended Rule 36-compliant answers that:
(i) specifically admit or deny each RFA;
(ii) admit in part and qualify where only part is true; and
(iii) if you still claim insufficient information, describe the reasonable inquiry made (who/what records were consulted, and why the information could not be readily obtained).

As a no-prejudice clarification to eliminate any pretext of ambiguity: "Lunchbox Emails" means the Nov. 7–8, 2024 thread described in Checkmate's Counterclaims and re-attached here (including both the version Checkmate filed at ECF 18-4 as well as my own native copy).

**L.R. 37-1 conference & next steps**

I'm available to confer Wed 2–3 pm PT; Thu 10–11 am PT; Fri 1–2 pm PT by Zoom/Teams. Please confirm a slot or propose an alternative. If we cannot resolve, I will proceed under FRCP 36(a)(6) with a C.D. Cal. L.R. 37-2 joint stipulation seeking:
1. an order overruling the boilerplate objections;
2. an order requiring amended, compliant answers by a date certain;
3. as to the clearest items (e.g., presence/absence of repository URLs; existence and names of the .wav attachments; the date sequence), an order deeming the matters admitted under Asea; and
4. fees/costs as appropriate, including under FRCP 37(a)(5) and (later, if I prove the denied matters) FRCP 37(c)(2).

Please confirm by today at 1PM that you will (a) withdraw the objections, (b) serve amended answers by Friday,

September 19, 2025, or otherwise (c) attend the L.R. 37-1 conference at your selected time.

Best,
Arjun Vasan

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.

---

**Arjun Vasan** <arjun.vasan@gmail.com>                              Tue, Sep 16, 2025 at 2:53 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

And what about the meeting regarding the overbroad subpoenas that I have been requesting since August 14th?

Best

Sent from Gmail Mobile
[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>              Tue, Sep 16, 2025 at 5:54 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

You have already sought relief from the Court on an improper *ex parte* basis regarding the Vasan Varadarajan and Robert Nessler subpoenas, which was denied.

As you are aware, the Court has already determined that you have no basis to challenge the subpoenas. *See* Dkt. 80. Accordingly, please provide a meet and confer letter, in accordance with Rule 37-1, stating the basis for your contemplated motions for us to consider.

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                              Wed, Sep 17, 2025 at 8:43 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

The Magistrate Judge also clearly indicated that the document topics seemed overbroad, and that she expected the parties to discuss such matters.

She did not determine *I have no basis*, she determined only that I did not properly present such a basis. The fact is I did not present the case well, and if I do, the outcome will be very different.

Best regards,
Arjun Vasan
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                              Wed, Sep 17, 2025 at 9:52 PM

Draft To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R."
<Jacob.Winningham@klgates.com>


Sent from Gmail Mobile
[Quoted text hidden]

 Gmail

Arjun Vasan <arjun.vasan@gmail.com>

---

## RE: Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate's deficiencies and misconduct) [KLG-AMERICAS.FID3718879]

3 messages

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>                    Wed, Oct 1, 2025 at 12:28 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

Despite our repeated requests to meet and confer on your deficient initial disclosures, we have yet to receive a proposed date from your side. We are available to meet and confer on this issue on October 6, 2025 from 12-2 p.m. or October 7, 2025 from 1-3:30 p.m. at our offices. Please let us know if you are available during these times to address the deficiencies in your disclosures. We expect this meeting to be conducted without any arbitrary demands.

Additionally, while we are open to meeting and conferring on your contemplated motions, this must be done in a separate meeting as we have been requesting to meet and confer with you on your deficient initial disclosures since as early as August 25, 2025. We are separately available to meet and confer on the issues identified in your email on October 14, 2025 from 1-3 p.m. or October 15, 2025 from 12:30-2 p.m. Please provide a mutually agreeable location for our meeting. Alternatively, we are willing to host your requested meet and confer at our offices. Furthermore, please provide the basis for each contemplated motion in compliance with Local Rule 37-1 in advance on any such meeting.

Please confirm your availability for the proposed meeting times. We look forward to your prompt response and resolving these matters efficiently.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, October 1, 2025 12:25 AM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>;
Winningham, Jacob R. <Jacob.Winningham@klgates.com>; Makitalo, Rebecca I.
<Rebecca.Makitalo@klgates.com>
**Subject:** Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate's
deficiencies and misconduct)

Counsel,

You did not propose dates to meet and confer on: (i) your deficient damages contentions/disclosures, (ii) reasonable
discovery phasing, (iii) overbroad and unduly burdensome non-party subpoenas (including to my father and Robert
Nessler), and (iv) your insufficient responses to my Requests for Admission.

Please provide three windows this week for a conference. If we cannot resolve, I will seek appropriate relief, including a
protective order and /sanctions for undue burden on non-parties. See Fed. R. Civ. P. 26(c), 37(a)(1), and 45(d)(1).

For avoidance of doubt: my father has no relevant information to the CDCA action. He is 70, has health issues that
preclude any in person appearance, and no income. If you insist on his testimony/documents, confirm that Checkmate will
(a) narrowly tailor any request to genuinely relevant topics and (b) advance reasonable attorney's fees and costs
associated with his compliance. Any refusal to do so only confirms Checkmate's purpose is not legitimate truth seeking,
but rather to burden my friends and family in an improper attempt to exert leverage over me.

Please confirm a date to discuss: (1) a phased discovery plan; (2) withdrawing or narrowing non-party subpoenas; and (3)
supplementing damages disclosures to identify categories, computation, and supporting documents.

Absent prompt engagement, I'll move accordingly.

Regards,

Arjun

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended
for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the
contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                      Wed, Oct 1, 2025 at 12:35 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Mr. Vasan,

To add to my colleague's email below, notwithstanding your propensity for expressing yourself in a variety of
inexplicably angry late-night AI-fueled missives, the Court has already rejected your attempt to interfere with
third-party discovery.  Checkmate has no obligation to and will not be discussing the obligations of recipients
of third party subpoenas with you.

Moreover, because it appears that you may be attempting to manipulate and provide pseudo-legal "advice"
to at least some third parties, we again remind you that you are not a lawyer, that there are very serious
consequences associated with behaving as if you are one and that we look forward to obtaining relevant
evidence from all recipients of third-party discovery in this case and otherwise regarding your
communications with them.  Checkmate reserves all rights in this regard and with respect to your other
improper conduct in this case.

I know my colleagues look forward to your availability as noted below.


Best regards,


Ryan




**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com


*Austin   Beijing   Berlin   Boston   Brisbane   Brussels   Charleston   Charlotte   Chicago   Dallas   Delaware   Doha   Dubai   Dublin   Fort Worth   Frankfurt   Harrisburg   Hong Kong   Houston   Kansas City   London   Los Angeles   Luxembourg   Melbourne   Miami   Milan   Munich   Nashville   Newark   New York   Orange County   Palo Alto   Paris   Perth   Pittsburgh   Portland   Raleigh   Research Triangle Park   San Francisco   São Paulo   Seattle   Seoul   Shanghai   Singapore   Sydney   Taipei   Tokyo   Washington, D.C.*

[Quoted text hidden]

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Ryan.Keech@klgates.com. ....

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Wed, Oct 1, 2025 at 10:14 PM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Counsel,

I'm amenable to **in-person** conferences, but we need one standard. You cannot demand that I appear at your offices for your issues and then require a "mutually agreeable" location for mine. If in-person is necessary, meetings on **my** issues will be held in a reserved conference room in **Cerritos, California**. I suggest we default to **remote** unless truly necessary (I don't think that is the case here). I will circle back regarding your proposed dates/times (but note that I did provide a date, this past Friday, and Checkmate did not respond).

My only criteria, if Checkmate is not amenable to mutual recording, is that only one attorney is present to represent Checkmate. If more than one is present, the conference must either be recorded or one attorney be designated as the sole attorney that may submit a declaration regarding the meeting.

The magistrate judge expressly stated your subpoenas were overbroad. You have done nothing to narrow them despite objections by the witnesses; I don't believe she will view your actions as in good faith. I will not address your other baseless allegations of "manipulation"; only Checkmate's counsel acts in such a manner (see Declarations of Agarwal and Brown; Dkt. 18).

As a friend and relative, I have every right to object to burdening these non-party witnesses with topics entirely irrelevant to this case; that include personal and privileged material with myself; and that impose undue costs on an elderly witness.

The witnesses are aware I am not a lawyer; I have not represented myself to be a lawyer; and your allegations are entirely meritless.

Best regards,
Arjun Vasan

[Quoted text hidden]