# EXHIBIT F



Arjun Vasan <arjun.vasan@gmail.com>

---

## L.R. 37-1 Conference re: Insufficient Responses to RFAs (Set One – "Lunchbox Emails")
2 messages

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                                                                      Tue, Sep 16, 2025 at 6:00 AM
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Counsel,

I've reviewed Checkmate's responses to Plaintiff's First Requests for Admission (Set One – "Lunchbox Emails"). Several answers are non-compliant with **FRCP 36(a)(4)** and rely on boilerplate objections to a plainly defined term that your own filings identify. For the avoidance of doubt, "Lunchbox Emails" refers to, I'm attaching:

- **Ex. A:** Excerpts of **Agarwal Declaration., ECF 18-4**, including **Exhibit E** (the Nov. 7–8, 2024 emails and the two .wav filenames referenced in my definition).

- **Ex. B**: My own copy of the emails in question, matching Exhibit A.

Specifically, Checkmate referenced the emails in its counterclaims as follows ("Competitive Activity Allegations"):

> 7. Plaintiff clearly thought he had a sweetheart deal. Indeed, Checkmate has learned that he has since attempted to pawn off some of the same code to yet another third party in violation of his non-compete agreement. ...

> 23. Knowing he was about to be uncovered, in direct contravention of his non-compete agreement, Plaintiff began looking to work at a competing company. On or around November 7 and 8, 2024, Plaintiff contacted a competitor of Checkmate and mentioned the possibility of leaving Checkmate and bringing two Checkmate engineers along with him in a potential hire by the competitor. Plaintiff also shared recordings derived from "Cyborg" technology with the competitor. In these emails, Plaintiff explicitly refers to Cyborg as "my earlier company" and alludes to pawning off the very same code he sold to Checkmate.

> 52. Plaintiff breached the Non-Compete Agreement by, inter alia, in November 2024, contacting one or more of Defendant's competitors for the purpose of attempting to solicit interest in acquiring the same code and employees provided to Checkmate as part of the Transaction.

Furthermore, your objections to commonly understood standard definitions for ESI terms such as "attachment" and "audio file" are unavailing, and do not require "expert opinion" to understand.

To eliminate even a pretext of "ambiguity," I adopt the widely used Sedona definitions for core ESI terms. "Attachment," "Document (or Document Family)," "Email (Electronic Mail)," "Email Message," "Message Unit," "Message Header," and "EML" are used as the Sedona Glossary uses them (citations attached). An "Audio File" is a file with a top-level audio/media type under RFC 2046/IANA (e.g., .wav). "Source Code" carries its ordinary software meaning, i.e., human-readable programming statements input to a compiler or interpreter. With these neutral standards, your boilerplate objections (vague/ambiguous/overbroad/unduly burdensome) to Definitions 11–15 have no footing; please withdraw them and serve Rule-36-compliant answers.

https://www.thesedonaconference.org/sites/default/files/publications/Sedona%20Conference%20Glossary%2C%20Fifth%20Edition.pdf

**Core defects (non-exhaustive)**
1. Boilerplate "vague/ambiguous/overbroad/unduly burdensome" to a finite, self-identifying term.
"Lunchbox Emails" is precisely defined (two participants, Nov. 7–8, 2024, two named attachments) and anchored to your ECF 18-4 exhibit and your Counterclaims. There is nothing to "interpret," and burden objections are inapposite to RFAs (which require admit/deny, not document collection).

2. Failure to comply with FRCP 36(a)(4).
Multiple answers (e.g., RFAs 1–6, 10–12B, 14A–18A, 21–27) avoid a clear admit/deny, assert "insufficient information," but do not describe any "reasonable inquiry," despite the emails being in Checkmate's possession, custody, or control. Rule 36 allows "lack of knowledge" only after a reasonable inquiry and only if the information cannot be readily obtained.

Where a request is partially true, you must admit to the extent true and qualify the rest.

3. Evasive denials on binary, mechanical facts.
Several RFAs ask yes/no questions about facts evident on the face of the emails or attachments—e.g., whether the attachments are .wav files; whether any repository URL appears; whether Nov. 7–8 post-date Nov. 4; whether the body text uses the term "code." These are capable of straightforward admissions. See FRCP 36(a)(4); Asea v. S. Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981) (court may deem matters admitted where a party equivocates or evades despite readily available information). An evasive or incomplete answer is treated as a failure to answer. FRCP 37(a)(4).

**Requested cure (by Friday, September 19, 2025)**

• Withdraw the vagueness/ambiguity/overbreadth/burden/"expert opinion" objections to the definition of "Lunchbox Emails", "Attachment" and to the specific RFAs listed above;
• Serve amended Rule 36-compliant answers that:
(i) specifically admit or deny each RFA;
(ii) admit in part and qualify where only part is true; and
(iii) if you still claim insufficient information, describe the reasonable inquiry made (who/what records were consulted, and why the information could not be readily obtained).

As a no-prejudice clarification to eliminate any pretext of ambiguity: "Lunchbox Emails" means the Nov. 7–8, 2024 thread described in Checkmate's Counterclaims and re-attached here (including both the version Checkmate filed at ECF 18-4 as well as my own native copy).

**L.R. 37-1 conference & next steps**

I'm available to confer Wed 2–3 pm PT; Thu 10–11 am PT; Fri 1–2 pm PT by Zoom/Teams. Please confirm a slot or propose an alternative. If we cannot resolve, I will proceed under FRCP 36(a)(6) with a C.D. Cal. L.R. 37-2 joint stipulation seeking:
1. an order overruling the boilerplate objections;
2. an order requiring amended, compliant answers by a date certain;
3. as to the clearest items (e.g., presence/absence of repository URLs; existence and names of the .wav attachments; the date sequence), an order deeming the matters admitted under Asea; and
4. fees/costs as appropriate, including under FRCP 37(a)(5) and (later, if I prove the denied matters) FRCP 37(c)(2).

Please confirm by today at 1PM that you will (a) withdraw the objections, (b) serve amended answers by Friday, September 19, 2025, or otherwise (c) attend the L.R. 37-1 conference at your selected time.

Best,
Arjun Vasan

---

**2 attachments**

📄 **Exhibit A - Agarwal Decl - Exhibit E.pdf**
2739K

📄 **Exhibit B - Lunchbox Emails - Native Copy.pdf**
169K

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                    Tue, Sep 16, 2025 at 1:50 PM
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Counsel,

It is now 1:50pm and you have not sent any meeting invite despite representing you would "make time" for a 2pm meeting.

I presume you have dropped your demands for the time being. If not, please reschedule, and also agree to meet regarding the several issues I have put forth.

Best regards,



Arjun Vasan <arjun.vasan@gmail.com>

## Arjun Vasan v. Checkmate 2:25-cv-00765-MEMF-JPR - second set of RFAs
1 message

**Arjun Vasan** <arjun.vasan@gmail.com>    Wed, Sep 17, 2025 at 9:01 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Keech, Ryan Q." <ryan.keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>

Counsel,

I received your responses to the second set of RFAs. In my view, Checkmate's approach reflects a pattern of intentional obstruction that will unnecessarily increase the burden on both parties.

It appears that your refusal to provide straightforward admissions—particularly on issues already evidenced on video and in transcript—stems from a perception that, as a pro se litigant, I am either unable or unlikely to pursue motions that would impose significant financial liability in the form of attorney's fees. That perception may soon prove incorrect. If and when counsel appears, the exposure to sanctions and fee-shifting for evasive responses will increase substantially.

To illustrate: your refusal to admit the existence or content of the "Separation Meeting," while simultaneously acknowledging its occurrence and accuracy of the transcript (including in your prior filings), borders on frivolous. The meeting is on video. The transcript is accurate. Your own filings concede this, even while attempting to contextualize my citations to it.

Continuing to deny indisputable facts—especially those recorded or admitted elsewhere—will not only trigger avoidable motion practice but will compel me to serve broader, more burdensome RFPs. These will impose a far greater burden on Checkmate than simply responding to narrow, well-supported RFAs in good faith.

Please consider whether your present approach serves your client or this Court. I reserve all rights, including the right to seek relief under Rule 37 and the Court's inherent authority.

Best regards,
Arjun Vasan