# EXHIBIT G



Arjun Vasan <arjun.vasan@gmail.com>

## Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate's deficiencies and misconduct)

1 message

**Arjun Vasan** <arjun.vasan@gmail.com>    Wed, Oct 1, 2025 at 12:25 AM
To: "Keech, Ryan Q." <ryan.keech@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>

Counsel,

You did not propose dates to meet and confer on: (i) your deficient damages contentions/disclosures, (ii) reasonable discovery phasing, (iii) overbroad and unduly burdensome non-party subpoenas (including to my father and Robert Nessler), and (iv) your insufficient responses to my Requests for Admission.

Please provide three windows this week for a conference. If we cannot resolve, I will seek appropriate relief, including a protective order and /sanctions for undue burden on non-parties. See Fed. R. Civ. P. 26(c), 37(a)(1), and 45(d)(1).

For avoidance of doubt: my father has no relevant information to the CDCA action. He is 70, has health issues that preclude any in person appearance, and no income. If you insist on his testimony/documents, confirm that Checkmate will (a) narrowly tailor any request to genuinely relevant topics and (b) advance reasonable attorney's fees and costs associated with his compliance. Any refusal to do so only confirms Checkmate's purpose is not legitimate truth seeking, but rather to burden my friends and family in an improper attempt to exert leverage over me.

Please confirm a date to discuss: (1) a phased discovery plan; (2) withdrawing or narrowing non-party subpoenas; and (3) supplementing damages disclosures to identify categories, computation, and supporting documents.

Absent prompt engagement, I'll move accordingly.

Regards,

Arjun