# EXHIBIT L

1  ARJUN VASAN

2  PLAINTIFF IN PRO PER

3  ARJUN.VASAN@GMAIL.COM

4  (562) 900-6541

5  12615 193RD STREET

6  CERRITOS, CA 90703

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  ARJUN VASAN,                          Case No.:  CV-765-MEMF-JPR

                                          Hon. Maame Ewusi-Mensah Frimpong
12           Plaintiff and Counter-Defendant,
                                          **PLAINTIFF'S FIRST SET OF REQUESTS**
13       v.                               **FOR ADMISSION TO DEFENDANT**
                                          **CHECKMATE.COM, INC.; "Lunchbox**
14                                        **Emails – November 7-8, 2024"**

15  CHECKMATE.COM, INC.,                  Complaint Filed: January 28, 2025

16  (dba "Checkmate")

17           Defendant and Counterclaimant.

18

19

20  **TO DEFENDANT CHECKMATE.COM, INC. AND ITS COUNSEL OF RECORD**:

21          Pursuant to Federal Rule of Civil Procedure 36, Plaintiff propounds the following Requests

    for Admission ("RFAs"). Each admission is to be answered in writing, under oath, within **30 days**
22
    after service unless the parties stipulate or the Court orders otherwise.
23
    **I.      DEFINITIONS**
24
        1.  **"You" / "Defendant"** means Checkmate.com, Inc. ("Checkmate"), including its officers,
25
            employees, agents, attorneys, and anyone acting on its behalf.
26
        2.  **"Document"** has the broad meaning in Fed. R. Civ. P. 34(a)(1)(A) and includes
27
            electronically stored information.
28

                                            1

3. **"Email"** means an electronic message with headers, body, and any attachments, including the native **.eml** with full headers and MIME parts.

4. **"Attachment"** means any file attached to an Email, including all bytes, filename, size, and MIME metadata.

5. **"Audio File"** means a file whose content is audio and whose MIME begins audio/ (e.g., .wav, .mp3, .m4a).

6. **"Source Code"** means human-readable program text or scripts (e.g., files with extensions such as .py, .js, .ts, .java, .cpp, .c, .rb, .go, .ipynb, .sql, .sh, .ps1, etc.), and any file whose MIME indicates text/code.

7. **"Lunchbox Emails"** means the Emails exchanged **Nov. 7–8, 2024** between Plaintiff (from his personal Gmail account) and **Nabeel** (nabeel@lunchbox.com) concerning possible collaboration/employment, including the messages that attached files named **"lees-that-is-impressive.wav"** and **"MarcosRitaAmazing (1).wav."** These emails were previously exhibited by Checkmate. (See Decl. of Vishal Agarwal, ECF No. 18-4).

8. **"Competitive Activity Allegations"** means the allegations in Defendant's Counterclaims that (a) on or about Nov. 7–8, 2024 Plaintiff contacted a competitor and mentioned bringing two Checkmate engineers and shared recordings (¶23); (b) Plaintiff breached a non-compete by contacting competitors in Nov. 2024 to solicit interest in acquiring the same code and employees (¶52); and (c) Plaintiff attempted to pawn off the same code to a third party (¶7).

## II.  INSTRUCTIONS

A. Answer each RFA separately and fully as required by Rule 36. If You cannot admit or deny, state the reasons and describe the reasonable inquiry made.

B. If an RFA is admitted in part and denied in part, specify which part is admitted and which is denied.

C. These RFAs are continuing; if You later obtain information requiring amendment, promptly serve amended answers under Rule 26(e).

## III.  REQUESTS FOR ADMISSION

**RFA No. 1:** Admit that each **Attachment** to the **Lunchbox Emails** is an **Audio File** (e.g., .wav, .mp3, .m4a) and **not** Source Code.

**RFA No. 2:** Admit that **none** of the Attachments to the Lunchbox Emails contains **Source Code**.

**RFA No. 3:** Admit that the Attachment named **"lees-that-is-impressive.wav"** in the Lunchbox Emails is an **Audio File** and not Source Code.

**RFA No. 4:** Admit that the Attachment named **"MarcosRitaAmazing (1).wav"** in the Lunchbox Emails is an **Audio File** and not Source Code.

**RFA No. 5:** Admit that You possess **no file** from the Lunchbox Emails whose MIME metadata indicates a **text/code** type (including but not limited to text/plain, text/x-python, application/x-javascript, or similar).

**RFA No. 6:** Admit that You possess **no file** from the Lunchbox Emails with a filename extension commonly associated with Source Code (including but not limited to .py, .js, .ts, .java, .cpp, .c, .ipynb, .rb, .go, .sql, .sh, .ps1).

**RFA No. 7:** Admit that the **bodies** of the Lunchbox Emails state that Plaintiff was sending **older demo recordings** from prior work and do **not** state that Plaintiff was sending **Checkmate, VoiceBite** or **Presto** Source Code.

**RFA No. 8:** Admit that You have **not** retained any expert or vendor who concluded that any Attachment to the Lunchbox Emails is **Source Code**.

**RFA No. 9:** Admit that You have **not** computed or received any file hash or signature identifying any Attachment to the Lunchbox Emails as **Source Code**.

**RFA No. 10:** Admit that You have **no document** (including any internal analysis) that identifies any Attachment to the Lunchbox Emails as **Source Code**.

**RFA No. 11:** Admit that the Lunchbox Emails **do not** attach any repository export, archive, or bundle (e.g., .zip, .tar, .gz, .7z) containing Source Code.

**RFA No. 12A:** Admit that the Lunchbox Emails **do not** attach any file named with or referring to a **code repository**, **branch**, **commit**, or **hash** associated with **VoiceBite**, **Presto** or **Checkmate**.

**RFA No. 12B:** Admit that the Lunchbox Emails do not contain any URL to a repository (GitHub, GitLab, BitBucket or similar).

**RFA No. 13:** Admit that You have **no evidence** that Plaintiff transmitted **Checkmate, VoiceBite** or **Presto** Source Code to Lunchbox in the Lunchbox Emails.

**RFA No. 14A:** Admit that the **only** Attachments to the Lunchbox Emails in Your possession are **Audio Files**.

**RFA No. 14B**: Admit that each such attachment has a MIME Content-Type beginning with audio/.

**RFA No. 15:** Admit that characterizing the Attachments to the Lunchbox Emails as "**code**" would be **inaccurate** because they are **Audio Files**.

**RFA No. 16:** Admit that You are **able** to produce the Lunchbox Emails in **native .eml** format with full headers and all Attachments in **native** format.

**RFA No. 17:** Admit that none of the Lunchbox Email Attachments includes any **text** segment that contains programming syntax for a programming language.

**RFA No. 18A:** Admit that the body of the Lunchbox Emails does not contain the word "code".

**RFA No. 18B:** Admit that You have **no record** that Lunchbox (or Nabeel) replied acknowledging receipt of "code" from Plaintiff in the Lunchbox Emails.

**RFA No. 19:** Admit that none of the Lunchbox Email Attachments was marked or designated by You as **"confidential code," "source," "trade secret code,"** or similar.

**RFA No. 20:** Admit that You have **no basis** to contend that the Lunchbox Email Attachments are **anything other than Audio Files**.

**RFA No. 21:** Admit that, after a reasonable inquiry and as of the date of Your response, the **only** Documents You **rely on** to support the **Competitive Activity Allegations** are the **Lunchbox Emails** and their Attachments.

**RFA No. 22:** Admit that, after a reasonable inquiry and as of the date of Your response, You **do not possess** any communication **from Plaintiff to any then-current Checkmate employee** expressly asking that employee to **terminate** employment to accept a **specific role**.

**RFA No. 23:** Admit that, after a reasonable inquiry and as of the date of Your response, You **do not possess** any communication **from Plaintiff to any Checkmate customer** requesting that the customer **move existing business** from Checkmate.

**RFA No. 24:** Admit that, after a reasonable inquiry and as of the date of Your response, You **do not possess** any Document showing that **before November 14, 2024** Plaintiff **engaged in a "Competing Business"** as that term is used in any Checkmate agreement.

**RFA No. 25:** Admit that, after a reasonable inquiry and as of the date of Your response, You **do not possess** any communication (other than the Lunchbox Emails) in which Plaintiff **represented** that he **sent or would send source code** to **any** third party.

**RFA No. 26:** Admit that, after a reasonable inquiry and as of the date of Your response, You have **not identified any person** You contend Plaintiff actually **solicited** to leave Checkmate.

**RFA No. 27:** Admit that the **Lunchbox Emails** (dated November 7-8) post-date Plaintiff's written demands for payment of his partial/signing bonus in early November 2024 (dated November 4).


## <u>VERIFICATION (for Responding Party)</u>

I am authorized to respond to these Requests for Admission on behalf of Defendant. I have read the foregoing responses and, based on a reasonable inquiry, the matters stated therein are true and correct to the best of my knowledge and belief.


Dated: _____    Signature: _____


Name: _____    Title: _____


for Defendant Checkmate.com, Inc.

1

## CERTIFICATE OF SERVICE (Rule 5(b)(2)(E))

2

I certify that on **August 16, 2025**, I served **Plaintiff's First Set** of Requests for Admission to

3

Defendant Checkmate.com, Inc. (Set One — "Lunchbox Emails") by sending a true and correct

4

copy via email to counsel of record at the addresses below:

5

Rebecca Makitalo

6

K&L Gates LLP
rebecca.makitalo@klgates.com

7

Ryan Q. Keech
K&L Gates LLP

8

ryan.keech@klgates.com

9

Stacey Chiu
K&L Gates LLP

10

stacey.chiu@klgates.com

11

12

10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067

13

Phone: 310.552.5070

14

This Service was made by email pursuant to Fed. R. Civ. P. 5(b)(2)(E) (consent).

15

*I declare under penalty of perjury under the laws of the United States that the foregoing is*

16

*true and correct.*

17

18

/s/ ***Arjun Vasan***

19

Dated: **August 17, 2025**          _____

20

Arjun Vasan

21

Plaintiff In Pro Per

22

23

24

25

26

27

28

1  Ryan Q. Keech (SBN 280306)
   Ryan.Keech@klgates.com
2  Stacey Chiu (SBN 321345)
   Stacey.Chiu@klgates.com
3  Rebecca I. Makitalo (SBN 330258)
   Rebecca.Makitalo@klgates.com
4  Jacob R. Winningham (SBN 357987)
   Jacob.Winningham@klgates.com
5  K&L GATES LLP
   10100 Santa Monica Boulevard
6  Eighth Floor
   Los Angeles, California 90067
7  Telephone: +1 310 552 5000
   Facsimile: +1 310 552 5001
8
   *Attorneys for Defendant and Counterclaimant*
9  *CHECKMATE.COM INC.*

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13

14  ARJUN VASAN,                          Case No. 2:25-CV-00765-MEMF-JPR

15                                        Magistrate Judge Jean P. Rosenbluth
                    Plaintiff,
16                                        **CHECKMATE.COM, INC.'S**
          v.                              **RESPONSES TO PLAINTIFF**
17                                        **ARJUN VASAN'S FIRST SET OF**
                                          **REQUESTS FOR ADMISSIONS**
18  CHECKMATE.COM, INC.,

19
                    Defendant.
20  ─────────────────────────             Complaint Filed: January 28, 2025
21  CHECKMATE.COM, INC.,                  Amended Complaint Filed: February
                                          21, 2025
22
                    Counterclaim-Plaintiff,
23
          v.
24
25  ARJUN VASAN,

26
                    Counterclaim-
27                  Defendant.

28
─────────────────────────────────────────────────────
CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR
ADMISSIONS

1  PROPOUNDING PARTY: PLAINTIFF ARJUN VASAN

2  RESPONDING PARTY: DEFENDANT CHECKMATE.COM, INC.

3  SET NO.: ONE (1)

4      Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") hereby

5  responds to Plaintiff Arjun Vasan ("Plaintiff" or "Vasan")'s First Set of Requests for

6  Admission (the "Requests"), as follows:

7  **PRELIMINARY STATEMENT**

8      Checkmate's investigation of the facts relating to this case is still ongoing.

9  As such, Checkmate has not completed its investigation, has not completed

10  discovery, and has not completed preparation for trial.  All of the answers contained

11  herein are based upon the information presently available, and specifically known,

12  to Checkmate.  It is anticipated that further discovery and further independent

13  investigation will supply additional facts which may clarify and add meaning to

14  facts presently known, as well as establish new factual matters, all of which may

15  lead to substantial addition to, changes in, and variations from the responses set

16  forth herein.  The following responses are given without prejudice to Checkmate's

17  right to produce evidence of any subsequently discovered fact or facts that

18  Checkmate may later recall.

19      The responses contained herein are made in a good faith effort to supply as

20  much factual information as is presently known, but should in no way be to the

21  prejudice of these parties in relationship to further discovery, research, or analysis.

22  Checkmate reserves the right to alter, supplement, amend, or otherwise modify these

23  responses in any way and at any time, including at or during trial, in light of facts

24  revealed to them through discovery, further investigation, or further legal analysis.

25  Checkmate also reserves the right to amend or supplement these responses with any

26  information that has been inadvertently or unintentionally omitted and/or to

27  introduce such information into evidence at the time of hearing or trial.

28      Checkmate makes these responses to the Requests subject to, and without

1

1602150589.2

1   waiving in any way any objections as to competence, relevance, materiality,

2   propriety, and admissibility, and any and all other objections and grounds which

3   would require the exclusion of any statement herein if the Requests were asked of,

4   or any statements contained were made by, a witness present and testifying in Court,

5   all of which objections and grounds are reserved and may be interposed at time of

6   trial.

7                                    **GENERAL OBJECTIONS**

8        1.      To the extent the Requests call for confidential communications

9   between Checkmate and any of its/his/her attorneys, or information that is otherwise

10  covered by the attorney-client privilege, the work-product doctrine, or any other

11  right or privilege recognized by California or federal law, Checkmate generally

12  objects to the Requests, and each request contained therein.

13       2.      Checkmate objects to the Requests, and each request contained therein,

14  to the extent that they seek information protected by the California or United States

15  constitutions, California or federal statutes or case law that establish a right of

16  privacy and forbid the discovery and dissemination of confidential, sensitive and

17  financial information.  Checkmate will not reveal such information where doing so

18  would violate the privacy rights of Checkmate or of third parties.

19       3.      Checkmate objects to the Requests, and each request contained therein,

20  to the extent that they seek information that is not relevant and/or material to the

21  subject matter of this litigation or are not reasonably calculated to lead to the

22  discovery of admissible evidence.

23       4.      Checkmate objects to the Requests, and each request contained therein,

24  insofar as they are repetitive, redundant or overlapping.

25       5.      Checkmate objects to the Requests, and each request contained therein,

26  to the extent that they are unduly burdensome, oppressive, annoying or harassing.

27       6.      Checkmate objects to the Requests, and each request contained therein,

28  to the extent that they are vague and ambiguous, compound, confusing,

2

unintelligible, unclear and amenable to different meanings, understandings or interpretations. Checkmate is responding to each Request as it interprets and understands that Request with respect to the issues framed in connection with this litigation. If Checkmate asserts an interpretation of any part of a Request that differs from the understanding of Checkmate, Checkmate reserves the right to supplement, amend, or modify their responses or objections.

7.     Checkmate objects to the Requests, and to each request contained therein, to the extent they are unlimited in time or seek information beyond the time-frame relevant to this litigation on the grounds that they are overbroad and unduly burdensome, and seek information that is irrelevant to the subject matter of this litigation.

8.     Checkmate objects to the Requests, and each request contained therein, to the extent they seek to impose duties or obligations different from, additional to, or otherwise beyond those required by the Federal Rules of Civil Procedure.

9.     Checkmate objects to the Requests, and each request therein, to the extent they seek information that is equally available to or within Plaintiff's possession, custody or control on the grounds that such Requests are unduly burdensome and oppressive.

10.     Checkmate objects to the definition of "You" / "Defendant" in that it is vague, ambiguous, overbroad, and reflects an attempt to circumvent Federal Rule of Civil Procedure 45. It is also objectionable to the extent it intrudes upon the attorney/client privilege, work product, and/or other applicable privileges.

11.     Checkmate objects to the definition of "Attachment" in that it is vague, ambiguous, overbroad, and unduly burdensome.

12.     Checkmate objects to the definition of "Audio File" in that it is vague, ambiguous, overbroad, and unduly burdensome.

13.     Checkmate objects to the definition of "Source Code" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

3

14.    Checkmate objects to the definition of "Lunchbox Emails" in that it is vague, ambiguous, overbroad, and unduly burdensome.

15.    Checkmate objects to the definition of "Competitive Activity Allegations" in that it is vague, ambiguous, overbroad, and unduly burdensome.

16.    The foregoing objections are incorporated by reference into each of the specific responses made herein.  Notwithstanding the specific responses to any of the Requests, Checkmate does not waive any of the general or specific objections made herein.

17.    Subject to and without waiving the foregoing General Objections, Checkmate responds to Vasan's First Set of Requests for Admissions as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that each Attachment to the Lunchbox Emails is an Audio File (e.g., .wav, .mp3, .m4a) and not Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," "Audio File," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party has made a reasonable inquiry and lacks sufficient information to admit or deny the Request, and therefore denies on that basis.

**REQUEST FOR ADMISSION NO. 2:**

Admit that none of the Attachments to the Lunchbox Emails contains Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party has made a reasonable inquiry and lacks sufficient information to admit or deny the Request, and therefore denies on that basis.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Attachment named "lees-that-is-impressive.wav" in the Lunchbox Emails is an Audio File and not Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," "Audio File," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is

1   improper under the applicable Rules.

2        Without waiving the foregoing objections, Responding Party responds as

3   follows: Responding Party has made a reasonable inquiry and lacks sufficient

4   information to admit or deny the Request, and therefore denies on that basis.

5   **REQUEST FOR ADMISSION NO. 4:**

6        Admit that the Attachment named "MarcosRitaAmazing (1).wav" in the

7   Lunchbox Emails is an Audio File and not Source Code.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

9        Responding Party hereby incorporates the General Objections as though fully

10  set forth herein. Responding Party objects to this Request on the grounds that the

11  terms "Attachment," "Lunchbox Emails," "Audio File," and "Source Code," as

12  defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome.

13  Responding Party further objects that the Request seeks information that is neither

14  relevant to the subject matter of the action nor reasonably calculated to lead to the

15  discovery of admissible evidence. Responding Party further objects that the Request

16  seeks an expert opinion. Responding Party further objects that the Request is

17  compound, containing multiple distinct inquiries within a single request, which is

18  improper under the applicable Rules.

19       Without waiving the foregoing objections, Responding Party responds as

20  follows: Responding Party has made a reasonable inquiry and lacks sufficient

21  information to admit or deny the Request, and therefore denies on that basis.

22  **REQUEST FOR ADMISSION NO. 5:**

23       Admit that You possess no file from the Lunchbox Emails whose MIME

24  metadata indicates a text/code type (including but not limited to text/plain, text/x-

25  python, application/x-javascript, or similar).

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

27       Responding Party hereby incorporates the General Objections as though fully

28  set forth herein. Responding Party objects to this Request on the grounds that the

term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "text/code type" and "including but not limited to," and "or similar" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party has made a reasonable inquiry and lacks sufficient information to admit or deny the Request, and therefore denies on that basis.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You possess no file from the Lunchbox Emails with a filename extension commonly associated with Source Code (including but not limited to .py, .js, .ts, .java, .cpp, .c, .ipynb, .rb, .go, .sql, .sh, .ps1).

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Lunchbox Emails" and "Source Code" as defined by Plaintiff are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "commonly associated" and "including but not limited to" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party has made a reasonable inquiry and lacks sufficient information to admit or deny the Request, and therefore denies on that basis.

///

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS

1602150589.2

**REQUEST FOR ADMISSION NO. 7:**

Admit that the bodies of the Lunchbox Emails state that Plaintiff was sending older demo recordings from prior work and do not state that Plaintiff was sending Checkmate, VoiceBite or Presto Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "the bodies," "older demo recordings from prior work," and "Presto Source Code" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information not within Responding Party's possession, custody, or control. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You have not retained any expert or vendor who concluded that any Attachment to the Lunchbox Emails is Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "any expert or vendor" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information

8

1   that is neither relevant to the subject matter of the action nor reasonably calculated

2   to lead to the discovery of admissible evidence. Responding Party further objects

3   that the Request seeks an expert opinion. Responding Party further objects to this

4   Request to the extent it seeks information protected from disclosure by the attorney-

5   client privilege and/or the work product doctrine.

6   **REQUEST FOR ADMISSION NO. 9:**

7       Admit that You have not computed or received any file hash or signature

8   identifying any Attachment to the Lunchbox Emails as Source Code.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

10      Responding Party hereby incorporates the General Objections as though fully

11  set forth herein. Responding Party objects to this Request on the grounds that the

12  terms "Attachment," "Lunchbox Emails" and "Source Code," as defined by

13  Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding

14  Party further objects that the terms "computed or received" and "any file hash or

15  signature" are vague, ambiguous, and overbroad. Responding Party further objects

16  to this Request in that the term "identifying" is vague, ambiguous, and overbroad.

17  To determine whether a document or thing "identifies" the facts recited in the

18  Request requires interpretation, and it is unclear from the Request in what manner

19  the information may "identify" such facts. Responding Party further objects that the

20  Request seeks information that is neither relevant to the subject matter of the action

21  nor reasonably calculated to lead to the discovery of admissible evidence.

22  Responding Party further objects that the Request seeks an expert opinion.

23  **REQUEST FOR ADMISSION NO. 10:**

24      Admit that You have no document (including any internal analysis) that

25  identifies any Attachment to the Lunchbox Emails as Source Code.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

27      Responding Party hereby incorporates the General Objections as though fully

28  set forth herein. Responding Party objects to this Request on the grounds that the

9

1  terms "Attachment," "Lunchbox Emails" and "Source Code," as defined by

2  Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding

3  Party further objects that the terms "including any internal analysis" are vague,

4  ambiguous, and overbroad. Responding Party further objects to this Request in that

5  the term "identifies" is vague, ambiguous, and overbroad. To determine whether a

6  document or thing "identifies" the facts recited in the Request requires

7  interpretation, and it is unclear from the Request in what manner the information

8  may "identify" such facts. Responding Party further objects that the Request seeks

9  information that is neither relevant to the subject matter of the action nor reasonably

10  calculated to lead to the discovery of admissible evidence. Responding Party further

11  objects that the Request seeks an expert opinion. Responding Party further objects to

12  this Request to the extent it seeks information protected from disclosure by the

13  attorney-client privilege and/or the work product doctrine.

14        Without waiving the foregoing objections, Responding Party responds as

15  follows: Responding Party has made a reasonable inquiry and lacks sufficient

16  information to admit or deny the Request, and therefore denies on that basis.

17  **REQUEST FOR ADMISSION NO. 11:**

18        Admit that the Lunchbox Emails do not attach any repository export, archive,

19  or bundle (e.g., .zip, .tar, .gz, .7z) containing Source Code.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

21        Responding Party hereby incorporates the General Objections as though fully

22  set forth herein. Responding Party objects to this Request on the grounds that the

23  terms "Lunchbox Emails" and "Source Code," as defined by Plaintiff, are vague,

24  ambiguous, overbroad, and unduly burdensome. Responding Party further objects

25  that the terms "any repository export, archive, or bundle (e.g., .zip, .tar, .gz, .7z)" are

26  vague, ambiguous, and overbroad. Responding Party further objects that the Request

27  seeks information that is neither relevant to the subject matter of the action nor

28  reasonably calculated to lead to the discovery of admissible evidence. Responding

1  Party further objects that the Request seeks an expert opinion.  Responding Party

2  further objects that the Request is compound, containing multiple distinct inquiries

3  within a single request, which is improper under the applicable Rules.

4  **REQUEST FOR ADMISSION NO. 12A:**

5    Admit that the Lunchbox Emails do not attach any file named with or

6  referring to a code repository, branch, commit, or hash associated with VoiceBite,

7  Presto or Checkmate.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 12A:**

9    Responding Party hereby incorporates the General Objections as though fully

10  set forth herein. Responding Party objects to this Request on the grounds that the

11  term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad,

12  and unduly burdensome. Responding Party further objects that the terms "any file,"

13  "code repository, branch, commit, or hash" and "associated with" are vague,

14  ambiguous, and overbroad. Responding Party further objects to this Request in that

15  the term "referring to" is vague, ambiguous, and overbroad. To determine whether a

16  document or thing "refers to" the facts recited in the Request requires interpretation,

17  and it is unclear from the Request in what manner the information may "refer to"

18  such facts. Responding Party further objects that the Request seeks information that

19  is neither relevant to the subject matter of the action nor reasonably calculated to

20  lead to the discovery of admissible evidence. Responding Party further objects that

21  the Request seeks an expert opinion. Responding Party further objects that the

22  Request is compound, containing multiple distinct inquiries within a single request,

23  which is improper under the applicable Rules.

24  **REQUEST FOR ADMISSION NO. 12B:**

25    Admit that the Lunchbox Emails do not contain any URL to a repository

26  (GitHub, GitLab, BitBucket or similar).

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 12B:**

28    Responding Party hereby incorporates the General Objections as though fully

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR
ADMISSIONS

1602150589.2

1   set forth herein. Responding Party objects to this Request on the grounds that the

2   term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad,

3   and unduly burdensome. Responding Party further objects that the terms "any URL"

4   and "repository (GitHub, GitLab, BitBucket or similar)" are vague, ambiguous, and

5   overbroad. Responding Party further objects that the Request seeks information that

6   is neither relevant to the subject matter of the action nor reasonably calculated to

7   lead to the discovery of admissible evidence. Responding Party further objects that

8   the Request seeks an expert opinion.  Responding Party further objects that the

9   Request is compound, containing multiple distinct inquiries within a single request,

10   which is improper under the applicable Rules.

11 **REQUEST FOR ADMISSION NO. 13:**

12       Admit that You have no evidence that Plaintiff transmitted Checkmate,

13   VoiceBite or Presto Source Code to Lunchbox in the Lunchbox Emails.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

15       Responding Party hereby incorporates the General Objections as though fully

16   set forth herein. Responding Party objects to this Request on the grounds that the

17   term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad,

18   and unduly burdensome. Responding Party further objects that the terms

19   "transmitted" and "Presto Source Code" are vague, ambiguous, and overbroad.

20   Responding Party further objects that the Request seeks information that is neither

21   relevant to the subject matter of the action nor reasonably calculated to lead to the

22   discovery of admissible evidence. Responding Party further objects that the Request

23   seeks an expert opinion. Responding Party further objects that the Request is

24   compound, containing multiple distinct inquiries within a single request, which is

25   improper under the applicable Rules.

26       Without waiving the foregoing objections, Responding Party responds as

27   follows: Deny.

28   ///

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS

1602150589.2

1    **REQUEST FOR ADMISSION NO. 14A:**

2        Admit that the only Attachments to the Lunchbox Emails in Your possession

3    are Audio Files.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 14A:**

5        Responding Party hereby incorporates the General Objections as though fully

6    set forth herein. Responding Party objects to this Request on the grounds that the

7    terms "Attachments," "Lunchbox Emails," and "Audio Files," as defined by

8    Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding

9    Party further objects that the Request seeks information that is neither relevant to the

10   subject matter of the action nor reasonably calculated to lead to the discovery of

11   admissible evidence. Responding Party further objects that the Request seeks an

12   expert opinion.

13       Without waiving the foregoing objections, Responding Party responds as

14   follows: Deny.

15   **REQUEST FOR ADMISSION NO. 14B:**

16       Admit that each such attachment has a MIME Content-Type beginning with

17   audio/.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 14B:**

19       Responding Party hereby incorporates the General Objections as though fully

20   set forth herein. Responding Party objects to this Request on the grounds that the

21   terms "each such attachment" are so vague, ambiguous, and overbroad as to render

22   the Request unintelligible. Responding Party further objects that the terms "MIME

23   Content-Type beginning with audio/" are vague, ambiguous, and overbroad.

24   Responding Party further objects that the Request seeks information that is neither

25   relevant to the subject matter of the action nor reasonably calculated to lead to the

26   discovery of admissible evidence. Responding Party further objects that the Request

27   seeks an expert opinion.

28       Without waiving the foregoing objections, Responding Party responds as

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR
ADMISSIONS

1  follows: Given that the Request is unintelligible, Responding Party lacks the ability

2  to admit or deny it, and on that basis denies the Request.

3  **REQUEST FOR ADMISSION NO. 15:**

4      Admit that characterizing the Attachments to the Lunchbox Emails as "code"

5  would be inaccurate because they are Audio Files.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

7      Responding Party hereby incorporates the General Objections as though fully

8  set forth herein. Responding Party objects to this Request on the grounds that the

9  terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague,

10  ambiguous, overbroad, and unduly burdensome. Responding Party further objects

11  that the terms "code" and "would be inaccurate" are vague, ambiguous, and

12  overbroad. Responding Party further objects to this Request in that the term

13  "characterizing" is vague, ambiguous, and overbroad. To determine whether a

14  document or thing "characterizes" the facts recited in the Request requires

15  interpretation, and it is unclear from the Request in what manner the information

16  may "characterize" such facts. Responding Party further objects that the Request

17  seeks information that is neither relevant to the subject matter of the action nor

18  reasonably calculated to lead to the discovery of admissible evidence. Responding

19  Party further objects that the Request seeks an expert opinion.

20  **REQUEST FOR ADMISSION NO. 16:**

21      Admit that You are able to produce the Lunchbox Emails in native .eml

22  format with full headers and all Attachments in native format.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

24      Responding Party hereby incorporates the General Objections as though fully

25  set forth herein. Responding Party objects to this Request on the grounds that the

26  terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague,

27  ambiguous, overbroad, and unduly burdensome. Responding Party further objects to

28  this Request in that the terms "able to produce" and "native .eml format" are vague,

ambiguous, and overbroad. Responding Party further objects that the Request seeks information not within Responding Party's possession, custody, or control. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 17:**

Admit that none of the Lunchbox Email Attachments includes any text segment that contains programming syntax for a programming language.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments" and "Lunchbox Emails" as defined by Plaintiff are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms "any text segment" and "programming syntax for a programming language" are so vague, ambiguous, and overbroad as to render the request unintelligible. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 18A:**

Admit that the body of the Lunchbox Emails does not contain the word "code".

**RESPONSE TO REQUEST FOR ADMISSION NO. 18A:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the

15

1  term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad,

2  and unduly burdensome. Responding Party further objects to this Request in that the

3  term "body" is so vague, ambiguous, and overbroad as to render the request

4  unintelligible. Responding Party further objects that the Request seeks information

5  that is neither relevant to the subject matter of the action nor reasonably calculated

6  to lead to the discovery of admissible evidence.

7      Without waiving the foregoing objections, Responding Party responds as

8  follows: Given that the Request is unintelligible, Responding Party lacks the ability

9  to admit or deny it, and on that basis denies the Request.

10  **REQUEST FOR ADMISSION NO. 18B:**

11      Admit that You have no record that Lunchbox (or Nabeel) replied

12  acknowledging receipt of "code" from Plaintiff in the Lunchbox Emails.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 18B:**

14      Responding Party hereby incorporates the General Objections as though fully

15  set forth herein. Responding Party objects to this Request on the grounds that the

16  term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad,

17  and unduly burdensome. Responding Party further objects to this Request in that the

18  term "code" is vague, ambiguous, and overbroad. Responding Party further objects

19  that the Request seeks information that is neither relevant to the subject matter of the

20  action nor reasonably calculated to lead to the discovery of admissible evidence.

21  Responding Party further objects that the Request is compound, containing multiple

22  distinct inquiries within a single request, which is improper under the applicable

23  Rules.

24      Without waiving the foregoing objections, Responding Party responds as

25  follows: Deny.

26  **REQUEST FOR ADMISSION NO. 19:**

27      Admit that none of the Lunchbox Email Attachments was marked or

28  designated by You as "confidential code," "source," "trade secret code," or similar.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

2      Responding Party hereby incorporates the General Objections as though fully

3  set forth herein. Responding Party objects to this Request on the grounds that the

4  terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague,

5  ambiguous, overbroad, and unduly burdensome. Responding Party further objects to

6  this Request in that the terms "marked or designated" and "'confidential code,'

7  'source,' "trade secret code,' or similar'" is vague, ambiguous, and overbroad.

8  Responding Party further objects that the Request seeks information that is neither

9  relevant to the subject matter of the action nor reasonably calculated to lead to the

10  discovery of admissible evidence. Responding Party further objects that the Request

11  is compound, containing multiple distinct inquiries within a single request, which is

12  improper under the applicable Rules.

13  **REQUEST FOR ADMISSION NO. 20:**

14      Admit that You have no basis to contend that the Lunchbox Email

15  Attachments are anything other than Audio Files.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

17      Responding Party hereby incorporates the General Objections as though fully

18  set forth herein. Responding Party objects to this Request on the grounds that the

19  terms "Attachments," "Lunchbox Emails," and "Audio Files," as defined by

20  Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding

21  Party further objects to this Request in that the terms "are anything other than" are

22  vague, ambiguous, and overbroad. Responding Party further objects that the Request

23  seeks information that is neither relevant to the subject matter of the action nor

24  reasonably calculated to lead to the discovery of admissible evidence. Responding

25  Party further objects that the Request seeks an expert opinions. Responding Party

26  further objects that the Request calls for a legal conclusion rather than a factual

27  response.

28      Without waiving the foregoing objections, Responding Party responds as

17

1  follows: Deny.

2  **REQUEST FOR ADMISSION NO. 21:**

3  Admit that, after a reasonable inquiry and as of the date of Your response, the

4  only Documents You rely on to support the Competitive Activity Allegations are the

5  Lunchbox Emails and their Attachments.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

7  Responding Party hereby incorporates the General Objections as though fully

8  set forth herein. Responding Party objects to this Request on the grounds that the

9  terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague,

10  ambiguous, overbroad, and unduly burdensome. Responding Party further objects to

11  this Request in that the term "Competitive Activity Allegations" is vague,

12  ambiguous, and overbroad. Responding Party further objects that the Request is

13  compound, containing multiple distinct inquiries within a single request, which is

14  improper under the applicable Rules. Responding Party further objects to this

15  Request to the extent it seeks information protected from disclosure by the attorney-

16  client privilege and/or the work product doctrine.

17  Without waiving the foregoing objections, Responding Party responds as

18  follows: Deny.

19  **REQUEST FOR ADMISSION NO. 22:**

20  Admit that, after a reasonable inquiry and as of the date of Your response,

21  You do not possess any communication from Plaintiff to any then-current

22  Checkmate employee expressly asking that employee to terminate employment to

23  accept a specific role.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

25  Responding Party hereby incorporates the General Objections as though fully

26  set forth herein. Responding Party objects to this Request in that the term "any then-

27  current Checkmate employee" is vague, ambiguous, and overbroad. Responding

28  Party further objects that the Request seeks information not within Responding

1 Party's possession, custody, or control. Responding Party further objects that the

2 Request is compound, containing multiple distinct inquiries within a single request,

3 which is improper under the applicable Rules. Responding Party further objects that

4 the Request calls for a legal conclusion rather than a factual response.

5       Without waiving the foregoing objections, Responding Party responds as

6 follows: Deny.

7 **REQUEST FOR ADMISSION NO. 23:**

8       Admit that, after a reasonable inquiry and as of the date of Your response,

9 You do not possess any communication from Plaintiff to any Checkmate customer

10 requesting that the customer move existing business from Checkmate.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

12       Responding Party hereby incorporates the General Objections as though fully

13 set forth herein. Responding Party objects to this Request in that the terms "any

14 Checkmate customer" and "existing business" are vague, ambiguous, and

15 overbroad. Responding Party further objects that the Request seeks information not

16 within Responding Party's possession, custody, or control. Responding Party further

17 objects that the Request is compound, containing multiple distinct inquiries within a

18 single request, which is improper under the applicable Rules.

19       Without waiving the foregoing objections, Responding Party responds as

20 follows: Deny.

21 **REQUEST FOR ADMISSION NO. 24:**

22       Admit that, after a reasonable inquiry and as of the date of Your response,

23 You do not possess any Document showing that before November 14, 2024 Plaintiff

24 engaged in a "Competing Business" as that term is used in any Checkmate

25 agreement.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

27       Responding Party hereby incorporates the General Objections as though fully

28 set forth herein. Responding Party objects to this Request in that the terms

"Competing Business" and "any Checkmate agreement" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "showing" is vague, ambiguous, and overbroad. To determine whether a document or thing "shows" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "show" such facts. Responding Party further objects that the Request seeks information not within Responding Party's possession, custody, or control. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after a reasonable inquiry and as of the date of Your response, You do not possess any communication (other than the Lunchbox Emails) in which Plaintiff represented that he sent or would send source code to any third party.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms "source code" and "any third party" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "represented" is vague, ambiguous, and overbroad. To determine whether a document or thing "represents" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "represent" such facts. Responding Party further objects that the Request seeks information not within Responding Party's possession, custody, or control. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a

20

1  single request, which is improper under the applicable Rules.

2  **REQUEST FOR ADMISSION NO. 26:**

3  Admit that, after a reasonable inquiry and as of the date of Your response,

4  You have not identified any person You contend Plaintiff actually solicited to leave

5  Checkmate.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

7  Responding Party hereby incorporates the General Objections as though fully

8  set forth herein. Responding Party objects to this Request in that the terms "any

9  person code" and "actually solicited" are vague, ambiguous, and overbroad.

10  Responding Party further objects to this Request in that the term "identified" is

11  vague, ambiguous, and overbroad. To determine whether a document or thing

12  "identifies" the facts recited in the Request requires interpretation, and it is unclear

13  from the Request in what manner the information may "identify" such facts.

14  Responding Party further objects that the Request is compound, containing multiple

15  distinct inquiries within a single request, which is improper under the applicable

16  Rules. Responding Party further objects that the Request calls for a legal conclusion

17  rather than a factual response.

18  Without waiving the foregoing objections, Responding Party responds as

19  follows: Deny.

20  **REQUEST FOR ADMISSION NO. 27:**

21  Admit that the Lunchbox Emails (dated November 7-8) post-date Plaintiff's

22  written demands for payment of his partial/signing bonus in early November 2024

23  (dated November 4).

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

25  Responding Party hereby incorporates the General Objections as though fully

26  set forth herein. Responding Party objects to this Request on the grounds that the

27  term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad,

28  and unduly burdensome. Responding Party further objects to this Request in that the

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR
ADMISSIONS

1  terms "written demands" and "partial/signing bonus" are vague, ambiguous, and

2  overbroad. Responding Party further objects that the Request seeks information that

3  is neither relevant to the subject matter of the action nor reasonably calculated to

4  lead to the discovery of admissible evidence.

5      Without waiving the foregoing objections, Responding Party responds as

6  follows: Deny.

7

8

9  Date: September 15, 2025                          K&L GATES LLP

10

11  _____

12  Ryan Q. Keech (SBN 280306)
   Stacey Chiu (SBN 321345)

13  Rebecca I. Makitalo (SBN 330258)
   Jacob R. Winningham (SBN 357987)

14  10100 Santa Monica Boulevard, 8th Floor
   Los Angeles, California 90067

15  Telephone: 310.552.5000

16  Facsimile: 310.552.5001

17  *Attorneys for Defendant and Counter-*

18  *Claimant CHECKMATE.COM INC*

19

20

21

22

23

24

25

26

27

28

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR
ADMISSIONS

1602150589.2

# PROOF OF SERVICE

Case No. 2:25-CV-00765-MEMF-JPR

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **September 15, 2025**, I served the document(s) described as:

**CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS**

on the person or person(s) below, as follows:

Arjun Vasan
12615 193rd Street
Cerritos, CA 90703                        *Plaintiff Pro Se*
Email: arjun.vasan@gmail.com
Telephone: 562-900-6541

The documents were served by the following means:

☐        **BY U.S. MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒        **BY ELECTRONIC SERVICE:** by transmitting a true copy of the foregoing document(s) to the email-addresses set forth as stated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 15, 2025**, at Los Angeles, California.

Dyana Estrada

RECYCLED PAPER

**PROOF OF SERVICE**

509121106.1