Ryan Q. Keech (SBN 280306)
Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
Stacey.Chiu@klgates.com
Rebecca Makitalo (SBN 330258)
Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counter-Claimant
CHECKMATE.COM INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN, | Case No. 2:25-cv-00765-MEMF-AS |
| Plaintiff, | Hon. Alka Sagar |
| v. | DISCOVERY MATTER |
| CHECKMATE.COM, INC., | **CHECKMATE.COM INC.'S REPLY TO PLAINTIFF ARJUN VASAN'S OPPOSITION (DKT. 111) AND IN SUPPORT OF MOTION TO ENFORCE AND COMPEL COMPLIANCE WITH SUBPOENA TO VASAN VARADARAJAN AND FOR CONTEMPT** |
| Defendant. | |
| CHECKMATE.COM, INC., | |
| Counterclaim-Plaintiff, | *[Filed concurrently herewith Declaration of Rebecca I. Makitalo]* |
| v. | Hearing Date: November 20, 2025<br>Time: 11 a.m.<br>Courtroom: 540 |
| ARJUN VASAN, | |
| Counterclaim-Defendant. | Complaint Filed: January 28, 2025<br>Amended Complaint Filed: February 21, 2025 |

CHECKMATE'S REPLY TO PLAINTIFF ARJUN VASAN'S OPPOSITION (DKT. 111) AND IN SUPPORT OF ITS MOTION TO COMPEL (DKT. 101)

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. Plaintiff Has No Standing To Challenge The Subpoena To Mr. Varadarajan ................................................................................................... 2

    B. Plaintiff's Blanket Work-Product Assertion Fails ............................... 4

    C. Plaintiff Lacks Standing To Assert Relevance Or Burden Objections To The Subpoena Directed To Mr. Varadarajan ............... 6

    D. Plaintiff Fails To Meet His "Heavy Burden" For A Stay Of Discovery ............................................................................................ 7

    E. Plaintiff Is Interfering With Discovery And Engaged In The Unauthorized Practice Of Law .............................................................. 8

III. CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Admiral Ins. Co. v. U.S. Dist. Ct.*,
  881 F.2d 1486 (9th Cir. 1989) ............................................................................. 5

*Ex Parte* Application to Quash Subpoenas
  (Dkt. 80) ................................................................................................................ 4

*In re California Pub. Utils. Comm'n*,
  892 F.2d 778 (9th Cir.1989) ................................................................................ 4

*California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*,
  299 F.R.D. 638 (E.D. Cal. 2014) ........................................................................ 2

*Cappiello, Hofmann & Katz v. Boyle*,
  105 Cal. Rptr. 2d 147 (Ct. App. 2001) ............................................................... 9

*Castillo v. City of Los Angeles*,
  No. 2:20-CV-04257-JAK-JC, 2021 WL 8895084 (C.D. Cal. Dec. 13, 2021) ................................................................................................................ 6

*Clarke v. Am. Com. Nat. Bank*,
  974 F.2d 127 (9th Cir. 1992) ............................................................................... 3

*Crispin v. Christian Audigier, Inc.*,
  717 F. Supp. 2d 965 (C.D. Cal. 2010) ............................................................... 2

*Eastman v. Thompson*,
  594 F. Supp. 3d 1156 (C.D. Cal. 2022) ............................................................ 3

*Eclat Pharms., LLC v. W.-Ward Pharm. Corp.*,
  No. CV136252JAKPLAX, 2014 WL 12607663 (C.D. Cal. Mar. 26, 2014) ................................................................................................................... 6

*Foster v. Puma N. Am., Inc.*,
  No. 2:23-CV-09372-FLA (SKX), 2024 WL 4414871 (C.D. Cal. July 16, 2024) ......................................................................................................... 8

*Garcia v. City of El Centro*,
  214 F.R.D. 587 (S.D. Cal. 2003) ........................................................................ 5

*In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*,
  357 F.3d 900 (9th Cir. 2004) .................................................................. 4

*In re Grand Jury Witness*,
  695 F.2d 359 (9th Cir. 1982) .................................................................. 4

*Intex Recreation Corp. v. Bestway (USA), Inc.*,
  No. CV 19-8596-JAK(EX), 2023 WL 6193018 (C.D. Cal. Sept. 8,
  2023) ................................................................................................ 4, 5

*Jiae Lee v. Dong Yeoun Lee*,
  No. CV 19-8814 JAK, 2020 WL 7890868 (C.D. Cal. Oct. 1, 2020) .......... 6

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ................................................................ 7

*In re Pandora Media, LLC Copyright Litig.*,
  No. 222CV00809MCSMAR, 2023 WL 2661192 (C.D. Cal. Jan. 31,
  2023) .................................................................................................... 7

*Perez v. Orange Cnty. Sheriffs Dep't*,
  No. 8:22-CV-02229-FWS, 2023 WL 8074345 (C.D. Cal. June 26,
  2023) .................................................................................................... 6

*Simmons v. Adams*,
  No. 1:10-CV-01259-LJO, 2013 WL 2995274 (E.D. Cal. June 14,
  2013) .................................................................................................... 5

*Skellerup Indus. Ltd. v. City of Los Angeles*,
  163 F.R.D. 598 (C.D. Cal. 1995) ............................................................ 7

*Tardiff v. State Bar*,
  27 Cal. 3d 395, 612 P.2d 919 (1980) .................................................... 10

*Terteryan v. Nissan Motor Acceptance Corp.*,
  No. CV 16-2029-GW (KS), 2017 WL 3576844 (C.D. Cal. July 5,
  2017) .................................................................................................... 2

*United States v. Clark*,
  4 F. Supp. 2d 940 (C.D. Cal. 1998) ............................................... 8, 9, 10

*United States v. Richey*,
  632 F.3d 559 (9th Cir. 2011) .................................................................. 3

*United States v. ScribeAmerica, LLC*,
   No. 2:21-CV-04324-FLA (ASX), 2024 WL 6085688 (C.D. Cal. Nov. 4, 2024) ...................................................................................... 7

*Upjohn Co. v. United States*,
   449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) .......................................... 3

*Wolfgram v. Wong*,
   No. C-94-3063 EFL, 1995 WL 56597 (N.D. Cal. Feb. 3, 1995) ........................ 9

*Wood v. McEwen*,
   644 F.2d 797 (9th Cir. 1981) ............................................................................... 8

**Statutes**

Bus. & Prof. Code § 6125 ........................................................................................ 8

Bus. & Prof. Code § 6126 ........................................................................................ 9

Bus. & Prof. Code § 6126(a) ................................................................................... 8

Bus. & Prof. Code § 6127 ........................................................................................ 9

Cal.Civ.Proc.Code § 1209 ....................................................................................... 9

**Other Authorities**

9A Charles Wright & Arthur Miller, FEDERAL PRACTICE & PROCEDURE, § 2459 (3d ed. 2008) .................................................................. 2

Fed. R. Civ. P. 26(b)(3) ...................................................................................... 4, 5

Fed. R. Civ. P. 26(c)(4) ........................................................................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court has already ruled that Plaintiff Arjun Vasan ("Plaintiff" or "Vasan") does not have standing to challenge Defendant Checkmate.com, Inc. ("Checkmate" or "Defendant")'s Motion to Enforce and Compel Compliance with Subpoena to Vasan Varadarajan and for Contempt (the "Motion to Compel," Dkt. 101). *See* Dkt. 85 at 3 ("Plaintiff has not adequately demonstrated that he has standing to challenge the Vasan subpoena given that he has not shown with actual evidence, as opposed to argument, that he is seeking to protect his own privileged documents."). Rather than heed the Court's clear ruling, Plaintiff has persisted in filing his present Opposition (Dkts. 104 and 111) to Checkmate's Motion to Compel. Even if Plaintiff had standing to challenge Checkmate's subpoena to Mr. Varadarajan—he does ***not***—his Opposition nevertheless fails to show any grounds to quash or modify the valid subpoena. Instead, Plaintiff's Opposition merely reiterates baseless and irrelevant arguments from Plaintiff's other pending Motions to Strike Affirmative Defenses (Dkt. 79), Dismiss Counterclaims (Dkt. 81), and to Compel Discovery (Dkt. 113) in an improper last-ditch effort to prove the merits of his case in a piecemeal fashion. The Court should not countenance this attempt to circumvent the law and proper procedure.

Perhaps even more damningly, Plaintiff's Opposition is the latest collaborative attempt by Plaintiff and Mr. Varadarajan to avoid Mr. Varadarajan's clear obligation to comply with a validly-issued and -served subpoena. *See* § III.D and n.2 *infra*. In "assisting" Mr. Varadarajan—as both Plaintiff (Dkt. 111 at 2:16-18) and Mr. Varadarajan (Dkt. 115 at ii:1-3) have admitted—Plaintiff has advised and purported to represent Mr. Varadarajan in this case, constituting an unlawful practice of law that is both interfering with these proceedings and directly placing Mr. Varadarajan in harm's way.

Plaintiff's continued attempts to interfere with discovery should thus be rejected.

## II. ARGUMENT

### A. Plaintiff Has No Standing To Challenge The Subpoena To Mr. Varadarajan

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) (quoting 9A Charles Wright & Arthur Miller, FEDERAL PRACTICE & PROCEDURE, § 2459 (3d ed. 2008)); *see also California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) ("The general rule ... is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.") (citation omitted). "The movant[] bears the burden of establishing a personal right or privilege in the information sought." *Terteryan v. Nissan Motor Acceptance Corp.*, No. CV 16-2029-GW (KS), 2017 WL 3576844, at *2 (C.D. Cal. July 5, 2017).

As an initial matter, the Court has already ruled that Plaintiff lacks standing to challenge Checkmate's Subpoena to Mr. Varadarajan (*see generally* Dkt. 80 "*Ex Parte* Application to Quash Subpoenas") and explicitly determined he lacks the requisite standing to do so. *See* Dkt. 85 at 3 ("Plaintiff has not adequately demonstrated that he has standing to challenge the Vasan subpoena given that he has not shown with actual evidence, as opposed to argument, that he is seeking to protect his own privileged documents."). Plaintiff's current Opposition simply reprises previously rejected arguments and should be denied for the same reasons.

Plaintiff's present filing is a repetition of earlier arguments without any new evidentiary support. Plaintiff has not established that the subpoena seeks personal or privileged information ***about himself*** in particular. He generally asserts that the

1  subpoena "seeks 'private family communications.'" Dkt. 111 at 2:2. He further
2  claims that the subpoena "brings AV's brother and mother into scope" (*id.* at 2:3),
3  "[i]t would include family disputes, concern of parents for children and vice versa,
4  medical and financial issues and so on" (*id.* at 2:5-6), and that "[i]t directly targets
5  AV's health." *Id.* at 2:6. None of these alleged concerns implicate Plaintiff's
6  privileged information. Plaintiff makes a blanket assertion that "[m]any categories
7  concern prior employer, transaction or financial information that **may be attorney-**
8  **client or accountant-privileged**: for AV, VV and others." *Id.* at 2:13-14. Such a
9  speculative statement, unsupported by any actual evidence, is not enough to establish
10 the required threshold showing that a party must make in order to establish that a
11 privilege or personal right applies.

12      Furthermore, Plaintiff's *pro se* status does not afford him the right to invoke
13 attorney–client privilege over communications with Mr. Varadarajan. *See United*
14 *States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citing *Upjohn Co. v. United*
15 *States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)) ("The attorney-
16 client privilege **protects confidential communications between attorneys and**
17 **clients**, which are made for the purpose of giving legal advice.") (emphasis added).
18 To the extent Plaintiff claims that "many categories" concern "AV, VV and others"
19 (Dkt. 111 at 2:13-14), Plaintiff fails to establish or identify with any specificity
20 documents or communications involving a licensed attorney or attempt to describe
21 any such documents or communications exchanged. The "party asserting the
22 attorney-client privilege has the burden of establishing the relationship *and* the
23 privileged nature of the communication." *Eastman v. Thompson*, 594 F. Supp. 3d
24 1156, 1175 (C.D. Cal. 2022) (citation omitted) (emphasis in original). Further, "[t]he
25 party must assert the privilege 'as to each record sought to allow the court to rule
26 with specificity.'" *Id.* (quoting *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 129 (9th
27 Cir. 1992)). Plaintiff's conclusory assertion of "privilege" does not satisfy the
28 threshold showing that a party must make in order to establish that a privilege applies.

*See In re Grand Jury Witness,* 695 F.2d 359, 362 (9th Cir. 1982) ("[B]lanket assertions of privilege [to a subpoena], are extremely disfavored."). Reminiscent of his rejected *Ex Parte* Application to Quash Subpoenas (Dkt. 80), Plaintiff offers only generalized, conclusory statements, which do not satisfy his burden to show a personal privilege or privacy right sufficient to challenge a third-party subpoena. *See* Dkt. 85 at 3-4 ("Plaintiff nowhere claims that the sought documents involve counsel or demonstrates with actual evidence that they otherwise impeded on a protectable privacy right personal to him.").

### B. Plaintiff's Blanket Work-Product Assertion Fails

Plaintiff's Opposition blanketly claims that he can avail himself of the work-product doctrine because it applies equally to *pro se* litigants. *See* Dkt. 111 at 2:14-10, n.2. However, "[u]nlike the protection afforded by the attorney-client privilege, the protection afforded by the work product doctrine is not absolute." *Intex Recreation Corp. v. Bestway (USA), Inc.*, No. CV 19-8596-JAK(EX), 2023 WL 6193018, at *3 (C.D. Cal. Sept. 8, 2023). "The work-product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative **in anticipation of litigation**." *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P. 26(b)(3)) (emphasis added); *see also In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (quoting *In re California Pub. Utils. Comm'n*, 892 F.2d 778, 780–81 (9th Cir.1989)) ("[T]o qualify for protection against discovery under [Rule 26(b)(3)], documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.' ").

"Although the rule affords special protections for work-product that reveals an attorney's mental impressions and opinions, other work-product materials nonetheless may be ordered produced upon an adverse party's demonstration of substantial need or inability to obtain the equivalent without undue hardship."

*Admiral Ins. Co.*, 881 F.2d at 1494 (citation omitted); *Intex Recreation Corp.*, 2023 WL 6193018, at *3 (quoting Fed. R. Civ. P. 26(b)(3)) ("Discovery may be appropriate if the party seeking disclosure of work product material demonstrates 'substantial need for the material and an inability 'without undue hardship to obtain the substantial equivalent of the [material] by other means.' "). However, "[b]ecause the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts *contained within the work product*." *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (citation omitted) (emphasis in original). Thus, "[o]nly when a party seeking discovery attempts to ascertain facts, which inherently reveal the attorney's mental impression, does the work product protection extend to the underlying facts." *Id.*; *see also Simmons v. Adams*, No. 1:10-CV-01259-LJO, 2013 WL 2995274, at *2 (E.D. Cal. June 14, 2013) (denying objection to discovery request "on the basis of 'pro se plaintiff work product'" because the information sought "concern[ed] very basic facts relevant to Plaintiff's claim.").

Plaintiff's objection based on work product fails at the threshold. He asserts, without any specificity, that Checkmate's subpoena seeks unspecified "litigation materials," including "opinion work-product," yet he identifies no particular request that purportedly seeks such materials. *See* Dkt. 111 at 2:14-16 ("More troubling is the request for litigation materials, which include opinion work-product and would confer collateral benefit unrelated to claims or defenses."). It is Plaintiff's burden to demonstrate that the work-product doctrine applies to particular documents, including by identifying the requests at issue, and establishing that they were prepared in anticipation of litigation. He does none of this.

As indicated above, the work-product doctrine is not absolute, and Plaintiff's *pro se* status does not cloak all of his documents or communications with Mr. Varadarajan with protection. Plaintiff offers no evidentiary basis to show that any

responsive documents or communication were prepared in anticipation of litigation, and he makes no effort to describe the character of the documents or communications which he vaguely claims are protected. He thus fails to meet his burden to show that the doctrine applies to any request in Checkmate's subpoena or that any documents were prepared in anticipation of litigation. His blanket, unsupported assertion is insufficient and should be rejected.

### C. Plaintiff Lacks Standing To Assert Relevance Or Burden Objections To The Subpoena Directed To Mr. Varadarajan

Plaintiff's Opposition baselessly reiterates irrelevant arguments regarding Plaintiff's other pending Motions to Strike Affirmative Defenses (Dkt. 79), Dismiss Counterclaims (Dkt. 81), and to Compel Discovery (Dkt. 113) in a futile attempt to distract the Court from the core issue: Mr. Varadarajan's non-compliance with Checkmate's validly issued subpoena. In his piecemeal Opposition, Plaintiff further incorporates arguments to quash or modify the subpoena based on relevance, overbreadth, or undue burden, all which can easily be dismissed as he lacks standing to assert such arguments. *See Eclat Pharms., LLC v. W.-Ward Pharm. Corp.*, No. CV136252JAKPLAX, 2014 WL 12607663, at *1 (C.D. Cal. Mar. 26, 2014) (citation omitted) ("[T]he general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."); *Jiae Lee v. Dong Yeoun Lee*, No. CV 19-8814 JAK (PVCX), 2020 WL 7890868, at *5 (C.D. Cal. Oct. 1, 2020) ("[O]nly the party to which the subpoena is directed has standing to object to the requests on the grounds that they are irrelevant, vague, overbroad, duplicative, unduly burdensome."); *see also Castillo v. City of Los Angeles*, No. 2:20-CV-04257-JAK-JC, 2021 WL 8895084, at *3 (C.D. Cal. Dec. 13, 2021) ("A party [] lacks standing to object a subpoena served on a third party on grounds of relevance, overbreadth, or undue burden."); *Perez v. Orange Cnty. Sheriffs Dep't*, No. 8:22-CV-02229-FWS (JDEX), 2023 WL 8074345, at *3

(C.D. Cal. June 26, 2023) ("[A] party lacks standing to object a subpoena served on a third party on grounds of undue burden.").

Despite Plaintiff's clear lack of standing to quash or modify the subpoena based on relevance, overbreadth, or undue burden, Checkmate maintains such objections are meritless as the subpoena is narrowly tailored and relevant to both parties' claims and defense in this action. To avoid burdening the Court with rehashing the detailed basis for same, Checkmate respectfully refers the Court to its moving papers (Dkt. 101 at 10-13) and the arguments set forth in its Opposition to Vasan Varadarajan's Motion for Protective Order and to Quash of Modify Subpoena. (Dkt. 112 at 6-9, 12-16). Thus, there is no basis to modify or quash the subpoena on the grounds of overbreadth, irrelevance, or undue burden.

### D. Plaintiff Fails To Meet His "Heavy Burden" For A Stay Of Discovery

A district court has discretionary authority to stay proceedings. *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir. 2005). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *United States v. ScribeAmerica, LLC*, No. 2:21-CV-04324-FLA (ASX), 2024 WL 6085688, at *1 (C.D. Cal. Nov. 4, 2024) (citation omitted); *see also Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) ("The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *In re Pandora Media, LLC Copyright Litig.*, No. 222CV00809MCSMAR, 2023 WL 2661192, at *1 (C.D. Cal. Jan. 31, 2023); *see also Skellerup Indus. Ltd.*, 163 F.R.D. at 601 (concluding that staying discovery simply because a dispositive motion is pending would be "directly at odds with the need for expeditious resolution of litigation") (internal quotation marks omitted).

Plaintiff merely asserts, without substantiation, that discovery should be stayed because "[t]he 12(b)(6) motion has been fully briefed" (Dkt. 111 at 3:15) and "[s]taying non-party discovery until plausibility prejudices no party, regardless of theory." *Id*. at 10:3-4. These conclusory statements do not justify a stay of discovery. Furthermore, Plaintiff utterly fails to establish that Checkmate will be unable to state a claim for relief to support a stay – because he cannot. (Dkt. 71 ("Counterclaims")). *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citation omitted) ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the [party] will be unable to state a claim for relief."); *Foster v. Puma N. Am., Inc.*, No. 2:23-CV-09372-FLA (SKX), 2024 WL 4414871, at *1 (C.D. Cal. July 16, 2024) ) ("[A] general stay of discovery is only appropriate where the Court is convinced that all claims will be dismissed.") (citation omitted). Furthermore, as detailed in Checkmate's moving papers, even if the Court were to grant Plaintiff's Second Motion to Dismiss (Dkt. 81) – which it should not for reasons set forth in Checkmate's Opposition to Plaintiff's Second Motion to Dismiss (Dkt. 94) – the testimony and documents sought by Checkmate in the subpoena are specifically tailored and directly relevant **to the claims and defenses of both Plaintiff and Checkmate**. Thus, under any outcome on Plaintiff's Second Motion to Dismiss, the subpoena maintains its relevancy. Plaintiff has clearly failed to meet his burden to justify a stay of discovery and his request should be denied.

**E.   Plaintiff Is Interfering With Discovery And Engaged In The Unauthorized Practice Of Law**

It is axiomatic that "[n]o person shall practice law in California unless the person is an active member of the State Bar." Bus. & Prof. Code § 6125.

> "Any person advertising or holding himself or herself out as practicing or entitled to practice law or otherwise practicing law who is not an active licensee of the State Bar, or otherwise authorized pursuant to statute or court rule to practice law in this state at the time of doing so,

***is guilty of a misdemeanor punishable by up to one year in a county jail or by a fine of up to one thousand dollars ($1,000), or by both that fine and imprisonment.***"

*Id*. § 6126(a) (emphasis added).

"California classifies the unauthorized practice of law as criminal." *United States v. Clark*, 4 F. Supp. 2d 940, 942 n.5 (C.D. Cal. 1998) (denying motion to dismiss where law school graduate, never admitted to practice law, was charged with the unauthorized practice of law for representing military personnel at court martial proceedings).  The unauthorized practice of law is not only a misdemeanor, it is also a contempt of court. *See* Bus. & Prof. Code § 6127 (stating that "[a]dvertising or holding oneself out as practicing or as entitled to practice law or otherwise practicing law in any court, without being an active licensee of the State Bar" is an "act[] or omission[] in respect to the practice of law" that "are contempts of the authority of the courts"); *see also Cappiello, Hofmann & Katz v. Boyle*, 105 Cal. Rptr. 2d 147, 151 (Ct. App. 2001) ("[O]ffering legal services is committing a misdemeanor under Business and Professions Code section 6126, and contempt of court under Business and Professions Code section 6127."). "Pursuant to California law, a judge is empowered to hold persons in contempt, and to punish such contempt summarily when it occurs in the judge's presence." *Wolfgram v. Wong*, No. C-94-3063 EFL, 1995 WL 56597, at *3 (N.D. Cal. Feb. 3, 1995) (citing Cal.Civ.Proc.Code §§ 1209).

There are "two public interests [that] underlie § 6126's restriction against unlicensed practice of law." *Clark*, 4 F. Supp. 2d at 943.  "First, California has an interest in requiring attorneys to be licensed so the public is protected from being advised and represented by unqualified persons," and "[s]econd, California has an interest in stopping the unlicensed practice of law to protect the integrity of the judicial process." *Id*. (citations omitted).  "In furtherance of these two public interests, ***the unlicensed practice of law in California is prohibited***, not simply regulated." *Id*.

While Plaintiff is entitled to represent himself, he may not under any

circumstances do what he is doing here: furnish legal advice or draft legal documents on behalf of another person. Plaintiff's conduct is particularly egregious not only because the unauthorized practice of law is a misdemeanor in California but because it has been undertaken for the express purpose of interfering with discovery and helping his own case at the expense of his father's interests – a glaring conflict of interest.

Notwithstanding explicit warnings from Checkmate's counsel regarding the consequences of engaging in the unauthorized practice of law (*see* Makitalo Decl. at ¶¶ 2-6, Exs. 1-2), Plaintiff has persisted. Plaintiff's *pro se* status does not confer any authority to represent, advise, or prepare filings on behalf of his family members. *See Tardiff v. State Bar*, 27 Cal. 3d 395, 402, 612 P.2d 919, 922 (1980) (holding that where a disbarred attorney "signed pleadings, made court appearances and entered into a settlement agreement as 'attorney' for his wife" and "helped a former neighbor prepare an answer in her eviction proceeding and phoned opposing counsel to obtain an extension of time for her to file her answer," these actions "constituted unauthorized practice of law"). Plaintiff has conceded using AI to prepare his own filings,[1] resulting in meritless motions with fabricated AI citations, among numerous other deficiencies.[2] However, familiarity with AI technology is not a substitute for a license to practice law. The public interest demands protection from unqualified individuals providing legal advice. *Clark*, 4 F. Supp. 2d at 943. It is no surprise that Mr. Varadarajan's Opposition (Dkt. 115) to Checkmate's Motion to Compel is little

---

[1] *See* Dkt. 111 at 2:20 n.2 (hyperlinking to a webpage for "app.midpage.ai").
[2] Plaintiff's earlier-filed Opposition (Dkt. 104) to Checkmate's Motion to Compel contains a number of seemingly-hallucinated quotations. *See, for example,* Dkt. 104 at 5:17-18 and 5:22-26 (ascribing quotations to cases which do not contain the quoted language). Plaintiff's "assistance" appears to have ***also*** resulted in fabricated citations in Mr. Varadarajan's Opposition (Dkt. 115), as that briefing ***also*** contains purportedly-quoted language that does not appear in either of the cited cases. *See* Dkt. 115 at 6:1-3 (quoting two different cases as stating that non-party discovery must be "limited to protect third parties," language that does not appear in either case). The earlier Opposition and Mr. Varadarajan's Opposition therefore both appear to be examples of Plaintiff's reliance on seemingly AI-hallucinated citations. *See, for example,* Dkt. 94 at 4:13 n.3 (identifying non-existent cases relied upon in Plaintiff's briefing) and Dkt. 32 at 4:16-23 (same).

more than a repurposed filing of Plaintiff's pending Motions to Strike Affirmative Defenses (Dkt. 79), Dismiss Counterclaims (Dkt. 81), and to Compel Discovery (Dkt. 113), as well as Plaintiff's own Opposition (Dkt. 111), demonstrating unauthorized practice of law and undermining the judicial process.

Plaintiff's actions violate state statutory provisions governing the practice of law, harm the judicial process, subordinate Mr. Varadarajan's interests to his own and deprive Mr. Varadarajan of the right to *actual* advice about his *actual* rights and obligations under the *actual* law from **competent, regulated, educated and licensed** counsel.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Opposition should be rejected in its entirety.

Date: November 6, 2025

Respectfully Submitted,

K&L GATES LLP

_____

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
Jacob R. Winningham (SBN 357987)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC.*

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Checkmate certifies that this brief contains 3,504 words, which complies with the word limit of L.R. 11-6.1.

Date: November 6, 2025

Respectfully submitted,

K&L GATES LLP

_____

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
Jacob R. Winningham (SBN 357987)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC.*