Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

(562) 900-6541

Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br><br>  Plaintiff and Counter-Defendant <br><br> vs. <br><br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br><br>  Defendant and Counterclaimant | Case No.: 2:25−cv−00765−MEMF−ASx <br> Hon. Alka Sagar \| DISCOVERY MATTER <br><br> **PLAINTIFF'S OBJECTION TO NEW MATTER IN REPLY AND REQUEST TO DISREGARD OR ALTERNATIVELY FOR LEAVE TO FILE SUR-REPLY (DKT. 116)** <br><br> Complaint Filed: January 28, 2025 <br> Hearing Date: November 20, 2025 <br> Hearing Time: 11:00 A.M. <br> Courtroom: 540 |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

   Plaintiff Arjun Vasan ("AV") objects to new matter first raised in Defendant's Reply (Dkt. 116) in support of its Motion to Compel (Dkt. 101) and respectfully requests that the Court disregard such material. This filing is not a sur-reply and adds no new evidence or argument on the merits; it merely identifies improper new matter and asks the Court not to consider it.

### I.  NEW, IRRELEVANT AND PREJUDICIAL MATERIAL

The Reply introduces new, prejudicial content—accusations of unauthorized practice of law and quotations of criminal penalties (including a bolded jail term), issues not presented in the motion and irrelevant to whether a non-party subpoena is overbroad and disproportionate:

A. **Unauthorized-practice-of-law ("UPL")** accusations and quotation of criminal penalties—**including a bolded jail term**—that were not presented in the opening motion and are irrelevant to Rule 26/45 proportionality. See Reply, Dkt. 116 at 13-14.

B. **Irrelevant AI rhetoric** directed to a withdrawn brief, and a non-party brief. *Id*.

Neither issue bears on the matters before the Court—whether to compel a non-party to comply with a Rule 45 subpoena and if contempt is appropriate—which turn on Rule 26(b)(1) proportionality, Rule 26(c) protections, and Rule 45(d)–(g) non-party safeguards. The Reply does not address the merits of AV's brief (Dkt. 111), and pivots to this *ad hominem* rhetoric.

### II.  GOVERNING STANDARD

Courts in the Ninth Circuit "will not consider arguments that are raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); see also *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (district court properly disregarded new evidence, arguments in reply unless the non-movant is afforded a chance to respond). This principle prevents prejudice and preserves fair process.

### III.  REQUEST FOR RELIEF

Consistent with *Zamani* and *Provenz*, AV respectfully requests the Court to disregard the new and unfairly prejudicial matter identified above. In the alternative, should the Court wish to consider any of it, AV requests leave to file a sur-reply not to exceed three (3) pages within two court days, limited strictly to that new material.

Dated: **November 7, 2025**

In: **Cerritos, California**

**Respectfully submitted**,

/s/ *Arjun Vasan*

**Arjun Vasan**, Plaintiff *In Pro Per*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6**

Plaintiff Arjun Vasan certifies that this brief contains 284 words, which complies with the 7000-word limit of L.R. 11- 6.1 and the Court's Civil Standing Order dated Aug. 27, 2025.

Dated: **November 7, 2025**

In: **Cerritos, California**

**Respectfully submitted**,

/s/ *Arjun Vasan*

**Arjun Vasan**, Plaintiff *In Pro Per*