LODGED
CLERK, U.S. DISTRICT COURT
11/6/2025
CENTRAL DISTRICT OF CALIFORNIA
BY  GSA  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**,<br><br>   Plaintiff and Counter-Defendant<br><br>vs.<br><br>**Checkmate.com, Inc.**,<br>(dba "Checkmate"),<br><br>   Defendant and Counterclaimant | Case No.: 2:25−cv−00765−MEMF−ASx<br><br>Hon. Alka Sagar \| DISCOVERY MATTER<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF RFA RESPONSES; COMPEL RULE 26(A)(1)(A)(III) DAMAGES COMPUTATIONS; AND FOR A PROTECTIVE ORDER PHASING OR SEQUENCING DISCOVERY**<br><br>Complaint Filed: January 28, 2025<br>Hearing Date: November 20, 2025<br>Hearing Time: 11:00 A.M.<br>Courtroom: 540 |

   Having considered Non-Party Vasan Varadarajan's motion, the papers, and the record, the Court GRANTS IN PART the motion and ORDERS as follows:

**I. Conditions Precedent to Any Non-Party Discovery of Mr. Varadarajan**

    **A.    Ruling on Rule 12(b)(6) Motion.**

No non-party discovery shall occur until the Court has ruled on Plaintiff's pending Rule 12(b)(6) motion to dismiss. Any non-party discovery authorized thereafter must conform to the claims and defenses as narrowed or clarified by that ruling; if the ruling moots categories of discovery, those categories are denied as moot.

    **B.    Party-First Production (Post-Ruling).**

Within 14 days after the Court's Rule 12(b)(6) ruling, Checkmate shall produce from its own files: (a) the VoiceBite code; (b) documents/communications regarding authorship, ownership, transfer, creation/development, and identification of authors of that code; and (c) the IP agreements and negotiation communications relating to the 2024 transaction. In the same filing, Checkmate shall identify with reasonable particularity the specific files it contends are at issue (e.g., by filename and, if available, repository path/commit ID).

    **C.    Non-Party Counsel Deposit.**

Within 7 days after completion of ¶A, Checkmate shall advance $5,000 as initial deposit toward Mr. Varadarajan's reasonable fees and expenses to retain counsel solely for subpoena compliance (including conferral through counsel, implementing this Order, and preparing for/attending any deposition authorized by the Court). Until the deposit is paid, Mr. Varadarajan has no obligation to meet and confer or otherwise comply, and all subpoena-related communications shall occur through counsel.

**Gating Clause.** No non-party production, search, or deposition may be noticed or conducted unless and until all three Conditions Precedent (¶¶A–C) are satisfied. Any deadlines for non-party compliance shall run from the later of: (i) the date all Conditions Precedent are satisfied, or (ii) a date set by further order of the Court. Certification. Before seeking any relief, Checkmate shall file a Notice of Satisfaction certifying compliance with ¶¶A–C.

## II. ORDER

1. Party-first sequencing. Within 14 days, Checkmate shall produce from its own files the categories it identified in its Rule 26(a)(1) disclosures concerning: (a) the VoiceBite code; (b) documents/communications regarding authorship, ownership, transfer, creation or development, and identification of authors; and (c) the IP agreements and negotiation communications. In the same period, Checkmate shall identify with reasonable particularity the specific files it contends are at issue (e.g., by filename).

2. Non-party non-possession of code. Mr. Varadarajan does not possess, custody, or control VoiceBite or Checkmate source code and is not required to produce code or obtain code from others. Any non-party production, if reached, is limited to non-privileged communications.

3. Scope and time limits (non-party communications only). Any non-party communications discovery shall be limited to Jan. 1, 2024–Dec. 31, 2024, and must directly concern (i) the specific files identified by Checkmate under ¶1 and/or (ii) the 2024 VoiceBite-Checkmate transaction. Communications concerning family, health, personal finances, or litigation strategy are excluded.

4. Sequencing relative to party discovery. No non-party production or deposition shall occur until after (i) Checkmate completes the party production required by ¶1 and (ii) the parties' complete depositions of principal party witnesses regarding the transaction and code.

5. Deposition (if any). If the Court later permits a deposition of Mr. Varadarajan, it shall be remote and limited to no more than three (3) hours on the record, confined to clarifying his prior statements (if any) about the identified files and 2024 transaction logistics, excluding family/health/personal finances/legal opinions. In the Court's discretion, discrete topics may be satisfied by sworn declaration in lieu of testimony.

  6. CyborgOPS/Presto requests. Subpoena requests directed to CyborgOPS or Presto (including requests 9–16) are DENIED WITHOUT PREJUDICE. Any future request must show a specific, non-duplicative need tied to a file identified under ¶1.

  7. "This Action" requests. Requests seeking materials relating to this litigation are DENIED, except that non-privileged scheduling/meet-and-confer communications with Checkmate's counsel may be produced if otherwise within ¶3.

  8. Privacy and sealed submission. If the Court determines that relief turns on personal health/caretaking circumstances, Mr. Varadarajan may submit a short, sealed declaration (and, if necessary, a brief provider note) within three (3) court days, with any compliance date adjusted accordingly.

  9. All other relief. Except as expressly ordered above, the motion is DENIED WITHOUT PREJUDICE.

  IT IS SO ORDERED.

Dated: _____, \_\_\_\_        _____
                 ALKA SAGAR
                United States Magistrate Judge