UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>CHECKMATE.COM, INC.,<br>(dba "Checkmate")<br><br>    Defendant and Counterclaimant. | Case No.: 2:25-CV-00765-MEMF-ASx<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF ARJUN VASAN'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11, 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWERS**<br><br>Hearing date: January 8, 2026<br>Time: 10:00 A.M.<br>Courtroom: 8B<br><br>Complaint Filed: January 28, 2025 |

    The Court, having received and reviewed Plaintiff Arjun Vasan ("Plaintiff")'s "Notice of Motion and Motion for Sanctions" (Dkt. 121), the papers, exhibits and declarations submitted in support or opposition thereof, and the arguments of the parties, HEREBY ORDERS:

**I.    PLAINTIFF'S MOTION FOR SANCTIONS IS GRANTED**

    Pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority, the Court finds that Defendant Checkmate.com, Inc. ("Checkmate") and its counsel of record have engaged in sanctionable conduct. The Court finds that Checkmate and its counsel have advanced counterclaims for an improper purpose, based on legal theories not warranted by existing

law (namely, by relying on evidence barred by FRE 408), and advanced factual allegations lacking evidentiary support (e.g. misstating contracts, misattributing statements, and fabricating damages).

**Therefore, IT IS ORDERED as follows**:

Based on the facts known to Checkmate and its counsel at the time the Counterclaims were filed, the Court finds that no reasonable attorney would have believed that the challenged allegations and damages theories had a tenable factual or legal basis. Counsel for Checkmate is FORMALLY ADMONISHED for vexatiously multiplying these proceedings with an improper purpose.

Pursuant to Rule 11(c)(1), all allegations in Checkmate's Counterclaims (Dkt. 71) that are based on, quote from, or otherwise rely on pre-litigation settlement communications and dialogue; that misstate or misleadingly paraphrase contracts; or party-opponent statements are STRICKEN. Checkmate is PRECLUDED from re-asserting the stricken allegations in any future pleading.

Checkmate is further ORDERED TO SHOW CAUSE as to why its Counterclaims should not be DISMISSED WITH PREJUDICE due to the conduct raised by the motion.

Pursuant to the Court's inherent power and 28 U.S.C. § 1927, Checkmate and its counsel are jointly and severally ORDERED to pay Plaintiff's non-attorney, out-of-pocket costs associated with bringing this Motion. Plaintiff shall file a declaration itemizing these costs within 14 days. Plaintiff shall include in this declaration an accounting of hours spent contesting the counterclaims.

Pursuant to Rule 11(c)(4), and to deter future misconduct, Checkmate and its counsel are ORDERED to pay a monetary penalty to the Clerk of the Court within 30 days of such accounting, equal to reasonable attorney's fees calculated as if Plaintiff was represented in this matter.

IT IS SO ORDERED.

Dated: _____, \_\_\_\_                           _____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge