# EXHIBIT G-1

Jan 29-Feb 30 email thread w/ Charles Tea III K&L Gates General Counsel's Office

074



Arjun Vasan <arjun.vasan@gmail.com>

## Subject: Urgent Ethical Concerns Regarding K&L Gates Representation of Checkmate.com, Inc.
9 messages

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, Jan 29, 2025 at 1:31 PM
To: jeffrey.maletta@klgates.com

Dear Mr. Maletta,

I am writing to formally raise ethical concerns regarding K&L Gates' representation of Checkmate.com, Inc. in an ongoing legal dispute. Specifically, I have identified multiple violations of the California Rules of Professional Conduct and ABA Model Rules by Attorney **Ryan Q. Keech**, acting on behalf of your firm and Checkmate.

I have attached a **formal Bar Complaint** that I intend to file on **February 1, 2025**.

Mr. Keech's actions constitute clear violations of professional ethics, including knowingly advancing falsehoods, misrepresentation, and leveraging intimidation tactics against a *pro se* party. K&L Gates has been repeatedly informed of these falsehoods yet continues to advance them in bad faith.

I strongly urge K&L Gates to conduct an **immediate internal review** and consider the reputational and legal consequences of enabling conduct that appears **obstruct justice**. If further documentation is required, I am able to provide any of the evidence referenced within the complaint.

I look forward to your prompt acknowledgment and response.

Sincerely,

**Arjun Vasan**

arjun.vasan@gmail.com

562-900-6541

📄 **bar-complaint-keech.pdf**
146K

---

**Tea, Charles** <Charles.Tea@klgates.com>  Fri, Jan 31, 2025 at 8:14 AM
To: "arjun.vasan@gmail.com" <arjun.vasan@gmail.com>

Mr. Vasan:

I am the Deputy General Counsel of K&L Gates LLP and am writing in response to your email below and attached draft bar complaint. Although the draft bar complaint references certain attached evidence, no attachments or other referenced evidence was provided. If there are additional materials you would like us to consider, please provide them. Thereafter, we will undertake a review of the allegations and be back in touch with you once our review is complete.

Regards,

Charles Tea

**Charles M. Tea**
Deputy General Counsel
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412.355.6256
Fax: 412.355.6501
charles.tea@klgates.com
www.klgates.com

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, January 29, 2025 4:31 PM
**To:** Maletta, Jeffrey <Jeffrey.Maletta@klgates.com>
**Subject:** Subject: Urgent Ethical Concerns Regarding K&L Gates Representation of Checkmate.com, Inc.

[Quoted text hidden]

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Charles.Tea@klgates.com.-4

 bar-complaint-keech.pdf
146K

---

**Arjun Vasan** <arjun.vasan@gmail.com>   Fri, Jan 31, 2025 at 8:15 AM
To: "Tea, Charles" <Charles.Tea@klgates.com>

Mr. Tea,

Will send shortly. Thank you for your attention to this matter.

- Arjun Vasan

Sent from Gmail Mobile
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>   Fri, Jan 31, 2025 at 10:43 AM
To: "Tea, Charles" <Charles.Tea@klgates.com>

Mr. Tea,

Please see attached the following:

1. Nov 12-14, 2024 email thread surrounding my termination, including the scheduling of the call at 8AM on Nov 14.
2. Screenshots of the termination meeting proving termination.
3. Dec 6th, 2024 Notice of Claim from Ryan Keech of K&L Gates claiming that I "resigned" on the 13th, quoting the November 14th "good reason" email.
4. Jan 22nd, 2025 Second Notice from Keech, omitting any claim of resignation and referencing my "termination".
5. April 22nd, 2024 "IP Letter" summary provided by Checkmate, quoting K&L Gates attorneys.

3/30/25, 2:35 AM                                    Gmail - Subject: Urgent Ethical Concerns Regarding K&L Gates' Representation of Tanglemate.com, Inc.

Case 2:25-cv-00765-MEMF-AS    Document 121-9    Filed 11/17/25    Page 4 of 16    Page ID #:3316

6. Dec 20th, 2024 email from Keech threatening to compel disclosure of material reasonably assumed by me to be privileged and further made while i was in a medical facility.
7. Final redline of the "IP Letter" (Trade Secret Acknowledgement) document provided by VoiceBite counsel on the day prior to closing the merger.

Thank you once again for your attention to this matter. I will hold off on the formal bar complaint pending your internal review.

Sincerely,
- Arjun Vasan

[Quoted text hidden]

---

**7 attachments**

keech-privilege-disclosure.png
468K

Exhibit-H-Nov-12-Email.pdf
323K

Exhibit-K-Termination-Meeting-Screenshots.pdf
2915K

notice-of-claim-redacted.pdf
188K

notice-of-claim-2.pdf
275K

Exhibit-S-IP-Letter-Summary-PDF.pdf
241K

ip-letter.pdf
80K

---

**Arjun Vasan** <arjun.vasan@gmail.com>                                                                     Fri, Feb 14, 2025 at 2:55 PM
To: "Tea, Charles" <Charles.Tea@klgates.com>

Mr. Tea,

Has K&L Gates concluded its investigation of this matter? Please advise if not, or if so, what the outcome was. Additionally, please confirm whether any remedial actions were taken in response to the concerns raised.

I look forward to your response.

Best regards,

Arjun Vasan

[Quoted text hidden]

---

**Tea, Charles** <Charles.Tea@klgates.com>                                                                  Mon, Feb 17, 2025 at 11:28 AM
To: Arjun Vasan <arjun.vasan@gmail.com>

Mr. Vasan:

3/30/25, 2:35 AM                                Gmail - Subject: Urgent Ethical Concerns Regarding K&L Gates Representation of Cagemate.com, Inc.

Case 2:25-cv-00765-MEMF-AS    Document 121-9    Filed 11/17/25    Page 5 of 16    Page ID #:3317

I continue to review your allegations, though have been tied up of late with some time sensitive matters. I expect to be able to get back to you reasonably soon. I appreciate your patience.

Regards,

Charles Tea

[Quoted text hidden]
[Quoted text hidden]

---

**Tea, Charles** <Charles.Tea@klgates.com>　　　　　　　　　　　　　　　　　Fri, Feb 21, 2025 at 9:19 AM
To: Arjun Vasan <arjun.vasan@gmail.com>

Mr. Vasan:

Please see the attached letter.

Regards,

Charles Tea

[Quoted text hidden]
[Quoted text hidden]

📎 **Letter to Arjun Vasan.pdf**
305K

---

**Arjun Vasan** <arjun.vasan@gmail.com>　　　　　　　　　　　　　　　　　Fri, Feb 21, 2025 at 8:02 PM
To: "Tea, Charles" <Charles.Tea@klgates.com>

Mr Tea:

I note that you have failed to substantively address my allegations, including the clearly fabricated resignation date. While I do not know KL Gates' role in altering the date, I do know that your firm has not and has refused to retract the date.. again this is noted.

I will be proceeding the bar complaint and use this non-response in future legal proceedings.

Best regards,
-Arj


Sent from Gmail Mobile
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>　　　　　　　　　　　　　　　　　Fri, Feb 21, 2025 at 8:47 PM
Draft To: "Tea, Charles" <Charles.Tea@klgates.com>


Sent from Gmail Mobile

# EXHIBIT G-2

Jan 29 - Draft Bar Complaint referenced in E-1 Email Thread

079

Office of Chief Trial Counsel

The State Bar of California

845 S. Figueroa Street

Los Angeles, CA 90017-2515

**Subject**: Formal Complaint Against Attorney Ryan Q. Keech and K&L Gates LLP for Ethical Violations

Dear Office of Chief Trial Counsel,

I am submitting this formal complaint against Attorney Ryan Q. Keech and the law firm K&L Gates LLP ("Respondents") for engaging in a pattern of ethical misconduct in their representation of Checkmate.com, Inc. ("Checkmate"). The misconduct includes knowingly advancing false claims, facilitating bad faith tactics, and engaging in behavior that violates multiple provisions of the California Rules of Professional Conduct and the ABA Model Rules of Professional Conduct.

**Case Overview**

This complaint stems from an employment dispute between myself and Checkmate; where I was employed pursuant to a merger with my startup VoiceBite. I was owed a substantial sum, including over $120,000 in severance, payable on termination, whether with cause or without; in addition to other sums.

**1. Termination & Advancement of a False Resignation Claim**

I was terminated on an **8AM** Zoom call with the company's CEO, Chief of Strategy and VP of Human Relations, on ***November 14, 2024***, purportedly for violating a non-solicitation agreement. The company offered to negotiate a "final settlement" with me directly. I sent several emails requesting my severance and as well as overdue retention bonus payments.

080

Three weeks later, on **December 6, 2024**, K&L Gates issued a Notice of Claim on behalf of Checkmate falsely stating, amongst other claims, that I had "resigned" from my position on **November 13, 2024**. This assertion is demonstrably false, as my employment was terminated by Checkmate, I did **not** voluntarily resign.

I was explicitly terminated by three top executives of the company while in an inpatient medical facility, without access to an attorney or my employment agreement. The phrasing used was clear, explicit and left no doubt that I was "completely terminated", "with immediate effect" "right now", "right this second"; repeated multiple times for clarity. Two hours *after* I was terminated, I sent a "good reason" resignation email, in distress, as an attempt to protect my rights.

The date is highly significant, as all three executives were on the email thread — which began prior to and carried on after my termination—and were aware that this "resignation" email was sent on *Nov 14* at 9:56AM. Checkmate, through K&L Gates, took advantage of my distress to claim I "resigned" and deny me severance.

Attached evidence includes:

- Email correspondence leading up to my termination, including my "good reason" email on *November 14, 2024*, disputing any voluntary resignation.
- Initial Notice of Claim issued by K&L Gates on December 6, 2024, which rejects my "good reason resignation" to deny my severance.
- The subsequent Notice of Claim issued by K&L Gates on January 22, 2025, which omits the resignation claim and references my "termination."

I have since repeatedly mentioned I have lawfully obtained video evidence of my termination, in the presence of three top executives of the company. However,

081

K&L Gates, on behalf of the company, has not explicitly acknowledged or retracted this claim. I have still not received my contractual severance.

This false claim has caused significant professional and reputational harm, has been used to justify withholding compensation owed to me, and constitutes a breach of ethical obligations under:

- **Rule 3.3**: Duty of candor to tribunals and others.
- **Rule 4.1**: Truthfulness in statements to others.
- **Rule 8.4(c)**: Prohibition against conduct involving dishonesty, fraud, deceit, or misrepresentation.

I request an investigation into the origin of this knowingly false claim and disciplinary action against Respondents for advancing it.

## 2. Misuse of the "Joint Defenses" Summary of K&L Gates' IP Letter

During merger negotiations, just prior to close, Checkmate surprised us with new agreements including a "Trade Secret Acknowledgment" letter ("IP Letter") drafted by K&L Gates. Checkmate sensed our hesitation, and shared a "summary" purportedly authored by K&L Gates, clearly and falsely framed as in our "joint interest" and as a protective measure for all parties, presented by Checkmate Chief of Strategy Michael Bell as follows:

> The firm, KL Gates, advised us that a stand alone letter could provide additional protection in the event we find ourselves in litigation with a prior employer. They explained the letter like this:
>
>> "*The Holders and the Company have a joint interest in insulating themselves against the prospect of liability in any potential lawsuit arising from the potential misappropriation of trade secrets or other intellectual property…. It provides a means by which the Holders and*

082

> *the Company will be able to jointly argue, in the event any such suit is brought, that the plaintiffs cannot make a showing of improper acquisition – thus requiring dismissal.*"

Despite this framing, the letter was later weaponized against me, personally, in Checkmate's Notices of Claim, suggesting a clear misrepresentation or material omission by K&L Gates at the time of its issuance. If K&L Gates either failed to conduct due diligence on the implications of their summary or knowingly allowed it to be used to misrepresent the IP Letter's purpose, this constitutes a violation of:

- **Rule 1.4**: Duty of communication.
- **Rule 4.1**: Truthfulness in statements to others.

I request that the California State Bar investigate whether K&L Gates knowingly facilitated the misrepresentation or failed to correct its misuse.

### 3. Threat to Compel Disclosure of Privileged Communications

The Notice was sent to former VoiceBite counsel—who had represented the company to close the merger, not me personally—but from whom I was getting informal advice, unaware of his potential conflict of interest. The company's executives were well aware of the conflict, having intimately participated in the merger—and being much more sophisticated in such matters.

On December 20th, 2024, I formally responded to the Notice, rejecting the claims, and establishing that I would represent myself while I sought counsel. Mr. Keech of K&L Gates, distressingly, threatened to compel the disclosure of these communications, despite being fully aware that they began and mostly occurred while I was in a medical facility, and under the reasonable assumption of privilege. This unethical attempt to intimidate and harass me violates:

083

- **Rule 4.4(a)**: Prohibition on using means that have no substantial purpose other than to embarrass, delay, or burden a third person.
- **Rule 1.6**: Duty to maintain confidentiality and respect the attorney-client privilege of third parties.

Given the severity of this violation, I request an immediate review of whether K&L Gates knowingly participated in coercive legal tactics designed to breach privilege.

I have attached the relevant email thread.

**4. Misrepresentation of Agreement Excerpts**

Mr. Keech, on behalf of Checkmate, has repeatedly manipulated excerpts from documents—the executed versions of which the company refuses to provide—to establish obligations that do not match the versions that I was provided just prior to signing by VoiceBite counsel. I have provided one such example below:

Consider the following from both Notices:

> That you would "not bring onto [VoiceBite]'s premises" any "property belonging to a former employer or any other person to whom I have an obligation of confidentiality unless that former employer or person has consented in writing" (Vasan Trade Secret Acknowledgement);

Compare to the following from the pre-signing version that I have:

> I acknowledge the obligation regarding use of prior employers' confidential information set forth in Section 1.4 of the Employee Confidential Information and Inventions Assignment Agreement that I have entered into with Checkmate, which is excerpted below:
>
>> **1.4 No Improper Use of Information of Prior Employers and Others**…. I will not bring onto Company's premises any unpublished documents or property belonging to a former employer

084

Despite my bringing attention to this error multiple times, Mr. Keech has yet to correct it, or to provide the executed documents.

**Ethical Violations and Requested Relief**

The pattern of misconduct by K&L Gates demonstrates a clear disregard for ethical obligations and professional integrity—especially when dealing with a *pro se* party. Specifically, I request the following actions from the California State Bar:

1. **Formal investigation** into K&L Gates' advancement of the false resignation claim, misuse of legal documents, and intimidation tactics.
2. **Sanctions** or disciplinary measures against Attorney Ryan Q. Keech and K&L Gates LLP for professional misconduct.
3. **A finding of ethical violations**, which may serve as supporting evidence in ongoing legal proceedings.

Please confirm receipt of this complaint and inform me of the next steps in the investigation process. I am able to provide additional evidence or supporting documentation or further information as needed.

Sincerely,

Arjun Vasan
arjun.vasan@gmail.com
562-900-6541

# EXHIBIT G-3

Feb 21 - Formal response from Charles Tea, declining to disclose the operative agreements or the lawsuit just filed in New York State Court.

086



February 21, 2025

Charles M. Tea III
charles.tea@klgates.com

T 412 355 6256
F 412 355 6501

**Via Electronic Mail Only**

Arjun Vasan
arjun.vasan@gmail.com

**Re:** **Arjun Vasan / K&L Gates and Ryan Keech**

Dear Mr. Vasan:

I am the Deputy General Counsel of K&L Gates and write in response to the email you sent to our Firm's General Counsel, Jeffrey Maletta, dated January 29, 2025. That email attached a draft complaint you indicated you intend to file with the State Bar of California in which you assert alleged grievances against our Firm and Ryan Keech, a lawyer with our Firm. We appreciate the opportunity to respond.

Please know that we take very seriously any alleged grievances asserted against our Firm and any of our lawyers, as we are committed to the highest standards of professionalism and ethical behavior. We have undertaken a thorough review of the allegations contained in your draft complaint and, respectfully, have concluded they are wholly without merit.

For context, you are not a client of K&L Gates. Rather, you are adverse to our Firm's client, Checkmate.com Inc., in an ongoing dispute arising from representations and agreements made by you in connection with Checkmate's acquisition of your company, VoiceBite Corporation, in May 2024. In spite of our Firm's repeated urging that you retain counsel to represent you in the ongoing dispute, you have thus far declined to do so, choosing instead to represent yourself *pro se*.

As alleged in the draft complaint, you accuse our Firm of intentional and bad faith conduct in connection with four distinct matters, which you assert violate multiple provisions of the California Rules of Professional Conduct and the ABA Model Rules of Professional Conduct. We address each of those matters below.

**(1)** *Alleged Termination & Advancement of a False Resignation Claim.*

You assert that on December 6, 2024, K&L Gates sent you a Notice of Claim on behalf of Checkmate falsely stating that you had resigned from your position with Checkmate. That statement was not false. Indeed, in the following paragraph of the draft complaint you indicate

K&L GATES LLP
K&L GATES CENTER  210 SIXTH AVENUE  PITTSBURGH  PA 15222-2613
T +1 412 355 6500  F +1 412 355 6501  klgates.com

**087**

that it was your view that you had resigned from the company ("I sent a 'good reason' resignation email") – and moreover the actual email you sent on November 14, 2024, confirms that fact:

> *I hereby resign from checkmate, with good reason, due to the demand made in late October that i accept a demotion, despite exceptional performance.*
>
> *As this demand was not lifted within 30 days, I resign as per our agreement.*

Thus, clearly there is nothing about Checkmate's position – as conveyed by our Firm as counsel on its behalf – regarding your resignation which is false, much less violates any ethics rules.

**(2)   *Alleged Misuse of the "Joint Defenses" Summary of K&L Gates IP Letter*.**

Next you assert that "[d]uring merger negotiations, just prior to close, Checkmate surprised us with new agreements including a 'Trade Secret Acknowledgement' letter drafted by K&L Gates", recite what you claim to be an excerpt of an email addressing the letter from Michael Bell, Checkmate's Chief of Strategy, and allege that "the letter was later weaponized against [you] personally".  First, Mr. Bell does not work for K&L Gates, as you acknowledge, and so we see no basis for how his alleged actions could give rise to an ethics complaint against our Firm.  Second, the letter was intended to protect the parties against accusations of improper use of confidential information by memorializing enforceable agreements not to bring confidential information belonging to others onto company property, and there was nothing improper about it.  Third, in connection with the merger negotiations you were adverse to our Firm's client, were (as you admit) taking advice from VoiceBite's counsel, and of course were free to consult with any other counsel of your choosing.  There is nothing about the letter – or related communications between the parties themselves – which gives rise to a violation of any ethics rules by our Firm.

**(3)   *Alleged Threat to Compel Disclosure of Privileged Communications*.**

You also assert that it was improper of Mr. Keech, post-closing, to seek to obtain certain pre-closing communications you and others had with former counsel for VoiceBite, as you claim them to be privileged.  Any pre-closing communications you and others had with counsel for VoiceBite belonged to VoiceBite, which is now owned by our client Checkmate, as is any privilege that previously belonged to VoiceBite.  This is in accord with Section 2.2 of the Agreement and Plan of Merger, to which you are a party ("all of the . . . privileges . . . of each of the Company and Merger Sub will vest in the Surviving Corporation"), as well as governing Delaware law (*see, e.g.*, *Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, C.A. No. 7906-CS (Del. Ch. Nov. 15, 2013) ("pre-merger attorney-client communications constitute assets of the target corporation that are transferred to the surviving corporation in a merger").  There is nothing improper about our client seeking access to communications which belong to it and/or to which it is legally entitled.

089

**(4)** *Alleged Misrepresentation of Agreement Excerpts*.

Lastly, you assert that certain agreements have been manipulated and misrepresented by our Firm and Mr. Keech and "do not match the versions [you were] provided just prior to signing by VoiceBite counsel."  We have no way of knowing what you were provided or not provided by counsel for VoiceBite prior to closing, or whether or to what extent they match the agreements that form the basis for our client's claims against you.  But to be clear, any suggestion by you that our Firm or Mr. Keech intentionally manipulated or misrepresented any documents is totally false and baseless.

\* \* \* \* \* \* \* \* \* \* \*

Having thoroughly reviewed the matters contained in your draft complaint, we are confident that our Firm and Mr. Keech, in representing a client adverse to you, have acted in a manner consistent with their professional obligations and that your alleged grievances directed at them are without merit.  As we see nothing in your draft complaint which could give rise to any possible violation of the applicable ethics rules by our Firm or Mr. Keech, we consider this matter closed.

Very truly yours,

*[signature]*
Charles M. Tea III

CMT/jms