Ryan Q. Keech (SBN 280306)
Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
Stacey.Chiu@klgates.com
Rebecca Makitalo (SBN 330258)
Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counter-Claimant*
*CHECKMATE.COM INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CHECKMATE.COM, INC.,<br><br>    Defendant.<br>_____<br>CHECKMATE.COM, INC.,<br><br>    Counterclaim-Plaintiff,<br><br>    v.<br><br>ARJUN VASAN,<br><br>    Counterclaim-Defendant. | Case No. 2:25-cv-00765-MEMF-AS<br><br>Hon. Alka Sagar<br><br>DISCOVERY MATTER<br><br>**CHECKMATE.COM INC.'S OPPOSITION TO PLAINTIFF ARJUN VASAN'S MOTION TO DETERMINE SUFFICIENCY, COMPEL DISCLOSURE AND FOR PHASING OF DISCOVERY (DKT. 113)**<br><br>*[Filed concurrently herewith Declaration of Rebecca I. Makitalo]*<br><br>Hearing Date: December 2, 2025<br>Time: 11 a.m.<br>Courtroom: 540<br><br>Complaint Filed: January 28, 2025<br>Amended Complaint Filed: February 21, 2025 |

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF FACTS ................................................................................. 2

    A.   Plaintiff's Gamesmanship In Preparation Of The Joint Rule
           26(F) Report ......................................................................................... 2

    B.   Plaintiff Failed To Comply With Local Rule 37 ................................. 3

    C.   Checkmate's Opposition Is Timely And Filed In Accordance
           With Judge Frimpong's Civil Standing Order ...................................... 5

III.  ARGUMENT ...................................................................................................... 5

    A.   There Is No Basis To "Admit" Any Of Plaintiff's Improper
           Requests For Admission ...................................................................... 5

          1.   Plaintiff Failed To Comply With His Rule 37 Obligations........ 5

          2.   Plaintiff's Requests For Admission Are Improper And
               Rely On Unreliable Purported Evidence ..................................... 9

          3.   Plaintiff Has Failed To Meet His Burden To Show
               Checkmate's Responses To Plaintiff's Requests Are
               Invalid ....................................................................................... 13

    B.   Checkmate Fully Complied With Its Disclosure Obligations ........... 14

    C.   Plaintiff Has Failed To Set Forth Any Evidence Of Harm By
           Checkmate's Damages Disclosures .................................................... 18

    D.   Plaintiff Seeks Unwarranted and Duplicative Relief Regarding
           Discovery Scope And Phasing............................................................ 20

IV.   CONCLUSION ................................................................................................. 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Asea, Inc. v. S. Pac. Transp. Co.*,
    669 F.2d 1242 (9th Cir. 1981) ................................................................. 14

*Astafan v. BRK Hosp., Inc.*,
    Case No. EDCV 21-240-JWH, 2022 WL 2102879 (C.D. Cal. Apr.
    1, 2022) .................................................................................................... 12

*Avago Techs. U.S., Inc. v. Emcore Corp.*,
    No. C08-03248 JW (HRL), 2009 WL 5108386 (N.D. Cal. Dec. 18,
    2009) ........................................................................................................ 19

*Benson Tower Condominium Owners Ass'n v. Victaulic Co.*,
    105 F.Supp.3d 1184 (D. Or. 2015) .......................................................... 11

*City & County of San Francisco v. Tutor-Saliba Corp.*,
    218 F.R.D. 219 (N.D. Cal. 2003) .................................... 14, 15, 16, 19

*Drayton v. Eastlink Prods., Inc.*,
    No. 2:17-cv-06408-VAP-PJW, 2018 WL 5264131 (C.D. Cal. Oct.
    15, 2018) .................................................................................................. 15

*Fuentes v. Knowles*,
    No. CIV S-05-0675 FCD GGH P, 2007 WL 1946619 (E.D. Cal.
    July 2, 2007) ......................................................................................... 9, 13

*Hoffman v. Constr. Protective Servs., Inc.*,
    541 F.3d 1175 (9th Cir. 2008) ................................................................. 18

*Holston v. DeBanca*,
    No. CIV S-09-2954 KJM DAD P, 2012 WL 843917 (E.D. Cal.
    Mar. 12, 2012) ........................................................................................ 11

*Music Grp. Macao Commercial Offshore Ltd. v. Foote*,
    Case No. 14-cv-03078-JSC, 2015 WL 579688 (N.D. Cal. Feb. 11,
    2015) ........................................................................................................ 11

*Open Text Inc. v. Northwell Health, Inc.*,
    No. CV 19-9216 SB, 2020 WL 6655922 (C.D. Cal. Oct. 23, 2020) ............. 9, 14

*Spin Master, Ltd. v. Zobmondo Ent.*,
  LLC, No. CV063459ABCPLAX, 2011 WL 13127349 (C.D. Cal.
  Sept. 15, 2011) ................................................................................................... 15

*Undiscovered Corp. v. Heist Studios*,
  No. CV 18-5719 FMO (ASX), 2019 WL 8219489 (C.D. Cal. Oct.
  1, 2019) ............................................................................................................... 15

*Williams v. Cate*,
  No. 1:09-cv-00468-LJO JLT PC, 2011 WL 6217378 (E.D. Cal.
  Dec. 14, 2011) ............................................................................................. 10, 13

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) ........................................................................... 18

**Other Authorities**

Fed. R. Civ. P. 26(a) ................................................................................. 14, 15

Fed. R. Civ. P. 26(a) Advisory Committee's Note (1993) ................................ 14

Fed. R. Civ. P. 26(e) ......................................................................................... 15

Local Rule 37 .............................................................................................. 5, 7, 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Arjun Vasan ("Plaintiff" or "Vasan")'s Motion to Determine Sufficiency, Compel Disclosure and for Phasing of Discovery (Dkt. 113, the "Discovery Motion") is the latest iteration of Plaintiff's ongoing effort to obstruct and curtail Defendant Checkmate.com Inc. ("Defendant" or "Checkmate")'s right to obtain relevant discovery. This Discovery Motion is no *less than the fifth such motion* seeking substantially the same unwarranted relief and advancing duplicative objections to core discovery to which Checkmate is plainly entitled. *See* Dkt. 79 ("Motion to Strike Affirmative Defenses"), Dkt. 81 ("Motion to Dismiss Counterclaims"), Dkt. 111 ("Opposition to Checkmate's Motion to Enforce and Compel Compliance with Subpoena to Vasan Varadarajan"), Dkt. 106 ("Vasan Varadarajan's Motion for Protective Order and to Quash or Modify Subpoena"), and Dkt. 122 ("Motion for Sanctions").

Collectively and repeatedly, these filings seek near-identical relief aimed at obstructing and delaying discovery obligations and third-party discovery central to both parties' claims and defenses in this case. By reasserting the same "gatekeeping" demands through an omnibus discovery vehicle, Plaintiff's Discovery Motion prematurely seeks piecemeal resolution of Plaintiff's claims and defenses by demanding that the Court and Checkmate alike accept—without objection or further discovery—Plaintiff's specific and false view of the facts and law of this case. Like the rest of Plaintiff's briefing in this matter, the Discovery Motion is replete with inapposite case law and unsupported arguments. Moreover, despite clear warnings and correspondence from Checkmate's counsel, Plaintiff proceeded with the Discovery Motion despite his persistent and repeated failures to comply with the basic meet-and-confer and joint stipulation requirements of Local Rule 37.

Plaintiff attempts to achieve, through motion practice volume, what the rules do not permit: the deprivation of Checkmate's access to relevant information and the

re-litigation of issues already raised in prior motions. Plaintiff has not shown that he is entitled to *any* of the broad and duplicative relief he seeks in his Discovery Motion. Plaintiff should not be permitted to foreclose his own discovery obligations and third-party discovery central to the claims and defenses in this case while simultaneously using repetitive and baseless motion practice to block Checkmate's good-faith efforts to participate in discovery. Plaintiff's Discovery Motion should be denied in its entirety.

## II.    STATEMENT OF FACTS

### A.    Plaintiff's Gamesmanship In Preparation Of The Joint Rule 26(F) Report

Plaintiff's Discovery Motion distorts the record of the parties' Rule 26(f) efforts and reflects Plaintiff's calculated gamesmanship. Plaintiff initially asked Checkmate to draft the Joint Rule 26(f) report, with Plaintiff to provide his sections for incorporation. Declaration of Rebecca Makitalo (the "Makitalo Decl."), ¶ 2. Consistent with that plan, Checkmate would add Plaintiff's positions and prepare joint sections for Plaintiff's review and approval. *Id.* at ¶¶ 2-4, Ex. A. Plaintiff then failed to timely provide his sections, abruptly demanded a "simultaneous exchange of our Rule 26(f) sections so neither side is disadvantaged in review," and elected to prepare and file the joint report himself. *Id.* at ¶¶ 5-6, Ex. B. In reliance on Plaintiff's belated election, Checkmate transmitted its drafted sections for Plaintiff's incorporation—delivering them in PDF specifically to ensure verbatim copy-and-paste and to guard against further gamesmanship. *Id.* at ¶¶ 7-8, Ex. C. Plaintiff next circulated a combined draft and demanded a one-hour turnaround for Checkmate's revisions. *Id.* at ¶¶ 9-10, Ex. D. After Checkmate timely approved a final draft and authorized filing, Plaintiff sent a second "final" version claiming he had "one more update to make." *Id.* at ¶¶ 11-16, Exs. F-H. After Checkmate's counsel requested what changes were made to the second "final" version, Plaintiff represented his changes were "[j]ust that I plan to seek full bifurcation as well (in other issues), not

just of discovery." *Id.* at ¶¶ 14-15, Ex. G.    Upon review however, Checkmate discovered that Plaintiff added an entirely new section twenty (20) minutes before the filing deadline—an obvious bait-and-switch designed to slip in new material and deprive Checkmate of any meaningful opportunity to respond. *Id.* at ¶¶ 14-19, Exs. G-I.  When Checkmate immediately called out this bad-faith tactic, Plaintiff retreated and agreed to file the previously approved joint report. *Id.* at ¶¶ 18-21, Exs. I-J; Dkt. 78.

## B.    Plaintiff Failed To Comply With Local Rule 37

Plaintiff served his first set of Requests for Admission on August 16, 2025. Makitalo Decl., ¶¶ 28-29, Ex. N.  Checkmate served its objections and responses thereto on September 15, 2025.  *Id.* at ¶¶ 44-45, Ex. V. Plaintiff thereafter served his second set of Requests for Admission on August 17, 2025, and Checkmate served its objections and responses thereto on September 16, 2025.  *Id.* at ¶¶ 30-31, 46-47, Exs. O, W.   Plaintiff served his third and latest set of Requests for Admission on September 10, 2025, and Checkmate served its objections and responses thereto on October 10, 2025. *Id.* at ¶¶ 42-43, 56-57, Exs. U, BB.

Beginning on August 25, 2025, Checkmate sent repeated correspondences to Plaintiff seeking a meet-and-confer on Plaintiff's deficient initial disclosures served on August 21, 2025.  Makitalo Decl. at ¶¶ 34-37, Exs. Q-R.  Plaintiff initially refused to agree to a meet-and-confer date before failing to appear at a scheduled meet-and-confer on September 10, 2025.  *Id.* at ¶¶ 40-41, Ex. T.  When contacted about his failure to appear at the scheduled meet-and-confer, Plaintiff insisted that he would not meet unless the meeting covered Checkmate's purportedly deficient discovery (despite the deficiencies in Plaintiff's correspondence described below) and unless the meeting was recorded mutually or by "a court reporter at Checkmate's expense." *Id.*  Checkmate then informed Plaintiff that it would proceed with a Rule 37 Motion if Plaintiff did not reconsider his positions, though nonetheless urging Plaintiff to reconsider in an effort to avoid unnecessary motion practice.  *Id.*  In the following

weeks, Plaintiff repeated this cycle of refusing to meet unless Checkmate complied with his unreasonable conditions. During this period, Plaintiff sent separate emails requesting disparate relief relating to discovery. *Id.* at ¶¶ 46-53, Exs. W-Z. Plaintiff sent an email on October 1, 2025, requesting a meet-and-confer on broad swaths of discovery concerns. *Id.* at ¶¶ 54-55, Ex. AA. In response, Checkmate reminded Plaintiff that he had thus far failed to meet-and-confer about the discovery issues that Checkmate first raised over a month prior on August 25 and requested an in-person meeting in accordance with the Local Rules. *Id.* In response, Plaintiff said that he would "circle back regarding your proposed dates/times." *Id.* Plaintiff then failed to follow up for *three weeks* until October 23 and 24, 2025, when he simultaneously demanded that Checkmate submit to an informal discovery conference *and* submit a L.R. 37 Joint Stipulation. *Id.* at ¶¶ 58-59, Ex. CC. Plaintiff explicitly said that he would meet-and-confer "*only on this issue*." *Id.* (emphasis added). In response to Plaintiff's October 23 and 24 correspondence, Checkmate reminded Plaintiff that he had not yet complied with L.R. 37-1's letter requirement. *Id.* at ¶¶ 61-62, Ex. EE. Plaintiff again responded by simultaneously demanding an informal discovery conference and promising a discovery motion. *Id.* Thereafter, Checkmate again requested a compliant L.R. 37-1 letter and reminded Plaintiff that he failed to "circle back regarding [] proposed dates/times" as he stated that he would. *Id.* at ¶¶ 63-64, Ex. FF.

Rather than acknowledge his failure to properly meet-and-confer (or even to provide his availability for a meet-and-confer), Plaintiff insisted that he only "said [he] would circle back on being able to visit your office." *Id.* Checkmate also informed Plaintiff that his draft "Joint Stipulation" did not comport with the requirements of L.R. 37-2.1. *Id.* Plaintiff nevertheless filed his Discovery Motion on November 3, 2025, necessitating this Opposition.

//

//

### C.    Checkmate's Opposition Is Timely And Filed In Accordance With Judge Frimpong's Civil Standing Order

Contrary to Plaintiff's unauthorized sur-reply (Dkt. 122), Checkmate' Opposition is timely in accordance with Judge Frimpong's Civil Standing Order which provides for a "modified briefing schedule, which differs from the timing of the Local Rules." *See* Honorable Maame Ewusi-Mensah Frimpong, https://www.cacd.uscourts.gov/sites/default/files/documents/MEMF/AD/Civil%20 Standing%20Order%2005.03.2024.pdf ("Civil Standing Order") at 5:23-24. It specifically provides that oppositions "[m]ust be filed no later than fourteen (14) days after the filing of the initial Motion." *Id*. at 6:3-4. Plaintiff filed his Discovery Motion on November 3, 2025. The deadline for filing an opposition to his Discovery Motion is November 17, 2025. Checkmate's Opposition is timely.

### III.    ARGUMENT

### A.    There Is No Basis To "Admit" Any Of Plaintiff's Improper Requests For Admission

#### 1.    Plaintiff Failed To Comply With His Rule 37 Obligations

As an initial matter, Plaintiff failed to properly meet and confer under L.R. 37, which requires the parties to confer "in person at the office of the moving party's counsel"[1] "within ten days after the moving party serves a letter requesting such conference." *See* L.R. 37-1; *see also* Honorable Alka Sagar, "Law and Motion Schedule," https://apps.cacd.uscourts.gov/Jps/honorable-alka-sagar ("Strict compliance with Local Civil Rule 37 is required.").

---

[1] Plaintiff's Discovery Motion appears to argue that Checkmate improperly insisted "on a meeting at its office" (Dkt. 113 at 3:9-10) despite the Local Rules requiring such a meeting and despite Plaintiff's ***earlier recognition*** of this requirement. *See* L.R. 37-1 (requiring the parties to confer "in person at the office of the moving party's counsel"); Makitalo Decl. at ¶¶ 40-41, Ex. T (including August 29 email from Vasan to Counsel stating that the rules "require an in-person meeting absent stipulation of the parties").

Beginning on August 25, 2025, Checkmate sent repeated requests to Plaintiff seeking a meet-and-confer on Plaintiff's deficient initial disclosures. Makitalo Decl. at ¶¶ 40-41, Ex. T. Plaintiff initially refused to agree to a meet-and-confer date before failing to appear at a scheduled meet-and-confer on September 10, 2025. *Id.* When contacted about his failure to appear at the scheduled meet-and-confer, Plaintiff insisted that he would not meet unless the meeting covered Checkmate's purportedly deficient discovery (despite the deficiencies in Plaintiff's correspondence described above) and unless the meeting was recorded mutually or by "a court reporter at Checkmate's expense." *Id.* Checkmate then informed Plaintiff that it would proceed with a Rule 37 Motion if Plaintiff did not reconsider his positions but urged Plaintiff to reconsider in an effort to avoid unnecessary motion practice. *Id.*

In the following weeks, Plaintiff repeated this cycle of refusing to meet unless Checkmate complied with his unreasonable demands. During this period, Plaintiff sent separate emails requesting disparate relief relating to discovery—none of which complied with L.R. 37. *Id.* at ¶¶ 48-53, Exs. X-Z. Of particular note, Plaintiff sent a (non-L.R.-37-1-compliant) email on October 1, 2025, requesting a meet-and-confer on broad swathes of discovery concerns. *Id.* at ¶¶ 54-55, Ex. AA. In response, Checkmate reminded Plaintiff that he has thus far failed to meet-and-confer about the discovery issues that Checkmate first raised over a month prior on August 25 and requested an in-person meeting in accordance with the Local Rules. *Id.* In response, Plaintiff said that he would "circle back regarding your proposed dates/times." *Id.* Plaintiff then failed to follow up for *three weeks* until October 23 and 24, 2025, when he simultaneously demanded that Checkmate submit to an informal discovery conference *and* submit a L.R. 37 Joint Stipulation. *Id.* at ¶¶ 58-59, Ex. CC. The seeming inconsistency of these two requests aside, Plaintiff's correspondence not only failed to address the meet-and-confer that he said he would "circle back" on— he explicitly said that he would meet-and-confer "*only on this issue*," thus unilaterally rejecting any conference to discuss discovery matters that Checkmate

raised for the first time **two months prior**. *Id.* (emphasis added). In response to Plaintiff's October 23 and 24, 2025 correspondence, Checkmate reminded Plaintiff that he had not yet complied with L.R. 37-1's letter requirement. *Id.* at ¶¶ 61-62, Ex. EE. Plaintiff again demanded in response an informal discovery conference while simultaneously promising a discovery motion. *Id.* Thereafter, Checkmate again requested a compliant L.R. 37-1 letter and reminded Plaintiff that he failed to "circle back regarding [] proposed dates/times" as he stated that he would. *Id.* at ¶¶ 63-64, Ex. FF.

Rather than acknowledge his failure to properly meet-and-confer (or even to provide his availability for a meet-and-confer), Plaintiff insisted that he only "said [he] would circle back on being able to visit your office"—an absurd reading that is contravened by the plain language of Plaintiff's statement that he would "circle back regarding your proposed dates/times." *Compare id.* at ¶¶ 54-55, Ex. AA with *id.* at ¶¶ 63-64, Ex. FF. Checkmate further informed Plaintiff that his draft "Joint Stipulation" did not comport with the requirements of L.R. 37-2.1. *Id.* at ¶¶ 63-64, Ex. FF. Among other defects, the joint "Introduction" and "Statement of Conference" sections, as well as the headers separating each "Issue in Dispute," all functioned as explicit argument sections for Plaintiff's stance. In essence, the "Joint Stipulation" as drafted served as little more than a Motion by and for Plaintiff. *See* Makitalo Decl. at ¶¶ 58-60, Ex. DD. The "Joint Stipulation" also failed to provide the "verbatim" copies of each challenged "[request] and the allegedly insufficient answer," instead grouping together impermissibly-wide swaths of Requests for Admission and the answers thereto. *Compare id.* with L.R. 37-2.1. Rather than agree to meet and confer as Checkmate had requested **since August 25**, provide a L.R. 37-1-compliant letter, or provide a joint stipulation that comported with the requirements of the Local Rules, Plaintiff forged ahead with his unsupported and unwarranted Discovery Motion.

Plaintiff also failed to comply with the letter requirements of Local Rule 37. L.R. 37 required Plaintiff to serve a letter identifying "each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position . . . and specify the terms of the discovery order to be sought."  L.R. 37-1. Despite the clarity of this requirement—and repeated requests from Checkmate's counsel to comply—Plaintiff failed to provide a compliant L.R. 37 letter.  Plaintiff's Discovery Motion concedes as much in its "Procedural History" section (Dkt. 113 at 2-3), which falsely characterizes Plaintiff's erratic correspondence as "L.R. 37-1 letters" despite the clear deficiencies in those letters.  *See* Dkt. 113 at 2:11-3:8. A basic review of the emails in question reveals that none of them comply with L.R. 37's requirement that the letter identify "***each*** issue and/or discovery request in dispute" and "state briefly as to ***each*** such issue/request the moving party's position[.]"  L.R. 37-1; *see* Makitalo Decl. at ¶¶ 26-27, Ex. M; ¶¶ 40-41, Ex. T; ¶¶ 48-55, Exs. X-AA.  By way of only one example, Plaintiff appears to claim that his September 17, 2025 correspondence to counsel suffices as a L.R. 37-compliant letter with regard to his requests regarding Checkmate's responses to Plaintiff's Second Set of Requests for Admission.  This email, however, does not cite ***any*** specific "discovery request in dispute," and does not state a position on those discovery requests beyond threatening to "serve broader, more burdensome RFPs."  Makitalo Decl. at ¶¶ 50-51, Ex. Y.  Moreover, Plaintiff's email fails to cite any legal authority supporting his (non-existent) requested relief.  *Id.*  As such, Plaintiff's September 17, 2025 correspondence fails to comply with L.R. 37-1 and his other purported "L.R. 37-1 letters" suffer from similar defects—defects which are repeated in Plaintiff's present Discovery Motion.  *See, for example, id.* at ¶¶ 26-27, Ex. M; ¶¶ 40-41, Ex. T; ¶¶ 48-55, Exs. X-AA. Plaintiff's Discovery Motion should be denied on this basis alone.

//

//

1

2. **Plaintiff's Requests For Admission Are Improper And Rely On Unreliable Purported Evidence**

2

3      Plaintiff's Discovery Motion also fails for reasons beyond its procedural

4  insufficiencies.  In seeking to deem certain matters admitted, Plaintiff's Discovery

5  Motion attempts to win his case by unilateral fiat without ever allowing Checkmate

6  to exercise its right to participate in discovery.  Plaintiff demands that the Court deem

7  as "admitted" his own particular and false view, unsupported by evidence, of not only

8  the facts of this case, but also of the legal principles and definitions underpinning the

9  claims brought by each party—a maneuver which directly contravenes the purpose

10 of Rule 36.  *See Open Text Inc. v. Northwell Health, Inc.*, No. CV 19-9216 SB (ASx),

11 2020 WL 6655922, at *2 (C.D. Cal. Oct. 23, 2020) ("Nor should requests for

12 admission 'be used . . . in the hope that a party's adversary will simply concede

13 essential elements' of the case.") (citing *Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir.

14 2007)).

15     Plaintiff's Discovery Motion constitutes little more than a rapid-fire and

16 context-free recitation of random groupings of Requests for Admission alongside

17 Plaintiff's own terse and unsupported "reasoning" as to why Checkmate's answers

18 are insufficient.  Dkt. 113 at 3-6.  Plaintiff fails to include the full text of ***any*** of his

19 Requests for Admission or Checkmate's fulsome responses thereto in the text of his

20 Discovery Motion. *See generally* Dkt. 113. Instead, Plaintiff includes an "Exhibit"

21 setting out each Request alongside an improperly-abbreviated version of

22 Checkmate's objections and answers, as well as alongside each answer's purported

23 "defects under Rule 36." *See* Dkt. 113-2.[2]  Courts have rejected such indiscriminate

24 groupings of purportedly-invalid Requests and answers thereto.  *See Fuentes v.*

25

---

[2] Checkmate notes that this Exhibit—containing ***41 pages of additional argument***—
26 appears to be yet another attempt by Plaintiff to evade the Local Rules' word limit.
*See* Dkt. 94 at 3:26-4:9 (identifying that Plaintiff's Motion to Dismiss Counterclaims
27 (Dkt. 81) had a word count of 12,000 words, almost double the word limit imposed
by the Local Rules); *see also* Dkt. 99 at 1:21-26 (noting that Plaintiff filed a purported
28 "errata" and attached exhibit (Dkts. 98 and 98-1) in an effort to smuggle improper
new arguments into a Reply brief (Dkt. 97)).

*Knowles*, No. CIV S-05-0675 FCD GGH P, 2007 WL 1946619, at *1 (E.D. Cal. July 2, 2007) (rejecting plaintiff's motion to compel further responses to requests for admission in part where "plaintiff failed to specifically identify any responses he was referring to nor describe why the responses were inadequate"); *Williams v. Cate*, No. 1:09-cv-00468-LJO JLT PC, 2011 WL 6217378, at *1 (E.D. Cal. Dec. 14, 2011) ("[A]s the moving party, Plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and, for each disputed response, why Defendant's objection is not justified . . . Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling further responses.") (citing *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008)).  Inasmuch as Checkmate can discern any of Plaintiff's purported concerns with its objections and answers, it attempts to do so here.

By grouping his Requests for Admission together, Plaintiff attempts to mask both the facial inadequacy of those Requests and the sufficiency of Checkmate's objections and responses thereto.[3]  Plaintiff's first set of Requests for Admission include multiple Requests that improperly demand that Checkmate accede to Plaintiff's own preferred legal conclusions regarding his purported solicitation of Checkmate's employees.  *See, for example*, Makitalo Decl. at ¶¶ 28-29, Ex. N at Request 26 ("Admit that, after a reasonable inquiry and as of the date of Your response, You have not identified any person You contend Plaintiff actually solicited to leave Checkmate") and Response to Request 26 (in relevant part, objecting that "the Request calls for a legal conclusion rather than a factual response").  "Solicitation" is a term of art as used in California's employment law jurisprudence; by demanding that Checkmate adopt his particular view of whether his actions constitute "solicitation," Plaintiff is seeking to place the parties' legal conclusions

---

[3] Checkmate's full objections and responses to Plaintiff's Requests for Admission have been filed alongside this Opposition.  *See* Makitalo Decl. at ¶¶ 44-47, Exs. V-W; ¶¶ 56-57, Ex. BB.

1  over those of the fact-finder.  Courts in this Circuit have rejected such Requests as
2  "inappropriate."  *See Music Grp. Macao Commercial Offshore Ltd. v. Foote*, Case
3  No. 14-cv-03078-JSC, 2015 WL 579688, at *2 (N.D. Cal. Feb. 11, 2015) (noting that
4  "it would be inappropriate for a party to demand that the opposing party ratify legal
5  conclusions that the requesting party has simply attached to operative facts" and
6  collecting cases) (internal quotation marks and citations omitted).  In *Music Grp.*
7  *Macao*, the court denied a motion to compel further responses to a Request for
8  Admission that simply asked the responding party to admit that a certain act was
9  illegal.  *Id.*  The court held that such a request "merely requests the legal conclusion
10  of illegality," and that Plaintiff "properly objected on the ground that it calls for a
11  legal conclusion."  *Id.*  In much the same way, Plaintiff's Requests for Admission 15
12  and 21-26 (among others)[4] request only that Checkmate agree with Plaintiff's
13  preferred legal conclusion.   Therefore, Checkmate properly objected to these
14  Requests as improper.  *See id.* ("Although Rule 36 allows for requests applying law
15  to fact, '[r]equests for admissions cannot be used to compel an admission of a
16  conclusion of law.'") (citing *Playboy Enters., Inc. v. Welles*, 60 F.Supp.2d 1050,
17  1057 (S.D. Cal. 1999)); *Holston v. DeBanca*, No. CIV S-09-2954 KJM DAD P, 2012
18  WL 843917, at *13 (E.D. Cal. Mar. 12, 2012) (holding that requests for admission
19  improperly sought legal conclusions in part where they "ask[ed] defendant to admit
20  various legal propositions, conceding the elements of a claim or affirming certain
21  legal standards"); *Benson Tower Condominium Owners Ass'n v. Victaulic Co.*, 105
22  F.Supp.3d 1184, 1196 (D. Or. 2015) ("The Disputed RFAs did not specifically
23  request the admission of underlying facts that may be used to establish that the
24  Victaulic products were defective, which may well have been appropriate RFAs.
25  Rather, the Disputed RFAs merely requested the admission of the legal conclusion
26  that the Victaulic products are defective.").

27
28  [4] For example, some of Plaintiff's Second Set of Requests for Admissions (some numbered identically to different Requests in his First Set) demand similar legal conclusions.  *See, for example*, Makitalo Decl. at ¶¶ 30-31, Ex. O at Requests 18-20.

Even more egregiously, some of Plaintiff's Requests in his Second Set of Requests for Production demand that Checkmate admit to ***Plaintiff's own motivations and arguments***.  *See* Makitalo Decl. at ¶¶ 30-31, Ex. O at Request 14. Plaintiff's Second Request for Admission 14 asks Checkmate to admit "that Plaintiff attempted to argue that he had only sent the Competitor Emails because his bonus had not been paid, and felt he was being 'screwed,' or words to that effect." *Id.* Discovery is not a vehicle to compel a party to concede or characterize another party's subjective state of mind or intentions, which is inherently speculative and clearly outside Checkmate's knowledge.  Accordingly, Checkmate properly objected to such a request and similarly improper Requests for Admission on the grounds that the terms used in the request were vague and ambiguous.  On a more general level, Checkmate also properly objected that such Requests were improperly compound in that they combine "multiple distinct inquiries within a single Request." *See id.* at Request 14 ("Admit that Plaintiff attempted to argue that he had only sent the Competitor Emails because his bonus had not been paid, ***and*** felt that he was being 'screwed,' ***or*** words to that effect.") (emphasis added);  *see Astafan v. BRK Hosp., Inc.*, Case No. EDCV 21-240-JWH (KKx), 2022 WL 2102879, at *3-4 (C.D. Cal. Apr. 1, 2022) (holding that a Request for Admission seeking an admission that "Room 106 had a roll-in shower, low sink, ***and*** high commode" was "improperly compound") (emphasis added); *see also Astafan*, 2022 WL 2102879, at *3-4 ("[G]enerally, requests for admission should not be compound . . . Requests for admission should be simple and clearly phrased 'in such a manner that they can be answered with a simple admit or deny without an explanation.'") (citations omitted).

Further, a number of Plaintiff's Requests for Admission seek the "admission" of the contents of otherwise-unverified "transcripts" and screenshots provided by Plaintiff. *See, for example*, Makitalo Decl. at ¶¶ 30-31, Ex. O at Requests 7-8, 10-19; ¶¶ 42-43, Ex. U at Requests 9-35.  These materials lack authentication and reliability, rendering them inappropriate.  Checkmate should not be forced to admit

to the contents of these documents unless and until they are properly authenticated and verified through appropriate discovery procedures.

### 3. Plaintiff Has Failed To Meet His Burden To Show That Checkmate's Responses To Plaintiff's Requests Are Invalid

Plaintiff's Discovery Motion fails to show both why his Requests for Admission are proper *and* why Checkmate's objections and responses thereto are invalid. The improperly-wide breadth of Plaintiff's sought relief concedes this reality; rather than seeking targeted relief as to each specific Request, Plaintiff instead seeks generalized relief related to virtually *all* of his roughly 100 Requests for Admission, none of which are replicated within his Discovery Motion and contain numerous deficiencies as identified in Checkmate's responses and further detailed herein. Makitalo Decl. at ¶¶ 44-47, Exs. V-W; ¶¶ 56-57, Ex. BB. Courts have rejected similar blanket attempts at non-specific relief. *See Fuentes*, 2007 WL 1946619, at *1 (rejecting plaintiff's motion to compel further responses to requests for admission in part where "plaintiff failed to specifically identify any responses he was referring to nor describe why the responses were inadequate"); *Williams*, 2011 WL 6217378, at *1 ("[A]s the moving party, Plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and, for each disputed response, why Defendant's objection is not justified . . . Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling further responses.") (citation omitted).

Plaintiff's Discovery Motion reveals a desire not for the admission of uncontested facts, but rather as a vehicle for *ad hoc* rulings on the various arguments raised in his pending Motions and briefing. *Compare* Dkt. 113 ("Discovery Motion") with Dkts. 79 ("Plaintiff's Motion to Strike Affirmative Defenses"), 81 ("Plaintiff's Motion to Dismiss Counterclaims"), 111 ("Plaintiff's Opposition to Checkmate's Motion to Enforce and Compel Compliance with Subpoena to Vasan Varadarajan")

and 121 ("Plaintiff's Motion for Sanctions").  This Court has noted that such a use of Rule 36 Requests for Admission is improper.  *See Open Text*, 2020 WL 6655922, at *2 ("A party who desires to discover what the fact are should resort to other discovery rules rather than Rule 36 . . . Instead, the purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree.") (citing *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)) (internal quotation marks and further citations omitted); *see also id.* (" '[T]here is general agreement that requests for admission ***are not to be treated as substitutes for discovery processes to uncover evidence*** . . .' ") (citing *People of State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)) (emphasis added).

For the foregoing reasons and in light of Plaintiff's clear refusal to comply with even the basic requirements of the Local Rules, the Court should deny Plaintiff's Discovery Motion as it relates to his Requests for Admission.  In the alternative, should the Court find that any of Checkmate's responses are insufficient, Checkmate respectfully requests leave to supplement rather than deem such requests admitted— an intermediary step noted by the Ninth Circuit in the sole opinion cited by Plaintiff in support of his Requests for Admissions argument.  *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) ("[T]he district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed.").

## B.   Checkmate Fully Complied With Its Disclosure Obligations

"Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." *City & County of San Francisco v. Tutor-Saliba Corp*., 218 F.R.D. 219, 220 (N.D. Cal. 2003). However, Rule 26 and the caselaw interpreting it make clear that a party's "initial disclosure must be based on the information ***'reasonably available'*** to the party at or within 14 days of the Rule 26(f) initial discovery conference." *Id.* (citing Rule 26(a)(1)) (emphasis added). "This disclosure

provision, however, 'applies only with respect to materials available to the party seeking monetary relief, and *where the materials necessary for the computation are not in this party's possession this disclosure requirement does not apply*.' " *Undiscovered Corp. v. Heist Studios*, No. CV 18-5719 FMO (ASX), 2019 WL 8219489, at *2 (C.D. Cal. Oct. 1, 2019) (quoting 8A Fed. Prac. & Proc. Civ. § 2053 (3d ed.)) (emphasis added); *see also* Fed. R. Civ. P. 26(a) advisory committee's note (1993) ("[A] party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person.").

Pursuant to Federal Rule of Civil Procedure 26(e), a party must further supplement this disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e); *see also Drayton v. Eastlink Prods., Inc*., No. 2:17-cv-06408-VAP-PJW, 2018 WL 5264131, at *4 (C.D. Cal. Oct. 15, 2018) ("Because a party's initial disclosure is 'based on the information then reasonably available to it,' . . . Rule 26(e) requires a party to supplement its disclosures when appropriate.") (citing Fed. R. Civ. P. 26(a)(1)(E)); *Tutor-Saliba Corp*., 218 F.R.D. at 222 ("As discovery proceeds, [a party] may, indeed must, supplement their initial damages disclosure to reflect the information obtained through discovery."); *Spin Master, Ltd. v. Zobmondo Ent*., LLC, No. CV063459ABCPLAX, 2011 WL 13127349, at *7 (C.D. Cal. Sept. 15, 2011) ("[W]hile [a] computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by [a party], as discovery proceeds, the [party] is required to supplement its initial damages computation to reflect the information obtained through discovery.") (internal quotations marks and citation omitted). Thus, a party's "initial damages disclosure under Rule 26(a) is *merely a preliminary assessment* and is subject to revision."

-15-

1  *Tutor-Saliba Corp*., 218 F.R.D. at 222 (citing Fed. R. Civ. P. 26(e)) (emphasis
2  added).

3      Checkmate has identified and disclosed several categories of damages based
4  on the information **reasonably available** at the time of its disclosure. Makitalo Decl.
5  at ¶¶ 32-33, Ex. P. These categories include "damages for its claims of breach of
6  contract, breach of the implied covenant of good faith and fair dealing, fraud, and
7  negligent misrepresentation." *Id*. "Checkmate further seeks a declaratory judgment
8  that Plaintiff is disentitled to further compensation under the parties' agreements and
9  relevant law and that Plaintiff is required to indemnify Checkmate for losses incurred
10  as a result of Plaintiff's conduct; payment of the full costs of this action, including
11  attorney's fees, to the fullest extent permitted by the relevant agreements and law;
12  recovery of pre- and post-judgment interest; and any such other and further relief, in
13  law or in equity, to which Checkmate may be entitled or which the Court may deem
14  just and proper." *Id*.

15      Checkmate's initial disclosures reflected the best current estimates and
16  descriptions of its damages categories, subject to supplementation as discovery
17  proceeds and additional information is obtained from third parties and other sources.
18  Discovery is clearly ongoing and remains in its early stages. *See* Dkt. 88 (setting fact
19  discovery cut-off for 3/4/26). Critical information bearing on the nature and extent
20  of Checkmate's damages is uniquely within the possession, custody, or control of
21  third parties, including subpoenaed individuals Vasan Varadarajan and Robert
22  Nessler, as well as Plaintiff. Checkmate has been actively pursuing this information
23  through subpoenas validly issued since August 2025. Makitalo Decl. at ¶¶ 22-25,
24  Exs. K-L; *see generally* Dkt. 101 ("Motion to Compel").

25      Plaintiff's Discovery Motion, claiming that Checkmate has failed to provide a
26  calculation of damages, is a direct result of Plaintiff's repeated interference with
27  Checkmate's efforts to obtain relevant discovery that it is plainly entitled to (*see* Dkt.
28  80 ("*Ex Parte* Application to Quash Subpoenas") and Dkt. 111 ("Plaintiff's

Opposition to Motion to Compel")) and that is necessary to ascertain facts material to Checkmate's counterclaims (Dkt. 71) and its ability to calculate damages. Specifically, Plaintiff has collaborated with Mr. Varadarajan to avoid Mr. Varadarajan's clear obligation to comply with Checkmate's subpoena to appear for deposition and produce documents. *See* Dkt. 106 ("Vasan Varadarajan's Motion for Protective Order"); Dkt. 109 ("Vasan Varadarajan's Objection to Motion to Compel"); Dkt. 115 ("Vasan Varadarajan's Opposition to Motion to Compel); Dkt. 119 ("Vasan Varadarajan's Reply in Support of Motion for Protective Order). Through Plaintiff's collaboration with Mr. Varadarajan, Mr. Varadarajan expressly conceded that Plaintiff "assisted" in preparing at least his Opposition to Checkmate's Motion to Compel (Dkt. 115 at ii:1-3; *see also id*. at 13:8-9 ("Arjun currently lives with me and assisted in preparing this document after I requested his help")), and Plaintiff himself has also admitted to providing such assistance (*see* Dkt. 111 at 2:16-18 (admitting to "assisting friends and family [Checkmate] has dragged into this dispute")), which explicitly constitutes the unauthorized practice of law. *See* Dkt. 116 at 8-11, § III.E. Plaintiff cannot continue his efforts to obstruct Checkmate's ability to obtain the necessary discovery for a damages computation while simultaneously claiming the disclosure is insufficient and seek its exclusion.

Checkmate served Rule-compliant initial disclosures based on the information ***reasonably available*** to it at the time of disclosure. Because of Plaintiff's interference with the orderly progress of discovery and third parties' refusal to comply with their obligations, pursuant to a valid court order, Checkmate has not yet obtained the information necessary to supplement its disclosure – which is itself only ***a preliminary assessment*** and subject to further revision. Checkmate expressly acknowledges and affirms its ongoing duty to supplement its disclosures as discovery progresses and as it obtains documents and testimony from Plaintiff and relevant third party witnesses. Checkmate will timely supplement its damages disclosures to

provide updated computations and supporting evidence consistent with its obligations.

### C. Plaintiff Has Failed To Set Forth Any Evidence Of Harm By Checkmate's Damages Disclosures

Checkmate's inability to provide a computation of damages thus far is a result of Plaintiff's interference with the orderly progress of discovery and collusion with third parties to obfuscate Checkmate's entitlement to relevant discovery. *See generally* Dkt. 101 ("Motion to Compel"); Dkt. 116 ("Checkmate's Reply to Plaintiff's Opposition to Motion to Compel"); Dkt. 117 ("Checkmate's Reply to Vasan Varadarajan Opposition to Motion to Compel"). Any incomplete damages calculations as a result of Checkmate's ongoing investigation are substantially justified by Plaintiff's own interference with Checkmate's efforts to obtain relevant discovery and undoubtedly harmless at this early stage of discovery.

In urging the Court to impose Rule 37 sanctions, Plaintiff cites to two cases where courts sanctioned a party for insufficient disclosures. Both cases are clearly distinguishable from the present facts. For instance, in *Hoffman v. Constr. Protective Servs., Inc*., the plaintiffs failed to disclose damage calculations ***prior to the pretrial conference***. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1177-1180 (9th Cir. 2008) (finding defendant had been harmed by the lack of disclosure because allowing a damages disclosure so late in the action "would have most likely required the court to create a new briefing schedule and perhaps re-open discovery."). Similarly, in *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., the defendant "failed to provide [an] expert report for two and a half years" after disclosing the identity of the rebuttal expert. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1105-1107 (9th Cir. 2001) (affirming the exclusion of an expert's testimony where the report was disclosed only "***one month before [the parties] were to litigate a complex case***" and thus the delay was not harmless) (emphasis added).

Plaintiff's reliance on such cases is misplaced as those decisions involved the imposition of Rule 37 sanctions where late disclosures occurred on the eve of trial, causing prejudice and threatening to derail case schedules. Here, discovery is ongoing and **remains open for approximately four (4) additional months** (s*ee* Dkt. 88 (setting fact discovery cut-off for 3/4/26)) and **trial is approximately ten (10) months away**. *Id*. (setting trial date for September 7, 2026). The procedural posture of this action is therefore fundamentally different from the cases cited by Plaintiff. There is no imminent trial or any risk of surprise or sandbagging to Plaintiff to warrant evidence preclusion. Accordingly, Checkmate's inability to calculate a precise number for damages at this stage does not present the extreme circumstances necessary to justify the severe remedy of evidence preclusion. *See Avago Techs. U.S., Inc. v. Emcore Corp*., No. C08-03248 JW (HRL), 2009 WL 5108386, at *3 (N.D. Cal. Dec. 18, 2009) (explaining that a remedy of "evidence-preclusion" is reserved for "extreme situations") (citation omitted).

Checkmate is entitled to supplement its disclosures, including its computation of damages, as discovery progresses, and Plaintiff retains ample time to explore damages through both fact and expert discovery. Consistent with this, Checkmate has already informed Plaintiff that it will supplement its initial disclosures in good faith as discovery progresses and as additional information becomes available. *See* Makitalo Decl. at ¶¶ 38-39, Ex. S ("Checkmate will supplement its disclosures in good faith as soon as additional information becomes available and a calculation of each category of damages can be made"). Further, Plaintiff cannot credibly claim any prejudice or harm as a result of Checkmate's disclosure – and in fact does not make any attempt to argue such harm – because it does not exist. Accordingly, Rule 37 sanctions are unwarranted. Should the Court find Checkmate's damages disclosures deficient in any respect, Checkmate respectfully requests that the Court permit Checkmate to supplement its damages disclosure rather than order preclusion. *See Tutor-Saliba Corp*, 218 F.R.D. at 222 (ordering plaintiffs to supplement their initial

damages disclosure and explaining that "[s]o long as Plaintiffs timely fulfill their disclosure obligations, they will not be prejudiced for making initial disclosures that are revised.").

### D. Plaintiff Seeks Unwarranted and Duplicative Relief Regarding Discovery Scope And Phasing

The relief requested in Plaintiff's Discovery Motion to phase and limit the scope of discovery is redundant, as it mirrors the relief already addressed in Plaintiff's Opposition to Checkmate's Motion to Compel. *See* Dkt. 111 at 6-10. Plaintiff openly admits this redundancy, stating this requested relief has already been "extensively briefed" and incorporating the same identical and ineffective arguments. *See* Dkt 113 at 9:3-4 ("As these matters are briefed extensively, Movant incorporates by reference Dkt. 111 (Plaintiff's Opp'n to Motion to Compel, §§ IV.A-B) as if fully set forth herein."). To conserve judicial resources, Checkmate respectfully directs the Court to its response to Plaintiff's unavailing arguments as detailed in its Reply in Support of Checkmate's Motion to Compel. *See* Dkt. 116 at 2-8. As Plaintiff has already sought to phase and limit the scope of discovery, it should be denied as duplicative and moot.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Discovery Motion should be denied in its entirety.

Date: November 17, 2025

Respectfully Submitted,

K&L GATES LLP

_____

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
Jacob R. Winningham (SBN 357987)

-20-

10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC.*

1

## **CERTIFICATE OF WORD COUNT**

2        The undersigned, counsel of record for Checkmate certifies that this brief

3  contains 6,471 words, which complies with the word limit of L.R. 11-6.1.

4

5  Date: November 17, 2025          Respectfully submitted,

6                           K&L GATES LLP

7

8

9                          _____

10                        Ryan Q. Keech (SBN 280306)

11                        Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)

12                        Jacob R. Winningham (SBN 357987)

13                        10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067

14                        Telephone: 310.552.5000

15                        Facsimile: 310.552.5001

16                        *Attorneys for Defendant and Counter-*

17                        *Claimant CHECKMATE.COM INC.*

18

19

20

21

22

23

24

25

26

27

28