Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca I. Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
 Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counter-Claimant*
CHECKMATE.COM INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>Plaintiff,<br><br>v.<br><br>CHECKMATE.COM, INC.,<br><br>Defendant.<br><br>CHECKMATE.COM, INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>ARJUN VASAN,<br><br>Counterclaim-Defendant. | Case No. 2:25-cv-00765-MEMF-AS<br><br>Hon. Alka Sagar<br><br>DISCOVERY MATTER<br><br>**DECLARATION OF REBECCA I. MAKITALO IN SUPPORT OF CHECKMATE.COM INC.'S OPPOSITION TO PLAINTIFF ARJUN VASAN'S MOTION TO DETERMINE SUFFICIENCY, COMPEL DISCLOSURE AND FOR PHASING OF DISCOVERY (DKT. 113)**<br><br>Complaint Filed: January 28, 2025<br>Amended Complaint Filed: February 21, 2025 |

# DECLARATION OF REBECCA I. MAKITALO

I, Rebecca I. Makitalo, declare as follows:

1. I am an associate attorney at the law firm of K&L Gates LLP, counsel for Defendant and Counter-Claimant Checkmate.com Inc. ("Defendant" or "Checkmate") in the above-titled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2. Plaintiff Arjun Vasan ("Plaintiff" or "Vasan") and Checkmate's counsel, Rebecca I. Makitalo and Jacob R. Winningham, participated in a Rule 26(f) conference which took place on August 7, 2025, wherein Plaintiff asked Checkmate to prepare a draft of the Joint Rule 26(f) report, with Plaintiff to provide his sections for incorporation by August 11, 2025.

3. Plaintiff failed to timely provide his sections by August 11, 2025, and on August 12, 2025, Checkmate's counsel reminded Plaintiff "[w]e agreed that you would send your draft on Monday so that we could incorporate your sections into the joint report" and explained that "[w]e have not yet received anything from you. Once I receive your sections, I will incorporate and send you a proposed final draft for review so that we can file the report by the Court's August 14, 2025 deadline."

4. Attached hereto as **Exhibit A** is a true and correct copy of the August 12, 2025 email correspondence between Checkmate's counsel and Plaintiff.

5. On August 12, 2025, Plaintiff instead demanded a "simultaneous exchange of our Rule 26(f) sections so neither side is disadvantaged in review," and belatedly elected to prepare and file the joint report himself.

6. Attached hereto as **Exhibit B** is a true and correct copy of the August 12, 2025 email correspondence between Plaintiff and Checkmate's counsel.

1

DECLARATION OF REBECCA I. MAKITALO IN SUPPORT OF CHECKMATE.COM INC.'S OPPOSITION TO PLAINTIFF ARJUN VASAN'S MOTION TO DETERMINE SUFFICIENCY, COMPEL DISCLOSURE AND FOR PHASING OF DISCOVERY (DKT. 113)

7. On August 13, 2025, Checkmate transmitted its drafted sections and Pre-trial and Trial Dates Worksheet for Plaintiff's incorporation into the Joint Rule 26(f) report.

8. Attached hereto as **Exhibit C** is a true and correct copy of the August 13, 2025 email correspondence from Checkmate's counsel to Plaintiff, including the attachments of Checkmate's drafted sections and Pre-trial and Trial Dates Worksheet.

9. On August 14, 2025, Plaintiff circulated a combined draft Joint Rule 26(f) Report and demanded a one-hour turnaround for Checkmate to provide revisions. Checkmate's counsel indicated that she would "do [her] best to return the draft as soon as possible."

10. Attached hereto as **Exhibit D** is a true and correct copy of the August 14, 2025 email correspondence between Checkmate's counsel and Plaintiff.

11. On August 14, 2025, Plaintiff sent a finalized version of the Joint Rule 26(f) Report to Checkmate, which was approved for filing.

12. Attached hereto as **Exhibit E** is a true and correct copy of the August 14, 2025 email correspondence between Checkmate's counsel and Plaintiff.

13. Attached hereto as **Exhibit F** is a true and correct copy of the finalized version of the Joint Rule 26(f) Report sent by Plaintiff on August 14, 2025.

14. Thereafter, on August 14, 2025, Plaintiff claimed he had "one more update to make" and sent a second finalized version of the Joint Rule 26(f) Report. Upon Checkmate's counsel's request for Plaintiff to "indicate what changes were made," Plaintiff stated "[j]ust that I plan to seek full bifurcation as well (in other issues), not just of discovery."

15. Attached hereto as **Exhibit G** is a true and correct copy of the August 14, 2025 email correspondence between Plaintiff and Checkmate's counsel.

16. Attached hereto as **Exhibit H** is a true and correct copy of the second finalized version of the Joint Rule 26(f) Report sent by Plaintiff on August 14, 2025.

2

DECLARATION OF REBECCA I. MAKITALO IN SUPPORT OF CHECKMATE.COM INC.'S OPPOSITION TO PLAINTIFF ARJUN VASAN'S MOTION TO DETERMINE SUFFICIENCY, COMPEL DISCLOSURE AND FOR PHASING OF DISCOVERY (DKT. 113)

17. Upon a comparative review of the second finalized Joint Rule 26(f) Report to the first finalized Joint Rule 26(f) Report sent by Plaintiff, and previously approved by Checkmate for filing, Checkmate's counsel discovered that Plaintiff's representation that he only added his "plan to seek full bifurcation as well (in other issues), not just of discovery" was false.

18. On August 14, 2025, Checkmate's counsel informed Plaintiff of his improper bait and switch tactic indicating that "I see that you've now added an entire section on separate trials that was not previously included in the 'final' draft I approved at 10:10pm. The deadline to file is approximately 20 minutes away, leaving Checkmate no opportunity to respond to your belated additions in any meaningful way."

19. Attached hereto as **Exhibit I** is a true and correct copy of the August 14, 2025 email correspondence between Checkmate's counsel and Plaintiff.

20. On August 14, 2025, acknowledging the impropriety of his additions without notifying Checkmate, Plaintiff agreed to file the previously approved Joint Rule 26(f) Report.

21. Attached hereto as **Exhibit J** is a true and correct copy of the August 14, 2025 email correspondence between Plaintiff and Checkmate's counsel.

22. On August 14, 2025, Vasan Varadarajan was served with a subpoena to testify at a deposition and produce documents (the "Varadarajan Subpoena").

23. Attached hereto as **Exhibit K** is a true and correct copy of the Varadarajan Subpoena.

24. On August 15, 2025, Robert Nessler was served with a subpoena to testify at a deposition and produce documents (the "Nessler Subpoena").

25. Attached hereto as **Exhibit L** is a true and correct copy of the Nessler Subpoena.

26. On August 15, 2025, Plaintiff sent an email to Checkmate's counsel objecting to the Varadarajan and Nessler Subpoenas. The parties exchanged correspondence thereafter regarding the Subpoenas.

27. Attached hereto as **Exhibit M** is a true and correct copy of the August 15, 2025 email correspondence from Plaintiff to Checkmate's counsel.

28. On August 16, 2025, Plaintiff served his first set of Requests for Admission.

29. Attached hereto as **Exhibit N** is a true and correct copy of the email correspondence and attachment containing Plaintiff's first set of Requests for Admission.

30. On August 17, 2025, Plaintiff served his second set of Requests for Admission.

31. Attached hereto as **Exhibit O** is a true and correct copy of the email correspondence and attachment containing Plaintiff's second set of Requests for Admission.

32. On August 21, 2025, Checkmate served Plaintiff with its Initial Disclosures.

33. Attached hereto as **Exhibit P** is a true and correct copy of the August 21, 2025 email correspondence from Checkmate's counsel to Plaintiff, including the attachment of Checkmate's Initial Disclosures.

34. On August 21, 2025, Plaintiff also served Checkmate with his Initial Disclosures.

35. Attached hereto as **Exhibit Q** is a true and correct copy of the August 21, 2025 email correspondence from Plaintiff to Checkmate's counsel, including the attachment of Plaintiff's Initial Disclosures.

36. On August 25, 2025, Checkmate emailed Plaintiff seeking a meet-and-confer under Rule 37 regarding Plaintiff's deficient Initial Disclosures.

4

37. Attached hereto as **Exhibit R** is a true and correct copy of the August 25, 2025 email correspondence from Checkmate's counsel to Plaintiff.

38. On August 29, 2025, Checkmate informed Plaintiff that "discovery is ongoing and consistent with the Rules, Checkmate will supplement its disclosures in good faith as soon as additional information becomes available and a calculation of each category of damages can be made."

39. Attached hereto as **Exhibit S** is a true and correct copy of the August 29, 2025 email correspondence from Checkmate's counsel to Plaintiff.

40. Between August 25, 2025 and September 10, 2025, Checkmate and Plaintiff exchanged numerous emails regarding Checkmate's proposed meet-and-confer. Plaintiff initially refused to agree to a meet-and-confer date before agreeing to a meeting on September 10, 2025. After Plaintiff failed to appear at the scheduled meet-and-confer on September 10, 2025, Checkmate contacted Plaintiff about his failure to attend and Plaintiff responded that he would not meet unless the meeting covered Checkmate's purported-deficient discovery. Plaintiff also stated he would not meet unless the meeting was recorded mutually or by "a court reporter at Checkmate's expense."

41. Attached hereto as **Exhibit T** is a true and correct copy of the email correspondence between Checkmate's counsel to Plaintiff dated August 25, 2025 through September 10, 2025.

42. On September 10, 2025, Plaintiff served his third and latest set of Requests for Admission.

43. Attached hereto as **Exhibit U** is a true and correct copy of the email correspondence and attachment containing Plaintiff's third set of Requests for Admission.

44. On September 15, 2025, Checkmate served Plaintiff with its objections and responses to his first set of Requests for Admission.

45. Attached hereto as **Exhibit V** is a true and correct copy of the email correspondence and attachment containing Checkmate's objections and responses to Plaintiff's first set of Requests for Admission.

46. On September 16, 2025, Checkmate served Plaintiff with its objections and responses to his second set of Requests for Admission.

47. Attached hereto as **Exhibit W** is a true and correct copy of the email correspondence and attachment containing Checkmate's objections and responses to Plaintiff's second set of Requests for Admission.

48. On September 16, 2025, Plaintiff sent an email to Checkmate listing general objections to Checkmate's objections and responses to Plaintiff's first set of Requests for Admission. Checkmate responded by requesting a meet-and-confer on the issues first raised by Checkmate on August 25, 2025.

49. Attached hereto as **Exhibit X** is a true and correct copy of the September 16 and 17, 2025 email correspondence between Plaintiff and Checkmate's counsel regarding Checkmate's objections and responses to Plaintiff's first set of Requests for Admission.

50. On September 17, 2025, Plaintiff started a separate email chain regarding Checkmate's objections and responses to Plaintiff's second set of Requests for Admission. In this email, Plaintiff stated that Checkmate's "denial" of "indisputable facts" "will compel [Plaintiff] to serve broader, more burdensome RFPs."

51. Attached hereto as **Exhibit Y** is a true and correct copy of the September 17, 2025 email from Plaintiff to Checkmate's counsel regarding Checkmate's objections and responses to Plaintiff's second Set of Requests for Admission.

52. On September 18, 2025, Plaintiff started yet another email chain requesting a "consolidated and recorded meet-and-confer" and stating that he expected Checkmate to "withdraw or hold in abeyance" the Nessler and Varadarajan Subpoenas. Checkmate's counsel reiterated its request for Plaintiff to provide his availability for a meet-and-confer. Over the following days, Plaintiff sent multiple

messages seeking restrictions on the deposition of Vasan Varadarajan and telling Checkmate's counsel to "Back off. Now."

53. Attached hereto as **Exhibit Z** is a true and correct copy of the email correspondence between Plaintiff and Checkmate's counsel dated from September 18, 2025 to September 20, 2025 regarding the Varadarajan Subpoena.

54. On October 1, 2025, Plaintiff sent another email seeking a meet-and-confer on a broad swath of discovery concerns. Checkmate responded reminding Plaintiff that he had not yet met-and-conferred regarding the discovery issues first raised in Checkmate's August 25, 2025 correspondence. Checkmate requested an in-person meet-and-confer in accordance with Rule 37. Plaintiff responded to Checkmate's request stating that he would "circle back regarding your proposed dates/times."

55. Attached hereto as **Exhibit AA** is a true and correct copy of the October 1, 2025 email correspondence between Plaintiff and Checkmate's counsel.

56. On October 10, 2025, Checkmate served Plaintiff with its objections and responses to his third set of Requests for Admission.

57. Attached hereto as **Exhibit BB** is a true and correct copy of Checkmate's objections and responses to Plaintiff's third set of Requests for Admission.

58. On October 23, 2025 and October 24, 2025, Plaintiff sent successive emails demanding that Checkmate submit to an informal discovery conference and that Checkmate submit a Rule 37 joint stipulation. Plaintiff stated that he would meet-and-confer "only on this [his] issue," despite his earlier promise to "circle back regarding [Checkmate's] proposed dates/times." Plaintiff's October 24, 2025 email correspondence was accompanied by a draft "Joint Stipulation."

59. Attached hereto as **Exhibit CC** is a true and correct copy of the October 23, 2025 and October 24, 2025 email correspondence between Plaintiff and Checkmate's counsel.

7

60. Attached hereto as **Exhibit DD** is a true and correct copy of the draft "Joint Stipulation" attached to Plaintiff's October 24, 2025 email correspondence.

61. On October 27, 2025, Checkmate responded to Plaintiff reminding him that he had not yet complied with Rule 37-1's letter requirement. In response, Plaintiff again demanded an informal discovery conference while promising an impending discovery motion.

62. Attached hereto as **Exhibit EE** is a true and correct copy of the October 27, 2025 email correspondence between Plaintiff and Checkmate's counsel.

63. On October 31, 2025, Checkmate again requested a compliant Rule 37-1 letter and reminded Plaintiff that he said he would "circle back regarding [Checkmate's] proposed dates/times." In response, Plaintiff stated that he only "said [he] would circle back on being able to visit [Checkmate's counsel's] office." In the same email exchange, Checkmate informed Plaintiff that his draft "Joint Stipulation" did not comport with the requirements of Rule 37-2.1.

64. Attached hereto as **Exhibit FF** is a true and correct copy of the October 31, 2025 email correspondence between Plaintiff and Checkmate's counsel.

I declare under the penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 17th day of November, 2025 in Los Angeles, California.

_____
Rebecca I. Makitalo