# **<u>EXHIBIT C</u>**

**Makitalo, Rebecca I.**

| | |
|---|---|
| **From:** | Makitalo, Rebecca I. |
| **Sent:** | Wednesday, August 13, 2025 6:45 PM |
| **To:** | Arjun Vasan |
| **Cc:** | Keech, Ryan Q.; Chiu, Stacey G. |
| **Subject:** | RE: Joint 26(f) Report [KLG-AMERICAS.FID3718879] |
| **Attachments:** | Draft - Joint Rule 26(f) Report.pdf; Exhibit A - Worksheet.pdf |

Mr. Vasan,

Attached please find Checkmate's draft of the Rule 26(f) joint report and supporting Exhibit A with the proposed schedule. As you are aware, this draft is intended to be incorporated into the joint report that you have elected to prepare and file by August 14, 2025.

We request that you provide us with a copy of the combined Rule 26(f) joint report for our review at your earliest convenience.

Thank you,

**Rebecca Makitalo**
Associate
K&L Gates LLP
10100 Santa Monica Blvd
8th Floor
Los Angeles, CA 90067
Phone: 310 552-5502
Cell: 818 251-6956
rebecca.makitalo@klgates.com
www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Tuesday, August 12, 2025 6:08 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Joint 26(f) Report [KLG-AMERICAS.FID3718879]

> **This Message Is From an External Sender**
> This message came from outside your organization.

Ok, sounds good.

On Tue, Aug 12, 2025 at 2:55 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

> Mr. Vasan,

1

We will send you Checkmate's respective sections when they are ready. As to your belated election to prepare and file the joint report, we expect to receive a timely prepared draft joint report for our review in advance of the Court's August 14, 2025 filing deadline.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counter-Claimant*
CHECKMATE.COM INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>                    Plaintiff,<br><br>     v.<br><br>CHECKMATE.COM, INC.,<br><br>                    Defendant.<br>_____<br>CHECKMATE.COM, INC.,<br><br>                    Counterclaim-Plaintiff,<br><br>     v.<br><br>ARJUN VASAN,<br><br>                    Counterclaim-Defendant. | Case No. 2:25-CV-00765-MEMF-JPR<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**JOINT REPORT PURSUANT TO FRCP 26(F) AND C.D. CAL. LOCAL RULE 26-1**<br><br>**Scheduling Conference**:<br>Date: September 4, 2024<br>Time: 10:00 a.m.<br>Crtrm.: 8B<br><br>Complaint Filed: January 28, 2025<br>Amended Complaint Filed: February 21, 2025 |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff and Counter-Defendant Arjun Vasan ("Plaintiff" or "Vasan") on the one hand, and Defendant and Counter-Claimant Checkmate.com, Inc. ("Defendant" or "Checkmate"), on the other hand (collectively "the Parties"), by and through their counsel of record, hereby submit the following Joint Rule 26(f) Report in advance of the Scheduling Conference.

A. **STATEMENT OF THE CASE**

    1. **Plaintiff's Statement**

[insert]

    2. **Defendant's Statement**

This is a breach of contract and fraud case. Checkmate, a solutions-powered company with enterprise technology, sought to acquire VoiceBite, a company co-founded by Vasan, for its proprietary code ("VoiceBite Code") with the goal of expanding its voice ordering AI capabilities. In early 2024, by way of the Merger Agreement and related transactional documents including, but not limited to, Assignment of IP and Other Assets and Non-Competition Agreement (the "Transaction"). Throughout the Transaction, Vasan was evasive about allowing Checkmate to review the VoiceBite Code, so Checkmate ensured as part of the Transaction that it obtained certain representations and warranties regarding the VoiceBite Code from Vasan, including that the VoiceBite Code was original, authored, and owned by Vasan.

Vasan knew these representations were false and that Checkmate was relying on these representations in order to proceed with the Transaction. After the Transaction closed on April 30, 2024, Checkmate employed Vasan. Thereafter, Checkmate made repeated requests to access the VoiceBite Code, which went ignored. Around the same time, Vasan's behavior while employed with Checkmate became increasingly erratic and unprofessional. He also began looking to work for a competing company and contacted a competitor of Checkmate, mentioning the

potential of bringing along two engineers from Checkmate with him on his departure. In these communications, he also attempted to pawn off the same VoiceBite Code he had just sold to Checkmate.

Once Checkmate gained access to the VoiceBite Code, it quickly realized that the code was riddled with references to Vasan's previous company, Cyborg – a company that was previously acquired by Presto Automation – and that the code pre-dated back to 2018, yeas before VoiceBite was even formed. Further, the VoiceBite Code also revealed references to an additional third-party author, "Vasan Varadarajan," Vasan's father who was a former "Founder & President" of CyborgOPS. Varadarajan's role was not disclosed in the Transaction, nor was his authorship acknowledged in the representations and warranties made by Vasan. Once Vasan was confronted with his fraudulent representations to Checkmate, he began characterizing these misrepresentations as "incidental" or that "Cyborg" was merely a commonly used English word. Even more boldly, Vasan claimed that the VoiceBite Code was not intellectual property, despite the fact that the entire Transaction was premised upon the proprietary VoiceBite Code. Vasan has gone as far as to admit that he actually discussed the possibility of disclosing to Checkmate the fraudulent representations he made concerning the VoiceBite Code, with his VoiceBite co-founders, but ultimately decided not to disclose this information in order to ensure that Checkmate would move forward with the Transaction.

Defendant and Counter-Claimant Checkmate denies the allegations in Plaintiff's Amended Complaint. Following the VoiceBite Transaction, certain VoiceBite team members became employees of Checkmate. Checkmate employed Vasan as Vice President of AI Technology. Throughout his employment with Checkmate, Vasan's communications with team members and the public became increasingly erratic and unprofessional. Vasan received several written and verbal warnings in the fall of 2024, due to his disruptive and unprofessional workplace conduct, including threatening litigation against his colleagues and sending outbursts

via Checkmate's internal slack channels.

In October 2024, Vasan indicated that he needed to be placed on leave. Around the same time Checkmate learned that Vasan began looking to work at a competing company, in violation of his non-compete agreement. On or around November 7 and 8, 2024, Vasan contacted a competitor of Checkmate and mentioned the possibility of leaving Checkmate and bringing two Checkmate engineers along with him in a potential hire by the competitor. In these communications, Vasan also alluded to pawning off the very same VoiceBite Code he sold to Checkmate. Thereafter, on November 14, 2024, Vasan notified Checkmate of his good reason resignation.

For these and other reasons, it is not Vasan who is entitled to recovery; it is, instead, Checkmate that has suffered significant damage as a result of Vasan's unlawful conduct.

**B.    SUBJECT MATTER JURISDICTION**

The Parties agree that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because it involves parties who are all citizens of different states or foreign entities and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**C.    LEGAL ISSUES**

   **1.  Plaintiff's Position:**

[insert]

   **2.  Defendant's Position:**

Defendant has asserted claims for Breach of Contract of Intellectual Property Acknowledgement and Assignment of IP and Other Assets, Breach of Contract of Noncompete Agreement, Breach of the Implied Covenant of Good Faith and Fair Dealing, Fraud, Negligent Misrepresentation, and Declaratory Relief.

**D.    DAMAGES**

   **1.  Plaintiff's Position:**

[insert]

**2. Defendant's Position:**

As set forth in its Answer and Counterclaims, Defendant seeks:

1. On the First through Fifth Claims for Relief, that Checkmate recover compensatory, consequential, incidental damages, and lost profits in an amount to be proved at trial in excess of the jurisdictional minimum of this Court;

2. On the Sixth Claim for Relief, that a declaratory judgment issue that Plaintiff is disentitled to further compensation under the parties' agreements and relevant law and that Plaintiff is required to indemnify Defendant for losses incurred as a result of the foregoing conduct.

3. That Plaintiff be ordered to pay punitive and exemplary damages in a sum sufficient to punish and deter him and others from similar wrongdoing;

4. That Plaintiff pay to Checkmate the full costs of this action, including attorney's fees, to the fullest extent permitted by the parties' agreements and relevant law;

5. That Checkmate recover pre- and post-judgment interest;

6. That Checkmate be granted such other and further relief, in law or in equity, to which Defendant may be entitled or as the Court may deem just and proper include compensatory, consequential, incidental damages, and lost profits. Damages have not yet been calculated.

E. **PARTIES AND EVIDENCE**

**1. Plaintiff's Position:**

[insert]

**2. Defendant's Position:**

The proper parties are currently before this Court. Discovery has only just commenced. Key documents include, among others, the underlying contracts the Parties allege have been breached, the VoiceBite Code, Vasan's employment records, Vasan's communication with competing a competing company, transfers of ownership of the VoiceBite Code, documents relating to the authorship and

ownership of the VoiceBite Code, together with related documents and communications.

Defendant may require testimony from the following percipient witnesses: Michael Bell, Vishal Agarwal, Amy Brown, Vasan Varadarajan, Latha Varadarajan Bill Healy, Krishna Gupta, Adam Ahmad, Mansour Movahhedinia, and Robert Nessler.

F. **INSURANCE**

    1. **Plaintiff's Position:**

[insert]

    2. **Defendant's Position:**

Defendant is currently unaware of applicable insurance coverage covering liability in this action.

G. **MANUAL FOR COMPLEX LITIGATION**

The Parties agree that this case does not require any of the procedures from the Manual for Complex Litigation.

H. **MOTIONS**

    1. **Plaintiff's Position:**

[insert]

    2. **Defendant's Position:**

Defendant does not currently anticipate filing any motions to add parties, amend its pleadings, or transfer venue.

I. **DISPOSITIVE MOTIONS**

    1. **Plaintiff's Position:**

[insert]

    2. **Defendant's Position:**

Defendant anticipates filing a motion for summary judgment as to all claims in this case at the earliest available opportunity, and as discovery in this action supports.

**J.  STATUS OF DISCOVERY**

    **1. Plaintiff's Position:**

[insert]

    **2. Defendant's Position:**

To date, no discovery has been conducted by Defendant.

**K.  DISCOVERY PLAN**

Pursuant to FRCP Rule 26, the Parties have formulated the following discovery plan:

    **a.  Initial Disclosures:**

The Parties do not seek any changes in the form or requirement for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. The Parties shall serve their initial disclosures by August 21, 2025.

    **b.  Scope of Discovery:**

The Parties expect to conduct discovery including requests for production of documents, electronic materials, and things, interrogatories, requests for admissions, and deposition testimony. The Parties do not believe that discovery needs to be phased.

    **1. Plaintiff's Position:**

[insert]

    **2. Defendant's Position:**

Defendant has not yet begun written discovery, but expects to take discovery on the following issues:

1. Vasan's communications with the VoiceBite shareholders regarding the VoiceBite code;

2. Vasan's communications with Vasan Varadarajan regarding the VoiceBite Code;

3. Authorship and ownership of the VoiceBite Code;

4. Any transfers of ownership of the VoiceBite Code;

1  5. Vasan's employment history;

2  6. Vasan's communications with other companies while employed with
3  Checkmate.

4  Defendant reserves its right to add additional subjects as the case develops
5  and discovery proceeds. Checkmate's preliminary list of subjects is not intended to
6  be inclusive or preclusive and is made without waiving its right to object to
7  Plaintiff's discovery as necessary.

8  **a.    Electronically Stored Information:**

9  The Parties stipulate that all electronically stored information shall be
10 produced with an acceptable load file in .dat, .lfp, or other agreed-upon file type.
11 Each load file shall be accompanied by .tif images with associated text searchable
12 ("OCR") .txt files. Excel spreadsheets shall be produced in native format. All
13 documents shall be Bates labeled in sequential order. All redactions shall be listed
14 on an accompanying privilege log. The Parties' obligations for the production of
15 ESI shall not otherwise extend beyond those imposed by the Federal Rules of Civil
16 Procedure.

17 Each Party has acknowledged its ongoing duty to preserve discoverable ESI.

18 **b.    Inadvertent Production:**

19 The Parties agree that the inadvertent or unintentional disclosure of any
20 information subject to a claim of attorney-client privilege, work product immunity,
21 or any other applicable privilege or substantive right (collectively, "**Inadvertently**
22 **Produced Information**") shall not be deemed a waiver in whole or in part of the
23 party's claim of privilege or work product immunity, either as to the specific
24 information disclosed or as to any other information relating thereto or on the same
25 subject matter. If a party or non-party has produced and/or otherwise disclosed
26 Inadvertently Produced Information, the receiving party, upon request, or, on its
27 own initiative at such time as the receiving party reasonably and in good faith
28 believes itself to be in possession of Inadvertently Produced Information, whichever

occurs first, shall promptly return the Inadvertently Produced Information, and all copies of said information that may have been made and any notes regarding said information shall be destroyed. The Parties will set forth more detail regarding the procedures for "clawing-back" any Inadvertently Disclosed Information in a mutually acceptable protective order.

      **c.** **<u>Privileged Materials:</u>**

The Parties agree that all privileged materials requested in discovery shall be listed on a privilege log.

      **d.** **<u>Service of Discovery:</u>**

The Parties have stipulated that written discovery requests and responses shall be served via e-mail to the following:

**For Plaintiff**:

    Arjun Vasan (arjun.vasan@gmail.com)

**For Defendant**:

    Ryan Q. Keech (Ryan.keech@klgates.com)

    Stacey Chiu (Stacey.chiu@klgates.com)

    Rebecca Makitalo (Rebecca.makitalo@klgates.com)

**L.** **<u>EXPERT DISCOVERY</u>**

The Parties agree that Expert Discovery shall be completed by April 8, 2026, as set forth in Exhibit A. Initial Expert Reports shall be disclosed by March 11, 2026. Rebuttal Expert Witness Reports shall be disclosed by March 25, 2026.

**M.** **<u>SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION (ADR)</u>**

The Parties have not had any settlement discussions since the filing of this this lawsuit.

**N.** **<u>TRIAL ESTIMATE</u>**

    **1. <u>Plaintiff's Position:</u>**

[insert]

### 2. Defendant's Position:

Defendant anticipates that a realistic estimate of trial time is four (4) court days. Trial is to be by jury. Defendant contemplates that it may need to call approximately ten witnesses at trial.

### O. TRIAL COUNSEL

#### 1. Plaintiff's Position:

[insert]

#### 2. Defendant's Position:

Trial counsel for Defendant will be Ryan Q. Keech, Stacey Chiu, and Rebecca I. Makitalo.

### P. MAGISTRATE JUDGE

The Parties do not agree to try the case before a Magistrate Judge.

### Q. INDEPENDENT EXPERT OR MASTER

The Parties do not presently anticipate the necessity of appointing a master.

### R. SCHEDULE WORKSHEET

The Parties completed Schedule Worksheet is attached to this Joint Report as Exhibit A.

### S. CLASS ACTIONS

This matter is not a class action case, and so this section is inapplicable.

### T. PATENT CASES

This matter is not a patent case, and so this section is inapplicable.

### U. OTHER ISSUES

At this time, the Parties are not aware of any other issues affecting the status or management of the case. The Parties plan to file a protective order to protect their confidential and proprietary business information.

### V. TRADE SECRET CASES

This matter is not a trade secret case, and so this section is inapplicable.

| | | |
|---|---|---|
| 1 | Date: August 13, 2025 | K&L GATES LLP |
| 2 | | /s/ *Draft* |
| 3 | | |
| 4 | | Ryan Q. Keech (SBN 280306)<br>Stacey Chiu (SBN 321345) |
| 5 | | Rebecca I. Makitalo (SBN 330258)<br>10100 Santa Monica Boulevard, 8th Floor |
| 6 | | Los Angeles, California 90067<br>Telephone: 310.552.5000 |
| 7 | | Facsimile: 310.552.5001 |
| 8 | | |
| 9 | | *Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC..* |
| 10 | | |
| 11 | Date: August 13, 2025 | |
| 12 | | /s/ *Draft* |
| 13 | | *Pro Se Plaintiff and Counter-Defendant Arjun Vasan* |

JOINT REPORT PURSUANT TO FRCP 26(F) AND C.D. CAL. LOCAL RULE 26-1

# CERTIFICATE OF ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that the above signatories listed herein, concur in this document's content and have authorized the filing.

Date: August 13, 2025

K&L GATES LLP

/s/ *Draft*

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant Checkmate.com Inc.*

# **EXHIBIT A**

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. | 2:25-CV-00765-MEMF-JPR | Case Name: | Vasan v. Checkmate.com, Inc. | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Check one:   ☒ Jury Trial   or   ☐ Bench Trial [Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity] Estimated Duration:    4    Days | | | | September 7, 2026 |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine [Wednesday at 9:00 a.m. at least 19 days before trial] | | | | August 19, 2026 |
| **Event** [1] Note: Hearings shall be on Thursdays at 10:00 a.m.[2] Other dates can be any day of the week | | **Time Computation**[3] | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Thursday] | | 6 weeks after scheduling conference | | October 16, 2025 |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) | | 24 weeks before FPTC | | March 4, 2026 |
| Expert Disclosure (Initial) | | 23 weeks before FPTC | | March 11, 2026 |
| Expert Disclosure (Rebuttal) | | 21 weeks before FPTC | | March 25, 2026 |
| Expert Discovery Cut-Off | | 19 weeks before FPTC[4] | | April 8, 2026 |
| Last Date to Hear Motions [Thursday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Frimpong's website | | 12 weeks before FPTC | | May 27, 2026 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one:  ☐ 1. Magistrate Judge (with Court approval)<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation | | 10 weeks before FPTC | | *3. Private Mediation June 10, 2026* |
| Trial Filings (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | | 4 weeks before FPTC | | July 22, 2026 |
| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | | 2 weeks before FPTC | | August 5, 2026 |

[1] The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2] By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.
[3] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.

11