# **EXHIBIT L**

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| Arjun Vasan | ) |
| *Plaintiff* | ) |
| v. | ) |
| Checkmate.com, Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  2:25-cv-00765-MEMF-JPR

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          Robert Nessler
1149 Hollyhead Lane, Cupertino, CA 95014
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: K&L Gates LLP<br>620 Hansen Way<br>Palo Alto, California 94304 | Date and Time:<br><br>09/29/2025 11:00 am |
|---|---|

The deposition will be recorded by this method:  testimony by videotape, audio, and stenographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/14/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Rebecca I. Makitalo |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Checkmate.com, Inc.                                                        , who issues or requests this subpoena, are:
Ryan Q. Keech, Stacey Chiu, Rebecca I. Makitalo; K&L GATES LLP, 10100 Santa Monica Blvd., 8th Fl., Los Angeles, CA; Ryan.Keech@klgates.com, Stacey.Chiu@klgates.com, Rebecca.Makitalo@klgates.com; 310 552-5502

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. **2:25-cv-00765-MEMF-JPR**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Robert Nessler**
on *(date)* **August 14, 2025**

☑ I served the subpoena by delivering a copy to the named person as follows: **Robert Nessler**, personally at **1149 Hollyhead Lane , Cupertino, CA 95014** on *(date)* **8/15/2025** at **8:05 AM** or

☐ I returned the summons unexecuted because; _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for ones day's attendance, and the mileage allowed by law, in the amount of

**$ 58.20**

My fees are $ .00 for travel and $  for services, for a total of $ .00

I declare under penalty of perjury that this information is true.

Date: **8/18/2025**

_____
*Server's signature*

**Michael Matthews**
*Printed name and title*
**Ace Attorney Service, Inc.**
**800 S. Figueroa Street, Suite 900, Los Angeles, CA 90017**
**Phone: (213) 623-3979 / Fax: (213) 623-7527**
**Registration No.: 570 / County: SANTA CLARA**
*Server's Address*

Additional information regarding attempted service, etc.:

AO88A-2482067

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

## Definitions

"YOU" or "YOUR" refers to Robert Nessler, an individual, together with any PERSON acting directly or indirectly by, through, under, or on YOUR behalf, including but not limited to YOUR current or former members, directors, officers, agents, attorneys,  employees, partners, joint venturers, contractors, accountants, or representatives, and any other current  or former corporation, partnership association, trust, parent, subsidiary, division, affiliate,  predecessor-in-interest and successor-in-interest of YOU and any other PERSON acting on YOUR behalf or subject to YOUR control.

"ARJUN VASAN" refers to Arjun Vasan, an individual, together with any PERSON acting directly or indirectly by, through, under, or on ARJUN VASAN's behalf, including but not limited to ARJUN VASAN's current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any other current or former corporation, partnership association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of ARJUN VASAN and any other PERSON acting on ARJUN VASAN's behalf or subject to his control.

"CHECKMATE" refers to Defendant and Cross-Complainant Checkmate.com, Inc. together with any PERSON acting directly or indirectly by, through, under, or on CHECKMATE's behalf, including but not limited to CHECKMATE's current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any other current or former corporation, partnership association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of CHECKMATE and any other PERSON acting on CHECKMATE's behalf or subject to CHECKMATE's control.

"VOICEBITE" refers to VoiceBite Corporation together with any PERSON acting directly or indirectly by, through, under, or on VOICEBITE's behalf, including but not limited to VOICEBITE's current or former members, directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives, and any other current or former corporation, partnership association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of VOICEBITE and any other PERSON acting on VOICEBITE's behalf or subject to VOICEBITE's control.

"THE VOICEBITE TRANSACTION" refers to the transaction(s) closing in or about 2024 whereby CHECKMATE entered into the Merger Agreement and related transactional documents with ARJUN VASAN, Robert Nessler, Christopher Lam, Isamu Aoki, and Paul Justin Garcia.

"THE VOICEBITE CODE" refers to the proprietary code CHECKMATE acquired from VOICEBITE by way of THE VOICEBITE TRANSACTION.

"THE VOICEBITE SHAREHOLDERS" refers to YOU, ARJUN VASAN, Christopher Lam, Isamu Aoki and Paul Justin Garcia.

"THIS ACTION" refers to *Arjun Vasan. v. Checkmate.com Inc*. (Case No. 2:25cv765) (Central District of California).

"REFERRING OR RELATING TO," "REFER OR RELATE TO," "RELATING," "RELATING TO," or "REFERS TO" means any and all of the following terms and their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear on, amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, summarize, respond to, relate to, or describe.

"DOCUMENT" or "DOCUMENTS" shall be construed in its broadest possible sense, to encompass all books, documents, data compilations, tangible things, or other evidentiary material, whether generated or stored in hard-copy, electronic media, or other format, which is discoverable under the Federal Rules of Civil Procedure. The term "DOCUMENT" includes, without limitation, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any DOCUMENTS, whether used or not. If the original of any DOCUMENT is not in YOUR possession, custody, or control, a copy of that DOCUMENT should be produced.

"COMMUNICATION(S)" means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

"PERSON," in the plural as well as the singular, means any natural person, association, partnership, corporation, joint venture, government entity, organization, limited liability company, trust, institution, proprietorship, or any other entity recognized as having an existence under law.

"IDENTIFY," "IDENTIFYING," "IDENTIFIED" or "IDENTITY" means the following:

      a. With reference to an individual, such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

      b. With reference to an entity or entities, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

"INCLUDING" means including, but not limited to.

1601227636.1

## **Requests**

1. All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR knowledge of the creation, authorship, or development of THE VOICEBITE CODE.

2. All DOCUMENTS and COMMUNICATIONS IDENTIFYING the authors or creators of THE VOICEBITE CODE.

3. All DOCUMENTS and COMMUNICATIONS RELATING TO the authors or creators of THE VOICEBITE CODE.

4. All DOCUMENTS and COMMUNICATIONS RELATING TO the ownership of THE VOICEBITE CODE.

5. All DOCUMENTS and COMMUNICATIONS RELATING TO any agreements for THE VOICEBITE CODE INCLUDING licensing agreements, intellectual property assignments, or any transfers of ownership.

6. All DOCUMENTS and COMMUNICATIONS RELATING TO CyborgOPS.

7. All DOCUMENTS and COMMUNICATIONS RELATING TO Presto Automation.

8. All DOCUMENTS and COMMUNICATIONS RELATING TO any transfer of ownership of THE VOICEBITE CODE prior to THE VOICEBITE TRANSACTION.

9. All DOCUMENTS and COMMUNICATIONS RELATING TO any agreements between and among ARJUN VASAN and VOICEBITE.

10. All DOCUMENTS and COMMUNICATIONS with ARJUN VASAN, from January 1, 2023 to the present.

11. All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR employment with CHECKMATE.

12. All DOCUMENTS and COMMUNICATIONS RELATING TO THE VOICEBITE CODE.

13. All DOCUMENTS and COMMUNICATIONS RELATING TO THE VOICEBITE TRANSACTION.

14. All DOCUMENTS and COMMUNICATIONS RELATING TO CHECKMATE.

15. All DOCUMENTS and COMMUNICATIONS with THE VOICEBITE
    SHAREHOLDERS.

16. All DOCUMENTS and COMMUNICATIONS RELATING TO THIS ACTION.