# **EXHIBIT M**

**Makitalo, Rebecca I.**

| | |
|---|---|
| **From:** | Arjun Vasan <arjun.vasan@gmail.com> |
| **Sent:** | Friday, August 15, 2025 12:04 PM |
| **To:** | Keech, Ryan Q. |
| **Cc:** | Chiu, Stacey G.; Makitalo, Rebecca I. |
| **Subject:** | Re: Improper Subpoenas to Nessler and L. Varadarajan — Withdraw or Confer (FRCP 45/30; L.R. 37) |

> **This Message Is From an External Sender**
> This message came from outside your organization.

The rules clearly require *prior notice*, not notice after the fact. I am not representing either party, however, I have the right to object to your subpoenas being a disproportionate and overbroad fishing expedition, and a clear attempt to interfere with my legitimate employment claims.

You have yet to serve a subpoena on myself, or notice depositions of party witnesses (agarwal and bell).

I don't speak for my father, who will retain an attorney, or Mr. Nessler, who has one. However, I object to "all communications from 2023-2025 with arjun vasan", on my own behalf.

Withdraw the subpoenas, or I will move to quash and for a temporary protective order pending the hearing on September 4th, 2025. If you withdraw, we can stipulate to reasonable guardrails for such requests, which -- as you mention -- I welcome, just not on your conditions.

Best regards,
Arjun Vasan


On Fri, Aug 15, 2025 at 11:33 AM Keech, Ryan Q. <Ryan.Keech@klgates.com> wrote:

> Mr. Vasan,
>
> We're somewhat baffled with these communications. You have notice and, as best as we can tell, have not asserted any valid objections on your own behalf.
>
> As for Mr. Varadarajan, you're not a lawyer. You're a pro se party. You're welcome to represent yourself, use generative AI to produce nonsense on your own behalf and expect that the fact you're doing same is not painfully obvious and/or running you headlong into a forthcoming sanctions order. But what you can't do, and are forbidden from doing, is representing anybody else. We will work with Mr. Varadarajan in good faith to accommodate his legitimate interests, but he is a fact witness and will need to provide discovery: we would think

that you would welcome that possibility.  If you interfere in any way or prepare documents for these individuals, we will seek and obtain additional sanctions against you for that conduct.


Ryan


**K&L GATES**

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com


*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 15, 2025 11:08 AM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Subject:** Re: Improper Subpoenas to Nessler and L. Varadarajan — Withdraw or Confer (FRCP 45/30; L.R. 37)


Counsel—

FRCP 45(a)(4) requires **prior party notice before service**. You attempted service first and emailed "notice" later, which is noncompliant. The subpoena is disproportionate for a family member who is 71 years old and retired. This is clear harassment and overreach. I will move for a protective order ex parte.

You should expect written objects from both my father and Mr. Nessler shortly.

—Arjun

On Fri, Aug 15, 2025 at 10:52 AM Arjun Vasan <arjun.vasan@gmail.com> wrote:

Counsel,

You served/attempted to serve subpoenas on Robert Nessler and Vasan Varadarajan without prior party notice. That violates FRCP 45(a)(4) (for any duces tecum) and Rule 30(b)(1) (reasonable written notice of any deposition to all parties).

Defects (both subpoenas):

- No prior notice (45(a)(4)); no proper 30(b)(1) notice.
- Place of compliance exceeds the 100-mile limit (45(c)(1)/(2)) if you're commanding in-person at your office.
- Undue burden / disproportionality on nonparties (45(d)(1); 26(b)(1)), especially at Phase-1.
- Confirm whether witness fee + mileage were tendered at service (45(b)(1)).

Nessler status: He's a nonparty Holder Rep, not Checkmate's managing agent. If you insist he's "party/agent," proceed by Rule 30(b)(1) notice (not subpoena) and serve any document demands via Rule 34—with notice to all parties. Either way, no secret depos; I'm entitled to notice and to attend.

This is my L.R. 37-1 request to confer regarding a 26(c) protective order and 45(d)(3) motion to quash/modify. If you won't withdraw by tomorrow, I'll proceed under L.R. 37-2/-2.4 and seek fees under 45(d)(1).

Please also send: (1) copies of both subpoenas, (2) proof of service, (3) any prior party notice you contend was given, and (4) witness-fee/mileage proof.

Best regards,

Arjun Vasan

Plaintiff In Pro Per | (562) 900-6541 | arjun.vasan@gmail.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Ryan.Keech@klgates.com.