# EXHIBIT N

**Makitalo, Rebecca I.**

| | |
|---|---|
| **From:** | Arjun Vasan <arjun.vasan@gmail.com> |
| **Sent:** | Saturday, August 16, 2025 12:54 PM |
| **To:** | Keech, Ryan Q.; Chiu, Stacey G.; Makitalo, Rebecca I. |
| **Subject:** | Service of Plaintiff's First RFAs (Set One — "Lunchbox Emails," Nov. 7–8, 2024) |
| **Attachments:** | rfa-lunchbox-emails.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**This Message Is From an External Sender**
This message came from outside your organization.

Counsel,

Attached please find **Plaintiff's First Set of Requests for Admission to Defendant Checkmate.com, Inc. (Set One — "Lunchbox Emails," Nov. 7–8, 2024)**, served pursuant to **Fed. R. Civ. P. 36.**

- **Service method:** By email pursuant to **Rule 5(b)(2)(E)** (consent, as mutually agreed).
- **Response deadline: 30 days** from today, i.e., **September 15, 2025**, unless Checkmate stipulates earlier deadlines**.**
- **Natives:** Given you already filed PDFs of the thread, please produce on a **rolling basis by August 26, 2025** the **native .eml** copies (full headers) and **native audio attachments** for the Nov. 7–8, 2024 Lunchbox emails. If you prefer formal RFPs, say so and I'll serve them; otherwise let's keep this efficient.

Please confirm receipt.

Best,

Arjun Vasan

Plaintiff In Pro Per

arjun.vasan@gmail.com | (562) 900-6541

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   ARJUN VASAN,                           Case No.: CV-765-MEMF-JPR
                                            Hon. Maame Ewusi-Mensah Frimpong
12              Plaintiff and Counter-Defendant,
                                            **PLAINTIFF'S FIRST SET OF REQUESTS**
13       v.                                 **FOR ADMISSION TO DEFENDANT**
                                            **CHECKMATE.COM, INC.; "Lunchbox**
14                                          **Emails – November 7-8, 2024"**
15   CHECKMATE.COM, INC.,                   Complaint Filed: January 28, 2025
16   (dba "Checkmate")
17              Defendant and Counterclaimant.
18
19
20   **TO DEFENDANT CHECKMATE.COM, INC. AND ITS COUNSEL OF RECORD**:
21          Pursuant to Federal Rule of Civil Procedure 36, Plaintiff propounds the following Requests
22   for Admission ("RFAs"). Each admission is to be answered in writing, under oath, within **30 days**
23   after service unless the parties stipulate or the Court orders otherwise.
24   **I.      DEFINITIONS**
         1.  **"You" / "Defendant"** means Checkmate.com, Inc. ("Checkmate"), including its officers,
25
            employees, agents, attorneys, and anyone acting on its behalf.
26
         2.  **"Document"** has the broad meaning in Fed. R. Civ. P. 34(a)(1)(A) and includes
27
            electronically stored information.
28

                                             1

3. **"Email"** means an electronic message with headers, body, and any attachments, including the native **.eml** with full headers and MIME parts.

4. **"Attachment"** means any file attached to an Email, including all bytes, filename, size, and MIME metadata.

5. **"Audio File"** means a file whose content is audio and whose MIME begins audio/ (e.g., .wav, .mp3, .m4a).

6. **"Source Code"** means human-readable program text or scripts (e.g., files with extensions such as .py, .js, .ts, .java, .cpp, .c, .rb, .go, .ipynb, .sql, .sh, .ps1, etc.), and any file whose MIME indicates text/code.

7. **"Lunchbox Emails"** means the Emails exchanged **Nov. 7–8, 2024** between Plaintiff (from his personal Gmail account) and **Nabeel** (nabeel@lunchbox.com) concerning possible collaboration/employment, including the messages that attached files named **"lees-that-is-impressive.wav"** and **"MarcosRitaAmazing (1).wav."** These emails were previously exhibited by Checkmate. (See Decl. of Vishal Agarwal, ECF No. 18-4).

8. **"Competitive Activity Allegations"** means the allegations in Defendant's Counterclaims that (a) on or about Nov. 7–8, 2024 Plaintiff contacted a competitor and mentioned bringing two Checkmate engineers and shared recordings (¶23); (b) Plaintiff breached a non-compete by contacting competitors in Nov. 2024 to solicit interest in acquiring the same code and employees (¶52); and (c) Plaintiff attempted to pawn off the same code to a third party (¶7).

## II.    INSTRUCTIONS

A. Answer each RFA separately and fully as required by Rule 36. If You cannot admit or deny, state the reasons and describe the reasonable inquiry made.

B. If an RFA is admitted in part and denied in part, specify which part is admitted and which is denied.

C. These RFAs are continuing; if You later obtain information requiring amendment, promptly serve amended answers under Rule 26(e).

## III.    REQUESTS FOR ADMISSION

**RFA No. 1:** Admit that each **Attachment** to the **Lunchbox Emails** is an **Audio File** (e.g., .wav, .mp3, .m4a) and **not** Source Code.

**RFA No. 2:** Admit that **none** of the Attachments to the Lunchbox Emails contains **Source Code**.

**RFA No. 3:** Admit that the Attachment named **"lees-that-is-impressive.wav"** in the Lunchbox Emails is an **Audio File** and not Source Code.

**RFA No. 4:** Admit that the Attachment named **"MarcosRitaAmazing (1).wav"** in the Lunchbox Emails is an **Audio File** and not Source Code.

**RFA No. 5:** Admit that You possess **no file** from the Lunchbox Emails whose MIME metadata indicates a **text/code** type (including but not limited to text/plain, text/x-python, application/x-javascript, or similar).

**RFA No. 6:** Admit that You possess **no file** from the Lunchbox Emails with a filename extension commonly associated with Source Code (including but not limited to .py, .js, .ts, .java, .cpp, .c, .ipynb, .rb, .go, .sql, .sh, .ps1).

**RFA No. 7:** Admit that the **bodies** of the Lunchbox Emails state that Plaintiff was sending **older demo recordings** from prior work and do **not** state that Plaintiff was sending **Checkmate, VoiceBite** or **Presto** Source Code.

**RFA No. 8:** Admit that You have **not** retained any expert or vendor who concluded that any Attachment to the Lunchbox Emails is **Source Code**.

**RFA No. 9:** Admit that You have **not** computed or received any file hash or signature identifying any Attachment to the Lunchbox Emails as **Source Code**.

**RFA No. 10:** Admit that You have **no document** (including any internal analysis) that identifies any Attachment to the Lunchbox Emails as **Source Code**.

**RFA No. 11:** Admit that the Lunchbox Emails **do not** attach any repository export, archive, or bundle (e.g., .zip, .tar, .gz, .7z) containing Source Code.

**RFA No. 12A:** Admit that the Lunchbox Emails **do not** attach any file named with or referring to a **code repository**, **branch**, **commit**, or **hash** associated with **VoiceBite**, **Presto** or **Checkmate**.

**RFA No. 12B:** Admit that the Lunchbox Emails do not contain any URL to a repository (GitHub, GitLab, BitBucket or similar).

**RFA No. 13:** Admit that You have **no evidence** that Plaintiff transmitted **Checkmate, VoiceBite** or **Presto** Source Code to Lunchbox in the Lunchbox Emails.

**RFA No. 14A:** Admit that the **only** Attachments to the Lunchbox Emails in Your possession are **Audio Files**.

**RFA No. 14B**: Admit that each such attachment has a MIME Content-Type beginning with audio/.

**RFA No. 15:** Admit that characterizing the Attachments to the Lunchbox Emails as "**code**" would be **inaccurate** because they are **Audio Files**.

**RFA No. 16:** Admit that You are **able** to produce the Lunchbox Emails in **native .eml** format with full headers and all Attachments in **native** format.

**RFA No. 17:** Admit that none of the Lunchbox Email Attachments includes any **text** segment that contains programming syntax for a programming language.

**RFA No. 18A:** Admit that the body of the Lunchbox Emails does not contain the word "code".

**RFA No. 18B:** Admit that You have **no record** that Lunchbox (or Nabeel) replied acknowledging receipt of "code" from Plaintiff in the Lunchbox Emails.

**RFA No. 19:** Admit that none of the Lunchbox Email Attachments was marked or designated by You as **"confidential code," "source," "trade secret code,"** or similar.

**RFA No. 20:** Admit that You have **no basis** to contend that the Lunchbox Email Attachments are **anything other than Audio Files**.

**RFA No. 21:** Admit that, after a reasonable inquiry and as of the date of Your response, the **only** Documents You **rely on** to support the **Competitive Activity Allegations** are the **Lunchbox Emails** and their Attachments.

**RFA No. 22:** Admit that, after a reasonable inquiry and as of the date of Your response, You **do not possess** any communication **from Plaintiff to any then-current Checkmate employee** expressly asking that employee to **terminate** employment to accept a **specific role**.

**RFA No. 23:** Admit that, after a reasonable inquiry and as of the date of Your response, You **do not possess** any communication **from Plaintiff to any Checkmate customer** requesting that the customer **move existing business** from Checkmate.

4

**RFA No. 24:** Admit that, after a reasonable inquiry and as of the date of Your response, You **do not possess** any Document showing that **before November 14, 2024** Plaintiff **engaged in a "Competing Business"** as that term is used in any Checkmate agreement.

**RFA No. 25:** Admit that, after a reasonable inquiry and as of the date of Your response, You **do not possess** any communication (other than the Lunchbox Emails) in which Plaintiff **represented** that he **sent or would send source code** to **any** third party.

**RFA No. 26:** Admit that, after a reasonable inquiry and as of the date of Your response, You have **not identified any person** You contend Plaintiff actually **solicited** to leave Checkmate.

**RFA No. 27:** Admit that the **Lunchbox Emails** (dated November 7-8) post-date Plaintiff's written demands for payment of his partial/signing bonus in early November 2024 (dated November 4).

## VERIFICATION (for Responding Party)

I am authorized to respond to these Requests for Admission on behalf of Defendant. I have read the foregoing responses and, based on a reasonable inquiry, the matters stated therein are true and correct to the best of my knowledge and belief.

Dated: _____    Signature: _____

Name: _____    Title: _____

for Defendant Checkmate.com, Inc.

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action. On **August 16, 2025**, I served

**Plaintiff's First Set of Requests for Admission to Defendant Checkmate.com, Inc. (Set One —**

**"Lunchbox Emails," Nov. 7–8, 2024)** by sending a true and correct copy via email to:

Rebecca Makitalo

K&L Gates LLP

rebecca.makitalo@klgates.com

Ryan Q. Keech

K&L Gates LLP

ryan.keech@klgates.com

Stacey Chiu

K&L Gates LLP

stacey.chiu@klgates.com

10100 Santa Monica Blvd., 8th Floor

Los Angeles, California 90067

Phone: 310.552.5070

This Service was made by email pursuant to Fed. R. Civ. P. 5(b)(2)(E) (consent).

*I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.*

/s/ ***Arjun Vasan***

Dated: **August 16, 2025**    _____

Arjun Vasan