# **EXHIBIT O**

**Makitalo, Rebecca I.**

| | |
|---|---|
| **From:** | Arjun Vasan <arjun.vasan@gmail.com> |
| **Sent:** | Sunday, August 17, 2025 5:56 PM |
| **To:** | Keech, Ryan Q.; Chiu, Stacey G.; Makitalo, Rebecca I. |
| **Subject:** | Plaintiff's Requests for Admission Set Two - "November 14 Separation Meeting" |
| **Attachments:** | rfa-set-1-lunchbox-emails.pdf; rfa-set-2-separation.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**This Message Is From an External Sender**
This message came from outside your organization.

Counsel,

Please see attached second set of Requests for Admissions. Additionally, I've re-attached the first set to account for a minor clerical error in the proof of service. This does not alter the date of response, which remains September 15th for set one, and September 16th for this new set two.

Best regards,
Arjun Vasan

ARJUN VASAN

PLAINTIFF IN PRO PER

ARJUN.VASAN@GMAIL.COM

(562) 900-6541

12615 193RD STREET

CERRITOS, CA 90703


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| ARJUN VASAN,<br><br>                    Plaintiff and Counter-Defendant,<br><br>            v.<br><br><br>CHECKMATE.COM, INC.,<br>(dba "Checkmate")<br><br>                    Defendant and Counterclaimant. | Case No.:  CV-00765-MEMF-JPR<br> Hon. Maame Ewusi-Mensah Frimpong<br><br>**PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT CHECKMATE.COM, INC.; "November 14 Separation Meeting"**<br><br>Complaint Filed: January 28, 2025 |


**TO DEFENDANT CHECKMATE.COM, INC. AND ITS COUNSEL OF RECORD**:

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff propounds the following Requests for Admission ("RFAs"). Each admission is to be answered in writing, under oath, within **30 days** after service unless the parties stipulate or the Court orders otherwise.


**I.      DEFINITIONS**

1. **"Plaintiff"** means Arjun Vasan.

2. **"Defendant"** / **"Checkmate"** means Checkmate.com, Inc., including its officers, agents, employees and counsel.

3. **"Separation Meeting"** means the Zoom meeting held on **November 14, 2024**, **at 8:00 a.m.**, which was recorded. *This label is a neutral shorthand for identification only and does not concede or assume any legal characterization or consequence.*

4. **"Announcement Meeting"** means the internal Voice team meeting scheduled for and held at **9:00 a.m.** on **November 14, 2024**, after the Separation Meeting.

5. **"Competitor Emails"** means the emails referenced by Mr. Agarwal during the Separation Meeting as the basis for alleging Plaintiff communicated with a competitor and violated his non-solicitation agreement. *This label is for identification only; it does not concede that the emails constitute "solicitation," wrongdoing, or any legal conclusion.*

6. **"Zoom Transcript"** means the transcript of the Separation Meeting (Exhibit H).

7. **"Fathom Recording"** means the third-party Fathom.video recording/summary associated with the November 14 Meeting, as linked in the record.

8. **"Post-Call Segment"** means the portion of the Separation Meeting **after Plaintiff left,** during which the Zoom recording continued. *(See "Zoom Transcript," Ex. H.)*

9. **"Agarwal Declaration"** refers to the declaration filed as ECF 18-4 (and its attached email exhibits). **Paragraph 26** describes the Separation Meeting and ¶ **25** the Competitor Emails.

10. **"Nessler Declaration"** refers to the declaration of Robert Nessler describing that he and others were informed that Plaintiff was terminated on November 14. See ECF 81-2.

## II. INSTRUCTIONS

A. Answer each RFA separately and fully as required by Rule 36. If Checkmate cannot admit or deny, state the reasons and describe the reasonable inquiry made.

B. If an RFA is admitted in part and denied in part, specify which part is admitted and which is denied.

C. These RFAs are continuing; if Checkmate later obtain information requiring amendment, promptly serve amended answers under Rule 26(e).

## III. REQUESTS FOR ADMISSION

**Event / who / recording**

1. Admit that prior to the **Separation Meeting**, Plaintiff had offered to return part-time and had sent Checkmate medical certification clearing him to work on a limited schedule.

2. Admit that **Vishal Agarwal** scheduled the **Separation Meeting**, and by email, purported that the purpose of the meeting was to discuss Plaintiff's offer to return to work.

3. Admit that the **Separation Meeting** started at approximately **8:00 a.m. Pacific Time**.

4. Admit that Checkmate personnel, including **Vishal Agarwal, Michael Bell, and Amy Brown,** attended the **Separation Meeting**.

5. Admit that the **Separation Meeting was recorded**.

6. Admit that the recording referenced **in ¶ 3 continued after Plaintiff disconnected**.

**Fathom / artifacts**

7. Admit that the **Separation Meeting** recording **was processed by Fathom.video**, which generated a transcript and/or summary.

8. Admit that the **Fathom.video link**, video and summary remain live at the web address: https://fathom.video/share/j-ZStSqCq9Z7mRriEnHs6R7dxy7Aqixp?tab=summary

**Medical-leave context**

9. Admit that, prior to the **Separation Meeting**, Checkmate was informed by email that **Plaintiff was in a medical facility with limited access to devices**.

10. Admit that Plaintiff started the call by describing his improving health, eagerness to return to work and ongoing assistance to the Voice team while he was recovering.

**Statements during the Separation Meeting**

11. Admit that during the **Separation Meeting**, **Mr. Agarwal stated to Plaintiff** words to the effect: **"you are being terminated with immediate effect, right now, right this second."**

12. Admit that **Mr. Agarwal repeated words to that effect at least two times** during the **Separation Meeting**.

13. Admit that, during the November 14 Meeting, **Mr. Agarwal referenced turning the matter over to a lawyer** if a settlement could not be reached, or words to that effect.

14. Admit that Plaintiff attempted to argue that he had only sent the **Competitor Emails** because his bonus had not been paid, and felt he was being "screwed", or words to that effect.

15. Admit that **prior to Mr. Agarwal stating that Plaintiff was being terminated**, Plaintiff had been discussing his return to work, and ongoing assistance to the Voice team.

16. Admit that Mr. Agarwal **indicated the termination decision was final**.

17. Admit that, during the **Separation Meeting**, **Mr. Bell referenced involving a lawyer**, or words to that effect.

18. Admit that, during the **Separation Meeting**, **Mr. Agarwal referenced the Lunchbox Emails** as the basis for alleging that Plaintiff had violated the non-solicitation clause.

19. Admit that during the **Separation Meeting**, Mr. Agarwal stated words to the effect that **the only reason** for Plaintiff's termination were the **Competitor Emails**.

**Sole basis / no reports / no investigation (time-anchored)**

20. Admit that, **as of the start** of the **Separation Meeting**, the only basis known to Checkmate for alleging solicitation by Plaintiff were the **Competitor Emails**.

21. Admit that, **as of the start** of the **Separation Meeting**, Checkmate had not received any written or oral report from any person asserting that Plaintiff asked them to leave Checkmate.

22. Admit that, **as of the start** of the **Separation Meeting**, Checkmate had not conducted any investigation into whether Plaintiff asked any employee to leave Checkmate.

**Post-Call Segment**

23. Admit that, during the **Post-Call Segment**, **Mr. Agarwal stated** words to the effect: **"*he's on medical leave; in [t]his condition; we fired him for something that's not true.*"**

24. Admit that, during the **Post-Call Segment**, participants discussed off-boarding steps for Plaintiff.

4

25. Admit that Mr. Bell stated during the **Post-Call Segment**, that he had been preparing other team members for Plaintiff no longer working at Checkmate.

26. Admit that Mr. Bell had not seen the **Competitor Emails** himself prior to the meeting.

27. Admit that, during the **Post-Call Segment**, participants discussed scheduling a 9:00 a.m. Pacific meeting that same morning to inform the team ("Announcement Meeting").

**Announcement Meeting**

28. Admit that the **Announcement Meeting** was indeed scheduled for 9:00 a.m. Pacific on November 14, 2024.

29. Admit that the **Announcement Meeting** indeed occurred at the scheduled time.

30. Admit that, at the **Announcement Meeting**, Checkmate personnel informed Voice team members that Plaintiff was terminated.

31. Admit that the reason given at the **Announcement Meeting** for Plaintiff's termination was solicitation of employees.

32. Admit that attendees at the **Announcement Meeting** included **Robert Nessler** and at least two or more of the following: **Christopher Lam, Isamu Aoki, Paul Garcia, and Pranav Sood**, as well as **one or both of Mr. Agarwal and Mr. Bell**.

33. Admit that one or more team members present at the **Announcement Meeting** were questioned about the solicitation allegations, but only after Plaintiff's termination.

34. Admit that **no Voice team member reported any such solicitation** of them by Plaintiff.

**Artifacts / access**

35. Admit that the **Zoom and Fathom.video accounts** used for the **Separation Meeting** were managed or controlled by Checkmate or its agents.

36. Admit that the **Separation Meeting** is the same Zoom meeting described in the Agarwal Declaration **at ¶ 26** of **ECF No. 18-4**.

37. Admit that the **Announcement Meeting** is the 9:00AM meeting described by Robert Nessler in the **Nessler Declaration (ECF No. 81-2 at 7, ¶¶ 7-8 )**

38. Admit that the **Competitor Emails** are the same as those described in the **Agarwal Declaration at ¶ 25** and exhibited at **p. 78-80 of ECF No. 18-4**.

39. Admit that Checkmate **possesses no other such emails or communications**.

40. Admit that, during the **Separation Meeting**, **Plaintiff did not state that he was resigning**.

## VERIFICATION (for Responding Party)

I am authorized to respond to these Requests for Admission on behalf of Defendant. I have read the foregoing responses and, based on a reasonable inquiry, the matters stated therein are true and correct to the best of my knowledge and belief.

Dated: _____     Signature: _____

Name: _____     Title: _____

for Defendant Checkmate.com, Inc.

1    **CERTIFICATE OF SERVICE (Rule 5(b)(2)(E))**

2         I certify that on **August 17, 2025**, I served **Plaintiff's Second Set** of Requests for Admission

3    to Defendant Checkmate.com, Inc. (Set Two — "November 14 Separation Meeting") by sending a

4    true and correct copy via email to counsel of record at the addresses below:

5         Rebecca Makitalo
         K&L Gates LLP
6         rebecca.makitalo@klgates.com

7         Ryan Q. Keech
         K&L Gates LLP
8         ryan.keech@klgates.com

9         Stacey Chiu
         K&L Gates LLP
10         stacey.chiu@klgates.com

11

12         10100 Santa Monica Blvd., 8th Floor
         Los Angeles, California 90067
13         Phone: 310.552.5070

14         This Service was made by email pursuant to Fed. R. Civ. P. 5(b)(2)(E) (consent).

15         *I declare under penalty of perjury under the laws of the United States that the foregoing is*

16    *true and correct.*

17

18                                        /s/ ***Arjun Vasan***

19      Dated: **August 17, 2025**         _____

20                                             Arjun Vasan

21                                          Plaintiff In Pro Per

22

23

24

25

26

27

28