# EXHIBIT P

**Makitalo, Rebecca I.**

---

**From:** Adasha, Nicole
**Sent:** Thursday, August 21, 2025 2:59 PM
**To:** arjun.vasan@gmail.com
**Cc:** Keech, Ryan Q.; Makitalo, Rebecca I.; Chiu, Stacey G.
**Subject:** RE: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR
**Attachments:** [2025-08-21] Checkmate's Initial Disclosures.pdf

Hello,

Attached for service please find Defendant and Counterclaimant Checkmate.com, Inc.'s Disclosures.

Thank you,




**Nicole Adasha**
Sr. Practice Assistant
K&L Gates LLP
10100 Santa Monica Blvd S 700
Los Angeles, California 90067
Phone: 310-552-5057
Fax: 310-552-5001
nicole.adasha@klgates.com
www.klgates.com

Ryan Q. Keech (SBN 280306)
Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
Stacey.Chiu@klgates.com
Rebecca Makitalo (SBN 330258)
Rebecca.Makitalo@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM, INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ARJUN VASAN,

Plaintiff,

v.

CHECKMATE.COM, INC.,

Defendant.

---

CHECKMATE.COM, INC.,

Counterclaim-Plaintiff,

v.

ARJUN VASAN,

Counterclaim-Defendant.

Case No. 2:25-CV-00765-MEMF-JPR

Hon. Maame Ewusi-Mensah Frimpong

**DEFENDANT AND COUNTER-CLAIMANT CHECKMATE.COM, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

**JURY TRIAL DEMANDED**

Complaint Filed: January 28, 2025
Answer and Counterclaims Filed: July 9, 2025

Pursuant to Federal Rules of Civil Procedure Rule 26(a), Defendant and Counter-Claimant Checkmate.com, Inc. ("Defendant" or "Checkmate"), by and through its undersigned counsel hereby serves its Initial Disclosures on Plaintiff Arjun Vasan ("Plaintiff" or "Vasan") based upon the information readily available to Checkmate at this time.

## PRELIMINARY STATEMENT

In making these Initial Disclosures, Checkmate does not represent that it has identified every witness, document, or thing that it may use to support its claims or defenses in this action. Discovery is ongoing and these disclosures are based on information reasonably available to Checkmate at this time. Checkmate expressly reserves its rights: (a) to make subsequent revision, supplementation, or amendment to these disclosures based upon any information, evidence, documents, facts, or things that hereafter may be discovered, or the relevance of which hereafter may be discovered, and (b) to identify, produce, introduce, or rely upon additional or subsequently identified, acquired, or discovered writings, evidence, and information at trial or in any pretrial proceedings held in this case.

Checkmate objects to any disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Central District of California, or other applicable law. Checkmate expressly preserves all of the protections afforded to it, and does not provide any information protected from disclosure, by the attorney-client privilege, the attorney work product doctrine, tax privilege, or any other privilege or immunity. Any information provided by Checkmate in connection with these disclosures remains subject to all objections as to competence, relevance, materiality, and admissibility, and to any other objections on any grounds that would require the exclusion thereof if such information were offered into evidence, and Checkmate expressly reserves all such objections and grounds.

## INITIAL DISCLOSURES

### 1. WITNESSES

The following individuals are likely to have discoverable information that Checkmate may use to support its claims and defenses in this action:

**A. Vishal Agarwal**

Mr. Agarwal may be contacted through undersigned counsel.

Mr. Agarwal is the founder and CEO of Checkmate. Mr. Agarwal is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; the representations that Plaintiff made in relation to the VoiceBite transaction; the agreements underlying Plaintiff's claims; Plaintiff's communications and behavior throughout and thereafter employment at Checkmate, including Plaintiff's communications with a competitor of Checkmate; and other matters relevant to Checkmate's claims and defenses

**B. Michael Bell**

Mr. Bell may be contacted through undersigned counsel.

Mr. Bell is the Chief of Strategy of Checkmate. Mr. Bell is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; the representations that Plaintiff made in in relation to the VoiceBite transaction; the agreements underlying Plaintiff's claims; Plaintiff's communications and behavior throughout and thereafter employment at Checkmate, including Plaintiff's communications with a competitor of Checkmate; and other matters relevant to Checkmate's claims and defenses.

**C. Amy Brown**

Ms. Brown may be contacted through undersigned counsel.

Ms. Brown is the Vice President of Human Resources at Checkmate. Ms. Brown is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims;

the agreements underlying Plaintiff's claims and related communications; Plaintiff's communications and behavior throughout and thereafter employment at Checkmate, including Plaintiff's communications with a competitor of Checkmate; and other matters relevant to Checkmate's claims and defenses.

**D. Christopher Lam**

9 Lamay Crescent

Toronto, Ontario, M1X 1J2, Canada

Mr. Lam is a co-founder of VoiceBite. Mr. Lam is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; Plaintiff's communications relating to the VoiceBite transaction; the authorship and ownership of the VoiceBite code; Plaintiff's communications and behavior throughout and thereafter Plaintiff's employment at Checkmate; and other matters relevant to Checkmate's claims and defenses.

**E. Robert Nessler**

1149 Hollyhead Lane

Cupertino, CA 95014

Mr. Nessler is a co-founder of VoiceBite. Mr. Nessler is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; the authorship and ownership of the VoiceBite code; agreements relating to the VoiceBite code; Plaintiff's previous company CyborgOPS and any agreements relating thereto; Plaintiff's agreements and communications with Presto Automation; agreements with VoiceBite and Plaintiff; communications relating to the VoiceBite transaction; Plaintiff's communications and behavior throughout and thereafter Plaintiff's employment at Checkmate; and other matters relevant to Checkmate's claims and defenses.

**F. Arjun Vasan**

12615 193rd Street

Cerritos, CA 90703

Telephone: (562) 900-6541

Mr. Vasan is the Plaintiff and Counterclaim-Defendant in this action. Mr. Vasan was a co-founder of VoiceBite and was employed by Checkmate during the relevant time period. Mr. Vasan is likely to have knowledge of the VoiceBite transaction, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; the representations he made to Checkmate in connection with the VoiceBite transaction; any agreements relating to the VoiceBite code; his previous company CyborgOPS and any agreements relating thereto; Vasan Varadarajan's role at CyborgOPS; Vasan Varadarajan's authorship and ownership of the VoiceBite code; agreements and communications with Presto Automation; agreements between himself and VoiceBite; communications relating to the VoiceBite transaction; the agreements underlying Plaintiff's claims and related communications; own communications and behavior throughout and thereafter his employment at Checkmate, including his communications with a competitor of Checkmate; and other matters relevant to Checkmate's claims and defenses.

**G. Vasan Varadarajan**

12615 193rd Street

Cerritos, CA 90703

Mr. Varadarajan is Plaintiff's father and alleges that he worked in conjunction with Plaintiff in connection with the claims and defenses in this action. Mr. Varadarajan is likely to have knowledge of the authorship and ownership of the VoiceBite code; any agreements between himself and VoiceBite; documents and communications relating to the VoiceBite transaction; documents and communications regarding the VoiceBite code; his role at CyborgOPS; agreements

and communications between CyborgOPS and Presto Automation; Plaintiff's employment with Checkmate; Plaintiff's communications and behavior throughout and thereafter his employment at Checkmate; Plaintiff's previous employment; and other matters relevant to Checkmate's claims and defenses.

**H. Latha Vasan**

12615 193rd Street

Cerritos, CA 90703

Ms. Vasan (possibly also known as "Latha Varadarajan") is Plaintiff's mother and, according to Plaintiff, is likely to have knowledge of the VoiceBite transaction and related communications, pursuant to the Merger Agreement and related agreements, underlying Checkmate's counterclaims; Vasan's prior employment history; documents and communications relating to CyborgOPS; documents and communications related to Presto Automation; Plaintiff's employment with Checkmate; Plaintiff's communications and behavior throughout and following his employment at Checkmate, including Plaintiff's communications with a competitor of Checkmate; and other matters relevant to Checkmate's claims and defenses.

**I. Bill Healey**

Last known address:

985 Industrial Road, Suite 205

San Carlos, CA 94070

Mr. Healey is the current Chief Technology Officer at Presto (possibly also known as "Presto Automation"). Mr. Healey is likely to have knowledge of documents and communications relating to Presto's acquisition of CyborgOps; the authorship and ownership of the VoiceBite code; and other matters relevant to Checkmate's claims and defenses.

///

///

**J. Krishna Gupta**

Last known address:

307 Harvard Street,

Cambridge, MA 02139

Mr. Gupta is the Co-founder and Chairman of Presto. Mr. Gupta is likely to have knowledge of documents and communications relating to Presto's acquisition of CyborgOps; the authorship and ownership of the VoiceBite code; and other matters relevant to Checkmate's claims and defenses

**K. Adam Ahmad**

Last known address:

3790 El Camino Real, Unit #506

Palo Alto, CA 94306

Mr. Ahmad is the Founder and Chief Executive Officer of Kea.ai (possibly also known as "Kea" or "Kea Cloud"). Mr. Ahmad is likely to have knowledge of Plaintiff's prior employment history and Plaintiff's conduct, communications and behavior during Plaintiff's employment and/or tenure at Kea.ai.

**L. Mansour Movahhedinia**

Mr. Movahhedinia may be contacted through undersigned counsel.

Mr. Movahhedinia is a Senior Legal AI/ML Engineer at Checkmate. Mr. Movahhedinia is likely to have knowledge of the VoiceBite code; Plaintiff's employment with Checkmate; Plaintiff's communications and behavior throughout and thereafter employment at Checkmate; and other matters relevant to Checkmate's claims and defenses.

In addition to the individuals identified above, the following individuals may have discoverable information that Checkmate may use to support its claims or defenses: (i) persons deposed during this litigation and persons identified during such depositions; (ii) persons identified in Plaintiff's Initial Disclosures, who may be

contacted either through Plaintiff or any counsel eventually retained by Plaintiff; and (iii) other individuals employed by and/or affiliated with Checkmate or Plaintiff.

Checkmate will identify any testifying expert witnesses as required by Federal Rules of Civil Procedure Rule 26(a)(2) and the Scheduling Order issued in this case.

**2. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS**

Based upon information reasonably available to Checkmate at this time, Checkmate identifies the following categories of documents, electronically stored information, and tangible things that are in the possession, custody, or control of Checkmate and which may be used to support its claims or defenses, unless solely for impeachment. Checkmate reserves the right to supplement and/or amend this information.

1. The Intellectual Property Acknowledgement entered into by the parties on April 30, 2024;
2. The Assignment of IP and Other Assets entered into by the parties on April 30, 2024;
3. The Non-Compete Agreement entered into by the parties;
4. The Offer Letter and Bonus Agreement entered into by the parties;
5. Any other contracts between the parties;
6. Documents and communications relating to the negotiation of the above and any other contracts between the parties;
7. The VoiceBite code;
8. Plaintiff's employment records at Checkmate;
9. Documents and communications relating to Plaintiff's employment with and at Checkmate;
10. Plaintiff's communications with a competitor or competitors of Checkmate;
11. Documents and communications relating to the authorship of the

VoiceBite code;

12. Documents and communications relating to the ownership of the VoiceBite code;

13. Documents and communications relating to the transfer of ownership of the VoiceBite code;

14. Documents and communications relating to the creation or development of the VoiceBite Code, including documents and communications relating to the purported creation or development of the VoiceBite Code as communicated to Checkmate during the relevant time period;

15. Documents and communications identifying the authors or creators of the VoiceBite Code;

16. Documents and communications relating to any agreements based on or involving the VoiceBite Code, including but not limited to licensing agreements, assignments of intellectual property, or any transfers of ownership; and

17. Documents and communications relating to the VoiceBite shareholders.

## 3. COMPUTATION OF DAMAGES

Checkmate seeks damages for its claims of breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation. Checkmate further seeks a declaratory judgment that Plaintiff is disentitled to further compensation under the parties' agreements and relevant law and that Plaintiff is required to indemnify Checkmate for losses incurred as a result of Plaintiff's conduct; payment of the full costs of this action, including attorney's fees, to the fullest extent permitted by the relevant agreements and law; recovery of pre- and post-judgment interest; and any such other and further relief, in law or in equity, to which Checkmate may be entitled or which the Court may deem just and proper.

**4. INSURANCE AGREEMENT**

To the best of Checkmate's current knowledge, it has no insurance coverage that could relate to the claims in this action. Checkmate's investigation is ongoing and Checkmate expressly reserves the right to amend, supplement, or modify this disclosure as appropriate, if it becomes aware of such a policy.

Date: August 21, 2025

K&L GATES LLP

*/s/ Rebecca I. Makitalo*

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC..*

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action. My business address is 10100 Santa Monica Blvd. 8th Floor Los Angeles, CA 90067.

On **August 21, 2025** , I served the foregoing document(s) described as:

- **DEFENDANT AND COUNTER-CLAIMANT CHECKMATE.COM, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

on the interested parties in this action as follows:

Arjun Vasan
Email: arjun.vasan@gmail.com

*Plaintiff Pro Se*

☑ **(BY ELECTRONIC MAIL)** Pursuant to C.R.C. 2.251 or agreement by all parties, I served the described document(s) by emailing it to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **August 21, 2025,** at Los Angeles, California.

*/s/Nicole Adasha*
Nicole Adasha