# **EXHIBIT Q**

# Makitalo, Rebecca I.

| | |
|---|---|
| **From:** | Arjun Vasan <arjun.vasan@gmail.com> |
| **Sent:** | Thursday, August 21, 2025 10:50 PM |
| **To:** | Keech, Ryan Q.; Chiu, Stacey G.; Makitalo, Rebecca I. |
| **Subject:** | initial disclosures |
| **Attachments:** | initial-disclosures.pdf |

**This Message Is From an External Sender**

This message came from outside your organization.

See attached.

Best,
Arjun Vasan

Arjun Vasan

12615 193rd Street

Cerritos, CA 90703

(562) 900-6541

arjun.vasan@gmail.com

Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>　　　　Plaintiff and Counter-Defendant,<br><br>　　v.<br><br>CHECKMATE.COM, INC<br>(dba "Checkmate"),<br><br>　　　　Defendant and Counterclaimant. | Case No.: 2:25-cv-00765-MEMF-JPR<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**PLAINTIFF AND COUNTER-DEFENDANT ARJUN VASAN'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**<br><br>COMPLAINT FILED: January 28, 2025. |

Pursuant to Federal Rules of Civil Procedure Rule 26(a), Plaintiff and Counter-Defendant Arjun Vasan ("Plaintiff" or "AV"), by and through its undersigned counsel hereby serves its Initial Disclosures on Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") based upon the information readily available to Plaintiff at this time.

### PRELIMINARY STATEMENT

In making these Initial Disclosures, AV does not represent that it has identified every witness, document, or thing that he may use to support his claims or defenses in this action. Discovery is ongoing and these disclosures are based on information reasonably available to AV at this time. AV reserves all rights to: (a) to make subsequent revision, supplementation, or amendment

1

to these disclosures based upon any information, evidence, documents, facts, or things that hereafter may be discovered, or the relevance of which hereafter may be discovered, and (b) to identify, produce, introduce, or rely upon additional or subsequently identified, acquired, or discovered writings, evidence, and information at trial or in any pretrial proceedings held in this case. In addition, AV expressly reserves all rights to seek bifurcation of Defendant's counterclaims into a separate trial, and to seek phased discovery. As such, all witnesses and documents are labeled as relevant to Phase I, Phase II or both (as initially defined in the Joint Rule 26(f) Report).

AV objects to any disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Central District of California, or other applicable law. AV expressly preserves all of the protections afforded to it, and does not provide any information protected from disclosure, by the attorney-client privilege, the attorney work product doctrine, tax privilege, or any other privilege or immunity. Any information provided by AV in connection with these disclosures remains subject to all objections as to competence, relevance, materiality, and admissibility, and to any other objections on any grounds that would require the exclusion thereof if such information were offered into evidence, and AV expressly reserves all such objections and grounds.

## INITIAL DISCLOSURES

**I.     WITNESSES**

The following individuals are likely to have discoverable information that AV may use to support his claims and defenses in this action:

**A. Vishal Agarwal (Phase I+II)**

Mr. Agarwal may be contacted through Checkmate's counsel of record.

Mr. Agarwal is the founder and CEO of Checkmate and is likely to have knowledge of the VoiceBite transaction and AV's employment under the Offer Letter and Bonus Agreement; the purpose behind the VoiceBite merger, and late-added IP documents; the representations made to secure AV's consent to the merger and employment; Checkmate's conduct and behavior during negotiations, during employment, the events leading up to AV's termination, his termination itself, AV's contributions, delayed back pay, unpaid retention bonuses, product metrics, compliance with

California labor laws, its decision to term AV's separation from the company as a "resignation"; the decision to file a lawsuit against AV; and other matters relevant to AV's claims and defenses.

### B. Michael Bell (Phase I+II)

Mr. Bell may be contacted through Checkmate's counsel of record.

Mr. Bell is the Chief of Strategy at Checkmate and is likely to have knowledge of the VoiceBite transaction and AV's employment under the Offer Letter and Bonus Agreement; promises made to secure the VoiceBite LOI; the purpose behind the merger, and late-added IP documents; the representations it made to secure AV's employment; Checkmate's conduct and behavior during negotiations for the acquihire, during AV's employment, the events leading up to AV's termination, AV's termination itself, AV's contributions, delayed back pay, unpaid retention bonuses, product metrics, compliance with California labor laws, the decision to term AV's separation from the company as a "resignation" and to sue him; and other matters relevant to AV's claims and defenses.

### C. Rober Nessler (Phase I+II)

1149 Hollyhead Lane

Cupertino, CA 95014

Mr. Nessler is a cofounder of VoiceBite, and former colleague at Checkmate, Presto, CyborgOps and Kea. Mr. Nessler is likely to have knowledge of: (1) AV's contributions to VoiceBite, Checkmate, Presto, CyborgOps and Kea; (2) Checkmate's promises leading up to the February 2024 LOI, its representations leading up to the April 2024 VoiceBite merger, its negotiation tactics, its employee practices and company culture; (3) VoiceBite founder negotiations and decisions, product development, fundraising prospects, team culture, operations and other internal matters; (4) the January 29 Notice of Direct Claim against the VoiceBite shareholders; the February 7 Shareholder Response; Checkmate's threats against Voice team members who remained in contact with AV after his termination; payment status of the VoiceBite retention bonuses; and (5) other matters relevant to AV's claims and defenses.

### D. Christopher Lam (Phase I+II)

9 Lamay Crescent

Toronto, Ontario, M1X 1J2, Canada

Mr. Lam is a cofounder of VoiceBite, and former colleague at Checkmate and Presto. Mr. Lam is likely to have knowledge of (1) the VoiceBite transaction, merger negotiations, Checkmate's representations to secure the transaction, VoiceBite founder dynamics during negotiations, Checkmate's negotiation tactics; (2) AV's contributions to Checkmate, VoiceBite and Presto; Checkmate's treatment of AV during negotiations, employment and thereafter; (3) Checkmate's intention to sue AV individually after sending the Jan 29 Notice of Direct Claim against the shareholders, the team members requested to draft the technical sections of its New York complaint; the opinion of the team regarding the technical allegations against AV; the behavior and conduct of Checkmate executives during AV's medical leave, in announcing AV's termination and in discussing the ongoing litigation; and (4) other matters relevant to AV's claims and defenses.

### E. Amy Brown (Phase I)

Ms. Brown may be contacted through Checkmate's counsel of record.

Ms. Brown is the Vice President of Human Resources at Checkmate and is likely to have knowledge of AV's employment, the events leading up to his termination, Checkmate's payment practices, Checkmate's medical leave practices, Checkmate's actions during AV's medical leave, Checkmate's behavior and conduct during AV's employment; back pay delays; performance bonus practices; the decision to term AV's separation from Checkmate as a "resignation" and other matters relevant to AV's claims and defenses.

### F. Other Witnesses (Phase I+II)

AV will provide detailed information on other witnesses depending on the outcome of the scheduling conference. AV maintains that the above witnesses are sufficient for his proposed Phase I. However, he maintains the same witness list as stated on the Joint Rule 26(f) report and reserves all rights to cross-examine Checkmate's listed witnesses.

## II. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

Based upon information reasonably available to AV at this time, AV identifies the following categories of documents, electronic information and tangible things that are in the possession,

custody or control of AV and which may be used to support his **Phase I claims or defenses**, unless solely for impeachment. AV reserves the right to supplement and/or amend this information:

1. Communications regarding merger negotiations with cofounders.
2. Communications regarding employment with colleagues.
3. Communications post-termination with former colleagues.
4. Saved communications with Checkmate executives, during negotiations.
5. Saved communications with Checkmate executives, during employment.
6. Pre-litigation and litigation related communications.

**Phase II Reservation**

AV reserves Phase II (counterclaim/IP) categories pending the scheduling conference and maintains that broad IP discovery is premature and disproportionate. See Fed. R. Civ. P. 26(b)(1).

Checkmate's initial disclosure mislabels the Intellectual Property Acknowledgment as "entered into by the parties." The instrument itself states it is "entered into and delivered by Christopher Lam in connection with Checkmate.com, Inc. entering into the Agreement and Plan of Merger …" It is not an agreement between Checkmate and AV; any effort to enforce it against AV personally would require equitable reformation (and joinder of Mr. Lam). It is not incorporated, referenced, exhibited or attached by the Merger Agreement.

Likewise, the Assignment of IP and Other Assets was executed between VoiceBite (by Robert Nessler) and AV—not between Checkmate and AV—and recites $100 as consideration. It neither references or is incorporated, attached or exhibited by the Merger Agreement.

To the extent any assignment of pre-employment IP was a condition of employment in California, such assignments are limited by Labor Code §§ 2870–2872, including the § 2872 written notice requirement; Plaintiff has alleged no compliance. Any Phase II discovery relying on these instruments should be sequenced and narrowly tailored after the conference.

**III.    COMPUTATION OF DAMAGES**

AV seeks damages for his claims of breach of contract, wage theft, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, promissory fraud, FMLA, CFRA

and retaliation under the applicable statutes. Preliminary computation is as follows:

**A. Quantified now (contract/wage): $820,000**

1. **Retention Bonus (earned wages):** $500,000 (Initial $450,000 + Final $50,000) — unpaid.
2. **Severance (independent formula):** $120,000 = 3 months base ($70,000) + 25% of annual performance bonus ($50,000).
3. **Performance Bonus:** $200,000 (owed because employer prevention/frustration of performance/goal setting)
4. **Interest on late pre-close back pay:** TBD (from due dates to payment).

**B. Running / formula-based (to be updated)**

5) **Back pay (running):** From 11/14/2024 to judgment at **$280,000/yr = $23,333.33/mo**, **plus** value of lost benefits, **less** interim earnings (none to date). Subtotal through the date of this disclosure will be provided on request and supplemented monthly.

6) **Prejudgment interest:** Statutory/simple from each due date on unpaid items; to be computed as amounts/dates are established.

7) **Waiting-time penalties (Lab. Code §203): TBD** pending payroll/trigger-date discovery; will supplement.

**C. Expenses / statutory**

8) **Expense reimbursement (Lab. Code §2802): TBD**; itemized by receipts/spreadsheet in discovery.

9) **Statutory fees/penalties (notice):** Will seek where authorized (e.g., §§ 218.5, 226(e), 2802(c)) by post-judgment motion; **fees reserved** if counsel is retained.

**D. Tort claims (fraud/retaliation) — methodology, amounts TBD**

10) **Fraud/fraudulent inducement economic loss: TBD** — out-of-pocket and reliance losses (time/value diverted, foregone offers), and consequential harms;

11) **Lost fundraising/valuation opportunity: TBD** — foregone $3M raise at ~$16M valuation; dilution differential and operational expectancy to be quantified by experts

12) **Non-economic damages (emotional distress/reputation): TBD** — for jury;

13) **Punitive damages:** Amount not computed at this stage; sought under Civ. Code §3294.

   **E. No double recovery; front pay reserved** as an equitable remedy if reinstatement is infeasible.

IV.   **INSURANCE AGREEMENT**

   To the best of AV's current knowledge, he has no insurance coverage that could relate to the claims in this action.

**Respectfully Submitted**,

Executed On: **August 21, 2025**

   In **Cerritos, California**

/s/ *Arjun Vasan*

_____

**Arjun Vasan**

Plaintiff In Pro Per