# **EXHIBIT S**

**Makitalo, Rebecca I.**

| | |
|---|---|
| **From:** | Makitalo, Rebecca I. |
| **Sent:** | Friday, August 29, 2025 8:42 AM |
| **To:** | Arjun Vasan |
| **Cc:** | Keech, Ryan Q.; Chiu, Stacey G. |
| **Subject:** | RE: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879] |

Mr. Vasan,

This is a straightforward issue: we urge you to revisit your refusal to supplement your deficient disclosures and to timely meet and confer regarding this important issue.  We already identified that, in your initial disclosures, you "have failed to identify several witnesses, including those for whom you have improperly noticed depositions of," in direct violation of Rule 26(a)(1) which requires you "to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Further, you are improperly "operating under the presumption of phased discovery," an issue which the Court has not yet ruled on and is also in violation of Rule 26.  If you refuse to comply with your obligations, we will compel same.

As you know, this meet and confer will address your initial disclosures, not those of Checkmate. We are happy to set another time to meet and confer with you regarding any issues you may have.  In the meantime, discovery is ongoing and consistent with the Rules, Checkmate will supplement its disclosures in good faith as soon as additional information becomes available and a calculation of each category of damages can be made.

As previously confirmed, we are scheduled to meet and confer today at 11 am PST. If you are no longer available at this time, please provide an alternative time today that works for you. Not only is your demand to delay this meet and confer until after the scheduling conference improper and noncompliant, we are not available at that time.  We trust you will not force us to inform the Court again of your refusal to cooperate.

Thank you,

**Rebecca Makitalo**
Associate
K&L Gates LLP
10100 Santa Monica Blvd
8th Floor
Los Angeles, CA 90067
Phone: 310 552-5502
Cell: 818 251-6956
rebecca.makitalo@klgates.com
www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 2:12 AM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>

**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

**This Message Is From an External Sender**
This message came from outside your organization.

Ms. Makitalo,

Your August 25 email does not comply with C.D. Cal. L.R. 37-1. A moving party's letter must (i) identify each disputed issue/request, (ii) state your position with authority, and (iii) specify the precise relief sought. Please identify which witnesses you contend must be disclosed and the order you intend to seek.

I will have to push the meeting until next week, as you have also not acknowledged that you will be supplementing your damages section. Neither did you agree to timely meet when I sent my L.R. 37 request regarding the subpoenas. That must also be addressed in any meeting. Please confirm that all of these topics will be on the agenda.

I propose we meet in person immediately after the Sept. 4 scheduling conference. That timing is within the 10-day period even if your email were compliant and will allow us to incorporate the Court's guidance on phasing/bifurcation as well as other matters. I will make myself available for the two hours after the hearing.

Best regards,
Arjun Vasan


On Wed, Aug 27, 2025 at 9:33 PM Arjun Vasan <arjun.vasan@gmail.com> wrote:
> Ms. Makalito,
>
> I write in response to your Aug. 25 email. I was out of town until today and did not get a chance to reply earlier.
>
> I do not currently intend to use any witnesses other than on my initial disclosures. I believe Griffin Schroeder was the only witness I "improperly noticed depositions of" not on the existing list. In any case, Mr. Schroeder is not required for my employment claims. I intend to bucket my fraud claims with your counterclaims. In any case, he is your party witness.
>
> If the court declines my proposed phasing/bifurcation and your counterclaims survive Rule 12, I will supplement within 14 days. Until then, from my understanding of Rule 26(a)(1)(A)(i), I am not required to disclose any potential witnesses beyond those who I *currently* intend to use to support my claims and defenses. As no such witnesses exist, my initial disclosures are complete.

That being said I will revisit the existing list and supplement, if needed, by the meet and confer on Friday. Your proposed time is acceptable. Given Checkmate's prior misrepresentations during and about these meetings, I request that the meeting is recorded, with mutual consent. I.e. both sides may record.

In the meanwhile, I ask that you address deficiencies in your own disclosures, namely the lack of any numbers (or ranges) in your computation of damages. In addition, please provide any statutory or contractual basis under which you will seek attorney's fees.

Regards,
Arjun Vasan
(562) 900-6541


On Mon, Aug 25, 2025 at 5:06 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

> Mr. Vasan,
>
> I am writing to address the deficiencies in your Initial Disclosures, which were served on August 21, 2025. Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Your disclosures have failed to identify several witnesses, including those for whom you have improperly noticed depositions of. Furthermore, it appears that you are operating under the presumption of phased discovery, a matter which the Court has not yet decided upon and is entirely improper.
>
> Accordingly, Checkmate requests that you supplement your initial disclosures with Rule-compliant disclosures **by no later than August 27, 2025**. Should you fail to do so, please provide your availability to meet and confer on August 29, 2025 between 10am-12pm, as Checkmate will move to compel disclosure pursuant to Rule 37(a) and seek appropriate relief from the Court.
>
> Thank you,
>
> **Rebecca Makitalo**
>
> Associate
>
> K&L Gates LLP
> 10100 Santa Monica Blvd
>
> 8th Floor
>
> Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.