# EXHIBIT T

## Makitalo, Rebecca I.

| | |
|---|---|
| **From:** | Makitalo, Rebecca I. |
| **Sent:** | Wednesday, September 10, 2025 5:53 PM |
| **To:** | Arjun Vasan |
| **Cc:** | Keech, Ryan Q.; Chiu, Stacey G.; Winningham, Jacob R. |
| **Subject:** | RE: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879] |

We will make ourselves available for a meet and confer to discuss your deficient disclosures on September 16, 2025 at 2 p.m. If you intend to engage a court reporter for the meeting, please provide the relevant details for mutual agreement by no later than Friday, September 12, 2025. Otherwise, we will proceed with our motion as indicated in accordance with the applicable Rules.

Thank you,

Rebecca Makitalo
Associate
K&L Gates LLP
10100 Santa Monica Blvd
8th Floor
Los Angeles, CA 90067
Phone: 310 552-5502
Cell: 818 251-6956
rebecca.makitalo@klgates.com
www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 5:39 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

**This Message Is From an External Sender**
This message came from outside your organization.

Ms. Makitalo,

I am not refusing to confer. I'll meet on Tue., Sept 16 at 10–11 a.m. PT or 2–3 p.m. PT if (a) we mutually audio-record, or (b) we use a court reporter at Checkmate's expense with a transcript within 2 business days. If you decline both, let's satisfy LR 37-1 **in writing** as follows (simple protocol):

1. Single email thread titled "LR 37-1 Written M&C — Initial Disclosures."

2. Initiating party sends: (i) a short issue list, and (ii) ≤300 words per issue stating its position and requested relief. For instance, I would like to know who exactly you think should be on this list, because I do not know any other witnesses "I may use" as of now.

3. Other side replies on the same thread within 2 business days, ≤300 words per issue.

4. Optional one reply per side, ≤150 words per issue, within 1 business day.

5. One-page status chart ("Resolved / Narrowed / Unresolved") circulated by the initiating party; attach this chart to any LR 37-2.2 if issues remain.

6. No waiver: participation preserves all objections; nothing here limits Rule 26(c) / Rule 45 rights.

7. If unresolved, the moving party serves its LR 37-2.2 moving portion; I'll return my portion within 7 days of receipt.

If you prefer the written option, we may begin tomorrow.

As noted, I will serve a Rule 26(a)(1) supplement for my affirmative claims by Mon., Sept 15, 5:00 p.m. PT and will 26(e) supplement within 7 days of any order that keeps a counterclaim alive. Please also serve your Rule 26(a)(1)(A)(iii) damages computation (with supporting documents) by the same date.

Please confirm one of the three options (recorded call / reporter at your expense / written protocol).

Best,

Arjun

On Wed, Sep 10, 2025 at 5:16 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

Mr. Vasan,

We have been requesting to meet and confer on your deficient initial disclosures for over two weeks now. Despite our repeated requests for disclosures that comply with the applicable rules, and your indication you would supplement your disclosures by today at 2 p.m., you have failed to provide them. Your refusal to meet and confer unless your conditions are met is a blatant disregard for the procedural requirements and our efforts to resolve this matter without burdening the Court. Regarding your demand to record the meeting, we are willing to accommodate your request only under the condition that a mutually agreed upon court reporter is present, and this will be at your expense. No other recording methods will be accepted.

Due to your continued refusal to engage in a meet and confer without imposing unreasonable conditions, we are left with no choice but to proceed with our Rule 37 motion. We urge you to reconsider your position to avoid unnecessary motion practice. Please let us know how you wish to proceed.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 4:59 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

To be clear, I am not refusing to confer. I will meet on Tue., Sept 16 at 10–11 a.m. PT or 2–3 p.m. PT, provided the conference is mutually audio-recorded (or with a court reporter at your expense) and covers both sides' Rule 26 obligations, including your overdue Rule 26(a)(1)(A)(iii) damages computation with supporting documents. If you refuse these fair and mutual terms, it is Checkmate that has refused to meet, not me. Every time I offered a mutual meeting, you have refused to include any concerns that I have. That is not cooperation from your side. That is not even an attempt to cooperate, which requires compromise. If you proceed to file and declare that I did not cooperate, the email thread will show several attempts at cooperating and your insistence on a one-way, unfair meeting.

On Wed, Sep 10, 2025 at 4:51 PM Arjun Vasan <arjun.vasan@gmail.com> wrote:

If you intend to move to compel on witnesses, please serve your LR 37-2.2 moving portion; I will return my portion within 7 days of receipt. We will also address your overdue Rule 26(a)(1)(A)(iii) damages computation.

On Wed, Sep 10, 2025 at 4:43 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

Mr. Vasan,

I take your conditional correspondence as a refusal to meet and confer regarding your deficient disclosures, as repeatedly requested since as early as August 25, 2025. Given your stance and unwillingness to comply with the requirements of Rule 26, Checkmate will proceed with a Rule 37 motion to compel compliance.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, September 10, 2025 3:50 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

Ms. Makitalo,

I did not confirm today's meeting, as the conversation made it seem up in the air. I will meet, but it must be reciprocal (both sides' Rule 26(a)(1) issues, not just mine) and on the record (mutual audio recording; or a court reporter at Checkmate's expense).

Proposed date/time (Pacific) — Tuesday, Sept. 16:

- 10:00–11:00 a.m. PT, or
- 2:00–3:00 p.m. PT

    Please confirm which slot and whether you agree to **mutual recording** (or a reporter).

**My supplementation:** I will serve a Rule 26(a)(1) supplement by Mon., Sept. 15, 5:00 p.m. PT, identifying any additional individuals I may use to support my affirmative claims (with subjects and contact info). I do not presently intend to use witnesses solely related to your counterclaims, as they are subject to my pending/yet-unopposed MTD. If and when that changes, I would timely supplement.

**Your supplementation (same date):** Please serve a compliant damages computation, with supporting documents, pursuant to Rule 26(a)(1)(A)(iii) for your counterclaims by the same date/time.

If you decline a reciprocal, recorded session and proceed to Rule 37, I will oppose. I am providing a date-certain supplement and near-term availability to confer on both sides' obligations. Mutual recording is free for both sides, and there is no conceivable reason to oppose it unless you *intend* to misrepresent the meeting as Checkmate has done numerous times.

Best regards,

Arjun Vasan

On Wed, Sep 10, 2025 at 3:00 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

I am writing to address your absence at the scheduled meet and confer today, September 10, 2025, at 2 p.m., concerning the deficiencies in your initial disclosures. As you are aware, during our previous communications, you committed to supplementing your deficient disclosures prior to today's meet and confer, which you have failed to provide. We again request that you promptly

supplement your disclosures to identify individuals and information as required by Rule 26 and commit to a date certain for compliance.

Additionally, please provide your availability for a rescheduled meet and confer to address these ongoing issues. If you refuse to do so, Checkmate will move under Rule 37 to exclude you from using these witnesses or information to supply as evidence in a motion, at a hearing, or at trial. To avoid this unnecessary motion practice, we ask that you confirm whether you will supplement your disclosures with the required information and provide your availability to meet and confer.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Sent:** Sunday, September 7, 2025 5:54 PM
**To:** Arjun Vasan <arjun.vasan@gmail.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** RE: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Mr. Vasan,

I am writing to clarify two points raised in our recent correspondence.

As an initial matter—the scope of Wednesday's meet-and-confer is limited to the issues raised by Ms. Makitalo and myself regarding your insufficient initial disclosures.  If you would like to discuss any other topics (i.e., any topics other than your initial disclosures), we can schedule a separate meet-and-confer addressing those distinct issues.

Second—at this time, we do not consent to any non-court-reporter recording of any meet-and-confers (including the meet-and-confer scheduled for this coming Wednesday, September 10).  You are free to book a court reporter if you wish.  We reserve all other rights regarding the recording of all future meet-and-confers.

Please let me know if I can provide any additional information or clarification regarding the above.  Have a good rest of your day.

Best,

Jake Winningham

**K&L GATES**

**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

jacob.winningham@klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Sunday, September 7, 2025 5:36 AM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu,

Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Mr. Winningham,

As I've stated previously, I would like to discuss all pending topics, including my own request for Checkmate to disclose a compliant computation of damages. I presume since you offered, Checkmate has withdrawn its earlier objection to discuss any topic other than its insistence my witness list is incomplete. In that case, I would like to add the following topics to the agenda.

**1. Damages Computation (Rule 26(a)(1)(A)(iii)).**
I am requesting a compliant computation of damages (with the documents on which it is based). If Checkmate maintains it has already complied, please identify where; otherwise, please confirm when an updated computation will be served. Absent resolution, I intend to move to compel and request preclusion of any damages not computed with specificity.

**2. Forthcoming limited Rule 24(b) permissive intervention.**

In addition, I would like to confer regarding my forthcoming limited Rule 24(b) permissive intervention to add other VoiceBite founders. At this time, the California-based founders will join, while the Canada based founder may join later. They would be represented by a single counsel, and only added to specific claims as follows:

Proposed intervenors (to be represented by Grant Thomas):
• Robert Nessler (CA) — breach of contract (offer letter/bonus); promissory fraud/fraudulent inducement.
• Isamu Aoki (CA) & Paul Garcia (CA) — breach of contract (offer letter/bonus).
• Christopher Lam (Canada) — may seek to intervene later; not part of this motion.

**Scope/Jurisdiction/Venue (**28 U.S.C. §1331 && §1367(a) supplemental jurisdiction)**:**

The intervention will be limited to breach of contract on the bonus agreement/offer-letter (and the fraud claims for Mr. Nessler)**.** Federal-question jurisdiction exists via my FMLA claim (28 U.S.C. §1331), with §1367(a) supplemental jurisdiction over the founders' claims (same nucleus: 2024 offer letters/bonus program, common witnesses and documents). As to the California founders, the Court has already ruled Labor Code §925 applies; their execution-stage facts (primarily resided/worked in CA; agreement as a condition of employment; no individual counsel during the negotiation) mirror those findings.

As the others will be represented by counsel, they will also be seeking fees under Labor Code §218.5 as well as any other applicable statutory protections. For now, I will remain pro se.

**I propose the following stipulation to streamline filing:**

(a) consent to permissive intervention limited as above; (b) Checkmate to answer or move within 14 days of service of the Complaint-in-Intervention; oppositions due 14 days thereafter; replies 7 days thereafter; and (c) no change to the existing briefing/hearing schedule on pending motions. (d) subpoena to Mr. Nessler is withdrawn and (if desired) noticed under Rule 30. (e) Service by ECF/email for all parties, including for discovery.

Please confirm the above topics will be on the agenda.

Best regards,

Arjun Vasan

On Thu, Sep 4, 2025 at 5:20 PM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

Mr. Vasan,

Thank you for agreeing to meet at 2:00 pm on Wednesday, September 10th. We will send an invitation for a Microsoft Teams meeting at that time shortly. With regards to the recording of that meet-and-confer, we are amenable to such a practice. However, we request that both parties confirm their consent to any recording at the outset of the actual meet-and-confer, and that no recording begins prior to that confirmation at the beginning of the meeting.

Regarding your argument that Checkmate has failed to timely file oppositions to your Motions to Dismiss Checkmate's Counterclaims and to Strike Checkmate's Affirmative Defenses: C.D. Cal. L.R. 7-9 states that oppositions must be filed not later than 21 days before the hearing date. On August 18, the Court entered a minute order continuing the hearing date on the Motions in question to October 9, 2025. (*See* Dkt. 82.) As of today's date (9/4), the October 9, 2025 hearing on the Motions in question is 35 days away. Therefore, the deadline for Checkmate to file its oppositions has not yet passed.

Please be in touch if there are any topics you would like to discuss further prior to our meet-and-confer on Wednesday.

Best,

Jake Winningham

**K&L GATES**

**Jacob Winningham**

Associate

K&L Gates LLP

Phone: 310 552-5042

jacob.winningham@klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Thursday, September 4, 2025 4:43 PM
**To:** Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Mr. Winningham,

Nice to connect and likewise. My stance has been update as follows:

Checkmate did not timely file oppositions to my motions to dismiss its counterclaims and to strike its 46 affirmative defenses. This is a violation of C.D. Cal. L.R. 7-9, requiring parties to file a notice of non-opposition or timely oppose. It has yet to do so 6 days past the August 29th deadline. Under C.D. Cal. L.R. 7-12, such failure constitutes consent.

In this posture, counterclaim discovery should not proceed. If it could not defend its pleading with what it has in possession, *Twombly/Iqbal* requires those doors stay closed.

I expect Checkmate to promptly withdraw the subpoena issued to my father which is entirely irrelevant to its own defenses; to withdraw (or modify and substantially narrow) that issued to Mr. Nessler; and to update its own disclosures accordingly.

I am free to meet on the 10th at 2pm, and will supplement my initial disclosures by then with any potential witnesses related to my **affirmative claims** not already present.

As previously noted, I request and offer consent to recording of any telephonic/virtual meet-and-confer. As Ms. Makitalo did not oppose, I presume Checkmate consents to that as well.

Best regards,

Arjun Vasan

On Thu, Sep 4, 2025 at 9:30 AM Winningham, Jacob R. <Jacob.Winningham@klgates.com> wrote:

Mr. Vasan,

I hope that you are well.  I am writing to follow up on last week's correspondence between Ms. Makitalo and yourself.  Given that the Court's Trial Order states that the parties should "raise their disputes with respect to phasing of discovery and other limitations on discovery" with the Magistrate Judge (*see* Dkt. 88 at 2:15-17), we would like to find a time to meet-and-confer regarding the supplementation of your Initial Disclosures as discussed in last week's correspondence.

To reiterate Ms. Makitalo's previous correspondence: it is our stance that your Initial Disclosures are deficient in their failure to properly identify witnesses, and therefore violate Rule 26(a)(1)'s requirement that parties "provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses."  Moreover, you are improperly operating under the presumption of phased discovery, despite the lack of any ruling from the Court allowing for such phased discovery.  If the parties cannot come to an agreement on proper supplementation of your Initial Disclosures, Checkmate will move to compel that supplementation.

Presuming that your stance has not changed since your last exchange with Ms. Makitalo, a meet-and-confer is necessary to discuss the above. Please let us know your availability for a telephonic or virtual meet-and-confer after 12:00 p.m. on Tuesday, September 9 and Wednesday, September 10. Thank you.

Best,

Jake Winningham



**Jacob Winningham**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5042

jacob.winningham@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jacob.Winningham@klgates.com.

**Makitalo, Rebecca I.**

| | |
|---|---|
| **From:** | Arjun Vasan <arjun.vasan@gmail.com> |
| **Sent:** | Saturday, August 30, 2025 7:05 AM |
| **To:** | Makitalo, Rebecca I. |
| **Cc:** | Keech, Ryan Q.; Chiu, Stacey G. |
| **Subject:** | Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879] |

**This Message Is From an External Sender**

This message came from outside your organization.

Ms. Makitalo,

At the Rule 26(f) conference, I stated that discovery should not proceed on Checkmate's counterclaims until the pleadings are settled. The Joint Report memorializes that position in my proposed discovery section. That was intended—and serves—as my Rule 26(a)(1)(C) objection to providing initial disclosures on counterclaim topics before the Court sets phasing.

Consistent with that objection, I will serve Phase-I-only initial disclosures by the current deadline and will supplement under Rule 26(e) within 14 days if the Court later permits and accepts any amended counterclaim. To the extent there is any ambiguity, I renew and clarify the 26(a)(1)(C) objection here.

Rule 26(a)(1)(C) clearly states that the court must rule first if a party objects to initial disclosures. I once again reiterate my availability on September 4th after the hearing for an in person meet and confer, and on the 5th through 8th as I have previously stated.

I further note your failure to timely oppose my motions to dismiss Checkmate's counterclaims and to strike its affirmative defenses. I gather you will seek leave to file a late opposition, or file a notice of non-opposition shortly.

Best regards,

Arjun Vasan

On Fri, Aug 29, 2025 at 5:00 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

Your attempt to mischaracterize our compliance with Local Rule 37-1 is unfounded. We clearly indicated in our August 25, 2025 correspondence that your initial disclosures are in violation of Rule 26 and predicated on the incorrect assumption that discovery is phased, which is not the case. We requested that you supplement your disclosures or provide availability to meet and confer today, August 29, 2025, on Checkmate's motion to compel disclosure pursuant to Rule 37(a) and seek appropriate relief.

Following your withdrawal of your initial willingness to meet and confer today, August 29, 2025, we also offered September 2, 2025 and September 3, 2025 as dates to meet and confer, which you have refused. Your correspondence suggest a deliberate attempt to delay proceedings until after the scheduling conference, violating Rule 26, which required Rule-compliant disclosures to be served by no later than August 21, 2025.

Again, we request you reconsider and either agree to supplement your deficient disclosures prior to September 4, 2024 or provide your availability to meet and confer in good faith on September 2, 2025 or September 3, 2025, in order to avoid the need for burdening the Court with unnecessary motion practice.

Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 1:50 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>

**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures

Ms. Makitalo,

Today is the first time you specified the precise relief you seek. Treating today as your compliant L.R. 37-1 letter, Day-10 is Monday, September 8, 2025. I am available in person on Sept. 4–8 at the previously offered times; not earlier. I am not obligated to meet earlier simply to preempt the Court's guidance.

I will not subject non-parties to unnecessary burden. Waiting to incorporate the Court's Rule 16 guidance serves proportionality and avoids unnecessary motion practice.

I did not request case law; I simply noted that you have not stated Checkmate's position with authorities.

Please confirm a date or time as per my availability between Sept. 4-8 as stated (compliant even under your previous inadequate letter).

Best regards,
Arjun Vasan

On Fri, Aug 29, 2025 at 12:56 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

Mr. Vasan,

September 4, 2025, is the last permissible date for compliance with our request to meet and confer. As stated previously, we are not available to meet on that day. Given that you've now declined our request to meet today, we request your availability to meet on either September 2, 2025 or September 3, 2025, in light of the holiday on September 1, 2025.

We have already provided ample information regarding the basis for Checkmate's motion to compel. While there is no obligation to furnish you with the specific case law we intend to rely upon, we remain open to discussing the substance of our motion further during the meet and confer.

Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 12:33 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]


As you now concede, I offered a date (September 4th) in compliance with the rules, which also require an in-person meeting absent stipulation of the parties. I offered to meet in person in the two hours after the hearing, and *at any time* afterwards by phone. That is a sufficient window for Checkmate's counsel to make time, as you are the movant.


If you are not available for a compliant, in person, meeting, you are free to suggest a date *after* my proposed date.

4

I also do not concede my witness disclosures were inadequate. Based on my current knowledge and intentions, they are complete. In any case, <u>your August 25th letter was inadequate</u> as it did not clearly specify the relief you would seek (which you have belatedly done now). I gather you have no legal authorities to support your request, as you have provided none.

> The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (*and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request*), and **specify the terms of the discovery order to be sought**. (L-R 37-1)

As such, the true compliance date would be **10 days from today**, September 8, 2025. Other than specified above, I can meet from 2-4pm on both the 5th and 6th, and 11am on the 7th and 8th. As a token of good faith, but without conceding any deficiency, I will serve any supplement (should it be required) by midnight on September 4.

Best regards,

Arjun Vasan

On Fri, Aug 29, 2025 at 11:49 AM Makitalo, Rebecca I. <<u>Rebecca.Makitalo@klgates.com</u>> wrote:

As you are aware, on August 25, 2025, we sent a formal request to meet and confer regarding your deficient initial disclosures, which required you to meet and confer by September 4, 2025, as per Local Rule 37-1. Counsel for Checkmate is unavailable to meet and confer on September 4, 2025. Therefore, we request that you either confirm supplementation of your deficient disclosures or provide your availability to meet before the aforementioned date to avoid any further unnecessary delays and resulting prejudice to Checkmate.

Further, our demand for supplementation is entirely proper and in accordance with Rule 26 of the Federal Rules of Civil Procedure, which mandates complete and compliant initial disclosures. Your refusal to adhere to the Rules and supplement with witnesses and information you have already put forth in pleadings before the Court is entirely improper. On this basis, Checkmate will move to exclude you from using that information or witnesses to supply evidence on a motion, at a hearing, or at a trial, pursuant to Rule 37(c), should you continue to refuse.

Please respond to confirm your supplementation of your disclosures or to provide alternative dates for a meeting prior to September 4, 2025. We expect your cooperation in this matter to ensure compliance with the procedural rules.


Thank you,


**Rebecca Makitalo**

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com


**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 10:02 AM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]


Ms. Makitalo,


I believe it is convenient for all parties to meet after the scheduling conference. You are demanding I make myself available today, when the rule only requires meeting within 10 days. I have no obligation

to meet earlier than that, and I believe it is imperative to get guidance from the Court before proceeding and unduly burdening non-parties. I am available at any time after the hearing on September 4th. If you cannot meet then, I can meet September 5th any time between 2-4pm.

I would note that on August 15, eleven days ago, I requested a Rule 37 meeting regarding the subpoenas of Robert Nessler and my father. You have not replied within the 10 day time frame. Thus, Checkmate is non-compliant, and the court will be advised. Given this express non-compliance, your refusal to accept my generous offer of a multi-issue meeting is also duly noted.

In addition, your 2 day demand for a supplement was improper. As of now, I have stated I do not intend to rely on Griffin Schroeder. He is an apex witness, and you have not confirmed if he is a party or non-party. If non-party, it would be an undue burden to depose him at this time. Mr. Schroeder is the only party I sent a notice of deposition for that is not on the list. You have also not offered dates as requested on the notices of deposition. Therefore, I consider them void. I will serve new notices that expressly select a date. All such witnesses are on the existing list.

To recap, any witnesses that "the disclosing party may use to support its claims or defenses" are named in my initial disclosures. If and when these change, I will timely supplement.

Best regards,

Arjun Vasan

On Fri, Aug 29, 2025 at 8:42 AM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

Mr. Vasan,

This is a straightforward issue: we urge you to revisit your refusal to supplement your deficient disclosures and to timely meet and confer regarding this important issue. We already identified that, in your initial disclosures, you "have failed to identify several witnesses, including those for whom you have improperly noticed depositions of," in direct violation of Rule 26(a)(1) which requires you "to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Further, you are improperly "operating under the presumption of phased discovery," an issue which the Court has not yet ruled on and is also in violation of Rule 26.  If you refuse to comply with your obligations, we will compel same.

As you know, this meet and confer will address your initial disclosures, not those of Checkmate. We are happy to set another time to meet and confer with you regarding any issues you may have. In the meantime, discovery is ongoing and consistent with the Rules, Checkmate will supplement its disclosures in good faith as soon as additional information becomes available and a calculation of each category of damages can be made.

As previously confirmed, we are scheduled to meet and confer today at 11 am PST. If you are no longer available at this time, please provide an alternative time today that works for you. Not only is your demand to delay this meet and confer until after the scheduling conference improper and noncompliant, we are not available at that time. We trust you will not force us to inform the Court again of your refusal to cooperate.

Thank you,

Rebecca Makitalo

Associate

K&L Gates LLP
10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Friday, August 29, 2025 2:12 AM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Vasan v. Checkmate - Case No. 2:25-CV-00765-MEMF-JPR; Request to Meet and Confer regarding Deficient Initial Disclosures [KLG-AMERICAS.FID3718879]

Ms. Makitalo,


Your August 25 email does not comply with C.D. Cal. L.R. 37-1. A moving party's letter must (i) identify each disputed issue/request, (ii) state your position with authority, and (iii) specify the precise relief sought. Please identify which witnesses you contend must be disclosed and the order you intend to seek.


I will have to push the meeting until next week, as you have also not acknowledged that you will be supplementing your damages section. Neither did you agree to timely meet when I sent my L.R. 37 request regarding the subpoenas. That must also be addressed in any meeting. Please confirm that all of these topics will be on the agenda.

I propose we meet in person immediately after the Sept. 4 scheduling conference. That timing is within the 10-day period even if your email were compliant and will allow us to incorporate the Court's guidance on phasing/bifurcation as well as other matters. I will make myself available for the two hours after the hearing.

Best regards,
Arjun Vasan


On Wed, Aug 27, 2025 at 9:33 PM Arjun Vasan <arjun.vasan@gmail.com> wrote:

Ms. Makalito,


I write in response to your Aug. 25 email. I was out of town until today and did not get a chance to reply earlier.

I do not currently intend to use any witnesses other than on my initial disclosures. I believe Griffin Schroeder was the only witness I "improperly noticed depositions of" not on the existing list. In any case, Mr. Schroeder is not required for my employment claims. I intend to bucket my fraud claims with your counterclaims. In any case, he is your party witness.


If the court declines my proposed phasing/bifurcation and your counterclaims survive Rule 12, I will supplement within 14 days. Until then, from my understanding of Rule 26(a)(1)(A)(i), I am not required to disclose any potential witnesses beyond those who I *currently* intend to use to support my claims and defenses. As no such witnesses exist, my initial disclosures are complete.

That being said I will revisit the existing list and supplement, if needed, by the meet and confer on Friday. Your proposed time is acceptable. Given Checkmate's prior misrepresentations during and about these meetings, I request that the meeting is recorded, with mutual consent. I.e. both sides may record.

In the meanwhile, I ask that you address deficiencies in your own disclosures, namely the lack of any numbers (or ranges) in your computation of damages. In addition, please provide any statutory or contractual basis under which you will seek attorney's fees.

Regards,
Arjun Vasan

(562) 900-6541

On Mon, Aug 25, 2025 at 5:06 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

Mr. Vasan,

I am writing to address the deficiencies in your Initial Disclosures, which were served on August 21, 2025. Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to provide the names and contact information of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Your disclosures have failed to identify several witnesses, including those for whom you have improperly noticed depositions of. Furthermore, it appears that you are operating under the presumption of phased discovery, a matter which the Court has not yet decided upon and is entirely improper.

Accordingly, Checkmate requests that you supplement your initial disclosures with Rule-compliant disclosures **by no later than August 27, 2025**. Should you fail to do so, please provide your availability to meet and confer on August 29, 2025 between 10am-12pm, as Checkmate will move to compel disclosure pursuant to Rule 37(a) and seek appropriate relief from the Court.

Thank you,

Rebecca Makitalo

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.