# EXHIBIT V

1 | Ryan Q. Keech (SBN 280306)
   Ryan.Keech@klgates.com
2 | Stacey Chiu (SBN 321345)
   Stacey.Chiu@klgates.com
3 | Rebecca I. Makitalo (SBN 330258)
   Rebecca.Makitalo@klgates.com
4 | Jacob R. Winningham (SBN 357987)
   Jacob.Winningham@klgates.com
5 | K&L GATES LLP
   10100 Santa Monica Boulevard
6 | Eighth Floor
   Los Angeles, California 90067
7 | Telephone: +1 310 552 5000
   Facsimile: +1 310 552 5001
8 |
9 | *Attorneys for Defendant and Counterclaimant*
   *CHECKMATE.COM INC.*

10 |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ARJUN VASAN, | Case No. 2:25-CV-00765-MEMF-JPR |
|---|---|
| Plaintiff, | Magistrate Judge Jean P. Rosenbluth |
| v. | **CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS** |
| CHECKMATE.COM, INC., | |
| Defendant. | Complaint Filed: January 28, 2025 |
| CHECKMATE.COM, INC., | Amended Complaint Filed: February 21, 2025 |
| Counterclaim-Plaintiff, | |
| v. | |
| ARJUN VASAN, | |
| Counterclaim-Defendant. | |

1 | PROPOUNDING PARTY: PLAINTIFF ARJUN VASAN

2 | RESPONDING PARTY: DEFENDANT CHECKMATE.COM, INC.

3 | SET NO.: ONE (1)

4 |     Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") hereby

5 | responds to Plaintiff Arjun Vasan ("Plaintiff" or "Vasan")'s First Set of Requests for

6 | Admission (the "Requests"), as follows:

7 | **PRELIMINARY STATEMENT**

8 |     Checkmate's investigation of the facts relating to this case is still ongoing.

9 | As such, Checkmate has not completed its investigation, has not completed

10 | discovery, and has not completed preparation for trial.  All of the answers contained

11 | herein are based upon the information presently available, and specifically known,

12 | to Checkmate.  It is anticipated that further discovery and further independent

13 | investigation will supply additional facts which may clarify and add meaning to

14 | facts presently known, as well as establish new factual matters, all of which may

15 | lead to substantial addition to, changes in, and variations from the responses set

16 | forth herein.  The following responses are given without prejudice to Checkmate's

17 | right to produce evidence of any subsequently discovered fact or facts that

18 | Checkmate may later recall.

19 |     The responses contained herein are made in a good faith effort to supply as

20 | much factual information as is presently known, but should in no way be to the

21 | prejudice of these parties in relationship to further discovery, research, or analysis.

22 | Checkmate reserves the right to alter, supplement, amend, or otherwise modify these

23 | responses in any way and at any time, including at or during trial, in light of facts

24 | revealed to them through discovery, further investigation, or further legal analysis.

25 | Checkmate also reserves the right to amend or supplement these responses with any

26 | information that has been inadvertently or unintentionally omitted and/or to

27 | introduce such information into evidence at the time of hearing or trial.

28 |     Checkmate makes these responses to the Requests subject to, and without

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS

waiving in any way any objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Requests were asked of, or any statements contained were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at time of trial.

## GENERAL OBJECTIONS

1.     To the extent the Requests call for confidential communications between Checkmate and any of its/his/her attorneys, or information that is otherwise covered by the attorney-client privilege, the work-product doctrine, or any other right or privilege recognized by California or federal law, Checkmate generally objects to the Requests, and each request contained therein.

2.     Checkmate objects to the Requests, and each request contained therein, to the extent that they seek information protected by the California or United States constitutions, California or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive and financial information.  Checkmate will not reveal such information where doing so would violate the privacy rights of Checkmate or of third parties.

3.     Checkmate objects to the Requests, and each request contained therein, to the extent that they seek information that is not relevant and/or material to the subject matter of this litigation or are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Checkmate objects to the Requests, and each request contained therein, insofar as they are repetitive, redundant or overlapping.

5.     Checkmate objects to the Requests, and each request contained therein, to the extent that they are unduly burdensome, oppressive, annoying or harassing.

6.     Checkmate objects to the Requests, and each request contained therein, to the extent that they are vague and ambiguous, compound, confusing,

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS

unintelligible, unclear and amenable to different meanings, understandings or interpretations. Checkmate is responding to each Request as it interprets and understands that Request with respect to the issues framed in connection with this litigation. If Checkmate asserts an interpretation of any part of a Request that differs from the understanding of Checkmate, Checkmate reserves the right to supplement, amend, or modify their responses or objections.

7. Checkmate objects to the Requests, and to each request contained therein, to the extent they are unlimited in time or seek information beyond the time-frame relevant to this litigation on the grounds that they are overbroad and unduly burdensome, and seek information that is irrelevant to the subject matter of this litigation.

8. Checkmate objects to the Requests, and each request contained therein, to the extent they seek to impose duties or obligations different from, additional to, or otherwise beyond those required by the Federal Rules of Civil Procedure.

9. Checkmate objects to the Requests, and each request therein, to the extent they seek information that is equally available to or within Plaintiff's possession, custody or control on the grounds that such Requests are unduly burdensome and oppressive.

10. Checkmate objects to the definition of "You" / "Defendant" in that it is vague, ambiguous, overbroad, and reflects an attempt to circumvent Federal Rule of Civil Procedure 45. It is also objectionable to the extent it intrudes upon the attorney/client privilege, work product, and/or other applicable privileges.

11. Checkmate objects to the definition of "Attachment" in that it is vague, ambiguous, overbroad, and unduly burdensome.

12. Checkmate objects to the definition of "Audio File" in that it is vague, ambiguous, overbroad, and unduly burdensome.

13. Checkmate objects to the definition of "Source Code" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

3

14. Checkmate objects to the definition of "Lunchbox Emails" in that it is vague, ambiguous, overbroad, and unduly burdensome.

15. Checkmate objects to the definition of "Competitive Activity Allegations" in that it is vague, ambiguous, overbroad, and unduly burdensome.

16. The foregoing objections are incorporated by reference into each of the specific responses made herein. Notwithstanding the specific responses to any of the Requests, Checkmate does not waive any of the general or specific objections made herein.

17. Subject to and without waiving the foregoing General Objections, Checkmate responds to Vasan's First Set of Requests for Admissions as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that each Attachment to the Lunchbox Emails is an Audio File (e.g., .wav, .mp3, .m4a) and not Source Code.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," "Audio File," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party has made a reasonable inquiry and lacks sufficient information to admit or deny the Request, and therefore denies on that basis.

**REQUEST FOR ADMISSION NO. 2:**

Admit that none of the Attachments to the Lunchbox Emails contains Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party has made a reasonable inquiry and lacks sufficient information to admit or deny the Request, and therefore denies on that basis.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Attachment named "lees-that-is-impressive.wav" in the Lunchbox Emails is an Audio File and not Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," "Audio File," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is

1  improper under the applicable Rules.

2       Without waiving the foregoing objections, Responding Party responds as

3  follows: Responding Party has made a reasonable inquiry and lacks sufficient

4  information to admit or deny the Request, and therefore denies on that basis.

5  **REQUEST FOR ADMISSION NO. 4:**

6       Admit that the Attachment named "MarcosRitaAmazing (1).wav" in the

7  Lunchbox Emails is an Audio File and not Source Code.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

9       Responding Party hereby incorporates the General Objections as though fully

10  set forth herein. Responding Party objects to this Request on the grounds that the

11  terms "Attachment," "Lunchbox Emails," "Audio File," and "Source Code," as

12  defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome.

13  Responding Party further objects that the Request seeks information that is neither

14  relevant to the subject matter of the action nor reasonably calculated to lead to the

15  discovery of admissible evidence. Responding Party further objects that the Request

16  seeks an expert opinion. Responding Party further objects that the Request is

17  compound, containing multiple distinct inquiries within a single request, which is

18  improper under the applicable Rules.

19       Without waiving the foregoing objections, Responding Party responds as

20  follows: Responding Party has made a reasonable inquiry and lacks sufficient

21  information to admit or deny the Request, and therefore denies on that basis.

22  **REQUEST FOR ADMISSION NO. 5:**

23       Admit that You possess no file from the Lunchbox Emails whose MIME

24  metadata indicates a text/code type (including but not limited to text/plain, text/x-

25  python, application/x-javascript, or similar).

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

27       Responding Party hereby incorporates the General Objections as though fully

28  set forth herein. Responding Party objects to this Request on the grounds that the

term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "text/code type" and "including but not limited to," and "or similar" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party has made a reasonable inquiry and lacks sufficient information to admit or deny the Request, and therefore denies on that basis.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You possess no file from the Lunchbox Emails with a filename extension commonly associated with Source Code (including but not limited to .py, .js, .ts, .java, .cpp, .c, .ipynb, .rb, .go, .sql, .sh, .ps1).

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Lunchbox Emails" and "Source Code" as defined by Plaintiff are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "commonly associated" and "including but not limited to" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party has made a reasonable inquiry and lacks sufficient information to admit or deny the Request, and therefore denies on that basis.

///

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS

1602150589.2

**REQUEST FOR ADMISSION NO. 7:**

Admit that the bodies of the Lunchbox Emails state that Plaintiff was sending older demo recordings from prior work and do not state that Plaintiff was sending Checkmate, VoiceBite or Presto Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "the bodies," "older demo recordings from prior work," and "Presto Source Code" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information not within Responding Party's possession, custody, or control. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You have not retained any expert or vendor who concluded that any Attachment to the Lunchbox Emails is Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachment," "Lunchbox Emails," and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "any expert or vendor" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information

8

1    that is neither relevant to the subject matter of the action nor reasonably calculated

2    to lead to the discovery of admissible evidence. Responding Party further objects

3    that the Request seeks an expert opinion. Responding Party further objects to this

4    Request to the extent it seeks information protected from disclosure by the attorney-

5    client privilege and/or the work product doctrine.

6    **REQUEST FOR ADMISSION NO. 9:**

7         Admit that You have not computed or received any file hash or signature

8    identifying any Attachment to the Lunchbox Emails as Source Code.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

10        Responding Party hereby incorporates the General Objections as though fully

11   set forth herein. Responding Party objects to this Request on the grounds that the

12   terms "Attachment," "Lunchbox Emails" and "Source Code," as defined by

13   Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding

14   Party further objects that the terms "computed or received" and "any file hash or

15   signature" are vague, ambiguous, and overbroad. Responding Party further objects

16   to this Request in that the term "identifying" is vague, ambiguous, and overbroad.

17   To determine whether a document or thing "identifies" the facts recited in the

18   Request requires interpretation, and it is unclear from the Request in what manner

19   the information may "identify" such facts. Responding Party further objects that the

20   Request seeks information that is neither relevant to the subject matter of the action

21   nor reasonably calculated to lead to the discovery of admissible evidence.

22   Responding Party further objects that the Request seeks an expert opinion.

23   **REQUEST FOR ADMISSION NO. 10:**

24        Admit that You have no document (including any internal analysis) that

25   identifies any Attachment to the Lunchbox Emails as Source Code.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

27        Responding Party hereby incorporates the General Objections as though fully

28   set forth herein. Responding Party objects to this Request on the grounds that the

9

terms "Attachment," "Lunchbox Emails" and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "including any internal analysis" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "identifies" is vague, ambiguous, and overbroad. To determine whether a document or thing "identifies" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "identify" such facts. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion. Responding Party further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party has made a reasonable inquiry and lacks sufficient information to admit or deny the Request, and therefore denies on that basis.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the Lunchbox Emails do not attach any repository export, archive, or bundle (e.g., .zip, .tar, .gz, .7z) containing Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Lunchbox Emails" and "Source Code," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "any repository export, archive, or bundle (e.g., .zip, .tar, .gz, .7z)" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding

10

1  Party further objects that the Request seeks an expert opinion.  Responding Party

2  further objects that the Request is compound, containing multiple distinct inquiries

3  within a single request, which is improper under the applicable Rules.

4  **REQUEST FOR ADMISSION NO. 12A:**

5        Admit that the Lunchbox Emails do not attach any file named with or

6  referring to a code repository, branch, commit, or hash associated with VoiceBite,

7  Presto or Checkmate.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 12A:**

9        Responding Party hereby incorporates the General Objections as though fully

10  set forth herein. Responding Party objects to this Request on the grounds that the

11  term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad,

12  and unduly burdensome. Responding Party further objects that the terms "any file,"

13  "code repository, branch, commit, or hash" and "associated with" are vague,

14  ambiguous, and overbroad. Responding Party further objects to this Request in that

15  the term "referring to" is vague, ambiguous, and overbroad. To determine whether a

16  document or thing "refers to" the facts recited in the Request requires interpretation,

17  and it is unclear from the Request in what manner the information may "refer to"

18  such facts. Responding Party further objects that the Request seeks information that

19  is neither relevant to the subject matter of the action nor reasonably calculated to

20  lead to the discovery of admissible evidence. Responding Party further objects that

21  the Request seeks an expert opinion. Responding Party further objects that the

22  Request is compound, containing multiple distinct inquiries within a single request,

23  which is improper under the applicable Rules.

24  **REQUEST FOR ADMISSION NO. 12B:**

25        Admit that the Lunchbox Emails do not contain any URL to a repository

26  (GitHub, GitLab, BitBucket or similar).

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 12B:**

28        Responding Party hereby incorporates the General Objections as though fully

1   set forth herein. Responding Party objects to this Request on the grounds that the

2   term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad,

3   and unduly burdensome. Responding Party further objects that the terms "any URL"

4   and "repository (GitHub, GitLab, BitBucket or similar)" are vague, ambiguous, and

5   overbroad. Responding Party further objects that the Request seeks information that

6   is neither relevant to the subject matter of the action nor reasonably calculated to

7   lead to the discovery of admissible evidence. Responding Party further objects that

8   the Request seeks an expert opinion.  Responding Party further objects that the

9   Request is compound, containing multiple distinct inquiries within a single request,

10  which is improper under the applicable Rules.

11  **REQUEST FOR ADMISSION NO. 13:**

12       Admit that You have no evidence that Plaintiff transmitted Checkmate,

13  VoiceBite or Presto Source Code to Lunchbox in the Lunchbox Emails.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

15       Responding Party hereby incorporates the General Objections as though fully

16  set forth herein. Responding Party objects to this Request on the grounds that the

17  term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad,

18  and unduly burdensome. Responding Party further objects that the terms

19  "transmitted" and "Presto Source Code" are vague, ambiguous, and overbroad.

20  Responding Party further objects that the Request seeks information that is neither

21  relevant to the subject matter of the action nor reasonably calculated to lead to the

22  discovery of admissible evidence. Responding Party further objects that the Request

23  seeks an expert opinion. Responding Party further objects that the Request is

24  compound, containing multiple distinct inquiries within a single request, which is

25  improper under the applicable Rules.

26       Without waiving the foregoing objections, Responding Party responds as

27  follows: Deny.

28  ///

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR
ADMISSIONS

**REQUEST FOR ADMISSION NO. 14A:**

Admit that the only Attachments to the Lunchbox Emails in Your possession are Audio Files.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14A:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments," "Lunchbox Emails," and "Audio Files," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 14B:**

Admit that each such attachment has a MIME Content-Type beginning with audio/.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14B:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "each such attachment" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the terms "MIME Content-Type beginning with audio/" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as

13

1    follows: Given that the Request is unintelligible, Responding Party lacks the ability
2    to admit or deny it, and on that basis denies the Request.

3    **REQUEST FOR ADMISSION NO. 15:**

4        Admit that characterizing the Attachments to the Lunchbox Emails as "code"
5    would be inaccurate because they are Audio Files.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

7        Responding Party hereby incorporates the General Objections as though fully
8    set forth herein. Responding Party objects to this Request on the grounds that the
9    terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague,
10   ambiguous, overbroad, and unduly burdensome. Responding Party further objects
11   that the terms "code" and "would be inaccurate" are vague, ambiguous, and
12   overbroad. Responding Party further objects to this Request in that the term
13   "characterizing" is vague, ambiguous, and overbroad. To determine whether a
14   document or thing "characterizes" the facts recited in the Request requires
15   interpretation, and it is unclear from the Request in what manner the information
16   may "characterize" such facts. Responding Party further objects that the Request
17   seeks information that is neither relevant to the subject matter of the action nor
18   reasonably calculated to lead to the discovery of admissible evidence. Responding
19   Party further objects that the Request seeks an expert opinion.

20   **REQUEST FOR ADMISSION NO. 16:**

21       Admit that You are able to produce the Lunchbox Emails in native .eml
22   format with full headers and all Attachments in native format.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

24       Responding Party hereby incorporates the General Objections as though fully
25   set forth herein. Responding Party objects to this Request on the grounds that the
26   terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague,
27   ambiguous, overbroad, and unduly burdensome. Responding Party further objects to
28   this Request in that the terms "able to produce" and "native .eml format" are vague,

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR
ADMISSIONS

ambiguous, and overbroad. Responding Party further objects that the Request seeks information not within Responding Party's possession, custody, or control. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 17:**

Admit that none of the Lunchbox Email Attachments includes any text segment that contains programming syntax for a programming language.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments" and "Lunchbox Emails" as defined by Plaintiff are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms "any text segment" and "programming syntax for a programming language" are so vague, ambiguous, and overbroad as to render the request unintelligible. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinion.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 18A:**

Admit that the body of the Lunchbox Emails does not contain the word "code".

**RESPONSE TO REQUEST FOR ADMISSION NO. 18A:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the

15

term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the term "body" is so vague, ambiguous, and overbroad as to render the request unintelligible. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 18B:**

Admit that You have no record that Lunchbox (or Nabeel) replied acknowledging receipt of "code" from Plaintiff in the Lunchbox Emails.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18B:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the term "code" is vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that none of the Lunchbox Email Attachments was marked or designated by You as "confidential code," "source," "trade secret code," or similar.

16

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms "marked or designated" and "'confidential code,' 'source,' "trade secret code,' or similar'" is vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You have no basis to contend that the Lunchbox Email Attachments are anything other than Audio Files.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Attachments," "Lunchbox Emails," and "Audio Files," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms "are anything other than" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request seeks an expert opinions. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

Without waiving the foregoing objections, Responding Party responds as

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS

1  follows: Deny.

2  **REQUEST FOR ADMISSION NO. 21:**

3      Admit that, after a reasonable inquiry and as of the date of Your response, the

4  only Documents You rely on to support the Competitive Activity Allegations are the

5  Lunchbox Emails and their Attachments.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

7      Responding Party hereby incorporates the General Objections as though fully

8  set forth herein. Responding Party objects to this Request on the grounds that the

9  terms "Attachments" and "Lunchbox Emails," as defined by Plaintiff, are vague,

10  ambiguous, overbroad, and unduly burdensome. Responding Party further objects to

11  this Request in that the term "Competitive Activity Allegations" is vague,

12  ambiguous, and overbroad. Responding Party further objects that the Request is

13  compound, containing multiple distinct inquiries within a single request, which is

14  improper under the applicable Rules. Responding Party further objects to this

15  Request to the extent it seeks information protected from disclosure by the attorney-

16  client privilege and/or the work product doctrine.

17      Without waiving the foregoing objections, Responding Party responds as

18  follows: Deny.

19  **REQUEST FOR ADMISSION NO. 22:**

20      Admit that, after a reasonable inquiry and as of the date of Your response,

21  You do not possess any communication from Plaintiff to any then-current

22  Checkmate employee expressly asking that employee to terminate employment to

23  accept a specific role.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

25      Responding Party hereby incorporates the General Objections as though fully

26  set forth herein. Responding Party objects to this Request in that the term "any then-

27  current Checkmate employee" is vague, ambiguous, and overbroad. Responding

28  Party further objects that the Request seeks information not within Responding

18

Party's possession, custody, or control. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 23:**

Admit that, after a reasonable inquiry and as of the date of Your response, You do not possess any communication from Plaintiff to any Checkmate customer requesting that the customer move existing business from Checkmate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request in that the terms "any Checkmate customer" and "existing business" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information not within Responding Party's possession, custody, or control. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 24:**

Admit that, after a reasonable inquiry and as of the date of Your response, You do not possess any Document showing that before November 14, 2024 Plaintiff engaged in a "Competing Business" as that term is used in any Checkmate agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request in that the terms

19

"Competing Business" and "any Checkmate agreement" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "showing" is vague, ambiguous, and overbroad. To determine whether a document or thing "shows" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "show" such facts. Responding Party further objects that the Request seeks information not within Responding Party's possession, custody, or control. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, after a reasonable inquiry and as of the date of Your response, You do not possess any communication (other than the Lunchbox Emails) in which Plaintiff represented that he sent or would send source code to any third party.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the terms "source code" and "any third party" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "represented" is vague, ambiguous, and overbroad. To determine whether a document or thing "represents" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "represent" such facts. Responding Party further objects that the Request seeks information not within Responding Party's possession, custody, or control. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a

20

single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, after a reasonable inquiry and as of the date of Your response, You have not identified any person You contend Plaintiff actually solicited to leave Checkmate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request in that the terms "any person code" and "actually solicited" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "identified" is vague, ambiguous, and overbroad. To determine whether a document or thing "identifies" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "identify" such facts. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the Lunchbox Emails (dated November 7-8) post-date Plaintiff's written demands for payment of his partial/signing bonus in early November 2024 (dated November 4).

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Lunchbox Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request in that the

21

1  terms "written demands" and "partial/signing bonus" are vague, ambiguous, and

2  overbroad. Responding Party further objects that the Request seeks information that

3  is neither relevant to the subject matter of the action nor reasonably calculated to

4  lead to the discovery of admissible evidence.

5      Without waiving the foregoing objections, Responding Party responds as

6  follows: Deny.

7

8

9  Date: September 15, 2025              K&L GATES LLP

10

11  _____

12  Ryan Q. Keech (SBN 280306)
   Stacey Chiu (SBN 321345)

13  Rebecca I. Makitalo (SBN 330258)
   Jacob R. Winningham (SBN 357987)

14  10100 Santa Monica Boulevard, 8th Floor
   Los Angeles, California 90067

15  Telephone: 310.552.5000

16  Facsimile: 310.552.5001

17  *Attorneys for Defendant and Counter-*

18  *Claimant CHECKMATE.COM INC*

19

20

21

22

23

24

25

26

27

28

22

# PROOF OF SERVICE

Case No. 2:25-CV-00765-MEMF-JPR

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **September 15, 2025**, I served the document(s) described as:

## CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S FIRST SET OF REQUESTS FOR ADMISSIONS

on the person or person(s) below, as follows:

Arjun Vasan
12615 193rd Street
Cerritos, CA 90703                    *Plaintiff Pro Se*
Email: arjun.vasan@gmail.com
Telephone: 562-900-6541

The documents were served by the following means:

☐        **BY U.S. MAIL:**  I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒        **BY ELECTRONIC SERVICE:**  by transmitting a true copy of the foregoing document(s) to the email-addresses set forth as stated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 15, 2025**, at Los Angeles, California.

Dyana Estrada

RECYCLED PAPER

PROOF OF SERVICE

509121106.1