# **EXHIBIT W**

Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca I. Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
 Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counterclaimant*
*CHECKMATE.COM INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN, | Case No. 2:25-CV-00765-MEMF-JPR |
| Plaintiff, | Magistrate Judge Jean P. Rosenbluth |
| v. | **CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS** |
| CHECKMATE.COM, INC., | |
| Defendant. | |
| CHECKMATE.COM, INC., | Complaint Filed: January 28, 2025 |
| Counterclaim-Plaintiff, | Amended Complaint Filed: February 21, 2025 |
| v. | |
| ARJUN VASAN, | |
| Counterclaim-Defendant. | |

1602183777.2

PROPOUNDING PARTY: PLAINTIFF ARJUN VASAN

RESPONDING PARTY: DEFENDANT CHECKMATE.COM, INC.

SET NO.: TWO (2)

Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") hereby responds to Plaintiff Arjun Vasan ("Plaintiff" or "Vasan")'s Second Set of Requests for Admission (the "Requests"), as follows:

## **PRELIMINARY STATEMENT**

Checkmate's investigation of the facts relating to this case is still ongoing. As such, Checkmate has not completed its investigation, has not completed discovery, and has not completed preparation for trial. All of the answers contained herein are based upon the information presently available, and specifically known, to Checkmate. It is anticipated that further discovery and further independent investigation will supply additional facts which may clarify and add meaning to facts presently known, as well as establish new factual matters, all of which may lead to substantial addition to, changes in, and variations from the responses set forth herein. The following responses are given without prejudice to Checkmate's right to produce evidence of any subsequently discovered fact or facts that Checkmate may later recall.

The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of these parties in relationship to further discovery, research, or analysis. Checkmate reserves the right to alter, supplement, amend, or otherwise modify these responses in any way and at any time, including at or during trial, in light of facts revealed to them through discovery, further investigation, or further legal analysis. Checkmate also reserves the right to amend or supplement these responses with any information that has been inadvertently or unintentionally omitted and/or to introduce such information into evidence at the time of hearing or trial.

Checkmate makes these responses to the Requests subject to, and without waiving in any way any objections as to competence, relevance, materiality, propriety,

and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Requests were asked of, or any statements contained were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at time of trial.

## **GENERAL OBJECTIONS**

1.      To the extent the Requests call for confidential communications between Checkmate and any of its/his/her attorneys, or information that is otherwise covered by the attorney-client privilege, the work-product doctrine, or any other right or privilege recognized by California or federal law, Checkmate generally objects to the Requests, and each request contained therein.

2.      Checkmate objects to the Requests, and each request contained therein, to the extent that they seek information protected by the California or United States constitutions, California or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive and financial information. Checkmate will not reveal such information where doing so would violate the privacy rights of Checkmate or of third parties.

3.      Checkmate objects to the Requests, and each request contained therein, to the extent that they seek information that is not relevant and/or material to the subject matter of this litigation or are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Checkmate objects to the Requests, and each request contained therein, insofar as they are repetitive, redundant or overlapping.

5.      Checkmate objects to the Requests, and each request contained therein, to the extent that they are unduly burdensome, oppressive, annoying or harassing.

6.      Checkmate objects to the Requests, and each request contained therein, to the extent that they are vague and ambiguous, compound, confusing, unintelligible, unclear and amenable to different meanings, understandings or interpretations. Checkmate is responding to each Request as it interprets and understands that Request

2

with respect to the issues framed in connection with this litigation. If Checkmate asserts an interpretation of any part of a Request that differs from the understanding of Checkmate, Checkmate reserves the right to supplement, amend, or modify their responses or objections.

7.      Checkmate objects to the Requests, and to each request contained therein, to the extent they are unlimited in time or seek information beyond the time-frame relevant to this litigation on the grounds that they are overbroad and unduly burdensome and seek information that is irrelevant to the subject matter of this litigation.

8.      Checkmate objects to the Requests, and each request contained therein, to the extent they seek to impose duties or obligations different from, additional to, or otherwise beyond those required by the Federal Rules of Civil Procedure.

9.      Checkmate objects to the Requests, and each request therein, to the extent they seek information that is equally available to or within Plaintiff's possession, custody or control on the grounds that such Requests are unduly burdensome and oppressive.

10.      Checkmate objects to the definition of "You" / "Defendant" in that it is vague, ambiguous, overbroad, and reflects an attempt to circumvent Federal Rule of Civil Procedure 45. It is also objectionable to the extent it intrudes upon the attorney/client privilege, work product, and/or other applicable privileges.

11.      Checkmate objects to the definition of "Separation Meeting" in that it is vague, ambiguous, overbroad, and unduly burdensome.

12.      Checkmate objects to the definition of "Announcement Meeting" in that it is vague, ambiguous, overbroad, and unduly burdensome.

13.      Checkmate objects to the definition of "Zoom Transcript" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

14.      Checkmate objects to the definition of "Fathom Recording" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

3

15.    Checkmate objects to the definition of "Post-Call Segment" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

16.    The foregoing objections are incorporated by reference into each of the specific responses made herein. Notwithstanding the specific responses to any of the Requests, Checkmate does not waive any of the general or specific objections made herein.

17.    Subject to and without waiving the foregoing General Objections, Checkmate responds to Vasan's Second Set of Requests for Admissions as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that prior to the **Separation Meeting**, Plaintiff had offered to return part-time and had sent Checkmate medical certification clearing him to work on a limited schedule.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "clearing him" and "limited schedule" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

## REQUEST FOR ADMISSION NO. 2:

Admit that **Vishal Agarwal** scheduled the **Separation Meeting**, and by email, purported that the purpose of the meeting was to discuss Plaintiff's offer to return to work.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term

4

"Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "purported that the purpose" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

## REQUEST FOR ADMISSION NO. 3:

Admit that the **Separation Meeting** started at approximately **8:00 a.m. Pacific Time**.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff is vague, ambiguous, overbroad, and unduly burdensome.

Without waiving the foregoing objections, Responding Party responds as follows: Checkmate admits that Mike Bell, Vishal Agarwal, Amy Brown, and Plaintiff attended a recorded meeting via Zoom on November 14, 2024, beginning at 8:00 a.m. Pacific Time, and otherwise denies the remainder of the Request.

## REQUEST FOR ADMISSION NO. 4:

Admit that Checkmate personnel, including **Vishal Agarwal, Michael Bell, and Amy Brown,** attended the **Separation Meeting**.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the term "Checkmate personnel" are vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Checkmate admits that Mike Bell, Vishal Agarwal, Amy Brown, and

5

Plaintiff attended a recorded meeting via Zoom on November 14, 2024, beginning at 8:00 a.m. Pacific Time, and otherwise denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the **Separation Meeting was recorded**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome.

Without waiving the foregoing objections, Responding Party responds as follows: Checkmate admits that Mike Bell, Vishal Agarwal, Amy Brown, and Plaintiff attended a recorded meeting via Zoom on November 14, 2024, beginning at 8:00 a.m. Pacific Time, and otherwise denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the recording referenced **in ¶ 3 continued after Plaintiff disconnected**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "the recording" and "referenced in ¶ 3" are so vague, ambiguous, overbroad, and unduly burdensome as to render the Request unintelligible. Responding Party further objects to this Request in that the term "referenced" is vague, ambiguous, and overbroad. To determine whether a document or thing "references" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "reference" such facts. Responding Party further objects that the Request is not self-contained as it incorporates another pleading by reference, which is improper under the applicable Rules.

Without waiving the foregoing objections, Responding Party responds as

6

follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the **Separation Meeting** recording **was processed by Fathom.video**, which generated a transcript and/or summary.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "was processed by" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the **Fathom.video link**, video and summary remain live at the web address: https://fathom.video/share/j-ZStSqCq9Z7mRriEnHs6R7dxy7Aqixp?tab=summary.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "remain live" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, prior to the **Separation Meeting**, Checkmate was informed by email that **Plaintiff was in a medical facility with limited access to devices**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term

7

"Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "medical facility," "limited access," and "devices" are vague, ambiguous, and overbroad. Responding Party further objects to this Request on the grounds that the terms "prior to" are vague, ambiguous, and overbroad as to the relevant time period.

Without waiving the foregoing objections, Responding Party responds as follows: Without waiving the foregoing objections, Responding Party responds as follows: Checkmate admits that on or around October 23, 2024, Plaintiff requested medical leave and was approved by Checkmate to take personal medical leave that would consist of two weeks of paid time off and otherwise denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Plaintiff started the call by describing his improving health, eagerness to return to work and ongoing assistance to the Voice team while he was recovering.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "started the call," "improving health," "eagerness to return to work," "ongoing assistance," "Voice team," and "recovering" are vague, ambiguous, and overbroad. Responding Party further objects that the Request seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 11:**

Admit that during the **Separation Meeting, Mr. Agarwal stated to Plaintiff** words to the effect: **"you are being terminated with immediate effect, right now,**

8

1  **right this second.”**

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

3  Responding Party hereby incorporates the General Objections as though fully

4  set forth herein. Responding Party objects to this Request on the grounds that the term

5  “Separation Meeting,” as defined by Plaintiff, is vague, ambiguous, overbroad, and

6  unduly burdensome. Responding Party further objects in that the terms “words to the

7  effect” are vague, ambiguous, and overbroad. Responding Party further objects that

8  the Request calls for a legal conclusion rather than a factual response.

9  Without waiving the foregoing objections, Responding Party responds as

10  follows: Deny.

11  **REQUEST FOR ADMISSION NO. 12:**

12  Admit that **Mr. Agarwal repeated words to that effect at least two times**

13  during the **Separation Meeting**.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

15  Responding Party hereby incorporates the General Objections as though fully

16  set forth herein. Responding Party objects to this Request on the grounds that the term

17  “Separation Meeting,” as defined by Plaintiff, is vague, ambiguous, overbroad, and

18  unduly burdensome. Responding Party further objects in that the terms “repeated”

19  and “words to that effect” are so vague, ambiguous, and overbroad as to render the

20  Request unintelligible.

21  Without waiving the foregoing objections, Responding Party responds as

22  follows: Given that the Request is unintelligible, Responding Party lacks the ability

23  to admit or deny it, and on that basis denies the Request.

24  **REQUEST FOR ADMISSION NO. 13:**

25  Admit that, during the November 14 Meeting, **Mr. Agarwal referenced**

26  **turning the matter over to a lawyer** if a settlement could not be reached, or words

27  to that effect.

28  / / /

CHECKMATE.COM, INC.’S RESPONSES TO PLAINTIFF ARJUN VASAN’S SECOND SET OF REQUESTS
FOR ADMISSIONS

1602183777.2

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "November 14 Meeting," "turning the matter over," and "words to that effect" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "referenced" is vague, ambiguous, and overbroad. To determine whether a document or thing "references" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "reference" such facts. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Plaintiff attempted to argue that he had only sent the **Competitor Emails** because his bonus had not been paid, and felt he was being "screwed", or words to that effect.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Competitor Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "attempted to argue," "being 'screwed'," and "words to that effect" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 15:**

Admit that **prior to Mr. Agarwal stating that Plaintiff was being terminated**, Plaintiff had been discussing his return to work, and ongoing assistance to the Voice team.

10

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "being terminated," "return to work," "ongoing assistance" and "Voice team" are vague, ambiguous, and overbroad. Responding Party further objects to this Request on the grounds that the terms "prior to" are vague, ambiguous, and overbroad as to the relevant time period. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Mr. Agarwal **indicated the termination decision was final**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "termination decision" and "final" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that, during the **Separation Meeting**, **Mr. Bell referenced involving a lawyer**, or words to that effect.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "involving a

11

lawyer" and "words to that effect" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "referenced" is vague, ambiguous, and overbroad. To determine whether a document or thing "references" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "reference" such facts. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, during the Separation Meeting, **Mr. Agarwal referenced the Lunchbox Emails** as the basis for alleging that Plaintiff had violated the non-solicitation clause.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "Lunchbox Emails" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the terms "as the basis for alleging" and "non-solicitation clause" are vague, ambiguous, and overbroad. Responding Party further objects to this Request in that the term "referenced" is vague, ambiguous, and overbroad. To determine whether a document or thing "references" the facts recited in the Request requires interpretation, and it is unclear from the Request in what manner the information may "reference" such facts. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

Without waiving the foregoing objections, Responding Party responds as

12

follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that during the **Separation Meeting**, Mr. Agarwal stated words to the effect that **the only reason** for Plaintiff's termination were the **Competitor Emails**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Separation Meeting" and "Competitor Emails," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "words to the effect" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, **as of the start** of the **Separation Meeting**, the only basis known to Checkmate for alleging solicitation by Plaintiff were the **Competitor Emails**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Separation Meeting" and "Competitor Emails," as defined by Plaintiff, are vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "as of the start of" and "the only basis known" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

13

**REQUEST FOR ADMISSION NO. 21:**

Admit that, **as of the start** of the **Separation Meeting**, Checkmate had not received any written or oral report from any person asserting that Plaintiff asked them to leave Checkmate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "as of the start of," "any written or oral report," "any person," and "asked them to leave" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 22:**

Admit that, **as of the start** of the **Separation Meeting**, Checkmate had not conducted any investigation into whether Plaintiff asked any employee to leave Checkmate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "as of the start of," "any investigation," "any employee," and "to leave Checkmate" are vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 23:**

Admit that, during the **Post-Call Segment**, **Mr. Agarwal** stated words to the

14

effect: "*he's on medical leave; in [t]his condition; we fired him for something that's not true.*"

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Post-Call Segment," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "words to the effect" are vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 24:**

Admit that, during the **Post-Call Segment**, participants discussed off-boarding steps for Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Post-Call Segment," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "participants" and "off-boarding steps" are vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Mr. Bell stated during the **Post-Call Segment**, that he had been preparing other team members for Plaintiff no longer working at Checkmate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Post-Call Segment," as defined by Plaintiff, is vague, ambiguous, overbroad, and

15

unduly burdensome. Responding Party further objects that the terms "had been preparing," "other team members," and "no longer working" are vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Mr. Bell had not seen the **Competitor Emails** himself prior to the meeting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Competitor Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "prior to" are vague, ambiguous, and overbroad as to the relevant time period.

Without waiving the foregoing objections, Responding Party responds as follows: Checkmate admits that while Vasan was on leave, Mr. Agarwal learned through an industry contact that Vasan had contacted a competitor of Checkmate to discuss the possibility of joining the competitor's company, bringing two engineers from Checkmate with him, and otherwise denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, during the **Post-Call Segment**, participants discussed scheduling a 9:00 a.m. Pacific meeting that same morning to inform the team ("Announcement Meeting").

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Post-Call Segment," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "participants,"

16

"discussed scheduling," "that same morning," and "inform the team" are so vague, ambiguous, and overbroad as to render the Request unintelligible.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the **Announcement Meeting** was indeed scheduled for 9:00 a.m. Pacific on November 14, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "indeed scheduled" are vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the **Announcement Meeting** indeed occurred at the scheduled time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "indeed occurred" and "scheduled time" are vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 30:**

Admit that, at the **Announcement Meeting**, Checkmate personnel informed

17

1  Voice team members that Plaintiff was terminated.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

3  Responding Party hereby incorporates the General Objections as though fully

4  set forth herein. Responding Party objects to this Request on the grounds that the term

5  "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad,

6  and unduly burdensome. Responding Party further objects that the terms "Checkmate

7  personnel" and "Voice team members" are vague, ambiguous, and overbroad.

8  Responding Party further objects that the Request calls for a legal conclusion rather

9  than a factual response.

10  Without waiving the foregoing objections, Responding Party responds as

11  follows: Deny.

12  **REQUEST FOR ADMISSION NO. 31:**

13  Admit that the reason given at the **Announcement Meeting** for Plaintiff's

14  termination was solicitation of employees.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

16  Responding Party hereby incorporates the General Objections as though fully

17  set forth herein. Responding Party objects to this Request on the grounds that the term

18  "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad,

19  and unduly burdensome. Responding Party further objects that the terms "the reason

20  given" are vague, ambiguous, and overbroad. Responding Party further objects that

21  the Request calls for a legal conclusion rather than a factual response.

22  Without waiving the foregoing objections, Responding Party responds as

23  follows: Deny.

24  **REQUEST FOR ADMISSION NO. 32:**

25  Admit that attendees at the **Announcement Meeting** included **Robert Nessler**

26  and at least two or more of the following: **Christopher Lam, Isamu Aoki, Paul**

27  **Garcia, and Pranav Sood**, as well as **one or both of Mr. Agarwal and Mr. Bell**.

28  / / /

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

2      Responding Party hereby incorporates the General Objections as though fully

3  set forth herein. Responding Party objects to this Request on the grounds that the term

4  "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad,

5  and unduly burdensome. Responding Party further objects that the terms "attendees,"

6  "at least two or more of the following," and "as well as one or both" are vague,

7  ambiguous, and overbroad. Responding Party further objects that the Request is

8  compound, containing multiple distinct inquiries within a single request, which is

9  improper under the applicable Rules.

10 **REQUEST FOR ADMISSION NO. 33:**

11     Admit that one or more team members present at the **Announcement Meeting**

12 were questioned about the solicitation allegations, but only after Plaintiff's

13 termination.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

15     Responding Party hereby incorporates the General Objections as though fully

16 set forth herein. Responding Party objects to this Request on the grounds that the term

17 "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad,

18 and unduly burdensome. Responding Party further objects that the terms "one or more

19 team members" and "the solicitation allegations" are vague, ambiguous, and

20 overbroad. Responding Party further objects that the Request calls for a legal

21 conclusion rather than a factual response. Responding Party further objects to this

22 Request on the grounds that the terms "only after" are vague, ambiguous, and

23 overbroad as to the relevant time period. Responding Party further objects that the

24 Request is compound, containing multiple distinct inquiries within a single request,

25 which is improper under the applicable Rules.

26 **REQUEST FOR ADMISSION NO. 34:**

27     Admit that **no Voice team member reported any such solicitation** of them

28 by Plaintiff.

19

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Voice team member" and "any such solicitation" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the Zoom and Fathom.video accounts used for the **Separation Meeting** were managed or controlled by Checkmate or its agents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "accounts used," "managed or controlled," and "its agents" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the **Separation Meeting** is the same Zoom meeting described in the Agarwal Declaration **at ¶ 26 of ECF No. 18-4**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and

20

unduly burdensome. Responding Party further objects that the terms "the same Zoom meeting" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is not self-contained as it incorporates another pleading by reference, which is improper under the applicable Rules. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the **Announcement Meeting** is the 9:00AM meeting described by Robert Nessler in the **Nessler Declaration (ECF No. 81-2 at 7, ¶¶ 7-8 )**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Announcement Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the Request is not self-contained as it incorporates another pleading by reference, which is improper under the applicable Rules. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the **Competitor Emails** are the same as those described in the **Agarwal Declaration at ¶ 25** and exhibited at **p. 78-80 of ECF No. 18-4**.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Competitor Emails," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "are the same as those described" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is not self-contained as it incorporates another pleading by

21

1  reference, which is improper under the applicable Rules. Responding Party further

2  objects that the Request is compound, containing multiple distinct inquiries within a

3  single request, which is improper under the applicable Rules.

4  **REQUEST FOR ADMISSION NO. 39:**

5      Admit that Checkmate **possesses no other such emails or communications**.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

7      Responding Party hereby incorporates the General Objections as though fully

8  set forth herein. Responding Party objects to this Request on the grounds that the

9  terms "no other such emails or communications" are so vague, ambiguous, and

10  overbroad as to render the Request unintelligible. Responding Party further objects

11  that the Request is compound, containing multiple distinct inquiries within a single

12  request, which is improper under the applicable Rules.

13  **REQUEST FOR ADMISSION NO. 40:**

14      Admit that, during the **Separation Meeting**, **Plaintiff did not state that he**

15  **was resigning**.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

17      Responding Party hereby incorporates the General Objections as though fully

18  set forth herein. Responding Party objects to this Request on the grounds that the term

19  "Separation Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and

20  unduly burdensome. Responding Party further objects that the Request calls for a legal

21  conclusion rather than a factual response.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS
FOR ADMISSIONS

1602183777.2

Without waiving the foregoing objections, Responding Party responds as follows: Checkmate admits that on November 14, 2024, at 9:57 a.m. PST, Vasan resigned via email and otherwise denies the remainder of the Request.

Date: September 16, 2025                    K&L GATES LLP

_____
Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
Jacob R. Winningham (SBN 357987)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC.*

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS

1602183777.2

# PROOF OF SERVICE

Case No. 2:25-CV-00765-MEMF-JPR

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **September 16, 2025**, I served the document(s) described as:

**CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S SECOND SET OF REQUESTS FOR ADMISSIONS**

on the person or person(s) below, as follows:

Arjun Vasan
12615 193rd Street                              *Plaintiff Pro Se*
Cerritos, CA 90703
Email: arjun.vasan@gmail.com
Telephone: 562-900-6541

The documents were served by the following means:

☐      **BY U.S. MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒      **BY ELECTRONIC SERVICE:** by transmitting a true copy of the foregoing document(s) to the email-addresses set forth as stated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 16, 2025**, at Los Angeles, California.

_____
Dyana Estrada

Recycled Paper

509121106.1