# **EXHIBIT X**

| | |
|---|---|
| **From:** | Arjun Vasan |
| **To:** | Makitalo, Rebecca I. |
| **Cc:** | Keech, Ryan Q.; Chiu, Stacey G.; Winningham, Jacob R. |
| **Subject:** | Re: L.R. 37-1 Conference re: Insufficient Responses to RFAs (Set One – "Lunchbox Emails") [KLG-AMERICAS.FID3718879] |
| **Date:** | Wednesday, September 17, 2025 8:44:16 AM |

**This Message Is From an External Sender**
This message came from outside your organization.

The Magistrate Judge also clearly indicated that the document topics seemed overbroad, and that she expected the parties to discuss such matters.

She did not determine *I have no basis*, she determined only that I did not properly present such a basis. The fact is I did not present the case well, and if I do, the outcome will be very different.

Best regards,
Arjun Vasan

On Tue, Sep 16, 2025 at 5:55 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

> Mr. Vasan,
>
> You have already sought relief from the Court on an improper *ex parte* basis regarding the Vasan Varadarajan and Robert Nessler subpoenas, which was denied.
>
> As you are aware, the Court has already determined that you have no basis to challenge the subpoenas. *See* Dkt. 80. Accordingly, please provide a meet and confer letter, in accordance with Rule 37-1, stating the basis for your contemplated motions for us to consider.
>
> Thank you,
>
> **Rebecca Makitalo**
>
> Associate
>
> K&L Gates LLP
> 10100 Santa Monica Blvd
>
> 8th Floor
>
> Los Angeles, CA 90067
>
> Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Tuesday, September 16, 2025 2:53 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: L.R. 37-1 Conference re: Insufficient Responses to RFAs (Set One – "Lunchbox Emails") [KLG-AMERICAS.FID3718879]

And what about the meeting regarding the overbroad subpoenas that I have been requesting since August 14th?

Best

Sent from Gmail Mobile

On Tue, Sep 16, 2025 at 2:12 PM Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com> wrote:

> Mr. Vasan,
>
> Your presumption is incorrect and note that you failed to respond to my September 10, 2025 email requesting to meet and confer today at 2 p.m, notwithstanding the fact that we have been requesting such a meeting since August 25, 2025. We will consider your request to meet and confer regarding Checkmate's responses to your first set of requests for admissions once the meet and confer on your deficient initial disclosures has first taken place.

Accordingly, please provide your availability to meet and confer on Friday, September 19, 2025 from 1-3 p.m. If you intend to engage a court reporter for the meeting, at your own expense, please provide the relevant details for mutual agreement by no later than tomorrow, September 17, 2025. Otherwise, no other recording methods will be accepted.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Tuesday, September 16, 2025 1:50 PM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** Re: L.R. 37-1 Conference re: Insufficient Responses to RFAs (Set One – "Lunchbox Emails")

Counsel,

It is now 1:50pm and you have not sent any meeting invite despite representing you would "make time" for a 2pm meeting.

I presume you have dropped your demands for the time being. If not, please reschedule, and also agree to meet regarding the several issues I have put forth.

Best regards,

Arjun Vasan

Plaintiff In Pro Per

Sent from Gmail Mobile

On Tue, Sep 16, 2025 at 6:00 AM Arjun Vasan <arjun.vasan@gmail.com> wrote:

> Counsel,
>
> I've reviewed Checkmate's responses to Plaintiff's First Requests for Admission (Set One – "Lunchbox Emails"). Several answers are non-compliant with **FRCP 36(a)(4)** and rely on boilerplate objections to a plainly defined term that your own filings identify. For the avoidance of doubt, "Lunchbox Emails" refers to, I'm attaching:
>
> - **Ex. A:** Excerpts of **Agarwal Declaration., ECF 18-4**, including **Exhibit E** (the Nov. 7–8, 2024 emails and the two .wav filenames referenced in my definition).
> - **Ex. B**: My own copy of the emails in question, matching Exhibit A.
>
> Specifically, Checkmate referenced the emails in its counterclaims as follows ("Competitive Activity Allegations"):
>
>> 7. Plaintiff clearly thought he had a sweetheart deal. Indeed, Checkmate has learned that he has since attempted to pawn off some of the same code to yet another third party in violation of his non-compete agreement. ...
>
>> 23. Knowing he was about to be uncovered, in direct contravention of his non-compete agreement, Plaintiff began looking to work at a competing company. On or around November 7 and 8, 2024, Plaintiff contacted a competitor of Checkmate and mentioned the possibility of leaving Checkmate and bringing two Checkmate

engineers along with him in a potential hire by the competitor. Plaintiff also shared recordings derived from "Cyborg" technology with the competitor. In these emails, Plaintiff explicitly refers to Cyborg as "my earlier company" and alludes to pawning off the very same code he sold to Checkmate.

52. Plaintiff breached the Non-Compete Agreement by, inter alia, in November 2024, contacting one or more of Defendant's competitors for the purpose of attempting to solicit interest in acquiring the same code and employees provided to Checkmate as part of the Transaction.

Furthermore, your objections to commonly understood standard definitions for ESI terms such as "attachment" and "audio file" are unavailing, and do not require "expert opinion" to understand.

To eliminate even a pretext of "ambiguity," I adopt the widely used Sedona definitions for core ESI terms. "Attachment," "Document (or Document Family)," "Email (Electronic Mail)," "Email Message," "Message Unit," "Message Header," and "EML" are used as the Sedona Glossary uses them (citations attached). An "Audio File" is a file with a top-level audio/ media type under RFC 2046/IANA (e.g., .wav). "Source Code" carries its ordinary software meaning, i.e., human-readable programming statements input to a compiler or interpreter. With these neutral standards, your boilerplate objections (vague/ambiguous/overbroad/unduly burdensome) to Definitions 11–15 have no footing; please withdraw them and serve Rule-36-compliant answers.

https://www.thesedonaconference.org/sites/default/files/publications/Sedona%20Conference%20Glossary%2C%20Fifth%20Edition.pdf

**Core defects (non-exhaustive)**
1. Boilerplate "vague/ambiguous/overbroad/unduly burdensome" to a finite, self-identifying term.
"Lunchbox Emails" is precisely defined (two participants, Nov. 7–8, 2024, two named attachments) and anchored to your ECF 18-4 exhibit and your Counterclaims. There is nothing to "interpret," and burden objections are inapposite to RFAs (which require admit/deny, not document collection).

2. Failure to comply with FRCP 36(a)(4).
Multiple answers (e.g., RFAs 1–6, 10–12B, 14A–18A, 21–27) avoid a clear admit/deny, assert "insufficient information," but do not describe any "reasonable inquiry," despite the emails being in Checkmate's possession, custody, or control. Rule 36 allows "lack of knowledge" only after a reasonable inquiry and only if the information cannot be readily obtained. Where a request is partially true, you must admit to the extent true and qualify the rest.

3. Evasive denials on binary, mechanical facts.
Several RFAs ask yes/no questions about facts evident on the face of the emails or attachments—e.g., whether the attachments are .wav files; whether any repository URL appears; whether Nov. 7–8 post-date Nov. 4; whether the body text uses the term "code." These are capable of straightforward admissions. See FRCP 36(a)(4); Asea v. S. Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981) (court may deem matters admitted where a party equivocates or evades despite readily available information). An evasive or incomplete answer is treated as a failure to answer. FRCP 37(a)(4).

**Requested cure (by Friday, September 19, 2025)**

• Withdraw the vagueness/ambiguity/overbreadth/burden/"expert opinion" objections to the definition of "Lunchbox Emails", "Attachment" and to the specific RFAs listed above;
• Serve amended Rule 36-compliant answers that:
(i) specifically admit or deny each RFA;
(ii) admit in part and qualify where only part is true; and
(iii) if you still claim insufficient information, describe the reasonable inquiry made (who/what records were consulted, and why the information could not be readily obtained).

As a no-prejudice clarification to eliminate any pretext of ambiguity: "Lunchbox Emails" means the Nov. 7–8, 2024 thread described in Checkmate's Counterclaims and re-attached here (including both the version Checkmate filed at ECF 18-4 as well as my own native copy).

**L.R. 37-1 conference & next steps**

I'm available to confer Wed 2–3 pm PT; Thu 10–11 am PT; Fri 1–2 pm PT by Zoom/Teams. Please confirm a slot or propose an alternative. If we cannot resolve, I will proceed under FRCP 36(a)(6) with a C.D. Cal. L.R. 37-2 joint stipulation seeking:
1. an order overruling the boilerplate objections;
2. an order requiring amended, compliant answers by a date certain;
3. as to the clearest items (e.g., presence/absence of repository URLs; existence and names of the .wav attachments; the date sequence), an order deeming the matters admitted under Asea; and
4. fees/costs as appropriate, including under FRCP 37(a)(5) and (later, if I prove the denied matters) FRCP 37(c)(2).

Please confirm by today at 1PM that you will (a) withdraw the objections, (b) serve amended answers by Friday, September 19, 2025, or otherwise (c) attend the L.R. 37-1 conference at your selected time.

Best,
Arjun Vasan

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.