# **EXHIBIT Y**

| | |
|---|---|
| **From:** | Arjun Vasan |
| **To:** | Makitalo, Rebecca I.; Keech, Ryan Q.; Chiu, Stacey G.; Winningham, Jacob R. |
| **Subject:** | Arjun Vasan v. Checkmate 2:25-cv-00765-MEMF-JPR - second set of RFAs |
| **Date:** | Wednesday, September 17, 2025 9:02:09 PM |

**This Message Is From an External Sender**
This message came from outside your organization.

Counsel,

I received your responses to the second set of RFAs. In my view, Checkmate's approach reflects a pattern of intentional obstruction that will unnecessarily increase the burden on both parties.

It appears that your refusal to provide straightforward admissions—particularly on issues already evidenced on video and in transcript—stems from a perception that, as a pro se litigant, I am either unable or unlikely to pursue motions that would impose significant financial liability in the form of attorney's fees. That perception may soon prove incorrect. If and when counsel appears, the exposure to sanctions and fee-shifting for evasive responses will increase substantially.

To illustrate: your refusal to admit the existence or content of the "Separation Meeting," while simultaneously acknowledging its occurrence and accuracy of the transcript (including in your prior filings), borders on frivolous. The meeting is on video. The transcript is accurate. Your own filings concede this, even while attempting to contextualize my citations to it.

Continuing to deny indisputable facts—especially those recorded or admitted elsewhere—will not only trigger avoidable motion practice but will compel me to serve broader, more burdensome RFPs. These will impose a far greater burden on Checkmate than simply responding to narrow, well-supported RFAs in good faith.

Please consider whether your present approach serves your client or this Court. I reserve all rights, including the right to seek relief under Rule 37 and the Court's inherent authority.

Best regards,
Arjun Vasan