# **EXHIBIT AA**

| | |
|---|---|
| **From:** | Arjun Vasan |
| **To:** | Keech, Ryan Q. |
| **Cc:** | Makitalo, Rebecca I.; Chiu, Stacey G.; Winningham, Jacob R. |
| **Subject:** | Re: Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate"s deficiencies and misconduct) [KLG-AMERICAS.FID3718879] |
| **Date:** | Wednesday, October 1, 2025 10:14:25 PM |

**This Message Is From an External Sender**
This message came from outside your organization.

Counsel,

I'm amenable to **in-person** conferences, but we need one standard. You cannot demand that I appear at your offices for your issues and then require a "mutually agreeable" location for mine. If in-person is necessary, meetings on **my** issues will be held in a reserved conference room in **Cerritos, California**. I suggest we default to **remote** unless truly necessary (I don't think that is the case here). I will circle back regarding your proposed dates/times (but note that I did provide a date, this past Friday, and Checkmate did not respond).

My only criteria, if Checkmate is not amenable to mutual recording, is that only one attorney is present to represent Checkmate. If more than one is present, the conference must either be recorded or one attorney be designated as the sole attorney that may submit a declaration regarding the meeting.

The magistrate judge expressly stated your subpoenas were overbroad. You have done nothing to narrow them despite objections by the witnesses; I don't believe she will view your actions as in good faith. I will not address your other baseless allegations of "manipulation"; only Checkmate's counsel acts in such a manner (see Declarations of Agarwal and Brown; Dkt. 18).

As a friend and relative, I have every right to object to burdening these non-party witnesses with topics entirely irrelevant to this case; that include personal and privileged material with myself; and that impose undue costs on an elderly witness. The witnesses are aware I am not a lawyer; I have not represented myself to be a lawyer; and your allegations are entirely meritless.

Best regards,
Arjun Vasan


On Wed, Oct 1, 2025 at 12:35 PM Keech, Ryan Q. <Ryan.Keech@klgates.com> wrote:

> Mr. Vasan,
>
> To add to my colleague's email below, notwithstanding your propensity for expressing yourself in a variety of inexplicably angry late-night AI-fueled missives, the Court has already rejected your attempt to interfere with third-party discovery. Checkmate has no obligation to and will not be discussing the obligations of recipients of third party subpoenas with you.

Moreover, because it appears that you may be attempting to manipulate and provide pseudo-legal "advice" to at least some third parties, we again remind you that you are not a lawyer, that there are very serious consequences associated with behaving as if you are one and that we look forward to obtaining relevant evidence from all recipients of third-party discovery in this case and otherwise regarding your communications with them.  Checkmate reserves all rights in this regard and with respect to your other improper conduct in this case.

I know my colleagues look forward to your availability as noted below.

Best regards,

Ryan



**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com

www.klgates.com

*Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Delaware  Doha  Dubai  Dublin  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  Kansas City  London  Los Angeles  Luxembourg  Melbourne  Miami  Milan  Munich  Nashville  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburgh  Portland  Raleigh  Research Triangle Park  San Francisco  São Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo  Washington, D.C.*

**From:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Sent:** Wednesday, October 1, 2025 12:29 PM
**To:** Arjun Vasan <arjun.vasan@gmail.com>
**Cc:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>;

Winningham, Jacob R. <Jacob.Winningham@klgates.com>
**Subject:** RE: Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate's deficiencies and misconduct) [KLG-AMERICAS.FID3718879]

Mr. Vasan,

Despite our repeated requests to meet and confer on your deficient initial disclosures, we have yet to receive a proposed date from your side. We are available to meet and confer on this issue on October 6, 2025 from 12-2 p.m. or October 7, 2025 from 1-3:30 p.m. at our offices. Please let us know if you are available during these times to address the deficiencies in your disclosures. We expect this meeting to be conducted without any arbitrary demands.

Additionally, while we are open to meeting and conferring on your contemplated motions, this must be done in a separate meeting as we have been requesting to meet and confer with you on your deficient initial disclosures since as early as August 25, 2025. We are separately available to meet and confer on the issues identified in your email on October 14, 2025 from 1-3 p.m. or October 15, 2025 from 12:30-2 p.m. Please provide a mutually agreeable location for our meeting. Alternatively, we are willing to host your requested meet and confer at our offices. Furthermore, please provide the basis for each contemplated motion in compliance with Local Rule 37-1 in advance on any such meeting.

Please confirm your availability for the proposed meeting times. We look forward to your prompt response and resolving these matters efficiently.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

Cell: 818 251-6956

rebecca.makitalo@klgates.com

www.klgates.com

---

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, October 1, 2025 12:25 AM
**To:** Keech, Ryan Q. <Ryan.Keech@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>; Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>
**Subject:** Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv00765-memf-jpr (re meet and confer re checkmate's deficiencies and misconduct)

Counsel,

You did not propose dates to meet and confer on: (i) your deficient damages contentions/disclosures, (ii) reasonable discovery phasing, (iii) overbroad and unduly burdensome non-party subpoenas (including to my father and Robert Nessler), and (iv) your insufficient responses to my Requests for Admission.

Please provide three windows this week for a conference. If we cannot resolve, I will seek appropriate relief, including a protective order and /sanctions for undue burden on non-parties. See Fed. R. Civ. P. 26(c), 37(a)(1), and 45(d)(1).

For avoidance of doubt: my father has no relevant information to the CDCA action. He is 70, has health issues that preclude any in person appearance, and no income. If you insist on his testimony/documents, confirm that Checkmate will (a) narrowly tailor any request to genuinely relevant topics and (b) advance reasonable attorney's fees and costs associated with his compliance. Any refusal to do so only confirms Checkmate's purpose is not legitimate truth seeking, but rather to burden my friends and family in an improper attempt to exert leverage over me.

Please confirm a date to discuss: (1) a phased discovery plan; (2) withdrawing or narrowing non-party subpoenas; and (3) supplementing damages disclosures to identify categories, computation, and supporting documents.

Absent prompt engagement, I'll move accordingly.

Regards,

Arjun

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Ryan.Keech@klgates.com.

Case 2:25-cv-00765-MEMF-AS    Document 124-28    Filed 11/17/25    Page 6 of 6    Page ID #:3693