# EXHIBIT BB

Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca I. Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
 Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counterclaimant
CHECKMATE.COM INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN, | Case No. 2:25-CV-00765-MEMF-JPR |
| Plaintiff, | Magistrate Judge Jean P. Rosenbluth |
| v. | **CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS** |
| CHECKMATE.COM, INC., | |
| Defendant. | |
| CHECKMATE.COM, INC., | Complaint Filed: January 28, 2025 Amended Complaint Filed: February 21, 2025 |
| Counterclaim-Plaintiff, | |
| v. | |
| ARJUN VASAN, | |
| Counterclaim-Defendant. | |

PROPOUNDING PARTY: PLAINTIFF ARJUN VASAN

RESPONDING PARTY: DEFENDANT CHECKMATE.COM, INC.

SET NO.: THREE (3)

Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate") hereby responds to Plaintiff Arjun Vasan ("Plaintiff" or "Vasan")'s Third Set of Requests for Admission (the "Requests"), as follows:

## **PRELIMINARY STATEMENT**

Checkmate's investigation of the facts relating to this case is still ongoing. As such, Checkmate has not completed its investigation, has not completed discovery, and has not completed preparation for trial. All of the answers contained herein are based upon the information presently available, and specifically known, to Checkmate. It is anticipated that further discovery and further independent investigation will supply additional facts which may clarify and add meaning to facts presently known, as well as establish new factual matters, all of which may lead to substantial addition to, changes in, and variations from the responses set forth herein. The following responses are given without prejudice to Checkmate's right to produce evidence of any subsequently discovered fact or facts that Checkmate may later recall.

The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of these parties in relationship to further discovery, research, or analysis. Checkmate reserves the right to alter, supplement, amend, or otherwise modify these responses in any way and at any time, including at or during trial, in light of facts revealed to them through discovery, further investigation, or further legal analysis. Checkmate also reserves the right to amend or supplement these responses with any information that has been inadvertently or unintentionally omitted and/or to introduce such information into evidence at the time of hearing or trial.

Checkmate makes these responses to the Requests subject to, and without waiving in any way any objections as to competence, relevance, materiality, propriety,

and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Requests were asked of, or any statements contained were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at time of trial.

## **GENERAL OBJECTIONS**

1.      To the extent the Requests call for confidential communications between Checkmate and any of its/his/her attorneys, or information that is otherwise covered by the attorney-client privilege, the work-product doctrine, or any other right or privilege recognized by California or federal law, Checkmate generally objects to the Requests, and each request contained therein.

2.      Checkmate objects to the Requests, and each request contained therein, to the extent that they seek information protected by the California or United States constitutions, California or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive and financial information. Checkmate will not reveal such information where doing so would violate the privacy rights of Checkmate or of third parties.

3.      Checkmate objects to the Requests, and each request contained therein, to the extent that they seek information that is not relevant and/or material to the subject matter of this litigation or are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Checkmate objects to the Requests, and each request contained therein, insofar as they are repetitive, redundant or overlapping.

5.      Checkmate objects to the Requests, and each request contained therein, to the extent that they are unduly burdensome, oppressive, annoying or harassing.

6.      Checkmate objects to the Requests, and each request contained therein, to the extent that they are vague and ambiguous, compound, confusing, unintelligible, unclear and amenable to different meanings, understandings or interpretations. Checkmate is responding to each Request as it interprets and understands that Request

2

with respect to the issues framed in connection with this litigation. If Checkmate asserts an interpretation of any part of a Request that differs from the understanding of Checkmate, Checkmate reserves the right to supplement, amend, or modify their responses or objections.

7.     Checkmate objects to the Requests, and to each request contained therein, to the extent they are unlimited in time or seek information beyond the time-frame relevant to this litigation on the grounds that they are overbroad and unduly burdensome and seek information that is irrelevant to the subject matter of this litigation.

8.     Checkmate objects to the Requests, and each request contained therein, to the extent they seek to impose duties or obligations different from, additional to, or otherwise beyond those required by the Federal Rules of Civil Procedure.

9.     Checkmate objects to the Requests, and each request therein, to the extent they seek information that is equally available to or within Plaintiff's possession, custody or control on the grounds that such Requests are unduly burdensome and oppressive.

10.     Checkmate objects to the definition of "You/Checkmate" in that it is vague, ambiguous, overbroad, and reflects an attempt to circumvent Federal Rule of Civil Procedure 45. It is also objectionable to the extent it intrudes upon the attorney/client privilege, work product, and/or other applicable privileges.

11.     Checkmate objects to the definition of "Separation Meeting" in that it is vague, ambiguous, overbroad, and unduly burdensome.

12.     Checkmate objects to the definition of "#voicemate" in that it is vague, ambiguous, overbroad, and unduly burdensome.

13.     Checkmate objects to the definition of "BYOD Policy" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

14.     Checkmate objects to the definition of "May Slack Thread" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

3

1603305600.2

15.   Checkmate objects to the definition of "Oct. 14 DM" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

16.   Checkmate objects to the definition of "HR Write-Up" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

17.   Checkmate objects to the definition of "Closing Spreadsheet" in that it is vague, ambiguous, and overbroad, and unduly burdensome.

18.   The foregoing objections are incorporated by reference into each of the specific responses made herein. Notwithstanding the specific responses to any of the Requests, Checkmate does not waive any of the general or specific objections made herein.

19.   Subject to and without waiving the foregoing General Objections, Checkmate responds to Vasan's Third Set of Requests for Admissions as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 71:**

Admit that Vishal Agarwal was CEO between May-November 2024 and had authority over hiring, discipline, and termination decisions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "was CEO," "had authority," and "hiring, discipline, and termination decisions" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 72:**

Admit that Michael Bell was Chief of Strategy between May-November 2024 and was Plaintiff's direct supervisor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Responding Party hereby incorporates the General Objections as though fully

4

set forth herein. Responding Party objects to this Request on the grounds that the terms "direct supervisor" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 73:**

Admit that the BYOD Policy applied to Plaintiff in 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "BYOD Policy," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "applied to" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

Without waiving the foregoing objections, Responding Party responds as follows: at all times during his employment, Plaintiff was subject to the policies and procedures of Responding Party, including the policies and procedures of Responding Party relating to the use of personal devices for work purposes.

**REQUEST FOR ADMISSION NO. 74:**

Admit that under the BYOD Policy, Plaintiff was required to use his personal device for work and to install monitoring/MDM software.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "BYOD Policy," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "was required to use" and "and to install monitoring/MDM software" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable

5

1  Rules.

2  **REQUEST FOR ADMISSION NO. 75:**

3      Admit that during May-November 2024, Checkmate did not provide Plaintiff

4  a company-owned laptop.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

6      Responding Party hereby incorporates the General Objections as though fully

7  set forth herein. Responding Party objects to this Request on the grounds that the term

8  "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly

9  burdensome. Responding Party further objects to this Request to the extent it seeks

10  information protected from disclosure by the attorney-client privilege and/or the work

11  product doctrine. Responding Party further objects that the terms "company-owned"

12  are vague, ambiguous, and overbroad.

13      Without waiving the foregoing objections, Responding Party responds as

14  follows: Deny.

15  **REQUEST FOR ADMISSION NO. 76:**

16      Admit that during May-November 2024, Checkmate did not reimburse

17  Plaintiff for the purchase of a separate device for exclusive work use.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

19      Responding Party hereby incorporates the General Objections as though fully

20  set forth herein. Responding Party objects to this Request on the grounds that the term

21  "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly

22  burdensome. Responding Party further objects to this Request to the extent it seeks

23  information protected from disclosure by the attorney-client privilege and/or the work

24  product doctrine. Responding Party further objects that the terms "separated device"

25  and "exclusive work use" are vague, ambiguous, and overbroad.

26      Without waiving the foregoing objections, Responding Party responds as

27  follows: Deny.

28  ///

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS

1603305600.2

**REQUEST FOR ADMISSION NO. 77:**

Admit that upon close of the merger, VoiceBite provided a Closing Spreadsheet that detailed, among other things, expenses of the VoiceBite founders to be reimbursed for VoiceBite property they personally purchased upon closing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Closing Spreadsheet," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "that detailed" and "among other things" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the terms "upon close of the merger," "VoiceBite property," and "upon closing" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 78:**

Admit that this spreadsheet listed VoiceBite laptops for Robert Nessler and Christopher Lam, but Plaintiff did not have a VoiceBite laptop and did not expense his personal laptop.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "this spreadsheet" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the terms "listed VoiceBite laptops" and "expense" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

///

7

**REQUEST FOR ADMISSION NO. 79:**

Admit that on Plaintiff's first day as a Checkmate employee, he raised the issue of the BYOD Policy conflicting with California Law in a private Slack thread with Agarwal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "BYOD Policy," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "raised the issue," "conflicting with California Law," and "in a private Slack thread" are so vague, ambiguous, and overbroad as to render the Request unintelligible.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 80:**

Admit that Plaintiff stated in the thread: "in california it's not even legal though… california employers must provide the work equipment for employees."

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "stated in the thread" are so vague, ambiguous, and overbroad as to render the Request unintelligible.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 81:**

Admit that Plaintiff stated he was not comfortable installing monitoring software on his personal computer and raised concerns about privacy and exposure

8

of personal devices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the entirety of the Request is so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 82:**

Admit that Plaintiff requested a company device rather than installing monitoring software on his personal device.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "requested a company device" and "installing monitoring software" are vague, ambiguous, and overbroad.  Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 83:**

Admit that in the follow-up email, Plaintiff again requested a company device and explained the basis for his request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "in the follow up-email" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the terms "again requested" and "explained the basis for his request" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing

9

1  multiple distinct inquiries within a single request, which is improper under the
2  applicable Rules.

3  **REQUEST FOR ADMISSION NO. 84:**

4      Admit that Amy Brown emailed or slacked Plaintiff stating that Michael Bell
5  had stated that the entire VoiceBite's teams' laptops were reimbursed.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

7      Responding Party hereby incorporates the General Objections as though fully
8  set forth herein. Responding Party objects to this Request on the grounds that the
9  terms "emailed or slacked" and "stating that Michael Bell had stated that the entire
10 VoiceBite's teams' laptops were reimbursed" are so vague, ambiguous, and
11 overbroad as to render the Request unintelligible. Responding Party further objects
12 that the Request is compound, containing multiple distinct inquiries within a single
13 request, which is improper under the applicable Rules.

14 **REQUEST FOR ADMISSION NO. 85:**

15     Admit that Amy Brown emailed or slacked Plaintiff stating that Michael Bell
16 had stated that the entire VoiceBite's teams' laptops were reimbursed.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

18     Responding Party hereby incorporates the General Objections as though fully
19 set forth herein. Responding Party objects to this Request on the grounds that it is
20 duplicative of Request No. 14.

21 **REQUEST FOR ADMISSION NO. 86:**

22     Admit that Checkmate's management did not offer to purchase or reimburse a
23 work laptop.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

25     Responding Party hereby incorporates the General Objections as though fully
26 set forth herein. Responding Party objects to this Request on the grounds that the
27 term "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly
28 burdensome. Responding Party further objects to this Request to the extent it seeks

10

1603305600.2

information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Responding Party further objects that the term "management" is vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 87:**

Admit that in the Oct. 14 DM, Plaintiff again raised BYOD legality/compliance and the need for a company device.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Oct. 14 DM," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "again raised BYOD legality/compliance" and "the need for a company device" is vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 88:**

Admit Agarwal rejected Plaintiff's request for a work laptop, and stated, among other things "Alright then you can't work for the company.", "we won't hire people who are stickler for the law… Is that clear?".

**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "among other things" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the terms "rejected Plaintiff's request" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a

11

1 | single request, which is improper under the applicable Rules.

2 | **REQUEST FOR ADMISSION NO. 89:**

3 | Admit Agarwal escalated the private discussion to the #voicemate group
4 | channel.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

6 | Responding Party hereby incorporates the General Objections as though fully
7 | set forth herein. Responding Party objects to this Request on the grounds that the
8 | terms "the private discussion" and "#voicemate group channel" are so vague,
9 | ambiguous, and overbroad as to render the Request unintelligible. Responding Party
10 | further objects that the term "#voicemate," as defined by Plaintiff, is vague,
11 | ambiguous, overbroad, and unduly burdensome. Responding Party further objects that
12 | the term "escalated" is vague, ambiguous, and overbroad.

13 | Without waiving the foregoing objections, Responding Party responds as
14 | follows: Given that the Request is unintelligible, Responding Party lacks the ability
15 | to admit or deny it, and on that basis denies the Request.

16 | **REQUEST FOR ADMISSION NO. 90:**

17 | Admit after escalating to #voicemate, Agarwal stated the following:
18 | @channel I'm moving a 1:1 conversation I am having with Arjun here and
19 | documenting it here for everyone. Arj's point is that we need to provision equipments
20 | and computers in order to hire good engineers. And that this is also a California law.
21 | We at this point cannot do that because we have over 300 employees and that cash
22 | outlay is huge. The tone from @arj is absolutely in the spirit of creating a problem
23 | and creating a confrontation, rather than having a mutual conversation and trying to
24 | find a solution with a company he just joined. I wanted to make sure everyone is aware
25 | and ask if everyone shares Arj's belief. If that continues to be the case, I won't mind
26 | having a difficult conversation with the individual at whatever stage of the company
27 | to make sure we build a cohesive company for long term benefits.

28 | ///

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR
ADMISSIONS

**RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "after escalating to #voicemate" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the term "#voicemate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the term "escalating" is vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 91:**

Admit Agarwal stated in the #voicemate channel "I can also promise if this is how it is going to be going ahead, I'd rather cut my losses right now. No employee is indispensable and I can put that in a formal notice."

**RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "#voicemate channel" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the term "#voicemate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 92:**

Admit that Agarwal stated in the #voicemate channel "The situation is quite clear Arj - you don't want to use your personal computer for work reasons. We don't provide work computers. The only solution is for you to quit. Do you know of any

13

1 other alternative?"

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

3 Responding Party hereby incorporates the General Objections as though fully

4 set forth herein. Responding Party objects to this Request on the grounds that the

5 terms "#voicemate channel" are so vague, ambiguous, and overbroad as to render the

6 Request unintelligible. Responding Party further objects that the term "#voicemate,"

7 as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome.

8 Without waiving the foregoing objections, Responding Party responds as

9 follows: Given that the Request is unintelligible, Responding Party lacks the ability

10 to admit or deny it, and on that basis denies the Request.

11 **REQUEST FOR ADMISSION NO. 93:**

12 Admit Agarwal stated in the #voicemate channel "Sure, then we will consult

13 with security and if there is no other alternative, then I am happy to fire

14 you"

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

16 Responding Party hereby incorporates the General Objections as though fully

17 set forth herein. Responding Party objects to this Request on the grounds that the

18 terms "#voicemate channel" are so vague, ambiguous, and overbroad as to render the

19 Request unintelligible. Responding Party further objects that the term "#voicemate,"

20 as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome.

21 Without waiving the foregoing objections, Responding Party responds as

22 follows: Given that the Request is unintelligible, Responding Party lacks the ability

23 to admit or deny it, and on that basis denies the Request.

24 **REQUEST FOR ADMISSION NO. 94:**

25 Admit that Plaintiff stated in response or shortly thereafter: "so you will

26 terminate me for pointing out a violation of the law?"

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

28 Responding Party hereby incorporates the General Objections as though fully

14

set forth herein. Responding Party objects to this Request on the grounds that the terms "stated in response or shortly thereafter" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 95:**

Admit that Plaintiff continued, stating "i think there are laws against that"

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Plaintiff continued, stating" are so vague, ambiguous, and overbroad as to render the Request unintelligible.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 96:**

Admit that Agarwal responded "sure, if that's the route you want to go I'd rather deal with that headache than the conversation we are having here"

**RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Agarwal responded" are so vague, ambiguous, and overbroad as to render the Request unintelligible.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 97:**

Admit that Plaintiff re-raised the BYOD issue in a Slack DM to Agarwal on

October 14, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Plaintiff re-raised," "BYOD issue," and "in a Slack DM" are so vague, ambiguous, and overbroad as to render the Request unintelligible.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 98:**

Admit that Agarwal called a meeting with Plaintiff, Michael Bell and Robert Nessler.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "called a meeting" are so vague, ambiguous, and overbroad as to render the Request unintelligible.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 99:**

Admit that this was a recorded Zoom meeting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the entirety of the Request is so vague, ambiguous, and overbroad as to render the Request unintelligible.

Without waiving the foregoing objections, Responding Party responds as

16

1603305600.2

follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 100:**

Admit that after the Oct. 14 Meeting, Bell issued the HR Write-Up to Plaintiff and cc'd HR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "Oct. 14 Meeting" and "HR Write-Up" as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "after" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 101:**

Admit that the HR Write-Up demanded Plaintiff's signature.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "HR Write-Up" as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "demanded Plaintiff's signature" are vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 102:**

Admit that the HR Write-Up used the word "rant" or stated that conduct "that could be construed as a rant" could lead to dismissal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

Responding Party hereby incorporates the General Objections as though fully

17

set forth herein. Responding Party objects to this Request on the grounds that the term "HR Write-Up" as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "or stated that conduct" "could lead to dismissal" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 103:**

Admit that as of Oct. 14, 2024, Checkmate still had not provided Plaintiff a company laptop.

**RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Responding Party further objects that the terms "company laptop" are vague, ambiguous, and overbroad.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 104:**

Admit that Plaintiff asked to defer responding to the HR Write-Up due to his workload preparing for the October 23 Popeyes demo.

**RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "HR Write-Up" as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "asked to defer responding" and "the October 23 Popeyes demo" are vague, ambiguous, and

18

1  overbroad. Responding Party further objects that the Request is compound, containing
2  multiple distinct inquiries within a single request, which is improper under the
3  applicable Rules.

4  **REQUEST FOR ADMISSION NO. 105:**

5  Admit that Plaintiff mentioned that he hadn't slept in days and stated words to
6  the effect that he was "going crazy" preparing for the demo.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

8  Responding Party hereby incorporates the General Objections as though fully
9  set forth herein. Responding Party objects to this Request on the grounds that the
10 term the terms "mentioned" and "words to the effect" are vague, ambiguous, and
11 overbroad. Responding Party further objects that the Request is compound,
12 containing multiple distinct inquiries within a single request, which is improper
13 under the applicable Rules.

14 **REQUEST FOR ADMISSION NO. 106:**

15 Admit that you did not agree to postpone responding to the HR Write-Up.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

17 Responding Party hereby incorporates the General Objections as though fully
18 set forth herein. Responding Party objects to this Request on the grounds that the term
19 "HR Write-Up" and "You," as defined by Plaintiff, is vague, ambiguous, overbroad,
20 and unduly burdensome. Responding Party further objects to this Request to the extent
21 it seeks information protected from disclosure by the attorney-client privilege and/or
22 the work product doctrine. Responding Party further objects that the terms "agree to
23 postpone responding" are vague, ambiguous, and overbroad.

24 Without waiving the foregoing objections, Responding Party responds as
25 follows: Deny.

26 **REQUEST FOR ADMISSION NO. 107:**

27 Admit that you did not acknowledge or address Plaintiff's expressed health
28 issues.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

2    Responding Party hereby incorporates the General Objections as though fully

3    set forth herein. Responding Party objects to this Request on the grounds that the

4    terms "HR Write-Up" and "You," as defined by Plaintiff, is vague, ambiguous,

5    overbroad, and unduly burdensome. Responding Party further objects to this Request

6    to the extent it seeks information protected from disclosure by the attorney-client

7    privilege and/or the work product doctrine. Responding Party further objects that the

8    terms "did not acknowledge or address" and "health issues" are vague, ambiguous,

9    and overbroad. Responding Party further objects that the Request is compound,

10   containing multiple distinct inquiries within a single request, which is improper under

11   the applicable Rules.

12   **REQUEST FOR ADMISSION NO. 108:**

13   Admit that Plaintiff was terminated on November 14, 2024, within one month

14   of the Oct. 14 DM and HR Write-Up.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

16   Responding Party hereby incorporates the General Objections as though fully

17   set forth herein. Responding Party objects to this Request on the grounds that the

18   terms "Oct. 14 DM" and "HR Write-Up," as defined by Plaintiff, is vague,

19   ambiguous, overbroad, and unduly burdensome. Responding Party further objects that

20   the terms "was terminated" are vague, ambiguous, and overbroad. Responding Party

21   further objects that the Request calls for a legal conclusion rather than a factual

22   response. Responding Party further objects that the Request is compound, containing

23   multiple distinct inquiries within a single request, which is improper under the

24   applicable Rules.

25   **REQUEST FOR ADMISSION NO. 109:**

26   Admit that in Checkmate's Answer, you admitted that Plaintiff raised BYOD

27   issues.

28   **RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "Checkmate" and "You," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Responding Party further objects that the terms "BYOD issues" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

**REQUEST FOR ADMISSION NO. 110:**

Admit that in declarations filed by Agarwal and/or Brown, you stated that the Oct. 14 meeting was convened due to a "barrage of over 40 Slack messages".

**RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "You" and "Oct. 14 Meeting," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Responding Party further objects that the terms "declarations filed" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

**REQUEST FOR ADMISSION NO. 111:**

Admit that Plaintiff re-raised the BYOD issue in these Slack messages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the terms "these Slack messages" are so vague, ambiguous, and overbroad as to render the Request unintelligible. Responding Party further objects that the terms "re-raised"

21

and "BYOD issue" are vague, ambiguous, and overbroad. Responding Party further objects that the Request calls for a legal conclusion rather than a factual response.

Without waiving the foregoing objections, Responding Party responds as follows: Given that the Request is unintelligible, Responding Party lacks the ability to admit or deny it, and on that basis denies the Request.

## REQUEST FOR ADMISSION NO. 112:

Admit that in declarations filed by Agarwal and/or Brown, you acknowledged issuance of a final warning / formal write-up to Plaintiff on October 14, 2024.

## RESPONSE TO REQUEST FOR ADMISSION NO. 112:

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "You," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Responding Party further objects that the terms "declarations filed" and "issuance of a final warning / formal write-up" are vague, ambiguous, and overbroad. Responding Party further objects that the Request is compound, containing multiple distinct inquiries within a single request, which is improper under the applicable Rules.

## REQUEST FOR ADMISSION NO. 113:

Admit that the May Slack Thread termination statements immediately followed Plaintiff's message objecting to BYOD legality.

## RESPONSE TO REQUEST FOR ADMISSION NO. 113:

Responding Party hereby incorporates the General Objections as though fully set forth herein. Responding Party objects to this Request on the grounds that the term "May Slack Thread," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly burdensome. Responding Party further objects that the terms "termination statements" and "Plaintiff's message objecting to BYOD legality" are vague,

1603305600.2

1  ambiguous, and overbroad. Responding Party further objects that the Request calls

2  for a legal conclusion rather than a factual response.

3      Without waiving the foregoing objections, Responding Party responds as

4  follows: Deny.

5  **REQUEST FOR ADMISSION NO. 114:**

6      Admit that the HR Write-Up was issued the same day Plaintiff sent the Oct. 14

7  DM regarding BYOD.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

9      Responding Party hereby incorporates the General Objections as though fully

10  set forth herein. Responding Party objects to this Request on the grounds that the

11  terms "HR Write-Up" and "Oct. 14 DM," as defined by Plaintiff, are vague,

12  ambiguous, overbroad, and unduly burdensome. Responding Party further objects that

13  the terms "BYOD" are vague, ambiguous, and overbroad.

14      Without waiving the foregoing objections, Responding Party responds as

15  follows: Deny.

16  **REQUEST FOR ADMISSION NO. 115:**

17      Admit that Checkmate did not offer a company laptop or reimburse a separate

18  device at any time between May 1 and October 14, 2024.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

20      Responding Party hereby incorporates the General Objections as though fully

21  set forth herein. Responding Party objects to this Request on the grounds that the term

22  "Checkmate," as defined by Plaintiff, is vague, ambiguous, overbroad, and unduly

23  burdensome. Responding Party further objects to this Request to the extent it seeks

24  information protected from disclosure by the attorney-client privilege and/or the work

25  product doctrine. Responding Party further objects that the terms "company laptop"

26  and "reimburse a separate device" are vague, ambiguous, and overbroad. Responding

27  Party further objects that the Request is compound, containing multiple distinct

28  inquiries within a single request, which is improper under the applicable Rules.

1  **REQUEST FOR ADMISSION NO. 116:**

2    Admit that the attached Exhibit A is an accurate transcript of the May Slack

3  threads.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

5    Responding Party hereby incorporates the General Objections as though

6  fully set forth herein. Responding Party objects to this Request on the grounds that

7  the term "May Slack Threads," as defined by Plaintiff, is vague, ambiguous,

8  overbroad, and unduly burdensome. Responding Party further objects that the terms

9  "accurate transcript" are vague, ambiguous, and overbroad.

10    Without waiving the foregoing objections, Responding Party responds as

11  follows: Deny.

12

13

14  Date: October 10, 2025       K&L GATES LLP

15

16    _____

17    Ryan Q. Keech (SBN 280306)
      Stacey Chiu (SBN 321345)

18    Rebecca I. Makitalo (SBN 330258)
      Jacob R. Winningham (SBN 357987)

19    10100 Santa Monica Boulevard, 8th Floor

20    Los Angeles, California 90067
      Telephone: 310.552.5000

21    Facsimile: 310.552.5001

22    *Attorneys for Defendant and Counter-*

23    *Claimant CHECKMATE.COM IN*

24

25

26

27

28

24

CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR
ADMISSIONS

1603305600.2

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action. My business address is 10100 Santa Monica Blvd. 8th Floor Los Angeles, CA 90067.

On **October 10, 2025** , I served the foregoing document(s) described as:

- **CHECKMATE.COM, INC.'S RESPONSES TO PLAINTIFF ARJUN VASAN'S THIRD SET OF REQUESTS FOR ADMISSIONS**

on the interested parties in this action as follows:

Arjun Vasan
Email: arjun.vasan@gmail.com

*Plaintiff Pro Se*

☑    **(BY ELECTRONIC MAIL)** Pursuant to C.R.C. 2.251 or agreement by all parties, I served the described document(s) by emailing it to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **October 10, 2025,** at Los Angeles, California.

*/s/Nicole Adasha*
Nicole Adasha