Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**, <br><br> Plaintiff and Counter-Defendant <br><br> vs. <br><br> **Checkmate.com, Inc.**, <br> (dba "Checkmate"), <br><br> Defendant and Counterclaimant | Case No.: 2:25−cv−00765−MEMF−ASx <br> Hon. Alka Sagar \| DISCOVERY MATTER <br><br> **DECLARATION OF ARJUN VASAN IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY; DETERMINE SUFFICIENCY; AND FOR A PROTECTIVE ORDER PHASING DISCOVERY (DKT. 113)** <br><br> Complaint Filed: January 28, 2025 <br> Hearing Date: December 2, 2025 <br> Hearing Time: 11:00 A.M. <br> Courtroom: 540 |

I, ARJUN VASAN, declare:

1. I am the Plaintiff in this action. I submit this declaration in further support of my motion to compel discovery, determine sufficiency and for a protective order phasing discovery. I have personal knowledge of the facts herein and could and would testify competently.

2. Makitalo ¶ 2 is misleading. During the Rule 26(f) Conference, I insisted I would file the report as is my right as Plaintiff, while Ms. Makitalo pushed for Checkmate to draft. Only when counsel agreed to exchange sections at the same time, did I agree to permit Checkmate to draft the report.

3. On August 12, I emailed counsel, requesting Checkmate's sections, and only then did Ms. Makitalo state that it was her view that I would be unilaterally sending my sections for it to integrate. That was not what I agreed to, as I noted (in Checkmate's Exs. A-B).

4. I repeatedly offered an equitable exchange so neither party would be disadvantaged. I specified a clear timeline, whereas counsel refused to offer any commitment to when I would receive the integrated report. This is also clear from Checkmate's Ex. A-B.

5. Makitalo ¶¶ 14-20 is at worst a miscommunication, there was no intentional "bait and switch" on my part. When I said I "plan to seek full bifurcation as well (in other issues), not just of discovery", I intended that to mean separate trials for the counterclaims, which is the change I made. The relevant exchange is available in its Exs. G, H and I.

6. When Counsel objected about the new section, I reverted the change to avoid dispute— even though I had stated, in my view, I was going to make that change and they agreed.

7. I would not have thought to even mention the incident, which was amongst the milder disagreements of the day. I certainly would not have dedicated several paragraphs to it.

8. I think it is evident from Checkmate's own exhibits, that as a first time pro se litigant, who had never before completed a Rule 26(f) Report I was conducting myself diligently and in good faith despite repeated threats from Checkmate counsel to "tell the court" that I was not cooperating.

9. Makitalo ¶ 58, where I stated, "only on this issue", was a reflection of Checkmate's repeated demand to meet only on its own issues for several previous several weeks.

10. To avoid burdening the Court, I will not contest each and every line in the Declaration. I have covered the main points in my brief. Other than for authentication, many of counsel's statements are misleading and should not be assumed as factually true.

*11. I declare under the penalty of perjury of the Laws of the United States of America that the foregoing statements are true and correct.*

**Executed on**: November 18, 2025          /s/ *Arjun Vasan*

In **Cerritos, California**                              **Arjun Vasan,** Plaintiff In Pro Per

DECLARATION OF ARJUN VASAN IN
SUPPORT OF REPLY AND OBJECTION
TO UNTIMELY OPPOSITION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR SANCTIONS