Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca I. Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
 Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counter-Claimant*
*CHECKMATE.COM INC.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHECKMATE.COM, INC.,<br><br>　　　　　Defendant.<br><br>―――――――――――――――<br>CHECKMATE.COM, INC.,<br><br>　　　　　Counterclaim-Plaintiff,<br><br>　v.<br><br>ARJUN VASAN,<br><br>　　　　　Counterclaim-Defendant. | Case No. 2:25-cv-00765-MEMF-AS<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**DECLARATION OF REBECCA I. MAKITALO IN SUPPORT OF CHECKMATE.COM INC.'S OPPOSITION TO PLAINTIFF ARJUN VASAN'S MOTION FOR SANCTIONS (DKT. 121); CHECKMATE'S REQUEST FOR SANCTIONS**<br><br>Complaint Filed: January 28, 2025<br>Amended Complaint Filed: February 21, 2025 |

# DECLARATION OF REBECCA I. MAKITALO

I, Rebecca I. Makitalo, declare as follows:

1. I am an associate attorney at the law firm of K&L Gates LLP, counsel for Defendant and Counter-Claimant Checkmate.com Inc. ("Defendant" or "Checkmate") in the above-titled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2. On April 27, 2025, Plaintiff Arjun Vasan ("Plaintiff" or "Vasan") sent an email to Checkmate's counsel threatening to file an amended complaint in the Central District of California adding claims against "K&L Gates LLP as a defendant" as well as threatening to "add Ryan Q. Keech and Charles M. Tea III" – K&L Gates's Deputy General Counsel – as defendants based in part on Checkmate filing suit against Plaintiff in New York (*see Checkmate.com, Inc. v. Vasan*, Case No. 2-CV-02079 (VM) (GWG) (S.D.N.Y 2025) (the "New York Action")) "immediately after" what Plaintiff claimed to be his "protected activity in California."

3. Attached hereto as **Exhibit A** is a true and correct copy of the April 27, 2025 email correspondence from Plaintiff to Checkmate's counsel.

4. On May 5, 2025, Plaintiff sent an email to Checkmate's counsel stating "You will be *completely* crushed," "your client will be eliminated (entirely)," "Your careers will be ruined" and that Plaintiff "will ensure that the press is well aware" before demanding that Checkmate "[G]ive up now, or face the fury of a hacker scorned." (emphasis in original).

5. Attached hereto as **Exhibit B** is a true and correct copy of the May 5, 2025 email correspondence from Plaintiff to Checkmate's counsel.

6. On June 26, 2025, Plaintiff sent an email to Checkmate's counsel demanding that Plaintiff "promptly and voluntarily dismiss, with prejudice" the pending New York Action.

7. Attached hereto as **Exhibit C** is a true and correct copy of the June 26, 2025 email correspondence from Plaintiff to Checkmate's counsel.

8. On June 26, 2025, Plaintiff sent an email to my K&L Gates LLP colleague and fellow counsel for Checkmate, Ryan Q. Keech, with the subject line "unconditional surrender – I strongly recommend it while I retain the capacity for mercy" and the email's body stating "Nothing Further."

9. Attached hereto as **Exhibit D** is a true and correct copy of the June 26, 2025 email correspondence from Plaintiff to Checkmate's counsel Ryan Q. Keech.

10. On July 1, 2025, Plaintiff sent an email to Checkmate and to Checkmate's counsel stating "[t]he next phase will be exponentially costlier" and "will raise the stakes substantially, including motions for sanctions, adding ***Michael Bell***, K&L Gates LLP (and ***Ryan Q. Keech*** and ***Charles Tea III*** as individual defendants), seeking injunctive relief, and pursuing any further actions necessary to *force* a resolution" if he did "not receive written acceptance of this proposal by **end of day Friday, July 4, 2025**." (emphasis in original).

11. Attached hereto as **Exhibit E** is a true and correct copy of the July 1, 2025 email correspondence from Plaintiff to Checkmate and Checkmate's counsel.

12. On July 2, 2025, Plaintiff sent an email to Checkmate and to Checkmate's counsel stating that "I see that you plan to *surrender* in New York" and threatening that "unless you dismiss with prejudice I will hold your frivolous and abusive New York action against you, and you will pay for it." (emphasis in original).

13. Attached hereto as **Exhibit F** is a true and correct copy of the July 2, 2025 email correspondence from Plaintiff to Checkmate and Checkmate's counsel.

14. On July 2, 2025, Plaintiff sent an email to Checkmate and to Checkmate's counsel demanding that Plaintiff "begin *apologizing*, immediately" and

that "[e]ach day that passes increases the cost your client will pay, and my resolve to hold their feet to the fire." (emphasis in original).

15. Attached hereto as **Exhibit G** is a true and correct copy of the July 2, 2025 email correspondence from Plaintiff to Checkmate and to Checkmate's counsel.

16. On July 2, 2025, Plaintiff sent an email to Checkmate and to Checkmate's counsel stating "Let me be absolutely clear. If I do not get a positive response by Friday, July 4, 2025, the 249th birthday of America, there will be no going back. My only goal after that will be to **completely destroy and humiliate** Checkmate." (emphasis in original).

17. Attached hereto as **Exhibit H** is a true and correct copy of the July 2, 2025 email correspondence from Plaintiff to Checkmate and Checkmate's counsel.

18. On July 2, 2025, Plaintiff sent an email to Checkmate and to Checkmate's counsel stating "And messrs Bell, Keech and Tea will also be humiliated, destroyed and eviscerated on a personal level. I will have no mercy. NONE whatsoever. NONE."

19. Attached hereto as **Exhibit I** is a true and correct copy of the July 2, 2025 email correspondence from Plaintiff to Checkmate and Checkmate's counsel.

20. On July 3, 2025, Plaintiff sent an email to Checkmate and to Checkmate's counsel with the subject line "URGENT: last warning before actions on July 4, 2025" and stating "If, by tomorrow, I do not see full and complete submission to my demands, I will consider this failure a statement of intent by your client and proceed accordingly." Plaintiff further stated "I do not care about holidays or weekends or for that matter hours, I work 24-7-365."

21. Attached hereto as **Exhibit J** is a true and correct copy of the July 3, 2025 email correspondence from Plaintiff to Checkmate and Checkmate's counsel.

22. On July 4, 2025, Plaintiff sent an email to Checkmate and to Checkmate's counsel with the subject line "Last Chance" and stating "Surrender now or expect complete annihilation."

3
DECLARATION OF REBECCA I. MAKITALO IN SUPPORT OF CHECKMATE'S OPPOSITION TO PLAINTIFF ARJUN VASAN'S MOTION FOR SANCTIONS (DKT. 121); CHECKMATE'S REQUEST FOR SANCTIONS

23. Attached hereto as **Exhibit K** is a true and correct copy of the July 4, 2025 email correspondence from Plaintiff to Checkmate and Checkmate's counsel.

24. On July 20, 2025, Plaintiff sent an email to my K&L Gates colleague and fellow counsel for Checkmate, Ryan Q. Keech, with the subject line "Carl von Clausewitz, On War (1832)" and stating ""The destruction of the enemy's forces is always the means by which the aim of war is achieved; the aim is the overthrow of the enemy and the compulsion of his will."

25. Attached hereto as **Exhibit L** is a true and correct copy of the July 20, 2025 email correspondence from Plaintiff to Checkmate's counsel Ryan Q. Keech.

26. On September 17, 2025, Plaintiff sent an email to Checkmate's counsel regarding Checkmate's objections and responses to Plaintiff's second set of Requests for Admission. In this email, Plaintiff stated "Continuing to deny indisputable facts—especially those recorded or admitted elsewhere—will not only trigger avoidable motion practice but will compel me to serve broader, more burdensome RFPs. These will impose a far greater burden on Checkmate."

27. Attached hereto as **Exhibit M** is a true and correct copy of the September 17, 2025 email correspondence from Plaintiff to Checkmate's counsel.

28. On August 14, 2025, Plaintiff sent an email to Checkmate's counsel demanding that Checkmate "Withdraw or hold in abeyance the subpoena to Vasan Varadarajan."

29. Attached hereto as **Exhibit N** is a true and correct copy of the August 14, 2025 email correspondence from Plaintiff to Checkmate's counsel.

30. On September 20, 2025, following multiple correspondence from Plaintiff to Checkmate's counsel seeking restrictions on the subpoena to Vasan Varadarajan, Plaintiff demanded Checkmate's counsel to "Back off. Now."

31. Attached hereto as **Exhibit O** is a true and correct copy of the email correspondence between Plaintiff and Checkmate's counsel dated from September 18, 2025 to September 20, 2025 regarding the subpoena to Vasan Varadarajan.

32. On October 22, 2025, Plaintiff sent an email to Checkmate's counsel attaching a draft of his Motion for Sanctions and stating in part "If, by 5:00PM, Wednesday, November 12, 2025, Checkmate withdraws its counterclaims or amends to remove the allegations in Exhibit F, I will not file the motion."

33. Attached hereto as **Exhibit P** is a true and correct copy of the October 22, 2025 email correspondence from Plaintiff to Checkmate's counsel.

I declare under the penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 1st day of December, 2025 in Los Angeles, California.

_____
Rebecca I. Makitalo