UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Arjun Vasan, *appearing pro se* | Rebecca Makitalo |
| | Jacob Ryan Winningham |
| Attorneys Present for Non-Party: | |
| Vasan Varadarajan, *appearing pro se* | |

**Proceedings:** **(IN CHAMBERS) (1) ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL NON-PARTY'S COMPLIANCE WITH SUBPOENA AND FOR CONTEMPT (DKT. 101); (2) ORDER GRANTING IN PART NON-PARTY'S MOTION FOR PROTECTIVE ORDER OR ORDER TO QUASH OR MODIFY SUBPOENA (DKT. 106); (3) ORDER STRIKING PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL (DKT. 111); (4) ORDER DENYING PLAINTIFF'S OBJECTION IN OPPOSITION TO REPLY AS MOOT (DKT. 118)**

### Background

This case arises from the April 2024 merger of VoiceBite Corporation, a company co-founded by Plaintiff Arjun Vasan ("Plaintiff") in July 2023, and Defendant Checkmate.com, Inc. ("Checkmate") (Complaint ¶¶ 2, 14). Following the merger, Checkmate employed Plaintiff under the terms of an offer letter dated April 30, 2024, and an agreement governing Plaintiff's bonus structure and payments to be made to VoiceBite's employees for their work during merger negotiations. (Id. ¶¶ 21-22). Plaintiff alleges that during his employment with Checkmate, he encountered hostility in response to legal or contractual concerns he raised, was forced to sign a bonus acceleration document that was not honored, and was subjected to an increased workload which caused him to suffer a panic attack and take medical leave. (Id., ¶¶ 24, 31, 37, 39-40). Plaintiff claims that he was not compensated or provided with a notice of his rights under applicable law and his employment with Checkmate was wrongfully terminated in November

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

2024. (Id., ¶¶ 42, 54, 45, 48-49). Plaintiff's amended complaint alleges claims against Checkmate for violation of the Family and Medical Leave Act, the California Family Rights Act, retaliation, wrongful termination, constructive discharge, wage theft, breach of contract, unjust enrichment, promissory fraud and estoppel, and civil conspiracy. (Dkt. No. 10).

Checkmate claims that it acquired VoiceBite for its proprietary code, ("VoiceBite Code"), with the goal of expanding its voice ordering technology. (Dkt. Nos 71 at 40; 78 at 4). Checkmate contends that Plaintiff made false representations and warranties regarding the VoiceBite Code, including that it was original, authored, and owned by Plaintiff, knowing that Checkmate was relying on these representations to proceed with the merger. (Dkt. Nos. 71 at 40-41; 78 at 4). Plaintiff, who was employed by Checkmate after the merger, ignored Checkmate's repeated requests to access the code and, among other actions, contacted a competitor of Checkmate in an attempt to "pawn off the same VocieBite code he had just sold to Checkmate." (Dkt. Nos. 71 at 40, 43-44; 78 at 4). Upon accessing the VoiceBite code, Checkmate discovered that it referenced Plaintiff's previous company, Cyborg, pre-dated back to 2018, before VoiceBite was formed, and included references to an additional author: Plaintiff's father, Vasan Varadarajan, ("V. Varadarajan"), the former founder and president of CyborgOPS. (Dkt. Nos. 71 at 44, 47; 78 at 4). Checkmate also alleges that during his employment with Checkmate, Plaintiff received written and verbal warnings for his unprofessional and erratic behavior, including threatening litigation against his colleagues and sending outbursts via Checkmate's internal slack channels. (Dkt. Nos. 71 at 43; 78 at 5). Checkmate has asserted counterclaims for breach of contract of Intellectual Property Acknowledgement and Assignment of IP and other assets, breach of contract of Noncompete Agreement, breach of the Implied Covenant of Good Faith and Fair Dealing, Fraud, Negligent Misrepresentation and Declaratory Relief. (Dkt. No.71 at 49-58). [1]

### **Motion to Compel**

On August 14, 2025, Checkmate served non-party V. Varadarajan with a subpoena to produce documents and appear for an in-person deposition on September 22, 2025. (Dkt. No. 101 at 7, 12; Declaration of Rebecca I. Makitalo, ¶¶ 2-3, Exh. A).[2] On August 28, 2025, V. Varadarajan served objections to the subpoena based on scope and proportionality, and claimed that the requests sought the production of private and privileged communications and that production was burdensome. (Makitalo Decl. ¶¶ 8-9; Exh. D). He requested that his deposition

---

[1] Plaintiff's motion to dismiss Defendant's counterclaims is pending. (Dkt. No. 81).
[2] The Court cites to the pagination in the Court's electronic docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

be rescheduled, conducted remotely and limited to no more than 90-120 minutes, and stated that he would not appear for any deposition absent a court order on the grounds that his written objections suspended any duty to produce "unless and until the Court orders otherwise." (Id.).

During a meet and confer with Checkmate on September 13, 2025, V. Varadarajan stated, *inter alia*, that he would not produce any documents absent a court order and requested that his deposition be continued until 21 days after the court's ruling on a pending motion to dismiss counterclaims. (Makitalo Decl. ¶¶ 16-17; Exh. H). Thereafter, V. Varadarajan failed to cooperate with Checkmate's attempts to accommodate V. Varadarajan's requests regarding the scheduling of his deposition or addressing his alleged burdens with document production, and failed to appear for his deposition on September 22, 2025. (Makitalo Decl. ¶¶ 20-28; Exhs. J-M). Checkmate notified V. Varadarajan of his non-compliance, and in an effort to secure compliance, offered to reschedule the deposition to November 14, 2025, and continue the deadline to produce documents and provide a privilege log to November 10, 2025, and November 11, 2025, respectively. (Makitalo Decl. ¶¶ 29-30; Exh. N). V. Varadarajan refused to agree to these terms unless Checkmate agreed to his proposed limits on keyword search terms within a limited time frame for document production and a remote deposition not to exceed two hours. (Makitalo Decl., ¶¶ 31-34; Exhs. O-P).

On October 14, 2025, Checkmate filed a motion to compel non-party Vasan Varadarajan ("V. Varadarajan") to comply with the subpoena to produce documents and appear for deposition, and requested an order finding V. Varadarajan in contempt and the payment of sanctions pending his compliance. ("Motion to Compel") (Dkt. No. 101). The motion was accompanied by the declaration of Rebecca Makitalo and attached exhibits. Id.. On October 31, 2025, V. Varadarajan, proceeding *pro se*, filed an opposition to the motion, accompanied by the declaration of V. Varadarajan, (Dkt. No. 115), and the declaration of Robert Nessler (Dkt. No. 114). On November 6, 2025, Checkmate filed its reply in support of the Motion. (Dkt. No. 117).

On October 23, 2025, Plaintiff filed an opposition to Checkmate's motion to compel. (Dkt. No. 104). On October 31, 2025, Plaintiff filed a notice of withdrawal of the opposition filed at Dkt. No. 104, (Dkt. No. 110), and filed a superseding opposition to the motion to compel. (Dkt. No. 111). On November 6, 2025, Checkmate filed a Reply. (Dkt. No. 116).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

**Motion for Protective Order and to Quash or Modify Subpoena**

On October 20, 2025, V. Varadarajan filed a motion for protective order and to quash or, in the alternative, modify the subpoena and a request to stay compliance pending the resolution of his motion. ("Motion to Quash") (Dkt. No. 106). The Motion was accompanied by the declaration of V. Varadarajan, and attached exhibits. Id.. On October 31, 2025, Checkmate filed its opposition to the motion to quash, accompanied by the declaration of Rebecca Makitalo and attached exhibits. (Dkt. No. 112). On November 6, 2025, V. Varadarajan filed his reply in support of the motion to quash. (Dkt. No. 119).

**Order**

Following the reassignment of this case, the Court, on October 20, 2025, continued the hearing on Checkmate's motion to compel to November 20, 2025. (Dkt. Nos. 103, 105). On October 27, 2025, the Court scheduled V. Varadarajan's motion for protective order and to quash or modify for hearing on the same date. (Dkt. No. 107). Accordingly, V. Vardarajan's objection to defective notice of motion to compel and request to vacate or continue hearing, (Dkt. No. 109) and his request to stay compliance of the subpoena pending the resolution of his motion to quash, (see Dkt. No. 106), are DENIED as moot.

A hearing was held on November 29, 2025. The Court, having considered the parties' submissions and the arguments presented at the hearing, issued the following Order:

1. Plaintiff, who is proceeding *pro se*, and is not an attorney, does not have standing to challenge Checkmate's motion to enforce compliance with its subpoena to non-party V. Varadarajan. See Dkt. No. 116; see also Dkt. No. 85 at 3. ("Plaintiff has not adequately demonstrated that he has standing to challenge the [V. Varadarajan] subpoena given that he has not shown with actual evidence, as opposed to argument, that he is seeking to protect his own privileged documents."). As Checkmate points out in its reply to Plaintiff's Opposition, Plaintiff's claims regarding the subpoena's request for "many categories . . . [of] transaction of financial information that may be attorney-client or accountant privileged[]" are speculative, unsupported by any actual evidence, and do not meet the required threshold to establish that a privilege or personal right applies to the information sought by Checkmate. (Dkt. No. 116 at 3). Accordingly, Plaintiff's superseding Opposition, (Dkt. No. 111) is STRICKEN. Plaintiff's objection to Checkmate's Reply, (Dkt. No. 118) is DENIED as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

2. The subpoena to V. Varadarajan was timely served in compliance with Rule 45, Fed.R. Civ.P. Plaintiff, who lives with his father, V. Varadarajan, and was already aware of the subpoena, was served with the subpoena less than 24 hours after service on V. Varadarajan was served.

3. The subpoena seeks information and testimony on issues that are relevant to Checkmate's affirmative defenses and counterclaims and proportional to the needs of the case. Checkmate maintains that as the former founder and president of Plaintiff's prior company, CyborgOPS, V. Varadarajan may have been the *actual author, developer and owner* of the VoiceBite code that Plaintiff falsely misrepresented and sold to Checkmate. (Dkt. No. 101 at 8). Checkmate's assertions are supported by a declaration that V. Varadarajan previously submitted in a lawsuit filed by Checkmate, in which he stated, under penalty of perjury, that (1) he was "the father and longtime technical advisor and collaborator of [Plaintiff];" (2) he "had worked professionally with every member of the VoiceBite founding team;" (3) he was "the co-author, with [Plaintiff] of the functional code at question in this matter;" and (4) he had knowledge of the negotiations and discussions regarding the merger with Checkmate. (Id.). (Checkmate.com, Inc. v. Vasan, Dkt. No. 36; Case No. CV25-03181(JMF) (S.D.N.Y. April 12, 2025).[3] Checkmate claims that ownership of VoiceBite code is not only relevant to its counterclaims, but also relevant to Plaintiff's claims for unjust enrichment, fraudulent inducement, civil conspiracy, promissory fraud and estoppel. (Dkt. No. 101 at 8-11). The Court agrees. Checkmate is entitled to seek documents and testimony from V. Varadarajan to determine his role in the creation or authorship of the "proprietary" code that Plaintiff sold to Checkmate, relevant contractual rights, and his knowledge of, and involvement in, the merger negotiations between VoiceBite and Checkmate.

4. V. Varadarajan's objections to Checkmate's reliance on his declaration because it was not filed in connection *with this case* are OVERRULED. The declaration was filed in connection with a lawsuit filed by Checkmate in which Checkmate asserted the same claims that are raised as counterclaims in this action and the declaration filed by V.

---

[3] The Court takes judicial notice of the declaration as a public record which can "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

Varadarajan includes statements that are relevant to the core issues *in this case*. See Dkt. No. 112 at 13).

5. V. Varadarajan's opposition to the subpoena is largely based on (1) argument regarding the merits of the case; (2) complaints about Checkmate's failure to accommodate his request for a remote deposition within a limited time period, and failure to agree to his proposed search terms and time-frame pertaining to the search for responsive documents; and (3) unspecified objections based on burden, proportionality and overbreadth. (Dkt. No. 115). The Court addresses these objections below.

   (a) As noted above, the subpoena was validly issued and timely served on V. Varadarajan and Plaintiff, and seeks information that is relevant and proportional to the issues in the case.

   (b) To the extent V. Varadarajan claims that he did not have enough time to retain counsel before compliance, the Court notes that V. Varadarajan does not appear to have requested a continuance or extension of time to comply based on the need to retain counsel. At the hearing, V. Varadarajan stated that he had contacted counsel but did not request additional time to comply for the purpose of retaining counsel. As such, this objection is OVERRULED.

   (c) V. Varadarajan's boilerplate objections of undue burden and disproportionality are OVERRULED. *See* Fed. R. Civ. P. 34(b)(2); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("[U]nexplained and unsupported boilerplate objections are improper."); *Lee v. Mike's Novelties, Inc.*, 2011 WL 13177623, at *4 (C.D. Cal. Apr. 13, 2011) (general and boilerplate objections of burden are improper especially when a party fails to submit any evidentiary declarations supporting such objections).

   (d) V. Varadarajan's request that the subpoena be modified to require a two-hour remote deposition and that document production be limited to certain key-word search terms within a specified time frame is DENIED. Checkmate has valid reasons for requiring an in-person deposition due to Plaintiff's improper interference with its attempts to obtain discovery and subpoena compliance from V. Varadarajan, (see Dkt. No. 112 at 9-10), and has confirmed that it will accommodate any reasonable requests based on health concerns or need for frequent breaks during

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

the deposition.[4]  The Court notes that V. Varadarajan has not responded to Checkmate's repeated requests for information substantiating his request for a remote deposition due to health issues, or an inability to appear in person.[5] Moreover, V. Varadarajan has failed to show that his proposed limits regarding search terms and time frame for responsive documents are necessary and don't unfairly deprive Checkmate of the ability to seek relevant discovery in this case.

(e) At the hearing, V. Varadarajan claimed that he was unable to respond to the subpoena because he did not know the meaning of the request for "VoiceBite Code." After hearing argument on this issue, the Court ordered Checkmate to provide the disclosure schedule of the merger which describes the IP transferred to Checkmate.

(f) V. Varadarajan's request to stay discovery pending a ruling on Plaintiff's motion to dismiss Checkmate's counterclaims is DENIED. The Court finds that V. Varadarajan has not met the "heavy burden" of demonstrating why the requested discovery should be stayed or denied.[6] *U.S. v. Scribe America*, 2024 WL 6085688 *1 (C.D. Cal. Nov. 4, 2024)(citation omitted), and "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *In re Pandora Media, LLC Copyright Litig.,* 2023 WL 2661192 *1 (C.D. Cal. Jan. 31, 2023) (Citation omitted). Moreover, the pending motion to dismiss counterclaims does not obviate Checkmate's need for the documents which are also relevant to Plaintiff's claims.

(g) V. Varadarajan's request for cost-shifting under Rule 45 is DENIED. As Checkmate points out, Courts are only required to shift a non-party's costs of compliance with the subpoena "if those costs are significant[.]" and here, V. Varadarajan has failed to identify any costs associated with compliance much less establish that such costs are significant. (Dkt. No. 117 at 15). See *Legal Voice v. Stormans Inc.,* 738 F.3d

---

[4] At the hearing, the Court directed the parties to meet and confer regarding the need to take V. Varadarajan's deposition over two days to accommodate his concerns regarding sitting for a day-long deposition.

[5] The Court denied V. Varadarajan's request for remote appearance at the November 20, 2025 hearing for failure to show good cause. See Dkt. No. 125.

[6] The parties are reminded that requests to stay discovery or modify the Court's scheduling order must be submitted to, and approved by, District Judge Frimpong.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

1178, 1184 (9th Cir. 2013); *United States v. McGraw-Hill Cvos., Inc.,* 302 F.R.D. 532, 536 (C.D. Cal. 2014).

(h) To the extent V. Varadarajan withholds production of any records based on assertions of the attorney-client privilege, work product doctrine, or other privileges that are recognized under Federal law, V. Varadarajan must produce an accompanying privilege log, listing the documents that are being withheld, *all parties to the communication* (including the identification of counsel), and a description of the documents *with sufficient specificity* to permit Checkmate to challenge the assertions.

(i) To the extent V. Varadarajan contends that responsive documents are confidential or subject to privacy concerns, the parties are directed to submit a protective order for the Court's review. See Judge Sagar's procedures. See *A. Farber and Partners Inc. v. Garber*, 234 FRD 186, 191 (C.D. Cal. 2006) (privacy concerns can be addressed by carefully drafted protective order).

(j) The Court finds no basis to countenance V. Varadarajan's claim that Checkmate's request for sanctions and an order finding him in contempt is made for the purposes of harassment. The parties' communications regarding subpoena compliance and Checkmate's repeated attempts, in good faith, to secure compliance, and its requests for information substantiating V. Varadarajan's concerns regarding compliance in an effort to provide accommodations belie any claim of harassment or ill intent. Moreover, monetary sanctions are routinely imposed to compensate a party for the costs incurred in bringing a motion to compel when there is no substantial justification for non-compliance. See L.R. 37-4; *Bademyan v. Receivable Mgmt. Servs. Corp.,* 2009 WL 605789 *3 (C.D. Cal. Mar. 9, 2009).

6. V. Varadarajan's motion for a protective order reiterates the arguments and objections raised in his opposition to the motion to compel. (Dkt. No. 106). The Court incorporates its findings and orders, addressed above, regarding V. Varadarajan's request for remote deposition with limits, (Id., at 5), staying the subpoena pending a ruling on the motion to dismiss counterclaims, (Id.), and objections to scope, proportionality, and relevance (Id., at 5-6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

7. The motion for protective order and motion to quash -- which was required to be filed *before* the date of compliance -- is untimely. A deposition subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c). *Brown v. city of Needles,* 2024 WL 5185327 *1 (C.D.Cal. Nov. 4, 2024). Here, the subpoena was served on August 14, 2025, with a September 22, 2025 date for compliance. V. Varadarajan had over a month to file a motion for protective order but waited until October 20, 2025, -- after Checkmate filed its motion to compel compliance with the subpoena – to do so. (Dkt. No. 106). For these reasons, the motion for a protective order and motion to quash the subpoena is DENIED as untimely.

8. After hearing from the parties, the Court finds good cause to modify the subpoena's requests for production of documents as follows:

    Production of responsive documents will be limited to the time period 2018 to present.

    Request No. 1 is modified as follows: All documents and communication relating to your creation, authorship, or development of the VoiceBite Code, **including but not limited to, the functional code referenced in the declaration dated June 2, 2025.**

    Request No. 22 is limited to documents and communications relating to non-party V. Varadarajan's presence at, or involvement in, transactions with Checkmate.

    Requests Nos. 3, 7, 9, 11-12, 13, 17, 20, and 23 are stricken as duplicative, overly broad and/or vague.

9. Checkmate seeks an order finding V. Varadarajan in contempt and ordering payment of sanctions for his failure to comply with discovery requests which necessitated the filing of the motion. As the Court explained during the hearing, the motion for sanctions is well taken. Nevertheless, given V. Varadarajan's *pro se* status and his statement at the hearing that he would provide compliant discovery responses within the time frame ordered by the Court and appear for his deposition, the Court DEFERS consideration of the motion for sanctions to take V. Varadarajan's compliance with this Order into account and warns that it will impose sanctions for failure to comply with this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | December 1, 2025 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

**Conclusion**

The Motion to Compel compliance with subpoena to appear for deposition (Dkt. No. 101) is GRANTED. After hearing from the parties, the Court sets V. Varadarajan's deposition for January 12, 2026. The parties are directed to meet and confer regarding the time and duration of the deposition on that date and any other dates in order to provide reasonable accommodations for V. Varadarajan's health and scheduling issues.

The Motion to Compel compliance with subpoena to produce documents (Dkt. No. 101), and Motion to Modify Subpoena (Dkt. No. 106) is GRANTED IN PART. Consistent with this Order, V. Varadarajan is ordered to produce responsive documents no later than December 22, 2025. Checkmate is ORDERED to provide the disclosure schedule of the merger which describes the IP transferred to Checkmate within five (5) days of the date of this Order

The parties must submit a protective order – consistent with the template on the Court's procedures page – (*See* Judge Sagar's procedures) for the Court's review no later than five (5) days of the date of this Order.

The parties are encouraged to avail themselves of the Court's informal discovery conference procedure to resolve any further discovery issues. *See* Judge Sagar's procedures.

**IT IS SO ORDERED.**

cc: Maame Ewusi-Mensah Frimpong
      United States District Judge