Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca I. Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
 Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counter-Claimant*
*CHECKMATE.COM INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARJUN VASAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CHECKMATE.COM, INC.,<br><br>    Defendant. | Case No. 2:25-cv-00765-MEMF-AS<br><br>Hon. Alka Sagar<br><br>DISCOVERY MATTER<br><br>**DECLARATION OF REBECCA I. MAKITALO IN SUPPORT OF CHECKMATE.COM INC.'S PROPOSED STIPULATED PROTECTIVE ORDER** |
| CHECKMATE.COM, INC.,<br><br>    Counterclaim-Plaintiff,<br><br>  v.<br><br>ARJUN VASAN,<br><br>    Counterclaim-Defendant. | Complaint Filed: January 28, 2025<br>Amended Complaint Filed: February 21, 2025 |

# DECLARATION OF REBECCA I. MAKITALO

I, Rebecca I. Makitalo, declare as follows:

1. I am an associate attorney at the law firm of K&L Gates LLP, counsel for Defendant and Counter-Claimant Checkmate.com Inc. ("Defendant" or "Checkmate") in the above-titled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2. On December 5, 2025, Checkmate's counsel transmitted to Plaintiff Arjun Vasan ("Plaintiff" or "Vasan") a draft Stipulated Protective Order based on the Court's model protective order and consistent with the Court's December 1, 2025 Order that "[t]he parties must submit a protective order – consistent with the template on the Court's procedures page – (*See* Judge Sagar's procedures) for the Court's review no later than five (5) days of the date of this Order." Dkt. 131.

3. Attached hereto as **Exhibit A** is a true and correct copy of the December 5, 2025 email correspondence between Checkmate's counsel and Plaintiff, including Checkmate's draft Stipulated Protective Order attached thereto.

4. Following Checkmate's transmission to Plaintiff of its draft Stipulated Protective Order, Checkmate's counsel made repeated efforts requesting Plaintiff's revisions to Checkmate's draft Stipulated Protective Order to facilitate timely filing. Despite these efforts, Plaintiff did not provide any edits until approximately 5:30 p.m. on December 8, 2025, the day of the Court's deadline for filing.

5. Attached hereto as **Exhibit B** is a true and correct copy of the December 5, 2025 through December 8, 2025 email correspondence between Checkmate's counsel and Plaintiff.

6. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's revisions to Checkmate's draft Stipulated Protective Order sent on December 8, 2025.

7. Plaintiff's eleventh-hour revisions to Checkmate's draft Stipulated Protective Order introduced significant changes inconsistent with Federal Rule of Civil Procedure 26(c) as well as the Court's Order and guidance. *See* Honorable Alka Sagar, Joint Motion for Stipulated Protective Orders, https://apps.cacd.uscourts.gov/Jps/honorable-alka-sagar ("Absent unusual circumstances, **parties shall prepare their protective orders based on the model protective order that is available for download below**.") (emphasis in original); Dkt. 131 ("The parties must submit a protective order – consistent with the template on the Court's procedures page – (*See* Judge Sagar's procedures) for the Court's review no later than five (5) days of the date of this Order.").

8. Checkmate's counsel indicated Plaintiff's revisions to the draft Stipulated Protective Order constituted an overreaching and indiscriminate protective order and urged Plaintiff's acceptance of Checkmate's draft Stipulated Protective Order, in accordance with the Court's Order (Dkt. 131) and guidance. Plaintiff rejected Checkmate's counsel's proposal to maintain the model protective order.

9. Attached hereto as **Exhibit D** is a true and correct copy of the December 8, 2025 email correspondence between Checkmate's counsel and Plaintiff.

10. Despite its efforts to confer and given Plaintiff's belated revisions to Checkmate's draft Stipulated Protective Order, a Joint Stipulated Protective Order was unable to be agreed upon prior to the Court's deadline.

11. Accordingly, Checkmate submits to the Court its Proposed Stipulated Protective Order for the Court's consideration.

I declare under the penalty of perjury under the laws of California that the foregoing is true and correct.

///

Executed this 8th day of December, 2025 in Los Angeles, California.

_____
Rebecca I. Makitalo