FILED
CLERK, U.S. DISTRICT COURT
1/6/26
CENTRAL DISTRICT OF CALIFORNIA
BY     MRV     DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**Arjun Vasan**,

    Plaintiff and Counter-Defendant

vs.

**Checkmate.com, Inc.**,

(dba "Checkmate"),

    Defendant and Counterclaimant

Case No.: 2:25−cv−00765−MEMF−ASx

Hon. Alka Sagar | DISCOVERY MATTER

**NON-PARTY VASAN VARADARAJAN'S MOTION TO COMPEL REMOTE DEPOSITION**

TO THE HONORABLE COURT, ALL PARTIES AND COUNSEL OF RECORD:

    I, Non-party Vasan Varadarajan ("Movant"), respectfully submit this motion to request permission to appear remotely for the deposition by Checkmate Counsel scheduled on January 12, 2025 at 11:00 A.M.

This motion is necessitated due to Checkmate's refusal to agree on a remote deposition. This is in spite of providing them new information on private health and Doctor's recommendation. Several emails were exchanged including attachments of the above (Exhibit A), along with information on court rules on allowing remote depositions, the common use of such in California courts.

The current spread of flu and hospitalizations which have hit a record high in 25 years also underlines the importance of being remote to reduce risks in my health condition.

I have also provisioned for a private room for the remote deposition, without any possibility of Plaintiff interference during the same, as this was one of the reasons cited for an in-person deposition

Checkmate's refusal to respond after issues were addressed, has left me no recourse but to file this motion.

Date: Jan 6, 2026              Respectfully Submitted,

                               Non-Party (pro se): Vasan Varadarajan

                               *Vasan. V.S.*

                               _____

## Table of Contents

DECLARATION OF GOOD CAUSE ............................................................................................. 3

1. REASONS ............................................................................................................................ 3

   Health: ............................................................................................................................. 3

   Court Rules/case citations: ............................................................................................. 3

   Good Faith effort to obtain consent from Checkmate Counsel: ..................................... 3

CONCLUSION ............................................................................................................................ 4

VASAN VARADARAJAN'S REQUEST TO HON. JUDGE ALKA SAGAR: ............................................. 5

DECLARATION OF VASAN VARADARAJAN ................................................................................ 6

TABLE OF AUTHORITIES .......................................................................................................... 7

**DECLARATION OF GOOD CAUSE**

1. Reasons

<u>Health:</u>

- I have a heightened risk of serious illness due to multiple medical conditions, which could be exacerbated by travel time to the deposition location and duration of deposition. I have a notes from my doctor on one or more of my medical conditions and recommendation remote appearance (Exhibit A). These conditions make me a high risk individual, with compromised immune systems.

- Heightened health risks due to the rapid spread of the current Flu. This has now reached the highest level in 25 years (Exhibit B – links to information)

<u>Court Rules/case citations:</u>

- Rule 3.1010 governs remote depositions, allowing parties to conduct oral depositions via telephone, video conference, or other electronic means. A deponent (party or non-party) can also appear remotely, no longer requiring physical presence with the court reporter. With mutual agreement technology, confidentiality, and exhibit handling. These new platforms and best practices have been widely adopted.

- In case " University of San Diego Tuition and Fees COVID-19 Refund Litigation' - Case No. 20-cv-1946-LAB-WVG, 2023: "Court ORDERS the depositions of Plaintiffs Catherine Holden and Edgar Chavarria to be conducted remotely"

- In case "RODRIGUEZ v. MONTEFIORE MEDICAL CENTER LLC (2020). **Supreme Court, Bronx County, New York: "ORDERED, that plaintiff's motion to compel defendants to conduct depositions remotely is granted – (over objections by the defendants)". The arguments by the defendant included the objection that remote means would allow improper coaching and hinder the ability to assess credibility. The court found such generalized justifications were insufficient.**

- In Kamradt v. Esurance Insurance Company**:** US District Court for the Western District of Washington (No. 2:2022cv01445) the court compelled remote depositions for the plaintiff due to health reasons over the objections of the defendant. The court noted the defendants argument amounted to "Other than the generalized prejudice associated with all remote depositions, Defendant offers no persuasive argument for any additional particularized prejudice"

<u>Good Faith effort to obtain consent from Checkmate Counsel:</u>

On Fri, Jan 2, 2026 at 8:36 PM Checkmate sent an email of service 'Notice of Deposition of Vasan Varadarajan.' (Exhibit D) indicating an in-person deposition at their offices (10100 Santa Monica Blvd). The next day (Sat, Jan 3, 2026) I made a request for Remote Deposition for health reasons. Doctor's recommendation of Remote appearance which indicated private health conditions were attached. The remote appearance technology requirements and privacy and confidentiality were appropriately addressed. A reply by Mon. Jan 5 was requested. Checkmate did not respond and I sent another reminder on Jan 5th, to which the reply was "We will not be responding to further emails of this nature…" and referred to the Court order.

The Court order document does not explicitly reject Remote depositions:

1. Mr. Vasan Varadarajan .."has not responded to Checkmate's repeated requests for information substantiating his request for a remote deposition due to health issues, or an inability to appear in person" - **This has been addressed by provision of Doctor's recommendation and health conditions.**

2. ""Checkmate has valid reasons for requiring an in-person deposition due to Plaintiff's improper interference with its attempts to obtain discovery and subpoena compliance from V. Varadarajan". **This has been addressed with the deposition to take place with deponent (Vasan Varadarajan) being only person present in a private room.**

Further Checkmate Counsel served notice "Notice of Deposition of Vasan Varadarajan." by email on Fri, Jan 2, 2026 at 8:36 PM and by Fedex recvd on Jan 6th, 2026. This is less than the typical 10 days before the deposition (11:00 AM Jan 12). Checkmate had more than a month's time to do the service. This has deprived me of time to respond appropriately to this service.

The email chain is in Exhibit C my communication with Checkmate supporting the above points.

**CONCLUSION**

For the foregoing reasons, the motion should be granted allowing for a remote deposition on the scheduled date of Jan 12, 2026 or an alternate date.

**Vasan Varadarajan's Request to Hon. Judge Alka Sagar:**

The court has Deferred consideration of a Sanctions motion against me initiated by Checkmate.

I respectfully request that this Motion be NOT considered as recalcitrance on my part to my obligations to the court. I have produced the relevant documents and details of the production process, privelege log etc. on Schedule - Dec 22, 2025.

Checkmate has **gamified** this Deferred consideration of a Sanctions motion as a weapon, first by one of their team and then another claiming non compliance and threatening more sanctions and fees. They have disregarded acceptance of their own meet and confer offers and ignored/not responded to meet and confer offers by me, or use of the court's informal process to resolve issues wherever possible.

Nevertheless, I will attend the in-person deposition at the KL-gates office on Jan 12 as noted in the service, in the event the court does not consider this motion before that date and have so declared in item 3 in the Declaration below.

**Declaration of Vasan Varadarajan**

1. Remote Appearance Technology:

- I have a reliable internet connection, a computer with a camera and microphone/headphones, and will be in a private room with no distractions.

2. Court procedures:

- I have reviewed this courts civil procedures on Video appearances and will comply with those rules.

3. I will attend the in-person deposition at the KL-gates office on Jan 12 as noted in the service, in the event the court does not consider this motion before that date.

*I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Executed: January 6, 2025

Respectfully submitted,

*Vason. V.S.*

In: Cerritos, California

Vasan Varadarajan, Non-Party

**TABLE OF AUTHORITIES**

Cases:

1. University of San Diego Tuition and Fees COVID-19 Refund Litigation' - Case No. 20-cv-1946-LAB-WVG. (ORDER REGARDING DISCOVERY DISPUTE RAISED JANUARY 6, 2023; REMOTE DEPOSITIONS OF PLAINTIFFS )

2. "RODRIGUEZ v. MONTEFIORE MEDICAL CENTER LLC (2020). Supreme Court, Bronx County, **New York (ORDERED, that plaintiff's motion to compel defendants to conduct depositions remotely is granted – over objections by the defendants)**

**3.** Kamradt v. Esurance Insurance Company**:** US District Court for the Western District of Washington (No. 2:2022cv01445)

Exhibit A – Doctor's Recommendation and Notes

**SRIVIDYA VENKATARAMAN, M.D., M.P.H.**
3816 WOODRUFF AVENUE, SUITE 407
LONG BEACH, CA 90808

(562) 497-9314 TEL.
(562) 497-9315 FAX
DEA # BV4741749
LIC. # A55317

NAME: Yacan Vardarajan.
DOB: 10/25/55
ADDRESS: _____
DATE: 10/20/25

TAMPER-RESISTANT SECURITY FEATURES LISTED ON BACK OF SCRIPT

℞ To whom it may concern:

Patient has Type 2 DM and reports delayed post covid symptoms –

Pls accomodate remote court appearance

☐ 1-24
☐ 25-49
☐ 50-74
☐ 75-100
☐ 101-150
☐ 151 and over
_____ Units

Refill  NR  1  2  3  4  5

DO NOT SUBSTITUTE

To ensure brand name dispensing personally initial box.

000495                                        4J13FP0072660



**Exhibit B – links to Flu infection reaches the highest level in 25 years:**

1. https://www.azfamily.com/2026/01/06/flu-reaches-highest-levels-25-years-likely-get-worse-health-officials-say/

2. https://www.cdc.gov/fluview/surveillance/2025-week-52.html

1/6/26, 2:26 PM Case 2:25-cv-00765-MEMF-AS Document 141 Filed 01/06/26 Page 11 of 17 Page
Gmail - Arjun Vasan v. Checkmate.com, Inc.; CV 25-00765-MEMF (ASx)
ID #:3987



Vasan Varadarajan <vsvconsult@gmail.com>

## Arjun Vasan v. Checkmate.com, Inc.; CV 25-00765-MEMF (ASx)
5 messages

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>     Fri, Jan 2, 2026 at 8:36 PM
To: vsvconsult <vsvconsult@gmail.com>
Cc: Arjun Vasan <arjun.vasan@gmail.com>, "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Varadarajan,

Attached for service please find Checkmate.com Inc.'s Notice of Deposition of Vasan Varadarajan.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

[10100 Santa Monica Blvd](#)

[8th Floor](#)

[Los Angeles, CA 90067](#)

Phone: 310 552-5502

[rebecca.makitalo@klgates.com](#)

[www.klgates.com](#)

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at [Rebecca.Makitalo@klgates.com](#).

 **Checkmate.com Inc.'s Notice of Deposition of Vasan Varadarajan.pdf**
340K

**vsvconsult** <vsvconsult@gmail.com>     Sat, Jan 3, 2026 at 11:26 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: Arjun Vasan <arjun.vasan@gmail.com>, "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Checkmate Counsel,

As I had indicated in my earlier emails, I would like the deposition to be remote for health reasons with associated risks due to travel time and deposition time away from my residence. In your replies you wanted to know the specific reasons, which I believed to be private information. I had these notes with me at the hearing on Nov 20, and indicated so, but did not have the opportunity to present

them. Now, I have attached notes from my Doctor's recommending remote deposition. The notes also indicate the contact information to the Doctor's office.

If you do accept:

I propose a remote deposition via videoconference. I have used zoom and if you prefer other video conferencing methods, please indicate so that I can verify and confirm that I will be able to use those.

Date: Monday, Jan 12, 2025 (as agreed)
Time: Any time after 11:00 AM (as indicated by you)
Location: 12615 193rd Street, Cerritos CA 90703
Faclilties: Private secure room using a laptop with camera and Zoom (or other preferred method).

People present: Mr. Vasan Varadarajan

Any breaks for reasonable constraints can be accommodated on mutual acknowledgment.

Deposition related material such as documents submitted, disclosures, requests along with relevant information such as timelines, court papers may be brought into the room for reference by Mr. Vasan Varadarajan.

Please respond back to this email, by Monday, Jan 5th. Further to expedite the process, I am also attaching the modified Notice for the remote deposition for your use as appropriate.

Sincerely

Vasan Varadarajan

PS: Rule references: Rule 3.1010. Oral depositions by telephone, videoconference, or other remote electronic means

[Quoted text hidden]

**3 attachments**


**DrTarekAlasil.jpg**
640K


**DrSrividyaNote.jpg**
2285K

📄 **Updated Notice of Deposition of Vasan Varadarajan.pdf**
156K

| | |
|---|---|
| **vsvconsult** <vsvconsult@gmail.com> | Mon, Jan 5, 2026 at 10:29 PM |
| To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com> | |

Cc: Arjun Vasan <arjun.vasan@gmail.com>, "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Checkmate Counsel,
Please respond to the Remote Deposition email, and modify the served Notice appropriately.
As per Rule 3.1010. Oral depositions by telephone, videoconference, or other remote electronic means are permitted. With mutual agreement technology, confidentiality, and exhibit handling. These new platforms and best practices have been widely adopted.

They have also been declared to be prudent and effective as per case:
'In re University of San Diego Tuition and Fees COVID-19 Refund Litigation', Case No. 20-cv-1946-LAB-WVG. (ORDER REGARDING DISCOVERY DISPUTE RAISED JANUARY 6, 2023; REMOTE DEPOSITIONS OF PLAINTIFFS )

I had given evidence (documents) of my reasons which were health risks and the Doctor's recommendation. The court order in the hearing dated Nov. 20, 2025 denying Remote appearance (DKT. NO. 123) based on 'failure to provide any documentation or support for his assertion'. While I was in possession of the documents at the hearing, I did not get the opportunity to present them. This has been remediated with the documents in my previous email.

Remote appearance is even more important to me today due to the significant increases in the cases of flu (H3N2 flu strain (subclade K) - https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/RespiratoryVirusReport.aspx

This is my second email on this subject.
Please respond by email before 11:00 AM tommorrow - Jan 6, 2025
I also note that you did not respond to my request for informal resolution of Modification of Requests as per Court order documents and in essence refused to 'Jointly submit' indicating a disdain for Court processes. I hope that is not repeated here.

Sincerely,
Vasan Varadarajan
[Quoted text hidden]

---

**Keech, Ryan Q.** <Ryan.Keech@klgates.com>                                Mon, Jan 5, 2026 at 10:39 PM
To: vsvconsult <vsvconsult@gmail.com>, "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Varadarajan:

We will not be responding to further emails of this nature. As you know, the Court rejected all of your arguments on these points and issued a comprehensive order addressing your noncompliance, which governs your obligations in the matter. Further questions can and should be addressed to your own counsel.

Best regards,

**Ryan Q. Keech**
Partner
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Phone: 310.552.5070
Mobile: 646.510.3630
ryan.keech@klgates.com
www.klgates.com

---

From: vsvconsult <vsvconsult@gmail.com>
Sent: Monday, January 5, 2026 10:29:51 PM
To: Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>

**Cc:** Arjun Vasan <arjun.vasan@gmail.com>; Keech, Ryan Q. <Ryan.Keech@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Arjun Vasan v. Checkmate.com, Inc.; CV 25-00765-MEMF (ASx)

[Quoted text hidden]

---

**vsvconsult** <vsvconsult@gmail.com>                                                                 Tue, Jan 6, 2026 at 11:00 AM
To: "Keech, Ryan Q." <Ryan.Keech@klgates.com>
Cc: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Checkmate Counsel,
I was mistaken in my previous email in the sentence "The court order in the hearing dated Nov. 20, 2025 denying Remote appearance (DKT. NO. 123) based on 'failure to provide any documentation or support for his assertion". That order dated Nov 18, 2025 was for my request for a remote court appearance on the Nov 20 hearing **NOT THE DEPOSITION**. I appeared in person to the court on Nov 20.

For the deposition the court order/minutes (Document No 131, filed on 12/1/2025) states that Mr. Vasan Varadarajan (I) "has not responded to Checkmate's repeated requests for information substantiating his request for a remote deposition due to health issues, or an inability to appear in person" and that "Checkmate has valid reasons for requiring an in-person deposition due to Plaintiff's improper interference with its attempts to obtain discovery and subpoena compliance from V. Varadarajan, (see Dkt. No. 112 at 9-10)"

I have addressed both of these in my email correspondence by providing information on health reasons from Doctor's notes/recommendations. I had also indicated that a private room with only me present along with Video Conferencing facilities and related documents will be used. I further stressed its importance today with Flu reaches highest level in 25 years ('https://www.cnn.com/2026/01/05/health/flu-highest-level-25-years').

I had also referred the Rule 3.1010, and a related case, and that remote depositions are commonplace. I will ignore your statement "We will not be responding to further emails of this nature."

I am compelled to assume that you object to the remote deposition however. If you wish to reconsider let me know by 2:00PM today Jan 6. Failing which, I shall file a motion with the court requesting remote disposition.

Sincerely,

Vasan Varadarajan

[Quoted text hidden]

Ryan Q. Keech (SBN 280306)
 Ryan.Keech@klgates.com
Stacey Chiu (SBN 321345)
 Stacey.Chiu@klgates.com
Rebecca I. Makitalo (SBN 330258)
 Rebecca.Makitalo@klgates.com
Jacob R. Winningham (SBN 357987)
 Jacob.Winningham@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Defendant and Counterclaimant*
*CHECKMATE.COM INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>         Plaintiff,<br><br>    v.<br><br>CHECKMATE.COM, INC.,<br><br>         Defendant. | Case No. 2:25-CV-00765-MEMF-AS<br><br>Magistrate Judge Alka Sagar<br><br>**CHECKMATE.COM INC.'S NOTICE OF DEPOSITION OF VASAN VARADARAJAN** |
| CHECKMATE.COM, INC.,<br><br>         Counterclaim-Plaintiff,<br><br>    v.<br><br>ARJUN VASAN,<br><br>         Counterclaim-Defendant. | Date:   January 12, 2026<br>Time:   11:00 a.m.<br>Place:  K&L Gates LLP<br>10100 Santa Monica Blvd., 8th Fl.,<br>Los Angeles, California 90067 |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Court's Order dated December 1, 2025 (Dkt. 131), at 11:00 a.m. on January 12, 2026, Defendant Checkmate.com, Inc. ("Defendant" or "Checkmate"), by and through its attorneys of record, will take the deposition upon oral examination of Vasan Varadarajan. The deposition shall take place at the offices of K&L Gates LLP, 10100 Santa Monica Blvd., 8th Fl., Los Angeles, California 90067.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Civil Procedure 45(a)(B) the deposition will take place before a notary public or other officer authorized to administer oaths, will be recorded by stenographic method through the instant visual display of testimony, audio means, and/or videotape, and will continue until complete consistent with the Federal Rules of Civil Procedure.

**PLEASE TAKE FURTHER NOTICE** that Checkmate reserves the right to use at trial the recording and/or transcript of the deposition. The deposition will be taken for the purposes of discovery, for use at trial, and for all other permissible purposes under the Federal Rules of Civil Procedure.

Date: January 2, 2026

K&L GATES LLP

Ryan Q. Keech (SBN 280306)
Stacey Chiu (SBN 321345)
Rebecca I. Makitalo (SBN 330258)
Jacob R. Winningham (SBN 357987)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorneys for Defendant and Counter-Claimant CHECKMATE.COM INC.*

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action. My business address is 10100 Santa Monica Blvd. 8th Floor Los Angeles, CA 90067.

On **January 2, 2026**, I served the foregoing document(s) described as:

**Checkmate.com Inc's Notice of Deposition of Vasan Varadarajan,**

on the interested parties in this action as follows:

>Vasan Varadarajan
>12615 193rd Street
>Cerritos, CA 90703
>Email: vsvconsult@gmail.com

☑ **(BY ELECTRONIC MAIL)** Pursuant to C.R.C. 2.251 or agreement by all parties, I served the described document(s) by emailing it to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is Rebecca.makitalo@klgates.com.

☑ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day (or the following day if after business hours) in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on the following day following ordinary business practices, addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 2, 2026,** at Los Angeles, California.

/s/ Rebecca I. Makitalo
Rebecca I. Makitalo