Arjun Vasan

arjun.vasan@gmail.com

12615 193rd Street

Cerritos, CA 90703

562-900-6541

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arjun Vasan**,<br><br>    Plaintiff and Counter-Defendant<br><br>vs.<br><br>**Checkmate.com, Inc.**,<br>(dba "Checkmate"),<br><br>    Defendant and Counterclaimant | Case No.: 2:25−cv−00765−MEMF−ASx<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**DECLARATION OF ARJUN VASAN IN SUPPORT OF THE PARTIES' STIPULATION TO EXTEND DEADLINES**<br><br>Complaint Filed: January 28, 2025 |

I, ARJUN VASAN, declare:

1. I am the Plaintiff in this action. Pursuant to the Court's orders regarding schedule modifications I submit this declaration of good cause for the parties' stipulation. I have personal knowledge of the facts herein and could and would testify thereto.

2. I am a *pro se* litigant. I filed this action, my first and only, on January 28, 2025, and amended my complaint on February 20, 2025. The Court denied Defendant's Motion to Dismiss or Transfer this action (Dkt. 18, "MTD") on June 25, 2025 (Dkt. 67).

i

3. Subsequent to this denial, the Court issued an Order Setting Scheduling Conference, describing requirements for the Joint Rule 26(f) Report and further stating "*The Court encourages counsel to agree to begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery.*". Furthermore, Rule 26(f)(1) states "*Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before ...*"

4. Accordingly, I requested an early Rule 26 conference. Defendant ignored that request and later insisted it had "no obligation" to meet before the deadline. Exhibit E is a true and correct copy of my June 26 request. Counsel did not respond.

5. On July 9, 2025, I entered inpatient treatment for a medical condition. I had limited access to my computer and materials until I was discharged on August 5, 2025.

6. On July 10, 2025, Defendant filed an Answer, Affirmative Defenses and Counterclaims (Dkt. 71). The Counterclaims were an essentially verbatim copy on Defendant's just-dismissed action in the Southern District of New York ("SDNY").

7. Defendant had long asserted that it would maintain its action in SDNY even if its MTD was denied in C.D. Cal., including days prior to the MTD ruling, when it successfully opposed my motion for a temporary stay in SDNY on those grounds. SDNY Dkt. 44.

8. I was unaware of Defendant's plans to refile its SDNY complaint as Counterclaims ("CCs") in C.D. Cal. until it voluntarily dismissed its SDNY action and did so.

9. On August 7, 2025, the parties held their Rule 26(f) Conference, discussing plans for discovery. Just discharged, I prepared as best I could, but I was unaware that discovery would proceed on both claims and counterclaims. Upon learning this, I requested that discovery be phased, as the CCs would substantially expand the scope of discovery with entirely non-overlapping time periods, witnesses and sources of evidence.

10. I included this request for phasing, along with this reasoning, in the Joint Rule 26(f) Report, which I filed for the parties on August 14, 2025. Dkt. 78.

11. Shortly after discovery opened, Defendant served subpoenas to my father, Vasan Varadarajan, and VoiceBite cofounder Robert Nessler. The subpoenas demanded broad categories of documents as well as depositions. I was given no prior party notice.

12. Around the same time, I served three sets of Requests for Admission ("RFAs"). The RFAs were intended to narrow disputes and minimize burdens of production.

13. On August 15, 2025, I filed Motions to Dismiss Defendant's Counterclaims and to Strike its Affirmative Defenses (Dkt. 81, 79), seeking again to narrow claims and defenses so discovery would be efficient and productive.

14. On August 21, 2025, the parties exchanged initial disclosures. Shortly thereafter, I raised the Defendant's inadequate damages computation and document disclosures. Dkt. 113.

15. On September 18, Defendant opposed my motions to dismiss/strike 20 days late without leave. The Court stated the motions would be taken under submission by November 18.

16. On November 3, I filed a discovery motion seeking to (1) determine sufficiency of RFA responses; (2) compel Rule 26 complaint damage computations; (3) implement phasing of discovery. As detailed in Dkt. 113, the motion was filed by declaration, as Defendant had refused to meet and confer in good faith and a joint stipulation was not procured.

17. On November 22, I served my first set of Requests for Production. I followed with the second set on November 30. Both sets are highly targeted towards claims and defenses.

18. On November 25, Magistrate Judge Sagar took my discovery motion under submission. As of this filing, the motion remains pending. Dkt. 129.

19. On December 15, I was contacted by Bheem Bhatia, Defendant's CFO, regarding a potential settlement. I engaged with Mr. Bhatia in good faith for the next month or so.

20. While progress was made, the parties could not reach a final agreement.

21. On December 24, I sent a detailed L.R. 37-1 letter regarding the responses to my first set of RFPs. Counsel did not respond until January 6, claiming holiday scheduling, despite Dec. 24-30 emails threatening to again move for contempt against my father.

22. Exhibit C is a true and correct copy of the December 24-January 6 thread containing my L.R. 37-1 letter and Defendant's "holiday schedule" excuse for its delayed response.

23. Exhibit D is a true and correct copy of a December 24-30 email thread in which counsel repeatedly threatens contempt and sanctions against my non-party, *pro se* father.

24. We finally conferred on the first two sets by phone on January 13. Counsel refused to commit to any date-certain production, or to produce in the requested native formats.

25. In early January, the parties agreed to temporarily pause certain discovery for two weeks, so that negotiations could take place in relative calm. Dkt. 139-140. Exhibit A.

26. On January 26, discovery resumed, and I again sought to confer on a motion to compel sets one and two. On January 29, I was informed by former counsel Ryan Keech that new counsel had been retained, and substitution would occur shortly. I asked if Defendant would stipulate to extend deadlines considering the discovery pause and substitution. Mr. Keech directed me to confer with new counsel on any outstanding issues.

27. Exhibit B is a true and correct copy of the late January thread in which I sought to confer, and Mr. Keech informed me of the forthcoming counsel substitution.

28. On February 3, substitute counsel Mitch Longson introduced himself and stated that a stipulation to extend deadlines was acceptable, but questioned the urgency as March 4th was "a month away". I referred him to the Court's standing and scheduling orders, noting there was now insufficient time to challenge the outstanding responses. Exhibit A.

29. Exhibit A is a true and correct copy of the email thread introducing substitute counsel.

30. I conferred with Mr. Longson in writing and over three calls (February 6, 11 and 17). We discussed the responses to outstanding RFPs and the stipulation. Mr. Longson conceded production was inadequate on outstanding RFPs and committed to timely completion.

31. Mr. Longson pointed to *pro hac vice* issues with the substitution, noting his inability to stipulate until the process was complete. The issues were resolved on February 9.

32. Mr. Longson also asked for a copy of the second set of RFPs, as this was not transitioned from prior counsel. I provided a copy as well as details on each category, noting that prior counsel did not commit to producing any documents for this critical set.

33. Mr. Longson stated that Defendant was not willing to execute a stipulation solely for my discovery requests to be completed, and that it wanted a general extension. I shared my view that since it chose not to undertake party discovery in the six months it had available it did not show good cause to now propound *new* discovery. I stated that if Defendant believes it has good cause, it may file a separate, noticed Rule 16(b)(4) motion.

34. I stated that I would oppose such a motion, as Defendant could not show diligence as it chose to focus exclusively on non-party depositions and related motion practice. This stipulation is necessary is because it failed to timely fulfill its own obligations, and any further delay would be prejudicial to my right to a just and speedy resolution.

35. To date (February 19, 2026) Defendant has served no written discovery requests on me.

36. To date, Defendant has not supplied any Rule 26 computation of damages, or disclosed many documents listed in its initial disclosures (other than those it has publicly filed).

37. To date, Defendant has not produced any privilege log, despite objecting on the basis of privilege to several categories in my RFPs.

38. To date, Defendant has not produced documents in several overdue RFP categories, even many documents that have been filed publicly by the parties in this dispute. In many categories, Defendant has not produced documents in the requested native formats.

39. Mr. Longson affirmed these issues and committed to correcting them in a timely manner.

40. Some progress has been made. Defendant finally produced Slack threads in the requested JSON format, undermining prior counsel's claim that JSON was "burdensome".

41. On February 17, in a phone call, Mr. Longson represented that it would take three weeks to complete and certify production of RFP sets one and two. Mr. Longson further indicated that it would only produce documents subject to its objections.

42. I stated that would require me to file a motion to compel due to the timeline, which I would withdraw if production was substantially complete before hearing. On February 19, I served my sections of a Joint Stipulation for that motion on Defendant.

43. Despite diligent efforts, discovery in this case has been delayed by circumstances largely outside my control, including: (a) medical hospitalization from July 9 to August 5, 2025;

(b) Defendant's refusal to engage in early Rule 26 conferencing as encouraged by the Court; (c) CCs that substantially expanded the scope of discovery; (d) Defendant's late oppositions to my motions, filed 20 overdue without leave; (e) settlement negotiations spanning approximately one month; (f) substitution of counsel midway through the discovery period; and (g) Defendant's ongoing failure to complete and certify production, provide a privilege log, Rule 26 compliant damages and document disclosures.

44. Accordingly, good cause exists for this extension under Rule 16(b)(4). Despite exercising diligence, the current deadlines cannot be met due to the cumulative effect of the factors described above. Defendant itself has acknowledged that it requires additional time to complete its production obligations and initial disclosures. The stipulated deadlines limit any propounding and enforcement of further new discovery by design.

45. Neither party has previously requested a continuance or extension of any pretrial deadline in this action.

46. *I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.*

**Executed on**: February 19, 2026                    */s/ Arjun Vasan*_____

In **Cerritos, California**                                    **Arjun Vasan,** Plaintiff In Pro Per

DECLARATION OF ARJUN VASAN IN SUPPORT OF STIPULATION TO EXTEND DEADLINES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF ARJUN VASAN IN SUPPORT OF STIPULATION TO EXTEND DEADLINES