

Arjun Vasan <arjun.vasan@gmail.com>

## Vasan v. Checkmate.com, Inc. - Substitution of Counsel
16 messages

---

**Mitch Longson** <mlongson@mc2b.com>  
To: "arjun.vasan@gmail.com" <arjun.vasan@gmail.com>  
Cc: Trevor Lee <trevor@hlh.law>
Tue, Feb 3, 2026 at 3:42 PM

Mr. Vasan,

As you may have seen on the court docket, Trevor Lee (cc'd here) and I have filed documents to substitute in as counsel for Checkmate.com in this matter. This means we have replaced K&L Gates as counsel and will be your contacts for Checkmate.com going forward. I will be primary counsel, with Mr. Lee in a local counsel role given that I am not licensed to practice in California without pro hac vice status and Mr. Lee will be the California-licensed sponsoring attorney. We look forward to working with you in this case.

I understand there are a few pressing items you've raised with K&L Gates, and I'm going to do my best to summarize where we are on those below. I hope you'll provide some grace as we get up to speed in the case on these items, but please know that we're working diligently with Checkmate.com to address each of them in a timely manner.

- You have sought an update regarding a supplemental production of documents responsive to your discovery requests. As I believe K&L Gates has flagged for you, we will be producing a tranche of documents this evening (to follow this email), and another substantial tranche of documents by end of this week. As you know, some of these discovery efforts were paused briefly while the parties discussed a possible settlement, and now with us getting substituted in and needing to get up to speed, we're working as diligently as we can with Checkmate.com to get the documents collected, reviewed, and produced to you. I will have a better sense for what remains to be produced following the tranche we'll be producing by end of week, and will be happy to meet and confer if it would be useful at that point. If there's further information you'd like in this regard, I can provide what I know, but please look for those forthcoming productions.
- I understand you have sought to notice Mike Bell's deposition. We'll be glad to accommodate that. I understand your preference was this week, which will not work on our end. Can you please let me know if there are preferred dates later in February and I can check with my side?
- I also understand you have reached out about a potential extension of fact discovery. I don't anticipate a problem agreeing to that, but could you please let me know what you specifically have in mind for an extension?
- To the extent there are any continuing settlement discussions between you and Checkmate.com, including Bheem, please direct those communications to me going forward.

Please let me know if there's anything else outstanding that you have attempted to discuss with K&L Gates (or directly with Checkmate.com) during this transition period. It's my intention to ensure nothing falls through the cracks. Again, thanks, and we'll look forward to your response.

Mitch M. Longson  
**Manning Curtis Bradshaw & Bednar PLLC**  
201 South Main Street, Suite 750 Salt Lake City, Utah 84111  
801.303.0036

mlongson@mc2b.com



The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**Arjun Vasan** <arjun.vasan@gmail.com>    Tue, Feb 3, 2026 at 4:04 PM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

Mr. Longson, Mr. Lee,

Thank you for the note and for confirming you will be the points of contact for Checkmate going forward.

Understood on getting up to speed. I have some commitments right now but will follow up by tonight.

Best regards,
Arjun Vasan
Plaintiff in Pro Per

Sent from Gmail Mobile

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>    Tue, Feb 3, 2026 at 6:41 PM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

Mr. Longson, Mr. Lee,

Thanks again. Likewise, I look forward to a smooth working relationship.

I received the latest production tranche and I am reviewing it. It makes sense to withhold comment until you have confirmed production is complete. I appreciate your commitment to diligent and timely production henceforth. I will hold off on any motions to compel in the meanwhile, if you are amenable to stipulating to an extension of the discovery cutoff.

As you noted, there is good cause for an extension due to the pause for settlement talks and counsel substitution. I would add to that the pending motions to dismiss/strike, the recent filing of Robert Nessler's related action and fast-approaching discovery cutoff.

On my end, the purpose of an extension would be to ensure time to challenge any inadequacies, propound interrogatories and complete the depositions of Mr. Bell, Mr. Agarwal and perhaps Amy Brown, Christopher Lam and Jeffrey Gordon. Your late Feb timeline for depositions is acceptable.

Regarding settlement, I believe both parties agree that avoiding protracted litigation would be ideal. That opportunity has not passed, but Checkmate did not accept my numbers/structure--which I heavily discounted considering the circumstances. If Checkmate wishes to reconsider, we can resume talks on the details and paper a quick win for both sides.

Best,
[Quoted text hidden]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, Feb 4, 2026 at 8:14 AM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

Mr. Longson,

There are some issues with the production. I had requested JSON export for slack conversations, including any history of deletes/edits. Please review the RFPs and produce in the requested format.

I will send over the stipulation for an extension shortly.

Best,
- Ari

Sent from Gmail Mobile

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, Feb 4, 2026 at 9:18 AM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

Mr. Longson,

Please see attached draft stipulation for your review/edits. I am ready to confer, if needed, on the details.

*Best,*
*Arjun Vasan*
*Plaintiff in Pro Per*

[Quoted text hidden]

 **stipulation-to-extend-discovery.docx**
40K

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, Feb 4, 2026 at 9:21 AM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

[Corrected] Dispositive Motion Deadline/Extension request.

Best

[Quoted text hidden]

 **stipulation-to-extend-discovery.docx**
40K

---

**Mitch Longson** <mlongson@mc2b.com>  Wed, Feb 4, 2026 at 9:21 AM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: Trevor Lee <trevor@hlh.law>

Thanks, Arjun. We'll review. As you may have seen on the court docket last night, we ran into a bit of a hitch with my pro hac status. Please give us a moment to work that out and then we can work through this.

Mitch M. Longson
**Manning Curtis Bradshaw & Bednar PLLC**
201 South Main Street, Suite 750 Salt Lake City, Utah 84111

801.303.0036
mlongson@mc2b.com



**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, February 4, 2026 10:18 AM
**To:** Mitch Longson <mlongson@mc2b.com>
**Cc:** Trevor Lee <trevor@hlh.law>
**Subject:** Re: Vasan v. Checkmate.com, Inc. - Substitution of Counsel

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                       Wed, Feb 4, 2026 at 9:27 AM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

No worries, thanks for the update.
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>                      Wed, Feb 4, 2026 at 11:20 AM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

Updated Stipulation and [Proposed] Order.
[Quoted text hidden]

**2 attachments**

- **stipulation-to-extend-discovery.docx**
  41K

- **[proposed] order granting stipulation.docx**
  36K

---

**Arjun Vasan** <arjun.vasan@gmail.com>                       Wed, Feb 4, 2026 at 7:46 PM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

Mr. Longson, Mr. Lee,

I'm circling back because it's important to get a stipulation on record, or I need to move on shortened notice/ex parte if Checkmate is not amenable.

Please confirm (or redline requested changes) by 5PM tomorrow. Thank you.

Best,
Arjun Vasan
[Quoted text hidden]

**Mitch Longson** <mlongson@mc2b.com>  Wed, Feb 4, 2026 at 7:50 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: Trevor Lee <trevor@hlh.law>

Arjun,

As I noted, we're trying to work out the substitution of counsel and pro hac issues, which I anticipate will be resolved tomorrow. I will endeavor to get back to you when that's completed (we can't stipulate to anything before we're in the case), but can you help me understand why we need the stipulation on file immediately when fact discovery is not scheduled to end until March 4?

Thanks and I'll be in touch.

Mitch M. Longson
**Manning Curtis Bradshaw & Bednar PLLC**
201 South Main Street, Suite 750 Salt Lake City, Utah 84111
801.303.0036
mlongson@mc2b.com



**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Wednesday, February 4, 2026 8:46 PM
[Quoted text hidden]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, Feb 4, 2026 at 7:56 PM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

Mitch,

Mainly because a motion to compel must be noticed 21 days out, and after a 7 day window for a joint stipulation.

Best,
Arjun
[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>  Wed, Feb 4, 2026 at 9:02 PM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

Mitch,

To elaborate a little, the urgency is not just about a motion to compel (which proceeds under L.R. 37, and ideally won't be needed). The urgency is about extending the Court's Scheduling Order fact discovery cutoff.

A schedule modification under Rule 16(b)(4) is properly before the District Judge. Absent a stipulation it would require a

noticed motion that (under the Court's standing order schedule) cannot be heard before the current cutoff without seeking shortened time/*ex parte* relief. That's what I'm trying to avoid.

Filing the stipulation now allows the Court to extend the cutoff without motion practice. This preserves time to allow for full production, meet-and-confer meaningfully, and then take depositions on a complete record.

Best,
Arjun

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>　　　　　　　　　　　　　　　　　　　Thu, Feb 5, 2026 at 9:28 AM
To: Mitch Longson <mlongson@mc2b.com>
Cc: Trevor Lee <trevor@hlh.law>

Mitch, Trevor,

My understanding, which is limited in this area, is that Trevor (as local counsel) can already execute the stipulation as CA counsel while you finalize pro hac vice; and you can sign it once the pro hac vice issue is resolved.

Best,
Arjun

[Quoted text hidden]

---

**Mitch Longson** <mlongson@mc2b.com>　　　　　　　　　　　　　　　　　　　Thu, Feb 5, 2026 at 9:32 AM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: Trevor Lee <trevor@hlh.law>

Arjun,

A new substitution is forthcoming today. I'll take a look at the draft and should be able to get back to you today. Again, we have nearly a month to stipulate before the fact discovery deadline, but I'm happy to get this done as soon as we can.

Mitch M. Longson
**Manning Curtis Bradshaw & Bednar PLLC**
201 South Main Street, Suite 750 Salt Lake City, Utah 84111
801.303.0036
mlongson@mc2b.com



**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Thursday, February 5, 2026 10:28 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Arjun Vasan** <arjun.vasan@gmail.com>　　　　　　　　　　　　　　　　　　　Thu, Feb 5, 2026 at 2:17 PM
To: Mitch Longson <mlongson@mc2b.com>

Cc: Trevor Lee <trevor@hlh.law>

Sounds good, thank you.

[Quoted text hidden]