Gmail                                                                                          Arjun Vasan <arjun.vasan@gmail.com>

## Arjun Vasan v. Checkmate.com, Inc., Case No. 2:25-cv-00765-MEMF-AS — Meet-and-confer re Defendant's Responses to Plaintiff's First Requests for Production (Set One)

4 messages

**Arjun Vasan** <arjun.vasan@gmail.com>                                                              Wed, Dec 24, 2025 at 7:53 AM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Keech, Ryan Q." <ryan.keech@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Counsel:

I write to request a meet-and-confer under Fed. R. Civ. P. 37(a)(1) and C.D. Cal. L.R. 37-1 regarding Checkmate's Responses to my First Requests for Production (Set One), served on December 22, 2025. (Checkmate.com Inc.'s Responses to Pl. Arjun Vasan's First Set of Reqs. for Prod. of Docs. at 17 (Dec. 22, 2025).)

As of today, no documents accompanied the Responses and no documents have been produced to me in response to these Requests. The Responses also do not provide any production date(s), rolling schedule, custodian list, source list, or privilege log. This creates a concrete discovery dispute.

1) Requests where Checkmate said it "will produce" but has produced nothing

For the Requests below, Checkmate states it "will produce" responsive, non-privileged materials, yet no production has occurred:

* RFP No. 1 ("will produce non-privileged documents responsive to this Request"). (Id. at 5 (Resp. to RFP No. 1).)
* RFP No. 2 ("will produce non-privileged documents … responsive to this Request"). (Id. at 6 (Resp. to RFP No. 2).)
* RFP No. 3 ("will produce non-privileged documents … responsive to this Request"). (Id. at 7 (Resp. to RFP No. 3).)
* RFP No. 6 ("will produce non-privileged documents … responsive to this Request"). (Id. at 9 (Resp. to RFP No. 6).)
* RFP No. 8 ("will produce non-privileged documents … responsive to this Request"). (Id. at 11 (Resp. to RFP No. 8).)
* RFP No. 9 ("will produce non-privileged documents … responsive to this Request"). (Id. at 12 (Resp. to RFP No. 9).)
* RFP No. 10 ("will produce … documents … referred to in its responses"). (Id. at 12 (Resp. to RFP No. 10).)
* RFP No. 11 ("will produce the transcript of the associated meeting"). (Id. at 13 (Resp. to RFP No. 11).)
* RFP No. 12 ("will produce the transcript of the meeting"). (Id. at 14 (Resp. to RFP No. 12).)

Please confirm, in writing, by December 29, 2025, the following:

1. The date Checkmate will begin production, and the date Checkmate will complete production, for RFP Nos. 1, 2, 3, 6, 8, 9, 10, 11, and 12.
2. Whether Checkmate will produce on a rolling basis, and what the first tranche will include.
3. The format Checkmate will use for ESI (including email/native files), and any alternative format you propose for any item where you objected to my requested format.

2) Requests where Checkmate asserted objections only and did not state if it will produce anything

For RFP Nos. 4, 5, 7, 13, 14, and 15, Checkmate asserted objections but did not state whether it will produce any documents, and it did not state whether it is withholding responsive materials based on those objections:

* RFP No. 4 (Separation Meeting Zoom artifacts) (id. at 8 (Resp. to RFP No. 4));
* RFP No. 5 (Announcement Meeting Zoom artifacts) (id. at 9 (Resp. to RFP No. 5));
* RFP No. 7 (Slack export for the "May Slack Thread" and "Oct. 14 DM") (id. at 10 (Resp. to RFP No. 7));
* RFP No. 13 (Slack export for messages sent by/to me or containing specified strings) (id. at 15 (Resp. to RFP No. 13));
* RFP No. 14 (export of my Checkmate mailbox) (id. at 16 (Resp. to RFP No. 14)); and
* RFP No. 15 (other Checkmate-controlled email threads discussing me/VoiceBite) (id. at 17 (Resp. to RFP No. 15)).

For each of these Requests, please provide a written supplemental response by December 29, 2025 that:

1. States plainly whether Checkmate will produce any responsive materials.
2. States plainly whether Checkmate is withholding any responsive materials based on its objections.

3. If Checkmate contends no responsive, non-privileged documents exist, says so directly and describes the reasonable steps taken to confirm (systems checked; custodians; date ranges).

3) Recordings

With respect to RFP Nos. 11–12, Checkmate's response offers only "the transcript" of meetings, not the requested native audio/video recordings or third-party artifacts. (Checkmate RFP Responses at 13–14 (Responses to RFP Nos. 11–12).)

A transcript is not an adequate substitute where the recording exists, and Rule 34 does not permit unilateral replacement of a requested native recording with a document that may contain errors or omissions. Please confirm by [date] whether recordings exist (including Zoom cloud recordings, local recordings, or any third-party recording such as Fathom), and produce all existing recordings in native format. If Checkmate contends no recordings exist, please so state and describe the reasonable steps taken to verify nonexistence, including the systems checked, custodians contacted, and applicable retention settings.

4) Privilege log and Rule 26(b)(5)

If Checkmate is withholding documents on privilege or work-product grounds, please confirm when Checkmate will provide a privilege log that complies with Fed. R. Civ. P. 26(b)(5). (See, e.g., Def.'s general privilege/work-product objections, Checkmate.com Inc.'s Responses to Pl. Arjun Vasan's First Set of Reqs. for Prod. of Docs. at 2–3 (Dec. 22, 2025).)

5) Proposed conference times

To satisfy C.D. Cal. L.R. 37-1, I propose we meet and confer by telephone or Zoom for 30–45 minutes. I am available:

* December 29, 2025: 10:00 a.m.–12:00 p.m. PT
* December 30, 2025: 2:00 p.m.–4:00 p.m. PT
* January 2, 2026: 9:00 a.m.–11:00 a.m. PT

If none work, send two alternatives within the next seven days.

If Checkmate does not (a) commit to prompt production with firm dates, and (b) serve compliant supplemental responses on the "objections-only" Requests, then I will proceed under Fed. R. Civ. P. 37(a) and the Court's joint-stipulation procedure for discovery motions (C.D. Cal. L.R. 37-2 et seq.), including a request for an order compelling production and other appropriate relief.

If you believe any production has already been made, please identify the date and transmittal and re-send it.

Sincerely,

Arjun Vasan
Plaintiff, Pro Se

---

**Arjun Vasan** <arjun.vasan@gmail.com>　　　　　　　　　　　　　　　　　　Tue, Jan 6, 2026 at 9:39 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>, "Keech, Ryan Q." <ryan.keech@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Counsel,

It has been more than 10 days since my L.R. 37-1 request, and you have not responded. Please respond by tomorrow or I will proceed to file a motion to compel.

Arjun Vasan
[Quoted text hidden]

---

**Makitalo, Rebecca I.** <Rebecca.Makitalo@klgates.com>　　　　　　　　　　　　Tue, Jan 6, 2026 at 10:12 PM
To: Arjun Vasan <arjun.vasan@gmail.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Mr. Vasan,

I apologize for the delay in responding as the holidays impacted our availability. We are available to meet on Friday, January 9, 2025 between 10am-12pm or January 13, 2025 between 1-3pm. Please let me know if any of these times work for you.

Thank you,

**Rebecca Makitalo**

Associate

K&L Gates LLP

10100 Santa Monica Blvd

8th Floor

Los Angeles, CA 90067

Phone: 310 552-5502

rebecca.makitalo@klgates.com

www.klgates.com

**From:** Arjun Vasan <arjun.vasan@gmail.com>
**Sent:** Tuesday, January 6, 2026 9:39 PM
**To:** Makitalo, Rebecca I. <Rebecca.Makitalo@klgates.com>; Keech, Ryan Q. <Ryan.Keech@klgates.com>; Winningham, Jacob R. <Jacob.Winningham@klgates.com>; Chiu, Stacey G. <Stacey.Chiu@klgates.com>
**Subject:** Re: Arjun Vasan v. Checkmate.com, Inc., Case No. 2:25-cv-00765-MEMF-AS — Meet-and-confer re Defendant's Responses to Plaintiff's First Requests for Production (Set One)

[Quoted text hidden]

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Rebecca.Makitalo@klgates.com.

**Arjun Vasan** <arjun.vasan@gmail.com>                                                      Tue, Jan 6, 2026 at 10:40 PM
To: "Makitalo, Rebecca I." <Rebecca.Makitalo@klgates.com>
Cc: "Keech, Ryan Q." <Ryan.Keech@klgates.com>, "Winningham, Jacob R." <Jacob.Winningham@klgates.com>, "Chiu, Stacey G." <Stacey.Chiu@klgates.com>

Ms. Makitalo,

Jan 9th at 10AM works. I note that your "holiday availability" did not seem to be a concern in harassing my father.

Best,

Arjun Vasan

[Quoted text hidden]