UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | March 17, 2026 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Arjun Vasan, *appearing pro se* | J. Alejandro Barrientos |

**Proceedings:**   **(IN CHAMBERS)   ORDER RE PLAINTIFF'S MOTION TO (1) DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION; (2) COMPEL RULE 26 DAMAGES COMPUTATIONS; AND (3) GRANT REQUEST FOR PHASING AND SEQUENCING OF DISCOVERY AND MODIFYING NON-PARTY SUBPOENAS (Dkt. No. 113)**

On November 3, 2025, Plaintiff Arjun Vasan, proceeding *pro se*, filed a motion to (1) determine the sufficiency of Defendant's responses to requests for admission; (2) compel Rule 26 damages computations and supporting documents with preclusion; and (3) enter phasing and sequencing of discovery and modifying non-party subpoenas. (Dkt. No. 113).  On November 17, 2025, Defendant and counter-claimant Checkmate.com Inc., ("Checkmate") filed its opposition to the motion, (Dkt. No. 124), and on November 18, 2025, Plaintiff filed a Reply. (Dkt. No. 127).

A hearing was by video teleconference on March 17, 2026.  The Court, having considered the parties' submissions, the arguments presented at the hearing, and for the reasons stated at the hearing, issued the following order:[1]

---

[1] The Court's December 1, 2025 Order sets forth the background of this case, Plaintiff's claims, and Defendant's counter-claims. See Dkt. No. 131.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-00765-MEMF (ASx) | Date | March 17, 2026 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

Requests for Admission

Plaintiff's motion to determine the sufficiency of Defendant's responses to Requests for Admission ("RFA") is DENIED without prejudice. Plaintiff did not comply with the meet and confer requirement required by L.R. 37-1 prior to filing the motion by failing to set forth in a letter requesting a meet and confer, each issue in dispute, stating Plaintiff's position and the specific relief requested. In his motion, Plaintiff seeks generalized relief related to all of his RFA, seemingly failing to recognize Defendant's responses (admitting in part) to Plaintiff's Second set of RFA Nos. 3-5, 9, and 36, and Plaintiff's Third set of RFA Nos. 73, and Defendant's denials to Plaintiff's First set of RFA Nos. 13, 14A, 18B, Plaintiff's Second set of RFA Nos. 11, 16, 19-20, 22-22-25, 28-31 and 34, and Plaintiff's Third set of RFA Nos. 75-76, 101, 103, 106, 113-114, and 116, and Defendant's response to RFA No. 85 as duplicative of RFA No. 14. As stated at the hearing, the Court finds Defendant's objections to Plaintiff's RFAs as compound, calling for a legal conclusion, seeking the admission of Plaintiff's own motivations and arguments (e.g., second set  RFA No. 14), the admission of unauthenticated and unverified documents, (e.g., second set RFA Nos. 7-8, 10-19),  expert opinion, communications that are subject to attorney client privilege, and work product well taken. The parties are ordered to meet and confer regarding the RFAs that remain outstanding, taking into account Plaintiff's claim that Defendant's document production necessarily deems some RFA's admitted.

Rule 26 Damage Computations

Plaintiff confirmed that Defendant has now provided the damage computations sought in his motion accompanied by initial expert disclosure but requests that the Court preclude Defendant from introducing its damages due to untimely production.  Plaintiff contends that Defendant produced its damage computation after the initial discovery cut-off date, and notes that the information produced was available to Defendant at the time the initial disclosures were filed. Plaintiff's request for preclusion of Defendant's damages disclosure is DENIED.  As Defendant points out, the initial disclosures were based on information that was reasonably available to Defendant at the time of disclosure, Defendant acknowledged its ongoing duty to supplement its disclosure as discovery progressed, and Plaintiff's motion sought supplemental production which Defendant has complied with.  Moreover, the supplemental production was not untimely because it was produced within the extended discovery cut-off date of April 13, 2026, (see Dkt. No. 168), and the parties' stipulation for an extension of the discovery cut-off date was premised on the acknowledgment, by Defendant's recently substituted counsel, of the need for additional time to complete its production obligations *and initial disclosures*. (Dkt. No. 167-2 at 6; Declaration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 25-00765-MEMF (ASx) | Date | March 17, 2026 |
|---|---|---|---|
| Title | Arjun Vasan v. Checkmate.com Inc. | | |

Arjun Vasan ¶ 44). Finally, Plaintiff has not proffered sufficient evidence of harm or prejudice from Defendant's disclosures and the cases that he relies on – *Hoffman v. Construction Protective Services Inc.* 541 F.3d 1175, 1177-80 (9th Cir. 2008) (affirming preclusion of evidence of damages disclosed on the eve of trial), and *Yeti by Molly Ltd. V. Deckers Outdoor Corp.,* 259 F.3d 1101, 1105-07 (9th Cir. 2001) (affirming exclusion of rebuttal expert where report disclosed two years after close of discovery and 28 days prior to trial) (Dkt. 113 at 12) – in which the Court found that the requesting party *had been harmed* by the untimely disclosures, are inapposite.

<u>Request for Phased Discovery</u>

At the hearing the parties agreed that Plaintiff's request for phased discovery was now moot, given the current discovery cut-off date of April 13, 2026.  As stated at the hearing, the Court does not find phased discovery warranted given the overlap in the asserted claims and counterclaims in this case and Plaintiff's failure to meet the high burden to justify a stay in discovery.  Accordingly, Plaintiff's request for phased discovery is DENIED.  For these reasons, Plaintiff's related request for an order modifying non-party subpoenas is also DENIED.  Plaintiff raised this request in his opposition to Defendant's motion to compel non-party V. Varadarajan to comply with its subpoena. (<u>See</u> Dkt. No. 111).  But Plaintiff's opposition was stricken based on the Court's finding that Plaintiff lacked standing to challenge the non-party subpoena. <u>See</u> Dkt. No. 131 at 4.

Given the existing discovery cut off date in this case, the Court encourages the parties to avail themselves of the Court's informal discovery conference procedure to resolve any further discovery issues.  <u>See</u> Judge Sagar's procedures.  The parties are reminded that any requests for additional time to complete discovery and/or for modification of the scheduling order must be submitted to, and approved by, District Judge Frimpong.

**IT IS SO ORDERED.**