# EXHIBIT C

MANNING CURTIS BRADSHAW
& BEDNAR PLLC
Mitch M. Longson, *Pro Hac Vice*
mlongson@mc2b.com
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
T. 801.303.0036
F. 801.364.5678

BARRIENTOS PC
J. Alejandro Barrientos, SBN 346676
Alejandro@bts.law
145 S. Fairfax Avenue, Suite 200-152
Los Angeles, CA 90036
T. 626.551.4564
F. 626.427.6753

Attorneys for Defendant-Counter Claimant
CHECKMATE.COM, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>             Plaintiff,<br><br>    v.<br><br>CHECKMATE.COM, INC.,<br><br>             Defendant.<br><br>***Caption continued on next page*** | Case No. 2:25-cv-00765-MEMF<br><br>DEFENDANT AND COUNTER-CLAIMANT CHECKMATE.COM, INC.'S FIRST FRCP 26(e) SUPPLEMENTAL DISCLOSURE |

1

CHECKMATE.COM, INC.,

                Counterclaim-Plaintiff,

    v.

ARJUN VASAN,

                Counterclaim-Defendant.

1

**DEFENDANT-COUNTER CLAIMANT CHECKMATE.COM, INC.'S FIRST FRCP 26(e) SUPPLEMENTAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(e), Defendant-Counter-Claimant Checkmate.com, Inc. ("Checkmate"), by undersigned counsel, serves its first supplemental disclosure on plaintiff Arjun Vasan based upon the information readily available to Checkmate at this time.

**PRELIMINARY STATEMENT**

In making this disclosure, Checkmate does not represent that it has identified every witness, document, or thing that it may use to support its claims or defenses in this action. Discovery is ongoing and these disclosures are based on information reasonably available to Checkmate at this time. Checkmate expressly reserves its rights: (a) to make subsequent revision, supplementation, or amendment to these disclosures based upon any information, evidence, documents, facts, or things that hereafter may be discovered, or the relevance of which hereafter may be discovered, and (b) to identify, produce, introduce, or rely upon additional or subsequently identified, acquired, or discovered writings, evidence, and information at trial or in any pretrial proceedings held in this case. Checkmate objects to any disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Central District of California, or other applicable law. Checkmate expressly preserves all of the protections afforded to it, and does not provide any information protected from disclosure, by the attorney-client privilege, the attorney work product doctrine, tax privilege, or any other privilege or immunity. Any information provided by Checkmate in connection with these disclosures remains subject to all

2

objections as to competence, relevance, materiality, and admissibility, and to any other objections on any grounds that would require the exclusion thereof if such information were offered into evidence, and Checkmate expressly reserves all such objections and grounds.

## FIRST SUPPLEMENTAL DISCLOSURES

1.      As previously disclosed, Checkmate seeks damages for its claims of breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation. Checkmate further seeks a declaratory judgment that Plaintiff is disentitled to further compensation under the parties' agreements and relevant law and that Plaintiff is required to indemnify Checkmate for losses incurred as a result of Plaintiff's conduct; payment of the full costs of this action, including attorney's fees, to the fullest extent permitted by the relevant agreements and law; recovery of pre- and post-judgment interest; and any such other and further relief, in law or in equity, to which Checkmate may be entitled or which the Court may deem just and proper.

2.      Checkmate's damages for claims of breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation include, without limitation, (i) payments in the form of fees paid to various vendors or service providers by Checkmate on behalf of plaintiff, VoiceBite, and/or VoiceBite's co-founders or former shareholders other than plaintiff in connection with the merger of Checkmate and VoiceBite in an amount no less than $100,685.27, (ii) wages or other compensation paid to plaintiff by Checkmate that Checkmate would not have otherwise paid to plaintiff in an amount no less than $189,799.00, (iii) 107,601 shares in Checkmate issued to plaintiff with a value of no less than $502,497.00, (iv) lost

3

revenue in an amount no less than $719,400 for the year 2024, and (v) loss of value of Checkmate in an amount no less than $62,000,000.00 for the year 2024. Computation of these amounts is further provided and specified in documents produced herewith as CHECK00119620–CHECK00119625. Checkmate further seeks, and reserves the right to seek, punitive damages in connection with its fraud and negligent misrepresentation claims in an amount to be proven at trial which cannot be reasonably calculated at this time.

3.      Based upon information reasonably available to Checkmate at this time, Checkmate identifies and produces the following documents, electronically stored information, and tangible things that are in the possession, custody, or control of Checkmate and which may be used to support its claims for damages, unless solely for impeachment. Checkmate reserves the right to supplement and/or amend this information.

a.      An April 17, 2024, memorandum titled, "Acquisition of Voicebite.ai," CHECK00119620 - CONFIDENTIAL

b.      Checkmate Board of Directors minutes of November 15, 2024, CHECK00119622 – CONFIDENTIAL

c.      A spreadsheet titled, "Revenue Plan," CHECK00119623 – CONFIDENTIAL

d.      Plaintiff's W-2 and Earnings Summary for 2024, CHECK00119624 – CONFIDENTIAL

//

//

4

e.   A   spreadsheet   titled   "Checkmate   Voicebite Reimbursement   Expenses   &   Bonus   Payments," CHECK00119625 - CONFIDENTIAL

DATED: March 16, 2026          BARRIENTOS PC

*/s/ J. Alejandro Barrientos*

J. Alejandro Barrientos
Attorney for Defendant-Counter Claimant
Checkmate.com, Inc.

5

## PROOF OF SERVICE

I am employed in the United States. I am over the age of 18 and not a party to the action. My business address is 145 S. Fairfax Ave., Suite 200-152, Los Angeles, CA 90036. On February 23, 2026, I served DEFENDANT AND COUNTER-CLAIMANT CHECKMATE.COM, INC.'S FIRST FRCP 26(e) SUPPLEMENTAL DISCLOSURE on the following:

> Arjun Vasan
> Pro Se Plaintiff
> arjun.vasan@gmail.com

[X] By email or other electronic transmission pursuant to the agreement of the parties, I caused the documents identified herein to be sent to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X] I declare that I have been retained by member of the bar of this Court at whose discretion the service was made.

Executed on March 16, 2026, at Austin, Texas.

*/s/Anjelica Barrientos*
Anjelica Barrientos

6