UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARJUN VASAN,

        Plaintiff and Counter-Defendant,

        v.

CHECKMATE.COM, INC.,

        Defendant and Counterclaimant.

Case No.: 2:25-cv-00765-MEMF-ASx

**[PROPOSED] ORDER GRANTING MOTION FOR REVIEW AND RECONSIDERATION**

Complaint filed: January 28, 2025

    The Court, having reviewed the Parties' Memoranda, Declarations and Exhibits and finding good cause under Federal Rule of Civil Procedure 72(a), ORDERS as follows:

1. **[ ] Complete preclusion:** Checkmate may not rely on the March 16, 2026, damages computations or any Bell opinions dependent on them.

2. **[ ] Partial preclusion, in the alternative:** at minimum, Checkmate may not rely on:

   o [the speculative lost-revenue and enterprise-value theories, including the $719,400, $3.6 million, $7.2 million, $62 million, and $68 million figures;]

   o [the $189,799.00 wages/salary category;]

   o [the $100,685.27 vendor/service-provider category to the extent it includes team-wide or non-Plaintiff expenses; or Plaintiff's ordinary business expenses]

1

○   [the $502,497.00 share-value category to the extent it rests on a valuation inconsistent with Checkmate's own prior written positions.]

3. **[ ] Curative relief, in the alternative:** if any late-disclosed damages theory survives, reopen limited damages discovery at Checkmate's expense, including Bell's deposition and fee if any, native-file production, a Rule 30(b)(6) damages deposition, reasonable rebuttal-expert costs, deposition costs, and attorney's fees caused by the late disclosure.

IT IS SO ORDERED.

Dated: April __, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge