## DECLARATION OF REBECCA I. MAKITALO

I, Rebecca I. Makitalo, declare as follows:

1.    I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California.  I am an associate with K&L Gates LLP, former counsel of record for defendant and counterclaimant Checkmate.com Inc. ("Checkmate") in this action.  While we are no longer counsel of record for Checkmate for reasons unrelated to the motion, I make this declaration in response to the Court's order to show cause regarding meeting and conferring on Mr. Vasan's motion for sanctions (Dkt. 172).

2.    As described herein, at the time Mr. Vasan filed his motion (Dkt. 121), we had been contemporaneously attempting to secure Mr. Vasan's availability to meet and confer regarding multiple issues in the case for a month.  I last sent a message to him on October 31, 2025 again requesting his availability, to which he did not respond prior to filing his motion.

3.    As the Court is aware, Mr. Vasan initially served and filed substantially the same motion in the Southern District of New York on July 25, 2025, which motion was denied on February 5, 2026.

4.    At 12:41 a.m. on Wednesday, October 22, 2025, while his Southern District of New York motion was pending, Mr. Vasan served a copy of a "Motion for Sanctions" on our office.  Mr. Vasan did not request a meet and confer but informed us that he would not file if Checkmate withdrew its counterclaims and removed certain allegations that he found to be objectionable.  Attached hereto as Exhibit A is a true and correct copy of that correspondence.

5.    At 7:40 a.m. on Sunday, October 26, 2025, Mr. Vasan sent a "corrected Exhibit F" that he characterized as a "courtesy update only."  Again, Mr. Vasan did not request a meet and confer but informed us that he would not file if Checkmate withdrew its counterclaims and removed certain allegations that he found to be

1
DECLARATION OF REBECCA I. MAKITALO

objectionable. Attached hereto as Exhibit B is a true and correct copy of that correspondence.

6.      At 10:11 p.m. on Wednesday, October 29, 2025, Mr. Vasan sent an email requesting availability to confer regarding the documents he sent. Attached hereto as Exhibit C is a true and correct copy of that correspondence.

7.      At the time Mr. Vasan sent this correspondence, I was having significant difficulty securing Mr. Vasan's availability to meet and confer regarding multiple issues in the case and had requested his availability several times, to which Mr. Vasan had not responded. At 9:36 p.m. on Friday, October 31, 2025, I requested updated availability from Mr. Vasan to meet and confer in good faith regarding the mounting volume of issues in the case. I did not explicitly mention his October 29, 2025 request in this email but thought that this would be one of the issues on which the parties would confer. Attached hereto as Exhibit D is a true and correct copy of that correspondence. He did not respond to this e-mail and did not provide availability to meet and confer.

8.      By November 17, 2025, I had still not received any dates and times from Mr. Vasan regarding his availability to meet and confer. At 12:22 a.m. on November 17, 2025, Mr. Vasan filed his Motion for Sanctions (Dkt. 121). At the time he filed this motion, Mr. Vasan had still not responded to my October 31, 2025 message asking for his availability to meet and confer and we did not think (as the non-moving party) to further follow up with him – indeed, I assumed that he may have decided not to pursue his motion given the pendency of what he had filed in the Southern District of New York.

9.      Representatives of Checkmate had no direct involvement in any of the foregoing events.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2

**DECLARATION OF REBECCA I. MAKITALO**

Executed on April 1, 2026, in Los Angeles, California.

_____
Rebecca I. Makitalo

DECLARATION OF REBECCA I. MAKITALO