# Exhibit C

**Makitalo, Rebecca I.**

| | |
|---|---|
| **From:** | Arjun Vasan <arjun.vasan@gmail.com> |
| **Sent:** | Wednesday, October 29, 2025 10:11 PM |
| **To:** | Keech, Ryan Q.; Chiu, Stacey G.; Makitalo, Rebecca I.; Winningham, Jacob R. |
| **Subject:** | Re: Arjun Vasan v. Checkmate.com, Inc. - 2:25-cv-00765-MEMF-ASx - Rule 11 Safe Harbor Notice |

**This Message Is From an External Sender**
This message came from outside your organization.

Counsel,

Please confirm one of the following times next week to meet and confer on this motion: Tuesday at 10AM, Wednesday at 11AM or Friday at 10AM. If none work, please provide an alternate time that works for Checkmate. If no confirmation or alternative provided, I will attach this email thread as my L.R. 7-3 certification for the motion.

Best regards,
Arjun Vasan

On Sun, Oct 26, 2025 at 7:40 AM Arjun Vasan <arjun.vasan@gmail.com> wrote:
Counsel,

Please see the attached corrected Exhibit F. This is a **courtesy update only**; it does not modify or supersede the Rule 11 motion I previously served, and it does not alter the November 12, 2025, 5:00 p.m. PT expiration of the safe-harbor period.

For the avoidance of doubt, the Ninth Circuit does not require the filed Rule 11 motion to be word-for-word identical to the served version; safe harbor is satisfied so long as the grounds and relief remain substantially the same and no prejudice results. The corrected Exhibit F simply clarifies the same paragraph mapping; it does not add grounds or change the requested relief. Withdrawing the listed allegations (whether as mapped in the earlier Exhibit F or this corrected one) would, as a practical matter, withdraw most of the counterclaims.

As before, I will not file if, by 5:00 p.m. PT on November 12, 2025, Checkmate:

1. Withdraws the counterclaims; or
2. Withdraws/Disavows CC ¶¶ 1, 4, 5, 6, 28, 29, 30, 31, 32, 33, 34, 35, 60 and the bullet-point "representations" in ¶¶ 59 and 65 (as itemized in Ex. F), or stipulates to strike them.

Please confirm by filing either (a) a short Notice of Disavowal, or (b) a stipulation to strike. Either approach cures Rule 11 without a Rule 15 amendment.

Best regards,
Arjun Vasan

1

On Wed, Oct 22, 2025 at 12:41 AM Arjun Vasan <arjun.vasan@gmail.com> wrote:

Counsel,

Pursuant to Fed. R. Civ. P. 11(c)(2), I am serving (not filing) the attached Plaintiff's Motion for Sanctions (with exhibits) directed to counterclaim contentions that (i) misuse settlement communications to prove liability/amount (FRE 408, 11(b)(2)), (ii) mischaracterize the Feb. 7 Holder-Rep response letter and miscast it as my personal "admission" (FRE 801(d)(2) failure), (iii) misquote/withhold contractual language in violation of Rule 11(b)(3)'s reasonable-inquiry requirement; (iv) crossed the *Flatley* line with extortionate demand letters leveraged to procure "admissions" (Rule 11(b)(1), Penal Code §§ 518–519).

If, by 5:00PM, Wednesday, November 12, 2025, Checkmate withdraws its counterclaims or amends to remove the allegations in Exhibit F, I will not file the motion.

Best regards,
Arjun Vasan
562-900-6541 | arjun.vasan@gmail.com