ARJUN VASAN

12615 193RD STREET,

CERRITOS CALIFORNIA, 90703

(408) 898-6166

ARJUN.VASAN@GMAIL.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>        Plaintiff and Counter-Defendant,<br><br>v.<br><br>CHECKMATE.COM, INC.,<br><br>        Defendant and Counterclaimant. | Case No.: 2:25-cv-00765-MEMF-ASx<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE FAILURE TO MEET AND CONFER**<br><br>Complaint filed: January 28, 2025 |

TO THE HONORABLE COURT:

Plaintiff Arjun Vasan respectfully submits this Reply to assist the Court in evaluating Checkmate's Response to its Order to Show Cause and the Declaration of Rebecca I. Makitalo. Checkmate itself invited such a submission by representing that, aside from former counsel, Plaintiff is the only other individual with direct, personal knowledge of the relevant events. Dkt. 177 at 3:9.

The OSC concerns former counsel's failure to "meaningfully meet and confer" on Plaintiff's Rule 11 motion, despite receiving that motion nearly a month before filing and a request to confer shortly after. Even taking former counsel's declaration at face value, this failure is self-evident.

Plaintiff served the Rule 11 motion on October 22, 2025, sent a corrected exhibit on October 26, and on October 29 requested availability to meet and confer regarding the motion. Vasan Decl. ¶

4. Ms. Makitalo does not dispute those facts. Dkt. 177-1 ¶¶ 4–6. She further admits that her October 31 email concerned other discovery issues, did not mention Plaintiff's sanctions-motion request, and that after Plaintiff did not respond to her generalized request for availability on "multiple issues," former counsel simply "assumed" Plaintiff might not file the motion. *Id*. ¶¶ 7–8.

Diligent counsel would have confirmed its suspicion of non-intent to file in direct response to the request to confer or proactively sought to confer upon safe harbor service. At the very minimum, such counsel would have expressly raised the sanctions motion if it truly intended to discuss it along with other pending issues. Ms. Makitalo admits she did not even do that. *Id*. ¶ 7. But this is not only a diligence issue: former counsel's exhibits are only a fraction of discovery correspondence at the time, in which counsel repeatedly refused to discuss any issue other than its own threatened motion to compel—which it never filed. Plaintiff details these events in his discovery motion. See Dkt. 113.

Checkmate's response asks the Court to excuse the violation because it supposedly had "no role" in the failure. Dkt. 177 at 3–4. But a litigant is generally bound by the acts and omissions of its chosen counsel. As the Supreme Court held in *Link v. Wabash Railroad Co*., a party that "voluntarily chose this attorney as his representative in the action" "cannot now avoid the consequences of the acts or omissions of this freely selected agent." 370 U.S. 626, 633–34 (1962). Checkmate therefore cannot avoid responsibility by attributing the conduct solely to former counsel.

Checkmate also points to the parties' agreement in principle as a reason sanctions should not issue. Dkt. 177 at 4. But that cuts against it. As set out in Plaintiff's Declaration, current counsel's good-faith conduct helped the parties reach that agreement, suggesting this dispute may have been resolved much earlier had former counsel engaged similarly. Vasan Decl. ¶ 10. Instead, former counsel's failures to confer burdened Plaintiff and the Court with months of costly and contentious motion practice that may have been avoidable, including the sanctions motion at issue here. Under *Link*, Checkmate bears joint responsibility for its former counsel's course of conduct.

Current counsel's conduct is not at issue. Plaintiff acknowledges that, since substitution, current counsel has met and conferred in good faith. But the present OSC concerns former counsel's conduct during the Rule 11 safe-harbor period, and Checkmate's response does not meaningfully address that failure. Former counsel's Declaration only confirms it and attempts to shift blame by

mischaracterizing Plaintiff's conduct in discovery correspondence, where the sanctions motion was not even raised. This is the second OSC issued on Checkmate and former counsel for the very same failure. See Dkt. 45. The Court therefore may, in its discretion, impose an appropriate sanction sufficient to deter repetition on K&L Gates LLP and its client, Checkmate. Fed. R. Civ. P. 11(c)(4).

**Dated**: April 2, 2026

**In** Cerritos, California

_____/s/ Arjun Vasan_____

**Arjun Vasan**

Plaintiff in Pro Per