ARJUN VASAN

12615 193RD STREET,

CERRITOS CALIFORNIA, 90703

(408) 898-6166

ARJUN.VASAN@GMAIL.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARJUN VASAN,

    Plaintiff and Counter-Defendant,

v.

CHECKMATE.COM, INC.,

    Defendant and Counterclaimant.

Case No.: 2:25-cv-00765-MEMF-ASx

**DECLARATION OF ARJUN VASAN IN REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE FAILURE TO MEET AND CONFER**

Complaint filed: January 28, 2025

I, Arjun Vasan, hereby declare:

1. I am the Plaintiff in this action and a first time *pro se* litigant. I have personal knowledge of the events described herein, and if called to testify, could and would do so competently.

2. I submit this declaration solely to assist the Court in evaluating Checkmate's Response to the Order to Show Cause and the Declaration of Rebecca I. Makitalo. Checkmate states that, aside from former counsel, I am the only other individual with direct, personal knowledge of the relevant events. See Dkt. 177 at 3:9–11.

3. I notified current counsel that I intended to reply to Checkmate's response and discussed this in a telephonic conference on Wednesday, April 1, 2026. Counsel did not object.

4. On October 22, 2025, I served the sanctions motion under Rule 11's safe-harbor procedure. On October 26, 2025, I sent a corrected exhibit. On October 29, 2025, I sent an email requesting availability to meet and confer regarding the motion.

5. As reflected in Ms. Makitalo's declaration, former counsel does not dispute receiving the motion materials on October 22 and October 26, or my October 29 request for availability to confer regarding those materials. Dkt. 177-1 ¶¶ 4–6.

6. Former counsel did not respond to my October 29 request by providing dates to discuss the sanctions motion, proposed alternates, or otherwise addressed that motion before it was filed.

7. Ms. Makitalo states that on October 31, 2025, she sent an email requesting my availability regarding "multiple issues," but she expressly admits that she "did not explicitly mention" my October 29 sanctions-motion request in that email. Dkt. 177-1 ¶ 7. This email was part of a sequence of threads related to discovery disputes between the parties—initial disclosures, requests for admission and so on. The sanctions motion was never discussed in these emails, which are detailed in my discovery motion at Dkt. 113 and my attached declaration.

8. Ms. Makitalo further states that, after I did not respond to her October 31 email, she and her team "did not think" to follow up and instead "assumed" I may have decided not to pursue the motion. Dkt. 177-1 ¶ 8. They never confirmed that assumption with me.

9. I do not hold current counsel responsible for these actions. Current counsel has met and conferred and made themselves available in good faith. Partly as a result, the parties have reached an agreement in principle to end this dispute. The Court may consider that had former counsel conferred in good faith, the parties may have reached a resolution without months of expensive and contentious litigation—including the sanctions motion.

*I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.*

**Dated**: April 2, 2026                              _____/s/ Arjun Vasan_____

**In** Cerritos, California                    **Arjun Vasan**, Plaintiff In Pro Per