MANNING CURTIS BRADSHAW
& BEDNAR PLLC
Mitch M. Longson, *Pro Hac Vice*
mlongson@mc2b.com
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
T. 801.303.0036
F. 801.364.5678

BARRIENTOS PC
J. Alejandro Barrientos, SBN 346676
Alejandro@bts.law
145 S. Fairfax Avenue, Suite 200-152
Los Angeles, CA 90036
T. 626.551.4564
F. 626.427.6753

Attorneys for Defendant-Counter Claimant
CHECKMATE.COM, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>             Plaintiff,<br><br>    v.<br><br>CHECKMATE.COM, INC.,<br><br>             Defendant.<br><br>***Caption continued on next page*** | Case No. 2:25-cv-00765-MEMF-AS<br><br>JOINT STIPULATION FOR ORDER TO FILE UNDER SEAL; DECLARATION OF J. ALEJANDRO BARRIENTOS; CERTIFICATE OF SERVICE; EXHIBITS A-B; [PROPOSED] ORDER |

1

CHECKMATE.COM, INC.,

        Counterclaim-Plaintiff,

   v.

ARJUN VASAN,

        Counterclaim-Defendant.

1

Plaintiff and Counter-defendant Arjun Vasan ("Plaintiff"), appearing pro se, and Defendant and Counter-claimant Checkmate.com, Inc. ("Defendant" or "Checkmate"), stipulate as follows:

1. The parties have executed a written settlement agreement, effective May 6, 2026, (the "Agreement") and intend to file a stipulation that **(i)** requests the dismissal of this matter, subject to a further request that the Court incorporate the terms of the Agreement and retain jurisdiction to enforce its terms under *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 382 (1994), and **(ii)** provides the Court with the parties' respective positions on the pending order to show cause against Checkmate, ECF No. 172, at 4, n. 2.

2. For the reasons stated below and in the attached declaration of J. Alejandro Barrientos, the parties jointly request that the Court permit the under-seal filing of **(i)** the entirety of the Agreement, which shall be attached as exhibit A to the anticipated forthcoming stipulation for dismissal, and **(ii)** portions of the parties' joint statement of their positions on the pending order to show cause that quote or otherwise reveal the terms of the Agreement or the course of the parties' negotiations of the Agreement, which shall be submitted as exhibit B to the anticipated forthcoming stipulation for dismissal.

3. The parties respectfully submit that there are "compelling reasons" for the Court to grant these requests to file under seal under *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016), and that the compelling-reasons standard applies because this is request to file under seal is not related to a "discovery motion unrelated to the merits of a case," *Id.*, 1097.

2

4. In particular, the Agreement contains a confidentiality provision at section 12 that requires the parties to maintain confidentiality of the terms of the Agreement subject to certain limited exceptions not implicated by this request to file under seal. *See generally* Barrientos Decl.

5. "Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution." *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993). For example, F.R.E. 408 "protects compromises and offers to compromise by rendering them inadmissible to prove liability." *Id.*

6. Recognizing such principles, courts permit the under seal filing of settlement agreements based on confidentiality provisions. *See, e.g.*, *Bank of Am., N.A. v. Blas*, No. 3:24-CV-00183-SLG, 2025 WL 2480951, at *14 (D. Alaska Aug. 28, 2025) ("The Court agrees with BANA that the inclusion of confidentiality provisions in the two settlement agreements is a 'compelling reason' warranting their filing under seal."); *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, No. 10-CV-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) ("The Court finds that, to the extent that the documents discuss or disclose the terms of the Agreement, good cause exists to permit filing under seal").

7. Here, the parties negotiated at arms-length for confidentiality, which was and is material to the parties' respective decision to enter the Agreement. Barrientos Decl., paragraph 5. The benefits of the bargained-for confidentiality would therefore be frustrated by the public filing of the Agreement.

8.     In addition, Checkmate submits that it would be especially prejudiced by the public filing of the terms of the Agreement because it is engaged in ongoing litigation in the related matter of *Robert Nessler v. Checkmate, Inc. et al.*, 2:26-cv-00767-MEMF-AS (C.D. Cal.), which has involved and will continue to involve separate settlement negotiations. *Id.*

9.     Further, regarding the parties' forthcoming joint statement of their positions on the pending order to show cause (exhibit B), the parties have narrowly tailored their request to file under seal to specific language that directly quotes the Agreement, otherwise reveals material terms of the Agreement, or reveals the substance of the parties' negotiations of the Agreement—all of which are subject to the confidentiality provision of the Agreement. The parties propose to publicly file other aspects of their joint statement, such as legal argument and citations that do not reveal information subject to the confidentiality provision of the Agreement.

10.     For the stated reasons, the parties respectfully request the Court enter the attached proposed order, which accepts the under seal filing of the Agreement and portions of the parties' positions on the pending order to show cause that quote or otherwise reveal the terms of the Agreement or the course of the parties' negotiations of the Agreement.

//

//

//

4

It is so stipulated.


DATED: May 22, 2026                    BARRIENTOS PC

*/s/ J. Alejandro Barrientos*
J. Alejandro Barrientos
Attorney for Defendant-Counter
Claimant Checkmate.com, Inc.


DATED: May 22, 2026

*/s/ with email authorization[1]*
Arjun Vasan,
Pro Se Plaintiff-Counter Defendant

---

[1] Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer, J. Alejandro Barrientos, attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

5

**PROOF OF SERVICE**

I am employed in the United States. I am over the age of 18 and not a party to the action. My business address is 145 S. Fairfax Ave., Suite 200-152, Los Angeles, CA 90036. On February 23, 2026, I served the JOINT STIPULATION FOR ORDER TO FILE UNDER SEAL, as well as unredacted copies of exhibits A and B to such stipulation and the sealed declaration in support of such stipulation, on the following:

Arjun Vasan

Pro Se Plaintiff

arjun.vasan@gmail.com

[X] By email or other electronic transmission pursuant to the agreement of the parties, I caused the documents identified herein to be sent to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X] I declare that I have been retained by member of the bar of this Court at whose discretion the service was made.

Executed on May 22, 2026, at Austin, Texas.

*/s/Anjelica Barrientos*

Anjelica Barrientos