# Exhibit B

REDACTED
VERSION OF DOCUMENT
PROPOSED TO BE
FILED UNDER SEAL

MANNING CURTIS BRADSHAW
& BEDNAR PLLC
Mitch M. Longson, *Pro Hac Vice*
mlongson@mc2b.com
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
T. 801.303.0036
F. 801.364.5678

BARRIENTOS PC
J. Alejandro Barrientos, SBN 346676
Alejandro@bts.law
145 S. Fairfax Avenue, Suite 200-152
Los Angeles, CA 90036
T. 626.551.4564
F. 626.427.6753

Attorneys for Defendant-Counter Claimant
CHECKMATE.COM, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN, | Case No. 2:25-cv-00765-MEMF-AS |
| Plaintiff, | JOINT STATEMENT OF POSITIONS ON ORDER TO SHOW CAUSE |
| v. | |
| CHECKMATE.COM, INC., | *Filed Partially Under Seal* |
| Defendant. | |
| ***Caption continued on next page*** | |

CHECKMATE.COM, INC.,

        Counterclaim-Plaintiff,

  v.

ARJUN VASAN,

        Counterclaim-Defendant.

1

Pursuant to the Court's order, Plaintiff and Counter-defendant Arjun Vasan ("Plaintiff"), appearing pro se, and Defendant and Counter-claimant Checkmate.com, Inc. ("Defendant") (Plaintiff and Defendant collectively, the "Parties"), submit their respective positions on the pending order to show cause, ECF No. 172, at 4, n. 2:

## 1. Plaintiff's Position

Plaintiff respectfully declines to agree that the Court should discharge its Order to Show Cause in light of former counsel's persistent disregard for meet-and-confer requirements as established in this Court's docket. The sua sponte OSC issued by This Court is not Plaintiff's to release, nor Defendant's to demand released. Defendant's attempt to negate the Court's inherent authority to manage its docket should be denied. Plaintiff respectfully refers the Court to Dkts. 45, 113, 121, 178, and 178-1, which document former counsel's persistent use of the meet-and-confer process as both sword and shield — invoked to frustrate Plaintiff's discovery while disregarded when convenient, as in the instant cross-motion. These tactics have caused substantial costs to Plaintiff and the Court. Plaintiff therefore defers to the Court's discretion in addressing the conduct of K&L Gates LLP and, in particular, its attorneys Ryan Q. Keech and Rebecca Makitalo; and Defendant's role as a party who freely chose and maintained such representation. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962).

Defendant notes the ████████████ phrasing in the parties' agreement as an indication of the parties' mutual intent, notwithstanding its own filing of counterclaims in the related Nessler case that mirror the claims it purportedly has ██████ via this settlement. Defendant's claim that the cases are "separate" is belied by

2

the near verbatim pleading that it filed without leave and despite the Court's explicit denial of the right to file such claims. Despite the parties agreeing that ▮▮▮▮▮▮▮▮▮▮ Defendant appears to ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ (which by its own assertion of Plaintiff's centrality will necessarily be burdensome) if Plaintiff did indeed commit the same wrongdoings it claims to ▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮

Moreover, the Settlement Agreement's ▮▮▮▮▮▮ ▮▮▮▮ it does not, and cannot, purport to release the Court's authority over counsel appearing before it. Defendant's assertion that the parties could be forced into further litigation if the Court declines to discharge its own OSC is disrespectful of the Court's authority and its Standing Order, which emphasizes meet-and-confer requirements as central to the orderly administration of its docket. The OSC was issued sua sponte to vindicate that Standing Order; the suggestion that it may now be discharged at Defendant's unilateral request — over Plaintiff's express objection — would permit Defendant to extinguish, through private settlement, this Court's own enforcement of its own rules. Indeed, this Court's invitation to the parties to address whether the OSC should be discharged necessarily presupposed that either party could disagree; had the Court intended automatic discharge upon settlement, no such invitation would have issued. Plaintiff exercises that right of disagreement here.

3

The Court's inherent authority to sanction conduct that abuses the judicial process is not subject to private waiver, and certainly not to the unilateral request of the party whose former counsel's conduct is at issue. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–67 (1980). Neither party can release what only the Court may impose; one party acting alone certainly cannot.

For these reasons, Plaintiff respectfully requests that the Court decline to discharge the OSC and proceed to address the conduct of K&L Gates LLP, attorneys Ryan Q. Keech and Rebecca Makitalo, and Defendant's role in retaining and maintaining that representation, in whatever manner the Court deems appropriate.

## 2.    Defendant's Position

Defendant respectfully submits that the Court should discharge the pending OSC in light of the Parties' settlement and the dismissal of this action with prejudice. Section 2 of the Parties' Settlement Agreement provides that ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████ Plaintiff has therefore released any ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████

4

The Court's invitation for the Parties to address whether the OSC has been discharged presumes the Parties hold the right to discharge the OSC and sanctions issues connected to it.  Moreover, Plaintiff's position—that the OSC remains viable and that sanctions should issue—contravenes the language and purpose of the Settlement Agreement to the effect that ██████████████████████████████████████████ the Parties have or may have against one another, without potential further litigation and expenditure related to sanctions issues. If Plaintiff's position is accepted and an order issues based on the OSC, then the Parties may be forced into yet further litigation over any sanctions or refusal to enter sanctions, which is precisely what the Parties intended to avoid with the Settlement Agreement.

Plaintiff's assertions regarding counterclaims in the Nessler litigation are neither relevant to the OSC issue in this case nor accurate. Checkmate ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

//

//

//

5

For the above reasons, Defendant respectfully requests that the OSC be discharged in connection with the Court's dismissal.

Respectfully submitted,

Dated: May 20, 2026                BARRIENTOS PC

*/s/ J. Alejandro Barrientos*
J. Alejandro Barrientos
Attorney for Defendant-Counter
Claimant Checkmate.com, Inc.

Dated: May 20, 2026

*/s/ with email authorization[1]*
Arjun Vasan,
Pro Se Plaintiff-Counter Defendant

---

[1] Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer, J. Alejandro Barrientos, attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.