ARJUN VASAN

PLAINTIFF IN PRO PER

ARJUN.VASAN@GMAIL.COM

(562) 900-6541

12615 193RD STREET

CERRITOS, CA 90703

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARJUN VASAN,

   Plaintiff and Counter-Defendant,

  v.

CHECKMATE.COM, INC.,

(dba "Checkmate")

   Defendant and Counterclaimant.

Case No.: 2:25-cv-00765-MEMF-ASx

Hon. Maame Ewusi-Mensah Frimpong

**PLAINTIFF'S APPLICATION TO FILE THE PARTIES' SETTLEMENT AGREEMENT WITH LIMITED REDACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF ARJUN VASAN**

Complaint Filed: January 28, 2025

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Arjun Vasan applies for an order (1) accepting as the operative public version of the parties' Settlement Agreement and General Release the redacted version filed herewith as Exhibit 1; (2) confirming that the only material withheld is the specific payment terms — including the Settlement Amount and the payment schedule — any quoted non-public settlement communications concerning those terms, and any other portions that cannot be disclosed without revealing those confidential payment terms; (3) directing that Dkt. 183 remain under seal solely as the complete, unredacted copy; and (4) ordering that, absent a showing by

i

Checkmate of compelling reasons for additional redaction consistent with the Agreement, no further portion be withheld.

This Application rests on the strong presumption of public access to judicial records, the compelling-reasons standard, and the jurisdiction the Court retained in its dismissal order. Dkt. 186, ¶¶ 1, 3. The parties' stipulation to dismiss contemplated this filing: it records that Plaintiff would file this Application and the redacted Agreement, and that Checkmate would oppose the relief but not object to the filing. Dkt. 185, at 10; Vasan Decl. ¶ 13. The parties met and conferred on June 3, 2026, with the resulting positions described in the stipulation. *Id.*

This Application is based on this Notice, the attached Memorandum, the Declaration of Arjun Vasan and its exhibit, and the records in this action, and is submitted for decision on the papers under L.R. 79-5.

June 7, 2026                                                    /s/ *Arjun Vasan*, Plaintiff in Pro Per

## **TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES** ......................................................................... 1

    I.    INTRODUCTION ......................................................................................................... 1

    II.    RELEVANT BACKGROUND ..................................................................................... 2

    III.    LEGAL STANDARD ................................................................................................... 3

    IV.    ARGUMENT ................................................................................................................ 3

    V.    CONCLUSION ............................................................................................................. 7

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6** ............................................... 8

**TABLE OF AUTHORITIES**

C<small>ASES</small>

*Ctr. for Auto Safety v. Chrysler Grp., LLC,*

    809 F.3d 1092, 1096–1102 (9th Cir. 2016) ................................................. 1, 6

*Ctr. for Auto Safety*,

    809 F.3d at 1098–1099, 1101 ............................................................................. 3

*Foltz v. State Farm Mut. Auto. Ins. Co.*,

    331 F.3d 1122, 1135 (9th Cir. 2003) ............................................................... 1

*Kamakana v. City & Cnty. of Honolulu*,

    447 F.3d 1172, 1178–1180 (9th Cir. 2006). ................................................ 1, 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,

    511 U.S. 375, 381–82, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) ............... 1

*Nessler v. Checkmate.com, Inc.*,

    No. 2:26-cv-00767-MEMF-AS ................................................................... 1, 2

*Nixon v. Warner Commc'ns, Inc.*,

    435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) ........................ 2

*United States v. Amodeo*,

    71 F.3d 1044, 1048 (2d Cir. 1995) .................................................................. 6

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.       INTRODUCTION**

This Application presents a narrow question against a record that has already been answered. The Court has dismissed this action with prejudice, incorporated the parties' Settlement Agreement and General Release (the "Agreement") by reference into its dismissal order, and expressly retained jurisdiction to enforce the Agreement under *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Order Granting Stipulation, Dkt. 186, ¶¶ 1–3. The Agreement is now a formal judicial record under this Court's expressly retained jurisdiction.

Checkmate lodged the unredacted Agreement under seal at Dkt. 183 and applied to seal it. The Court denied that application, and the document remains provisionally under seal. Dkt. 184. The Agreement is therefore not entitled to wholesale secrecy, and the only question left is the scope of any redaction in the public version. Plaintiff proposes to resolve that question in favor of access.

Plaintiff files herewith a public version of the Agreement redacted only as to the specific payment terms the parties themselves designated confidential in Section 12 — the Settlement Amount and the payment schedule, any non-public settlement discussions, negotiations, and communications concerning those terms, and any other portions that cannot be disclosed without revealing those confidential payment terms. Agreement § 12. No document need be filed under seal: the complete text already resides under seal at Docket No. 183.

Because the Court has incorporated the Agreement into its order and retained jurisdiction to enforce it, the strong presumption of public access applies, and the "compelling reasons" standard governs. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1102 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–1180 (9th Cir. 2006). Plaintiff's limited redactions are the most that standard permits. Any broader secrecy fails it, and the burden lies with the party that seeks it. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The single reason Checkmate has offered for broader secrecy — to preserve its negotiating position in the related action *Nessler v. Checkmate.com, Inc.*, No. 2:26-cv-00767-MEMF-AS — is not a compelling reason; it is an improper purpose, and improper purposes forbid sealing rather than support it. *Kamakana*, 447 F.3d at 1179; *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). Having signed an Agreement that declares only the payment terms confidential, Checkmate cannot now claim a compelling interest in concealing the rest. Agreement § 12.

## II.   RELEVANT BACKGROUND

The parties have settled all claims and counterclaims in this action. The executed Agreement, effective May 6, 2026, is the document Checkmate filed under seal at Docket No. 183. A version redacted only as described in paragraph 7 of the accompanying Declaration of Arjun Vasan ("Vasan Decl.") is filed publicly with this Application as Exhibit 1. Vasan Decl. ¶¶ 2, 7.

The Court has entered an order dismissing the action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), incorporating the Agreement by reference, and expressly retaining jurisdiction to enforce it under *Kokkonen*. Order on Stipulation to Dismiss, Dkt. 186, ¶¶ 1–3.

Checkmate lodged the unredacted Agreement under seal at Docket No. 183 and moved to seal it and filed an entirely redacted version on the public docket. The Court denied the application, and the document remains provisionally under seal. Dkt. 184. Vasan Decl. ¶ 4.

Section 12, the Agreement's only confidentiality provision, is narrow. It makes confidential "the specific payment terms . . . including the Settlement Amount and the payment schedule," together with non-public settlement communications "concerning those terms." Agreement § 12. By its own terms, Section 12 does not restrict either party from referring to publicly filed allegations, publicly available facts, the existence of the Litigation, or the fact that the matter has been resolved, and it expressly preserves Plaintiff's right to coordinate with and provide truthful information to Robert Nessler. *Id.*; Vasan Decl. ¶ 5.

The conduct released in Sections 2 and 3 of the Agreement overlaps, nearly verbatim in the case of Checkmate's counterclaims, the claims now being litigated in *Nessler v. Checkmate.com, Inc.*, No. 2:26-cv-00767-MEMF-AS (C.D. Cal.), a related action pending before this Court. Agreement §§ 2–3; Vasan Decl. ¶ 6. In effect, Checkmate intends to continue burdening Plaintiff with onerous discovery, under the guise of a "separate" litigation. This was never discussed and remains a point of contention that is partially addressed by discovery limitations imposed by the Agreement—that the Court has jurisdiction to and should strongly enforce.

Importantly, from the outset, this Court has applied California law to this dispute. At the threshold, Checkmate moved to dismiss or transfer Plaintiff's claims to New York; the Court emphatically denied the motion, holding that venue lies in California and that the forum-selection clauses Checkmate attempted to invoke are invalid under California Labor Code § 925. Order Denying Motion to Dismiss or Transfer, Dkt. 67 (June 24, 2025), at Page ID ##1252, 1254–56. Treating the VoiceBite transaction as the acquihire Plaintiff alleged it to be, the Court found that, unlike the executive in the authority Checkmate relied upon, Vasan was "closer to a rank-and-file employee than an executive officer." and therefore protected by the Labor Code. *Id*., at 1255.

## III.    LEGAL STANDARD

There is a strong presumption of public access to judicial records. *Nixon*, 435 U.S. at 597; *Kamakana*, 447 F.3d at 1178. The party seeking to seal bears the burden of overcoming it. *Foltz*, 331 F.3d at 1135. The showing required depends on whether the matter is "more than tangentially related to the merits of the case"; if it is, the "compelling reasons" standard applies, and the Ninth Circuit has rejected any mechanical line between dispositive and non-dispositive filings. *Ctr. for Auto Safety*, 809 F.3d at 1098–1099, 1101. Compelling reasons do not exist where court files would "become a vehicle for improper purposes," such as to "gratify private spite" or "promote public scandal." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Any sealing must be narrowly tailored and justified item by item. *Id*. at 1180–1181; C.D. Cal. L.R. 79-5.2.

## IV.    ARGUMENT

The Agreement is incorporated into the Court's order and enforced under its retained jurisdiction; the compelling-reasons standard governs, and the presumption of access has already prevailed. The standard turns on whether the matter is "more than tangentially related to the merits." *Ctr. for Auto Safety*, 809 F.3d at 1101. Here the question answers itself: the Court has incorporated the Agreement into its dismissal order and retained jurisdiction to enforce it, so "a breach of the agreement would be a violation of the order." *Kokkonen*, 511 U.S. at 381; Order, Dkt. 186, ¶¶ 1, 3. A document the Court will enforce as its own order is not tangential to the merits; it is their final disposition. If a denied motion for a preliminary injunction clears the "more than tangentially related" threshold, *Ctr. for Auto Safety*, 809 F.3d at 1102–1103, then an incorporated, judicially

enforced settlement does so a fortiori. The compelling-reasons standard governs every part of the Agreement. *Kamakana*, 447 F.3d at 1180–1181. The Court has already denied Checkmate's application to seal the Agreement. Dkt. 184. The presumption of access has prevailed once; the only open issue is confirming the narrow scope of permissible redaction.

Plaintiff's limited redactions track the only terms the parties agreed are confidential, and the Agreement's operative provisions remain public to the extent feasible. Plaintiff proposes to redact only the specific payment terms the agreement designates confidential — the Settlement Amount and the payment schedule, any quoted non-public settlement communications concerning those terms, and any other portions that cannot be disclosed without revealing those confidential payment terms. Vasan Decl. ¶ 7. These track precisely what Section 12 designates as confidential — and nothing more. Agreement § 12.

They are also far narrower than the wholesale sealing the Court already denied: they withhold only the parties' confidential payment terms and the portions that would reveal them, leaving the Agreement's operative provisions public to the extent feasible.

The specific financial terms of a private settlement are the kind of information courts protect when sealing is narrowly drawn. See *Kamakana*, 447 F.3d at 1179; *Nixon*, 435 U.S. at 598. Plaintiff's redactions are the least restrictive means of honoring that limited interest: the mutual releases, the voiding of the restrictive covenants, the discovery protections, the enforcement and arbitration mechanics, and the retention of jurisdiction all remain on the public record. Only the confidential payment terms, and the portions that would reveal them, are masked. As the party proposing the redactions, Plaintiff carries the burden as to them, and the narrow tailoring satisfies it.

Checkmate cannot show compelling reasons to withhold anything more, and its stated rationale is an improper purpose the law forbids. For any redaction broader than Plaintiff's categories, Checkmate bears the burden of specific, compelling reasons for each item, under the specific terms of the agreement. *Foltz*, 331 F.3d at 1135; *Kamakana*, 447 F.3d at 1180–1181; C.D. Cal. L.R. 79-5.2.2(b). It has none, and simply cannot meet that burden, as the agreement was carefully negotiated by Plaintiff to maximize transparency.

Checkmate openly admits it would be "especially prejudiced by the public filing of the terms of the Agreement" because the related Nessler matter "has involved and will continue to involve separate settlement negotiations." [Def.'s Position, Dkt. 185, at 10.] That is not a compelling reason; nor is it *remotely* a proper one; it is the use of this Court's files to gain advantage in related litigation — the paradigm of an improper purpose that forecloses sealing rather than supporting it. *Kamakana*, 447 F.3d at 1179; *Nixon*, 435 U.S. at 598. A litigant may not convert the public's presumptive right of access into a private bargaining asset to be withheld from an adversary in another case.

Checkmate's rationale is not only improper but hollow. The Agreement records — and Checkmate agreed — that no confidentiality or non-disclosure agreement ever governed the parties' settlement negotiations before execution, and that no pre-execution disclosure can form the basis of any claim. Agreement § 12. Before signing, Plaintiff told Checkmate he would not agree to keep the negotiations confidential; Checkmate asked for confidentiality, Plaintiff declined, and Checkmate kept negotiating and executed the Agreement without it. Vasan Decl. ¶ 11. Checkmate cannot now use the Court's sealing power to manufacture a confidentiality it chose not to bargain for. Having knowingly proceeded with no confidentiality over the negotiations — and having agreed that Plaintiff may continue to coordinate with the VoiceBite co-founders, Agreement § 12 — Checkmate has no confidential advantage for sealing to protect. The only party secrecy would exclude is the public, which is not a compelling reason but the very interest the right of access protects.

Nor could sealing be justified by any interest in sparing Checkmate public scrutiny of its conduct. The law is settled that "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). The one interest the compelling-reasons standard does recognize here — the confidentiality of private financial terms — is the very material Plaintiff already proposes to redact. What remains is not sealable and directly contradicts the public interest.

The Agreement defeats any such attempt. The parties agreed confidentiality reaches only the payment terms, and they expressly preserved each party's right to refer to the existence and resolution of the Litigation, to publicly filed allegations, and to publicly available facts. Agreement §

12. A party cannot claim a compelling interest in concealing what its own signed contract declares is not confidential — and the Court has already rejected Checkmate's bid to seal the Agreement once. Dkt. 184. Compelling reasons are established with specific facts, not with a position the record has already overtaken. *Kamakana*, 447 F.3d at 1180–1181.

The related litigation heightens, rather than diminishes, the public's interest in access. The right of access exists to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Ctr. for Auto Safety*, 809 F.3d at 1096–1097 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). That interest is at its strongest where the same conduct released here, Agreement §§ 2–3, is actively litigated in a related action before the same Court. *Nessler*, No. 2:26-cv-00767-MEMF-AS. Sealing would obscure from the public how overlapping conduct is resolved across related matters on this Court's docket. The parallel proceeding is a reason for access, not for secrecy.

That interest is heightened by the shape of this litigation. Checkmate is litigating the members of a five-member founding team one at a time, asserting the same claims now against Mr. Nessler, and openly asserts that it intends to continue against the founders who insist on full payment. Vasan Decl. ¶ 10. Where one dispute is pursued in succession against the members of one small team, the public — and each court later asked to take up the next case — has a substantial interest in seeing how that dispute was resolved before; openness informs those proceedings and spares the judicial system the cost of repetitive, piecemeal litigation, while secrecy does not. Transparency therefore directly serves the important interest of judicial efficiency.

The relief requested entails no new sealed filing. Plaintiff files only public documents: this Application, the supporting Declaration, the redacted Agreement, and a proposed order. The complete, unredacted Agreement already resides under seal at Docket No. 183, so nothing new need be lodged under seal. Plaintiff requests that the redacted Agreement stand as the operative public version, that the redactions be limited to the Section 12 payment terms, and that Docket No. 183 remain under seal solely as the complete unredacted copy. To the extent Checkmate seeks to withhold anything beyond those terms, it must establish compelling reasons for each item under the terms of the Agreement; absent that showing, nothing further may be withheld.

## V.      CONCLUSION

Checkmate would withhold the Agreement from public view to serve its own strategic ends in the related litigation; but the right of public access belongs to the public, not to either party, and the Court's task is not to protect one party's leverage in a related case, but to defend the principles of fairness and transparency that stand above them both. This action began with Checkmate's effort to pull Plaintiff's California claims into a distant New York forum, out from under California law — an effort the Court emphatically rejected under that law, recognizing that an employee's rights under the Labor Code do not lapse because he happened to found a small company that was acquired; it should close where the same law has kept it from the start: on a public record. How a court resolves a dispute between a company and the people who built it is not a private affair: it tells every founder and employee who relies on a company's promises whether those promises are kept once the deal is done; it tells the companies that need that trust to do deals and to hire that their bargains will be enforced; and it speaks to a State whose economy is built, in no small part, on those bargains. This case is, in the end, about California law's protection of the founders and employees who built — and are still building — the transformational economy this State has gifted the world; that protection is real only if it is kept where the next founder and the next employee can see it, and California's open-court tradition exists to keep it there.

For the reasons presented herein, and for the public interest, Plaintiff respectfully requests that the Court (1) grant leave to file, and accept as the operative public version of the Agreement, the redacted version filed herewith; (2) confirm that the only material that may be withheld from the public record is the specific payment terms — including the Settlement Amount and the payment schedule — any quoted non-public settlement communications concerning those terms, and any other portions that cannot be disclosed without revealing those confidential payment terms; (3) direct that Dkt. 183 remain under seal solely as the complete, unredacted copy; and (4) order that, absent a showing from Checkmate establishing compelling reasons for additional redaction expressly consistent with the terms of the Agreement, no portion of the Agreement beyond those terms shall be withheld from the public docket.

<u>**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6**</u>

Plaintiff Arjun Vasan certifies that this brief contains 2,616 words, which complies with the 7000-word limit of L.R. 11-6.1 and the Court's Civil Standing Order dated Aug. 27, 2025.

Dated: **June 7, 2026**

    In: **Cerritos, California**

**Respectfully submitted**,

/s/ *Arjun Vasan*

**Arjun Vasan**,

Plaintiff *In Pro Per*

8