ARJUN VASAN

PLAINTIFF IN PRO PER

ARJUN.VASAN@GMAIL.COM

(562) 900-6541

12615 193RD STREET

CERRITOS, CA 90703

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARJUN VASAN,

      Plaintiff and Counter-Defendant,

      v.

CHECKMATE.COM, INC.,

(dba "Checkmate")

      Defendant and Counterclaimant.

Case No.: 2:25-cv-00765-MEMF-ASx

Hon. Maame Ewusi-Mensah Frimpong

**DECLARATION OF ARJUN VASAN IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE THE PARTIES' SETTLEMENT AGREEMENT WITH LIMITED REDACTIONS**

Complaint Filed: January 28, 2025

I, Arjun Vasan, declare as follows:

1. I am the plaintiff and counter-defendant in this action, and I appear in pro per. The facts stated in this Declaration are within my personal knowledge, and if called as a witness I could and would testify competently to them. I submit this Declaration in support of my Application to File the Parties' Settlement Agreement with Limited Redactions.

2. The parties' Settlement Agreement and General Release (the "Agreement") is effective May 6, 2026. It is the same document Checkmate lodged with the Court under seal at Docket No.

1

183. Attached as Exhibit 1 is a true and correct copy of the Agreement, redacted only as described in paragraph 7 below, which I prepared for public filing.

3. I executed the Agreement on May 2, 2026, and Checkmate executed it on May 6, 2026. The Court has since entered an order dismissing this action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), incorporating the Agreement by reference, and expressly retaining jurisdiction to enforce it. Dkt. 186, ¶¶ 1–3.

4. Checkmate lodged the complete, unredacted Agreement under seal at Docket No. 183, applied to seal it, and filed an entirely redacted version on the public docket. The Court denied that application. Dkt. 184. The unredacted Agreement remains provisionally under seal at Docket No. 183.

5. Section 12 is the Agreement's only confidentiality provision, and it is narrow. It designates as confidential only the specific payment terms — the Settlement Amount and the payment schedule — together with non-public settlement communications concerning those terms. Section 12 does not restrict either party from referring to publicly filed allegations, publicly available facts, the existence of the Litigation, or the fact that the matter has been resolved. It also expressly preserves my right to coordinate with, and to provide truthful information to, Robert Nessler and other VoiceBite co-founders.

6. The conduct released in Sections 2 and 3 of the Agreement overlaps with the claims now being litigated in *Nessler v. Checkmate.com, Inc.*, No. 2:26-cv-00767-MEMF-AS, a related action pending before this Court. In the case of Checkmate's released counterclaims, that overlap is substantially verbatim.

7. In preparing Exhibit 1, I redacted only the parties' confidential payment terms and the portions of the Agreement that cannot be disclosed without revealing them. The redactions are limited to: (a) the Settlement Amount; (b) the payment schedule and related payment terms, including the interest rate; (c) any quoted non-public settlement communications concerning those terms; and (d) other portions that cannot be disclosed without revealing those terms, including the allocation of the Settlement Amount set forth in Sections 7 and 8 and the figures in Exhibits A through C. Each falls within the "specific payment terms" that

Section 12 designates as confidential or cannot be separated from them without disclosing those terms. To the extent feasible, all operative provisions remain public — including the mutual releases, the voiding of the restrictive covenants, the discovery protections, the enforcement and arbitration mechanics, and the Court's retention of jurisdiction.

8. The relief I request entails no new sealed filing. I file only public documents: the Application, this Declaration, the redacted Agreement (Exhibit 1), and a proposed order. The complete, unredacted Agreement already resides under seal at Docket No. 183, so nothing further need be lodged under seal.

9. I negotiated the Agreement *pro se*, with counsel assistance, and drafted its confidentiality provision to be as narrow as possible. I limited confidentiality to the payment terms by design, so that the substantive resolution of this dispute — and the obligations the Court has retained jurisdiction to enforce — would remain on the public record.

10. Checkmate is pursuing the members of VoiceBite's five-person founding team one at a time. It asserted against me the same claims it now asserts against Mr. Nessler in the related action, and it has stated that it intends to continue against the founders who insist on full payment.

11. No confidentiality or non-disclosure agreement governed the parties' settlement negotiations at any time before the Agreement was executed. Before signing, I told Checkmate — verbally and in writing — that I would not agree to keep the negotiations confidential. Checkmate asked for a confidentiality agreement, I declined, and Checkmate continued to negotiate and executed the Agreement without one. The Agreement confirms this: it states that no confidentiality agreement governed the parties' negotiations before execution, that no pre-execution disclosure can form the basis of any claim, arbitration, or withholding, and that I make no representation as to whether I disclosed any such information to any third party. Checkmate reviewed and agreed to these terms.

12. In the parties' submission to the Court regarding sealing, Checkmate stated that it would be "especially prejudiced by the public filing of the terms of the Agreement" because the related Nessler matter "has involved and will continue to involve separate settlement negotiations." Dkt. 185, at 10.

13. I met and conferred with opposing counsel on June 3rd, prior to the filing of the parties' stipulation to dismiss the case. The stipulation indicated the parties' respective positions, that I would file this application and redacted agreement, and that opposing counsel stated they would oppose but not object to this filing. See Dkt. 185.

///

///

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Executed on: **June 7, 2026**

/s/ *Arjun Vasan*

In **Cerritos, California**

**Arjun Vasan**, Plaintiff *In Pro Per*