UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARJUN VASAN,

        Plaintiff and Counter-Defendant,

        v.

CHECKMATE.COM, INC.,

        Defendant and Counterclaimant.

Case No.: 2:25-cv-00765-MEMF-ASx

**[PROPOSED] ORDER GRANTING APPLICATION TO FILE THE PARTIES' SETTLEMENT AGREEMENT WITH LIMITED REDACTIONS**

Complaint filed: January 28, 2025

Before the Court is Plaintiff Arjun Vasan's Application to File the Parties' Settlement Agreement with Limited Redactions. Having considered the Application, the supporting Declaration of Arjun Vasan and its exhibit, the record in this action, and the governing standard for public access to judicial records, and good cause appearing, the Court rules as follows.

The Court has dismissed this action with prejudice, incorporated the parties' Settlement Agreement and General Release (the "Agreement") by reference into its dismissal order, and expressly retained jurisdiction to enforce the Agreement. Dkt. 186, ¶¶ 1–3. The Agreement is therefore a judicial record to which the strong presumption of public access and the compelling-reasons standard apply. See *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th

1

Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The Court has already denied Checkmate's application to seal the Agreement. Dkt. 184. Plaintiff's proposed redactions are limited to the specific payment terms the parties themselves designated confidential in Section 12 of the Agreement, together with the portions that cannot be disclosed without revealing them, and no party has established compelling reasons to withhold anything more.

Accordingly, the Court ORDERS as follows:

**Plaintiff's Application is GRANTED.**

1.  The redacted version of the Agreement filed as Exhibit 1 to the Declaration of Arjun Vasan is ACCEPTED as the operative public version of the Agreement.

2.  The only material that may be withheld from the public record are the specific payment terms — including the Settlement Amount and the payment schedule — any quoted non-public settlement communications concerning those terms, and any other portions of the Agreement that cannot be disclosed without revealing those confidential payment terms.

3.  Docket No. 183 shall remain under seal solely as the complete, unredacted copy of the Agreement.

4.  Absent a showing by Checkmate establishing compelling reasons, item by item, for additional redaction expressly consistent with the terms of the Agreement, no portion of the Agreement beyond the material identified in paragraph 2 shall be withheld from the public docket.

IT IS SO ORDERED.

Dated: June __, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

2