MANNING CURTIS BRADSHAW
& BEDNAR PLLC
Mitch M. Longson, *Pro Hac Vice*
mlongson@mc2b.com
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
T. 801.303.0036
F. 801.364.5678

BARRIENTOS PC
J. Alejandro Barrientos, SBN 346676
Alejandro@bts.law
145 S. Fairfax Avenue, Suite 200-152
Los Angeles, CA 90036
T. 626.551.4564
F. 626.427.6753

Attorneys for Defendant-Counter Claimant
CHECKMATE.COM, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUN VASAN,<br><br>                Plaintiff,<br><br>      v.<br><br>CHECKMATE.COM, INC.,<br><br>                Defendant.<br><br>*Caption continued on next page* | Case No. 2:25-cv-00765-MEMF<br><br>DEFENDANT AND COUNTER-CLAIMANT CHECKMATE.COM, INC.'S OPPOSITION TO APPLICATION FOR LEAVE TO FILE SETTLEMENT AGREEMENT; DECLARATION OF COUNSEL; EXHIBITS A-C; CERTIFICATE OF COMPLIANCE |

CHECKMATE.COM, INC.,

                 Counterclaim-Plaintiff,

    v.

ARJUN VASAN,

                 Counterclaim-Defendant.

Defendant-Counter-Claimant Checkmate.com, Inc. submits the attached opposition to plaintiff Arjun Vasan's application for leave to file the parties' settlement agreement on the public docket and request that the Court remove exhibit 1 to such application, which is a partially redacted copy of the parties' settlement agreement, from the docket. This opposition is based on the attached memorandum of points and authorities, declaration of counsel, exhibits A-C, and any other evidence or argument that the Court may permit.

DATED: June 11, 2026            BARRIENTOS PC

                                   */s/ J. Alejandro Barrientos*

                                     J. Alejandro Barrientos
                                     Attorney for Defendant,
                                     Checkmate.com, Inc.

## <u>MEMORANDUM IN OPPOSITION TO APPLICATION</u>

Checkmate.com, Inc. ("Checkmate") opposes plaintiff Arjun Vasan's application for leave to file on the public docket a partially redacted copy of the parties' settlement agreement ("the Agreement"), ECF No. 187, and his filing the Agreement as exhibit 1 to his application, ECF No. 187-2. There is no dispute before the Court that requires it to consider the Agreement and Vasan seeks to file the Agreement for an improper purpose. *See* FRCP 11. In particular, plaintiff threatened via telephone call to publicly file the Agreement unless Checkmate agreed to waive any right to depose plaintiff or his family members in the case of *Nessler v. Checkmate.com, Inc., et al.*, 2:26-cv-00767 (C.D. Cal.) (the "Nessler matter"). The Court should not permit such abuse of process.[1]

### BACKGROUND

1.  ***Plaintiff previously engaged in harassing communications threatening improper use of legal processes that prompted admonishment from the Court.***

In connection with a prior motion, Checkmate submitted emails from plaintiff demonstrating his harassing and overly aggressive communications to Checkmate's counsel that evinced an intent to abuse legal processes to obtain leverage over Checkmate in litigation, including the following statements by plaintiff:

- **<u>May 5, 2025</u>:** "Because I will crush them, and you .. [sic] let me be clear. You will be completely crushed. Should you persist in your idiocy, your client will be eliminated (entirely) . . . ." ECF No. 130-3

---

[1] Checkmate is not affirmatively seeking sanctions under Rule 11; it is only opposing plaintiff's application and his needless filing of the Agreement on the public docket. Citations to filings on the CM/ECF system refer to page numbers generated by that system.

- **July 1, 2025:** "If I do not receive written acceptance of this proposal by end of day Friday, July 4, 2025, I will raise the stakes substantially, including motions for sanctions . . . ." ECF No. 130-6.

- **July 2, 2025 (12:11 PM):** "Let me be absolutely clear. If I do not get a positive response by Friday, July 4, 2025, the 249th birthday of America, there will be no going back. My only goal after that will be to **completely destroy and humiliate** Checkmate." ECF No. 130-9 (emphasis in original).

- **July 2, 2025 (12:21 PM):** "And messrs Bell, Keech and Tea will also be humiliated, destroyed and eviscerated on a personal level." ECF No. 130-10.

- **July 4, 2025:** "Surrender now or expect complete annihilation." ECF No. 130-12.

- **September 17, 2025:** "Continuing . . . will not only trigger avoidable motion practice but will compel me to serve broader, more burdensome RFPs." ECF No. 130-14.

The Court previously considered such statements by plaintiff and declined to issue sanctions because plaintiff represented that he experienced mental health problems during the relevant time period. ECF No. 172, at 11-12. The Court stated, however, that "the email communications from Vasan are numerous and that these communications are aggressive in tone. Vasan is hereby admonished from engaging in this sort of communication and is warned that persisting in this may result in a further motion for sanctions that may be granted." *Id*.

**2.    *Plaintiff has continued to engage in harassing communications that threatened improper use of legal processes despite the Court's prior admonishment.***

Despite the prior admonishment and conclusion of the case through private settlement, Vasan has continued to engage in harassing, aggressive communications throughout this litigation that have similarly evinced his intent to use the legal process for improper purposes, such as needlessly increasing Checkmate's litigation costs.

Checkmate's counsel J. Alejandro Barrientos has had approximately 100 telephone calls with plaintiff. Decl. of Counsel ¶ 3. On multiple telephone calls, plaintiff has made threats similar to those made in his earlier emails to Checkmate's prior counsel, including by shouting and threatening to "destroy" his opponents. *Id.*, ¶ 4.

For example, on Saturday, May 2, 2026, plaintiff called Barrientos ten different times, with the first call occurring at about 9:09 a.m. and the last call occurring at about 8:23 p.m. Decl. of Counsel ¶ 7; *see also* Ex. A. Barrientos answered one of plaintiff's calls at about 10:31 a.m. Plaintiff, apparently displeased that Checkmate had filed counterclaims in the Nessler matter, berated Barrientos and shouted that he planned to "fight to the death," "destroy Checkmate," and "act irrationally." Decl. of Counsel ¶ 7; *see also* Ex. B. Plaintiff further stated that he intended to increase Checkmate's litigation expenses. Decl. of Counsel ¶ 7; *see also* Ex. B

Barrientos emailed plaintiff after this call to document plaintiff's inappropriate communications. Ex. B

***3.        The parties submitted a stipulated application to file their settlement agreement under seal to address plaintiff's concern that the agreement needed to be filed for the Court to retain jurisdiction to enforce its terms.***

Despite plaintiff's continued harassing communications, the parties entered the Agreement on May 6, 2026. They then applied for leave to file a copy of the Agreement under seal based on plaintiff's concern that the filing of the Agreement was necessary for the Court to retain jurisdiction to enforce its terms under *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). ECF No. 182 (application to file under seal); *see also* ECF No. 185, 5-6 (stipulation to dismiss in which plaintiff relies on *Kokkonen* to support his position that the Agreement should be filed); ECF No. 187, 4 (plaintiff's renewed application to file the Agreement citing *Kokkonen*).

The Court denied the application without prejudice, noting that the parties had not made "a proper showing" of why the Agreement needed to "filed or considered at all." ECF No. 184. The Court further ordered the parties to submit a filing that either withdrew the request to file the Agreement under seal, or addressed the deficiencies noted by the Court.

The parties later filed a joint stipulation for dismissal pursuant to *Kokkonen* without including the Agreement as an exhibit, which the Court granted. ECF No. 185 (stip. for dismissal), ECF No. 186 (order granting dismissal). As noted in the stipulation, the parties were unable to agree as to the need to file the Agreement at all. Checkmate indicated its belief that such filing was unnecessary but had previously agreed to request the under-seal filing of the Agreement at plaintiff's behest because of his stated concerns about *Kokkonen*. ECF No. 185, 4-5. For his part, plaintiff maintained that the Agreement should be filed and indicated that he would submit another application to address the concerns noted by the Court in its order denying the application to file under seal. *See id.*, 5-12.

6

Plaintiff then submitted his application, which is the subject of this opposition. ECF No. 187.

**4.    *Plaintiff stated that he intends to publicly file the settlement agreement for the improper purpose of pressuring Checkmate to waive its right to conduct certain discovery in the Nessler matter.***

On June 3, 2026, plaintiff and Checkmate's counsel conferred via telephone regarding whether there was any need to file the Agreement with the Court and what to say about the matter in the parties' then-soon-to-be-filed stipulation for dismissal. During this call, plaintiff threatened to file the Agreement unless Checkmate agreed to waive its right to depose plaintiff and his family members in the Nessler matter. Decl. of Counsel ¶ 10; *see also* Ex. C. These two issues—the filing of the Agreement and Checkmate's discovery rights in the Nessler matter—were entirely unrelated. Indeed, plaintiff's previous (purported) rationale for wishing to file the agreement was his belief that it was necessary under *Kokkonen*. Barrientos stated that plaintiff's demand constituted abuse of process. Decl. of Counsel ¶10; *see also* Ex. C. Barrientos emailed plaintiff after this call to document plaintiff's inappropriate communications. Ex. C.

### ARGUMENT

The Court should deny plaintiff's application and remove exhibit 1 from the docket for two reasons.

***First.*** Plaintiff has not demonstrated any need to file the Agreement at all. The Court previously determined that the parties had not made "a proper showing" of why the Agreement needed to be "filed or considered at all." ECF No. 184. Plaintiff's pending application does not address this issue, instead focusing on the scope of the parties' confidentiality agreement and caselaw regarding sealed filings. *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). In other words, plaintiff focuses exclusively on whether all or parts of the Agreement

7

are required to remain confidential, without addressing why the Agreement needs to be filed at all. The Court should deny plaintiff's application on this basis alone. There is no dispute currently before the Court that requires the filing of the Agreement. And the Court has, at least implicitly, already determined that the Agreement does not need to be filed for the Court to retain jurisdiction to enforce its terms under *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 38182 (1994). *See* ECF No. 186 (order retaining jurisdiction under *Kokkonen* without the Agreement being filed).

***Second.*** Plaintiff has submitted his application for an improper purpose, namely, to harass and inappropriately threaten Checkmate. *See* FRCP 11. On June 3, 2026, plaintiff spoke with Checkmate's counsel regarding the parties' response to the Court's order on their application to file the Agreement under seal. During that call, plaintiff threatened that he would file the Agreement on the public docket unless Checkmate acquiesced to his demand that Checkmate waive its right to depose plaintiff and plaintiff's family members in the Nessler matter. In doing so, plaintiff effectively admitted his intent to file the Agreement for a purpose other than advancing the resolution of a legitimate dispute before the Court. Plaintiff's threat was consistent with his prior threats in this case to use legal processes for improper purposes, such as needlessly increasing Checkmate's legal expenses to pressure Checkmate to give in to settlement and other demands. *See, e.g.*, ECF No. 130-6 ("If I do not receive written acceptance of this proposal by end of day Friday, July 4, 2025, I will raise the stakes substantially, including motions for sanctions . . ."); ECF No. 130-14 ("Continuing . . . will compel me to serve broader, more burdensome RFPs.").

//

//

8

**CONCLUSION**

For the stated reasons, the Court should deny plaintiff's application, ECF No. 187, and remove exhibit 1 to such application from the docket, ECF No. 187-2.

DATED: June 11, 2026                    BARRIENTOS PC

/s/J. Alejandro Barrientos
_____
J. Alejandro Barrientos
Attorney for Defendant,
Checkmate.com, Inc.

9

**DECLARATION OF COUNSEL**

I, J. Alejandro Barrientos, declare as follows:

1.    I am counsel of record for Checkmate.com, Inc. ("Checkmate") in the above-captioned case.

2.    I have personal knowledge of the following facts and could testify to them if needed.

3.    I have had approximately 100 telephone calls with plaintiff Arjun Vasan since I appeared as counsel for Checkmate in this case.

4.    During multiple calls, Vasan has shouted various threats against Checkmate at me, including that he would "destroy" Checkmate.

5.    For example, on Saturday May 2, 2026, Vasan called me ten different times, with the first call occurring at about 9:09 a.m. and the last call occurring at about 8:23 p.m.

6.    Attached as **exhibit A** to this declaration is a true and correct image of my May 2, 2026, calls with "ARREGUIN MARCOS," which is the name that appears on my caller ID when Vasan calls.

7.    I answered one of plaintiff's May 2, 2026, calls at about 10:31 a.m. Vasan, apparently displeased that Checkmate had filed counterclaims in the *Nessler v. Checkmate.com, Inc., et al.*, 2:26-cv-00767 (C.D. Cal.) (the "Nessler matter"), berated me and shouted that that he planned to "fight to the death," "destroy Checkmate," and "act irrationally." Vasan further made a statement to the effect that he intended to increase Checkmate's litigation expenses.

8.    I emailed plaintiff after this call to document plaintiff's inappropriate communications. Attached as **exhibit B** to this declaration is a true and correct image of that email.

9.    Prior to June 3, 2026, the parties submitted an application to file a copy of their settlement agreement under seal to address plaintiff's concern that a copy of

the agreement needed to be filed so that the Court could enforce its terms under *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

10.    On June 3, 2026, I had several phone calls with Vasan regarding the parties' then-soon-to-be-filed stipulation for dismissal and whether there was any need to file a copy of the parties' settlement agreement on the docket. During one of these calls, Vasan threatened to file the agreement on the public docket unless Checkmate agreed to waive its right to depose Vasan or his family members in the Nessler matter. I informed Vasan that his threat constituted abuse of process.

11.    After the call, I sent Vasan an email documenting his inappropriate communications. Attached as **exhibit C** to this declaration is a true and correct image of that email.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: June 11, 2026                                  */s/J. Alejandro Barrientos*

                                                              J. Alejandro Barrientos

11

## CERTIFICATE OF COMPLIANCE

Undersigned counsel of record for defendant-counter claimant Checkmate.com, Inc., certifies that this brief contains fewer than 7,000 words, namely, approximately 2,410 words, which complies with the word limit of L.R. 11-6.1.


Dated: June 11, 2026                    */s/J. Alejandro Barrientos*

                                        J. Alejandro Barrientos