UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-00765-MEMF-AS | Date | August 28, 2026 |
| Title | *Arjun Vasan v. Checkmate.com Inc.* | | |

Present: The Honorable: Maame Ewusi-Mensah Frimpong

| | |
|---|---|
| Damon Berry | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISCHARGING ORDER TO SHOW CAUSE [DKT. NOS. 185, 181, 177-78, 172]**

On May 4, 2026, the Court issued an Order granting the parties' stipulation to stay. Dkt. No. 181. In that Order, the Court noted that "[p]roceedings on the Court's Order to Show Cause, Dkt. Nos. 172 (at 4 n. 2), 177, 178, shall be HELD IN ABEYANCE," until the parties' subsequent filing regarding dismissal "advise the Court whether they have reached agreement as to whether the Court should discharge the OSC in light of the settlement." Dkt. No. 181 at 1-2. On June 3, 2026, the parties filed a joint stipulation regarding the pending Order to Show Cause and dismissal with prejudice pursuant to the Settlement Agreement. *See* Dkt. No. 185. For the below reasons, the Court DISCHARGES its pending Order to Show Cause ("OSC").

Plaintiff Arjun Vasan contends that this Court should not discharge its pending OSC because of "former counsel's persistent disregard for meet-and-confer requirements as established in this Court's docket," which has "caused substantial costs to [Vasan] and the Court." Dkt. No. 185 at 11-12. Defendant Checkmate contends that this Court should discharge its pending OSC, because "Section 2 of the Parties' Settlement Agreement provides that [Vasan] agrees to release 'any and all claims, counterclaims and rights that he may have against Company, and any of its officers, directors, employees, agents, affiliates, successors, heirs and assigns . . . resulting from anything that has happened up to the Effective Date with regard to any matter,'" which includes "'any claims for fees, sanctions or other non-final remedies." Dkt. No. 185 at 14. Thus, Checkmate argues that Vasan has "released any outstanding sanctions claims and any claim whatsoever against Checkmate and its counsel during any period in this litigation up through the Effective Date of the Agreement." *Id.*

But the Court finds that the Settlement Agreement does not limit the Court's authority to issue the OSC, because the OSC was initiated by the Court under its inherent authority. *See id.*; Dkt. No. 172 at 4 n.2. The Settlement Agreement only limits Vasan's authority to bring a subsequent motion for sanctions against Checkmate, which is not at issue here. Dkt. No. 185 at 12. However, considering

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-00765-MEMF-AS | Date | August 28, 2026 |
| Title | *Arjun Vasan v. Checkmate.com Inc.* | | |

Checkmate's initial response to the OSC, and Checkmate's new counsel's intention to "meaningfully meet and confer pursuant to applicable local rules and the Court's Civil Standing Order," which it has done since the issuance of the OSC, the Court discharges the OSC. *See* Dkt. No. 177 at 2; Makitalo Decl., Dkt. No. 177-1; *see also* Dkt. No. 185 (noting that the parties met and conferred to file the joint stipulation).

Thus, for the foregoing reasons, the Court discharges the pending Order to Show Cause at Dkt. No. 172.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk _____